ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

SHELBY ANNE FLOYD      1724-0
MEI-FEI KUO            7377-0
65-1230 Mamalahoa Hwy., Suite C21
Kamuela, Hawaiʻi 96743
Telephone:      (808) 885-6762
Facsimile:      (808) 885-8065
Email:          sfloyd@ahfi.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 1 2004

at ‿ o'clock and ‿ min. ‿ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaiʻi, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br> Defendants. | CIVIL NO. CV04 00442 HG BMK <br><br> **VERIFIED COMPLAINT; EXHIBITS "A"- "C"; SUMMONS** |

253411/6515-1

## VERIFIED COMPLAINT

## I.    INTRODUCTION

1.    This action is brought by Plaintiffs ANN KIMBALL WILES and STANLEY BOND ("Plaintiffs"), who are the parents of Bryan Wiles-Bond, an autistic 12-year-old boy, on behalf of themselves and as next friends for Bryan.

2.    The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, requires that educational agencies provide children with disabilities a free appropriate public education ("FAPE") with special education and related services designed to meet their unique needs.

3.    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"), prohibits discrimination against the disabled in any program receiving federal funds.

4.    Defendants the Department of Education, State of Hawai'i (the "DOE"), and Alvin Rho, the West Hawaii District Superintendent, have routinely failed to provide Bryan with the specialized services set forth in his Individualized Education Plans ("IEP"), and in a Release and Settlement Agreement dated July 1, 2002, thereby depriving him of a FAPE.  Despite these agreements

and three orders in the last three months from administrative hearings officers, the DOE still has failed to refused to deliver services needed in order for Bryan to successfully learn the skills he needs to live with his family and in the community.

## II.  JURISDICTION

5.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 which afford original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(e) ("IDEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504").

6.    Plaintiffs bring this action against Defendant Rho pursuant to 42 U.S.C. § 1983 ("Section 1983") to challenge the deprivation of their rights under the IDEA and Section 504 by Defendant's actions under color of state law.

7.    Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201-02.

8.    Injunctive relief is authorized pursuant to Rule 65 of the Federal Rules of Civil Procedure.  Bryan Wiles-Bond has no adequate remedy at law and will suffer irreparable injury.

253411/6515-1

2

9.    Supplemental jurisdiction is conferred over nonfederal claims by 28 U.S.C. § 1367.

10.    As set forth below, Plaintiffs have exhausted their administrative remedies to the extent necessary under the IDEA and the Rehabilitation Act.  However, the strict application of the exhaustion requirement in the fact of the routine failure of the DOE to comply with its obligations to provide services included in Bryan's IEPs, and with administrative decisions, will create undue hardship on his family, who would be forced to participate in administrative hearings on a continual basis, with no hope of securing needed services for Bryan.

## III.    PARTIES

11.    Bryan Wiles-Bond is a minor who currently attends a public school in the State of Hawai'i.

12.    Ann Kimball Wiles and Stanley Bond are Bryan's natural parents.  They have standing under federal law to pursue injunctive relief on behalf of Bryan and, as next friends of Bryan, have standing to assert claims on his behalf as well as on behalf of themselves.

13.    Plaintiffs are citizens of the State of Hawai'i and residents of the County of Hawai'i, State of Hawai'i.

14.    The DOE is the state educational agency under 20 U.S.C. § 1400 *et. seq.*, and is responsible for the identification of special education needs and the provision of services to children in the public school system who are disabled and in need of special education.  The DOE receives federal funds for its special education programs.

15.    Defendant Alvin Rho is the Complex Area Superintendent of the school complex in which Bryan Wiles-Bond attends school.  Defendant Rho has full authority over the complex to see that its policies and practices conform to law.  Defendant Rho is sued in his official capacity.

## IV.    FACTUAL ALLEGATIONS

16.    Bryan, who was born on October 28, 1991, is the youngest child of Ann Kimball Wiles and Stanley Bond.  At age 2, Bryan was diagnosed with pervasive developmental delay and hyperactivity and, at age five or six, he was labeled autistic.

17.    Autism is a developmental disability that significantly affects verbal and nonverbal communication and social

interaction as well as a child's educational performance.  Although no cure for autism exists, the condition is best treated with early diagnosis, intervention, and education.

18.   Bryan has been enrolled in the Hawai'i public school system since his family moved to Hawai'i in 1999.  Bryan is partially toilet-trained, and has severe developmental delays in cognition, speech and social abilities.

19.   For the last several years, Bryan's Individualized Education Program (IEP) has required one-on-one assistance from a trained aide ("skills trainer") during the entire school day, after school, and on weekends.

20.   On February 27, 2001, Bryan's parents submitted a request to the DOE for a due process hearing pursuant to 20 U.S.C. § 1415(e), identifying several issues to be decided concerning special education provided to Bryan.  They included:

a.    Failure to provide a trained  aide for 1:1 services specified in the IEP; and as a result

b.    Failure to provide speech services as identified in the IEP; and

c.    Failure to implement the autism programs specified in the IEP.

21.    At a scheduled May 7, 2001 due process hearing before hearing officer Richard Chun, no hearing was held. Instead, Plaintiffs and the DOE placed their stipulated hearing decision on the record.  The terms of the stipulation were to be in effect from May 7 through October 1, 2001.

22.    Hearing officer Richard Chun set forth the terms of the parties' stipulation in a Decision and Order dated May 21, 2001("Order").  Among other things, the Order provided:

a.    The IEP dated January 29, 2001 was to be followed;

b.    The DOE was to hire and train an adult aide for Bryan;

c.    The aide was to provide services to Bryan during normal school hours and after school.

d.    If services were not provided as required by Bryan's IEP during the period May 7 through October 21, 2001, the DOE was required to make up those services after October 21, 2001.

23.   The DOE failed to comply with the Order, as, *inter alia*, it did not provide the mandated services during the specified period, and did not make up the missing services thereafter.  As a result, Plaintiffs filed a Complaint in the United States District Court on February 15, 2002 against the DOE, to enforce the Order, and to have the DOE comply with Bryan's then-current IEP. Plaintiffs also sought preliminary injunctive relief.

24.   The Complaint alleged that the State had breached federal regulations by, among other things, failing to implement the terms of the Order, failing to provide a free and appropriate public education to Bryan under the IDEA, and violating Section 504 of the Rehabilitation Act.

25.   On July 1, 2002, in the federal action, Plaintiffs and the DOE entered into a Release and Settlement Agreement ("Settlement Agreement"), a true and correct copy of which is attached as Exhibit A.

26.   The Settlement Agreement requires the DOE to, *inter alia,*

a.    Hire, train and have in place the skills trainers (formerly "therapeutic aides" or "TAs") needed to consistently

provide Bryan with not less than 95% per calendar month of the skills trainer hours to which he is entitled under his IEP;

      b.   Procure skills trainer services for Bryan through an "expedited contract process," in which the DOE committed to pay a minimum salary and pay the skills trainers promptly.

      c.   Reimburse Plaintiffs for newspaper advertising to attract skills trainers.

      d.   Create a pool of substitute skills trainers who are qualified and trained to provide services to Bryan when his normal skills trainers are not available.

      27.  Between October 2003 and February 2004, despite the requirements of Bryan's IEP and the Settlement Agreement, the DOE failed to provide skills trainers to deliver 95% of the services in Bryan's IEP and the skills trainers provided all lacked the qualifications set out in the Settlement Agreement.  The DOE provided only approximately 75% of the services mandated.  In addition, the DOE never created a pool of qualified substitutes to provide interim services while recruitment of fully trained and committed skills trainers were hired.

28.   Bryan's IEP, developed in January 2004, required 1:1 instructional support during the school day for 6.5 hours (5.5 hours on Wednesday), after school for 4.5 hours (5.5 hours on Wednesday), and 6.0 hours per day on the weekend.  It also required that Bryan receive special education and related services for 360 days per year.

29.   On February 26, 2004, Plaintiffs submitted a request for a due process hearing under Hawaii Administrative Rules ("HAR") Title 8, Chapter 56.   The issues raised by the request for hearing were: a) the DOE's repeated failure to provide the services required by Bryan's IEP; b) the DOE's failure to ensure that trained skills trainers are hired and available to provide services for children like Bryan; c) the DOE's failure to provide skills trainers who can communicate with Bryan, who communicates through American Sign Language; and d) the failure of the DOE to comply with the Settlement Agreement.

30.   After a hearing held on April 5, 2004, the administrative hearings officer issued Findings of Fact, Conclusions of Law and Decision on May 11, 2004 ("May 2004 Decision").   The May 2004 Decision held that the DOE's failures to provide Bryan

with "1) the required number of skills trainer service hours as specified in his IEPs, 2) trained skills trainers capable of providing services to Bryan, and 3) skills trainers who can communicate with Bryan using ASL, resulted in a loss of educational benefit to Bryan".

31.  In the May 2004 Decision, the DOE was ordered to: 1) hire, train and have in place the skills trainers needed to consistently provide Bryan with not less than 95% per calendar months of the skills trainer hours to which he is entitled to in his IEP; 2) hire skills trainers who are trained in Discrete Trial Training and TEACCH and American Sign Language to sufficiently implement Bryan's IEP program; 3) provide additional authorization to Bryan's autism consultant to train new skills trainers; and 4) provide additional hours of service from a knowledgeable consultant to design, implement and monitor a toileting program for Bryan.

32.  The May 2004 Decision was not appealed by the DOE and is now a final order.  A true and correct copy of the May 2004 Decision is attached as Exhibit B.

33.   Pursuant to the May 2004 Order, on June 2, 2004, a meeting was held at which the DOE agreed to the number of additional hours for training pursuant to the May 2004 Decision, to American Sign Language ("ASL") training, and to the hiring of an experienced behavioralist to oversee the toileting program.

34.   On June 11, 2004, Plaintiffs submitted a request for a due process hearing under Hawaii Administrative Rules ("HAR") Title 8, Chapter 56.   The issues raised by the request for hearing were: 1) the failure of the DOE to hire and have in place a trained, certified and qualified special education teacher to deliver Bryan's special education program during his "extended school year", e.g., the period he received services outside of the regular academic year; and 2) the DOE's hiring of an unqualified special education teacher for Bryan for the 2004-2005 school year.

35.   On June 24, 2004, the DOE stipulated to the facts alleged in the hearing request and to liability.  A Stipulated Partial Decision and Order ("June 2004 Order") was approved by the DOE's counsel and the administrative hearings officer, and is currently in the process of being signed.  A true and correct copy of

the June 2004 Order approved by DOE's counsel is attached as Exhibit C.

36.   The June 2004 Order requires the DOE to 1) prepare for Bryan "a written structured social skills curriculum for implementation beginning no later than the end of the first week of the 2004-2005 school year;" 2) "hire and have in place by the beginning of the 2004-2005 school year a licensed, certified special education teacher with experience teaching autistic children and proficiency with American Sign Language;" and 3) "cause a functional behavioral assessment to be completed for Bryan and delivered to his parents no later than August 7, 2004."

37.   On July 6, 2004, a hearing was held on the remaining issue–the need for a qualified teacher during all portions of Bryan's extended school year--in the June due process hearing request.  On July 14, 2004, the administrative hearings officer ruled in favor of Bryan and requested that Bryan's counsel prepare the order.  A final order has not yet been entered.

38.   Beginning in June 2004, despite the Settlement Agreement and May 2004 Decision, there was no pool of trained

substitutes in place, and Bryan was not receiving and is still not receiving 95% of the hours of services from skills trainers identified in the May 2004 Decision. The toileting program ordered has not been implemented. No ASL training has been conducted and no skills trainers have been hired who are qualified as required by the Decision.

39.   Despite the June 2004 Order, Bryan continues to receive special education services at school from a teacher who is neither licensed nor certified under state law to deliver special education services, and who is not proficient in ASL and therefore cannot communicate with Bryan.

## V.   FIRST CLAIM FOR RELIEF - Declaratory and Injunctive Relief for Violations of the IDEA and Enforcement of Administrative Decisions

40.   Plaintiffs reallege and incorporate the allegations of paragraphs 1-39.

41.   Federal law requires state agencies to provide a free appropriate public education ("FAPE") to a child with a disability.

42.   Bryan is autistic and is disabled under the IDEA.

43.   For special education and related services to meet the requirement of providing a child with a FAPE, they must be provided in conformity with the child's IEP.

44.   The DOE has a pattern and practice of failing to provide Bryan with trained skills trainers to carry out their educational program, irrespective of the provisions in his IEPs, agreements made by the DOE, and various orders of the administrative hearings officer.

45.   Bryan's IEP provides that his program will be provided through the services of a skills trainer for almost 70 hours a week for virtually every day of the year.  If those services are not provided on a daily basis, there is no additional time in Bryan's life in which compensatory services can be provided to make up for his loss, without interfering with Bryan's time with his family or his sleep.  In addition, when skills trainers are not trained in ASL, they cannot communicate with Bryan and he cannot communicate his needs to them.

46.   The administrative remedies available to Plaintiffs are inadequate, as the hearing officers have no authority to grant

relief appropriate to ensure that the DOE will actually provide the services it commits to provide in the IEP, to enforce the Settlement Agreement, or to enforce their prior orders. However, with respect to the Defendant DOE's failure to provide services required by Bryan's 2003 and 2004 IEPs, Plaintiffs have exhausted their administrative remedies through hearings held in April and in June 2004, for which decisions have been rendered in Bryan's favor, but which the DOE has failed or refused to comply with.

47. The DOE has repeatedly failed to provide Bryan with a FAPE in conformity with Bryan's IEP, administrative orders and the Settlement Agreement, and is therefore in violation of the IDEA. Bryan has suffered loss of educational opportunities and will continue to be harmed by the DOE's failure to provide services mandated by law. Monetary relief is inadequate to compensate Bryan for the loss of services specified in his IEP and he therefore is entitled to injunctive relief.

## VI. SECOND CLAIM FOR RELIEF - Violations of Section 504

48. Plaintiffs reallege and incorporate the allegations of paragraphs 1-47.

49.    The Rehabilitation Act, 29 U.S.C. § 729, prohibits the DOE, which receives federal financial assistance, from discriminating against handicapped individuals in the provision of equal educational opportunities, and requires the DOE to provide qualified students with disabilities with a FAPE.

50.    The DOE has repeatedly been informed of the need to hire and train an adequate number of skills trainers to provide services to autistic children like Bryan.  The DOE has intentionally or with deliberate indifference failed to take necessary action to prevent damage to Bryan resulting from the lack of trained and consistent skills trainers.

51.    Since entering into the Settlement Agreement, and despite administrative orders and agreements to provide services specified in Bryan's IEPs, the DOE has failed to comply with its obligations to Bryan.

52.    The DOE's consistent and knowing failure to provide the skills trainers required by Bryan's IEP and the Settlement Agreement has resulted in a violation of the

Rehabilitation Act, 20 U.S.C. § 729, thus entitling Plaintiffs to injunctive and declaratory relief.

## VII. THIRD CLAIM FOR RELIEF - Violation of Section 1983.

53.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 - 52.

54.    Defendant Rho, acting under color of state law, violated the rights of Plaintiffs under 42 U.S.C. § 1983 by committing the acts and omissions set forth above in violation of rights secured by federal statute, specifically violations of the IDEA and its supporting regulations, and failure to require compliance with the Settlement Agreement designed to ensure the provision of services mandated by Bryan's IEP.

55.    As a direct and proximate result of Defendant's actions, Bryan has been damaged and will continue to be damaged by the failure to be provided services mandated by law. Monetary relief is inadequate to compensate Bryan for the loss of services specified in his IEP and he therefore is entitled to injunctive and declaratory relief.

## VIII.    BREACH OF CONTRACT

56.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 - 55.

57.    The Settlement Agreement is a contract which can be enforced under state law.

58.    Plaintiffs have performed all their obligations under the Settlement Agreement

59.    As set forth above, the DOE has failed to perform its obligations.

60.    By failing to comply with the Settlement Agreement entered into by the DOE, Defendant DOE has breached its contract with Plaintiffs.

61.    As a result of the breach of the Settlement Agreement, Plaintiffs are entitled to injunctive or other equitable relief to enforce their rights under the Settlement Agreement.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A.    Declare that Defendants DOE and Rho have violated Plaintiffs' rights as set forth herein;

B.    Provide preliminary and permanent injunctive relief ordering Defendant to provide a free, appropriate public education to Bryan in accordance with the IDEA, the May 2004 Decision, the June 2, 2004 agreements, all other administrative orders, as well as with the Settlement Agreement and his IEPs;

C.    Award Plaintiffs' costs and attorneys' fees;

D.    Grant Plaintiffs such other relief as may be just and proper.

DATED:  Kamuela, Hawai'i, _July 20 2004_.

SHELBY ANNE FLOYD
MEI-FEI KUO
Attorneys for Plaintiffs

## **VERIFICATION**

STATE OF HAWAII          )
                         ) SS
COUNTY OF HAWAII         )

We, Stanley Bond and Ann Kimball Wiles, being duly sworn

upon our oath, state that the foregoing facts set forth in the Verified

Complaint are true and correct.

_____
STANLEY BOND

_____
ANN KIMBALL WILES


SUBSCRIBED AND SWORN TO before me
on this 20th day of July 2004.


_____
Notary Public, State of Hawai'i
(MAILE P. DAVID)
Name Printed

My Commission Expires: 9-23-05