IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, | CIVIL Nos. CV04-00442 HG/BMK and CV05-00247 JMS-BMK (consolidated) (Other Civil Action) |
| Plaintiffs, | |
| vs. | MEMORANDUM IN SUPPORT OF MOTION |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.      BACKGROUND

This case arises out of a claim by above-named Plaintiffs that they are

entitled to monetary damages under the IDEA and Section 504 of the

Rehabilitation Act as a result of the Defendants' alleged failure to provide

necessary and appropriate services.  This precise issue was addressed in

MARK H. and RIE H. et. al. v. PAUL LEMAHIEU, et. al., CV00-282-

MLR wherein Honorable Judge Manuel L. Real found in favor of the

State.

The Plaintiffs' sole claims for relief in this action – under Section 504 of the Rehabilitation Act which seek tort-like damages for the denial of a "free and appropriate public education" ("FAPE") – should be dismissed as a matter of law

Under established caselaw, claims arising solely from the educational process and based entirely upon a denial of FAPE cannot constitute legally sufficient claims under Section 504.

Additionally, the Plaintiffs are precluded from recovering any type of tort-like damages (such as emotional distress and punitive damages) under Section 504 pursuant to the Supreme Court's decision in Barnes v. Gorman, 536 U.S. 181 (2002), which limits the available remedies in Section 504 suits to only contract remedies.

Moreover, the Plaintiffs Section 504 claims for money damages should also be limited by the applicable statute of limitation for tort claims. Finally, the claims for monetary damages under Section 504 should be barred by the Eleventh Amendment immunity.

STANDARD OF REVIEW

A party may obtain summary judgment where the record shows that "there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment need not produce actual "evidence" negating the existence of material factual issues, but may rest on the lack of evidence of the essential elements of a claim. Celotex Corp. v. Catret, 477 U.S. 317, 323 (1986).

Once a party moving for summary judgment has met its burden of proving that there is not genuine issue of material fact, the opposing party must "come forward with specific facts evidencing" a need for trial. Fed. R. Civ. P. 56(e). A plaintiff must adduce some "significant probative evidence tending to support the Complaint" and cannot discharge his burden by allegations in the pleadings, legal argument, or a hope that he can produce material evidence at the time of trial. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Arguments based on mere speculation, conjecture of fantasy" are not sufficient to overcome a motion for summary judgment. (O.S.C. Corp. v. Apple Computer, Inc., 792 F. 2d 1464, 1467 (9th Cir. 1986).

ARGUMENT

Plaintiffs are precluded from recovering tort-like compensatory damages for the denial of FAPE under Section 504 of the Rehabilitation Act of 1973. claims arising from the educational process and based solely upon the denial of FAPE must be addressed exclusively through the IDEA,

not Section 504, which does not permit recovery of damages for the denial

of FAPE.  Moreover, tort-like damages are ot allowable under Section 504

pursuant to the United States Supreme Court in Barnes v. Gorman, 536

U.S. 181 (2002), which limited  recovery in Section 504 cases to only

contract damages.

By this action, Plaintiffs are essentially asserting claims of educational

malpractice, and by seeking to obtain tort damages under Section 504, they

are trying to make an "end around the [IDEA] in order to circumvent or

enlarge the remedies available under the [IDEA]."  See Smith v. Isle of

Wight County School Board, 284 F. Supp. 2nd 370, 379 (E.D. Va. 2003)

(citation omitted, addressing claim under 42 U.S.C. Section 1983).

However, the law is clear that Plaintiffs are not entitled to relief under

Section 504 because their claims are based entirely on a denial of FAPE.

The IDEA does not allow tort damages for the denial of FAPE.  Witte v.

Clark County District, 197 F. 3d 1271, 1275 (9th Cir. 1999).  Thus, to the

extent that the Plaintiffs are attempting to recover tort damages under the

IDEA, these claims should be dismissed as well.

Additionally, Plaintiffs' Section 504 Claim for damages should be

limited by the statute of limitations for tort claims.  Finally, the Plaintiffs'

claims, which seek only money damages against state Defendants, should

be barred by the Eleventh Amendment.

      A. Plaintiffs Cannot Recover Under  Section 504 For The <u>Mere Denial of FAPE</u>

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified person with a disability in the
> United States... shall, **solely by reason** of her or his
> disability, be excluded from the participation in, be
> denied the benefits of, or be subjected to discrimination
> under any program receiving Federal financial assistance.

29 U.S.C. Section 794(a) (emphasis added).

The purpose of the Rehabilitation Act "is to prevent old-fashioned and

unfounded prejudices against disabled persons from interfering with those

individuals' rights to enjoy the same privileges and duties afforded to all

United States citizens." <u>Galloway v. Superior Court of  the District of</u>

<u>Columbia</u>, 816 F. Supp. 12, 20 (D. D.C. 1993).  Section 504 is merely

"prohibitory, forbidding exclusions from federally funded programs on the

basis of handicap, rather than mandatory, creating affirmative obligations.

The [IDEA], by contrast, because of its focus on appropriate education,

imposes affirmative duties regarding the content of the programs that must

be provided to the handicapped." <u>School Dist. of Wisconsin Dells v. Z.S.</u>,

184 F. Supp. 2nd 860, 884 (W.D. Wis. 2001) (citation omitted).  Thus,

because Section 504 "forbids exclusion from programs rather than

prescribing the programs' content, **it reaches grosser kinds of misconduct than the IDEA**." Id. (citation omitted, emphasis added).

                    1.  Caselaw Has Determined That A Mere Denial of FAPE is Insufficient to Establish a Claim Under Section 504.

Courts are uniform in holding that Section 504 claims premised on a mere denial of FAPE are simply insufficient to impose Section 504 liability for compensatory damages.

The Ninth Circuit has refused to impose Section 504 liability based on a mere denial of FAPE in several cases. In DOE by Gonzales v. Maher, 793 F. 2d 1470 (9th Cir. 1986), the Ninth Circuit Court of Appeals held that the Education of All Handicapped Children Act (predecessor to the IDEA), **provides the sole remedy for disabled children who have been denied their right to FAPE**. 793 F.2d at 1494 (emphasis added). See also Alexopulos by Alexopulos v. Riles, 784 F. 2d 1408 (9th Cir. 1986) (same). This holding was reaffirmed by the Ninth Circuit in Ramon v. Soto, 916 F. 2d 1377 (9th Cir. 1989). More recently, the Ninth Circuit again reiterated that Section 504 claims which were merely "derivative" of IDEA claims presented no plausible independent basis for recovery. See MS. S. V. Vashon Island School District, 337 F. 3d 1115, 1125 n. 14 (9th Cir. 2003)

The Ninth Circuit's position on this matter is firmly established, and is consistent wit the substantial majority of courts in other jurisdictions, which also hold that mere denials of FAPE (or IDEA violations) are insufficient to sustain claims under Section 504.  See Sellers v. the School Bd. Of the City of Manassas, 141 F. 3d 524 (4th Cir. 1998); Monahan v. State of Nebraska, 687 F.2d 1164 (8th Cir. 1982); Hoekstra v. Independent Sch. Dist. No. 283, (8th Cir. 1996); N.L. by MS. C. v. Knox  County Schools, 315 F.3d 688 (6th Cir. 2003); Smith v. Isle of Wight County Sch. Bd., 284 F. Supp.2nd 370 (E.D. Va. 2003); E.W. and E.W. v. The School Bd. Of Miami-Dade County Fla., 307 F.Supp.2d 1363 (S.D. Fla. 2004); Reid v. Petaluma Joint Union High School Dist., 2000 WL 1229059 (N.D. Cal. 2000); DOE v. Arlington County School Bd., 41 F.Supp.2d 599 (E.D. Va. 1999)

These courts generally hold that to prove discrimination in the special education context, "something more than a mere failure to provide the 'free appropriate education' required by the [IDEA] must be shown."  Monahan, 687 F.2d 1164.  These courts have concluded that Section 504 cannot be used to bring a "tort-like claim of educational malpractice."  See Arlington county, 41 F.Supp.2d at 608-609 (Section 504 does not create any general tort of educational malpractice); Petaluma Joint Union, 2000 WL 1229059

at *2 (a Section 504 "tort-like claim of educational malpractice," without more, must be dismissed as being inconsistent with the statutory intent of preserving the right to education rather than one of creating a private tort action against school districts). After all, "negligent error in the development of an appropriate IEP does not amount to thekind of invidious discrimination at which the Rehabilitation Act or the ADA is directed." Shirley by Kyger v. City of Alexandria School Bd., 229 F.3d 1143, 2000 WL 1198054 at *4 (4th Cir. 2000) (unpublished)

Furthermore, these courts have not hesitated to dismiss Section 504 "educational malpractice" claims as a matter of law, despite efforts from plaintiffs who attempt to couch their Section 504 allegations in terms of "gross misjudgment," "intentional discrimination," deliberate indifference," and/or "bad faith." For example, in Sellers, the plaintiffs claimed that the complete failure by the school board to provide any special education services to their child for over ten years, despite persistent and repeated requests by the mother to do so, was a total failure of its responsibilities and exhibited "gross misjudgment" sufficient to at least raise an issue of material fact on their Section 504 claim. See Appellants' Opening Brief, 1997 WL 33492433 at *7-10 and *18-21.

Similarly, in Petaluma School Dist., supra, the plaintiffs argued that the school district's failure to provide special education services, despite its knowledge that the child needed such services, amounted to "bad faith, gross misjudgment or deliberate indifference." 2000 WL 1229059 at *1. In Isle of Wight, supra, the plaintiffs alleged that the school board "ignored" the requirements of an IEP and failed to give them notice of their rights under the IDEA. 284 F.Supp.2d at 378 (decided under 42 U.S.C. Section 1983). And in Hoekstra, supra the plaintiffs argued that the defendants deliberately delayed in providing her with tutoring, which resulted in a deprivation of FAPE. 103 F.3d at 625 (decided under the ADA). However, in all of these cases, the courts dismissed the claims as a matter of law. These courts found that these types of allegations, despite the legal catchphrases, basically consisted of "mere denials of FAPE" that were insufficient to create liability under the disability discrimination laws.

## 2. Plaintiffs Merely Allege a Denial of FAPE.

In the present case, Plaintiffs allege nothing more than that the Defendants failed to provide a "free and appropriate public education" as required by the IDEA. Plaintiffs allege that Defendants failed to provide certified skills trainers and aides, failed to provide specific training and consultation to the skills trainers and failed to have a

qualified special education teacher for the student over the summer.

See Complaint at pps. 2-9

These allegations are insufficient to state a Section 504 cause of action as a matter of law in this circuit.  See Ramon, supra; Maher, supra; Vashon Island, supra.  Plaintiffs' Section 504 claims are "little more than …repackaged IDEA claim[s]" (see Moubry, 9 F.Supp.2d at 1111), and Plaintiffs are trying to make an "end run around the [IDEA] in order to circumvent or enlarge the remedies available under the [IDEA]."  See Isle or Wight, 284 F. Supp. 2d at 379 (E.D. Va. 2003).  Indeed, Plaintiffs' allegations are virtually identical to claims that were deemed insufficient as a matter of law to raise even an **issue of fact** regarding whether recovery was allowable under  Section 504.  See Sellers, supra (failure to provide special education services, despite knowledge that services were needed and repeated requests to provide services from parent); Petaluma Joint Union (failure to provide special education services).  Even this Honorable Court in MARK H. and RIE H. et. al. v. PAUL LEMAHIEU, et. al., CV00-282-MLR, when considering identical issues, found that monetary damages are not compensable under these facts.

Had Congress intended for tort damages to be recoverable un

Section 504 actions, I could have expressly included a right to such

damages in the statutory language, as it did for violations of Section

501 of the Rehab. Act. <u>See</u> 42 U.S.C. Section 1981a (permitting right

to compensatory and punitive damages, subject to caps based on the

size of the employer). Significantly, the remedial compensatory

damage provisions of Section <u>were not</u> made applicable to Section 504

violations. It would be anomalous to conclude that Section 504

impliedly authorizes an **unlimited** amount of compensatory tort

damages while Congress **explicitly** added a carefully **limited**

compensatory damage remedy to another section of the Rehab Act **and**

**did not apply that remedy provision to Section 504.** Clearly, under

established caselaw, and Section 504 itself, Plaintiffs' claims must

fail.

### B. Plaintiffs' Damages Should Be Limited By The Applicable Statute of Limitations For Tort Actions Against the State of Hawaii

Even assuming, *arguendo,* that Plaintiffs are allowed to recover tort-

like damages under Section 504, their recovery of damages should be

limited to the two years prior to the filing of the instant Complaint by

the applicable statute of limitations.

Because Individuals with Disabilities Education Act (IDEA) did not specify a statute of limitations for actions brought thereunder, Court of Appeals is required to determine most closely analogous state statute of limitations when ruling on question of statute of limitations applicable to action under IDEA, which statute should be applied to action unless it would undermine policies underlying IDEA. IDEA, Sections 601-701, as amended, 20 U.S.C.A. sections 1400-1491. In determining the most analogous state statute of limitations for purpose of determining statute of limitations applicable to actions under the IDEA, courts look to whether scope of judicial proceedings available to a plaintiff under state act is similar to review available under IDEA. See Livingston v. Keenan, 82 F.3d 912, 915 (9th Cir.1996). In the District of Hawaii, the most analogous state statute of limitations for an IDEA case is two years. See Cope v. Lindsey; Civ. No. 98-00238 SOM (April 2, 1999).

C. Plaintiffs' Claims for Money Damages Are Barred By The Eleventh Amendment

Defendants recognize that this Court has previously ruled that sovereign immunity does not bar the Plaintiffs' Section 504 claims. However, since the Court's ruling, changes in sovereign immunity jurisprudence require a reexamination of whether sovereign immunity would bar the present claims.

First, it has now become clear that the Plaintiffs' claims for tort-like money damages in this matter are based solely upon violations of the IDEA, and not upon Section 504 violations. See supra. Tort damages are not recoverable under the IDEA. Thus, to the extent that Plaintiffs are essentially seeking money damages for IDEA violations (although hidden under terms of a Section 504 claim), such claims should be barred by sovereign immunity. See Garcia v. S.U.N.Y. Health Sciences Ctr. Of Brooklyn, 280 F.3d 98 (2nd Cir. 2001) (sovereign immunity bars Section 504 suit for money damages unless plaintiff can make a showing of discriminatory animus); Benik v. Lisle Community Unit Sch. Dist., 1997 WL 566386 (N.D. Ill. 1997) (the Eleventh Amendment bars any claim for money damages under the IDEA).

In addition, even assuming *arguendo* that Plaintiffs have properly pled claims for money damages under Section 504, such claims would be barred by the Eleventh Amendment. Recent sovereign immunity jurisprudence has rendered the holding in Clark v. State of California, 123 F.3d 1267 (9th Cir. 1997), on which the Court based its prior decision on sovereign immunity, inapt. See Douglas v. California Dept. of Youth Authority, 271 F.3d 812 (9th Cir. 2001) (questioning validity of Clark in light of Bd. Of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001))

More recently, in <u>Tennessee v. Lane</u>, - U.S. -, 124 S.Ct. 1978 (2004), the United States Supreme Court has again restricted the scope of Congress' power to abrogate Eleventh Amendment immunity. The <u>Lane</u> opinion has been recently interpreted to mean that "<u>Eleventh Amendment Immunity remains intact for education claims under Title II of the ADA</u>," <u>See</u> <u>McNulty v. Bd. Of Education of Calvert County,</u> 2004 WL 1554401 at (D. Md. 2004) (emphasis added). Thus, the prediction of the dissent in <u>Douglas v. California Dept. of Youth Authority</u>, 285 F.3d 1226 (9th Cir. 2002), that "Congress's ability to place affirmative obligations on the States using its Fourteenth Amendment enforcement power is rapidly diminishing" and that "Clark is now outdated – and Douglas wrong – for failing to recognize the change in the legal landscape of sovereign immunity" has come to fruition. 285 F.3d at 1226-1227. <u>See also Hason v. Med. Bd. Of Ca.</u>, 294 F.3d 1166, 1171 (9th Cir. 2002) (O'Scannlain, J., in dissent) ("Clark and Dare have gone the way of the dodo bird and the wooly mammoth, overtaken and relegated to extinction by the course of events"). Thus, pursuant to recent sovereign immunity jurisprudence, Plaintiffs' Section 504 claims should be barred by the Eleventh Amendment.

CONCLUSION

For the foregoing reasons, Defendants respectfully request that this

Honorable Court grant the instant motion.


DATED:  Honolulu, Hawaii, November 23, 2006

_____
LONO P.V. BEAMER
Deputy Attorney General

Attorney for Defendants