IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br>          Defendant. | CIVIL NO. 05-00247 JMS/BMK CONSOLIDATED (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>          Defendants. | CIVIL NO. CV 04-00442 HG/BMK CONSOLIDATED (Other Civil Action) |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION

This motion is necessitated by Defendant's complete lack of professional-ism. What Defendants did in this instance was to ignore Plaintiffs' many requests

4

to respond to these requests for admissions. There is no question that Plaintiffs gave the Defendants ample time to respond and Defendants' failed to respond. Indeed, Plaintiffs sent one more reminder letter and it was ignored. Under these facts, the only appropriate remedy is for this court to deem the admissions admitted for purposes of this case and to find Defendants liable for the costs of this motion.

## II.   FACTS

On April 14, 2005, the complaint was filed. An Answer was filed on May 5, 2005. On July 27, 2005, Plaintiffs first noticed the 30(b)(6) deposition and served Defendants with requests for admission. The requests were of documents readily available to the Defendants and representing the majority of documents regarding liability in this case. Near the end of the first 30-day period, Defendants requested a continuance of the deadline in which to respond to the requests. Plaintiffs' counsel agreed to allow some additional time for the Defendants to file responses. However, as the first extension expired and another 30 would be needed, Plaintiffs' counsel wrote to defense counsel (September 15, 2005) memorializing the conversation primarily about the 30(b)(6) deposition. See Exhibit "A" attached hereto. Then more time passed without any communication from Defendants. On November 4, 2005, Plaintiffs wrote to the Defendant restating the complete description and suggesting new dates beginning with December 2, 2005. See Exhibit "B" attached hereto. No response was made by Defendants.

On December 12, 2005, Plaintiffs demanded that responses to the requests filed on December 20 deadline. See Exhibit "C" attached hereto. No response was received. On January 4, 2006, Plaintiffs wrote that Defendants should be ready for a January, 2006 deposition. Exhibit "D" attached hereto. Plaintiffs waited again for a response. No response was forthcoming.

On February 1, 2006, Plaintiffs wrote that they deemed the requests admitted and still wanted to take the 30(b)(6) deposition. See Exhibit "E" attached hereto. Plaintiffs wrote to Defendants regarding non-responsiveness to the Request for Admissions. See Exhibit "F" attached hereto. Defendants responded that the Plaintiffs had not demanded compliance by a specific date. When the Plaintiffs wrote to Defendants reminding them of the December 12 letter – there was no response. See Exhibit "G" attached hereto. In Exhibit "H" attached hereto sets a meet and confer for February 22, 2006 at 10:00 a.m.

## III.   THE REQUESTS MUST BE DEEMED ADMITTED

It is abundantly clear that a failure to timely respond to a request for admission is tantamount to an admission that the statement is correct. See Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d Section 2259. One commentator notes that:

> The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer was filed or objections made. *Id.*

6

Indeed, in one case, the admissions were deemed admitted. In an employment discrimination case when the Defendant did not comply with the time requirements of the rule. *See Jenkins v. MCI Telecommunications*, 973 F.Supp. 1133 (D. Cal. 1997).

There is no doubt that the Defendants were provided with about four months to answer the requests and they did not even request more time to enter an objection. The requests were initially served on Defendants in late August, 2005 and no response was made to them by December 20, 2005. This is ample time for Defendant or respond.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion to Determine that the Request for Admissions are Deemed Admitted.

DATED: Honolulu, Hawaii, February 23, 2006.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>　　　　　　Defendants. | Civil No. CV 04-00442 HG/BMK CONSOLIDATED (Other Civil Action)<br><br>DECLARATION OF STANLEY E. LEVIN |
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　Defendant. | Civil No. 05-00247 HG/BMK CONSOLIDATED (Other Civil Action) |

## DECLARATION OF STANLEY E. LEVIN

I, STANLEY E. LEVIN, declare as follows:

1. I am one of the named attorneys in the above captioned case.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated September 15, 2005 from Stanley E. Levin to Lono Beamer.

3. Attached hereto as Exhibit B is a true and correct copy of a letter dated November 4, 2005 from Stanley E. Levin to Lono Beamer.

4. Attached hereto as Exhibit C is a true and correct copy of a letter dated December 12, 2005 from Stanley E. Levin to Lono Beamer.

5. Attached hereto as Exhibit D is a true and correct copy of a letter dated January 4, 2006 from Stanley E. Levin to Lono Beamer.

6. Attached hereto as Exhibit E is a true and correct copy of a letter dated February 1, 2006 from Stanley E. Levin to Lono Beamer.

7. Attached hereto as Exhibit F is a true and correct copy of a letter dated February 9, 2006 from Stanley E. Levin to Lono Beamer.

8. Attached hereto as Exhibit G is a true and correct copy of a letter dated February 10, 2006 from Stanley E. Levin to Lono Beamer.

9. Attached hereto as Exhibit H is a true and correct copy of a letter dated February 17, 2006 from Stanley E. Levin to Lono Beamer.

I declare under penalty of perjury that the above is true and correct. Executed on the 23rd day of February, 2006.

_____
STANLEY E. LEVIN