IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br>    Defendant. | Civil No. 05-00247 JMS/BMK CONSOLIDATED (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>    Defendants. | Civil No. CV 04-00442 HG/BMK CONSOLIDATED (Other Civil Action) |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **FACTS**

This motion should not be necessary. Parties to the litigation should recognize their responsibilities under the Federal Rules and simply comply. In the instant case, the Defendants have been on specific notice since August, 2005, of Plaintiffs' desire to take the 30(b)(6) deposition. When the deposition was first duly noticed, Defendants have not responded at all to the numerous telephone calls, letters and e-mails trying to get voluntary compliance. The only reaction that Plaintiffs have received is very recently at the "meet and confer" at which Messrs. Hom and Beamer represented the State and Plaintiffs' counsel that they would discuss the matter with their client and get back to counsel. Over the ensuing weeks, Plaintiffs set on a new deadline of February 28, 2006.

II.  **THE MOTION SHOULD BE GRANTED AS REQUESTED**

Mindful that the court dislikes these types of enforcement motions, Plaintiffs' counsel have more than gone the extra mile. Indeed, at first, the Defendants wanted a 30-day continuance of the deadline. Plaintiffs agreed to that request. Then the Plaintiffs waited from early October until November, before inquiring by November 4, 2005, (Ex. B) and suggesting certain dates for the deposition. No response was received regarding those dates. On December 12, 2005 (Ex. C) (three months after the original request), Plaintiffs' counsel wrote to defense counsel telling them to bring the 30(b)(6) to a deposition on January 4 or

5, 2006. No response was ever received from the defense counsel to this letter. On January 4, 2006, (Ex. D) another letter was sent to counsel. In that letter it solicited reasons for the difficulty. The letter said that:

> Again, I would like to take this deposition as soon as possible. If you are having problems finding one person to be deposed or if there is another reason for the delay, please write me back and let me know why there is a hold up scheduling this deposition. I am available for this deposition on January 11, January 24, 25, 26 or 27. Please contact Bruce Ellis or myself immediately with dates that will accommodate your schedule. I appreciate your prompt response.

No response was ever received to that January letter. On February 1, 2006, Plaintiffs' (Ex. E) counsel wrote and set a deposition date of February 24, 2006 and again Plaintiffs' counsel wrote another letter on February 9, 2006 (Ex. F) trying to schedule the deposition for February 24, 2006. On February 10, Mr. Beamer did respond to the letters he had received about the admissions. Mr. Beamer alleged that he never understood that the Plaintiffs were serious and in any event, he had never received a demand for a date certain.

On February 10, 2006, (Ex. G) Plaintiffs wrote to Mr. Beamer sending him another copy of the December 12, 2005 letter. The February 10, 2006 letter speaks for itself. At the end of the letter, counsel reaffirms the date of February 24, 2006 for the deposition. On February 17, 2006, (Ex. H) counsel wrote to Defendants setting the meet and confer for February 22, 2006 at 10:00 a.m. There were no

3

justifications or excuses offered at the meet and confer. The defense counsel merely responded to every question with a statement from Mr. Hom saying they needed more time to talk to their client.

There is no question that a party has a duty to attend a duly noticed deposition. Indeed, courts have interpreted this duty under the rules very broadly. *Telluride Management Solutions, Inc. v. Telluide Investment Group*, 55 F.3d 463 (9th Cir. 1995). It is clear also that the DOE had a duty to identify a deponent or deponents for the deposition. As one commentator has stated:

> A distinction must then be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness.
>
> It is different if the deponent is an officer, director, or managing agent of a corporation or other organization that is a party to the suit. Rule 37(d)(1) allows dismissal of the action, or entry of a default judgment, if such a person fails to appear for the taking of his or her deposition after being served with a proper notice. Thus, the corporation is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear. Rule 32(a)(2) allows the introduction into evidence by an adverse party for any purpose of the deposition of "anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association." Thus, the depositions of persons who fit these categories may be used against the corporate party. It is in this

sense, in respect of the responsibility to produce the deponent and of the usability of the deposition, that the deposition of the corporation is said to be "taken through" the particular individual.

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d Section 2103, Chapter 6, pp. 36-38.

In the instant case, Plaintiffs have identified the individual or individuals whose attendance is required. Plaintiffs have waited over six months and this non-response by the Defendants must stop. Plaintiffs described the deponent in August, 2005 and again on January 4, 2006 as:

> **Person(s) most knowledgeable for the Deposition 30(b)(6) about the following:**
>
> The skills trainer services provided and the free appropriate public education which the DOE thought that it was providing to Bryan Wiles-Bond during each of these periods of time:
>
> September, 1999 until May 21, 2001;
>
> May 22, 2001 until July 1, 2002;
>
> July 2, 2002 until May 11, 2004;
>
> May 12, 2004 until July 23, 2004; and
>
> July 24, 2004 until December 31, 2004

Plaintiffs only ask that the Defendants be required to follow the rules.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs request an order setting the 30(b)(6) deposition in that order and award Plaintiffs' their attorneys' fees and costs for filing this motion.

DATED: Honolulu, Hawaii, March 6, 2006.

/S/ STANLEY E. LEVIN
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO

Attorneys for Plaintiffs