Of Counsel:
DAVIS LEVIN LIVINGSTON GRANDE

STANLEY E. LEVIN           1152-0
MICHAEL K. LIVINGSTON   4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

SHELBY ANNE FLOYD    1724-0
MEI-FEI KUO               7377-0
65-1230 Mamalahoa Hwy., Suite C21
Kamuela, Hawaii 96743
Telephone: (808) 885-6762
Fax: (808) 885-8065
E-mail: sfloyd@ahfi.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>           Plaintiffs,<br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>           Defendant. | CIVIL NO. 05-00247 JMS/BMK CONSOLIDATED (Other Civil Action)<br><br>PLAINTIFFS' CONCISE STATEMENT OF FACT AND CERTIFICATE OF SERVICE<br><br>TRIAL: July 25, 3006 |

| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                 Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>                 Defendants. | Civil No. CV 04-00442 HG/BMK CONSOLIDATED (Other Civil Action) |

## PLAINTIFFS' CONCISE STATEMENT OF FACT

Pursuant to Local Rule 56.1, plaintiffs hereby submit their separate concise statement of material facts in support of Plaintiffs' Motion for Partial Summary Judgment filed concurrent herewith. Please note that all exhibits referenced herein are those attached to Plaintiffs' Motion for Partial Summary Judgment filed concurrent herewith, unless otherwise stated.

| FACT | EVIDENCE |
|---|---|
| 1. Bryan Wiles-Bond suffered from autism when he presented himself at a public school. | Plaintiffs' First Request for Admissions to Defendant Department of Education; Exhibits 1-18 dated 8/26/05 at 022 (Attached hereto as Exhibit "A") |
| 2. The IEP drafted for Bryan was adequate to meet his needs | Exhibit A at 021 |
| 3. Implementation of the IEP was inconsistent and erratic in terms of the provision of 65 hours per week of skills trainer time | Exhibit A at 015-019<br><br>Findings of Fact, Conclusions of Law and Decision dated 5/11/04 at |

2

| | |
|---|---|
| | 043-052<br>(Attached hereto as Exhibit "B")<br><br>Legend, Findings of Fact, Conclusions of Law and Decision dated 7/23/04 at 053-058<br>(Attached as Exhibit "C") |
| 4. Because of the DOE non compliance with the IEP and its failure to provide enough skills trainers, who were trained and qualified to deal with autistic students, Bryan lost many educational opportunities and thus he regressed in many areas, including but not limited to toilet training | Exhibit B at 046-047 |
| 5. During Bryan's 5 years at the DOE, the DOE did not consistently supply him with trained and qualified skills trainers | Exhibit A at 015-019<br>Exhibit B at 043-052<br>Exhibit C at 053-058 |
| 6. During his 5 years with the DOE did provide adequately trained and qualified skills trainers in order to allow Bryan to achieve any of the goals and objectives set forth in his IEPs. | Exhibit A at 015-019<br>Exhibit B at 043-052<br>Exhibit C at 053-058 |
| 7. Bryan's IEP of September required that Bryan would be "receiving 1:1 service during the school day to work on DTT goals and objectives. Bryan also "should [have] receive[d] weekend TA work on DTT and is in need of after school intervention". | Exhibit A 023 |
| 8. On February 27, 2001, Bryan's parents submitted a request to the DOE for a due process hearing pursuant to 20 U.S.C. Section 1415(e), identifying several issues to be decided concerning special education provided to Bryan. They included:<br>a. Failure to provide a trained aide for 1:1 | Exhibit A at 005, 015-016 |

3

| | |
|---|---|
| services specified in the IEP, and as a result;<br>b. Failure to provide speech services as identified in the IEP; and<br>c. Failure to implement the autism programs specified in the IEP. | |
| 9. At a scheduled May 7, 2001 due process hearing before hearing officer Richard Chun, no hearing was held. Instead, Plaintiffs and the DOE placed their stipulated hearing decision on the record. The terms of the stipulation were to be in effect from May 7 through October 1, 2001. | Exhibit A at 015, 018 |
| 10. Hearing Officer Richard Chun set forth the terms of the parties' stipulation in a Decision and Order dated May 21, 2001 ("Order"). Among other things, the Order provided:<br>a. The IEP dated January 29, 2001 was to be followed;<br>b. The DOE was to hire and train an adult aide for Bryan;<br>c. The aide was to provide services to Bryan during normal school hours and after school; and<br>d. If services were not provided as required by Bryan's IEP during the period May 7 through October 21, 2001, the DOE was required to make up those services after October 21, 2001. | Exhibit A at 017-018 |
| 11. The DOE failed to comply with the Order, as, *inter alia*, it did not provide the mandated services during the specified period, and did not make up the missing services thereafter. As a result, Plaintiffs filed a Complaint in the United States District Court on February 15, 2002 | Exhibit A at 020-029 |

4

| | |
|---|---|
| against the DOE, to enforce the Order, and to have the DOE comply with Bryan's then-current IEP. | |
| 12. A settlement agreement signed by all parties was duly executed on July 12, 2002. | Exhibit A at 030-042 |
| 13. Pursuant to the July 12, 2002, settlement agreement, the DOE agreed to inter alia, <br>a. By August 1, 2002, the State shall hire, train, and have in place the TAs needed to consistently provide Bryan with not less than ninety-five percent (95%) per calendar month of the TA hours to which he is entitled. <br>b. The State shall continue to provide TA services through its contract with the current service provider and/or its successor. <br>c. By August 1, 2002, the State shall procure TA services for Bryan to be provided by qualified individuals through an "expedited contract process". Under this expedited contract process, the State shall pay qualified individuals a minimum of $20.00 per hour, and may offer effective bonus/incentive payments to encourage retention of the TAs for three (3) months or longer. The State shall pay these TAs within 30 days of the TAs' submittal of properly verified time sheets to the State. <br>d. To assist the State in meeting the requirements of Paragraph II.c above, the Bonds shall be authorized to advertise for TAs in State and national newspapers and other publications, with the costs of said advertising to be paid by the State, up to | Exhibit A at 032-033 |

| | |
|---|---|
| a total of $1,000.00 per year. The Bonds may refer potential TAs identified through advertising or other means to the State. The State shall determine the individuals' qualifications and pay level, conduct criminal background checks, and require that the individuals undergo and pass physical examinations prior to being hired.<br>e. By August 1, 2002, the State shall create a pool of substitute TAs who are qualified and trained to provide services to Bryan. This pool of substitutes shall consist of a maximum of three individuals, who shall be subject to the Bonds' reasonable approval as to these individuals' presence in the home (but not as to their qualifications). Before providing services to Bryan, each substitute TA shall have reviewed Bryan's IEP, shall be trained to implement Bryan's IEP, and shall have observed Bryan receiving TA services for a minimum of two (2) hours in school and a minimum of two (2) hours in the home. These substitute TAs shall be available to provide services to Bryan on an occasional basis when his regular TAs are unavailable.<br>f. The above-described TA services shall be provided by qualified TAs who meet the standards for a Level III TA, and are trained in DTT, TEACCH, and PECs methods for autistic children. | |
| 14. Bryan was to receive Additional Occupational and Speech/Language Therapy:<br>a. Pursuant to his IEP, Bryan currently receives two half-hour sessions per week of occupational therapy and two half- | Exhibit A at 035-036 |

6

| | |
|---|---|
| hour sessions per week of speech/language therapy.<br>b. For an eight-week period, starting as of July 15, 2002, Bryan shall receive two additional half-hour sessions per week of occupational therapy and two additional half-hour sessions per week of speech/language therapy. After this eight-week period, if deemed appropriate by Bryan's IEP team, with input from Bryan's current autism consultants or their successors, the additional therapy sessions shall be included in Bryan's IEP. | |
| 15. The DOE did not keep the promises made in the 2002 settlement agreement | Exhibit A at 009, Admission 9 & 10 |
| 16. An IEP was developed for Bryan on January 9, 2004. | Exhibit A at 009, Admission 11 |
| 17. From October 2003 to February 2004, the Department of Education ("DOE") failed to provide Bryan with required number of skills trainer service hours per week as required in his relevant IEPs. | Exhibit B at 045 |
| 18. The six skills trainers the Department of Education provided to Bryan in the Fall of 2003 through February 2004 did not have prior experience working with autistic children. Five of the six skills trainers had no prior experience with American sign language. | Exhibit B at 046 |
| 19. Bryan's skills trainers must be proficient in American sign language. | Exhibit B at 046 |
| 20. Bryan's DOE teachers did not know ASL and did not use ASL with Bryan. | Exhibit B at 046 |

7

| | |
|---|---|
| 21. Due to not receiving the number of skills trainer hours specified in the IEPS from October 2003 through February 2004 Bryan regressed in a number of areas | Exhibit B at 046 |
| 22. Bryan's regression included toileting, and self-stimulating patterns of behavior | Exhibit B at 047 |
| 23. Bryan's parents rights in the IDEA were violated by the DOE's actions | Exhibit B at 051-052 |
| 24. Kim Smalley, a behavior specialist consulting on this case, wrote a report about the DOE's failures and the consequences for Bryan. | Functional Behavioral Assessment at 060-061 (Attached hereto as Exhibit "D") |

DATED: Honolulu, Hawaii, February 22, 2006.

/S/ STANLEY E. LEVIN

---

STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO
Attorneys for Plaintiffs

8