Of Counsel:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON   4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

SHELBY ANNE FLOYD        1724-0
MEI-FEI KUO              7377-0
65-1230 Mamalahoa Hwy., Suite C21
Kamuela, Hawaii 96743
Telephone:  (808) 885-6762
Fax:  (808) 885-8065
E-mail:  sfloyd@ahfi.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>         Plaintiffs,<br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>         Defendants. | CIVIL NO. CV05-00247 HG/BMK<br>CIVIL NO. CV04-00442 HG/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE MARCH 28, 2006 HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CERTIFICATE OF SERVICE<br>HEARING:   March 28, 2006<br>TIME:           9:00 a.m.<br>JUDGE:       Helen Gillmor<br>TRIAL DATE: July 25, 2006 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE MARCH 28, 2006 HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

A dispositive motion of the Plaintiffs is set for hearing on March 28, 2006 before the Honorable Helen Gillmor. This case is a Section 504 claim (under the Rehabilitation Act of 1973). There is also a hearing scheduled on Defendants' Motion for Summary Judgment at the same time and before the same judge. Defendants' counsel has asked this court to postpone the hearing on both motions because counsel has another family event to attend. He has already secured a leave for this time period. It appears that after obtaining the leave, he learned of the motion and the hearing date of March 28. He claims that he will not be in Hawaii on March 28. Hence, he claims a continuance is merited. However, there are at least two options available to the Defendants so that the hearing can go forward as scheduled so that there will be no inconvenience to the court and the Plaintiffs. Therefore, the request should be denied.

**II.     A POSTPONEMENT IS NOT WARRANTED**

In the bulk of cases that arise in Federal Court, postponements are an unfortunate fact of life. However, a continuance should not be granted to a party who has literally ignored the concept of timeliness in this case. For example, pending before the Magistrate are two motions which explain why Plaintiffs

2

believe so strongly that the requests should not be granted.  One motion seeks the Magistrate's approval that all of the admissions served in late August, 2005 are deemed admitted because, despite numerous reminders, Defendants would not pay attention to the Plaintiffs demand to complete the admissions.  Plaintiffs demanded that these admissions be filed by December 20, 2004.  This date was ignored by Defendants.  Almost five months to the date that Defendants served with the admissions, Defendant filed its responses.  This was after Plaintiffs filed the motion with the Magistrate.

The second motion deals with the Defendants' failure to this date to designate a 30(b)(6) witness so Plaintiffs can take the deposition.  Over six months have elapsed since Defendants were duly noticed about the intention of the Plaintiffs to take that deposition.  No response was ever received regarding this request.  Plaintiffs have done all that is possible in terms of writing letters, making demands and setting deadlines.  None of this has produced a 30(b)(6) witness.  As a last resort, the Plaintiffs sought the help of the Magistrate.

From these contemporaneous actions by the Defendant, it is simply not feasible for there to be another delay caused entirely by Defendants.  It is also wrong to rule that Mr. Beamer is the only available counsel.  The Education Branch of the Attorney General's office must have at least 25 attorneys.  Mr. Beamer has no special corner on the events of this case.  Indeed, Mr. Beamer has

3

only been involved in this case since late 2003. Ms. Shikada has been involved for quite some time as has Mr. Hom. Either of these two other Deputies could represent the Defendants at the hearing on March 28. If all else fails, then Mr. Beamer can cut short the trip on the 26th and still be back a day earlier than the scheduled hearing on the March 28, 2006.

### III.   CONCLUSION

For the foregoing reasons, the request for a continuance should be denied.

DATED:  Honolulu, Hawaii, March 9, 2006.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN

Attorney for Plaintiffs