Of Counsel:
DAVIS LEVIN LIVINGSTON GRANDE

STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON   4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

SHELBY ANNE FLOYD       1724-0
MEI-FEI KUO                       7377-0
65-1230 Mamalahoa Hwy., Suite C21
Kamuela, Hawaii 96743
Telephone:  (808) 885-6762
Fax:  (808) 885-8065
E-mail:  sfloyd@ahfi.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>     Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>     Defendants. | CIVIL NO. CV 05-00247 HG/BMK<br>CIVIL NO. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DELCARATION OF STANLEY E. LEVIN; EXHIBITS "A" AND "B" AND CERTIFICATE OF SERVICE<br>HEARING: March 28, 2006<br>TIME:   9:00 a.m.<br>JUDGE:  Helen Gillmor<br>TRIAL DATE: July 25, 2006 |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

A wise judge once said that litigation is unreasonable people doing unreasonable things unreasonably. That statement must have had the Defendants' actions in this case in mind when it was made. In this case, Defendants demonstrate that when all else fails, attack.

The first important point about this case is that the Defendants mistakenly raise as barrier to any recovery the decision of one questionable visiting federal judge in the case of *Mark H. v. LeMehieu*, 341 F. Supp. 2d (D.Haw. 2005) currently on appeal to the Ninth Circuit Court of Appeals. However, that case is not res judicata and has no binding effect on this court. Furthermore, *Mark H.* should not be accorded any deference because it is unsettled by the Ninth Circuit. Additionally, Defendants are completely wrong procedurally and substantively and this memorandum will highlight these errors. Defendants have already been rebuffed in their initial effort to embrace Judge Real's decision when on December 14, 2005 this court rejected Defendants' Motion to Stay Proceedings.

Next, the Defendants argue the recent case of *Barnes v. Gorman*, 536 U.S. 181 (2002) bars recovery here. Again, Defendants misconstrue and misrepresent the ruling in *Gorman* because the ruling actually favors Plaintiffs here. This will be explained further in this memorandum and, if necessary, at the hearing.

Finally, Defendants attempt to hide their actions by claiming the statute of limitations is at bar in this case and that is wrong. Likewise the Defendants' argument that the Eleventh Amendment immunizes the Defendants is pure sophistry. When all of these levels of improper claims are dealt with, the only route will be for this court to deny Defendants' Motion for Summary Judgment and grant Plaintiffs' Motion for Partial Summary Judgment.

II.   ARGUMENT

### A. *MARK H.* IS INAPPLICABLE TO THE INSTANT CASE.

The primary point about the *Mark H.* case is that it is actively on appeal to the Ninth Circuit Court of Appeals. The oral argument date is pending and Plaintiffs' counsel (same counsel as in this case) are confident there will be major changes to, and reversal of, Judge Real's opinion for several reasons.

First, another recent case from this district successfully challenged Judge Real's actions on similar grounds. In *Living Designs v. Dupont*, 431 F.3d 353 (9th Cir. 2005), Judge Real was assigned by Judge Ezra (just like this case) to handle the trial. Judge Real engaged in several "regrettable practices" which required the Ninth Circuit panel to remove him as the Judge and had the case sent back to Hawaii for reassignment. The panel took this action without ruling on the merits of the appeal. In making the decision to dismiss the Plaintiffs' Section 504 claims in *Mark H.*, Judge Real crossed any sort of line of permissible conduct as a trial

judge when he affirmatively acted as the State's best advocate, over strenuous objections he unilaterally reopened the motions deadline (which had passed by two months) and invited the State to rewrite and resubmit their concise statement of the case to make it more "factual" and "uncontested" in violation of his duties under FED. R. CIV. P. 56. Judge Real also ignored five years of previous litigation and the doctrine of "law of the case." At every conceivable important point in the case, he reversed or ignored Judge Ezra's rulings on point and all of his rulings were against Plaintiffs.

At best, his opinion is an amalgam of half-truths about the legislative history of Section 504 and complete ignorance about relevant Ninth Circuit rulings. For example, Judge Real did not deal with the decisions by the Ninth Circuit that clearly provide for the recovery of compensatory damages as a result of the deliberate indifference of the State. *See, e.g. Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002) or *Kliing v. County of Los Angeles*, 633 F.2d 876 (9th Cir. 1980). Indeed, one of Judge Real's main supports was built on a very selective reading of the legislative history of the 1986 amendments to Section 504 which were intended primarily but not solely to overturn the Supreme Court decision in *Smith v. Robinson*, 486 U.S. 992 (1984). The 1986 amendments were designed to "reinforce the rights to education for all handicapped children under the IDEA including their essential rights to access the courts when education is being denied

them."    1986 U.S.C.C.A.N. 1798, 1805.    Congress changed the applicable provision of the IDEA in Section 1415(l) to read:

> (l) **Rule of Construction.**  Nothing in this part shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.

Even a cursory review of the actual words used shows that this amendment opens up all of the avenues of federal redress to disabled children and their parents. Somehow Judge Real, in the *Mark H* decision, interprets this legislative history as favoring his position that Section 504 bars recovery.

The final major flaw in the Real decision and in Defendants' position before this court is that they both misconstrue and intentionally misrepresent Plaintiffs' 504 claim.  In the present case, Plaintiffs' claim damages for the State's deliberate indifference towards Bryan and have never tried to claim damages for a mere violation of FAPE.  This is a fundamental and oft-repeated major defect by Judge Real's and the Defendants' reasoning in this case.  *See, e.g.* paragraph 39 of the

Complaint herein.[1]  In the hearing on defendants' motion for a stay, this court stated that it was not bound by Judge Real's decision.  This was a very insightful and excellent decision on the State's motion for a stay.  For the reason stated herein, Plaintiffs urge this court to maintain that position.

### B. DEFENDANTS MISPLACED RELIANCE ON *BARNES V. GORMAN*.

To the extent that the State relies on the decision in *Barnes v. Gorman*, 536 U.S. 181 (2002) for the notion that Plaintiffs' may not recover under Section 504 for the deliberate indifference of the State officials, this reliance is wholly misplaced.

For litigants in the Ninth Circuit, compensatory monetary relief has been available to Section 504 plaintiffs since the decision in *Kling v. County of Los Angeles*, 633 F.2d 876 (9th Cir. 1980) *rev'd on other grounds*, 106 S.Ct. 300 (1985).  *See Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir. 1990) (noting that "monetary damages are available in the Ninth Circuit for violations of [Section] 504".)[2]  The courts in this circuit and others that have dealt with the question of the type of damages allowable to a Section 504 plaintiff, have described the damages

---

[1] For example, Defendants state at page 3 of their memorandum that:
   Plaintiffs are precluded from recovering tort-like compensatory damages for the denial of FAPE under Section 504 of the Rehabilitation Act of 1973, claims arising from the educational process and based solely upon the denial of FAPE must be addressed exclusively through the IDEA, not Section 504, which does not permit recovery of damages for the denial of FAPE.

[2] The state has taken the very questionable tactic of simply not citing to adverse Ninth Circuit cases, such as *Smith v. Barton*.

as "compensatory" and "actual" and not as "contract" or "tort."  These courts are uniform that where plaintiff can prove intentional discrimination, the labels of "contract" and "tort" are meaningless; the court's intent is to make the plaintiffs whole again.  In *Gorman*, the Court described its conclusion as "consistent with the 'well settled' rule that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done."  *Gorman*, 536 U.S. at 189 (citation omitted).

    In *Gorman*, the jury verdict making Mr. Gorman whole again included:

>  42,566.33 for medical expenses
>  342,051.00 for lost past wages
>  500,000.00 for lost future wages
>  **150,000.00 for physical pain, suffering, humiliation,
>                  inconvenience or emotional anguish**
>  Total 1,034,817.33

*Gorman*, 536 U.S. 181 (2002).  (See Exhibit "B" for a copy of that verdict.)

    If the Supreme Court were concerned or persuaded at all by legal arguments such as the one made by the State in this case, the Court would have reversed the jury verdict also.  It did not do so.  Moreover, it barred punitive damages by the slimmest plurality, because local governments could not have been on notice of this type of liability when they made their Federal contracts.

Looking at the Supreme Court ruling, it was a 9 to 0 decision but there were three separate opinions and the key opinion was that of Justice Souter and O'Connor concurring in which they said:

> I join the Court's opinion because I agree that analogy to the common law of contract is appropriate in this instance, with the conclusion that punitive damages are not available under the statute. Punitive damages, as the Court points out, may range in orders of "indeterminate magnitude," ante, at 2102, untethered to compensable harm, and would thus pose a concern that recipients of federal funding could not reasonably have anticipated Clause legislation, such as the proper measure of compensatory damages. **I realize, however, and read the Court's opinion as acknowledging, that the contract-law analogy may fail to give such helpfully clear answers to other questions that may be raised by actions for private recovery under Spending Clause legislation, such as the proper measure of compensatory damages. (emphasis added)**

*Gorman*, 536 U.S. at 190-91.

As Justice Stevens points out in his concurring opinion, the law reviewed by the Court (Section 202 of the ADA) was not enacted by Congress under the Spending Clause. He further criticized the plurality for reaching out to embrace the *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1 (1981) decision as a means to integrate the contract analogy into the Spending Clause analysis. Justice Stevens opined that it was not proper for the Court to embrace an analogy that was neither briefed by the parties nor suggested by them.

Obviously, the goal in *Gorman* was to provide sufficient compensation to the plaintiff to restore him to his pre-incident condition. The inquiry into what is necessary to make a plaintiff whole (i.e., to achieve just compensation) will vary

8


on a case-by-case-basis. However, what is absolutely clear is that in *Gorman*, the jury compensated Mr. Gorman in an amount in excess of $1 million dollars – a large portion of which was for what the State would claim were forbidden[3] "tort damages."

Also ignored by the State is the substantial body of case law which generally confirms that "damages are available under [Section] 504 . . ." *Smith v. Robinson*, 468 U.S. 992, 1019-1020 n.24 (1984). Indeed, the Fourth, Fifth, Eighth, Ninth and Eleventh circuits clearly hold that damages are available for intentional discrimination under Section 504. *See e.g. Pandazaides v. Virginia Board of Education,* 13 F.3d 823, 832 (4th Cir. 1994) (holding that "suits under §504 provide the Plaintiff a full panoply of legal remedies."). *Miener v. Missouri*, 673 F.2d 969, 978-979 (8th Cir. 1982), *cert. denied* 459 U.S. 909 (1982) (holding that since administrative remedies are inadequate to vindicate individual rights and the Congress could not have expected the individual plaintiff to be made whole through the administrative procedures . . . damages are available under §504 as a necessary remedy for discrimination . . ."); *Smith v. Barton,* at 1337 (noting that money damages are available in the Ninth Circuit for "violations of 504"); and *Moreno v. Consolidated Rail Corporation*, 99 F.3d 782 (6th Cir. 1996) (allowing for emotional distress damages and not punitive damages).

---

[3] According to the misinformed state.

### C. THE STATUTE OF LIMITATIONS IS NO BAR TO THE INSTANT ACTION.

While the Defendant includes a pro forma claim that this action is barred by the statute of limitations which Defendant concedes is two-years from the date of the injury (or two years from the date that the Plaintiffs should have known), Judge Ezra fully analyzed the factors to be considered regarding when a cause of action under Section 504 accrues in the following three cases: *Stephen L. v. LeMahieu*, Civ. No. 00-338 DAE/KSCC, *Mark H. v. LeMahieu*, Civ. No. 00-282 MLR/LEK, and *Patricia N. v. LeMahieu*, Civ. No. 00-252 DAE/LEK. There is no decision of the Ninth Circuit definitively setting a statute of limitations for a Section 504 claim. Consequently, Judge Ezra surveyed the entire breadth of federal law and found that he agreed with the Third Circuit in holding that the cause of action accrues when the administrative process ends. On this very point, Judge Ezra opined that:

> As such, it makes sense to begin the limitations period at the conclusion of the administrative proceedings. In this case, the hearing decision was issued on March 15, 2000, and the time for appeal expired 30 days later. As this action was instituted in May 2000, Plaintiffs are clearly within the limitations period. Defendants' statute of limitations argument, therefore, fails.

*Stephen L. v. LeMahieu*, Civ. No. 00-338 DAE/KSCC, Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment and Granting Plaintiffs' Motion for Partial Summary Judgment filed on June 18, 2001 at pp. 23-24. Exhibit "A" is a copy of that Order attached hereto.

Employing Judge Ezra's standard and the usual statute of limitation analysis, there is no statute of limitations issue in the case at bar because there were two separate lawsuits filed on February 15, 2002 and on January 29, 2004 and these followed settlement agreements which redefined Plaintiffs rights.  These agreements and the fact that Plaintiffs were in the administrative process until the final administrative hearing decision dated July 23, 2004, there certainly is no timeline problem here.

### D. THE REHABILITATION ACT VALIDLY ABROGATED THE STATE'S ELEVENTH AMENDMENT IMMUNITY AND/OR THE STATE HAS WAIVED THAT DEFENSE.

The Ninth Circuit's decision in *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997) is dispositive of the State's Eleventh Amendment immunity defense.  In *Clark*, the Ninth Circuit held that Congress validly abrogated the Eleventh Amendment of the states under the Rehabilitation Act[4] pursuant to its power under section five of the Fourteenth Amendment in light of *City of Boerne v. Flores*, 521 U.S. 507 S.Ct. 2157 (1997).  A states' waiver applies under the Rehabilitation Act when, as is the case in Hawaii, they accept federal funds. *Id.* at 1271.

Defendants rely on a dissenting opinion in the denial of a petition for a rehearing or a rehearing en banc in *Hason v. Medical Board of California*, 294

---

[4] The amended Rehabilitation Act provides the explicit waiver provision as follows: "A State shall not be immune under the Eleventh Amendment ... from any suit in Federal court for a violation of §504 of the Rehabilitation Act of 1973." (quoting 42 U.S.C. §2000d-7).

11

F.3d 1166 (9th Cir. 2002) which waxes very poetically about the Eleventh Amendment. However, this is a dissenting opinion in a case where the majority of the active Ninth Circuit judges voted against rehearing this case en banc. It is really unclear how this dissenting opinion creates any new or different law on the basic issue of abrogation or waiver of the Eleventh Amendment. In other words, the hyperbole in the Defendant's memorandum in support of its motion for summary judgment is not new law or in any way decreases the force of the majority opinion in *Hason*. The unanimous panel opinion was that the Eleventh Amendment was abrogated or waived by virtue of the State of California accepting 504 funds. This precedent was reaffirmed in the *Dare v. California*, 191 F.3d 1167 (9th Cir. 1999) and in *Douglas v. Cal. Dept. of Youth Authority*, 285 F.3d 1226 (9th Cir. 2002) and *Hason* followed this clear authority. In any event, there is no Eleventh Amendment issue in this case.

### III. CONCLUSION

For all of the foregoing reasons stated above, Defendants' Motion for Summary Judgment should be denied.

DATED: Honolulu, Hawaii, March 10, 2006.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO
Attorneys for Plaintiffs