ORIGINAL

MARK J. BENNETT                2672
Attorney General

GARY K.H. KAM                  4391
GEORGE S.S. HOM                2487
CARON M. INAGAKI               3835
CHRISTINE E. SAVAGE            7788
HOLLY T. SHIKADA               4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-Mail: Gary.K.Kam@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor.<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. 04-00442 HG/BMK<br>CIVIL NO. 05-00247 JMS/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>DEFENDANTS' SEPARATE AND CONCISE STATEMENT OF FACTS; DECLARATION OF HOLLY T. SHIKADA; EXHIBITS "A" – "D"; CERTIFICATE OF SERVICE<br><br>HEARING<br>Date: March 28, 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Helen Gillmor<br>Trial: July 26, 2006 |

**DEFENDANTS' SEPARATE AND CONCISE STATEMENT OF FACTS**

COME NOW Defendants, by and through their attorneys, hereby submit their separate and concise statement of facts pursuant to

181824_1.DOC

Local Rule 56.1 of the Rules of the United States District Court for the District of Hawaii.[1]

I. **PLAINTIFFS' CONTROVERTED FACTS**

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 3. DISPUTED. Facts that are alleged to have occurred prior to the May 11, 2004 Findings of Fact, Conclusions of Law and Decision are not a part of this lawsuit and are irrelevant to the current case. Prior to May 11, 2004, Plaintiffs received all they were entitled to pursuant to the IEPs, the hearing officer decisions, or the stipulations. Even assuming that the facts are relevant, circumstances beyond Defendants' control, including the actions of Bryan's parents, prevented the consistent provision of services contained in Bryan's IEPs, including the provision of trained and qualified skills trainers. | Declaration of Kelly Stern at ¶¶ 8, 10, 12, 13-17, 21, attached as Exhibit "A" to the Declaration of Holly T. Shikada ("Shikada Declaration").<br><br>Declaration of Linda Price at ¶¶ 6-9, 11, attached as Exhibit "B" to the Shikada Declaration.<br><br>Declaration of Judith A. Radwick at ¶¶ 5-12, attached as Exhibit "C" to the Shikada Declaration. |
| 4. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 5. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 6. DISPUTED. See 3 above. | See evidentiary support to 3 above. |

---

[1] Plaintiffs' Concise Statement of Facts exceeds the page limit set forth in L.R. 56.1(d) and alternatively, fails to certify the word count.

| | |
|---|---|
| 7. DISPUTED. Allegations in Plaintiffs' Complaint filed on February 15, 2002 do not provide evidentiary basis to substantiate facts. Additionally, reference to the evidence in Plaintiffs' Concise Statement of Fact speaks to an October 2000 Coordinated Service Plan and not a September IEP. | Exhibit "A" to Plaintiffs' Concise Statement of Facts ("CSF") at p. 023.[2] |
| 8. PARTIALLY DISPUTED. Reference to the evidence in Plaintiffs' Concise Statement of Fact does not support the facts with respect to the issues in the February 27, 2001 Request for Hearing. | Exhibit "A" to Plaintiffs' CSF at pp. 005, 015-016. |
| 9. PARTIALLY DISPUTED. Pursuant to the May 21, 2001 Decision and Order, the Department of Education and/or the Department of Health were to hire and train an adult educational aide for Bryan no later than May 21, 2001. | Exhibit "A" to Plaintiffs' CSF at p. 017. |
| 10. PARTIALLY DISPUTED. Plaintiffs' allegation that "b. The DOE was to hire and train an adult aide for Bryan" misstates the Decision and Order. The Decision and Order states that "the Department of Education and/or the Department of Health" were required to hire and train an adult educational aide for Bryan.<br><br>Plaintiffs' allegation that "c. The aide was to provide services to Bryan during normal school hours and after school" | Exhibit "A" to Plaintiffs' CSF at p. 017. |

---

[2] Any reference to Plaintiffs' First Request for Admissions to Defendant Department of Education is premature and has no basis for Plaintiffs' reliance that it is deemed admitted.

| | |
|---|---|
| misstates the Decision and Order, which states that the adult educational aide for after school hours was to begin on May 31, 2001.<br><br>Plaintiffs' allegation that "d. If services were not provided as required by Bryan's IEP during the period May 7 through October 21, 2001, the DOE was required to make up those services after October 21, 2001" misstates the Decision and Order. The Decision and Order states that "the Department of Education and/or the Department of Health, State of Hawaii, shall hire and train an adult educational aide for [Bryan] no later than May 21, 2001" not May 7. | |
| 11. DISPUTED. Circumstances beyond Defendants' control, including the actions of Bryan's parents, prevented the provision of the services and ability to provide the makeup services. | See evidentiary support to 3 above. |
| 12. PARTIALLY DISPUTED. Plaintiffs' allegation that the settlement agreement "was duly executed on July 12, 2002" misstates the date. Although executed by the Department of Health on July 12, 2002, the Department of Education executed the agreement on July 3, 2002, and the parents executed the agreement on July 1, 2002. | Exhibit "A" to Plaintiffs' CSF at pp. 041-042. |
| 15. DISPUTED. Circumstances beyond Defendants' control, including the actions of Bryan's parents, prevented the consistent provision of services pursuant to the 2002 | See evidentiary support to 3 above. |

| | |
|---|---|
| settlement agreement. | |
| 17. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 18. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 19. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 20. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 21. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 22. DISPUTED. See 3 above. | See evidentiary support to 3 above. |
| 23. DISPUTED. Facts that are alleged to have occurred prior to the May 11, 2004 Findings of Fact, Conclusions of Law and Decision are not a part of this lawsuit and are irrelevant to the current case. Prior to May 11, 2004, Plaintiffs received all they were entitled to pursuant to the IEPs, the hearing officer decisions, or the stipulations. | |
| 24. PARTIALLY DISPUTED. Kim Smalley, a behavior specialist, wrote a report, but content of the report is inaccurately summarized. | Exhibit "D" to Plaintiffs' CSF at pp. 060-061. |

## II.    DEFENDANTS' CONCISE STATEMENT OF FACTS

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1. Defendants made significant efforts to recruit skills trainers.<br>  a. Defendants contracted with private agencies to assist with the recruitment.<br>  b. The efforts included:<br>    i. advertising in the newspapers with local and statewide distribution;<br>    ii. posting signs on bulletin boards throughout the Kona and Waimea communities, | Declaration of Kelly Stern, attached as Exhibit "A" to the Shikada Declaration.<br><br>Declaration of Linda Price, attached as Exhibit "B" to the Shikada Declaration.<br><br>Declaration of Judith A. Radwick, attached as Exhibit "C" to the Shikada Declaration. |

| | |
|---|---|
| including in the schools;<br>    iii. posting job listing at conventions;<br>    iv. leaving business cards at conventions and passing them out at workshops;<br>    v. placing advertisements on agency websites; and<br>    vi. giving parents funding to advertise. | |
| 2. Circumstances beyond the control of the Defendants, including the actions of Bryan's parents, prevented the consistent provision of services pursuant to Bryan's IEP, the hearing decisions, and the stipulated agreements.<br>  a. Parents refused skills trainers for various reasons, including, but not limited to pregnancy of the skills trainer and another skills trainer being too religious.<br>  b. Parents made unreasonable demands and too other actions that hampered Defendants' efforts. Skills trainers asked to be removed from Bryan's case because:<br>    i. of the unsanitary living conditions in Plaintiffs' home;<br>    ii. they were continuously left along in the house with Bryan in the early evenings so the rest of the family could go to the beach;<br>    iii. because they were left along with Bryan all day on the weekends; and<br>    iv. because they were expected to do the family laundry while working with Bryan on his life skills.<br>  c. Skills trainers from The Institute for Family Enrichment | See evidentiary support to 1 above. |

| | |
|---|---|
| also confirmed that Bryan's home was chaotic and unsanitary and that Bryan had been sent to school with diahrrea and vomiting, which caused a health and safety concern for the skills trainers. | |
| 3. Bryan was also sent to school on numerous occasions with obvious health conditions, including but not limited to, a communicable staph infection, vomiting, diarrhea, and varying eye infections. Plaintiffs refused to keep Bryan home on such occasions. | Declaration of Kelly Stern, attached as Exhibit "A" to the Shikada Declaration.<br><br>Declaration of Judith A. Radwick, attached as Exhibit "C" to the Shikada Declaration. |
| 4. Bryan was unable to sign in American Sign Language. | Declaration of Judith A. Radwick, attached as Exhibit "C" to the Shikada Declaration. |
| 5. Parents refusal of skills trainers referred to them by Defendants was unreasonable and irrational. | See evidentiary support to 3 above. |
| 6. Defendants made their best efforts to comply with the IEPs, hearing decisions, and settlement agreements, but because of parents' refusal of referred skills trainers and the unsafe and unsanitary conditions, implementation of the IEPs, hearing decisions, and settlement agreements was hampered. | See evidentiary support to 1 above. |
| 7. Parents were given funding to advertise for skills trainers. | See evidentiary support to 4 above. |
| 8. Defendants have not acted with bad faith or deliberate indifference or exercised gross misjudgment. | See evidentiary support to 4 above. |
| 9. At the insistence of Plaintiffs, Defendants hired a mainland company (Pacific Child and Family Associates) with expertise in servicing autistic children, to work with Bryan | See the Declaration of Katherine Tolentino, attached as Exhibit "D" to the Shikada Declaration. |

| | |
|---|---|
| and his family. | |
| 10. The Defendants paid for two individuals from Pacific Child and Family Services to come to Hawaii to assess Bryan and his family. Pacific Child and Family Services was willing to service Bryan and his family and while in the midst of entering into a contract for their services, the Plaintiffs relocated to the mainland. | See evidentiary support to 9 above. |

DATED: Honolulu, Hawaii, March 10, 2006.

_____
HOLLY T. SHIKADA
Deputy Attorney General
Attorney for Defendants

**CERTIFICATION**

I hereby certify that the word count for this document is 1493 words.

DATED: Honolulu, Hawaii, March 10, 2006.

_____
HOLLY T. SHIKADA