ORIGINAL

Of Counsel:
**DAVIS LEVIN LIVINGSTON GRANDE**

**STANLEY E. LEVIN**          1152-0
**MICHAEL K. LIVINGSTON**     4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Facsimile: (808) 545-7802
E-Mail: slevin@davislevin.com

**SHELBY ANNE FLOYD**         1724-0
**MEI-FEI KUO**               7377-0
16-1230 Mamalahoa Highway, Suite C21
Kamuela, Hawaii 96743
Telephone: (808) 885-6762
Facsimile: (808) 885-8065
E-Mail: sfloyd@ahfi.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>        Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>**SUBPOENA DUCES TECUM**<br><br>(Child & Family Service) |

ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,

        Plaintiffs,

vs.

DEPARTMENT OF EDUCATION, State of Hawaii,

        Defendant.

CIVIL NO. 05-00247 HG/BMK
CONSOLIDATED (Other Civil Action)

adr 022406.03

## SUBPOENA DUCES TECUM

THE STATE OF HAWAII:

    TO THE SHERIFF of the State of Hawaii or his Deputy, or any Police Officer in the State of Hawaii:

    YOU ARE COMMANDED to Subpoena the **Custodian of Records of CHILD & FAMILY SERVICE, 81-6587 Mamalahoa Highway, Kealakekua, Hawaii 96750, Telephone: (808) 323-2664**, to personally appear at **the office of Child & Family Service, 81-6587 Mamalahoa Highway, Kealakekua, Hawaii 96750** on **March 14, 2006** at **9:30 a.m.**, before a notary public from RALPH ROSENBERG COURT REPORTERS, INC. (Ph. 524-2090), authorized by law to administer oaths, to testify on behalf of the PLAINTIFFS in the above-captioned matter and to bring with him/her, and to turn over for purposes of inspection and copying, the following:

    **Any and all original documents which mention the name** [REDACTED]

## NOTICE TO A PERSON OR ENTITY SERVED WITH A
## SUBPOENA DUCES TECUM WHO IS NOT A PARTY TO THIS CASE

The Subpoena attached hereto should specifically set forth the materials sought to be subpoenaed.

Any person and/or entity or their attorney objecting to the Subpoena or to disclosure of any materials subpoenaed shall appear on the date and at the time and place for return indicated on the Subpoena and state their objections. Failure to object on the return date may be considered a waiver of any objections.

The person or entity subpoenaed or their counsel may submit a written statement of objections to the court. If a person or entity objects to disclosure of only part of the material, the pages or sections of material considered confidential and/or nondisclosable shall be tabbed or marked for the court.

Matters presented at the return may be continued from time to time without further notice except as announced at the time of return.

DATED: Honolulu, Hawaii; FEB 2 8 2006 .

STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO

Attorneys for Plaintiffs

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 3-7-06 | 81-6587 MAMALAHOA HWY., KEALAKEKUA |
| SERVED ON (PRINT NAME) CUSTODIAN OF RECORDS OF CHILD AND FAMILY SERVICE, KRISTI RENAUD | | MANNER OF SERVICE PERSONAL |
| SERVED BY (PRINT NAME) DAVID R. TAYLOR Civil Deputy State of Hawaii | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    MARCH 7, 2006
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

DAVID R. TAYLOR
CIVIL DEPUTY
P.O. BOX 447
CAPTAIN COOK HI 96704

Kristi Renaud
KRISTI RENAUD
1/05

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.