IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>　　　　　　Defendants. | Civil No. CV 05-00247 HG/BMK<br>Civil No. CV 04-00442 HG/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

**I.　　INTRODUCTION**

　　　Instead of adhering to the standards set forth in Rule 56(e), dealing with the filing of Declarations and Affidavits in summary judgment proceedings, Defendants have injected all of their declarations with hearsay and false statements. This motion only focuses on the hearsay, or the inadmissible statements. It is clear that the case law involved in Rule 56(e) does not permit this inadmissible hearsay to be included or considered by the court. Therefore, the motion should be granted as requested.

## II.     UNDER RULE 56, INADMISSIBLE HEARSAY IS FORBIDDEN

Under the federal rules, Rule 56 permits efficient and fairly quick procedure to determine questions of law in cases. However, to support the facts on which to base the summary judgment, the rules are very specific about the form and the content of any Declarations or Affidavits which are intended to form the factual basis of the motion.

Rule 56(a) does not compel the use of factual declarations. However, the rule does guide a litigant about what the content of the supporting or opposing declarations. On this point, the rule provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affectively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e)

Decisional law interpreting Rule 56 has settled most of the issues regarding the interpretation of the rule. Wright, Miller & Kane, FED. R. CIV. P. Civil 3d §2738 at 326-330 (3d ed. 1998). For example, the only choice left open to a litigant who receives an invalid declaration under Rule 56 must timely move to strike the portions of the offending declaration. Hence, the instant motion to strike is filed now. The motion at bar seeks only to strike the portions of the declarations of the witnesses contained in the designation as Exhibits A to D attached to the memorandum and the Concise Statement filed herein. The same, identical

declarations are attached to both documents and Plaintiffs required that the offending paragraphs be stricken from both documents. The court should indicate which are the offensive portions and disregard them. *Vass v. Riester & Thesmacher Company*, 79 F. Supp. 2d 853 (N.D. Ohio 2000).

### III. THE IDENTIFIED PARAGRAPH SHOULD BE STRICKEN BECAUSE THEY CONTAIN INADMISSIBLE HERESAY.

The paragraphs that are to be stricken include, for example, paragraphs 8 to 19 of Judy Rathwick's Declaration. For example, paragraph 8 speaks about Bryan being sent to school "with obvious health conditions." This is clearly inadmissible hearsay because Ms. Rathwick is a District Office person and she definitely did not see Bryan on a daily basis. She is only recounting what she believes she heard skills trainers say. This is the same error in paragraphs 9 to 13 and 16 to 18. Paragraph 14 is simply flat out wrong and she would have no personal knowledge as to whether it is true or false. Paragraphs 20 to 27 should be stricken because these are argumentative statements contain only conclusions of law.

Likewise, in Linda Price's declaration, paragraph number 11 is clearly not based on her personal knowledge. Similarly, Kelly Stern's Declaration at paragraphs 8 to 12 all contain hearsay regarding events or actions that allegedly happened with certain prospective skills trainers. She certainly did not experience these events or actions and she says that certain persons were "deemed"

unsatisfactory.  The sections of the concise statement that contains these hearsay statements also needs to be stricken.

    DATED:  Honolulu, Hawaii, March 17, 2006.

                                /S/ STANLEY E. LEVIN

                                _____
                                STANLEY E. LEVIN
                                MICHAEL K. LIVINGSTON
                                SHELBY ANNE FLOYD
                                MEI-FEI KUO

                                Attorneys for Plaintiffs