Of Counsel:
DAVIS LEVIN LIVINGSTON GRANDE

STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON     4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

SHELBY ANNE FLOYD        1724-0
MEI-FEI KUO              7377-0
65-1230 Mamalahoa Hwy., Suite C21
Kamuela, Hawaii 96743
Telephone:  (808) 885-6762
Fax:  (808) 885-8065
E-mail:  sfloyd@ahfi.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　Defendant. | Civil No. CV 05-00247 HG/BMK<br>Civil No. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' CONCISE STATEMENT OF FACT FILED MARCH 10, 2006; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "E" AND CERTIFICATE OF SERVICE<br><br>TRIAL:  July 25, 3006 |

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
CONCISE STATEMENT OF FACT FILED MARCH 10, 2006

| FACT | EVIDENCE |
|---|---|
| 1. Partially Disputed – Although Defendants, through their agents, may have engaged in the activities listed the effort given could not be calculated to meet the terms of the decisions and settlement agreements in this case because the Defendant did not provide their agents with the terms of the decisions or the settlement agreements which specified the levels of experience and training each skills trainer was to have in order to work with Bryan. | Testimony of Kelly Stern, Testimony of Linda Price, Testimony of Dru Copeland and Testimony of Kimberly Wiles at the Administrative hearing of April 5, 2004 attached hereto as Exhibit "E" at 003-010, 012 |
| 2. Disputed – Circumstances were in the control of the Defendants.  It was the Defendants who failed to provide their agents with the terms of the decisions or the settlement agreements which specified the levels of experience and training each skills trainer was to have in order to work with Bryan.  Parents were not unreasonable in their actions because the skills trainers presented to them did not have the prerequisite experience and training.  The issue of the sanitary conditions, whether or not Bryan was left along on weekend, expectation of doing laundry, and going to school with diarrhea and vomiting cannot be submitted as fact because declarations contain only here say evidence which is not admissible. | Exhibit "E" at 003-010, 012, 013-015; Defendants' Exhibit "A" at 13 – Defendants only trained their skills trainers according to the standards set forth by the contract for agencies not to the criteria set out in the decisions and settlement agreements in this case.<br><br>See Exhibit "A" at 036 of Petitioner' Concise Statement of Fact filed March 7, 2006 – Plaintiffs were entitled to respite care as part of the settlement agreement. |
| 3.  Disputed – Defendants' Exhibit "A" and "C", Exhibit A makes a single reference at 14c.  Exhibit "C" makes no | Declaration of Kimberly Wiles; Defendants' Exhibit "A" makes a single reference at 14c. |

2

| | |
|---|---|
| reference to Bryan attending school. Neither Exhibit "A" or "C" make reference to Plaintiffs refusing to keep Bryan home on such occasions. | Defendants Exhibit "C" makes no reference to Bryan attending school. Defendants Exhibit "A" or "C" make no reference to Plaintiffs refusing to keep Bryan home on such occasions; <br><br> The basis of fact Defendant is relying on is a declaration that contain only hearsay evidence which is not admissible pursuant to Rule 56e of the Federal Rules of Civil Procedure. |
| 4. Disputed - | See Exhibit "B" at 044 of Petitioners' Concise Statement of Fact filed March 7, 2006 – At Fact #3 Hearing Officer Alm stated that "Bryan communicates mainly through American Sign Language ("ASL")."; <br> See Exhibit "C" at 055 of Petitioners' Concise Statement of Fact filed March 7, 2006 – At Fact #3 Hearing Officer Alm stated that "Student's primary means of communication is through signs, specifically American Sign Language ("ASL")."; <br> and Exhibit "D" at 059 Dr. Smalley clearly states that Bryan communicates using sign language – This decision was not appealed by Defendants; <br><br> Exhibit "E" at 011 |
| 5. Disputed – The Defendant did not provide the agencies with the terms of the decisions or the settlement agreements which specified the levels of experience and training each skills trainer was to have in order to work with Bryan. Parents were not unreasonable in their | Exhibit "E" at 003-010, 012 |

3

| | |
|---|---|
| actions because the skills trainers presented to them did not have the prerequisite experience and training. | |
| 6. Disputed – The Defendant did not provide the agencies with the terms of the decisions or the settlement agreements which specified the levels of experience and training each skills trainer was to have in order to work with Bryan. Therefore Defendants nor their agents could not make their best effort.  Parents were not unreasonable in their actions because the skills trainers presented to them did not have the prerequisite experience and training. The declarations contain only here say evidence which is not admissible. | Exhibit "E" at 003-010, 012; The basis of fact Defendant is relying on is a declaration that contain only hearsay evidence which is not admissible pursuant to Rule 56e of the Federal Rules of Civil Procedure. |
| 8. This is not facts, but legal argument. | These legal arguments are specifically addressed in Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Memorandum in Support of Motion for Summary Judgment |

DATED:  Honolulu, Hawaii, March 17, 2006.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO

Attorneys for Plaintiffs