**ORIGINAL**

MARK J. BENNETT 2672
Attorney General

GARY K.H. KAM 4391
GEORGE S.S. HOM 2487
CARON M. INAGAKI 3835
CHRISTINE E. SAVAGE 7788
HOLLY T. SHIKADA 4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-mail: Gary.K.Kam@hawaii.gov

Attorneys for Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 17 2006

at 3 o'clock and 02 min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. 04-00442 HG/BMK<br>CIVIL NO. 05-00247 HG/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date: March 28, 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Helen Gillmor<br>Trial: July 25, 2006 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT**
**OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

Plaintiffs spend almost seven (7) full pages of their twelve (12) page opposition on their analysis of the Barnes case[1] and to discredit Judge Real. Plaintiffs, however, miss the entire point of Defendants' argument in Defendants' Motion for Summary Judgment.[2]

Defendants do not argue that damages are not available in appropriately pled § 504 cases. Defendants submit that Plaintiffs have failed to plead in their complaints, a sustainable cause of action under § 504. Plaintiffs fail to plead all of the required elements for a § 504 cause of action, and instead, jump to the conclusory presumption that a denial of FAPE is sufficient to sustain such a cause of action.

### II. ARGUMENT

To maintain an action under § 504, a plaintiff must plead and prove that the he or she (1) is an individual with a disability; (2) is otherwise qualified to meet all of the federally financially assisted program's or activity's requirements despite of their disability; (3) was excluded from

---

[1] Barnes v. Gorman, 536 U.S. 181 (2002).
[2] Defendants' acknowledge that their Motion for Summary Judgment was mistakenly titled as such, and respectfully request that Defendants' Motion for Summary Judgment be converted to and treated as a Motion for Judgment on the Pleadings.

2

the participation in, denied the benefits of, or subjected to discrimination under any program or activity receiving federal financial assistance; and (4) was excluded from the participation in, denied the benefits of, or subjected to discrimination solely by reason of the plaintiff's disability.

Plaintiffs fail to state a claim upon which relief can be granted, as Plaintiffs have failed, *as a matter of law*, to plead a sufficient § 504 cause of action.

### A. Plaintiffs Have Failed to Establish That Plaintiffs Are Individuals With A Disability.

The Plaintiffs in this case are Bryan Wiles-Bond and his parents, Ann Kimball Wiles and Stanley Bond. Defendants do not dispute that Bryan Wiles-Bond is an individual with a disability. However, nowhere in the pleadings do Plaintiffs allege that Ann Kimball Wiles or Stanley Bond is an individual with a disability. Without this first prong, Plaintiffs Ann Kimball Wiles and Stanley Bond fail to state a cause of action for themselves under § 504.

### B. Plaintiffs Have Failed To Establish That Plaintiffs Are Otherwise Qualified To Meet All Of The Program's Or Activity's Requirements.

Under Southeastern Cmty Coll. V. Davis, 442 U.S. 397, 406 (1979), "An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." And pursuant to Grzan v. Charter Hosp. of N.W. Ind., 104 F.3d

116 (7th Cir. 1997), there is no basis for a § 504 claim when it is the disability itself that triggers the inclusion in the program. It is Bryan's disability that triggers his inclusion in the federally assisted special education program, under which Plaintiffs allege he did not receive services. Additionally, the federally assisted special education program is available to students: (1) with a disability; (2) who are in need of special education and related services because of their disability; and (3) who are between the ages of three and twenty.[3]

The Grzan court went on to say that "Without a showing that the non-handicapped received the treatment denied to the 'otherwise qualified' handicapped, the appellants cannot assert that a violation of section 504 has occurred." 104 F.3d at 121 (quoting Johnson by Johnson v. Thompson, 971 F.2d 1487, 1494 (10th Cir. 1992)). In the instant case, Plaintiffs do not allege that the services Bryan did not receive were instead received by non-disabled students or by other IDEA eligible students.

---

[3] Under Hawaii Administrative Rules, § 8-56-15, in order to be eligible to receive special education and related services, a student must, among other things, be at least three years of age and under twenty on the first instructional day of the school year set by the department.

4

    C.    **Plaintiffs Have Failed To Establish That Plaintiffs Have Been Excluded From The Participation In, Denied The Benefits Of, Or Subjected To Discrimination.**

Defendants do not dispute that Plaintiffs allege the denial of consistent services identified in Bryan's IEP, hearing decisions, or settlement agreements. It is with respect to this prong that the deliberate indifference must be shown. However, the issue of deliberate indifference is only reached if all other prongs of the § 504 statute are met. Plaintiffs, on the other hand, attempt to argue that the failure to provide consistent services to Bryan is *prima facie* evidence that damages under § 504 is warranted. However, Plaintiffs must first establish that they even have a cause of action under § 504. This is the crux of Defendants argument that Plaintiffs mere pleading of a denial of FAPE to Bryan, without first establishing all of the required § 504 elements, is insufficient for Plaintiffs to recover damages under § 504.

    D.    **Plaintiffs Have Failed To Establish That Plaintiffs Have Been Excluded From Participation In, Denied The Benefits Of, Or Subjected To Discrimination Solely By Reason Of The Plaintiffs' Disability.**

Plaintiffs have failed to even plead this fourth and crucial element required to maintain a § 504 cause of action. Nowhere in either of Plaintiffs' complaints do they allege that Bryan was excluded from participation in, denied the benefits

5

of, or subjected to discrimination solely by reason of his disability.

In addition to missing Defendants' point regarding Plaintiffs' claim for damages under § 504, Plaintiffs make arguments regarding the type of damages under § 504 by referring to "courts in this circuit and others," without providing any citation to actual cases. Plaintiffs also cite from the Barnes case on the matter of damages that "consistent with the 'well settled' rule that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." 536 U.S. at 189 (citations omitted). Plaintiffs, however, fail to follow the Barnes court's decision on this issue to its conclusion. The Barnes court went on to state "[w]hen a federal-funds recipient violates conditions of Spending Clause legislation, the wrong done is the failure to provide what the contractual obligation requires." Id. at 189, citing Guardians Assn v. Civil Serv. Comm'n of New York City, 463 U.S. 582, 633 (1983). Clearly, the Barnes court applies contract-law analogy in finding the damages remedy available under Spending Clause legislation.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. provides the remedies available to any person aggrieved under § 504. Title VI is similarly worded as Title

IX, 20 U.S.C. §§ 1681 to 1688.  Neither Title IX nor Title VI provides any express remedies.  Thus, the U.S. Supreme Court's discussion regarding damages relief under Title IX in Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998) applies to claims for damages under § 504.  The Gebser Court stated:

> Because the private right of action under Title IX is judicially implied, we have a measure of latitude to shape a sensible remedial scheme that best comports with the statute.  That endeavor inherently entails a degree of speculation, since it addresses an issue on which Congress has not specifically spoken.  To guide the analysis, we generally examine the relevant statute to ensure that we do not fashion the scope of an implied right in a matter at odds with the statutory structure.

524 U.S. 274 (1998) (citations omitted).  The Rehabilitation Act is Spending Clause legislation.  See Barnes, 536 U.S. at 189 n. 3.  As such, the Barnes Court stated that "A funding recipient is generally on notice that it is subject not only to those remedies explicitly provided in the relevant legislation, but also to those remedies traditionally available in suits for breach of contract."  Id. at 187.

In their long colloquy attempting to discredit Judge Real's decision in the Mark H. case,[4] Plaintiffs also cite to the Living Designs v. Dupont, 431 F.3d 353 (9th Cir. 2005) case in which the Ninth Circuit reassigned a case in which Judge Real

---

[4] Mark H. v. LeMahieu, 372 F.Supp.2d 591 (D. Haw. 2005).

sat as a visiting Judge to the U.S. District Court for the District of Hawaii. If Plaintiffs are attempting to use the Living Designs case to further discredit Judge Real's decision in the Mark H. case, Plaintiffs fail to point out that the Living Designs court stated that "Although we do not question the impartiality of the visiting district judge, there are some unusual factors that indicate to us that a reassignment is advisable to preserve the appearance of justice." 431 F.3d at 373.

In citing Living Designs, Plaintiffs state that "Judge Real engaged in several 'regrettable practices' which required the Ninth Circuit panel to remove him as the Judge and had the case sent back to Hawaii for reassignment." See Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opposition"), p. 3. The only "regrettable practice" the Ninth Circuit referred to in the Living Designs case was with respect to the adoption of the findings drafted by the prevailing party. The Ninth Circuit specifically stated, "Although adopting findings or an order drafted by the parties is not prohibited, we have criticized district courts that "engaged in the 'regrettable practice' of adopting the findings drafted by the prevailing party wholesale." Id. at 373 (citations omitted). Plaintiffs' reference to the Living Designs case is irrelevant because the

situation that existed in the Living Designs case relating to the Judge adopting the prevailing parties findings wholesale, does not exist in the Mark H. case.

Interestingly, Plaintiffs also argue that Judge Real's final judgment in the Mark H. case "is not res judicata and has no binding effect on this court[]" and that "[f]urthermore, Mark H. should not be accorded any deference because it is unsettled by the Ninth Circuit." See Plaintiffs' Opposition at p. 2. Despite this position, Plaintiffs seek to have this Court adopt rulings made by Judge Ezra in a case that is still pending before the U.S. District Court in Hawaii.

Plaintiffs attempt to use Judge Ezra's ruling in the Stephen L. case[5] as res judicata on the issue of the statute of limitations. Even if this Court were to accept Judge Ezra's ruling in the Stephen L. case that the statute of limitations begins to run at the conclusion of the administrative process, this statute of limitations would apply solely to the claims of Plaintiff Bryan Wiles-Bond or claims made on his behalf. The administrative process did not toll the time for the filing of claims by parents' made on their own behalf and those claims are barred by the two-year statute of limitations.

---

[5]   Stephen L. v. LeMahieu, Civil No. 00-00338 DAE/KSCC.

### III. CONCLUSION

In conclusion, Defendants respectfully submit that Plaintiffs have failed to state a § 504 claim upon which relief can be granted. Plaintiffs have failed to plead all of the essential elements to sustain a § 504 cause of action and thus, *as a matter of law*, Defendants' Motion for Judgment on the Pleadings should be granted.

DATED: Honolulu, Hawaii, March 17, 2006.

_____
Holly T. Shikada
Deputy Attorney General


Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>  Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>  Defendants. | CIVIL NO. 04-00442 HG/BMK<br>CIVIL NO. 05-00247 JMS/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy hereof was served upon the following individuals by mailing the same to them, postage prepaid, at the following addresses on March 17, 2006:

> SHELBY ANNE FLOYD, ESQ.
> 74-5620 Palani Rd., Suite 104
> Kailua-Kona, HI  96740
>
> STANLEY E. LEVIN, ESQ.
> Davis Levin Livingston Grande
> 851 Fort Street, Suite 400
> Honolulu, Hawaii  96813
>
> Attorneys for Plaintiffs

_/s/ Holly T. Shikada_
HOLLY T. SHIKADA
Deputy Attorney General

Attorney for Defendants