IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>    Defendants. | CIVIL NO. 04-00442 HG/BMK<br>CIVIL NO. 05-00247 HG/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>DECLARATION OF GEORGE S.S. HOM |

## DECLARATION OF GEORGE S.S. HOM

I, George S.S. Hom, declare under penalty of perjury and laws as follows and if called as a witness could competently testify as follows:

1) At all times herein relevant, I was employed by the State of Hawaii, Department of the Attorney General. I am one of the deputy attorneys general assigned to represent the Defendants in the above-referenced case. I am familiar with the records and files of this case. I make this declaration based upon personal knowledge.

2) In early February, 2006, I was asked to assist in reviewing the above-referenced case. It was brought to my attention that there were outstanding discovery requests from

the Plaintiffs. Included in those discovery requests was Plaintiffs' Request for Admissions.

3) Upon review of that request for admissions, I asked lead counsel, Deputy Attorney General Lono Beamer, the status of the responses. He told me that Mr. Levin and him had an agreement to extend the due date for the responses.

4) Deputy Attorney General Beamer wrote a letter to Mr. Levin regarding the extension of time given to him by Mr. Levin.

5) Attached as Exhibit "A" is a copy of the letter dated February 10, 2006, sent by Deputy Attorney General Beamer to Mr. Levin regarding that agreement on the admissions.

6) Mr. Levin wrote back that it was not his understanding and that he would deem the request for admissions admitted.

7) I was told that Mr. Levin had scheduled a telephone conference to meet and confer on discovery on Wednesday, February 22, 2006.

8) I participated in that telephone conference on February 22, 2006. With regard to the request for admissions, I advised Mr. Levin that we were working on the responses and that he would receive them by Friday, February 24, 2006. Mr. Levin did not object to the receipt of the responses to the request for admissions on that date. The only discussion we had during that telephone conference related to the identification of the FRCP Rule 30(b)(6) deponent. It was my understanding that Mr.

2

Levin agreed with the receipt of the responses to the request for admissions on Friday, February 24, 2006.

9) On Thursday, February 23, 2006, our office forwarded to Mr. Levin Defendants' Response to Plaintiffs' Request for Admissions.

10) Attached as Exhibit "B" is a copy of the letter I sent to Mr. Levin on March 2, 2006 memorializing the events of the meet and confer telephone conference.

11) Attached as Exhibit "C" is a true and complete copy of the Certificate of Service Re: Defendant's Response to Plaintiffs' First Request for Admissions to Defendant Department of Education.

12) Attached as Exhibit "D" is a true and complete copy of the facsimile documents showing successful transmission of Defendant's Response to Plaintiffs' First Request for Admissions to Defendant Department of Education on February 23, 2006.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: Honolulu, Hawaii, March 17, 2006.

_____
George S.S. Hom

3