Of Counsel:
DAVIS LEVIN LIVINGSTON GRANDE

STANLEY E. LEVIN         1152-0
MICHAEL K. LIVINGSTON   4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

SHELBY ANNE FLOYD     1724-0
MEI-FEI KUO                7377-0
74-5620 Palani Rd., Suite 104
Kailua-Kona, Hawaii 96740
Telephone: (808) 326-7979
Fax: (808) 326-4779
E-mail: sfloyd@ahfi.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>               Plaintiffs,<br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>              Defendants. | CIVIL NO. CV 05-00247 HG/BMK<br>CIVIL NO. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO DETERMINE THAT THE REQUEST FOR ADMISSIONS ARE DEEMED ADMITTED AND CERTIFICATE OF SERVICE<br>HEARING:  April 7, 2006<br>TIME:        9:00 a.m.<br>JUDGE:     Barry M. Kurren<br>TRIAL:      July 25, 2006 |
|---|---|

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO DETERMINE THAT THE REQUEST FOR ADMISSIONS ARE DEEMED ADMITTED

**I.     INTRODUCTION**

The Defendants' answering memorandum does nothing to contest the basic issue: *When a party does not respond to request for admissions for almost six months after a response is requested, are the admission deemed admitted?* Plaintiffs' Motion is to request that the court deem the lack of responses admitted. The Defendants' memorandum and all of the exhibits merely show the court that the Defendants *finally* responded to the requests almost six months after the demand. That is not the issue, and Defendants beg the issue; therefore, Plaintiffs' Motion to Determine that the Request for Admissions are Deemed Admitted must be granted.

**II.    UNTIMELY FILED RESPONSES ARE DEEMED ADMITTED**

As Defendants correctly admit, the meet and confer was called about the failure to name a 30(b)(6) witness for almost six months. It is absolutely untrue that counsel for the Plaintiffs agreed to any extension of the responses to the Request for Admissions to February 24, 2006. Plaintiffs clearly have been inquiring as to the status of the responses to the Request for Admissions continually and by the December 12, 2005 (Exhibit "D") letter which responses would be almost four months past due at that point. It is clearly Defendants' failure to respond to the Request for Admissions in a timely fashion period. This is

2

also a gross misstatement and interpreting a party's intent based on no overt action. It is Plaintiffs' position at the "meet and confer" that the responses to the Request for Admissions should have been received by December 20, 2005. There was no curing to this defect by the Defendants. The responses were deemed admitted on December 20 when no response was filed. The instant motion is unaffected by the filing of responses and there was certainly no effort by Plaintiffs to race Defendants to the clerk's office to file as is intimated by Defendants' answering memorandum. The strange element of the Defendants' memorandum is that nowhere in the Defendants' memorandum is any justifiable excuse offered for the two-month delay. Again, Defendants ignored the December 20, 2005 deadline as if it never existed. It is just blatantly ignored by the Defendants.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Determine that the Request for Admissions are Deemed Admitted must be granted.

DATED: Honolulu, Hawaii, March 24, 2006.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SHELBY ANNE FLOYD
MEI-FEI KUO

Attorneys for Plaintiff