ORIGINAL

MARK J. BENNETT          2672
Attorney General

GARY K.H. KAM            4391
GEORGE S.S. HOM          2487
CARON M. INAGAKI         3835
CHRISTINE E. SAVAGE      7788
HOLLY T. SHIKADA         4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii  96813
Telephone:  (808) 586-1255
Facsimile:  (808) 586-1488
E-mail:  Gary.K.Kam@hawaii.gov

Attorneys for Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

4 2 3 2006

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ANN KIMBALL WILES and STANLEY
BOND, individually and as
next friend of their son,
BRYAN WILES-BOND, a minor,

                    Plaintiffs,

     vs.

DEPARTMENT OF EDUCATION,
State of Hawaii, and ALVIN
RHO, in his official capacity
as West Hawaii District
Superintendent,

                    Defendants.

CIVIL NO. 04-00442 HG/BMK
CIVIL NO. 05-00247 HG/BMK
CONSOLIDATED (Other Civil
Action)

DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE DECLARATIONS
FOR NON-COMPLIANCE WITH RULE
56(e); CERTIFICATE OF SERVICE


Hearing:
Date:    March 28, 2006
Time:    9:00 a.m.
Judge:   Hon. Helen Gillmor
Trial:   July 25, 2006

DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE
DECLARATIONS FOR NON-COMPLIANCE WITH RULE 56(e)

COME NOW Defendants' Department of Education, State of Hawaii and Alvin Rho ("Defendants"), by and through their attorneys, hereby submit Defendants' Memorandum in Opposition to Plaintiffs Motion to Strike Declarations for Non-Compliance with Rule 56(e).

Plaintiffs seek an order striking specific paragraphs from each of the declarations submitted by Defendants, attached to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment and to Defendants' Separate and Concise Statement of Facts, both filed on March 10, 2006. Plaintiffs also seek to strike paragraphs 2 through 4 of Defendants' Separate and Concise Statement ("Defendants' Concise Statement"). Plaintiffs allege that the paragraphs of the declarations and Defendants' Concise Statement should be stricken because they fail to comply with Rule 56(e) in that they contain hearsay statements.

Plaintiffs' Motion should be denied because the statements sought to be stricken were not offered to prove the truth of the matters asserted. Federal Rules of Evidence, Rule 801(e) defines hearsay as follows:

> "Hearsay" is a statement, other than one made by the declarant while testifying at

the trial or hearing, offered in evidence to
prove the truth of the matter asserted.

In this case, the statements sought to be stricken were
provided as evidence of problems the specific declarants were
faced with in attempting to procure the services of skills
trainers, not for the truth of the matter.  Specifically, all of
the declarants were tasked with the responsibility of procuring
skills trainers' services for Bryan.  The statements in their
declarations are provided to explain why they had difficulty
procuring those services, i.e., why skills trainers were not
willing to work with the Plaintiffs.

Whether the skills trainers' were accurate in their
recounting of the situation in the Plaintiffs' home, i.e., the
Plaintiffs' home was unsanitary or the Plaintiffs were
unreasonable in their requests of services to be provided by the
skills trainers, the declarants were given these explanations
regarding why individual skills trainers refused to work with
the Plaintiffs.  These were the reasons, despite good faith
efforts, why the DOE was unable to procure the consistent
services of skills trainers for Bryan. Such evidence is relevant
to the issue of intent, in this case deliberate indifference.

Defendants, simultaneously with this Opposition, are
supplementing their Concise Statement of Facts with declarations
from the specific skills trainers to corroborate the statements

in the declarations.   However, the statements Plaintiffs' seek
to have stricken are still admissible based on their bearing on
the issue of deliberate indifference and to identify the
material questions of fact that preclude Plaintiffs' request for
Partial Summary Judgment.

For the foregoing reasons, Defendants' respectfully
submit that Plaintiffs' Motion to Strike Declarations For Non-
Compliance With Rule 56(e) be denied.

DATED:    Honolulu, Hawaii, March 23, 2006.

_____
Holly T. Shikada
Deputy Attorney General

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, | CIVIL NO. 04-00442 HG/BMK<br>CIVIL NO. 05-00247 JMS/BMK<br>CONSOLIDATED (Other Civil Action) |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof was served upon the following individuals by facsimile and mailing the same to them, postage prepaid, at the following addresses on March 23, 2006:

SHELBY ANNE FLOYD, ESQ.
74-5620 Palani Rd., Suite 104
Kailua-Kona, HI  96740

STANLEY E. LEVIN, ESQ.
Davis Levin Livingston Grande
851 Fort Street, Suite 400
Honolulu, Hawaii  96813

Attorneys for Plaintiffs

*Holly T. Shikada*
HOLLY T. SHIKADA
Deputy Attorney General

Attorney for Defendants