ORIGINAL

MARK J. BENNETT            2672
Attorney General

GARY K.H. KAM              4391
GEORGE S.S. HOM            2487
CARON M. INAGAKI           3835
CHRISTINE E. SAVAGE        7788
HOLLY T. SHIKADA           4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813
Telephone: (808) 586-1255
Facsimile: (808) 586-1488
E-Mail: Gary.K.Kam@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor.<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. 04-00442 HG/BMK<br>CIVIL NO. 05-00247 JMS/BMK<br>CONSOLIDATED (Other Civil Action)<br><br>DEFENDANTS' SUPPLEMENTAL SEPARATE AND CONCISE STATEMENT OF FACTS; DECLARATION OF HOLLY T. SHIKADA; EXHIBITS "E" - "J"; CERTIFICATE OF SERVICE<br><br>HEARING<br>Date:  March 28, 2006<br>Time:  9:00 a.m.<br>Judge: Hon. Helen Gillmor<br>Trial: July 26, 2006 |

183209_1.DOC

# DEFENDANTS' SUPPLEMENTAL
## SEPARATE AND CONCISE STATEMENT OF FACTS

COME NOW Defendants, by and through their attorneys, hereby submit a supplemental separate and concise statement of facts. Plaintiffs' seek to strike specific paragraphs from the declarations and separate and concise statement that Defendants' filed on March 10, 2006 based on allegations of hearsay information. Defendants submit the follow supplemental evidentiary support and concurrently herewith, are filing a Memorandum in Opposition to Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e).

## I. PLAINTIFFS' CONTROVERTED FACTS

| FACTS | SUPPLEMENTAL EVIDENTIARY SUPPORT |
|---|---|
| 3. DISPUTED. Facts that are alleged to have occurred prior to the May 11, 2004 Findings of Fact, Conclusions of Law and Decision are not a part of this lawsuit and are irrelevant to the current case. Prior to May 11, 2004, Plaintiffs received all they were entitled to pursuant to the IEPs, the hearing officer decisions, or the stipulations. Even assuming that the facts are relevant, circumstances beyond Defendants' control, including the actions of Bryan's parents, prevented the consistent | Declaration of William Beljean ("Beljean Declaration") at ¶¶ 5 and 7, attached as Exhibit "E" to the Supplemental Declaration of Holly T. Shikada ("Shikada Declaration").<br><br>Declaration of Barbara Coffman ("Coffman Declaration") at ¶¶ 5 and 6, attached as Exhibit "F" to the Shikada Declaration.<br><br>Declaration of Rebecca Pierson ("Pierson Declaration") at ¶ 5, attached as Exhibit "G" to the Shikada Declaration. |

| | |
|---|---|
| provision of services contained in Bryan's IEPs, including the provision of trained and qualified skills trainers. | Declaration of Richi Stallard ("Stallard Declaration") at ¶¶ 5 - 9, attached as Exhibit "H" to the Shikada Declaration.<br><br>Supplemental Declaration of Kelly Stern ("Stern Declaration") at ¶ 5, attached as Exhibit "I" to the Shikada Declaration.<br><br>Supplemental Declaration of Katherine Tolentino ("Tolentino Declarationi") at ¶ 5, attached as Exhibit "J" to the Shikada Declaration. |
| 4.   DISPUTED.   See 3 above. | See supplemental evidentiary support to 3 above. |
| 5.   DISPUTED.   See 3 above. | See supplemental evidentiary support to 3 above. |
| 6.   DISPUTED.   See 3 above. | See supplemental evidentiary support to 3 above. |
| 11.  DISPUTED.  Circumstances beyond Defendants' control, including the actions of Bryan's parents, prevented the provision of the services and ability to provide the makeup services. | See supplemental evidentiary support to 3 above. |
| 15.  DISPUTED.  Circumstances beyond Defendants' control, including the actions of Bryan's parents, prevented the consistent provision of services pursuant to the 2002 settlement agreement. | See supplemental evidentiary support to 3 above. |
| 17.  DISPUTED.   See 3 above. | See supplemental evidentiary support to 3 above. |

| | |
|---|---|
| 18. DISPUTED. See 3 above. | See supplemental evidentiary support to 3 above. |
| 19. DISPUTED. See 3 above. | See supplemental evidentiary support to 3 above. |
| 20. DISPUTED. See 3 above. | See supplemental evidentiary support to 3 above. |
| 21. DISPUTED. See 3 above. | See supplemental evidentiary support to 3 above. |
| 22. DISPUTED. See 3 above. | See supplemental evidentiary support to 3 above. |

## II.     DEFENDANTS' CONCISE STATEMENT OF FACTS

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 2.  Circumstances beyond the control of the Defendants, including the actions of Bryan's parents, prevented the consistent provision of services pursuant to Bryan's IEP, the hearing decisions, and the stipulated agreements.<br>  a. Parents refused skills trainers for various reasons, including, but not limited to pregnancy of the skills trainer and another skills trainer being too religious.<br>  b. Parents made unreasonable demands and too other actions that hampered Defendants' efforts.  Skills trainers asked to be removed from Bryan's case because:<br>    i. of the unsanitary living conditions in Plaintiffs' home;<br>    ii. they were continuously left along in the house with Bryan in the early evenings so the rest of the family could go to the beach;<br>    iii. because they were left along with Bryan all day on the weekends; and<br>    iv. because they were | See Beljean Declaration, attached as Exhibit "E" to the Shikada Declaration; Coffman Declaration, attached as Exhibit "F" to the Shikada Declaration; Pierson Declaration, attached as Exhibit "G" to the Shikada Declaration; Stallard Declaration, attached as Exhibit "H" to the Shikada Declaration; Stern Declaration, attached as Exhibit "I" to the Shikada Declaration. |

| | |
|---|---|
| expected to do the family laundry while working with Bryan on his life skills.<br>  c. Skills trainers from The Institute for Family Enrichment also confirmed that Bryan's home was chaotic and unsanitary and that Bryan had been sent to school with diahrrea and vomiting, which caused a health and safety concern for the skills trainers. | |
| 3.    Bryan was also sent to school on numerous occasions with obvious health conditions, including but not limited to, a communicable staph infection, vomiting, diarrhea, and varying eye infections.  Plaintiffs refused to keep Bryan home on such occasions. | Beljean Declaration at ¶ 5, attached as Exhibit "E" to the Shikada Declaration; Pierson Declaration at ¶ 5, attached as Exhibit "G" to the Shikada Declaration. |
| 4.    Bryan was unable to sign in American Sign Language. | Tolentino Declaration at ¶ 6, attached as Exhibit "J" to the Shikada Declaration. |
| 5.    Parents refusal of skills trainers referred to them by Defendants was unreasonable and irrational. | Pierson Declaration at ¶ 6, attached as Exhibit "G" to the Shikada Declaration. |
| 6.    Defendants made their best efforts to comply with the IEPs, hearing decisions, and settlement agreements, but because of parents' refusal of referred skills trainers and the unsafe and unsanitary conditions, implementation of the IEPs, hearing decisions, and settlement agreements was hampered. | See supplemental evidentiary support to 2 above. |
| 7.    Parents were given funding to advertise for skills trainers. | See supplemental evidentiary support to 2 above. |

| 8. Defendants have not acted with bad faith or deliberate indifference or exercised gross misjudgment. | See supplemental evidentiary support to 2 above. |
|---|---|

DATED:  Honolulu, Hawaii, March 23, 2006.



HOLLY T. SHIKADA
Deputy Attorney General
Attorney for Defendants