372857.1
MARK J. BENNETT      #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM       #4391-0
GEORGE S. S. HOM    #2487-0
HOLLY T. M. SHIKADA #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI     #2498-0
GREGG M. USHIRODA   #5868-0
DANIEL K. OBUHANYCH #7147-0
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>    Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE DOCTRINE OF ISSUE PRECLUSION REGARDING ALL ADMINISTRATIVE HEARING DECISIONS AND THE SETTLEMENT AGREEMENT; CERTIFICATE OF SERVICE**<br><br>**Date:** June 5, 2006<br>**Time:** 10:30 a.m.<br>**Judge:** Helen Gillmor<br>**TRIAL:** July 25, 2006 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE THE DOCTRINE OF ISSUE PRECLUSION REGARDING ALL
ADMINISTRATIVE HEARING DECISIONS AND THE SETTLEMENT AGREEMENT**

Defendants DEPARTMENT OF EDUCATION and ALVIN RHO
(collectively "Defendants"), by and through their attorneys
WATANABE ING & KOMEIJI LLP, hereby submit their Memorandum In
Opposition To Plaintiffs' Motion To Enforce The Doctrine Of Issue
Preclusion Regarding All Administrative Hearing Decisions And The
Settlement Agreement, filed on April 24, 2006.

**I.    INTRODUCTION**

This is an IDEA/Section 504 lawsuit in which the
Plaintiffs allege that the Defendants failed to provide Plaintiff
Bryan Wiles-Bond with educational and related services.  The
Plaintiffs, who are no longer residents of the State of Hawaii
and are no longer within the State of Hawaii's school system,
seek monetary damages under Section 504 of the Rehabilitation Act
for the Defendants' alleged IDEA violations.

Through the instant motion, the Plaintiffs are seeking
to have the Court judicially notice, and/or to have the Court
order as conclusively established, the numerous factual
"findings" contained in a May 11, 2004 IDEA administrative agency
decision.[1]  The Plaintiffs rely upon the separate doctrines of

---

[1]Although the Plaintiffs mention three administrative
hearing decisions in their memorandum, all of the facts the
Plaintiffs seek to preclude are from the May 11, 2004 decision,
which is attached as Exhibit "A" to the Plaintiff's motion.  In
addition, the Plaintiffs also curiously reference the "Settlement

"judicial notice" and "res judicata" (or issue preclusion) in support of their motion[2]; however, under either doctrine the Plaintiffs' request is completely improper and should be dismissed.

Facts contained in a prior administrative decision cannot be judicially noticed under Rule 201, Federal Rules of Evidence, because they are not "indisputable." Morever, issue preclusion as to facts contained in the prior administrative decision is also improper when the facts were not "necessary" to the ultimate administrative holding.

## III. ARGUMENT

### A. Plaintiffs Cannot Obtain Judicial Notice Of *Facts* Contained In The Prior Administrative Decision.

Through the instant motion, the Plaintiffs are improperly seeking to have the Court "judicially notice" the findings contained in the IDEA administrative decision. See Plaintiffs' Memorandum at p. 10 ("there should not be any

---

Agreement" in the title of their motion, although they make no reference to the Settlement Agreement in the body of their memorandum. To the extent that the Plaintiffs are seeking to establish anything in the Settlement Agreement as "res judicata" in this action, such a request is clearly improper and should be disregarded. See, e.g., EEOC v. Peterson, Howell & Heather, Inc., 702 F.Supp. 1213 (D. Md. 1989) (settlement agreement not entitled to any preclusive effect).

[2]While the Plaintiffs appear to intermingle the doctrines of judicial notice and res judicata in their motion, such doctrines are independent of each other. See United States v. Jones, 29 F.3d 1549 at 1553 (11th Cir. 1994).

question that the findings below, unappealed, are judicial in nature and the jury must be instructed that they are conclusive"). However, these types of administrative findings are <u>not</u> subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. <u>Id.</u> After all, "[i]f it were permissible for a court to take judicial notice of a fact because it has been found true in some other action, the doctrine of collateral estoppel would be superfluous." <u>Id.</u>

Accordingly, the Ninth Circuit Court of Appeals has clearly established that "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114 (9th Cir. 2003).[3] <u>See also Jones</u>, 29 F.3d at 1553 (citation omitted) (a "court may take judicial notice of a document filed in another court 'not for the truth of

---

[3]<u>See also</u> 315 F.3d at 1114, n. 5 for a list of Circuits in accord with the 9th Circuit Court of Appeals.

the matters asserted in the other litigation, but rather to
establish the fact of such litigation and related filings'"");
<u>Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.</u>, 969 F. 2d
1384 (2nd Cir. 1992) (citation omitted)(same).

Here, the Plaintiffs seek not to have this Court
judicially notice the fact that the prior administrative
decisions *exist*, but seek to have the Court judicially notice the
factual findings *contained* in those decisions.  Such a request
would deprive the Defendants of their ability to contest many of
the factual issues that are important in establishing their
defenses to the Plaintiffs' discrimination claims, and exceeds
the limits of Rule 201.  Under controlling Ninth Circuit
precedent, the Plaintiff's request should be denied.  See <u>Wyatt</u>,
315 F.3d at 1114, n. 5 ("a court may not take judicial notice of
findings of fact from a different case for their truth").

The Plaintiffs' reference to other "Courts [that] have
taken judicial notice of the record of prior administrative and
court proceedings" is misguided and inapposite.  See Plaintiffs'
Memo at p. 9-10.  None of the cases cited by Plaintiff are
analogous to the instant matter, and none stand for the
proposition that Courts are authorized to take judicial notice of
*facts* in another proceeding.  See <u>Furnari v. Warden, Allenwood</u>
<u>Federal Correctional Institution</u>, 218 F.3d 250 (3rd Cir. 2000)
(judicial notice of affidavit in other action not noticed "for

the truth of the statements it contains, but simply for the purpose of determining that new information . . . was presented . . . at hearing"); <u>Burbank-Glendale-Pasadena Airport Authority v. City of Burbank</u>, 136 F.3d 1360 (9th Cir. 1998) (judicial notice limited to fact that certain pleadings were filed in another matter); <u>Opoka v. INS</u>, 94 F.3d 392 (7th Cir. 1996) (judicial notice limited to the "judicial act" of the legal status of petitioner's wife in deportation proceedings); <u>Checkosky v. SEC</u>, 139 F.3d 221 (D.C. Cir. 1998) (judicial notice of administrative decision limited to "gauge the futility of allowing the current proceedings to drag on"). Accordingly, Plaintiffs present no legal authority to support their request for this Court to judicially notice the numerous factual findings contained in the May 11, 2004 IDEA administrative decision and the Plaintiffs' request should be denied.

**B.    Plaintiffs Cannot Assert Issue Preclusion As To Matters That Were Not "Necessary" To The Administrative Holding.**

Plaintiffs also improperly rely upon the doctrine of "res judicata" or "issue preclusion" in their attempt to have this Court adopt the findings of the May 11, 2004 administrative decision as conclusive facts in this Section 504 discrimination lawsuit. However, Plaintiffs are not entitled to apply issue preclusion to factual findings that were not "necessary" to the holding of the administrative decision.

Federal courts must accord a state court judgment the same preclusive effect that the judgment would receive in state court. <u>Bator v. State of Hawaii</u>, 39 F.3d 1021 (9th Cir. 1994) (citation omitted). Generally, Hawaii courts give preclusive effect to the findings of an administrative agency if the issue decided in the prior action is identical to the issue in the current action, a final judgment on the merits was issued, and the parties in the current action are the same or are in privity to the parties in the prior action. <u>Santos v. State</u>, 64 Haw. 648, 646 P.2d 962 (1982).

However, relitigation of an issue presented and decided in a prior case is not foreclosed if the decision of the issue was not "necessary" to the judgment reached in the prior litigation. <u>Segal v. American Telephone And Telegraph Company, Inc.</u>, 606 F.2d 842, 845 n. 2 (9th Cir. 1979). <u>See also</u> <u>United States v. Weems</u>, 49 F.3d 528, 532 (9th Cir. 1995) (citations omitted) ("in order to justify invoking collateral estoppel, a factual determination must have been 'necessarily' [and not 'presumably'] decided in the first proceeding"). The reasons for this condition are that a collateral issue, although it may be the subject of a finding, is less likely to receive close judicial attention and the parties may well have only limited incentive to litigate the issue fully since it is not determinative. <u>Commercial Associates v. Tilcon Gammino, Inc.</u>,

998 F.2d 1092 (1ˢᵗ Cir. 1993) (citation omitted). Under these
circumstances, extending the force of the unnecessary finding
into a different case is deemed too risky and possibly unfair.
Id. See also Weems, 49 F.3d at 532 (citation omitted) (the
primary purpose of the rule is to ensure that the finder of fact
in the first case took sufficient care in determining the issue).
After all, "[i]t is only human nature for a trier of fact or law
to gloss over a matter that he determines to relate only
superficially to the final decision." Metcalfe Brothers, Inc. v.
American Mutual Liability Ins. Co., 484 F. Supp. 826, 830 (W.D.
Va. 1980).

    For purposes of issue preclusion, "necessary" means
that "the disposition in the first suit was the basis for the
holding with respect to the issue and not 'mere dictum.'"
McLaughlin v. Bradlee, 803 F.2d 1197, 1204 (D.C. Cir. 1986)
(citations omitted). This "involves nothing more than a
straightforward inquiry whether a particular issue was merely
incidental to the first judgment." Id. (citation omitted).

    For example, in Bator, the 9ᵗʰ Circuit Court of Appeals
held that the district court properly determined that an
administrative finding was not "necessary" to the holding and
thus was not entitled to preclusive effect. 39 F.2d at 1027. In
Bator, the State of Hawaii Labor and Industrial Relations Appeal
Board determined that the plaintiff suffered a work-related

8

injury as a result of being unintentionally bumped in the back by
a co-worker.  At the trial court level, the defendants attempted
to assert that the administrative finding that the contact was
"unintentional" was entitled to preclusive effect.  The district
court and Ninth Circuit disagreed, holding that the finding that
the contact was unintentional was not necessary to the holding
that the plaintiff suffered a compensable injury under the
workers' compensation laws and thus could not be given preclusive
effect.  Only the ultimate holding - that the plaintiff suffered
an injury, was entitled to issue preclusion.  <u>Bator</u> is in accord
with other courts that have similarly held that findings should
not be given preclusive effect if the findings were not
"necessary" to the ultimate holding.  <u>See</u> <u>Commercial Associates</u>
<u>v. Tilcon Gammino, Inc.</u>, 998 F.2d 1092, 1097 (1st Cir. 1993)
(parties contractual relationship was not one that "must
necessarily have been decided" in the lien proceeding and
therefore is not entitled to preclusive effect); <u>Metcalfe</u>
<u>Brothers, Inc. v. American Mutual Liability Insurance Company</u>,
484 F.Supp. 826 (W.D. Va. 1980) (finding that workers'
compensation law was applicable to accident not necessary to the
ultimate holding and thus was not entitled to preclusion); <u>Barnes</u>
<u>v. Laurent</u>, 1992 WL 189487 (E.D. La. 1992) (court would not apply
issue preclusion to finding that there was no valid contract
since it was "impossible to determine whether, and to what

extent" that issue was central to the action). Even in <u>Patricia N. v. LeMahieu</u>, 141 F.Supp.2d 1243 (D. Hawaii 2001), relied upon heavily by Plaintiffs, the Court granted preclusive effect *only* to the limited issue that the student was denied FAPE, but did not grant preclusive effect to the other factual findings contained in the administrative decision.

Here, Plaintiffs seek not only to have this Court apply issue preclusion to the ultimate decision in the administrative decision - that Bryan was denied a "free and appropriate public education"[4] - but also ask this Court to grant preclusive effect to numerous non-essential factual findings in the administrative decision (e.g. that Bryan communicates by American Sign Language (ASL), that Bryan has at least 120 hand signals in his vocabulary, that Bryan regressed in certain areas, etc.). <u>See</u> Plaintiff's Memorandum at pp. 2-8. Such a request is entirely improper, as these factual findings were not "necessary" to the administrative decision that Bryan was denied FAPE.

For example, it was immaterial for the purpose of the administrative decision whether or not Bryan could communicate by ASL, how many hand signals Bryan may have had in his vocabulary, and whether Bryan regressed in certain areas, yet these issues may be important in this disability discrimination action as they

---

[4]Defendants do not object to the limited application of issue preclusion to the narrow issue that Bryan was denied FAPE, the ultimate holding of the administrative decision.

relate to possible liability and damages issues in this lawsuit. And while Defendants may not have had a strong incentive to vigorously litigate the issues as to whether Bryan was capable of communicating by ASL or how he regressed in certain areas at the administrative hearing level (due to the lack of impact that such findings would have on the ultimate decision and the lack of the possibility of money damages), in this action these issues may be extremely important - they may be relevant to the discrimination claim as well as relevant to damages issues.

In short, the application of issue preclusion to these "unnecessary" factual findings would severely prejudice the Defendants' ability to effectively defend this lawsuit and therefore Defendants should not be precluded from litigating these issues.  The Plaintiff should not be excused from having to litigate the factual issues in this case merely because of the existence of factual findings contained in an administrative decision that may not have been necessary to the ultimate decision.  Pursuant to the established law in this circuit, the factual findings contained in the May 11, 2004 administrative decision (other than the ultimate holding that Plaintiff Bryan Wiles-Bond was denied FAPE) should not be granted preclusive effect.  See Bator, 39 F.3d 1021 (9th Cir. 1994).

IV.    **CONCLUSION**

For the foregoing reasons, Defendants DEPARTMENT OF EDUCATION and ALVIN RHO respectfully request that this Honorable Court deny the instant motion.

DATED: Honolulu, Hawaii, _____ MAY 1 8 2006 _____.

_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
DANIEL K. OBUHANYCH
GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | ) CIVIL NO. CV 04-00442 HG/BMK<br>) CIVIL NO. CV 05-00247 HG/BMK<br>) CONSOLIDATED<br>) (Other Civil Action)<br>) |
| Plaintiffs, | ) **CERTIFICATE OF SERVICE**<br>) |
| vs. | )<br>) |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) **TRIAL: July 25, 2006** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served by means of mailing, postage pre-paid, U.S. mail, to the following named attorneys at their last known address on May 18, 2006:

> SHELBY ANNE FLOYD, ESQ.
> Alston Hunt Floyd & Ing
> 74-5620 Palani Road, Suite 104
> Kailua-Kona, Hawaii  96740
>
> STANLEY E. LEVIN, ESQ.
> 400 Davis Levin Livingston Grand Place
> 851 Fort Street
> Honolulu, HI  96813
>
>          and
>
> Carl M. Varady, Esq.
> American Savings Bank Tower
> 1001 Bishop Street, Suite 2870
> Honolulu, Hawaii  96813
>
> Attorneys for Plaintiffs

DATED:   Honolulu, Hawaii May 18, 2006.

JOHN T. KOMEIJI
GREGG M. USHIRODA
DANIEL K. OBUHANYCH

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

2