**TABLE OF CONTENTS**

I.   INTRODUCTION/SUMMARY OF ARGUMENT . . . . . . . . . . . . . . 1

II.  BACKGROUND OF RELEVANT FACTS . . . . . . . . . . . . . . . . 2

    A.   Complaint for Economic and Non Economic Damages . . . 3

    B.   Motions for Summary Judgment and Order . . . . . . . . 5

    C.   Plaintiffs' Seek To Pursue their Claims for Personal
        Injuries for Emotional Distress Despite the December
        19, 2006 Order . . . . . . . . . . . . . . . . . . . . 6

    D.   Counsel's Meet and Confer re: Plaintiff's Personal
        Injury Claims Pursuant to 504 in Light of the December
        19, 2006 Order . . . . . . . . . . . . . . . . . . . . 8

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . 10

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A.   The Law of the Case Doctrine Applies to This Court's
        December 19, 2006 Order . . . . . . . . . . . . . . . 11

    B.   Parent Plaintiff's Have No Standing to Bring Claims
        for Their Own Personal Injuries and Non-economic
        Damages . . . . . . . . . . . . . . . . . . . . . . . 13

V.   CONSLUSION . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## CASES

Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986) . . . . . . . . . . . . . . . . . . . . 10

Greater Los Angeles Council on Deafness, Inc. v. Zolin,
812 F.2d 1103 (9th Cir. 1987)    . . . . . . . . . .  12, 13, 15, 16

Miller v. Abilene Christian University of Dallas,
517 F.Supp. 437 (N.D. Texas 1981) . . . . . . . . . . . 13, 14, 15

O.S.C. Corp. v. Apple Computer, Inc.,
792 F.2d 1464, 1467 (9th Cir. 1986)    . . . . . . . . . . . . . 11

Sanders by Sanders v. Marquette Pub. Schools,
561 F.Supp. 1361, 1368-7 (W.D. Mich. 1983)  .  12, 13, 14, 15, 16

T.W. Elec. Serv., Inc. v. Pac. Elec. Contractions Ass'n,
809 F.2d 626, 630 (9th Cir. 1987)    . . . . . . . . . . . . . . 10

## FEDERAL RULES

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . 10

## FEDERAL STATUTES

20 U.S.C. Sec. 1415(e)   . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. Sec. 729   . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. Sec. 729   . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. Sec. 794(a) . . . . . . . . . . . . . . . . . . . . . 15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>       Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>       Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION/SUMMARY OF ARGUMENT**

On December 19, 2006, this honorable Court issued an Order finding that parent Plaintiffs, Ann Kimball Wiles and Stanley Bond, "do not have standing to bring an action for their own personal injuries allegedly arising from the discrimination against the handicapped individual." See Order filed 12/19/06 at 39 (citations omitted), attached as Exhibit "A" to Defendants' Concise Statement of Facts in Support of Motion for Partial Summary Judgment ("SOF"). It was further noted that "Plaintiffs may recover **economic damages** reasonably and foreseeably incurred as a result of Defendant's intentional discrimination against Bryan." Id. at 41 (emphasis added). Thus, it has already been decided that parent Plaintiffs do not have standing and may not

make any claims for non-economic or general damages for their own personal injuries under Section 504.

Despite the Court's December 19, 2006 Order, Plaintiffs persist on prosecuting their claims for general, non-economic damages against Defendants for their own personal pain and suffering. Plaintiffs have failed to acknowledge the weight of authority set forth by the Court's December 19, 2006 Order in their attempts to obfuscate the numerous remaining issues which will be presented at trial.

Plaintiffs' claims for general, non-economic damages, for their own personal injuries are barred by the Court's December 19, 2006 Order. Therefore, Defendants' Motion for Partial Summary Judgment on Plaintiffs' claims for general, non-economic damages, should be granted.

## II.  BACKGROUND OF RELEVANT FACTS

Plaintiffs Ann Kimball Wiles and Stanley Bond ("Plaintiffs" or "parent Plaintiffs") are the parents of Bryan Wiles-Bond ("Bryan"), a minor child and have brought this lawsuit on behalf of themselves and on behalf of Bryan (collectively "Plaintiffs"), against Defendants. Defendants' Concise Statement of Facts in Support of Motion For Partial Summary Judgment ("SOF") at ¶ 1. Plaintiff Bryan was diagnosed with pervasive developmental delay and hyperactivity and is severely autistic. SOF at ¶ 2. Bryan lived on the Big Island of Hawaii with his

parents and was enrolled in the Hawaii public school system from 1999 until he moved to California with his parents in January of 2005.  SOF at ¶3.

While in Hawaii, Bryan received specialized services from the DOE.  SOF at ¶4.  Bryan's Individualized Education Program ("IEP") required that he receive numerous specialized services from the DOE.  SOF at ¶4.  Plaintiffs later complained that the DOE failed to provide adequate services to Bryan while they were in Hawaii.  SOF at ¶4.  Plaintiffs no longer live in Hawaii and have since moved to California in 2005.  SOF at ¶4.

In this action, Plaintiffs allege that Defendants intentionally discriminated against Bryan on the basis of his disability when Defendants allegedly failed to provide Bryan with educational and related services that Bryan was entitled to as a disabled individual.  See SOF at ¶5

Plaintiffs' primary complaint is that Defendants failed to provide the required number of skills trainers service hours to Bryan.  See SOF at ¶ 5.

### A.  Complaint for Economic and Non-Economic Damages

On July 21, 2004, Plaintiffs filed their Verified Complaint in Civil Case No. 04-00442 HG-BMK ("Amended Complaint"), which asserts four claims for relief:

> 1. Declaratory, Compensatory and Injunctive Relief for Violations of the IDEA and Enforcement of Administrative Decisions; ("Count I");

    2.    Violation of Section 504 ("Count II");

    3.    Violation of Section 1983 ("Count III"); and

    4.    Breach of Contract ("Count IV").

See Amended Complaint filed July 21, 2004, attached to SOF as Exhibit "B".

Plaintiffs are only seeking money damages under the Rehabilitation Act, 29 U.S.C. Sec. 729 ("Section 504"). See Exhibit "A" attached to SOF, Order at 11 ("At the March 28, 2006 hearing, Plaintiffs clarified that they are only seeking money damages under the Rehabilitation Act..."). Plaintiffs requested remedies were for preliminary and injunctive relief, compensatory services, attorneys's fees and costs, and a general request for relief. Plaintiffs made no request or claim for non-economic damages. See Exhibit "B" attached to SOF (Amended Complaint at 20 and 21).

On April 8, 2005, Plaintiffs filed a Complaint in Civil Case No. 05-00247 for violation of the Individuals with Disabilities Education Act, 20 U.S.C. Section 1415(e) ("IDEA") and the Rehabilitation Act of 1973, 28 U.S.C. Section 729 ("Section 504") ("Complaint"). See Complaint filed April 8, 2005, attached to SOF as Exhibit "C". Plaintiffs also clarified that their claims for relief are limited to Money damages under Section 504. Order at 14.

- 4 -

Although the allegations in the April 8, 2005 Complaint are substantially similar to the July 21, 2005 Amended Complaint, Plaintiffs' April 8, 2005 Complaint contains allegations that Defendants have caused Plaintiffs "economic and non-economic harm". See Exhibit "C" to SOF at 12 (Complaint filed April 8, 2005). Furthermore, Plaintiffs' April 8, 2005 Complaint contains claims for both economic and non-economic damages. Id. at 14.

B.   **Motions for Summary Judgment and Order**

On February 24, 2006, Defendants' Motion for Summary Judgment was filed with this court as to all of Plaintiffs' claims. On March 28, 2006, the Court held a hearing on Defendants' Motion for Summary Judgment and took the Motion under advisement. See Order at 4.

Plaintiffs filed a Motion for Partial Summary Judgment on February 22, 2006. On March 28, 2006, the Court held a hearing on Plaintiffs' Motion for Partial Summary Judgment and took the Motion under advisement. See Order at 5.

On December 19, 2006, this honorable Court issued a 55 page decision with respect to Defendants' Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment[1], which limited Plaintiffs' claims to economic damages. See Order

---

[1] The December 19, 2006 Order also addressed numerous other motions filed by Plaintiffs prior and subsequent to the March 28, 2006 hearing on Defendants' and Plaintiffs' respective motions for summary judgment.

at 39-41. In addition, the court explicitly ruled that parent Plaintiffs have no standing to assert claims for their own personal injuries arising from the alleged discrimination to Bryan. See Order at 39.

Agreeing with the courts that have held that plaintiff parents do not have standing to bring an action for their own personal injuries that allegedly arose from the discrimination against the handicapped individual, this Court limited Plaintiffs' standing to bring claims for only "economic damages reasonably and foreseeably incurred as a result of Defendants' intentional discrimination against Bryan." See Order at 40 and 41.

Plaintiffs' claims for general non-economic damages, therefore, as prayed for in the Complaint filed April 8, 2005, were adjudicated in favor of Defendants as a result of the December 19, 2006 order. Despite this clear ruling, parent Plaintiffs continue to pursue their own personal claims for general damages, including emotional distress.

C. **Plaintiffs Seek to Pursue their Claims for Personal Injuries for Emotional Distress Despite the December 19, 2006 Order**

On May 11 and 12, 2007, counsel for Defendants participated in the depositions of Plaintiffs Ann Kimball Wiles and Stanley Bond. During the questioning of Ms. Wiles on May 12, 2007, Ms. Wiles admitted that she is making a claim for personal

injuries in this case.  See Exhibit "D" to SOF (Deposition Transcript of Ann Kimball Wiles Volume II dated May 12, 2007 at 280:15-25)

Plaintiff Wiles testified as follows regarding the basis for her personal injury claims:

> Q. Are you claiming any personal injuries in this case?
>
> A. Would that be included in Personal injury?
>
> Q. Emotional Distress is considered a personal injury.
>
> A. Yes.
>
> Q. If you look at your interrogatory answer that starts at page 9, then it if you could read question No. 6. It's right there at the top of page 9.
>
> It says, "Describe fully each injury that you believe you sustained as a result of the alleged
>
> \*   \*   \*   \*   \*
>
> Actions or inactions of the defendants."
>
> And you list a number of things, stress and frustration and what not. And I will cover this with you at a later time. I don't think we can do it today.
>
> A. That's kind of a way to say it, what not.
>
> \*   \*   \*   \*   \*
>
> Q. **Now, so you are claiming the personal injuries in this case in the form of emotional distress, correct?**
>
> A. <u>*Yes*</u>

See Exhibit "B" to SOF at 280:15-25; and 281:1-11(emphasis added).

In similar fashion, Plaintiff Bond testified that he sustained personal injuries related to stress and lost family time. See Exhibit "E" to SOF (Stanley Bond depo transcript v.1 (5/11/07) at 274:21-25; 275; 277:20-25; 278:1-23).

### D. Counsel's Meet and Confer re: Plaintiffs' Personal Injury Claims Pursuant to 504 in Light of the December 19, 2006 Order

In an attempt to Clarify Plaintiffs' claims in light of their deposition testimony alleging claims for personal injuries and emotional distress, counsel for Defendants inquired with counsel for Plaintiffs. See Declaration of Gregg Ushiroda attached to SOF. On June 22, 2007, counsel for Plaintiffs transmitted an e-mail to counsel for Defendants setting forth that parent Plaintiffs only seek economic damages in this action. E-mail from Carl M. Varady, Esq. to Gregg M. Ushiroda, Esq. dated June 22, 2007 (redacted), attached to SOF as Exhibit "F".

Although admitting that parent Plaintiffs only "seek economic damages in this case", Plaintiffs' counsel would not agree to make any waiver of their position. Id. Indeed, Plaintiffs believe that this Court's analysis was erroneously influenced by Judge Real's analysis in the Mark H. case. Plaintiffs' counsel also indicated that in the event a motion is

filed, he intends to ask the Court to stay consideration pending resolution of the Mark H. appeal.  Id.

As Plaintiffs' counsel would not voluntarily withdraw their claims for parent Plaintiffs' non-economic damages for purely personal injuries, Defendants were forced to seek a status conference with Magistrate Kurren.  Id., see also Declaration of Gregg M. Ushiroda.  On June 26, 2007, following the depositions of Plaintiffs, counsel for the parties attended a status conference with Magistrate Kurren to discuss whether Plaintiffs would be willing to withdraw their claims for personal injuries in light of the December 19, 2006 Order which precludes Plaintiffs from bringing claims for their own personal injuries.  See Declaration of Gregg Ushiroda.  Consistent with their e-mail of June 22, 2007, Plaintiffs' counsel refused to withdraw Plaintiffs' claims for their own personal injuries despite this honorable Court's order holding that the parent Plaintiffs have no standing to sue for their own personal injuries.  Order at 39; Exhibit "F" to the SOF; and Declaration of Gregg Ushiroda.

As a result of the parties' disagreement, Judge Kurren allowed Defendants' to file a dispositive motion.  See Minute Order filed herein on 6/26/07.  Defendants hereby request that this honorable Court apply the ruling and reasoning of its December 19, 2006 Order and grant summary judgment in favor of Defendants with respect to parent Plaintiffs' claims for their

own personal injuries. Additionally, Defendants request that this Court also uphold its Order limiting Plaintiffs recovery to "economic damages reasonably incurred as a result of Defendants' intentional discrimination against Bryan." Order at 41.

## III. STANDARD OF REVIEW

A party may obtain summary judgment where the record shows that "there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment need not produce actual "evidence" negating the existence of material factual issues, but may rest on the lack of evidence of the essential elements of a claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a party moving for summary judgment has met its burden of proving that there is no genuine issue of material fact, the opposing party must "come forward with specific facts evidencing" a need for trial. Fed. R. Civ. P. 56(e). A plaintiff must adduce some "significant probative evidence tending to support the Complaint" and cannot discharge his burden by allegations in the pleadings, legal argument, or a hope that he can produce material evidence at the time of trial. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Arguments "based on mere speculation, conjecture or fantasy" are not sufficient to overcome a motion

for summary judgment. <u>O.S.C. Corp. v. Apple Computer, Inc.</u>, 792 F.2d 1464, 1467 (9th Cir. 1986).

IV. **ARGUMENT**

Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claims for general, non-economic damages. This Court's December 19, 2006 Order clearly sets forth that parent Plaintiffs do not have standing to bring claims for their own personal injuries arising from discrimination against a handicapped individual. Order at 39.

Notwithstanding the unambiguous and well-reasoned order of this Court and the precedent set forth by other courts, parent Plaintiffs insist upon making claims for their personal injuries and non-economic damages at trial. Exhibit "F" to SOF. As a result of Plaintiffs' unwillingness to acknowledge this Court's controlling order, and continued allegations of pain and suffering, Defendants request that this Court make a final adjudication that parent Plaintiffs are precluded from bringing any claims for general, non-economic damages in this action.

    A.    **The Court's December 19, 2006 Order Precludes Parent Plaintiffs from Seeking Non-Economic Damages for Purely Personal Injuries**

Plaintiffs' personal claims for non-economic damages should be dismissed pursuant to the December 19, 2006 Order. As such, this honorable Court should abide by its previous determination that: 1) Parent Plaintiffs do not have standing to

bring an action for their own personal injuries allegedly arising from the discrimination against Bryan Wiles-Bond; and 2) that Plaintiffs may recover **economic damages** reasonably and foreseeably incurred as a result of Defendants' intentional discrimination against Bryan Wiles-Bond.  Order at 40-41 citing Sanders by Sanders v. Marquette Pub. Schools, 561 F. Supp. 1361, 1368-7 (W.D. Mich.1983) and Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103 (9th Cir. 1987).

In the instant case, the parent Plaintiffs do not have standing to bring individual claims for any personal injuries they allegedly sustained from any alleged discrimination against their handicapped son, Bryan, pursuant to the Order filed December 19, 2006.  This honorable Court considered the issue of whether parent Plaintiffs had standing to bring claims on their own behalf and ruled in the negative, finding that the parent Plaintiffs do not have standing to sue under Section 504 for purely personal injuries.  Id. at 39.

This Court explicitly decided that Plaintiffs' claims in the instant case were limited to economic damages reasonably and foreseeably incurred as a result of the alleged intentional discrimination by Defendants.  Order at 39-40.  Therefore, in order to recover even economic damages, Plaintiffs must demonstrate that: 1) Defendants intentionally discriminated against Bryan Wiles-Bond on the basis of his disability; and 2)

the claimed economic damages were reasonably and foreseeably incurred as a result of the intentional discrimination by Defendants. Id. (adopting reasoning of the court in Zolin, 812 F.2d at 1115).

As a result of the explicit and final ruling of this Court, parent Plaintiffs have no standing to bring claims for pain and suffering, and emotional distress. See Exhibit "C" to SOF (Complaint at 12 ¶ 41 and pg. 14) (claim for non-economic damages); Exhibit "D" to SOF(5/12/07 depo tran of A. Wiles at 280:15-25, 281 1:11 claiming Personal injuries for emotional distress); and Exhibit "E" to SOF (5/11/07 depo tran of S. Bond at 277:20-25, 278:1-22 claiming personal injuries related to stress).

B.  **Parent Plaintiffs Have No Standing to Bring Claims for Their Own Personal Injuries and Non-Economic Damages**

Notwithstanding the applicability of this Court's Order, the cases relied upon by this court in determining that parent Plaintiffs have no standing to raise claims for their own personal injuries remain good law. See Sanders, 661 F. Supp. at 1368-70 (father who brought suit on behalf of disabled daughter did not have standing to sue under 504 for purely Personal injuries as he was not a participant in a program subject to the Rehabilitation act); See also Miller v. Abilene Christian University of Dallas, 517 F. Supp. 437 (N.D. Texas 1981) (cited by Sanders and holding that plaintiff, a former professor, lacked

standing to bring a claim under the Rehabilitation act because he was not a participant in the Rehabilitation act).

In <u>Sanders</u>, plaintiffs were a learning disabled minor child and her father, who brought suit against various county agencies for failing to properly evaluate the child's disability and to place her in an appropriate program. Minor plaintiff's father brought suit on behalf of minor plaintiff and on behalf of himself for the trauma and expenses he suffered as a result of defendants' conduct. <u>Sanders</u> at 1370.

Adopting the well reasoned decision set forth in <u>Miller supra</u> -where the court found that plaintiff lacked standing to bring a claim under the Rehabilitation Act because plaintiff failed to demonstrate that he was an intended beneficiary of, or a participant in a program that receives federal assistance- the <u>Sanders</u> court held that minor plaintiff's father had no standing to sue for purely personal injuries he claims to have sustained pursuant to the Rehabilitation Act. <u>Id.</u> at 1370.

Similar to the adult plaintiffs in <u>Miller</u> and <u>Sanders</u>, parent Plaintiffs in the instant case are not participants in, or beneficiaries of, a program receiving federal funds. <u>Id.</u> Indeed, parent Plaintiffs Ann Kimball Wiles and Stanley Bond are **not** qualified, disabled individuals who are intended beneficiaries of the Rehabilitation Act. The Rehabilitation Act was enacted in 1973 to protect qualified individuals with

disabilities from being discriminated against under any program receiving Federal financial assistance. 29 U.S.C. Sec. 794(a). Parent Plaintiffs are not disabled and are not participating in any federally funded program for disabled individuals. Therefore, parent Plaintiffs, like the plaintiffs in Sanders and Miller, have no standing to bring claims for purely personal injuries arising from any alleged discrimination by Defendants.

This Court also limited parent Plaintiffs' claims for damages by adopting the reasoning set forth in Zolin, the Ninth Circuit Court of Appeals decision which this Court based its finding that "Plaintiffs may recover economic damages reasonably and foreseeably incurred as a result of Defendants' intentional discrimination against Bryan". Zolin at 1115. Zolin also remains good law.

Zolin involved claims brought by an organization which championed the rights of hearing-impaired individuals along with claims brought by two hearing impaired plaintiffs for the defendant county's failure to provide sign-language interpreters to hearing impaired jurors. Evaluating the rationale and reasoning set forth in Sanders, the Ninth Circuit in Zolin limited the scope of Sanders by allowing the plaintiff organization to maintain an action for "expenses reasonably and foreseeably expended" to provide services to the handicapped

juror, which defendants were legally obligated to provide.  Id. at 1115.

Like the plaintiff organization in Zolin, which was neither a participant nor a beneficiary of the Rehabilitation Act, parent Plaintiffs' claims are limited to only those expenses (i.e. economic damages) incurred as a result of Defendants' intentional discrimination.  Under the Zolin court's analysis, this Court held that "Plaintiffs may recover economic damages reasonably and foreseeably incurred as a result of Defendants' intentional discrimination against Bryan." Exhibit "A" (Order) to SOF at 40-41.

In light of this court's reliance on Sanders and Zolin -authority which remains good law and has not been overruled- summary judgment should be granted in favor of Defendants on Plaintiffs' claims for emotional distress, purely personal injuries and any non-economic damages.  Plaintiffs' claims must be limited to those economic damages foreseeably incurred as a result of Defendants' alleged intentional discrimination pursuant to the court's prior Order.

Although Plaintiffs may wish to delay any ruling in light of the recent oral argument presented to the Ninth Circuit in the Mark H. case --where summary judgment on Plaintiffs' 504 claims was granted in favor of Defendant State- such a delay is unwarranted in light of the December 19, 2006 Order which

controls in the instant action[2]. Exhibit "F" to SOF. Assuming arguendo that the Mark H. decision is authored during the pendency of this action, any such determinative ruling may serve as controlling precedent. In the interim, however, Defendants request that this court grant the instant motion as there are no intervening factors which warrant abeyance of the December 19, 2007 Order and the cases cited therein remain good law.

Accordingly, there can be no genuine dispute that the December 19, 2007 Order is applicable in the instant case and that parent Plaintiffs do not have standing to sue under Section 504 for purely personal injuries arising from any alleged discrimination against Bryan. As such, Defendants, are entitled to judgment as a matter of law.

V.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this honorable Court grant summary judgment on Plaintiffs' claims for non-economic damages and their own personal injuries allegedly arising from any alleged discrimination against Bryan Wiles-Bond, their disabled minor child.

---

[2] The Ninth Circuit Court of Appeals heard oral argument on the Mark H. appellate briefs on June 6, 2007.

- 17 -

DATED: Honolulu, Hawaii July 12, 2007.

      /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants