IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>     Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL NO. CV 04-00442 HG/BMK
CIVIL NO. CV 05-00247 HG/BMK
CONSOLIDATED
(Other Civil Action)

MEMORANDUM IN SUPPORT OF MOTION

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.    <u>INTRODUCTION</u>

     In this action, Plaintiffs seek to improperly elicit the testimony of their former counsel, Shelby Floyd, at trial. Any testimony which Ms. Floyd seeks to offer at trial should be precluded because testimony from counsel is irrelevant, hearsay, unduly prejudicial, and/or such testimony regards settlement communications which is not admissible at trial.

     Any testimony regarding Ms. Floyd's observations of Bryan or communications with any individuals, as former counsel for Plaintiffs, is also cumulative as there are numerous percipient witnesses who are able to testify to Bryan's condition or the circumstances surrounding Plaintiffs' allegations. Moreover, Ms. Floyd's expected testimony falls within the

exclusion for settlement negotiations and any testimony concerning prior settlement agreements entered into between the State and Plaintiffs should be excluded by the Parol Evidence Rule.

Furthermore, given Ms. Floyd's status as a former attorney of record and an attorney who specializes in 504-type cases, the danger of Ms. Floyd proffering expert opinions remains great. Ms. Floyd should be precluded from offering any expert opinions because Plaintiffs have not listed her as an expert in this matter and have failed to provide Defendant State with any required expert report.

## II.  <u>SUMMARY OF ARGUMENT</u>

This case arises out of the alleged failure of Defendant State to provide Plaintiff Bryan Wiles-Bond with educational and related services which he was entitled to as a disabled individual. Plaintiffs have alleged, <u>inter alia</u>, that the DOE failed to provide Bryan with the required skills trainer services that Brian was entitled and as a result of Defendant State's alleged failures, have filed suit in federal court.

Plaintiffs were first represented by Shelby Anne Floyd, Esq. and Stanley E. Levin, Esq. Later Ms. Floyd withdrew as counsel for Plaintiffs and Carl M. Varady, Esq. entered an appearance on their behalf. Plaintiffs now seek to improperly

call Ms. Floyd, their former counsel, as a witness in this action.

The only remedies Plaintiffs seek in this action are money damages under the Rehabilitation Act, 29 U.S.C. Sec. 729 ("Section 504").  <u>See</u> Transcript of March 28, 2006 hearing at 16:25, 17:8-10 and 17:21-24 ("Transcript") attached hereto as Exhibit "A"; and Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Noncompliance with Rule 56 (e) and Denying Plaintiffs' Motion to Amend and/or Supplement the Record filed herein on 12/19/06 ("Order") at 11 and 14.

On July 21, 2004, Plaintiffs' counsel, Shelby Floyd, filed a Verified Complaint in Civil Case No. 04-00442 HG-BMK. Ms. Floyd later filed a Verified Amended Complaint on July 1, 2005.  <u>See</u> Verified Amended Complaint filed July 1, 2005, attached hereto as Exhibit "B".  Plaintiffs' 504 claims are based on the following:

> Paragraph 50: The DOE has repeatedly been informed of the need to hire and train an adequate number of skills trainers to provide services to autistic children like Bryan.  The DOE has intentionally or with deliberate

indifference failed to take necessary action to prevent damage to Bryan resulting from the lack of trained and consistent skills trainers. (Amended Complaint at para 50)

Paragraph 51: Since entering into the Settlement Agreement, and despite administrative orders and agreements to provide services specified in Bryan's IEPs, the DOE has failed to comply with its obligations to Bryan. (Amended Complaint at para 51.)

See Exhibit "B" (Amended Complaint at paragraphs 50 and 51).

On April 8, 2005, Ms. Floyd along with her co-counsel Stan Levin, filed a Complaint on behalf of Plaintiffs in Civil Case No. 05-00247 for a violation of the Rehabilitation Act. See Complaint filed April 8, 2005, attached hereto as Exhibit "C". The Complaint alleges that the DOE's actions "were done with an intention that was deliberately indifferent to the federal (IDEA) rights of Bryan" (Exhibit "C" at Para 39); the "DOE has a pattern and practice of failing to provide Bryan with trained skills trainers to carry out their educational program, irrespective of the provisions in his IEPs, agreements made by the DOE and various orders of the administrative hearings officer" (Exhibit "C" at para 42); and "[t]he Defendant has repeatedly been informed of the need to hire and train an adequate number of skills trainers to provide services to autistic children like Bryan. The Defendant has intentionally or with deliberate indifference failed to take necessary action to prevent damage to Bryan resulting from the lack of trained and consistent skills trainers." (Exhibit "C" at para 47.)

- 4 -

As such, all factual allegations in support of Plaintiffs' 504 claims brought by Ms. Floyd and her co-counsel must be relevant and admissible before such allegations or testimony are allowed into evidence. Any testimony and evidence proffered by Plaintiffs in support of their claims must be relevant to their claims and remedies under Section 504 of the Rehabilitation Act.

On April 11, 2006, Shelby Floyd along with her co-counsel, submitted Plaintiff Kimberly Wiles' Response to Defendant Department of Education's Request for Answers to Interrogatories to Kimberly Wiles dated March 3, 2006, attached hereto as Exhibit "D". When asked to identify all lay witnesses Plaintiffs expected to call at trial to testify, including a description of the facts which each witness was expected to testify, Plaintiffs responded with a litany of individuals. Exhibit "D" at 21-23.

On April 11, 2006, Shelby Floyd along with her co-counsel, submitted Plaintiff Stanley Bond's Response to Defendant Department of Education's Request for Answers to Interrogatories to Stanley Bond dated March 3, 2006, attached hereto as Exhibit "E". Mr. Bond similarly identified all witnesses he expected to testify at trial. Exhibit "E" at 23-25.

On April 21, 2006, almost two years after the original complaint was filed, Plaintiffs' counsel informed the Court that

- 5 -

Ms. Floyd and the firm of Alston Hunt Floyd & Ing would be withdrawing as counsel for Plaintiffs and that Carl M. Varady, Esq. was making an appearance as counsel for Plaintiffs. See Minutes of 4/21/06 Status conference with Magistrate Barry M. Kurren, attached as Exhibit "F".

Subsequent to Ms. Floyd withdrawing as counsel for Plaintiffs in this action, Plaintiffs submitted amended responses to the DOE's discovery requests. Specifically, on May 9, 2007, Plaintiffs submitted Stanley Bond's Amended Response to Defendant Department of Education's Request for Answers to Interrogatories to Stanley Bond Dated March 3, 2006, attached hereto as Exhibit "G". In response to interrogatory 14 in which Defendants request Plaintiffs to identify each lay witness to be called to testify at trial, Plaintiffs respond with a list of numerous witnesses, including Plaintiffs' former counsel who withdrew approximately one month before, Shelby Floyd. Exhibit "G" at 28.

On May 9, 2007, Plaintiffs submitted Ann Kimball Wiles' Amended Response to Defendant Department of Educations Request for Answers to Interrogatories to Ann Kimball Wiles dated March 3, 2006, attached as Exhibit "H". Similar to Mr. Bond's amended response, Plaintiffs named their former counsel, Shelby Floyd, as a witness.

On July 25, 2007, Plaintiff's counsel, Stanley E. Levin, wrote a letter to Gregg M. Ushiroda, Esq., setting forth

- 6 -

Plaintiffs' intentions to use Shelby Floyd as a witness.  <u>See</u>
Letter from Stanley E. Levin, Esq. to Gregg M. Ushiroda dated
July 25, 2007, attached as Exhibit "I".  Mr. Levin acknowledged
the waiver of the attorney-client privilege with respect to all
communications between Plaintiffs and Ms. Floyd and made all
correspondence between Ms. Floyd and Plaintiffs accessible to
Defendants.  <u>Id.</u>

Plaintiffs' attempt to call Ms. Floyd as a witness to
provide testimony in support of Plaintiffs' 504 claims against
Defendant State should be precluded as irrelevant and
prejudicial.  Moreover, any testimony Ms. Floyd may offer with
respect to Plaintiffs' 504 claims will duplicate the testimony
proffered by Plaintiffs and various other percipient witnesses
available to Plaintiffs.

Furthermore, Ms. Floyd should be precluded from
testifying as to the circumstances surrounding any settlement
discussions between Plaintiffs and Defendant State.  Indeed, Ms.
Floyd served as lead counsel for Plaintiffs from the time she
filed Plaintiffs' Verified Complaint on July 21, 2004 until the
time she withdrew as counsel of record in April 2006.

For a period of almost two years, Ms. Floyd served as
Plaintiffs' counsel of record and engaged in settlement
discussions with Defendants on numerous occasions.  Also, Ms.
Floyd acted as Plaintiffs' counsel during Plaintiffs' first

request for a due process hearing in February 27, 2001 and acted as counsel until her withdrawal in April 2004. Thus, Ms. Floyd engaged in numerous settlement discussions with the DOE concerning the July 1, 2002 Release and Settlement Agreement, attached hereto as Exhibit "J". These discussions were clearly made during compromise, offers to compromise and mediation proceedings, and as a result, must be precluded from evidence.

Furthermore, to the extent that Plaintiffs seek to have Ms. Floyd testify as to any legal standards or the basis for Plaintiffs' 504 claims in the present actions, Ms. Floyd should be precluded from testifying as she has not been designated as an expert in this matter and has not submitted any type of expert report. By failing to name Ms. Floyd as an expert witness and by failing to provide Defendants with an expert report, Plaintiffs have effectively precluded discovery and fair preparation for the testimony of this witness, and should not be permitted to present such testimony at trial.

## III. ARGUMENT

### A. Testimony by Shelby Floyd, Plaintiffs' Former Counsel, is Irrelevant, Prejudicial, and Should Be Precluded as a Matter of Law.

Ms. Floyd, as Plaintiffs' former counsel must be precluded from testifying in this action as any testimony she has with respect to other 504 cases she has previously worked on, which do not include allegations or facts substantially similar

- 8 -

to any issue currently before this Court, would be of no assistance to the jury as it determines whether Defendants acted with deliberate indifference with respect to any alleged failure to provide Bryan Wiles-Bond with the required educational services. Therefore, Ms. Floyd's testimony about any other cases involving disabled children is not relevant to the instant lawsuit, and any reference thereto should be excluded.

To be relevant under Rule 401 of the Federal Rules of Evidence (FRE), evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (2006). Evidence that does not meet the definition set forth in FRE Rule 401 is not relevant, and is therefore not admissible. Fed. R. Evid. 402 (2006).

It is well known that Ms. Floyd has established herself in the area of representing disabled children against the State of Hawaii for rights associated with a free public education. Ms. Floyd was also counsel of record in the precedent setting _Felix_ case which obtained wide-spread media attention and resulted in an infamous consent decree entered into by the Felix Plaintiffs and the State of Hawaii, which required the State to create an expansive system to provide mental health, special

education and other services to disabled children enrolled in Hawaii's public school system.

Ms. Floyd, should not be allowed to testify at all, and especially not about former cases involving children with disabilities who she represented in prosecuting claims against the State government.

In the instant action, Ms. Floyd was not named as an expert witness nor has she provided an expert report. Therefore, Ms. Floyd should be precluded from testifying as to any other case which she served as counsel as such testimony would be in the realm of her expertise as an advocate for disabled children. Additionally, the facts in this action are quite different from the Felix case and any other case which Ms. Floyd may have represented disabled children.

The facts are quite different from those in the _Felix_ lawsuit. However, given the superficial similarities between any case involving a disabled former client of Ms. Floyd, especially the _Felix_ lawsuit, and the instant action (_e.g._, the cases involve disabled children and allegations of the state failing to provide adequate services), it is probable that the jury would be easily misled by reference to any former lawsuits brought by Ms. Floyd. This danger of confusing the issues and misleading the jury should preclude reference to any prior case Ms. Floyd brought on behalf of disabled children in this action.

Even assuming, _arguendo_, that Ms. Floyd's proposed testimony has some measure of probative value with respect to an issue of consequence to Plaintiffs' claims, Ms. Floyd's testimony should still be excluded on the basis of FRE Rule 403.  Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (2006).

While it is difficult to conceive how any evidence or testimony offered by Ms. Floyd could be at all relevant to the instant action, the serious risks associated with admitting such evidence (i.e., confusion of the issues, misleading of the jury, and unfair prejudice) are clear.

Additionally, Defendants are of the belief that Plaintiffs may be inclined to argue that evidence of prior cases in which Ms. Floyd was involved is relevant to show precedent or that the DOE had prior notice of past instances of misconduct and failed to make any changes thereafter.  Any such argument, however, must be excluded as it may cause undue confusion amongst the jurors.  Evidence of any unrelated lawsuits involving disanalogous facts may cause jurors to improperly adopt Ms. Floyd's "expert" testimony and cause them to evaluate the merits

of any other case which Ms. Floyd references lawsuit which, as stated above is completely unrelated, and factually dissimilar to the instant action.

Even if Defendants were to expend valuable trial time explaining Ms. Floyd's prior representation of Plaintiffs and the dissimilarities between her cases and the instant lawsuit to the jury and demonstrating how Ms. Floyd's testimony is irrelevant to the instant matter, the risk of unfair prejudice would remain. This risk, coupled with the waste of time any discussion of Ms. Floyd's relationship to Plaintiffs would require, clearly and substantially outweighs any dubious probative value the testimony of Shelby Floyd may have.

**B.**    **Ms. Floyd's Testimony Should Be Excluded Because it is Unduly Cumulative and Hearsay.**

Additionally, Ms. Floyd should be prohibited from testifying as a witness in this action because as former counsel for Plaintiffs, she would have had second hand knowledge of all complaints Plaintiffs may have had and their experiences with the DOE. Plaintiffs, Kim Wiles and Stanley Bond, are themselves the prime sources for Plaintiffs' allegations against the State and their testimony is the best evidence. Ms. Floyd cannot be allowed to regurgitate and synthesize Plaintiffs' testimony. Indeed, allowing former counsel to testify is a disingenuous way of obtaining expert testimony without having disclosed such as an expert.

- 12 -

The trial court has discretion to include or exclude evidence due to unfair prejudice or because it was a needless presentation of cumulative evidence.  See generally U.S. v. Rewald, 889 F.2d 836, 852 (9th Cir. 1989); State v. Klafta 73 Haw. 109, 831 P.2d 512 (Hawaii 1992); See also 75 AM JR. 2D TRIAL SEC. 341 and 342 (1991), citing Liddell v. Missouri, 731 F.2d 1294 (C.A. Mo. 1984)(citations omitted)(trial court's discretion is frequently exercised to limit the number of expert witnesses) and Maler v. Geraldi, 502 So 2d. 973 (Fla. Dist. Ct. App. 1987) (citations omitted) (court may limit the number of expert witnesses to one expert per discipline or field of board certified expertise).

The Hawaii Supreme Court in State v. Pulse, 83 Hawaii 229, 247 (Haw. 1996), examined the cumulative element of HRE 403, which is identical to its federal counterpart. For Rule 403 purposes, the Hawaii Supreme Court determined that "cumulative" evidence "must be substantially the same as other evidence that has already been received."  83 Hawaii 229, 247 (1996).

In Aga v. Hundahl, 78 Hawaii 230, 891 P.2d 1022 (Haw. 1995), a medical malpractice case, the Appellants already presented expert testimony that the decedent was suffering from hallucinations at her death.  Appellants also intended to introduce expert deposition testimony on the same issue.  Id. The Hawaii Supreme Court, in Aga, held that an expert's testimony

may be cumulative if the expert's testimony did not offer a differing opinion than another expert's prior testimony. Aga v. Hundahl, 78 Hawaii 230 at 241.

Presently, Plaintiffs designated approximately four (4) experts, to testify as to damages and liability. See Exhibits "G" and "H". Plaintiffs have also designated forty-one (41) lay witnesses, including Ms. Floyd. This is clearly excessive and cumulative. Permitting Plaintiffs to unnecessarily overemphasize damages or other aspects of their case, using multiple witnesses for each issue, would constitute the "needless presentation of cumulative evidence" which Rule 403 specifically prohibits.

In addition to the forty-five (45) total witnesses Plaintiffs have named, Plaintiffs themselves, Mr. Bond and Ms. Wiles, are also expected to testify as to liability and damages. Ms. Floyd, as former counsel for Plaintiffs, cannot conceivably add anything to this lawsuit, which would not be cumulative of the testimony proffered by any of the forty-six (46)[1] other expert and lay witnesses which Plaintiffs have already designated.

At most, Ms. Floyd would only be able to offer second hand testimony (hearsay) or offer her improper expert opinion as to the factual circumstances supporting Plaintiffs' claims. Hearsay evidence, testimony which is offered to prove the truth

---

[1] 45 witnesses + Mr. Bond + Ms. Wiles less Shelby Floyd.

of the matter asserted, is clearly inadmissible pursuant to FRE
Rules 801 and 802.  Ms. Floyd, therefore, should be precluded
from testifying in this action as any such testimony would be
irrelevant, hearsay, cumulative, and unduly prejudicial.

Allowing Plaintiffs unbridled discretion to present
testimony from Ms. Floyd --Plaintiffs' former counsel until a
little over a year ago-- regarding specific issues at trial will
unduly delay the trial and waste the court's and jury's time.
Thus, testimony related to damages, liability, facts and other
evidence regarding the State's alleged actions or inactions
should be limited at trial pursuant to Rule 403.  Ms. Floyd,
therefore, should be precluded from testifying at trial.

C.    **Testimony by Shelby Floyd, Plaintiffs' Former Counsel,
Should Be Preluded Pursuant to FRE Rule 408, As Her
Testimony Involves Communications Made During
Settlement Discussions.**

In addition to the clearly irrelevant, hearsay,
prejudicial and cumulative nature of Ms. Floyd's testimony,
Plaintiffs should also be precluded from calling Ms. Floyd as a
witness in this case as her testimony is expected to encompass
evidence relating to compromise, offers to compromise and
mediation proceedings in violation of Rule 408 of the Federal
Rules of Evidence.

FRE Rule 408 provides in pertinent part:

Evidence of (1) furnishing or offering or promising to
furnish, or (2) accepting or offering or promising to
accept, a valuable consideration in compromising or

- 15 -

attempting to compromise as claim which was disputed as to either validity or amount, **is not admissible to prove liability for or invalidity of the claim or its amount.** Evidence of conduct or statements made in compromise negotiations or mediation proceedings is likewise not admissible.

Fed. R. Evid. Rule 408 (2006)(emphasis added).

As set forth above, Plaintiffs claims of deliberate indifference under 504 are supported by Plaintiffs' allegations that the DOE has engaged in "a pattern and practice of failing to provide Bryan with trained skills trainers to carry out their educational program, **irrespective of the provisions in his IEPs, agreements made by the DOE, and various orders of the administrative hearings officer."** Exhibit "C" (Complaint at paragraph 42) (emphasis added). Additionally, Plaintiffs argue that Defendant "has intentionally or with deliberate indifference failed to take necessary action to prevent damage to Bryan resulting from the lack of trained and consistent skills trainers." Id. at paragraph 47.

It may be assumed that Plaintiffs intend to offer Ms. Floyd's testimony in an effort to highlight Defendant State's alleged failure to provide Bryan with the services required by various orders, and agreements made by the DOE, including the Settlement Agreement Plaintiffs and Defendant entered into on July 1, 2002. See Exhibit "J". As any communications surrounding the Settlement Agreement and any other attempts at compromise or mediation which the parties have previously engaged

- 16 -

in clearly falls within the ambit of FRE Rule 408, such testimony must be excluded at trial.  Accordingly, Shelby Floyd should be stricken as a witness at trial.

D.  **Any Testimony By Shelby Floyd Concerning Any Settlement Agreement Entered Into Between the State and Plaintiffs Should be Precluded by the Parol Evidence Rule.**

Any testimony by Ms. Floyd concerning the June 1, 2002 Release and Settlement Agreement as to the claims raised in the Complaint filed by Plaintiffs in Civil Case No. 02-00101 (D. Haw.) should be excluded by the parol evidence rule.  See Settlement Agreement in Civil Case No. 02-00101, attached hereto as Exhibit "J".

The Settlement Agreement entered into between the State and Plaintiffs in the first lawsuit is clear and unambiguous, therefore, parol evidence may not be used to modify the terms of such an agreement. "Where a writing is found to be clear, unambiguous and 'the final and, therefore integrated expression of the parties' agreement,' the parol evidence rule bars evidence of prior or contemporaneous negotiations and agreements that contradict the terms of the writing." Boskoff v. Yano, 217 F. Supp.2d 1077 (D. Hawaii 2001)(citations omitted).

The parol evidence rule precludes the admission of extrinsic evidence when the rights and duties created by the document are the dispositive issue. See Akamine & Sons, Ltd. v. American Sec. Bank 50 Haw. 304, 440 P.2d 262 (1968); Oxford

- 17 -

<u>Commercial Corp. v. Landau</u> (N.Y. 1963), 190 N.E.2d 230. The

Hawaii Supreme Court stated in <u>Akamine & Sons</u>:

> An examination of the parole evidence rule requires us
> to apply it in any case where the issue involved is
> what rights or duties were created by the instrument.
> The parole evidence rule is a principle of substantive
> law and not a rule of evidence. As a rule of
> substantive law, it determines the parties' legal
> enforceable contractual obligations. . . . Once the
> parties execute an instrument which contains their
> whole agreement, their previous negotiations and
> agreements are legally ineffective and evidence
> relating to those previous negotiations or agreements
> is irrelevant regardless of who offers it.

<u>Akamine & Sons</u>, 50 Haw. at 307-308, 440 P.2d at 265-66 (citations

omitted).

    In the instant action, examination of the July 1, 2002

Settlement Agreement reveals that the parties' whole agreement

and evidence relating to previous negotiations or agreements is

irrelevant.  Plaintiffs' attempts to introduce Ms. Floyd's

testimony to somehow contradict the terms of the Settlement

Agreement or Defendants' alleged failures to comply therewith are

clearly improper and should be precluded pursuant to the parol

evidence rule.

    **E.    <u>Expert Opinions Of Shelby Floyd Should Be Precluded.</u>**

    Plaintiffs failed to provide Defendants with an expert

report of Shelby Floyd, despite indications that Plaintiffs

intend to call Ms. Floyd, an attorney who specializes in

representing disabled children in lawsuits against the Department

of Education ("DOE"), as a witness at trial.  Eliciting expert

testimony from Ms. Floyd without having previously provided Defendants with an expert report clearly violates Rule 26(a)(2) of the Federal Rules of Procedure which expressly governs expert disclosures.

The modern discovery rules were designed to provide full discovery of all relevant facts known to parties or witness, and also provide for extensive pretrial discovery of trial expert testimony.  The Hawaii Appellate Courts have repeatedly emphasized that "complete and accurate pretrial discovery of expert witnesses is critical to fair trial."  Stender v. Vincent, 92 Hawaii 355, 367, 992 P.2d 50, 62 (2000) (citing Lee v. Elbaum, 77 Hawaii 446, 454, 887 P.2d 656, 664 (Haw. Ct. App. 1993)). A party has the right to discover experts that an opposing party expects to call at trial.  Thibeault v. Square D Co., 960 F.2d 239 (1st Cir. 1992); Haw. R. Civ. P. 26; see also Fed. R. Civ. P. 26.

Rules governing pretrial discovery of expert witnesses recognize, and were designed to prevent, the prejudice that opposing counsel would suffer if forced to attempt to refute an opposing party's expert's testimony with less than full discovery of that expert:

> Effective cross-examination of an expert witness requires advance preparation.  The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment

> on the stand. . . . Similarly, <u>effective</u>
> <u>rebuttal requires advance knowledge of the</u>
> <u>line of testimony of the other side.  If the</u>
> <u>latter is foreclosed by a rule against</u>
> <u>discovery, then the narrowing of issues and</u>
> <u>elimination of surprise which discovery</u>
> <u>normally produces are frustrated.</u>

<u>Lee v. Elbaum</u>, 77 Hawaii 446, 454, 887 P.2d 656, 664 (Haw. Ct.

App. 1993) (quoting Advisory Committee Notes to 1970 Amendments

to Subdivision 26(b)(4)of the Federal Rules of Civil Procedure)

(emphasis added).

Pretrial discovery of an opposing expert's testimony is

also critical to effective cross-examination and/or the

presentation of a rebuttal case.  <u>See</u> <u>Intermedics, Inc. v.</u>

<u>Ventritex, Inc.</u>, 139 F.R.D. 384 (N.D. Cal. 1991); <u>Jefferson v.</u>

<u>Davis</u>, 131 F.R.D. 522 (N.D. Ill. 1990).  A party cannot be

expected to effectively elicit and/or criticize the basis of an

expert's opinions if he has been effectively denied pretrial

discovery of those opinions.

Plaintiffs have improperly designated Ms. Floyd as a

lay witness, and should not be allowed to call her to testify at

trial for the reasons set forth above.  Notwithstanding

Plaintiffs' improper attempt to call Ms. Floyd as a lay witness,

Plaintiffs should also be precluded from calling Ms. Floyd as an

expert witness to proffer expert opinions concerning the State's

actions or inactions in a 504 type case as Plaintiffs have never

provided Defendants with the requisite expert discovery.

Such tactics should not be permitted.  This is precisely the type of prejudice that the discovery rules were designed to prevent.  See, e.g., Intermedics, Inc. v. Ventritex, Inc., 139 F.R.D. 384 (N.D. Cal. 1991); Jefferson v. Davis, 131 F.R.D. 522 (N.D. Ill. 1990).  Defendants will ultimately be prejudiced by having Ms. Floyd testify improperly as an expert witness as Defendants were never provided with any such expert report.  Ms. Floyd, therefore, should be stricken from testifying in this action.

## IV.   CONCLUSION

For the foregoing reasons, Defendant State respectfully requests that Shelby Floyd, former counsel for Plaintiffs, be stricken as both a lay and expert witness at trial.

DATED: Honolulu, Hawaii, September 5, 2007.


/s/ Gregg M. Ushiroda

JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants