391083.1

MARK J. BENNETT           #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM            #4391-0
GEORGE S. S. HOM         #2487-0
HOLLY T. M. SHIKADA      #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI         #2498-0
GREGG M. USHIRODA       #5868-0
LEIGHTON M. HARA        #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br> Defendants. | CIVIL NO. CV 04-00442 HG/BMK <br> CIVIL NO. CV 05-00247 HG/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: PLAINTIFFS ANN KIMBALL WILES AND STANLEY BOND'S INDIVIDUAL CLAIMS FOR NON-ECONOMIC DAMAGES PURSUANT TO THE REHABILITATION ACT 29 |

```
)  U.S.C. Sec. 729; CERTIFICATE
)  OF SERVICE
)
)  HEARING:
)  DATE:  September 17, 2007
)  TIME:  9:00 a.m.
)  JUDGE: Honorable Helen Gillmor
)  TRIAL: December 4, 2007
```

**DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S
REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S MOTION
FOR PARTIAL SUMMARY JUDGMENT RE: PLAINTIFFS ANN KIMBALL WILES
AND STANLEY BOND'S INDIVIDUAL CLAIMS FOR NON-ECONOMIC DAMAGES
PURSUANT TO THE REHABILITATION ACT 29 U.S.C. Sec. 729**

Come now Defendants DEPARTMENT OF EDUCATION("DOE"), and ALVIN RHO ("RHO"),(collectively the "DEFENDANTS"), by and through their attorneys, WATANABE ING & KOMEIJI LLP, and respectfully reassert their request that this Honorable Court dismiss Plaintiffs Ann Kimball Wiles and Stanley Bond's individual claims for Non-Economic Damages, pursuant to the arguments set forth in the instant Motion, the arguments set forth below, and the record and files herein, which are incorporated by reference.

Moreover, Plaintiffs have not cited to any controlling authority which overrules the court's well-reasoned Order filed December 19, 2006, which dismissed Plaintiffs' non-economic damages claims pursuant to the Rehabilitation Act 29 U.S.C. Sec. 729. As such, this honorable Court should grant summary judgment in favor of Defendants and against Plaintiffs with respect to parent Plaintiffs' claims for emotional distress and other non-economic damages. Despite this Court's clear Order dismissing

Plaintiff parent's individual claims for emotional distress and non-economic damages, Plaintiffs refuse to forbear on such claims and have even improperly added eleventh hour retaliation claims in an attempt to misguide this Court into error. Plaintiffs should be decisively foreclosed from pursuing any further claims for their individual non-economic damages pursuant to the December 19, 2006 Order. See Exhibit "A" to Defendants' Concise Statement of Facts ("CSF").

## I.   INTRODUCTION

Plaintiffs' opposition contains no controlling authority which would warrant reversal of the Court's December 19, 2006 Order. Additionally, Plaintiffs improperly seek to interject issues and factual allegations concerning alleged retaliatory conduct by Defendant State which are not at issue in the instant lawsuit and were not plead in Plaintiffs' Complaints. Therefore, the Court's prior ruling that Parent Plaintiffs have no standing to bring individual claims for non-economic damages should stand as a matter of law. As a result of this Court's prior order and the lack of any controlling precedent, summary adjudication of Parent Plaintiffs' individual claims for non-economic damages should be granted in favor of Defendant State.

II. **ARGUMENT**

   A. **Winkleman is an IDEA Case and Does Not Expand the Scope of Remedies Under Section 504**

Contrary to Plaintiffs argument that <u>Winkleman v. Parma City School District</u>, 550 U.S. ___, 127 S.Ct. 1994, 167 L.Ed. 904 (2007) abrogates this Court's December 19, 2007 order, <u>Winkleman</u> has no effect upon the Court's limitation of Parent Plaintiffs' individual remedies pursuant to Section 504. <u>Winkleman</u> only addressed issues concerning the IDEA and did not address the scope of remedies available under the Rehabilitation Act nor did the Supreme Court address whether a non-disabled plaintiff may bring individual claims for emotional distress as a result of the allegedly discriminatory conduct of a government agency against a disabled individual. <u>Id.</u>

<u>Winklemann</u> has not overruled the cases relied upon by this Court in determining that Parent Plaintiffs have no standing to bring individual claims for non-economic damages.

Contrary to the Parent Plaintiffs in the instant action who are only claiming 504 remedies, the <u>Winkleman</u> plaintiffs were the parents of an autistic elementary school student who filed suit against the school district under the IDEA, only. <u>Winkleman</u>, 127 S. Ct. At 1998-1999. Specifically, the parents and the child brought suit, <u>pro se</u>, under the IDEA challenging the proposed individualized education program (IEP). <u>Id.</u> The

district court in <u>Winkleman</u>, dismissed plaintiffs' claims because they were brought <u>pro se</u>. <u>Id.</u> Dismissing the Winkleman's appeal, the Sixth Circuit Court of Appeals held that the rights of a free and appropriate public education belongs only to the child. <u>Id.</u> The Sixth Circuit Court of Appeals concluded that the IDEA does not abrogate the common-law rule prohibiting nonlawyer parents from representing minor children, and that the IDEA does not allow nonlawyer parents to proceed in federal court. <u>Id.</u>

The sole question presented to the Supreme Court of the United States was "whether parents, either on their own behalf or as representative of the child, may proceed in court unrepresented by counsel though they are not retained or licensed as attorneys. <u>Id.</u> at 1998. Analyzing plaintiffs' claims, the Supreme Court recognized that the Winklemans' complaint brought pursuant to the IDEA only, "sought reversal of the administrative decision, reimbursement for private school expenditures, attorney's fees already incurred, and declaratory relief." <u>Id.</u> at 1999. It is important to note that the Winklemans did not make any claim under section 504 (Rehabilitation Act) nor did they make any individual claims for emotional distress.

In determining whether plaintiff parents had individual rights under the IDEA, the Court looked to the two forms of cost recovery available under the IDEA: 1) it allows a court or hearing officer to require a state agency to "'reimburse the

parents of a child with a disability [for the cost of [private school] enrollment if the court or hearing officer finds that the agency had not made a free public education available to the child'"; and 2) "it sets forth rules governing when and to what extent a court may award attorney's fees." Winkleman supra at 2001 quoting 20 U.S.C. Sec 1412(a)(10)(C)(ii) and citing 20 U.S.C. Sec. 1415(i)(3)(B). The Supreme Court also noted that Sec. 1514(i)(3)(B)(i)(I) allows an award "to a prevailing party who is the parent of a child with disability." Id.

The Winkleman court construed the various provisions of the IDEA to accord parents independent, enforceable rights, separate and apart from those of their children. The court specifically reasoned that "the status of the parents as parties is not limited to matters that relate to procedure and cost recovery." Id. at 2004.

The Supreme Court expressed concern about limiting the parents' IDEA rights to non-substantive matters as the statutes' procedural and reimbursement related rights are intertwined with the substantive adequacy of the education provided to the child. Id. The Winkleman Court also concluded that it is difficult to disentangle such provisions. Id. at 2004. The Court noted the difficulty in bifurcating the rights of the parent and child, where in one instance the parents would be required to prove the substantive inadequacy of their child's education to obtain

reimbursement, and where at the same time the parents would be prevented from obtaining a judgment mandating that the school district provide their child with an appropriate educational program. Id. at 2005.

The Supreme Court further concluded that "[p]arents may seek to enforce [the mandate requiring a State to provide a child with a free appropriate public education at public expense] through the federal courts ... because among the rights they enjoy is the right to a free appropriate public education for their child" Id. The court further stated that a parent whose disabled child has not received a free appropriate public education would only have recourse in federal court in two circumstances: 1) when the parent happens to have some claim related to the procedures employed; and 2) when he or she is able to incur, and has in fact incurred, expenses creating a right to reimbursement. Id.

The court noted that the parents' right would be limited under this bifurcated regime as only the child could "vindicate the right accorded by the IDEA to a free appropriate public education." Id. In other words, the Supreme Court recognized that the parents had individual substantive rights to enforce their child's right to a free and appropriate education, without limitation to the procedural matters.

In essence the decision allows plaintiff parents to bring individual claims concerning the adequacy of the education their child is receiving without having to first incur reimbursement related expenses for private-school expenditures or attorneys fees. The individual rights of the parents have been expanded under the IDEA so that the parent may bring a substantive action against the state or government agency to address their child's entitlement to a free appropriate public education without having to navigate through the former procedural and reimbursement prerequisites for IDEA standing. Nothing is said about allowing the parents a substantive right to make a claim for non-economic damages under the IDEA.

Plaintiffs' argument that the <u>Winkleman</u> decision, authored subsequent to this Court's December 19, 2006, somehow alters the analysis applicable to Section 504 claims, is flawed as the Supreme Court's holding in <u>Winkleman</u> is specifically limited to a parent's right to prosecute their own individual substantive claims under the IDEA.

It is undisputed that the <u>Winkleman</u> decision is devoid of any discussion of whether plaintiff parents have a right to prosecute their individual claims for general damages stemming from alleged intentional discriminatory conduct against a disabled individual pursuant to Section 504. As such,

Plaintiffs' individual, non-economic damages claims must be dismissed.

  B. <u>Plaintiffs Failed to Cite to Any Controlling Authority Which Would Allow for Parent Plaintiffs to Recover Damages for Their Individual Emotional Distress Claims Stemming from the Alleged Intentional Discrimination Against Bryan.</u>

Plaintiffs' cannot point to a single case which expressly overrules <u>Zolin</u> and this court's December 19, 2006 denial of parent Plaintiffs' individual claims for non-economic damages. In <u>Zolin</u>, the Ninth Circuit Court of Appeals held that an organization had standing to maintain an action for "expenses reasonably and foreseeably expended" to secure an interpreter for a handicapped juror. <u>Zolin</u> at 1115. <u>Zolin</u> specifically limited its ruling to the organization's "expenses".

Defendants do not argue that non-disabled individuals or entities are not entitled to protection under an appropriately plead Sec. 504 case. Defendants submit that Plaintiffs have no standing to pursue their claims for non-economic damages claim pursuant to the Court's December 19, 2006 Order and the authority cited therein.

Plaintiffs have cited numerous cases in their opposition for the proposition that non-disabled individuals and entities are entitled to protection under 504. <u>See</u> Memo in Opp at 8-12. Interestingly, however, save for Plaintiffs references to <u>Zolin</u> and <u>Sanders v. Marquette Public Schools</u>, 561 F. Supp.

1361 (W.D. Mich. 1983), none of the cases cited by Plaintiffs on pages 8-12 of their opposition specifically hold that a non-disabled person or entity has standing to bring individual claims for emotional distress under the Rehabilitation Act, which is the exact issue being litigated here. See Patricia N. v. LeMaheiu, 141 F. Supp. 2d 1243, 1254 (D. Hawaii 2001) (holding that parents of disabled child had standing to bring individual claim and on behalf of disabled child, but silent as to whether parent may recover non-economic damages); Independent Living Resources, 982 F.Supp. 698, 762 (D. Or. 1997) (ADA claim, silent as to whether parent or third-party may recover non-economic damages in 504 case, and noting that plaintiff organization has standing under ADA if it is the disabled persons' de facto representative); and Innovative Health Systems, Inc. v. City of White Plains, 117 F.3d 37 (2nd Cir. 1997)(silent as to whether a parent or third-party has standing to recover non-economic damages in 504 case).

    C.    **Plaintiffs have Improperly Raised a Retaliation Claim for the First Time in Their Opposition.**

Although Plaintiffs claim they have proper standing because of the alleged retaliatory conduct of the State, Parent Plaintiffs have not plead retaliation in their Complaint and any such claims must be disregarded. See Exhibits "A" (12/19/06 Order); "B" (7/1/05 Verified Complaint in CV 04-00442 HG/BMK); and "C" (4/8/05 Complaint in CV 05-00247 SOM/BMK) of Defendants Concise Statement of Facts.

Plaintiffs have not raised any "retaliation" type 504 claim, and until their opposition, have not memorialized any individual claim of "retaliation" against parent Plaintiffs by Defendant State. Specifically, Plaintiffs made the following allegations limited to Section 504 which Defendants have been defending vigorously:

> Paragraph 50: The DOE has repeatedly been informed of the need to hire and train an adequate number of skills trainers to provide services to autistic children like Bryan. The DOE has intentionally or with deliberate indifference failed to take necessary action to prevent damage to Bryan resulting from the lack of trained and consistent skills trainers.
>
> Paragraph 51: Since entering into the Settlement Agreement, and despite administrative orders and agreements to provide services specified in Bryan's IEPs, the DOE has failed to comply with its obligations to Bryan.

See Exhibit "B" to Defendant's Concise Statement of Facts ("CSF") (Amended Complaint at paragraphs 50 and 51).

Plaintiffs filed their second Complaint in Civil Case No. 05-00247 which is also premised on a violation of the Rehabilitation Act. See Exhibit "C" to CSF (Complaint 4/8/05). The Complaint alleges that the DOE's actions "were done with an intention that was deliberately indifferent to the federal (IDEA) rights of Bryan" (Exhibit "C" to CSF at Para 39); the "DOE has a pattern and practice of failing to provide Bryan with trained skills trainers to carry out their educational program, irrespective of the provisions in his IEPs, agreements made by

the DOE and various orders of the administrative hearings officer" (Exhibit "C" to CSF at para 42); and "[t]he Defendant has repeatedly been informed of the need to hire and train an adequate number of skills trainers to provide services to autistic children like Bryan. The Defendant has intentionally or with deliberate indifference failed to take necessary action to prevent damage to Bryan resulting from the lack of trained and consistent skills trainers." (Exhibit "C" to CSF at para 47.)

At no time, did Plaintiffs ever previously allege that they have been retaliated against by Defendants for their Section 504 claims brought in the instant action. See Exhibits "A", "B" and "C" to CSF. Plaintiffs cannot now, improperly fabricate allegations of retaliation not plead in their multiple Complaints in an attempt to avoid summary judgment. Plaintiffs' actions are a disingenuous attempt to have this court reconsider its prior ruling by interjecting factual allegations concerning Defendants' alleged retaliation that were not plead and are not the subject of this lawsuit.

Plaintiffs have raised their 504 retaliation claim for the first time in their opposition papers. As this is not a claim raised in either of the Complaints, nor was this claim addressed by the Court's December 16, 2006 Order at issue in the instant case, such a claim is an improper basis for Plaintiffs' memorandum in opposition to the instant motion.

The only type of 504 claim at issue in this action is a claim for discrimination against Bryan through whom Parent Plaintiffs have derivative rights to seek compensation for economic damages they suffered as a result of the State's alleged discriminatory conduct towards their son.  In a Section 504 discrimination claim, like the one at present, Plaintiffs have no individual standing to bring any claims for non-economic damages. See Exhibit "A" to CSF at 40-41.  As the only basis for Plaintiffs claims stem from the allegations of discrimination set forth in their Complaints, Defendants submit that Plaintiffs have failed to demonstrate any authority which would allow Plaintiffs to bring claims for non-economic damages against Defendants pursuant to Section 504.

### D. Damages Are Not Available for Parent Plaintiffs' Emotional Suffering

Plaintiffs' absolute failure to direct this Court to any controlling authority which would warrant reversal of the Court's prior December 16, 2006 Order and Plaintiffs' improper attempt to interject claims which were not raised in the Complaints serve as reason enough to grant Defendant State's Motion.  Plaintiffs' claims for their individual non-economic damages must still fail as other jurisdictions have also held that Plaintiffs have no standing to bring claims for non-economic damages under Section 504.  See Rhodes v. Charter Hospital, 730

F.Supp. 1383 (S.D. Miss. 1989) (holding that monetary damages for emotional suffering are not available under Sec. 504 of the Rehabilitation act); <u>U.S. Forest Dale, Inc.</u>, 818 F. Supp. 954 (N.D. Tex. 1993) (holding that monetary damages for emotional suffering are not recoverable under Section 504 of the Rehabilitation Act but noting that applicant may recover for economic damages reasonably incurred); and <u>Americans Disabled for Accessible Public Tranp. (ADAPT) , Salt Lake Chapter v. SkyWest Airlines</u>, Inc. 762 F. Supp. 320 (D. Utah 1991) (holding that monetary damages are unavailable for emotional suffering in suits brought pursuant to Sec. 504 of the Rehabilitation Act).

III.     **CONCLUSION**

For the reasons discussed above, Defendants respectfully request that this Court dismiss all claims in the federal action or, in the alternative, stay the proceedings in the federal action pending the outcome of the state action.

DATED:  Honolulu, Hawaii, September 6, 2007.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants