IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>                Defendants. | CIVIL NO. CV 05-00247 HG/BMK<br>CIVIL NO. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF THE MOTION**

**I.    INTRODUCTION**

Defendant's counsel, Gregg M. Ushiroda, Esq. ("Mr. Ushiroda"), stated at a meet and confer held on September 13, 2007 by telephone that he could not agree to an oral deposition of Lono Beamer ("Mr. Beamer"), former counsel for Defendants. Plaintiffs seek Mr. Beamer's deposition solely on the issue of the origin and chain of custody of the e-mails attached to the Declaration of Stanley E. Levin as Exhibit 1, and communications related thereto. Mr. Ushiroda stated that he was not authorized to agree to any discovery regarding Mr. Beamer and that such a position necessitated a motion and a request for a court order.

Because Mr. Beamer was the former counsel for Defendants, it is assumed by the Defendants that Plaintiffs seek to inquire into confidential matters primarily unrelated to the e-mails. Nothing could be further from the truth. Previously, on September 13, 2004 (Exhibit "10" to Declaration of Stanley E. Levin), the Court granted Plaintiffs expedited discovery on the matter of the e-mails, recognizing their importance after they had been submitted to Judge Gillmor at a TRO hearing on August 5, 2005. Mr. Beamer made the need for his deposition important and crucial because he changed the documents or redacted the originator's name from the e-mails that were submitted by witnesses to him and he then chose to attempt to bring this entire matter to the court's attention. No other witness other than Mr. Beamer himself can tell the jury why and what his goal was in redacting the names on the e-mails in this case.

II. **NO WITNESS HAS BEEN ABLE TO IDENTIFY HOW, WHERE, WHO OR WHY THE CONFIDENTIAL INFORMATION AND E-MAILS WERE OBTAINED**

Lono Beamer's deposition is necessary because Defendants appear to have no recollection of the e-mail exchange concerning Christy Edwards, Bryan's skill trainer, involving unfounded accusations concerning unlawful conduct made by someone with access to her, and/or Plaintiffs' and/or Michael Biehn's e-mail. The e-mails and correspondence are attached hereto as Exhibits 1 and 2 to the Declaration of Stanley E. Levin. Plaintiffs contend this unauthorized possession

and use of these private e-mails, including Ms. Edwards's Paypal information, in an attempt to defend against the family's motion for a TRO, constituted retaliation by the Defendants against the Plaintiffs and their counsel at a time in which the Court had determined injunctive relief was needed to assure implementation of a meaningful educational program for Bryan.  The incident can be at best described as bizarre and strange – both in the actual incident and the Defendants' reaction to questions concerning the e-mails and how Defendants obtained them.

On or about the first week of August 2004, JoAn Hill, also known as Josephine Antonia Hill, an employee of the Department of Education ("DOE") received an e-mail from Desiree Baez (a secretary at the North Kona DOE District office).  *See,* Exhibit 3.  The content of the e-mail deals with one of the long-term skills trainers who remained loyal to the family – Christy Edwards – and who was their only skills trainer at the time, when Bryan's program had degenerated to a crisis level necessitating the TRO hearings.  The e-mail defames Ms. Edwards by claiming that her former employer had started an investigation of Ms. Edwards' alleged purchase of prescription drugs over the internet.  One of the e-mails even contained the actual and current account number for Ms. Edwards' private and clearly confidential Paypal account number.  As noted above, during the August 5, 2004, TRO hearing, Mr. Beamer had attempted to have Judge Gillmor consider

3

these unauthenticated e-mails as part of the DOE's defense. Judge Gillmor refused to consider them, due to their unauthenticated and highly suspicious nature.

Ms. Floyd, Plaintiffs' attorney at the time, sought and obtained an order permitting immediate discovery on the nature and origin of the e-mail exchange. *See,* Exhibit 10. The discovery was not undertaken, as DOE had by then retained Pacific Child and Family, Associates, to evaluate and plan Bryan's program and the parties were focused on that process. When finally questioned concerning her knowledge of the origin or sender of these e-mail three years later, Ms. Hill, testified that:

> A. I was asked many times if I knew who this person was. I do not know who he is and I still, to this day, do not know who he is.

Deposition of Josephine Antonia Hill taken on August 9 2007 at p. 110, lines 11 to 13. Exhibit 12 to Declaration of Stanley E. Levin.

She then testified that she gave the e-mails to Lono Beamer who proceeded to redact some information before presenting it to the Court. She stated that she never determined who the sender was and left it to Mr. Beamer to discern the identity of the sender and how the e-mails had been obtained. She said that:

> Q. Do you know if there was or did you ask for a criminal investigation into Mr. Biehn's apparent hacking into the e-mail account that he did hack into?
>
> A. No, I did not.

4

> Q.   Okay. Why not?
>
> A.   Because everything was turned over to the – my lawyer, Lono Beamer, and I did not feel it was something that I would do personally.

Exhibit 12 at p. 125, lines 1 to 9.

> Q.   So you would lodge a complaint, but you would not be the one investigating?
>
> Mr. Ushiroda:   Objection.
>
> Mr. Ellis:   I understand that misstates it, that's not what she stated.
>
> By Mr. Ellis:
>
> Q.   You would report it, but you wouldn't be the person who would investigate it?
>
> Mr. Ushiroda:   Objection. Misstates testimony.
>
> A.   No, I would not.

Exhibit 12 at p. 125, lines 15 to 25.

Ms. Hill stated that she recognized that hacking into the e-mail or Paypal account of an employee of the DOE was against DOE policy, but that she saw no personal liability.

This e-mail relationship lasted for almost one week and the other e-mails, she treated them in the same fashion as the first email. Although Ms. Hill wondered how Mr. Biehn knew so much about the current proceedings:

5

>    A.   Well, I don't – I wondered how he knew it.  I wondered how he knew all this information, and I kept trying to find our exactly who this person was, but to no avail.

Exhibit 12 at p. 134, line 25 to p. 135, line 3.

The Defendants have never disclosed the identity of the source of the e-mails, when or how they were obtained or any other important details of the e-mails.  Ms. Hill's testimony confirms that Mr. Beamer is the most likely source of this information.

### III. MR. BEAMER'S TESTIMONY IS RELEVANT OR WILL LEAD TO ADMISSIBLE TESTIMONY

The well recognized standard for non-privileged testimony and documents is set by Rule 26 and its instruction that it is discoverable if the materials need not be admissible but may lead to the discovery of evidence relevant to a claim or defense.  See Rule 26(b)(1).  See also the discussion in *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486 (9th Cir. 1989).  Relevant evidence is defined as evidence that has any tendency to make the existence of any fact that is of consequence more probable or less probable than it would be without the evidence.  *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851 (9th Cir. 1997)  Certainly, the discovery of how, where, who and why confidential information concerning Ms. Edwards was obtained and submitted to the Court in a case where Defendants' motives are clearly at issue, is relevant.

By placing himself directly in the chain of custody of these surreptitiously-obtained and confidential e-mails, redacting them and attempting to use them in Court, Mr. Beamer has interjected himself as a fact witness by participating in the chain of custody. He is not immune from discovery on this limited area. As one Court explained:

> The Federal Rules of Civil Procedure permit discovery via the deposition of "any person" without leave of court. Fed. R. Civ. P. 30(a)(1). The Rules do not themselves exempt attorneys from being a source of discoverable facts. In *United Phosphorus, Ltd. v. Midland Fumigan*t, Inc., 164 F.R.D. 245, 247 (D. Kan. 1995), the court observed:
>
>> Fed. R. Civ. P. 26(b)(3) clearly contemplates discovery from attorneys as well as from the parties themselves or their agents. When work product is sought under Rule 26(b)(3), such discovery is limited to circumstances where the party seeking discovery can establish a substantial need and an inability to obtain the substantial equivalent by other means. The burden of establishing the criteria set forth in Rule 26(b)(3) is upon the party seeking discovery. Neither the criteria for determining the appropriateness of discovery or the burden of establishing the existence of the criteria are altered because the documents were prepared by or in the custody of an attorney. Not only are attorneys not exempt from this rule, discovery from them is clearly contemplated. It is inconceivable that had the drafters of the Federal Rules of Civil Procedure, the Supreme Court or Congress intended to exempt attorneys from the provisions of Rule 30 or to otherwise limit discovery from attorneys, they would not have included a provision in Rule 30 similar to that contained in Rule 26(b)(3). Had the Court or Congress intended to engraft a preliminary showing when deposition discovery was sought from attorneys, such an exception would likely have been

> found in Rule 30 or otherwise within the Rules of Civil Procedure. Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party to represent them in litigation.

*Union Pac. R.R. Co. v. Huxtable*, 2006 U.S. Dist. LEXIS 51532, 6-7 (D. Neb. 2006).

As applied to the deposition of Lono Beamer, the only inquiry is whether his testimony about the Michael Biehn incident will produce admissible evidence on the issue of the origin and chain of custody of the e-mails, and communications related thereto. The origin, chain of custody and communications regarding these e-mails reflects directly on the state of mind of the DOE officials and what their motives were toward Plaintiffs and Ms. Edwards, especially considering whether more than mere neglect was at work in their decision-making. In order to establish the Defendants acted with deliberate indifference requires evidence that the DOE acted with "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001).

> The first element is satisfied when the public entity has notice that an accommodation is required. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when

8

conducting its investigation into what accommodations are reasonable."

*Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002), *citing Duvall* 260 F.3d at 1139 (internal citations omitted).

DOE's conduct in obtaining unauthorized, and using private, information concerning Christie Edwards must be explained. How, why, when and when DOE and Mr. Beamer obtained them and intended to use them to prove bad character of Ms. Edwards at a time when the Court had determined injunctive relief was needed to assure implementation of a meaningful educational program for Bryan, is relevant to DOE's motives overall. Plaintiffs seek the deposition of Mr. Beamer solely on the issue of the origin and chain of custody of the e-mails, and communications related thereto. Mr. Beamer will not be asked about other current or past confidential information. He is the sole source of this information and it would be manifestly unfair if Plaintiffs were unable to obtain this limited discovery, given the sensitive and highly confidential nature of the information and the obvious relationship between the information sought and DOE's motives.

DATED: Honolulu, Hawaii, September 24, 2007.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
Attorneys for Plaintiffs