# Alston Hunt Floyd & Ing

BY FAX AND MAIL
FAX.: 808-541-3500

Attorneys at Law
A Law Corporation

August 24, 2004

65-1230 Mamalahoa Hwy
Carter Professional Center,
Suite C-21
Kamuela, HI 96743

TEL: (808) 885-6762
FAX: (808) 885-8065
Internet: www.ahfi.com

SHELBY ANNE FLOYD

E-MAIL:
sfloyd@ahfi.com

**LETTER BRIEF PURSUANT TO L.R. 37.1(a)**

The Honorable Barry M. Kurren
U.S. Magistrate Judge
United States District Court
300 Ala Moana Blvd., Rm. C-229
Honolulu, Hawai'I 96850

Re:   **Ann Kimball Wiles, et al. v. Department of Education, et al.
Civil No. CV04-00442 HG BMK**

Dear Judge Kurren:

Pursuant to L.R. 37.1, Plaintiffs seek leave to immediately depose a representative of the Department of Education concerning (1) the status of efforts of the DOE to hire and train skills trainers for Bryan, and (2) e-mails between DOE personnel and an unidentified party concerning private communications between Plaintiff Ann Wiles and Christy Edwards, a skills trainer, which were apparently illegally obtained by the DOE.

Immediate access to this information is critical for Bryan. This case was filed to enforce three administrative orders and a settlement agreement which required that certain educational and related services be provided to Bryan. By definition under the Individuals with Disabilities Education Act, Bryan is not receiving a free, appropriate public education, to which he is entitled under the IDEA and these orders. Aside from the violation of the law, Bryan's behavior has been significantly impacted by the lack of appropriate services and providers, by the constant turn over of personnel supplied by the DOE, and by inadequate implementation and monitoring of the delivery of services. The administrative hearings officer has found that the DOE's failure to provide appropriate services resulted in Bryan's regressing in several areas of functional living skills, including toileting and

264092-1/6515-1



EXHIBIT 6

respecting boundaries. Unless Plaintiffs can acquire accurate information under oath and bring it to the attention of the court at the hearing currently scheduled for September 10, 2004, there is a good likelihood that Bryan will continue to regress.

The 2000 amendments to Rule 26(b) created a two-tier discovery process. *See* Fed. R. Civ. P. 26(b)(1) and (2). The first category of discovery, initiated by the parties, permits discovery regarding any unprivileged matter relevant to the "claim or defense" of any party. Fed. R. Civ. P. 26(b)(1). Under the second and broader category of discovery, the court, for good cause, may order discovery of any matter relevant to the "subject matter involved in the action" — the standard of relevance that existed prior to the 2000 amendments. Fed. R. Civ. P. 26(b)(2). Relevance for discovery purposes is broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979) (discovery rules are to be accorded a broad and liberal treatment). Hence, the information sought during discovery need not be admissible at trial; the information sought need only be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiffs' request clearly meets those standards, and is entitled to obtain discovery without delay.

Here, the DOE disclosed that it had been in communication by e-mail with an unidentified person who was providing information concerning the qualifications of Christy Edwards, a skills trainer who was hired by Plaintiffs in the absence of qualified skills trainers hired by the DOE or its agencies. Included in the e-mails was also one between Christy and Kim Wiles that could only have come from e-mail stored on Christy's Hotmail account, and may have been accessed in violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq. The DOE has stated that the e-mails were from a Michael Biehn, who has stated under oath (see attached) that he did not send the e-mails to Ms. Hill.[1] Both the qualifications of Christy Edwards and the identity of persons who have unauthorized access to her and Kim Wiles communications are relevent to the issues in this proceeding, which involves (a) claims by the DOE that persons who deliver services in the Bond household and privately to Bryan are qualified or not, and (b) the Bond's assertion of legitimate limitations on persons paid by the DOE to provide services in the Bond's home.

---

[1] In response to a request under H.R.S. Ch. 92, Mr. Beamer denied that the e-mails are government records.

Magistrate Judge Barry M. Kurren
August 24, 2004
Page 3

Plaintiffs are prepared to conduct immediate targeted depositions of Ms. Hill concerning the e-mails and Ms. Edwards' qualifications. The need for the information is high, and the potential for burden on the DOE is low.

Very truly yours,

*[signature]*

SHELBY ANNE FLOYD

SAF/bh

enclosure: Copy of Declaration of Michael Biehn

cc: Lono Beamer, Esq.
     clients