391712.1
**MARK J. BENNETT**     #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**       #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**     #2498-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>    Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE ORAL DEPOSITION OF LONO BEAMER, FILED SEPTEMBER 24, 2007; DECLARATION OF GREGG M. USHIRODA; EXHIBITS "A"-"B" CERTIFICATE OF SERVICE<br><br>**HEARING:**<br>DATE:  September 28, 2007<br>TIME:  1:30 P.m.<br>JUDGE: Honorable Barry Kurren<br>**TRIAL: December 4, 2007** |

**DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**THE ORAL DEPOSITION OF LONO BEAMER, FILED SEPTEMBER 24, 2007**

Come now Defendants DEPARTMENT OF EDUCATION("DOE"), and ALVIN RHO ("RHO"),(collectively the "DEFENDANTS"), by and through their attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Memorandum in Opposition to Plaintiffs' Motion to Compel the Oral Deposition of Lono Beamer filed September 24, 2006 ("Motion").

I.   **INTRODUCTION**

In their eleventh hour motion, Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, (collectively referred to as "Plaintiffs"), seek to improperly compel the deposition testimony of former Deputy Attorney General Lono Beamer, Esq., former counsel of record in the instant action.  Plaintiffs disingenuously argue that Mr. Beamer's deposition is necessary to determine the "origin and chain of custody" of certain e-mails between Josephine "JoAn" Hill and Michael Biehn.  See Motion at 2.

Plaintiffs attempt to mislead this court by arguing that such information is necessary from Mr. Beamer, when in fact, the origin and chain of custody of the e-mails have been discussed *ad nauseam* during Ms. Hill's deposition.  For Plaintiffs, this is a mere fishing expedition before the October

2

5, 2007 discovery cut-off. Plaintiffs have not established a substantial need to depose former counsel in this case and their Motion, should be denied on this basis alone.

  Plaintiffs' request to depose Mr. Beamer should also be denied because any non-privileged testimony which Mr. Beamer may offer concerning the e-mails is irrelevant to the issue of whether the State was deliberately indifferent to Bryan Wiles-Bond. Plaintiffs are premature in assuming that their retaliation claims have been accepted by Judge Gillmor. Plaintiff parents presently do not have any individual retaliation claims before this Honorable Court and therefore any allegation that Mr. Beamer's conduct somehow constituted retaliation against them is presently irrelevant. Plaintiffs' Motion should be denied and pursuant to HRCP Rule 37, Defendants should be reimbursed their fees and costs incurred in defending against such a baseless motion.

## II. ARGUMENT

  Plaintiffs have not set forth any compelling reason which would justify the deposition of former counsel for Defendants in this action. Testimony regarding the chain of custody of the e-mails in question is irrelevant to Plaintiffs' present claims of deliberate indifference under Section 504. Further, Plaintiffs' Motion seeks information which: 1) is cumulative and has already been disclosed by JoAn Hill, a

3

percipient, non-attorney witness; or 2) is clearly protected by the work-product doctrine and the attorney-client privilege. Plaintiffs' Motion should, therefore, be denied.

    A.   **The Proposed Testimony of Mr. Beamer is Irrelevant to Plaintiffs' Current Claims**

Plaintiffs appear to argue that by somehow accepting the e-mails at issue from Ms. Hill and redacting the identity of the sender, Mr. Beamer placed his conduct regarding the e-mails directly at issue in this case. Plaintiffs further argue that Mr. Beamer's testimony concerning the alleged unauthorized use of the e-mails at issue will be relevant to Plaintiffs' claims for retaliation. See Motion at 2-3. Plaintiffs' claims for retaliation have not been recognized by Judge Gillmor and any references to Mr. Beamer's testimony as being relevant to prove retaliation, a nonexistent claim, are patently false. Because the Court has not recognized Plaintiffs' retaliation claims, Mr. Beamer's testimony about the e-mails would not be relevant to any claim or issue presently before the Court.

On September 27, 2007, Judge Helen Gillmor held a hearing on Defendants' Motion for Partial Summary Judgment on Plaintiffs' Non-economic Damages Claims. See Transcript of Proceedings dated September 17, 2007, attached as Exhibit "A". After hearing argument from counsel, Judge Gillmor granted in part and denied in part Defendants' motion. Exhibit "A" at 21:8-19. The motion was specifically granted with respect to the fact

that the <u>Winkleman</u> case[1] does not impact the Court's prior December 19, 2006 order holding that Plaintiff parents do not have standing to raise personal, non-economic damages claims in this action. <u>Id.</u>

Plaintiffs also raised for the first time in their opposition papers and argument the issue of Plaintiff parents' individual claims for retaliation. Judge Gillmor noted that Plaintiffs did not raise the issue of retaliation and that issue was not addressed in her lengthy order of December 19, 2006. <u>Id.</u> at 22:5-11. Recognizing that Plaintiffs failed to plead retaliation, the Court gave Plaintiffs until October 2, 2007 to file a motion to amend the Complaint to include a retaliation claim. <u>Id.</u> 22:5-25, 23:1-16. Defendants have until October 16, 2007 to respond. <u>Id.</u> at 23:17-18. As such, it is clear that there are no retaliation claims at the present time and that any claims allegedly involving the e-mails and their role in any alleged retaliation are irrelevant to Plaintiffs' present claims of deliberate indifference under Section 504.

Specifically, Plaintiffs claim that the unauthorized possession and use of these private e-mails, to defend against the Plaintiffs' Motion for TRO constituted retaliation by Defendants. <u>See</u> Motion at 3. As there are no retaliation claims presently before the court, Mr. Beamer's testimony cannot be

---

[1] <u>Winkleman v. Parma City School District</u>, 550 U.S. ___, 127 S. Ct. 1994, 167 L.Ed. 904 (2007)

considered relevant in any way and cannot be the subject of discovery in this action. Plaintiffs' Motion, therefore, should be denied.

    B.    **The Proposed Testimony of Mr. Beamer is Cumulative and Unnecessary**

Notwithstanding the privileged nature of any expected testimony, Plaintiffs' Motion should also be denied as the testimony sought from Mr. Beamer is cumulative and unnecessary. Plaintiffs complain that "Defendants have never disclosed the identify of the source of the e-mails, when or how they were obtained or any other important details of the e-mails." See Motion at 6. Plaintiffs' mischaracterization of the factual circumstances of this case could not be further from the truth.

In fact, Plaintiffs were made aware of these issues at the deposition of Ms. Hill:

| | |
|---|---|
| 1) identity of the source of the e-mails | <u>See</u> Deposition of Ms. Hill at 112:17-25; 113:1-6, Exhibit "B"<br>Q: So Mr. Beamer had the documents - this particular e-mail with the e-mail address listed at the top and then he redacted it prior to going to court?<br>A: I believe so.<br>Q: **And was the redacted portion –did it–do you recall how the address appeared at the top?**<br>A: Do I recall how it appeared?<br>Q: Yes.<br>A. **I can't really tell you right now how it was. It was Michael, M-i-c-h-a-e-l, and then at one point it was B-i-e-h-n, I believe, and then it changed to B-e-i-h-n or something, something similar to that, to my best recollection.** |
| 2) when and how they were obtained? | <u>See</u> Exhibit "B" at 119:23-25; 120:1-10<br><br>Ms. Hill testified that she received the e-mails from Mr. Beihn and that she did not tell him to stop e-mailing her because she hoped to determine his identity.<br><br>Although not specifically asked by Plaintiffs, it can be reasonably inferred that the e-mails were obtained from Ms. Hill.<br><br>Ms. Hill testified that she provided the e-mails to Mr. Beamer. Exhibit "B" at 120:19-21. |

7

| 3) Any other important details of the e-mails | Exhibit "B" at 114:15-21. Ms. Hill testified that aside from her secretary, she did not disclose the e-mails to anyone else. |
|---|---|

As Ms. Hill's testimony already provides "answers" to Plaintiffs' questions concerning the source of the e-mails and their surrounding circumstances, any attempt to garner such information from Mr. Beamer is improper. The proposed questioning of Mr. Beamer, where Plaintiffs have the information they seek, is clearly a tactical maneuver intended to harass Mr. Beamer and to waste Defendants' valuable trial preparation time.

In fact, with respect to Plaintiffs' chain-of-custody argument, JoAn Hill testified that she was the recipient of the e-mails, that she transmitted them to Mr. Beamer and that Mr. Beamer redacted the name Michael Biehn before handing them to the court. Thus, the chain of custody of the e-mail is clear, the e-mail went from Mr. Biehn to Ms. Hill who then printed the e-mail and rightfully transmitted the document to her attorney, Lono Beamer.

Additionally, Plaintiffs seek to obtain additional information which relates to Mr. Beamer's investigation into the e-mails. Mr. Beamer's investigation cannot be used as a reason to justify taking his deposition as his investigation is clearly attorney work-product. Further, any communications he may have

had with his clients concerning the e-mails would be subject to the attorney-client privilege.

In the instant case, Plaintiffs argue that because Mr. Beamer allegedly investigated the identity and circumstances surrounding the e-mail in question, they should be entitled to take his deposition. See Motion at 7. Plaintiffs seem to argue that because Mr. Beamer received the e-mails from Ms. Hill and then conducted his duties as an attorney by performing an investigation into the circumstances surrounding the e-mails, Mr. Beamer somehow became a percipient witness. Plaintiffs' flawed logic would lead to absurd results. For example, applying Plaintiffs' logic to a typical case would allow adversaries in virtually every case to compel the depositions of each other's attorney but for the mere fact that an attorney received documentary evidence and performed an investigation.

Indeed, by the mere fact that Plaintiffs have transmitted documents to their counsel which were produced in discovery, Defendants would --applying Plaintiffs' flawed logic-- similarly be able to depose Mr. Levin, Mr. Ellis and Mr. Varady on any papers provided to them by their clients which were eventually used in court.

If the court were inclined to grant Plaintiffs' Motion, Defendants should be able to question Mr. Levin, Mr. Ellis and Mr. Varady on the "chain-of-custody" and any other matters

related to documents Plaintiffs have used in this action. Plaintiffs' logic is flawed, which warrants denial of their instant Motion.

### C. The Proposed Testimony of Mr. Beamer is Protected from Discovery by the Work Product Doctrine and the Attorney Client Privilege

A party seeking to discover work product materials must show (1) the substantial need of the materials in preparation of the party's case, and (2) that the party is unable without undue hardship to obtain the substantial equivalent by other means. FRCP Rule 26(b)(3). Mental impressions, conclusions, opinion or legal theories are not subject to discovery. In re Grand Casinos, Inc., 181 F.R.D. 615 (D. Minn. 1998). To the extent that Plaintiffs seek any mental impressions, conclusions, opinions or legal theories forumlated by Mr. Beamer during his alleged investigation into the circumstances surrounding the e-mails in question, Plaintiffs' Motion must be denied.

Despite Plaintiffs' representations that Mr. Beamer's testimony will be "limited to the issue of the origin and chain of custody of the e-mails and communications related thereto", Plaintiffs' Motion contains contrary statements and also hints that Plaintiffs seek privileged information from Mr. Beamer as to why he redacted the e-mails and what his goals were in redacting the names of the e-mails. Compare page 2 of Motion with page 9 of Motion. Mr. Beamer's reasoning and goals for the redacted

e-mails are absolutely privileged.  FRCP Rule 26(b)(3) ("the court **shall** protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney...")(emphasis added).

   D.   **Plaintiffs have Failed to Demonstrate that There is No Other Means to Obtain the Information Sought**

In their Motion, Plaintiffs argue that because no percipient witness was able to identify "how, where, who or why the confidential information and e-mails were obtained", Lono Beamer's deposition is somehow necessary.  See Plaintiffs' Motion, at 2.  Plaintiffs' argument, however, is fatally flawed as any such information cannot be obtained from Mr. Beamer pursuant to the attorney work-product privilege.  Moreover, Plaintiffs have failed to demonstrate that they were unable to obtain such information by any other means (e.g. interrogatories).

Many courts have determined that the only way an adversary may depose a party's attorney is if the adversary can demonstrate that the information sought is relevant, non-privileged and critical to the preparation of the case and there is no other way to obtain the information.  See Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); Caterpillar Inc. V. Friedemann, 164 F.R.D. 76, 78 (D. Or. 1995); Lebovic v. Nigro, 1997 WL 83735, at *1 (E.D. Pa. Feb. 26, 1997) (deposition of counsel is "typically only permitted where a clear

need is shown"); <u>Kelling v. Bridgestone/Firestone, Inc.</u> 153 F.R.D. 170, 171 (D. Kan. 1994) ("[a]bsent an attorney's advice being made an issue in the case, courts should exercise great care before permitting the deposition of an [opposing] attorney").

Plaintiffs obviously have other means of discovering the identity of the author of the e-mail.  In addition to taking the deposition of Ms. Hill, the percipient witness directly involved in the communications, Plaintiffs could have attempted to use other discovery methods to obtain such information.  Any relevant information which is known to Mr. Beamer that is not protected by the attorney-client privilege or work-product doctrine could be discovered by other means such as interrogatories and requests for admission or production directed to the party.  Even assuming *arguendo* that some act of Mr. Beamer in conducting discovery may be relevant and non-privileged, Plaintiffs have failed to demonstrate that they cannot ascertain and present evidence of such an act without making a witness of Defendant's former attorney.

E.   **Defendants are Entitled to Fees and Costs**

Pursuant to Rule 37(a)(4), Defendants hereby request sanctions, including an award of attorneys fees and costs to be assessed against Plaintiffs in favor of Defendants, for the time and effort which went into opposing the instant Motion.

IV. **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this honorable Court deny Plaintiffs' Motion to Compel the Oral Deposition of Lono Beamer filed on September 24, 2007.

DATED: Honolulu, Hawaii, September 27, 2007.

        /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants