LAW OFFICES OF CARL M. VARADY
CARL M. VARADY          4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/FAX: 523-8448
E-mail: carl@varadylaw.com

OF COUNSEL:
DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN         1152-0
MICHAEL K. LIVINGSTON    4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>        Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S MOTION TO STRIKE SHELBY FLOYD AS A WITNESS FILED ON SEPTEMBER 5, 2007; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:  October 19, 2007<br>TIME:  2:30 p.m.<br>JUDGE: BARRY M. KURREN |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S MOTION TO STRIKE SHELBY FLOYD AS A WITNESS FILED ON SEPTEMBER 5, 2007

## I.  INTRODUCTION

Without any basis in fact whatsoever, Defendants Department of Education ("DOE") and Alvin Rho ("Rho") (collectively referred to as "Defendants") have waited until the last possible day within the present pre-trial schedule to file a *Motion to Strike* Plaintiff's former counsel, Shelby Floyd ("Ms. Floyd"), as a potential witness for Plaintiffs. There is no authority for Defendants' position in moving to strike the testimony of Ms. Floyd, and Defendants' *Memorandum in Support of Motion* clearly reflects a lack of support for their position.

Rather than notice Ms. Floyd's deposition to discover the breadth and substance of her testimony, Defendants have chosen instead to file this very belated Motion which is entirely speculative on the subject matter of her possible testimony. Defendants have no basis or facts on which to contest her testimony, Defendants' Motion should be denied.[1]

## II.  FACTS

Ms. Floyd served as lead counsel for Plaintiffs until she withdrew on April 21, 2006.  Defendants acknowledge that Plaintiffs properly identified Ms. Floyd as a witness in this matter in May 2007.  Defendants' Memorandum at 6.  To provide

---

[1]  Plaintiffs note for the record that Defendants' Memorandum exceeds 15 pages in length, but does not contain the tables of contents and authorities required for briefs in excess of 15 pages by LR 7.5(f).

Defendants a fair opportunity to discover the substance and basis of Ms. Floyd's testimony, Plaintiffs' current counsel wrote to Defendants' counsel on July 25, 2007 making all correspondence between Ms. Floyd and Plaintiffs, her former clients, as well as her legal files, available for review and copying expressly acknowledging that the attorney-client privilege had been waived in order to permit Ms. Floyd to testify. Exhibit I to Defendants' Memorandum.

Defendants claim that as a matter of law Ms. Floyd is prohibited from testifying in favor of her former clients. Defendants are incorrectly interpreting the law with regard to the testimony of a former counsel testifying in favor of a former client's position.

Defendants state that Plaintiffs did not name Ms. Floyd as an expert witness and that she cannot testify as an expert. This is an additional red herring; Plaintiffs do not seek to have Ms. Floyd designated as an "expert."

**A.    Ms. Floyd's Testimony Will Be That of a Percipient Witness Who Participated in Discussions, Hearings and Meetings With Defendants Over a Four-Year Period.**

Ms. Floyd represented Plaintiffs in an excellent manner in Individualized Educational Program ("IEP") meetings, administrative due process hearings under the Individuals with Disabilities Education Act ("IDEA") and enforcement efforts before this Court until Plaintiffs were forced to leave Hawaii in January 2005. Ms. Floyd was involved in extensive and repeated efforts of the Plaintiffs to obtain, as

3

mandated by law, a free and appropriate education ("FAPE") for Bryan Wiles-Bond ("Bryan"), under IDEA that he was denied.  Ms. Floyd was counsel of record in the initial federal case, CV-04-00442 HG/BMK, which was filed in 2004, at a time when the family still resided in Hawaii and was seeking primarily declaratory and injunctive relief.  Exhibit 1 to Declaration of Stanley E. Levin [original complaint filed by Shelby].  Ms. Floyd has not represented Plaintiffs in the current damages action.  She is a necessary witness with relevant, admissible evidence that is offered to corroborate the facts of Bryan's parents' struggle to obtain an appropriate program, her efforts in finding the means to implement Bryan's program, Defendants' knowledge of Bryan's specific needs and Defendants' continued failure to fulfill its legal duties, promises and due process decisions.

### 1. Ms. Floyd was a percipient witness to Defendants' misconduct.

In contrast to the initial action for declaratory and injunctive relief filed by Ms. Floyd, the instant lawsuit subsequently was filed by Plaintiffs' current attorneys to obtain damages under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, for injuries resulting from Defendants' deliberate indifference toward Bryan's educational program and the damages caused him and his parents as a result.

The Ninth Circuit has explained the "deliberate indifference standard" in two decisions that applied Section 504, *Duvall v. County of Kitsap*, 260 F.3d 1124

(9th Cir. 2001), and *Lovell v. Chandler,* 303 F.3d 1039 (9th Cir. 2002). In *Duvall*, the court stated that deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (*citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989). The first element is satisfied when the public entity has notice that an accommodation is required. *Id*. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." *Id.* (footnote omitted); *Lovell*, 303 F.3d at 1057-58 (failure to provide insurance services to severely disabled constituted deliberate indifference).

In sum, the deliberate indifference standard requires that the Plaintiffs prove that the Defendants had notice (knowledge that a harm to a federally protected right is substantially likely) and that Defendants' failure to act that is more than negligent.

The Court is well aware of Ms. Floyd's lengthy direct participation attempting to secure appropriate educational programs and related services for Bryan and his parents, through IEP meetings, due process hearings and proceedings before this Court.  No one, other than Bryan's parents, is a more apt

5

witness to establish that Defendants knew of Bryan's educational needs and repeatedly and knowingly failed to fulfill its legal obligations to meet those needs than Ms. Floyd. Any assertion that Ms. Floyd's testimony on these issues would not satisfy the requirements of Rule 401 is false.

Thus, Defendants' premature motion in limine seeks to prevent Plaintiffs' most knowledgeable percipient non-party witness from testifying in this case. There is no basis whatsoever from barring her testimony.

### 2. Defendants' arguments are purely speculative.

Defendants' position that Ms. Floyd's testimony would be cumulative or hearsay is factually deficient on its face. Defendants have not taken <u>any</u> steps to depose Ms. Floyd or otherwise discover the scope or substance of her testimony. The discussion and assertions contained in pages 9 through 21 of Defendants' Memorandum therefore are pure speculation. Had Defendants deposed Ms. Floyd and presented the Court with instances of objectionable testimony, rather than rank speculation regarding what such testimony might be, there would be some factual basis for the Court's consideration of Defendants' arguments. As it is, there is no evidentiary basis for such a ruling by the Court, and, thus, Defendants' motion should be denied.

Nevertheless, Plaintiffs will address Defendants' factually unfounded arguments.

6

**B. Defendants' Arguments Regarding Rule 408 Are Bogus and Contrary to the Advisory Committee Notes.**

There is no question that a former attorney can in fact testify on behalf of a former client, and there are no ethical or professional problems in doing so. *E.g., Towe Antique Ford Foundation v. I.R.S.*, 999 F.2d 1387 (9th Cir. 1993). The instant case poses far fewer concerns than *Towe* as there is no hint of adversity or any involuntary breach of client confidence. Again, without having made any effort to determine the subject matter of Ms. Floyd's testimony, Defendants assert that she should be barred from testifying; assuming all of her testimony would be governed by Rule 408's prohibition. There is no factual basis, therefore, for ruling that Rule 408 applies; Defendants simply cannot establish what Ms. Floyd's testimony will address.

Defendants refer to Plaintiffs' complaint in order to speculate as to what Ms. Floyd's testimony would be: "[i]t may be assumed that Plaintiffs intend to offer Ms. Floyd's testimony in an effort to highlight Defendant State's alleged failure to provide Bryan with the services require by various orders, and agreements made by the DOE, including the Settlement Agreement Plaintiffs and Defendant entered into on July 1, 2002." Defendants' Memorandum at 16. Even if Defendants' assumption were correct, Rule 408 would not bar such testimony.

First, Rule 408 does not apply to matters witnessed by Ms. Floyd in the course of her representation of Plaintiffs in due process hearings, IEP meetings or

7

other discussions or observations regarding Bryan's program or Defendants' implementation of it. Statements that are not part of compromise discussions are not subject to Rule 408. *E.g., Sage Realty v. Insurance Co. of N. America,* 34 F.3d 124, 128 (2nd Cir. 1994). Discussions that pertain to these hearings, IEPs and other matters unrelated to the cited agreement (Exhibit J to Defendants' Memorandum), simply are not subject to Rule 408's bar.

Second, there is no question that Rule 408 does not require exclusion of evidence of settlement of a claim different from the one being litigated. *E.g., Towerridge, Inc., v. T.A.O., Inc,* 111 F.3d 758, 769-70 (10th Cir. 1997).

> [T]he "general principle" is that "'Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim.'" *Uforma/Shelby Business Forms, Inc. v. NLRB*, 111 F.3d 1284, 1293-94 (6th Cir. 1997) (*quoting* 23 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5314 (1st ed. 1980) at n.25). Similarly, the Tenth Circuit Court of Appeals has observed that "Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997); *accord Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992).

*Johnson v. Land O' Lakes,* 181 F.R.D. 388, 393 (D. Iowa 1998)(because evidence of compromise of claims concerned different claims Rule 408 not applicable). Plaintiffs in the present case are not seeking to enforce a prior agreement nor litigate Defendants' liability to provide services under IDEA covered by the July 1,

8

2002. Plaintiffs are seeking to recover money damages under Section 504 of the Rehabilitation Act for the consequences to their son and themselves resulting from Defendants' failure to provide the appropriate program for Bryan. That Defendants did not fulfill the terms of the settlement agreement and Ms. Floyd would testify to that fact is no different than any other case where the terms of an agreement are presented to a jury to determine whether those terms were fulfilled. To quote one court, "Obviously a settlement agreement is admissible to prove the parties' 'undertakings in the agreement, should it be argued that a party broke the agreement.'" *Cates v. Morgan Portable Building Corp.*, 780 F.2d 683, 691 (7th Cir. 1985). Courts admit statements made during settlement negotiations in suits asserting breach to prove the terms of the agreement. *E.g., Central Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982).

    Therefore, even if the present action were not separate and apart from the initial action filed by Ms. Floyd, and even if Ms. Floyd were to testify regarding Defendants' failure to fulfill, among other legal duties, their contractual obligations regarding the July 1, 2002, agreement, her testimony is not barred for that purpose as the Advisory Committee Notes to Rule 408 expressly explains citing the cases above.

### C. There are No Facts Upon Which to Assert that Ms. Floyd's Testimony Constitutes Parol Evidence.

Again, without a shred of fact to support their speculation, Defendants assert that Ms. Floyd's testimony would be offered to vary or modify the terms of Defendants' promises to provided Bryan an appropriate program, as set forth in the July 1, 2002, agreement. Defendants' Memorandum at 17. For the Court to consider this argument, Defendants would first need to demonstrate that Ms. Floyd's testimony was being offered for the stated purpose—to vary the terms of the cited agreement. No such proof is before the Court. Furthermore, Plaintiffs do not seek to contradict the terms of the July 1, 2002, agreement through Ms. Floyd's testimony. There is no basis for asserting the parol evidence rule bars Ms. Floyd's testimony.

### D. Ms. Floyd's Testimony is Percipient, not Expert.

Ms. Floyd's testimony is being offered as necessary, percipient witness. That she may be knowledgeable in the area of special education law does not preclude her from testifying as a witness to the underlying facts constituting Bryan's parents' and her struggle to obtain an appropriately implemented educational program for Bryan. Defendants' discussion of the requirements of Rule 26 are irrelevant for two reasons: (1) Ms. Floyd is being offered as a necessary, percipient witness, not an expert; and (2) any lack of knowledge regarding the nature and scope of Ms. Floyd's testimony could easily have been

cured by taking her deposition; Defendants chose not to do so and cannot complain of their resulting lack of knowledge.

## III. CONCLUSION.

For the reasons set forth herein, Plaintiffs respectfully request that Defendant Department of Education and Alvin Rho's Motion to Strike Shelby Floyd as a Witness be DENIED.

DATED: Honolulu, Hawaii, October 1, 2007.

/s/ STANLEY E. LEVIN
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs