IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Defendants DEPARTMENT OF EDUCATION, STATE OF HAWAII ("DOE") and ALVIN RHO ("RHO"), in his official capacity as West Hawaii District Superintendent (collectively "Defendants"), hereby request an order authorizing the Child Welfare Services Branch, Social Services Division, Department of Human Services, State of Hawaii (DHS) to produce records related to Bryan Wiles-Bond.

DHS refuses to provide any documents absent either: 1) a valid authorization and waiver by Plaintiffs; or 2) a court order. As Plaintiffs have delayed in providing an executed waiver, Defendants are forced to seek an appropriate court order.

## I. INTRODUCTION

At the outset, it should be noted that Plaintiffs' counsel have advised their clients that the records requested from DHS concerning Bryan Wiles-Bond should be produced in this action and have instructed their client to sign an authorization for the release of the requested records. See Exhibit "A", e-mail from Debbie McWilliams to Ms. Wiles and Mr. Bond dated September 13, 2007. After repeated requests by Defendants, however, Plaintiffs have not faxed or mailed the original executed Authorization for the release of such records. Given the pending October 5, 2007 discovery cut-off, Defendants cannot wait for Plaintiffs to idly provide such an authorization and are forced to seek leave of court to obtain the records directly from DHS.

Defendants, therefore, request that this court issue an order authorizing DHS to produce any and all documents related to Bryan Wiles Bond that are being withheld on confidentiality grounds.

## II. BACKGROUND

On August 27, 2007, Defendants issued a subpoena to the Custodian of Records; Child Protective Service-Kona Office. See Subpoena in a Civil Case to Custodian of Records; Child Protective Service- Kona Office filed September 6, 2007, attached hereto as Exhibit "B". A proof of service was filed herein on

2

September 6, 2007. Id. The subpoena commanded a representative of CPS to produce "[a]ny and all records, including but not limited to progress reports, notes, evaluations, incident reports, and service records, that name, refer to or pertain to BRYAN WILES-BOND". Id.

On September 5, 2007, Carol Z. Miyamoto from DHS informed counsel for Defendants that counsel for DHS received the Subpoena and that pursuant to HRS 346-10 and 350-1.4, the documents requested are confidential and that DHS would not produce the requested information unless DHS received: 1) an original authorization for release of the protected information; or 2) a specific court order authorizing DHS to release the protected information. See Letter from Carol Z. Miyamoto to Leighton M. Hara dated September 5, 2007, attached hereto as Exhibit "C".

As a result of DHS' objection to the subpoena, Defendants sought to obtain a signed release from Plaintiffs. Defendants did not believe Plaintiffs would object as Plaintiffs previously signed a similar HIPAA release for all health care records of Bryan Wiles Bond.

On September 10, 2007, counsel for Defendants transmitted an Authorization to Plaintiffs requesting that they sign and return the document so that Defendants could obtain the CPS records. See Letter from Gregg M. Ushiroda to Stanley E.

Levin dated September 10, 2007, attached hereto as Exhibit "D". On September 13, 2007, counsel for Defendants sent a reminder e-mail to Plaintiffs' counsel. <u>See</u> e-mail from Gregg M. Ushiroda to Stan Levin dated September 13, 2007, attached hereto as Exhibit "E".

On September 13, 2007, counsel for Defendants were copied on an e-mail from Plaintiffs' counsel to Plaintiffs, transmitting the Authorization form and indicating that "Mr. Levin and Mr. Varady discussed the matter and feel that the records **should be produced**." <u>See</u> Exhibit "A" (emphasis added). The e-mail also instructed Plaintiffs to sign the authorization and mail the documents directly to Gregg Ushiroda, Esq., counsel for Defendants. <u>Id.</u>

On September 24 and 25, counsel for Defendants and Bruce Ellis engaged in a series of e-mails in which Mr. Ellis represented that he expected the Release to be faxed by Plaintiffs. <u>See</u> e-mail and related e-mail string from Bruce Ellis to Leighton M. Hara dated September 24, 2007 at 4:04 p.m., attached hereto as Exhibit "F". As of September 25, 2007, Mr. Ellis could not confirm whether the Release was signed by Plaintiffs. <u>See</u> e-mail from Bruce Ellis to Leighton M. Hara dated September 25, 2007 at 7:07 a.m., attached hereto as Exhibit "G".

4

On September 25, 2007, counsel for Defendants informed counsel for DHS that Plaintiffs' did not execute a Release and, therefore, Defendants would now be required to obtain a court order authorizing DHS to release the protected information. Counsel for DHS, Candace Park, Esq., agreed to an expedited letter brief schedule. See Exhibit "G".

As DHS is required to assert the confidentiality provisions of the HRS concerning confidential information for CPS records, it is understandable that DHS must submit a perfunctory, form objection to the subpoena request. Without an authorization from Plaintiffs, Defendants must seek court intervention to obtain these records.

III. **ARGUMENT**

Pursuant to Rule 45(2)(B) of the Federal Rules of Civil Procedure, a Court may issue an order compelling the production of documents where the opposing party has objected to the subpoena. As DHS issued a September 5, 2007 objection to the production of any documents, and because Plaintiffs have not yet provided a signed waiver, an order compelling DHS to produce responsive, non-privileged documents within three days is necessary and appropriate. The documents sought are essential to the administration of justice and production would not endanger the person who made the report, the child or any other person who participated in the investigation.

The requested documents are necessary to the defense of Defendants case-in-chief against the allegations raised by Plaintiffs concerning Bryan Wiles-Bond's mental and behavioral regression due to the alleged deficiencies in his educational plan. Plaintiffs' claims, therefore, have directly interjected Bryan's mental and physical well-being, during the relevant periods of time, into the lawsuit. His mental and physical health and welfare by virtue of association, any records possessed by DHS concerning Bryan's mental or physical health are now at issue and relevant to the defense of this matter. Defendants have acted reasonably in their efforts to obtain the responsive documents short of Court intervention, to no avail.

Defendants need the documents immediately and prior to the October 5, 2007 discovery cut-off. Defendants require the information held by CPS to determine the veracity of Plaintiffs' claims and to rebut any allegations that Bryan's alleged regression was in fact due to alleged educational neglect. Indeed, the CPS records may determine whether such alleged regression is more appropriately attributable to non-DOE related factors including possible neglect or abuse at home. The answers to these issues are held by DHS and these are answers to which Defendants are entitled by the very nature of Plaintiffs' claims.

Despite Defendants' request that this Court issue an order allowing DHS to produce the requested documents, Defendants are cognizant of the delicate nature of the records and ask that the records be released and sealed. If such documents are used at trial, Defendants will take appropriate measures to ensure the confidentiality of any sensitive materials contained in the production. Additionally, if the court has any concerns about the contents of the production, Defendants would request that the Court evaluate the production *in camera* to make a determination as to whether the documents may be produced.

Should this Court grant the instant motion, Defendants also request additional time to complete reasonable discovery related to the records produced. Good cause exist to extend the October 5, 2007 discovery cut-off for the limited purpose of deposing individuals involved in the investigation. Specifically, Defendants would need to depose any investigator or agent of DHS who prepared any of the written records related to Bryan Wiles-Bond. Further, good cause exists to extend the discovery cut-off in the event that DHS is unable to compile and/or produce the records prior to October 5, 2007.

## IV.   CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court issue an order authorizing DHS to produce all documents responsive to the Subpoena within three days. In

the alternative, Defendants request that Plaintiffs' be compelled to sign the Release and Authorization as suggested by their counsel in Exhibit "A".

DATED: Honolulu, Hawaii, October 2, 2007.

/s/ Gregg M. Ushiroda

JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants