IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor<br><br>       Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i<br><br>       Defendants. | CV04-00442 HG/BMK<br>CV05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT TO INCLUDE AN EXPRESS CLAIM FOR INDIVIDUAL CLAIMS FOR NON-ECONOMIC DAMAGES FOR RETALIATION |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT TO INCLUDE AN EXPRESS CLAIM FOR INDIVIDUAL CLAIMS FOR NON-ECONOMIC DAMAGES FOR RETALIATION**

## **TABLE OF CONTENTS**

I.    FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -1-

II.    STANDARD FOR DECISION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

III.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

      A.    Section 504 Prohibits Retaliation Against Advocates for the Disabled, Including Parents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

      B.    Amendment Should Be Permitted, If Necessary. . . . . . . . . . . . . . .  -9-

            1.    Hardship has not Resulted from Any Delay. . . . . . . . . . . .  -12-

            2.    The Other *Foman* Factors are Satisfied. . . . . . . . . . . . . . .  -13-

                 a.  The proposed amendments are not made in bad faith.. .  -13-

                 b.  The amendment will not result in undue prejudice.. . . .  -13-

                 c.  The proposed amendment is not futile. . . . . . . . . . . . .  -14-

III.  CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-

# TABLE OF AUTHORITIES

<u>Cases</u>

*Alex G. v. Bd. of Trs.*, 387 F. Supp. 2d 1119 (D. Cal. 2005). . . . . . . . . . . . . . . .  -5-

*Alexander v. Choate*, 469 U.S. 287 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

Bobrick Corp. v. American Dispenser Co., 377 F.2d 334 (9th Cir. 1967) . . . .  -14-

Bollow v. Federal Reserve Bank, 650 F.2d 1093 (9th Cir. 1981). . . . . . . . . . .  -10-

Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . .  -13-

Bowles v. Reade, 198 F.3d 752 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . .  -12-

*Child v. San Bernardino Unified Sch. Dist.*, 35 Fed. Appx. 521 (9th Cir. 2002)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-

Conley v. Gibson, 355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-

DCD Programs, Inc. v. Leighton, 833 F.2d 183 (9th Cir. 1987). . . . . . . . . . . .  -15-

*E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008 (9th Cir. 1983). . . . . . . . .  -8-

*Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1998) . . . . . . . . . . . . . . .  -5-

*Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1998) . . . . . . . . . . . . . . .  -5-

*Foman v. Davis*, 371 U.S. 178 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -10-, -11-

Grace v. Drake, 832 F. Supp. 1399 (D. Haw., 1991). . . . . . . . . . . . . . . . . . . . .  -11-

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103 (9th Cir. 1987)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

*Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877 (9th Cir. 1999). . . . . . . -3-, -10-, -13-

*Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp. 2d 262 (D. Pa. 2006) . . . . . . . .  -6-

Jones v. United States, 121 F.3d 1327 (9th Cir. 1997), cert. denied, 523 U.S. 1121, 140 L. Ed. 2d 942, 118 S. Ct. 1802 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*K.S. v. Fremont Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 24860 (D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

Letizia v. Prudential Bache Securities, Inc., 802 F.2d 1185 (9th Cir. 1989). . . -11-

*Mondzelewski v. Pathmark Stores*, 162 F.3d 778 (3d Cir. 1998). . . . . . . . . . . . -7-

*Patricia N. v. LeMahieu*, 141 F. Supp. 2d 1243 (D. Haw. 2001) . . . . . . . . . . . -4-

Save Lake Washington v. Frank, 641 F.2d 1330 (9th Cir. 1981). . . . . . . . . . . . -14-

*Settlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004). . . . . -5-, -7-

*Sias v. City Demonstration Agency*, 588 F.2d 692 (1978). . . . . . . . . . . . . . . . . -8-

*Smith v. Barton*, 914 F.2d 1330 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . -8-

Smith v. CMTA-IAM Pension Trust, 654 F.2d 650 (9th Cir. 1981) . . . . . . . . . -14-

*Sturm v. Rocky Hill Bd of Ed*, 2005 U.S. Dist. LEXIS 4954 (D. Conn. Mar. 29, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Trent v. Valley Elec. Ass'n*, 41 F.3d 524 (9th Cir. 1994). . . . . . . . . . . . . . . . . . -9-

*Weber v. Cranston Sch. Comm.*, 212 F.3d 41 (1st Cir. 2000). . . . . . . . . . . . -6-, -7-

*Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138 (2d Cir. 2002). . . . . . . . . . . . -5-, -6-

*Whitehead v. School Board of Hillsborough County*, 918 F. Supp. 1515 (M.D. FL 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . -12-

## Statutes and Regulations

28 C.F.R. § 42.503. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

28 C.F.R. § 42.503(b)(1)(vii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -8-

29 U.S.C. § 794a(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

42 U.S.C. § 2000d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

42 U.S.C. § 12133. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Rule 8, Fed. R. Civ. Pro.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Rule 15(a), Fed. R. Civ. Pro. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -10-

## Secondary Authorities

EEOC Guidance No. 915.003 (5/20/98) ¶ 8-II B. . . . . . . . . . . . . . . . . . . . . . -9-

# I. FACTS.

At the September 17, 2007, hearing the Court ordered Plaintiffs to present their arguments, demonstrating that they have live claims for emotional distress physical pain and suffering and economic resulting from retaliation against them by Defendants.

Plaintiffs Ann Kimball Wiles and Stanley Bond are seeking not only emotional distress damages they suffered directly as a result of Defendants' retaliation against them for seeking special education and related services for their son, as Defendants are aware. Defendants' Concise Statement of Undisputed Facts ¶¶ 6-7 [Docket No. 253]. In their deposition testimony and interrogatory responses Plaintiffs refer to specific instances in which they assert Defendants' retaliatory conduct toward them was apparent, during their years-long struggle attempting to obtain special education and related services for their son. Exhibits 1-4, to Declaration of Carl M. Varady. Plaintiffs' claims arise as a matter of the statutory language and regulations as applied to the facts of this case. Defendants were well aware of these claims that they now seek to deny.

Plaintiffs submit contemporaneously with this motion, a proposed amended complaint. Exhibit 5 to Declaration of Carl M. Varady. Plaintiffs' factual allegations in their complaint, proposed amended complaint ¶¶ 48-50, responses to interrogatories and deposition testimony set forth a basis for retaliation claims under Section 504 and, therefore, are not futile. Amendment should be granted. In

particular, ¶¶ 48-50 of the proposed amended complaint sets forth in detail Defendants' conduct, motivated by retaliation, and designed to force Bryan's parents to return to the Mainland. They did so, after a year in which Defendants' own behavioral expert, Dr. Kim Smalley, who had been retained to preform a behavioral analysis of Bryan's behaviors, (Exhibit 6 to Declaration of Carl M. Varady) observed him in the Summer of 2004 at school, in conditions that can only be described as horrific. Deposition of Dr. Kim Smalley, attached as Exhibit 7 to Declaration of Carl M. Varady. At that time, after five years of settlements, hearing officers' decisions and IEPs, Bryan's "program" consisted of adults watching him playing in his own feces and urine.

As the complaint alleges, when his mother found him in this condition, in isolation at Kaelakehe Intermediate, without his parents' knowledge or permission, after Defendants' had used illicitly and unlawfully obtained e-mails, falsely accusing the one skills trainer who could work with Bryan of improper or even criminal behavior, Defendants' motives had became apparent. Exhibit 1 to Declaration of Carl M. Varady, ¶ 50. Defendants' response to the Court's and hearing officer's orders was to ignore them, excuse themselves from compliance by saying "We tried," and continue to watch Bryan deteriorate knowing that they could force his parents to leave by making things worse. Numerous instances in which Defendants put their own interests ahead of Bryan's and family's are described in the amended complaint.

Plaintiffs assert the facts alleged support their claims of retaliatory motive.

## II. <u>STANDARD FOR DECISION</u>.

Pursuant to Rule 15(a), Fed. R. Civ. Pro., a party is permitted to file amend a complaint where the interests of justice so require. As a general rule, leave to amend should be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An application for leave to file an amended pleading is addressed to the discretion of the Court and should be freely granted where it will promote economic and speedy disposition of the controversy and is not improperly proposed merely to cause undue delay or inconvenience. A decision granting or denying a motion to amend a complaint is will be reviewed only for an abuse of discretion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

## III. <u>ARGUMENT</u>.

A.    <u>Section 504 Prohibits Retaliation Against Advocates for the Disabled, Including Parents</u>.

Section 504 was intended to stop all discrimination against the disabled by federal grantees, whether intentional or merely a result of "thoughtlessness and indifference — by benign neglect." *Alexander v. Choate*, 469 U.S. 287, 295 (1985). Regulations promulgated pursuant to the Rehabilitation Act provide that it is unlawful to intimidate or retaliate "for the purpose of interfering with any right"

protected by the Act.  28 C.F.R. §  42.503(b)(1)(vii).[1]  Plaintiffs allege that, as a

proximate result of the State's retaliation against them,[2] they suffered extreme

emotional and physical distress, for which they may recover compensatory damages.

Section 504 of the Rehabilitation Act, like Title II of the ADA, borrows

its remedies from Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*

---

1.  28 C.F.R. §  42.503 Discrimination prohibited.

* * * *

(b) Discriminatory actions prohibited. (1) A recipient may not
discriminate on the basis of handicap in the following ways directly
or through contractual, licensing, or other arrangements under any
program or activity receiving Federal financial assistance:

* * * *

(vii) Intimidate or retaliate against any individual, whether
handicapped or not, for the purpose of interfering with any right
secured by section 504 or this subpart.

2.  Plaintiffs also alleged direct violations of Section 504 of the
Rehabilitation Act. Section 504's remedial provision states: The remedies,
procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 [42
U.S.C. §§ 2000d et seq.] shall be available to any person aggrieved by any act or
failure to act by any recipient of Federal assistance or Federal provider of such
assistance under section 794 of [the Rehabilitation Act].29 U.S.C. § 794a(a)(2).
Plaintiffs have argued that the "any person aggrieved" language brings
non-disabled individuals like Plaintiffs within the zone of interests of the
Rehabilitation Act's remedial provision. *See Greater Los Angeles Council on
Deafness v. Zolin*, 812 F.2d 1103, 1115 (9th Cir. 1987); *Patricia N. v. LeMahieu*,
141 F. Supp. 2d 1243 (D. Haw. 2001) (holding that the "aggrieved by" language
of 29 U.S.C. § 794a(a)(2) gave parents of autistic child a cause of action under
section 504 of the Rehabilitation Act).  Plaintiffs understand that the Court has
rejected this argument and is interested only in the parents' retaliation claims.
Therefore, no further briefing has been offered on their direct claims.

*See*, 29 U.S.C. § 794a(a)(2) (Rehabilitation Act borrows remedies from Title VI). The Plaintiffs invoke Section 504 of the Rehabilitation Act, seeking to recover damages for the discrimination and retaliation directed at them for asserting their disabled son's rights.  Such damages are available under 29 U.S.C. § 794a of the Rehabilitation Act. *E.g.*,  *Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1998) (holding that compensatory damages are available under Rehabilitation Act and Title II of ADA for intentional discrimination).  Plaintiffs, therefore, are eligible to receive an award of compensatory damages for physical and emotional pain and suffering, resulting from discrimination or directed at them in retaliation for advocacy on behalf of their disabled child.  *E.g, Ferguson*, 157 F.3d 668 (9th Cir. 1998).

Plaintiff-parents allege that, as a proximate result of the State's retaliation against them for seeking services for their disabled son, they can assert violation of Section 504's anti-retaliation provisions.  Compensatory damages have been awarded under Section 504 where the state has acted retaliated toward those eligible to participate in programs receiving federal funds or those who advocate for them.  The Ninth Circuit has accepted compensatory damages as an available for retaliation claims, upholding a jury award under Section 504.  *E.g., Settlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004)(sustaining award of $500,000 in non-economic damages for retaliation against teacher who advocated for disabled students); *accord  Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138 (2d Cir. 2002)(and

cases cited therein acknowledging cause of action on behalf of parents claiming retaliation for seeking educational services for disabled child); *Alex G. v. Bd. of Trs*., 387 F. Supp. 2d 1119 (D. Cal. 2005)(adopting *Weixel*'s analytical framework); *K.S. v. Fremont Unified Sch. Dist*., 2007 U.S. Dist. LEXIS 24860 (D. Cal. 2007)(same).

There is no question that parents enjoy a direct right of action for economic and psychological harm suffered as a result of retaliation against them for opposing prohibited discrimination directed at their children under Section 504's anti-retaliation provisions. *See, e.g., Weber v. Cranston Sch. Comm*., 212 F.3d 41 (1st Cir. 2000); (Section 504, with lengthy explanation); *Weixel,* 287 F.3d at 149 (ADA and Section 504); *Whitehead v. School Board of Hillsborough County*, 918 F. Supp. 1515 (M.D. FL 1996), (Section 504); *Sturm v. Rocky Hill Bd of Ed*, 2005 U.S. Dist. LEXIS 4954 (D. Conn. Mar. 29, 2005) (Section 504).

> Section 504's implementing regulations prohibit retaliation against any person for the purpose of interfering with their rights, or because of their filing of a complaint or participation in an investigation. See 34 C.F.R. § 100.7(e); 28 C.F.R. § 42.503(b)(1)(vii); see also *Weber*, 212 F.3d at 47-49.

*Hesling v. Avon Grove Sch. Dist*., 428 F. Supp. 2d 262, 276-277 (D. Pa. 2006) *citing, Child v. San Bernardino Unified Sch. Dist*., 35 Fed. Appx. 521 (9th Cir. 2002) (ADA and Section 504).

The Third Circuit has explained:

[A] person's status as a 'qualified individual with a

disability' is not relevant in assessing the person's claim for retaliation under the ADA." *Krouse v. American Sterilizer*, Co., 126 F.3d 494, 498 (3d Cir. 1997). The Court wrote:

> By its own terms, the ADA retaliation provision protects "any individual" who has opposed any act or practice made unlawful by the ADA or who has made a charge under the ADA. 42 U.S.C. § 12203(a). This differs from the scope of the ADA disability discrimination provision, 42 U.S.C. § 12112(a), which may be invoked only by a "qualified individual with a disability." An individual who is adjudged not to be a "qualified individual with a disability" may still pursue a retaliation claim under the ADA.

> Id. at 502. Under this analysis, we see no basis for holding that a person who is adjudged not to have a disability may not assert a retaliation claim based on some form of protected activity other than the filing of a formal complaint.

*Mondzelewski v. Pathmark Stores*, 162 F.3d 778, 786 (3d Cir. 1998).

Similarly, in *Weber v. Cranston School Committee*, 212 F.3d 41 (1st Cir. 2000), a parent was permitted to bring suit against a school committee and other entities pursuant to the Rehabilitation Act alleging retaliation resulting from her advocacy. The court initially explored the history of the remedy provisions that incorporate Title VI remedies and stated that non-disabled individuals suing because of retaliation for attempts to vindicate the rights of disabled has long been recognized under the broad remedial provisions of Title VI, the Rehabilitation Act and anti-retaliation regulations adopted pursuant to those statutes. *Id.*, at 48.

Finally, *Settlegoode v. Portland Schools*, 371 F.3d 503 (9th Cir. 2004) acknowledges that an advocate for the disabled had standing to sue pursuant to Section 504 for retaliation. *Settlegood*, 371 F.3d at 512, fn.6 & 516, fn.11.

Section 504 and its implementing regulations expressly protect advocates such Bryan's parents from retaliation, irrespectively of whether they are disabled. The regulations, 28 C.F.R. § 42.503(b)(1)(vii), prohibit retaliation against any individual, whether handicapped or not, for the purpose of interfering with the exercise of any right secured by Section 504.

As noted above, the remedies, procedures, and rights available under Title VI of the Civil Rights Act apply to violations of Section 504. When analyzing these remedies, procedures and rights, the Ninth Circuit will look to cases interpreting Title VII, in determining rights and procedures available under Title VI. *Smith v. Barton*, 914 F.2d 1330, 1336 (9th Cir. 1990). Looking to Title VII of the Civil Rights Act for additional guidance, it is indisputable that third-party opposition to prohibited conduct is protected activity under Title VII. *E.g., Sias v. City Demonstration Agency*, 588 F.2d 692 (1978)(plaintiff-employee terminated after he wrote to Regional Administrator for HUD, complaining of a deficiency in the number of Mexican-American employees at Agency). When an employee protests the actions of a supervisor such opposition is a "protected activity." *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1014 (9th Cir. 1983). A plaintiff does not even

need to prove that the employment practice at issue actually was unlawful under Title

VII. To fall within this protection, a plaintiff must only show that s/he acted on a

"reasonable belief" that the employment practice the plaintiff protested was

prohibited under Title VII. *Trent v. Valley Elec. Ass'n*, 41 F.3d 524, 526 (9th Cir.

1994).

> This is consistent with the EEOC's Guidance, which states:
>
> The anti-retaliation provisions make it unlawful to discriminate against an individual because s/he has opposed any practice made unlawful under the employment discrimination statutes. This protection applies if an individual explicitly or implicitly communicates to his or her employer or other covered entity a belief that its activity constitutes a form of employment discrimination that is covered by any of the statutes enforced by the EEOC.

EEOC Guidance No. 915.003 (5/20/98) ¶ 8-II B.

Under Section 504. Plaintiff parents, have a direct right of action for

retaliation against them for their advocacy for their son are protected

B.    <u>Amendment Should Be Permitted, If Necessary</u>.

Defendants may not assert ignorance of the Rehabilitation Act

regulations prohibiting retaliation as a basis for resisting Plaintiffs' retaliation claims.

Such asserted ignorance does not excuse Defendants. E.g., Jones v. United States, 121

F.3d 1327, 1330 (9th Cir. 1997), cert. denied, 523 U.S. 1121, 140 L. Ed. 2d 942, 118

S. Ct. 1802 (1998)(concluding that publication of regulations in the Federal Register

"is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance"). Defendants are charged in the first instance with knowledge of existing statutes and regulations. All persons in the United States are chargeable with such knowledge. Jones v. United States, 121 F.3d 1327, 1330 (9th Cir. 1997); Bollow v. Federal Reserve Bank, 650 F.2d 1093, 1100 (9th Cir. 1981).

Assuming for the purposes of argument that amendment of the complaint is necessary to provide Defendants additional notice of Plaintiffs' claims, the liberal requirements of Rule 15 are met. Pursuant to Rule 15(a), Fed. R. Civ. Pro., a party is permitted to file amend a complaint where the interests of justice so require. As a general rule, leave to amend should be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). An application for leave to file an amended pleading is addressed to the discretion of the Court and should be freely granted where it will promote economic and speedy disposition of the controversy and is not improperly proposed merely to cause undue delay or inconvenience. A decision granting or denying a motion to amend a complaint is will be reviewed only for an abuse of discretion. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999).

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party

> by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182; Grace v. Drake, 832 F. Supp. 1399, 1402 (D. Haw., 1991).

> Foman, further states:

> > [I]f the underlying facts or circumstances relied upon by plaintiff may be a proper subject for relief, he ought to be afforded to test his claim on the merits.

371 U.S. at 182(emphasis added). Thus, Foman directs courts to determine if the facts of the underlying case would give rise to the claim for relief requested. If so, amendment should be allowed. Nor must the party seeking to amend make a factual showing that the party will be entitled to the relief sought. Letizia v. Prudential Bache Securities, Inc., 802 F.2d 1185, 1189 (9th Cir. 1989)(district court abused discretion when it denied amendment based on lack of proof that plaintiff ultimately would be entitled to relief). Amendment or supplementation may be precluded only where it is certain that the party could develop no set of facts under the proposed amendment or supplementation that would entitle the party to relief. Id. Nor should formalistic pleading requirements be created where none exist.

Under Rule 8, Fed. R. Civ. Pro., Court's will not impose heightened pleading requirements where Congress has not expressly instructed them to do so. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

> > "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." 122 S. Ct. at 998. In

> rejecting the lower court's imposition of a heightened
> pleading requirement, the Court observed that Rule 8(a)'s
> simplified pleading standard must be read in conjunction
> with Rule 8(e)(1), which states that "no technical forms of
> pleading or motions are required." Id. The "limited
> exceptions" are those that are explicit, such as Rule 9(b),
> which expressly "provides for greater particularity in all
> averments of fraud or mistake."

Wyatt v. Terhune, 315 F.3d 1108, 1118 (9th Cir. 2003).

Therefore, the Court should consider the liberal standard of Rule 8 when applying the four Foman factors to decide whether to permit an amendment.

Applying the above standards in the instant case, as discussed below, there is no reason to deny Plaintiffs leave to amend the complaint to clarify the nature of their claims with more specific references to retaliation.

1.    Hardship has not Resulted from Any Delay.

It is expected that Defendants will assert that the proposed amendment is untimely. The issue of timeliness, however, does not entail a superficial reference to a calendar. The analysis must be made within the context of the language of Rule 15, which permits amendment even after trial to conform to proof.

> Undue delay by itself, however, is insufficient to justify
> denying a motion to amend. We have previously reversed
> the denial of a motion for leave to amend where the
> district court did not provide a contemporaneous specific
> finding of prejudice to the opposing party, bad faith by the
> moving party, or futility of the amendment. See id. at
> 186-87 (citing Howey v. United States, 481 F.2d 1187,
> 1191 (9th Cir. 1973)).

Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)(internal citations omitted). Therefore, even if the claims presented in the proposed amended complaint were not apparent to Defendants as part of this case long ago, the mere passage of time is an insufficient basis for denying the proposed amendment.

        2.     <u>The Other Foman Factors are Satisfied</u>.

For reasons set forth below, Plaintiffs' proposed changes do not constitute:(1) bad faith on her part; (2) undue prejudice to the opposing party; or (3) nor would they be futile.  See, Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Griggs, 170 F.3d at 877.

        a.  <u>The proposed amendments are not made in bad faith</u>.

A "bad faith" amendment is one proposed without any basis in law or fact.  Thus, in Bonin, the Ninth Circuit ruled that an attempt to overcome a final judgment through the process of amendment, after the case was concluded, was barred by Foman's edict against bad faith attempts to amend as it contrary to both the letter and spirit of the rules of civil procedure.  Plaintiffs in the instant case have not engaged in such bad faith as their claims are factually supported, recognized by law and not proposed for any ulterior purpose.  Amendment should be permitted.

        b.  <u>The amendment will not result in undue prejudice</u>.

It is not a question of prejudice, but a question of "undue" prejudice that must guide the Court in assessing whether the parents have provided adequate notice

-13-

of their claims to Defendants to permit Defendants to defend this case, on a common nucleus of facts that has not changed since the inception of the case. Through interrogatory responses and discovery, Defendants have been fully informed of the nature of Plaintiffs' claims and have had a full an fair opportunity to respond to them. In such circumstances, courts routinely treat the issues as having been "tried" by consent and subject, therefore to the liberal amendment policies embodied in Rule 15(b). The Ninth Circuit has applied Rule 15(b) to pretrial motions in cases where the un-pleaded issues have been argued during pretrial motions. E.g., Bobrick Corp. v. American Dispenser Co., 377 F.2d 334 (9th Cir. 1967) (recognizing applicability of Rule 15(b) to motion to quash where unpleaded issue was argued before district judge); Save Lake Washington v. Frank, 641 F.2d 1330, 1340 (9th Cir. 1981)(recognizing that Bobrick applied Rule 15(b) to issues raised in pretrial motions but finding district court had discretion to deny motion to amend on grounds of delay and prejudice); Smith v. CMTA-IAM Pension Trust, 654 F.2d 650 (9th Cir. 1981) (citing Bobrick, treating pleadings as amended for purposes of appellate review of un-pleaded ERISA and state claims that had been briefed and argued on summary judgment). The present case is one in which such analysis applies and amendment should be granted.

      c.  <u>The proposed amendment is not futile</u>.

      Under Rule 15(a), an amendment is futile when "it appears beyond

doubt" that the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the underlying facts or circumstances could possibly "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. Therefore, if, after reviewing the record, this court finds that the proposed amendment contains a colorable claim, it must grant leave to amend.  DCD Programs, Inc. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987).

Plaintiffs' factual allegations in their complaint, proposed amended complaint ¶¶ 48-50, responses to interrogatories and deposition testimony set forth a basis for retaliation claims under Section 504.  The nucleus of facts supporting the retaliation claims has been fully developed in discovery, providing Defendants ample opportunity to defend.  The claims are protected by statute and regulations and, therefore, are not futile.  Amendment should be granted.

### III.  <u>CONCLUSION</u>.

For reasons stated herein, Plaintiffs respectfully request that their Motion for Leave to File First Amended Complaint be GRANTED.

DATED:  Honolulu, Hawai'i , October 2, 2007.

/s/ Carl M. Varady
_____
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I certify the attached document was served electronically via CM/ECF

on the date indicated below addressed to:


Gregg M. Ushiroda <u>gushiroda@wik.com</u>
Daniel K. Obuhanych dobuhanych@wik.com
Leighton M. Hara lhara@wik.com, rgeorge@wik.com
Watanabe Ing & Komeiji
First Hawaiian Center
999 Bishop St 23rd Flr
Honolulu  HI 96813


Holly T. Shikada holly.t.shikada@hawaii.gov,
Cheryl.H.Oeda@hawaii.gov, <u>michael.t.burke@hawaii.gov</u>
Deputies Attorney General
235 S. Beretania, Room 304
Honolulu HI 96813

Attorneys for Defendants

DATED: Honolulu, Hawai'i, October, 2007

/s/ Carl M. Varady
Carl M. Varady