LAW OFFICES OF CARL M. VARADY
CARL M. VARADY            4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447 FAX:  523-8448
E-mail:  carl@varadylaw.com

OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON   4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500 Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>                Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPARTMENT OF HUMAN SERVICES TO PRODUCE CHILD WELFARE SERVICES RECORDS FOR BRYAN WILES-BOND AND CERTIFICATE OF SERVICE<br><br>TRIAL:    December 4, 2007 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DEPARTMENT
OF HUMAN SERVICES TO PRODUCE CHILD WELFARE
SERVICES RECORDS FOR BRYAN WILES-BOND

**I.     INTRODUCTION**

Plaintiffs oppose Defendants' request to compel the Department of Human Services ("DHS") to produce child welfare services records for Bryan because (to the extent that they even exist), the records are confidential, irrelevant and are protected by Bryan's right to privacy. This is a very blatant and strategic motion to try to obtain from the Department of Human Services all records which relate to Bryan Wiles Bond. The real records that the Defendants want disclosed are the records of the Child Protective Services. Attorneys for the Department of Human Services have refused to divulge these records without the Defendants producing a signed release form from the parents or a signed court order.

It is absolutely clear that such records, to the extent they exist, all involve unrelated and inadmissible incident(s) and the Defendants' request must be denied.

**II.    DEFENDANTS CANNOT GET PAST THE STATUTE HERE**

In a federal civil proceeding like the instant one, there are limitations set by the discovery rules for the production by a party to a party. Fed.R.Civ.P. Rule 26(b) establishes the limit and provides that:

> . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. Rule 26(b)(1).

Defendants cite to no case law that supports its position. That is not surprising as the cases are quite clear that disclosure is inappropriate. Where the statute does not provide for voluntary disclosure, then the only method of obtaining such information is to comply with the statute. Disclosure is forbidden under these circumstances. *See Boudreau v. Holzer*, 280 A.2d 88 (1971); *Mace v. Jung*, 386 P.2d 579 (Alaska 1963).

The Hawaii Revised Statutes ("HRS") are quite clear on the duty of non-disclosure of these records. HRS Sections 346-10 and 350-1.4 are unequivocal and mandatory. Indeed, these laws provide that:

> The department and its agents shall keep records that may be necessary or proper in accordance with this chapter. All applications and records concerning any applicant or recipient shall be confidential.

Section 346-10(a).

> All reports to the department concerning child abuse or neglect made pursuant to this chapter, as well as all records of such reports, are confidential. The director may adopt rules, pursuant to chapter 91, to provide for the confidentiality of reports and records and for the authorized disclosure of reports and records. Any person who intentionally makes an unauthorized disclosure of a report or record of a report made to the department shall be guilty of a misdemeanor.

Section 350-1.4(a).

3

In order to obtain the records, the Defendants must show that it falls within a statutory exemption—the statute specifically bars disclosure of all reports concerning abuse or neglect. Indeed, each statute begins with the proposition that the records are confidential and takes the narrow exceptions (none of which are applicable to Defendants in this case.)

That this statute is difficult to overcome and that the legislature meant when it declared all human service records confidential, is borne out by the decision in *State v. Kim*, 616 P.2d 1396 (1980). In that case, a plaintiff in a lawsuit against the State, tried to obtain certain records of Human Services that would show the assailant's propensity for harm and the fact that these records showed the rare knowledge of that propensity for violence. On appeal, Plaintiff's alleged error that the trial judge erred by excluding certain records of the Human Services (actually its predecessor agency) and all testimony related to such records. The Supreme Court of Hawaii rejected the party's asserted due process claim and public policy reasons for disclosure. In so doing, the court said:

> However, there is no need for a discussion of due process, public policy, or the cited cases because there were other basic considerations rendering the evidence inadmissible. *Id.* at 1383.

Since *Kim*, the anti-disclosure provisions of 346-10 have been revised considerably in favor of non-disclosure.

4

### III. ONLY RELEVANT EVIDENCE IS DISCOVERABLE AND ONLY REAL EVIDENCE LEADS TO ADMISSIBLE EVIDENCE WHICH CAN BE USED.

Relevance under the federal rules, Rule 401, is:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. Rule 401.

The proffered records in this case are not even known to the Defendants. In the moving papers, it asks permission to conduct a classic "fishing expedition." The Defendants makes no effort to articulate the actual relevance of these child welfare records to the case at bar. Rather, it merely recites the mantra of how it is defending Bryan's educational programs and how these records are necessary to the defense of allegations concerning Bryan's mental or physical health and are now at issue and relevant to the defense of this matter. Defendants' Memorandum at page 6. Other than this self-serving and conclusory sentence, no other showing by the Defendants is made.

This is wholly inadequate for any showing of relevance not to mention the showing required to overcome the statutory bar of privacy must be specific and substantial. Indeed, there have been in excess of 23 oral depositions taken by the Plaintiffs and not one person has mentioned the child welfare records in any context, or that the deponent contacted the child welfare officials. The existence of

and the need for them is purely the conclusion of Defendants' counsel. Fed. R. Evid. Just like the information sought in *Kim* any records that would be produced would be inadmissible under Rules 402, 403, and 404.[1]

DATED: Honolulu, Hawaii, October 3, 2007.

/S/ STANLEY E. LEVIN

_____

STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs

---

[1] Perhaps an explanation as to what happened regarding the letter to the client sent on September 13th. In fact, the client had never committed to sign any release of information. When counsel received clear instructions from the clients, and communicated the same to counsel for the state, there has never been a question since that date.

6