```
391986.1
```
**MARK J. BENNETT      #2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM        #4391-0**
**GEORGE S. S. HOM     #2487-0**
**HOLLY T. M. SHIKADA  #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI      #2498-0**
**GREGG M. USHIRODA    #5868-0**
**LEIGHTON M. HARA     #7826-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br> Defendants. | CIVIL NO. CV 04-00442 HG/BMK <br> CIVIL NO. CV 05-00247 HG/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> **DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S MOTION TO STRIKE SHELBY FLOYD AS A WITNESS; CERTIFICATE OF SERVICE** |

```
                              )
                              )  HEARING:
                              )  DATE: October 19, 2007
                              )  TIME: 2:30 p.m.
                              )  JUDGE: Judge Barry M. Kurren
                              )  TRIAL: December 4, 2007
_____)
```

## DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S <u>MOTION TO STRIKE SHELBY FLOYD AS A WITNESS</u>

Come now Defendants DEPARTMENT OF EDUCATION("DOE"), and ALVIN RHO ("RHO"),(collectively the "DEFENDANTS"), by and through their attorneys, WATANABE ING & KOMEIJI LLP, and respectfully submit their Reply to Plaintiffs' Memorandum In Opposition to Defendants Department of Education and Alvin Rho's Motion to Strike Shelby Floyd As a Witness Filed On September 5, 2007.

I.   <u>INTRODUCTION</u>

The Opposition relies on plainly erroneous facts, misdirection, and seeks to somehow misdirect this Court into requiring that Ms. Floyd's deposition be taken before she may be stricken as a witness. Plaintiffs' very own arguments set forth and establish that Ms. Floyd's testimony is nothing but cumulative, regardless of whether she is being offered to testify as a lay or expert witness. Plaintiffs have whole-heartedly failed to address the issue of Ms. Floyd's testimony being cumulative and, therefore, inherently prejudicial to Defendants.

Plaintiffs concede that Ms. Floyd will be offered a percipient witness and that they do not seek to contradict the

terms of the July 1, 2002 Settlement Agreement through Ms. Floyd's testimony (parol evidence). Notwithstanding Plaintiffs' failure to address the cumulative nature of Ms. Floyd's proposed testimony, Plaintiffs apparently argue that Ms. Floyd should be allowed to testify as to any settlement communications with Defendant State because Rule 408's prohibition against such communications does not apply to Ms. Floyd.

The truth of the matter is that regardless of whether Ms. Floyd will be testifying in an expert or percipient capacity or whether she will be testifying about the possible breach of the July 1, 2002 settlement agreement or any other agreements related thereto, Ms. Floyd's testimony will only be a parroting of Plaintiff Parents' complaints. Ms. Floyd should not be allowed to testify as her testimony is not the best evidence and is entirely cumulative of that of Plaintiff Parents. Therefore, pursuant to Rule 403 of the Federal Rules of Evidence, Ms. Floyd should be stricken as a witness.

II. **ARGUMENT**

    A. **Plaintiffs' Concede that Ms. Floyd will be offered as a Percipient Witness and that She Will Not Contradict the Terms of the July 1, 2002 Settlement Agreement**

On page 3 of their Opposition, Plaintiffs' concede that Ms. Floyd is expected to testify as a percipient witness and that she will testify as to the "facts of Bryan's parents' struggle to obtain an appropriate program, her efforts in finding the means

to implement Bryan's program, Defendants' knowledge of Bryan's specific needs and Defendants' continued failure to fulfill its legal duties, promises and due process decisions". Opposition at 4. As a lay witness, Ms. Floyd is, therefore, prohibited from offering any opinions or inferences which are "based on scientific, technical, or other specialized knowledge of 702." See Fed. R. Evid. Rule 701. Ms. Floyd cannot testify based on her legal expertise or familiarity with 504 and/or IDEA law to provide opinion testimony in this action.

Plaintiffs also concede that they "do not seek to contradict the terms of the July 1, 2002 agreement through Ms. Floyd's testimony." Opposition at 10. As the terms of the agreement are not in dispute, any other testimony surrounding the formation of the Agreement should be precluded. The terms of the agreement speak for themselves, and the Court has already found that "Defendants did not provide consistent services pursuant to the Settlement Agreement as set forth in the Court's December 2006 order." See Order filed herein on December 19, 2006 at 46 and 47. Because neither the terms of the agreement nor the breach by Defendants is in dispute, any testimony by Ms. Floyd as to the discussions surrounding the formation of the Agreement is irrelevant, cumulative and is inadmissible. See Fed. R. Evid. Rules 402 and 403.

4

### B. The Testimony of Ms. Floyd as former Counsel of Record for Plaintiffs is Cumulative and Prejudicial

Plaintiffs' Opposition is replete with references as to the cumulative nature of Ms. Floyd's expected testimony. On this basis alone, an open admission, Defendants' Motion should be granted. Plaintiffs have not dedicated any portion of their 11 page opposition to address Defendants' Motion to Strike on the basis of being cumulative.

As Plaintiffs readily admit, Ms. Floyd's proposed testimony is to "corroborate" the testimony of Bryan's parents. See Opposition at 4. In describing Ms. Floyd's participation in numerous conferences related to Bryan Wiles Bond, Plaintiffs argue that "[n]o one, **other than Bryan's parents**, is a more apt witness to establish that Defendants knew of Bryan's educational needs ..." Opposition at 5-6 (emphasis added). This is a clear admission that both Mr. Bond and Ms. Wiles are more apt than Ms. Floyd to testify as to the alleged shortcomings of Defendants in providing services to Bryan Wiles Bond.

Because Mr. Bond and Ms. Wiles are expected to testify at trial, there will be two witnesses from Plaintiffs' case-in-chief to present evidence in support of Plaintiffs' allegations against Defendants. Ms. Floyd would be a third witness, whose testimony would mirror that of Plaintiff Parents.

Ms. Floyd is admittedly less apt to testify than Plaintiff Parents on the very same issues, therefore, Ms. Floyd's

5

testimony is inherently cumulative and she must be stricken as a matter of law pursuant to Rule 403 of the Federal Rules of Evidence.

    C.    **Plaintiffs' Desire to Have Ms. Floyd Testify is Based On a Presumption that Plaintiffs will be allowed to Amend their Complaint to Include Claims for Retaliation**

Aside from their flawed arguments addressed above, the majority of the Opposition attempts to confuse the issues by focusing on the apparent need to call Ms. Floyd as a witness in order to prove Plaintiffs' claims for deliberate indifference pursuant to Section 504 of the Rehabilitation Act.

Notwithstanding the cumulative nature of Ms. Floyd's testimony, what Plaintiffs seek to demonstrate is not deliberate indifference, which was claimed in 2006 prior to the Court's issuance of its detailed 12/18/06 order where Ms. Floyd was not a witness. Instead, Plaintiffs seek to have Ms. Floyd testify about Defendants' allegedly retaliatory conduct in an attempt to back door their retaliation claims since Judge Kurren denied Plaintiffs' Motion to Compel the Deposition of Lono Beamer, Defendants' former counsel. See Order Denying Plaintiffs' Motion to Compel the Oral Deposition of Lono Beamer filed October 3, 2007.

In this case it is clear that because Plaintiffs have been precluded from calling Mr. Beamer as a witness in this case to prove their claims for retaliation --which are presently being

briefed and submitted before Judge Gillmor-- they now seek to introduce evidence of alleged retaliation through Ms. Floyd. Ms. Floyd was also counsel of record in this matter contemporaneously with Mr. Beamer. Now that they are foreclosed from calling Mr. Beamer as a witness, Plaintiffs seek to bring in such testimony through Ms. Floyd.

As set forth in the transcript of the hearing on Monday, September 17, 2007 on Defendant's Motion for Partial Summary Judgment on Plaintiff Parent's Claims for Non-Economic Damages, Plaintiffs were to submit a motion to amend the complaint and a memorandum in support thereof to establish the legal basis allowing Plaintiffs to amend the complaint at this point in the case, which is well after the December 2006 order issued by Judge Gillmor. See Transcript of 9/17/07 Hearing at 23-25.

Plaintiffs' motion to amend was filed on October 2nd. Defendants have until October 16th to respond. Both the Motion and the Opposition are to be filed non-hearing. Id. As the issue of Plaintiffs' claims for retaliation are not yet before this Court, Ms. Floyd's expected testimony in support of such a non-existent claim is irrelevant at this point and should be precluded pursuant to Rule 402 of the Federal Rules of Evidence.

III. **CONCLUSION**

      For the reasons discussed above, Defendants respectfully request that Shelby Floyd, former counsel for Plaintiffs, be stricken as a witness at trial.

      DATED: Honolulu, Hawaii, October 8, 2007.

      /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants