392322.1
MARK J. BENNETT #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM #4391-0
GEORGE S. S. HOM #2487-0
HOLLY T. M. SHIKADA #4017-0
Deputy Attorneys General
Department of the Attorney General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI #2498-0
GREGG M. USHIRODA #5868-0
LEIGHTON M. HARA #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S OPPOSITION TO PLAINTIFFS ANN KIMBALL WILES'S AND STANLEY BOND'S MOTION TO AMEND THEIR COMPLAINT TO INCLUDE AN EXPRESS CLAIM FOR NON-ECONOMIC DAMAGES FOR RETALIATION, FILED OCTOBER 2, 3007; DECLARATION OF GREGG** |

M. USHIRODA; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE

[NON-HEARING MOTION]

Trial: December 4, 2007

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Plaintiffs Failed To Satisfy The Stringent Good Cause Standard Required To Amend A Pleading After The May 4, 2007 Deadline To Amend Pleadings . . . . . . . . . . . 5

B. Plaintiffs Should Be Precluded From Adding Their New Individual Claims for Retaliation Where the Late Addition of Such Claims Is Unjustified and Would Cause Defendants Substantial Prejudice . . . . . . . . . . 11

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

**CASES**

Amcast Indus. Corp. v. Detrex Corp.,
132 F.R.D. 213, 217 (N.D. Ind. 1990) . . . . . . . . . . . . . . . . 9

Amerisource Bergen Corp v. Dialysist West, Inc.,
465 F.3d 946, 952 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . 6

Freeman v. Continental Gin Co.,
381 F.2d 459 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . 12

Foman v. Davis,
371 U.S. 178, 182 (1962) . . . . . . . . . . . . . . . . . . . . 8,12

Forstmann v. Culp,
114 F.R.D. 83, 85 ( M.D.N.C. 1987) . . . . . . . . . . . . . . . . . 9

Gestetner Corp. V. Case Equip. Co.,
108 F.R.D. 138, 141 (D.Me. 1985) . . . . . . . . . . . . . . . . . . 8

Harrison Beverage Co. v. Dribeck Importers, Inc.,
133 F.R.D. 463, 469 (D.N.J. 1990) . . . . . . . . . . . . . . . . . . 9

Johnson v. Mammoth Recreations, Inc.,
975 F.2d 604, 607-08 (9th Cir. 1992) . . . . . . . . . . . . . 6,8,10

Leary v. Daeschner,
349 F.3d 888, 906 (6th Cir. 2003) . . . . . . . . . . . . . . . . . 7,10

Marks v. Marks,
51 Haw. 548, 465 P.2d 996 (1970) . . . . . . . . . . . . . . . . . 13

Mercantile Trust Co. National Assn. v.
Island Marine Products Corp.
542 F.2d 1010 (1976) . . . . . . . . . . . . . . . . . . . . . . . 13

Parker v. Columbia Pictures Indus.,
204 F.3d 326, 340 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . 7

Riofrio Anda v. Ralston Purina Co.,
959 F.2d 1149, 1154-55 (1st Cir. 1992) . . . . . . . . . . . . . . . 7

S&W Enters. v. SouthTrust Bank of Ala.,
315 F.3d 533, 536 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . 7

Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) . . . . . . . . . . . . . . 7

Wheeler v. West India S.S. Co., 205 F.2d 354 (2d Cir. 1953) . . . . . . . . . . . . . . . . . . 13

Winkleman v. Parma City School Disctrict, 550 U.S. _____, 128 S. Ct. 1994, 167 L.Ed. 904 (2007) . . . . . 4

**FEDERAL RULES**

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . 6,7

Fed. R. Civ. P. 16 . . . . . . . . . . . . . . . . . . . . . 5,6,9

6A Wright, Miller & Kane, Federal Practice and Procedure Sec. 1522.1 at 231 (2d ed.1990) . . . . . . . . . . . . . . . . 9

**FEDERAL STATUTES**

29 U.S.C. Sec. 729 . . . . . . . . . . . . . . . . . . . . . . 3

**DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S OPPOSITION TO PLAINTIFFS ANN KIMBALL WILES'S AND STANLEY BOND'S MOTION TO AMEND THEIR COMPLAINT TO INCLUDE AN EXPRESS CLAIM FOR NON-ECONOMIC DAMAGES FOR RETALIATION, FILED OCTOBER 2, 2007**

Defendants DEPARTMENT OF EDUCATION, STATE OF HAWAII, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent (collectively "Defendants"), by and through their attorneys, WATANABE ING & KOMEIJI LLP, hereby submit their Memorandum In Opposition To Plaintiffs Ann Kimball Wiles's and Stanley Bond's Motion to Amend Their Complaint to Include an Express Claim for Non-Economic Damages for Retaliation, filed on October 2, 2007.

**I. INTRODUCTION**

Plaintiffs are, less than two months before trial, asking this Court for leave to amend its Complaint to add further counts for retaliation allegedly suffered by the parents of Bryan Wiles-Bond, individually, and for non-economic damages related thereto, to the action presently pending against Defendants. This last minute attempt to introduce an entirely new claim should be denied by this Court because (1) Plaintiffs' failed to provide this Court with any good cause reason to warrant amending the Complaint after the lapse of the May 5, 2007 deadline to amend pleadings; (2) the introduction of the entirely new cause of action for Plaintiff parents' individual claims for retaliation and non-economic damages related thereto

at this late date will cause substantial prejudice to Defendants; and (3) the facts upon which Plaintiffs base their new claim were known to Plaintiffs' counsel long ago.

## II. PROCEDURAL BACKGROUND

The first Complaint was filed herein by Plaintiffs on July 21, 2004, more than **three years ago**. See Verified Complaint in Civil Case No. 04-00442 HG-BMK filed herein on July 21, 2004. Almost a year later, on July 1, 2005, Plaintiffs filed a Verified Amended Complaint. See Verified Amended Complaint filed herein on July 1, 2005. On April 8, 2005, Plaintiffs filed a second action in Civil Case No. 05-00247. See Complaint filed herein on April 8, 2005. The two actions were consolidated by this Honorable Court. The claims described in the Complaints stem from Defendants' alleged deliberate indifference to Bryan Wiles-Bond's IDEA and Section 504 (Rehabilitation Act) rights.

At no time did Plaintiffs ever specifically allege that Defendants engaged in retaliatory conduct toward the Plaintiff parents individually.

On January 8, 2007, the Court held a status conference resetting the trial date and other scheduling deadlines. Both counsel for Plaintiffs and Defendants were in attendance. On January 9, 2007, the Court issued an Amended Rule 16 Scheduling Order, which inter alia, set forth that "[a]ll motions to join

additional parties or to amend the pleadings **shall be filed by May 5, 2007.**" See Amended Rule 16 Scheduling Order filed January 9, 2007 at 2, attached hereto as Exhibit "A" (emphasis added). Plaintiffs have never moved to amend the Complaint before the May 5, 2007 deadline expired.

Plaintiffs waited more than three years since the filing of their initial action, ten months after this court heard argument on and issued a detailed order denying in part and granting in part the Parties' various motions for summary judgment on all claims (Order filed December 19, 2006), and over two years since the filing of their most recent Complaint to bring the instant Motion to amend their Complaint. Trial is scheduled in this matter for December 4, 2007. The discovery cutoff has long since passed on October 5, 2007.

On July 12, 2007, Defendants filed a motion for partial summary judgment re: Plaintiffs Ann Kimball Wiles and Stanley Bond's Individual Claims for Non-Economic Damages Pursuant to the Rehabilitation Act 29 U.S.C. Sec. 729. A hearing was held on September 17, 2007.

In the context of the September 17, 2007 hearing on the motion, this Court granted Defendants' motion in part to the extent that Winkleman has not changed the issue of whether Plaintiff parents may bring claims for non-economic damages pursuant to the Court's December 19, 2006 Order. To the extent

that the Motion for Partial Summary Judgment asked the Court to rule on the retaliation issue raised for the first time by Plaintiff parents, the Court denied in part the Motion and allowed Plaintiffs until October 2, 2007 to brief the issue. Now, less than two months prior to trial, Plaintiffs are proposing that they be permitted to introduce new claims for individual retaliation by way of an amendment to their July 1, 2005 and April 8, 2005 Complaints.

Recognizing that Plaintiffs' failed to raise such claims for retaliation prior to their October 2, 2007 Opposition, this Honorable Court requested that Plaintiffs provide a memorandum providing the legal basis for amending Plaintiffs' Complaint. Arguing that "leave to amend should be freely given" pursuant to FRCP Rule 15, Plaintiffs filed a Motion to Amend the instant Complaint on October 2, 2007, **five months past the deadline to file any motions to amend.** As the deadline to amend has long since passed, Plaintiffs were required to demonstrate "good cause" to extend such a scheduling order deadline - the last possible day to move to amend was May 5, 2007.

Plaintiffs used the wrong standard in their analysis and have failed to demonstrate the requisite good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to justify an amendment at this late hour. As a result of Plaintiffs'

failure to provide the Court with an appropriate "legal basis" for their being entitled to amend their Complaint at this point, Plaintiffs' Motion should be denied.

## III. ARGUMENT

### A. Plaintiffs Failed To Satisfy The Stringent Good Cause Standard Required To Amend A Pleading After The May 5, 2007 Deadline To Amend Pleadings.

Plaintiffs' Motion relies upon the wrong standard and fails to explain the correct legal basis, which would entitle Plaintiffs to amend their Complaint after the clear May 5, 2007 deadline to amend pleadings set forth in the January 9, 2007 Amended Rule 16 Scheduling Order. On this basis alone, Plaintiffs' Motion must be denied. Despite being granted an opportunity to address the shortcomings of their pleadings, Plaintiffs have squandered this chance and instead have relied upon the erroneous Rule 15 "leave to amend should be freely given" standard, in an attempt to steer this Court into error.

It is clear Ninth Circuit precedent that where a party seeks to amend a pleading after the deadline for amending pleadings as set forth in a pretrial scheduling order has expired, the moving party must satisfy the stringent "good cause" standard under Federal Rule of Civil Procedure 16, and not the more liberal "freely given" standard under Rule 15(a). <u>See</u> <u>Amerisource Bergen Corp. v. Dialysist West, Inc.</u> 465 F.3d 946, 952 (9th Cir. 2006), <u>see also</u> <u>Johnson v. Mammoth</u>

Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (noting that the "good faith" standard of Rule 16 controls over the liberal Rule 15(a) standard once a district court files a Rule 16 pretrial scheduling order).

The Ninth Circuit Court of Appeals in Johnson concluded that "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." Johnson, 975 F.2d at 607-608.

Notwithstanding the clear Ninth Circuit precedent set forth by Johnson, Plaintiffs rely solely on Rule 15(a) as authority to permit them to amend their Complaint after the May 2007 deadline to amend. See Motion at 3. Plaintiffs emphasize the pro-amendment orientation of Rule 15, but they focus upon the wrong rule. The standard applicable in the instant case is not the "freely given" Rule 15(a) standard cited by Plaintiffs, but the more stringent "good cause" standard under Rule 16(b).

FRCP Rule 16(b) requires the district court to enter a scheduling order after the complaint is served. The scheduling order sets the deadlines for proceedings in the litigation, and specifically sets the deadline to amend any pleadings. See FRCP Rule 16(b)(1). The time period for amending the pleadings is specifically limited to assure "that at some point both the parties and the pleadings will be fixed." Advisory Committee

Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b). The court may extend a scheduling order deadline on a showing "of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension." Id.

In addition to the Ninth Circuit, a majority of the Circuits have also held that Rule 16(b)'s "good cause" standard, as opposed to Rule 15(a)'s "freely given" standard, governs motions to amend filed subsequent to the issuance of scheduling order deadlines. See Riofrio Anda v. Ralston Purina Co., 959 F. 2d 1149, 1154-55 (1st Cir 1992); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); S&W Enters. v. SouthTrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003); Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003); and Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). These courts have reasoned that application of the good cause standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders. See Sosa, 133 F.3d at 1419.

Allowing Plaintiffs to amend their Complaint over five months after the May 5, 2007 deadline set forth by this Court's Amended Rule 16 Order would eviscerate the effectiveness of Rule 16 and would encourage parties to accord little or no weight to the deadlines set forth therein and contrary to the purpose of the rule. The Ninth Circuit in Johnson expressly recognized that for Rule 16(b) to operate effectively, litigants cannot be

permitted to treat a scheduling order as a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." Johnson, 975 F.2d at 610[1]. Plaintiffs cannot be allowed to freely amend their pleadings after they have disregarded a scheduling order deadline. Allowing Plaintiffs to do so would effectively negate the purposes of Rule 16(b)(1).

In contrast to Rule 15(a)'s "freely given" standard, where the focus remains on the bad faith of the moving party and prejudice to the opposing party, Rule 16 (b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. Compare Foman v. Davis, 371 U.S. 178, 182 (1962) (applying the "freely given" standard where there was no Rule 16 order) and Johnson supra at 609 (applying "good cause" standard).

Recognizing the stringent nature of Rule 16, the Johnson court concluded that a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609[2].

---

[1] (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985)).

[2] (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and citing Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D. Ind. 1990); Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* Sec. 1522.1 at 231 (2d ed. 1990)).

Under the facts of the instant case, Plaintiffs cannot establish good cause warranting amendment at this late hour. Plaintiffs have provided no excuse as to why Plaintiffs could not have amended the Complaint prior to the May 5, 2007 deadline to amend pleadings. Plaintiffs concede that they have known about their recently formulated retaliation claims at least since allegedly alerting Defendants of the claims through "interrogatory responses and discovery". Motion at 14. Therefore, Plaintiffs cannot provide any valid reasons as to why they waited over four years to amend the Complaint to include claims for retaliation which are in stark contrast to the pure 504 discrimination claims brought by Bryan and on his behalf by his parents. Indeed, these issues concerning discrimination pursuant to 504, and all claims -except for retaliation which was not raised– were evaluated and ruled upon by this court in its December 19, 2006 Order addressing the various motions for summary judgment filed by the Parties. See December 19, 2006 Order attached hereto as Exhibit "B".

Plaintiffs have failed to provide any valid excuse which would justify their dilatory attempt to amend the Complaint two months before trial. As such, Plaintiffs have failed to establish good cause.

Both Plaintiffs' counsel attended the January 8, 2007 status conference. Both received a filed Amended Rule 16

Scheduling Order filed January 9, 2007, which set forth the May 5, 2007 deadline to amend any pleadings. Plaintiffs were thus aware of their obligation to move to amend before May 5, 2007 if they were to utilize the liberal pleading requirement of Rule 15. Nevertheless, Plaintiffs waited well over three years since the filing of this original action and five months after the scheduling order deadline to seek leave to amend, and used the wrong standard as well.

Plaintiffs' lengthy delay in amending their Complaint is a not so obvious attempt to sandbag Defendants at trial and an attempt trial by ambush; raising issues and claims which were not plead in the two Complaints Plaintiffs filed in this action. Such a long delay is clear and unequivocal evidence that Plaintiffs failed to diligently pursue this litigation. See Leary, 349 F.3d at 908; and Johnson, 975 F.2d at 609 (affirming district court's refusal to find good cause where plaintiff knew that it had named the wrong party but failed to amend complaint within the scheduling order deadline).

The instant case is not one where Plaintiffs could not have met the May 5, 2007 scheduling order deadline to amend its Complaint. Plaintiffs' allegedly knew of their claims for individual retaliation as early as April 11, 2006, the date of their supplemental discovery responses. As such, Plaintiffs had ample time to move to amend their Complaint before the

scheduling order deadline to amend. Because Plaintiffs utterly failed to meet, cite to, or even discuss the good cause standard under Rule 16, this Honorable Court need not examine whether Plaintiffs' amendment is proper pursuant to Rule 15(a) as erroneously cited by Plaintiffs. Plaintiffs' Motion should, therefore, be denied.

Even if this court were inclined to apply the Rule 15(a) standard as cited by Plaintiffs, Plaintiffs Motion must still be denied for the reasons set forth below.

**B. Plaintiffs Should Be Precluded From Adding Their New Individual Claims for Retaliation Where the Late Addition of Such Claims Is Unjustified and Would Cause Defendants Substantial Prejudice.**

Plaintiffs should not be permitted to amend their Complaint when they can offer no justification for delaying the addition of such claims previously, and when trial in this matter is scheduled to commence in less than two months. Notwithstanding the proper application of the stringent "good cause" standard of Rule 16 to the instant case, and assuming for the sake of argument that the liberal Rule 15 standard applies, the general rule allowing liberal amendments to pleadings is not without exceptions.

The United States Supreme Court, in applying Rule 15(a) has set forth:

> In the absence of any apparent or declared reason ... such as undue delay, bad faith or dilatory motive on

> the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ... the leave should, as the rule requires, be "freely given."

(Foman v. Davis, 371 U.S. 178, 182 (1962)) (emphasis added). The United States Supreme Court clearly recognized undue delay and dilatory motive as legitimate grounds for denying leave to amend.

In this case, Plaintiffs were aware of the conduct upon which they are now seeking to add their individual claims for retaliation against Defendants from at least April 11, 2006, when Plaintiffs supplemented their discovery responses. Plaintiffs' unjustified delay in attempting to add this claim for **more than 18 months after the service of their discovery responses but less than two months prior to trial** would cause substantial prejudice to Defendants. Plaintiffs' Motion should therefore be denied.

In Freeman v. Continental Gin Co., 381 F.2d 459 (5th Cir. 1967), the Fifth Circuit upheld a denial of a motion to amend where there appeared to be a lack of diligence by the plaintiff. The court stated:

> It is clear that lack of diligence is reason for refusing to permit amendment. So holding is Wheeler v. West India S. S. Co., 205 F.2d 354 (2d Cir. 1953), a decision concurred in by the draftsmen of the Federal Rules. Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay "was due to oversight,

> inadvertence, or excusable neglect." ... Leave will be denied unless he shows some "valid reason for his neglect and delay."

Id. at 469 (citations omitted). Cf. Marks v. Marks, 51 Haw. 548, 465 P.2d 996 (1970)(the absence of any allegation of "oversight, inadvertence, or excusable neglect" a major factor in upholding trial court's denial of leave to amend).

Many courts have held that mere delay, without prejudice to the adverse party, does not justify denial of leave to amend. However, prejudice will be inferred where the proposed amendment states new claims, where new discovery will be required, and where the plaintiff was aware all along of the facts underlying the proposed amendment. See, Mercantile Trust Co. National Assn. v. Island Marine Products Corp., 542 F.2d 1010 (C.A. Mo. 1976).

In the instant action, the only justification Plaintiffs offer for being allowed to amend their Complaint so late in these proceedings is that both the proposed cause of action for retaliation and their existing claims for discrimination stem from the same alleged conduct. Motion at 14. Plaintiffs argue that Defendants have been fully informed of Plaintiffs' claims for retaliation through "interrogatory responses and discovery" and therefore, "have had a full an [sic] fair opportunity to respond to them." Id.

Notwithstanding Plaintiffs' clear mischaracterizations, Plaintiffs' failure to timely amend was not a matter of "oversight, inadvertence, or excusable neglect", but rather a simple failure to sufficiently investigate the law that might apply to conduct of the nature alleged. Not once in Plaintiffs' 15 page Motion did they allege that their failure to amend within the appropriate deadline was due to neglect.

The cause of action of retaliation under Rule 504 is separate and distinct from a claim for deliberate indifference under Rule 504. Irrespective of the fact that the two causes are joined in a statutory section under the Rehabilitation Act, the two separate claims protect different classes of claimants against different types of injuries.

Substantial discovery has already been completed. The discovery cut-off passed on October 5, 2007. Allowing Plaintiffs to add new claims at this stage of the proceedings is expected to cause Defendants actual prejudice in their ability to prepare for and defend against the new claim. To delay the proceedings and postpone trial would be similarly unfair and prejudicial to the Defendants.

Under such circumstances, allowing Plaintiffs to amend their Complaint to add a new claim would unduly delay the presentation of this case for trial and unfairly prejudice

Defendants without any just cause therefore. Accordingly, Plaintiffs' Motion should be denied.

## IV. CONCLUSION

Based on the foregoing reasons and authorities, Defendants respectfully request that Plaintiffs' Motion to Amend Their Complaint be denied.

DATED: Honolulu, Hawaii, October 16, 2007.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants