391973.4

MARK J. BENNETT     #2672-0
Attorney General, State of Hawaii
HOLLY T. M. SHIKADA #4017-0
GARY K.H. KAM       #4391-0
GEORGE S. S. HOM    #2487-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: holly.t.shikada@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI    #2498-0
GREGG M. USHIRODA   #5868-0
LEIGHTON M. HARA    #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action) |
| Plaintiffs, | **DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE** |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | **FINAL PRETRIAL CONFERENCE:**<br>Date:  October 23, 2007<br>Time:  9:00 a.m.<br>Judge: Hon. Barry M. Kurren |
| Defendants. | **TRIAL: December 4, 2007** |

**DEFENDANTS DEPARTMENT OF EDUCATION
AND ALVIN RHO'S FINAL PRETRIAL STATEMENT**

Defendants DEPARTMENT OF EDUCATION for the STATE OF HAWAII ("D.O.E.") and ALVIN RHO (hereinafter "Defendants"), by and through their counsel, Watanabe Ing & Komeiji LLP, and hereby submit their Final Pretrial Statement pursuant to Rule 16.6 of the Local Rules of Practice for the United States District Court for the District of Hawaii.

I.    <u>JURISDICTION AND VENUE</u>

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor (collectively "Plaintiffs"), allege federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiffs also allege that venue is appropriate as the events giving rise to the claim(s) alleged occurred in the County of Hawaii, State of Hawaii.

II.    SUBSTANCE OF ACTION

Plaintiffs have brought this lawsuit on behalf of themselves and on behalf of their minor child Bryan Wiles-Bond ("Bryan"), against Defendants.  Plaintiffs allege that Defendants intentionally discriminated against Bryan on the basis of his disability when they failed to provide Bryan with educational and related services that Bryan was entitled to as a disabled individual.  Plaintiffs' primary complaint is that Defendants failed to provide the required number of skills trainers service

- 2 -

hours to Bryan, and that Defendants failed to comply with several administrative orders.

Although the consolidated Complaints assert various claims, the sole cause of action in this case is a claim for money damages for intentional discrimination under Section 504 of the Rehabilitation Act. Under Section 504, however, Plaintiffs must prove that Defendants acted with deliberate indifference and/or intentionally discriminated against Bryan on the basis of his disability. Defendants maintain that there is no evidence to support such intentional and/or deliberate actions. Rather, the evidence clearly establishes that Defendants acted in good faith to comply with their obligations to provide Plaintiffs with FAPE.

Furthermore, there is no evidence to support Plaintiffs' speculative claim that Bryan was irrevocably damaged as a result of a denial of FAPE.

### III. <u>UNDISPUTED FACTS</u>

1.    Bryan is severely autistic child who was diagnosed with autism spectrum disorder at age 2. Bryan and his family moved from Maryland to the Big Island of Hawaii. He was enrolled in the Hawaii public school system from 1999 until he moved to California with his parents in January of 2005.

2.    The D.O.E. made efforts to comply with its obligations to provide skills trainers and other services to Bryan. This included the D.O.E.'s efforts at recruiting skills trainers through newspaper advertising, posting signs on bulletin

boards in the Kailua-Kona and Waimea communities, posting job listings at conventions, leaving business cards at conventions and workshops, placing advertisements on agency websites, and giving Plaintiffs funding to advertise for skills trainers.

      3.   At Plaintiffs' insistence, the D.O.E. brought in a mainland company, Pacific Child & Family Associates ("PCFA"), with expertise in servicing autistic children to conduct an evaluation.  In 2004, PCFA submitted a proposal indicating that it was willing to service Bryan and his family.  The D.O.E. was willing to pay $191,670.00 to PCFA for a one-year program.  In the midst of entering into a contract for PCFA's services, the Plaintiffs relocated to California.

      4.   Bryan was not completely excluded from receiving a public education as Plaintiffs' acknowledge that the DOE provided approximately 75 percent of the mandated services.

      5.   The evidence shows that some of Defendants' inability to provide 100% of the skills trainer hours may have been attributable to a lack of available skills trainers and Plaintiffs' own actions.  Skills trainers asked to be removed from Bryan's case because of circumstances such as the unsanitary living conditions in Plaintiffs' home, being left alone with Bryan all day on weekends, and being expected to do household chores.

IV.    **DISPUTED FACTUAL ISSUES**

       The parties dispute whether Defendants were deliberately indifferent and/or intentionally discriminated against Bryan Wiles-Bond based on his disability.  All allegations of wrongdoing are denied and therefore disputed. Defendants deny that they violated any of Plaintiffs' rights.

V.    **RELIEF PRAYED**

       In the consolidated Complaints, Plaintiffs pray for the following relief against Defendants: (1) a declaration that Defendants are liable to the Plaintiffs; (2) judgment against Defendants for an amount of money that will recompense Plaintiffs for losses experienced and the economic and non-economic damages caused by Defendants' conduct; (3) judgment against Defendants that they have exacerbated Bryan Wiles-Bond's condition to such an extent as to make institutionalization or an assisted living setting the only alternatives for Plaintiffs; (4)an award of attorneys' fees and costs.

VI.    **POINTS OF LAW**

       Defendants submit the following as the anticipated disputed points of law in this matter:

    A.    **Plaintiffs Cannot Recover Under Section 504 For The Mere Denial Of FAPE.**

    Section 504 of the Rehabilitation Act provides:

> No otherwise qualified person with a disability in the United States . . . shall, **solely by reason** of her or his disability, be

excluded from the participation in, be denied
the benefits of, or be subjected to
discrimination under any program receiving
Federal financial assistance.

29 U.S.C. § 794(a) (emphasis added). The purpose the

Rehabilitation Act "is to prevent old-fashioned and unfounded

prejudices against disabled persons from interfering with those

individuals' rights to enjoy the same privileges and duties

afforded to all United States citizens." Galloway v. Superior

Court of the District of Columbia, 816 F. Supp. 12, 20 (D. D.C.

1993). Section 504 is merely "prohibitory, forbidding exclusions

from federally-funded programs on the basis of handicap, rather

than mandatory, creating affirmative obligations. The [IDEA], by

contrast, because of its focus on appropriate education, imposes

affirmative duties regarding the content of the programs that

must be provided to the handicapped." School Dist. of Wisconsin

Dells v. Z.S., 184 F. Supp.2d 860, 884 (W.D. Wis. 2001) (citation

omitted). Thus, because Section 504 "forbids exclusion from

programs rather than prescribing the programs' content **it reaches**

**grosser kinds of misconduct than the IDEA.**" Id. (citation

omitted, emphasis added).

> **2.   Section 504 prohibits only intentional**
> **discrimination**

In the special education context, the standard of

proving a Section 504 claim is "extraordinarily high." Doe v.

Arlington County School Board, 41 F. Supp.2d 599, 608 (E.D. Va.

1999). To recover compensatory damages under Section 504, a

plaintiff must prove "intentional discrimination," which can be inferred when a policymaker acts with "deliberate indifference" to the strong likelihood that a violation of federally protected rights will result from the implementation of the policy.  <u>See Powers v. MJB Acquisition Corp.</u>, 184 F.3d 1147, 1153 (10th Cir. 1999) (citation omitted).  <u>Cf.</u> <u>Dempsey v. Ladd</u>, 840 F.2d 638, 641 (9th Cir. 1987) (denial of access to a benefit is not actionable under Section 504 where it is for non-discriminatory reasons); <u>Weinreich v. Los Angeles Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997) (same).

The Ninth Circuit has articulated this "deliberate indifference" standard as requiring "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1056 (9th Cir. 2002) (citation omitted).  The first element is satisfied when the public entity has notice that an accommodation is required.  <u>Id.</u>  The second element is satisfied if the entity's failure to act is more than negligent, and **involves an element of deliberateness**.  <u>Id.</u> (emphasis added).

For example, mere reckless or negligent behavior will not create liability under Section 504.  In <u>Ferguson v. City of Phoenix</u>, 157 F.3d 668 (9th Cir. 1998), the Ninth Circuit determined that the City of Phoenix could not be held liable under Section 504 for failing to maintain an emergency 9-1-1 system to respond to deaf or hearing impaired users because there

- 7 -

was no evidence that the City was deliberately indifferent to

violating the plaintiffs' rights:

> In light of the evidence in the record, **the situation clearly appears to be no more than at times some not uncommon bureaucratic inertia as well as some lack of knowledge and understanding about the DOJ Manual requirements. There is nothing to show, or even suggest, any deliberate indifference or discriminatory animus on the part of the City towards plaintiffs.**

Id. at 675 (emphasis added).  And in Midgett v. Tri-County

Metropolitan Trans. Dist. Of Oregon, 254 F.3d 846 (9th Cir.

2001), the Ninth Circuit Court of Appeals held that a defendant's

good faith intent to comply with the disability discrimination

laws precludes finding of "deliberate indifference" as a matter

of law.  See also Memmer v. Marin County Courts, 169 F.3d 630 at

633 (9th Cir. 1999) (plaintiff's failure to produce evidence of

discriminatory intent is fatal to ADA claim).

   In contrast, the only reported Ninth Circuit decision

in which the appellate court determined that the "deliberate

indifference" standard was met was a case involving a facially

discriminatory policy, *i.e.* a policy that categorically excluded

disabled persons from a program **solely on the basis of their**

**disability**.  See Lovell, 303 F.3d at 1057 ("In [a case of facial

discrimination], the public entity is, at the very least,

'deliberately indifferent'; **by its very terms, facial**

**discrimination is intentional**") (emphasis added).  No reported

Ninth Circuit decision, however, has held that a mere failure to

provide FAPE or otherwise comply with IDEA is adequate to even raise an issue of fact as to whether the "deliberate indifference" standard has been met.

### 2. A mere denial of FAPE is insufficient to establish intentional discrimination under Section 504

Courts are uniform in holding that Section 504 claims premised on a mere denial of FAPE are simply insufficient to impose Section 504 liability for compensatory damages, under any standard.

The Ninth Circuit has refused to impose Section 504 liability based on a denial of FAPE in several cases. In <u>Doe by Gonzales v. Maher</u>, 793 F.2d 1470 (9th Cir. 1986), the Ninth Circuit Court of Appeals held that the Education of All Handicapped Children Act (predecessor to the IDEA), **provides the sole remedy for disabled children who have been denied their right to FAPE**. 793 F.2d at 1494 (emphasis added).[1] <u>See also</u> <u>Alexopulos by Alexopulos v. Riles</u>, 784 F.2d 1408 (9th Cir. 1986)

---

[1]Although <u>Gonzales</u> was decided prior to the amendment to the IDEA, 20 U.S.C. 1415(l), which provides, "Nothing in this chapter shall be construed to restrict the rights, procedures, and remedies available under . . . title V of the Rehabilitation Act of 1973," this amendment **has not been held to have altered the prior holdings that more harm is required than a denial of free appropriate public education to make out a section 504 claim.** <u>See</u> <u>N.L. v. Knox County Schools</u>, 315 F.3d 688, 695 (6th Cir. 2003) (citations omitted, emphasis added). Thus, the holding of <u>Gonzales</u> that the IDEA provides the sole remedy for a denial of FAPE remains good law.

- 9 -

(same).  This holding was reaffirmed by the Ninth Circuit in

Ramon v. Soto, 916 F.2d 1377 (9th Cir. 1989):

> We have held, however, that the rights of
> handicapped children regarding suspension and
> expulsion are enumerated in the Education of the
> Handicapped Act rather than the Rehabilitation
> Act.

916 F.2d at 1380 (citing Doe by Gonzales v. Maher).

Thus, the Ninth Circuit has made clear that a denial of

FAPE is insufficient *as a matter of law* to constitute a Section

504 claim, even when the plaintiffs allege that the denial of

FAPE was "intentional," done in "bad faith" or constitutes "gross

misjudgment."  See also MS. S. v. Vashon Island School District,

337 F.3d 1115, 1125 n. 14 (9th Cir. 2003) (Section 504 claims

which were merely "derivative" of IDEA claims presented no

plausible independent basis for recovery).

The Ninth Circuit's position on this matter is firmly

established, and is consistent with the substantial majority of

courts in other jurisdictions, which also hold that mere denials

of FAPE (or IDEA violations) are insufficient to sustain claims

under Section 504.  See, e.g., Sellers v. The School Bd. Of The

City Of Manassas, 141 F.3d 524 (4th Cir. 1998); Monahan v. State

of Nebraska, 687 F.2d 1164 (8th Cir. 1982); Hoekstra v.

Independent Sch. Dist. No. 283 (8th Cir. 1996); N.L. by MS. C. v.

Knox County Schools, 315 F.3d 688 (6th Cir. 2003); Smith v. Isle

of Wight County Sch. Bd., 284 F. Supp.2d 370 (E.D. Va. 2003);

E.W. and E.W. v. The School Bd. of Miami-Dade County Fla., 307 F.

Supp.2d 1363 (S.D. Fla. 2004); <u>Reid v. Petaluma Joint Union High School Dist.</u>, 2000 WL 1229059 (N.D. Cal. 2000); <u>Doe v. Arlington County School Bd.</u>, 41 F. Supp.2d 599 (E.D. Va. 1999).

These courts generally hold that to prove discrimination in the special education context, "something more than a mere failure to provide the 'free appropriate education' required by the [IDEA] must shown." <u>Monahan</u>, 687 F.2d 1164. As stated by the Eighth Circuit Court of Appeals:

> **The reference in the Rehabilitation Act to "discrimination" must require, we think, something more than an incorrect evaluation, or a substantively faulty individualized education plan, in order for liability to exist.** Experts often disagree on what the special needs of a handicapped child are, and the educational placement of such children is often an arguable matter. That a court may, after hearing evidence and argument, come to the conclusion that an incorrect evaluation has been made, and that a different placement must be required under [the IDEA], is not necessarily the same thing as a holding that a handicapped child has been discriminated against solely by reason of his or her handicap. An evaluation, in other words, is not discriminatory merely because a court would have evaluated the child differently.
>
> **We do not read 504 as creating general tort liability for educational malpractice,** especially since the Supreme Court, in interpreting the [IDEA] itself, has warned against a court's substitution of its own judgment for educational decisions made by state officials.

687 F.2d at 1170-1171 (emphasis added). These courts have concluded that **Section 504 cannot be used to bring a "tort-like claim of educational malpractice."** <u>See Arlington County</u>, 41 F.

Supp.2d at 608-609 (Section 504 does not create any general tort of educational malpractice); <u>Petaluma Joint Union</u>, 2000 WL 1229059 at *2 (a Section 504 "tort-like claim of educational malpractice," without more, must be dismissed as being inconsistent with the statutory intent of preserving the right to education rather than one of creating a private tort action against school districts).  After all, "negligent error in the development of an appropriate IEP does not amount to the kind of invidious discrimination at which the Rehabilitation Act or the ADA is directed."  <u>Shirey by Kyger v. City of Alexandria School Bd.</u>, 229 F.3d 1143, 2000 WL 1198054 at *4 (4th Cir. 2000) (unpublished).

Further, these courts have not been persuaded by plaintiffs who attempt to couch their Section 504 allegations in terms of "gross misjudgment," "intentional discrimination," "deliberate indifference," and/or "bad faith."  For example, in <u>Sellers</u>, the plaintiffs claimed that the complete failure by the school board to provide <u>any</u> special education services to their child for over ten years, despite persistent and repeated requests by the mother to do so, was a total failure of its responsibilities and exhibited "gross misjudgment" sufficient to at least raise an issue of material fact on their Section 504 claim.  <u>See</u> Appellants' Opening Brief, 1997 WL 33492433 at *7-10 and *18-21.

Similarly, in <u>Petaluma School Dist.</u>, <u>supra</u>, the plaintiffs argued that the school district's failure to provide special education services, despite its knowledge that the child needed such services, amounted to "bad faith, gross misjudgment or deliberate indifference."  2000 WL 1229059 at *1.  In <u>Isle of Wight</u>, <u>supra</u>, the plaintiffs alleged that the school board "ignored" the requirements of an IEP and failed to give them notice of their rights under the IDEA.  284 F. Supp.2d at 378 (decided under 42 U.S.C. § 1983).  And in <u>Hoekstra</u>, <u>supra</u>, the plaintiffs argued that the defendants deliberately delayed in providing her with tutoring, which resulted in a deprivation of FAPE.  103 F.3d at 625 (decided under the ADA).  However, in all of these cases, the courts dismissed the claims as a matter of law.  These courts, like the Ninth Circuit of Appeals in <u>Natalie P.</u> and <u>Zasslow</u>, found that these types of allegations, despite the legal catchphrases, basically consisted of "mere denials of FAPE" that were insufficient to create liability under the disability discrimination laws.

### 3.  <u>Plaintiffs merely allege denial of FAPE</u>

To prevail on their Section 504 claims, Plaintiffs have the ultimate burden of proving intentional discrimination.  <u>See</u> <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138 (9th Cir. 2001); <u>Memmer v. Marin County Courts</u>, 169 F.3d at 633 (9th Cir. 1999); <u>Moubry v. Independent School Dist. 696</u>, 9 F. Supp.2d 1086, 1111 (D. Minn. 1998).  Here, the Plaintiffs allege nothing more than a

denial of FAPE as the basis for their Section 504 claims.
Plaintiffs' primary complaint is that Defendants continually
failed to hire and provide Bryan with skills trainers who had
specific qualifications in violation of the administrative orders
and the Settlement Agreement. Plaintiffs also allege that
Defendants failed to create a substitute pool of skills trainers,
failed to have a certified special education teacher for the 2004
summer session, and failed to have a qualified special education
teacher for the 2004-2005 school year.

These allegations are insufficient to state a Section
504 cause of action as a matter of law in this circuit. See MS.
S. v. Vashon Island School District, 337 F.3d 1115 (9th Cir.
2003); Ramon v. Soto, 916 F.2d 1377 (9th Cir. 1989); Doe by
Gonzales v. Maher, 793 F.2d 1470 (9th Cir. 1986). Plaintiffs'
claims are little more than repackaged IDEA claims, are attempts
to make an end run around IDEA in order to circumvent or enlarge
the remedies available under IDEA. See Moubry, 9 F.Supp.2d at
1111; and Isle of Wight County, 284 F.Supp.2d at 379.

Indeed, the Plaintiff's allegations are virtually
identical to claims that were deemed insufficient as a matter of
law to raise even an issue of fact regarding whether defendants
acted with "deliberate indifference" in both this circuit and
other jurisdictions. See Sellers, supra (failure to provide
special education services, despite knowledge that services were
needed and repeated requests to provide services from parent);

- 14 -

<u>Petaluma Joint Union</u> (failure to provide special education services). Even this Honorable Court in <u>Mark H. v. Paul LeMahieu</u>, CV00-282-MLR, when considering identical issues, found that monetary damages were not compensable under these facts.

**B. Plaintiffs Are Precluded From Recovering Tort Damages Under Section 504 of the Rehabilitation Act**

Plaintiffs are also precluded from recovering tort damages (*i.e.* emotional distress and punitive damages) under Section 504 pursuant to the Supreme Court's decision in <u>Barnes v. Gorman</u>, 536 U.S. 181 (2002), which limits the available remedies in Section 504 suits to only contract damages.

**C. Parent Plaintiffs Have No Standing to Bring Claims for Their Own Personal Injuries and Non-Economic Damages**

It is well-settled that plaintiff parents do not have standing to bring an action for their own personal injuries allegedly arising from the alleged discrimination against the handicapped individual  See <u>Sanders by Sanders v. Marquette Public Schools</u>, 561 F. Supp. 1361, 1368-70 (W.D. Mich. 1983) (father who brought suit on behalf of disabled daughter did not have standing to sue under 504 for purely Personal injuries as he was not a participant in a program subject to the Rehabilitation act); <u>See also</u> <u>Miller v. Abilene Christian University of Dallas</u>, 517 F. Supp. 437 (N.D. Texas 1981) (cited by <u>Sanders</u> and holding that plaintiff, a former professor, lacked standing to bring a claim under the Rehabilitation act because he was not a participant in the Rehabilitation act); <u>Rhodes v. Charter</u>

Hospital, 730 F. Supp. 1383 (S.D. Miss. 1989) (holding that monetary damages for emotional suffering are not available under Sec. 504 of the Rehabilitation act); Americans Disabled for Accessible Public Tranp. (ADAPT) , Salt Lake Chapter v. SkyWest Airlines, Inc. 762 F. Supp. 320 (D. Utah 1991) (holding that monetary damages are unavailable for emotional suffering in suits brought pursuant to Sec. 504 of the Rehabilitation Act); U.S. Forest Dale, Inc., 818 F. Supp. 954 (N.D. Tex. 1993) (holding that monetary damages for emotional suffering are not recoverable under Section 504 of the Rehabilitation Act but noting that applicant may recover for economic damages reasonably incurred).

VII.  **PREVIOUS MOTIONS**

The following is a listing of the motions that have been filed in this case and each motion's disposition:

A    **Motion No. 1**

Title:           Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Relief Against Defendants filed July 30, 2004.

Disposition:  Motion WITHDRAWN on February 9, 2005.

B.    **Motion No. 2**

Title:           Plaintiffs' Amended Motion To Enforce Administrative Order filed September 17, 2004.

Disposition:  Motion WITHDRAWN on February 10, 2005.

C.   **Motion No. 3**

    Title:          Plaintiffs' Motion For Leave To File
                          Amended and Supplemental Complaint

    Disposition:  Motion GRANTED on May 19, 2005.

D.   **Motion No. 4**

    Title:          Motion By Plaintiff's To Consolidate

    Disposition:  Motion granted on July 26, 2005.

E.   **Motion No. 5**

    Title:          Motion By Defendant Department of
                          Education to Stay Proceedings

    Disposition:  Motion DENIED on December 14, 2005.

F.   **Motion No. 6**

    Title:          Plaintiffs' Motion To Determine that the
                          Request For Admissions are Deemed
                          Admitted

    Disposition:  Motion GRANTED on April 21, 2006.

G.   **Motion No. 7**

    Title:          Defendants Motion for Summary Judgment
                          filed on February 24, 2006.

    Disposition:  Motion DENIED on December 19, 2006.

H.   **Motion No. 8**

    Title:          Plaintiffs' Motion to Compel Attendance
                          at Deposition

    Disposition:  Motion TERMINATED ON April 21, 2006.

I.    **Motion No. 9**

    Title:        Motion For Partial Summary Judgment by
                      Ann Kimball Wiles, Stanley Bond, Bryan
                      Wiles-Bond filed February 22, 2006.

    Disposition:    Motion DENIED on December 19, 2006.

J.    **Motion No. 10**

    Title:        Plaintiffs' Motion to Strike
                      Declarations for Non-Compliance with
                      Rule 56(e) filed March 17, 2006.

    Disposition:    Motion DENIED on December 19, 2006.

K.    **Motion No. 11**

    Title:        Plaintiffs' Motion to Enforce the
                      Doctrine of Issue Preclusion Regarding
                      All Administrative Hearing Decisions and
                      the Settlement Agreement filed April 24,
                      2006.

    Disposition:    Motion GRANTED IN PART and DENIED IN
                      PART on December 19, 2006.

L.    **Motion No. 12**

    Title:        Plaintiffs' Motion To Amend and/or
                      Supplement the Record filed August 17,
                      2006.

    Disposition:    Motion DENIED on December 19, 2006.

M.    **Motion No. 13**

    Title:        Defendants Department of Education and
                      Alvin Rho's Motion for Partial Summary
                      Judgment re: Plaintiffs' Individual
                      Claims for Non-Economic Damages Pursuant
                      to the Rehabilitation Act 29 U.S. C.
                      Sec. 729 filed July 12, 2007.

    Disposition:    Motion GRANTED IN PART and DENIED IN
                      PART on September 17, 2007.  Motion
                      GRANTED to the extent that Plaintiffs
                      seek to rely on <u>Winkleman v. Parma City</u>

School District, 127 S.Ct. 1994 (2007) as an expansion of their rights. MOTION DENIED WITHOUT PREJUDICE to the extent it seeks to preclude Plaintiffs from asserting a retaliation claim under the Rehabilitation Act and from recovering non-economic damages for such a claim.

N. **Motion No. 14**

Title:            Defendants' Motion to Strike Shelby Floyd As a Witness filed September 5, 2007.

Disposition:      Motion pending. Hearing scheduled for October 18, 2007 at 11:15 a.m.

O. **Motion No. 15**

Title:            Plaintiffs' Motion To Compel the Oral Deposition of Lono Beamer filed September 24, 2007.

Disposition:      Motion DENIED on October 3, 2007. Lono Beamer to send letter to Court by October 2, 2007 on where emails came from, how emails got to JoAn Hill, and to corroborate that Ms. Hill gave the emails to Mr. Beamer.

P. **Motion No. 16**

Title:            Defendants' Motion To Compel Department of Human Services To Produce Child Welfare Services Records For Bryan Wiles-Bond filed October 2, 2007.

Disposition:      Motion DENIED without prejudice.

Q. **Motion No. 17**

Title:            Plaintiffs Ann Kimball Wiles's and Stanley Bond's Motion To Amend Their Complaint To Include An Express Claim For Non-Economic Damages For Retaliation filed October 2, 2007.

Disposition:    Non-hearing motion pending.  Defendants'
                response and opposition to Motion due on
                October 16, 2007.

## VIII.  WITNESSES TO BE CALLED

1.    Ann Kimball Wiles, c/o Davis Levin Livingston
Grande, 400 Davis Levin Livingston Grande Place, 851 Fort Street,
Honolulu, HI  96813.  Ms. Wiles is Bryan's mother and is one of
the plaintiffs in this case.  In general, Ms. Wiles will testify
on issues pertaining to liability and damages.  Ms. Wiles will
also testify regarding, among other things, that Bryan was not
completely excluded from receiving a public education; the D.O.E.
provided at least 75 percent of the mandated educational
services; there were difficulties finding and retaining qualified
skills trainers; she approved the hiring of skills trainers; and
the D.O.E. brought in Pacific Child & Family Associates at
Plaintiffs' request.

2.    Stanley Bond, plaintiff, c/o Davis Levin
Livingston Grande, 400 Davis Levin Livingston Grande Place, 851
Fort Street, Honolulu, HI  96813.  Mr. Bond is Bryan's father and
is one of the plaintiffs in this case.  In general, Mr. Bond will
testify on issues pertaining to liability and damages.  Mr. Bond
will also testify regarding, among other things, that Bryan was
not completely excluded from receiving a public education; that
the D.O.E. provided at least 75 percent of the mandated
educational services; there were difficulties finding and

- 20 -

retaining qualified skills trainers; that he approved the hiring
of skills trainers; and the D.O.E. brought in Pacific Child &
Family Associates at Plaintiffs' request.

       3.   Alvin Rho, c/o Watanabe Ing & Komeiji LLP, First
Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI
96813.  Mr. Rho was the West Hawaii Complex Area Superintendent
until December 31, 2004.  He is expected to testify as to, among
other things, the D.O.E. efforts to implement the IEPs and
provide services, funding of Bryan's educational program and
approval of funding to hire Pacific Child & Family Associates,
efforts to comply with the administrative court orders and the
Settlement Agreement, and other matters related to liability and
damages.

       4.   Judith Anne Radwick, c/o Watanabe Ing & Komeiji
LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor,
Honolulu, HI 96813.  Ms. Radwick was the District Education
Specialist for the West Hawaii Complex from 1999 until May 2004.
She is expected to testify as to, among other things, her
observations and interactions with Plaintiffs, participation and
implementation of the IEPs, interactions with the provider
agencies, efforts to recruit and train skills trainers, efforts
to comply with the administrative court orders and the Settlement
Agreement, and other matters related to liability and damages.

       5.   JoAn Hill, Resource Teacher, c/o Watanabe Ing &
Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd

Floor, Honolulu, HI 96813. Ms. Hill was the Temporary District
Education Specialist for the West Hawaii Complex from May 2004 to
October 2004. She is expected to testify as to, among other
things, her observations and interactions with Plaintiffs,
participation and implementation of the IEPs, her interactions
with the provider agencies, efforts to recruit and train skills
trainers, efforts to comply with the administrative court orders
and the Settlement Agreement, and other matters related to
liability and damages.

        6.    Linda Price, c/o Watanabe Ing & Komeiji LLP, First
Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI
96813. Ms. Price was the program coordinator for Child & Family
Services, one of the provider agencies under contract with the
D.O.E., from 2002 until September 2004, and is the current
District Educational Specialist for the West Hawaii Complex. She
is expected to testify as to, among other things, her
observations and interactions with Plaintiffs, participation and
implementation of the IEPs, efforts to recruit and train skills
trainers, efforts to comply with the administrative court orders
and the Settlement Agreement, and other matters related to
liability and damages.

        7.    Kate Tolentino, c/o Watanabe Ing & Komeiji LLP,
First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu,
HI 96813. Ms. Tolentino is the current principal at Honokaa
Elementary School, and was District Educational Specialist

assigned to Bryan's case from late September 2004 up until the time Plaintiffs left Hawaii in January 2005. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, interactions with the provider agencies, efforts to recruit and train skills trainers, efforts to comply with the administrative court orders and the Settlement Agreement, efforts to hire Pacific Child & Family Associates, and other matters related to liability and damages.

8.   Kelly Stern, Waimea Middle School, 67-1229 Mamalohoa Highway, Kamuela, HI 96743. Ms. Stern was the program administrator for The Institute For Family Enrichment ("TIFFE"), one of the provider agencies under contract with the D.O.E., from February 3, 2003 to August 1, 2005. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, interactions with other provider agencies, efforts to recruit and train skills trainers, efforts to comply with the administrative court orders and the Settlement Agreement, and other matters related to liability and damages.

9.   Lorri Bolton, Psy.D, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Dr. Bolton is the current D.O.E. clinical psychologist assigned to Ka`u High School and Pahala Elementary School, and was the temporary District Education Specialist for

Autism for the District of Hawaii from July 14, 2004 to September
1, 2004.  She is expected to testify as to, among other things,
her observations and interactions with Plaintiffs, participation
and implementation of the IEPs, interaction with provider
agencies, efforts to recruit skills trainers, efforts to comply
with the administrative court orders and the Settlement
Agreement, and other matters related to liability and damages.

      10.  Dru Copeland, Ph.D., 9 Deer Run, Randolph, New
Jersey 07869.  Dr. Copeland was the Autism Consultant with Ala
Kai Na Keiki and then with TIFFE who was assigned to Bryan's case
from September 2002 up until the Plaintiffs left Hawaii in
January 2005.  She is expected to testify as to, among other
things, her observations and interactions with Plaintiffs,
participation and implementation of the IEPs, supervising and
training skills trainers, D.O.E.'s efforts to implement IEPs and
provide educational services, D.O.E. efforts to recruit and train
skills trainer, and other matters related to liability and
damages.

      11.  Art Souza, c/o Watanabe Ing & Komeiji LLP, First
Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI
96813.  Mr. Souza is the current West Hawaii Complex Area
Superintendent and was the former principal at Waikoloa
Elementary School.  He is expected to testify as to, among other
things, his observations and interactions with Plaintiffs,

participation and implementation of the IEPs, and other matters related to liability and damages.

12.  Nancy Perry, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813.  Ms. Perry was one of Bryan's Special Education ("SPED") teachers at Waikoloa Elementary School.  She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, and other matters related to liability and damages.

13.  John Walker, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813.  Mr. Walker was one of Bryan's SPED teachers at Waikoloa Elementary School.  He is expected to testify as to, among other things, his observations and interactions with Plaintiffs, participation and implementation of the IEPs, and other matters related to liability and damages.

14.  Tristine Graetz, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813.  Ms. Graetz is currently an Educational Assistant at Honaunau Elementary School, and was the Educational Assistant at Waikoloa Elementary School.  Ms. Graetz was also hired by the Plaintiffs to provide home care for Bryan in 1999.  She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, and other matters related to liability and damages.

15. Nancy Matsukawa, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Ms. Matsukawa is the current principal at Kealakehe Elementary School. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, and other matters related to liability and damages.

16. Shirley Revelle, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Ms. Revelle is currently a SPED teacher at Waikoloa Elementary School, and was Bryan's SPED teacher at Kealakehe Elementary School. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, and other matters related to liability and damages

17. Rebecca Pierson, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Ms. Pierson is the current Autism Resource Teacher in the West Hawaii District Office, and was Bryan's SPED teacher at Kealakehe Elementary School. Ms. Pierson also worked with Bryan during the Summer 2004 ESY session. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, and other matters related to liability and damages.

18.  Robert Gentzel, c/o Watanabe Ing & Komeiji LLP,
First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu,
HI 96813.  Mr. Gentzel was the principal at Kealakehe
Intermediate School until October 2004.  He is expected to
testify as to his observations and interactions with Plaintiffs,
participation and implementation of the IEPs, efforts to comply
with the administrative court orders and the Settlement
Agreement, and other matters related to liability and damages.

19.  Bill Brown, c/o Watanabe Ing & Komeiji LLP, First
Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI
96813.  Mr. Brown was Bryan's teacher for the summer 2004 ESY
session.  He is expected to testify as to, among other things,
his observations and interactions with Plaintiffs, participation
and implementation of the IEPs, and other matters related to
liability and damages.

20.  Jennifer Harris, c/o Watanabe Ing & Komeiji LLP,
First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu,
HI 96813.  Ms. Harris is currently a SPED teacher at Keeau High
School, and was Bryan's SPED teacher at Kealakehe Intermediate
School.  She is expected to testify as to, among other things,
her observations and interactions with Plaintiffs, participation
and implementation of the IEPs, and other matters related to
liability and damages.

21.  Karen Johnston, c/o Watanabe Ing & Komeiji LLP,
First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu,

HI 96813.  Ms. Johnston is the Student Services Coordinator at Kealakehe Intermediate School.  She is expected to testify as to her observations and interactions with Plaintiffs, if any, the procurement of educational services, and other matters related to liability and damages.

22.  Leimomi Respicio, Hawaii Behavioral Health, 234 Waianuenue Avenue, Hilo, HI 96720.  Ms. Respicio was the Skills Trainer Coordinator for the Big Island for Hawaii Behavioral Health, one of the provider agencies under contract with the D.O.E.  She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, if any, efforts to recruit and train skills trainers, and other matters related to liability and damages.

23.  William "Bill" Beljean, 75-309 Malulani Drive, Kailua-Kona, HI 96740.  Mr. Beljean was a skills trainer with Child & Family Services ("CFS") who provided skills trainer services to Bryan from June 26, 2003 to January 27, 2004.  He is expected to testify as to, among other things, his observations and interactions with Plaintiffs, and other matters related to liability and damages.

24.  Barbara Coffman, Program Director, Child & Family Service, 81-6587 Mamalahoa Highway, Kealakekua, HI 96750.  Ms. Coffman was a skills trainer with the D.O.E. who provided skills trainer services to Bryan from October 2002 to December 2002. She is expected to testify as to, among other things, her

observations and interactions with Plaintiffs, and other matters related to liability and damages.

25. Richi Stallard, 114 Howards Hill, Kure Beach, North Carolina 28449. Ms. Stallard was a skills trainer with TIFFE who provided skills trainer services to Bryan July 28, 2003 to October 20, 2003. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, and other matters related to liability and damages.

26. Danielle Doucette, P.O. Box 154, Kealakekua, HI 96750. Ms. Doucette was a skills trainer with TIFFE who provided skills trainer services to Bryan from March 2, 2004 to July 30, 2004. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, and other matters related to liability and damages.

27. Rebecca Gavin, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Ms. Gavin was a skills trainer with TIFFE who provided skills trainer services to Bryan from March 3, 2003 to July 27, 2004. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, and other matters related to liability and damages

28. Rae Graber, 1300 Kamehameiki Road, Kula, HI 96790. Ms. Graber was a skills trainer with TIFFE who provided skills trainer services to Bryan from February 9, 2004 to June 23, 2004. She is expected to testify as to, among other things, her

- 29 -

observations and interactions with Plaintiffs, and other matters related to liability and damages

     29.  Sven Lindemann, P.O. Box 29, Holualoa, HI 96725. Mr. Lindermann was a skills trainer with TIFFE who provided skills trainer services to Bryan from August 2, 2004 to September 10, 2004 at Kealakehe Intermediate School.  He is expected to testify as to, among other things, his observations and interactions with Plaintiffs, and other matters related to liability and damages.

     30.  Corrina Serrao, 73-1084 Loloa Drive, Kailua-Kona, HI 96740.  Ms. Serrao was a skills trainer with Hawaii Behavioral Health who provided skills trainer services to Bryan from August 2, 2004 to September 10, 2004 at Kealakehe Intermediate School. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, and other matters related to liability and damages.

     31.  Jeremy Watson, Skills Trainer, 44 Project 32 Road, Accord, New York 12404.  Mr. Watson was a skills trainer with TIFFE who provided skills trainer services to Bryan from October 20, 2004 up until Plaintiffs' left Hawaii.  He is expected to testify as to, among other things, his observations and interactions with Plaintiffs, and other matters related to liability and damages.

     32.  Cara Entz, M.A., MFT, Pacific Child and Family Associates, 410 West Arden Avenue, Suite 203, Glendale, CA 91203.

Ms. Entz is the Clinical Director for Pacific Child and Family
Associates ("PCFA").  She is expected to testify as to, among
other things, her on-site evaluation in October 2004, PCFA's
proposal to provide services to Bryan, her observations and
interactions with Plaintiffs, and other matters related to
liability and damages.

     33.  Sherri Adams, c/o Watanabe Ing & Komeiji LLP,
First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu,
HI 96813.  Ms. Adams is a D.O.E. Speech Pathologist who provided
speech pathology services to Bryan.  She is expected to testify
as to, among other things, her observations and interactions with
Plaintiffs, if any, participation and implementation of the IEPs,
and other matters related to liability and damages.

     34.  Naomi Shiraishi, c/o Watanabe Ing & Komeiji LLP,
First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu,
HI 96813.  Ms. Shiraishi is a D.O.E. Speech Pathologist who
provided speech pathology services to Bryan at Kealakehe
Intermediate School.  She is expected to testify as to, among
other things, her observations and interactions with Plaintiffs,
if any, participation and implementation of the IEPs, and other
matters related to liability and damages.

     35.  Wendy Clark, c/o Watanabe Ing & Komeiji LLP, First
Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI
96813.  Ms. Clark is a D.O.E. Occupational Therapist at Kahakai
Elementary School who provided services to Bryan .  She is

                        - 31 -

expected to testify as to, among other things, her observations and interactions with Plaintiffs, if any, and other matters related to liability and damages.

36. Mahea Edwards, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Ms. Edwards was a D.O.E. Resource Teacher. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, if any, participation and implementation of the IEPs, and other matters related to liability and damages.

37. Dayle Yokoyama, c/o Watanabe Ing & Komeiji LLP, First Hawaiian Center, 999 Bishop Street, 23rd Floor, Honolulu, HI 96813. Ms. Yokoyama is a SPED teacher at Kealakehe Intermediate School. She is expected to testify as to, among other things, her observations and interactions with Plaintiffs, participation and implementation of the IEPs, if any, her purchase of materials and supplies for Bryan's education program, and other matters related to liability and damages.

38. Connie Santana, Child Protective Services, 73-4257, Hulikoa Drive, #C, Kailua-Kona, HI 96740. Ms. Santana is expected to testify as to, among other things, a report made to her by Kate Tolentino.

39. Allan Zachary, Department of Human Services, P.O. Box 6, Naalehu, HI 96772. Mr. Zachary is an investigator with the Department of Human Services. He is expected to testify as

to, among other things, his inspection of the Plaintiffs' home
and of the conditions he found to exist at the time of his
inspection.

40.   Bryna Siegel, Ph.D. (Expert), Langley Porter
Psychiatric Institute, University of California at San Francisco,
401 Parnassus Avenue, San Francisco, CA 94143-0984.  Dr. Siegel
is expected to testify as to, among other things, her
observations and examinations of Bryan, her review of reports
submitted by Plaintiffs' expert witnesses, and her assessment of
Bryan's developmental disability.

41.   Richard Goka, M.D. (Expert), P.O. Box 14090,
Pinedale, CA 93650.  Dr. Goka is expected to testify as to, among
other things, his opinions related to a life care plan for Bryan
and his review of reports submitted by Plaintiffs' expert
witnesses.

42.   Custodians of Records as deemed necessary,
including, but not limited D.O.E. representatives such as Desiree
Kaiawe to authenticate documents.

43.   Any person listed in Plaintiff's Pre-Trial
Statement, Disclosure Statement or any amendments or supplements
thereto.

44.   Defendants reserve the right to call additional
and/or rebuttal witnesses as necessary.

IX.  **EXHIBITS, SCHEDULES and SUMMARIES**

The parties' trial exhibits and exhibit lists are due to be exchanged on November 6, 2007.  The following is a preliminary list of exhibits, schedules and summaries.

### LIST OF EXHIBITS

| DOC. NO(S) | DESCRIPTION |
|---|---|
| WB0005-0018 | Individualized Education Program Report, dated 10/19/99 |
| WB 0054-0072 | Individualized Education Program Report, dated 1/29/01 |
| WB0073-0092 | Individualized Education Program Report, dated 1/28/02 |
| WB0093-0113 | Individualized Education Program Report, dated 5/21/02 |
| WB0114-0130 | Individualized Education Program Report, dated 11/18/02 |
| WB0131-0147 | Individualized Education Program Report, dated 11/25/03 |
| WB0148-0159 | Individualized Education Program Report, dated1/09/04 |
| WB0160-0171 | Individualized Education Program Report, dated 6/02/04 |
| WB0172-0183 | Individualized Education Program Report, dated 7/21/04 |
| WB0184-0197 | Individualized Education Program Report, dated 8/16/04 and 8/25/04 |
|  | Individualized Education Program Report, dated 4/10/06 |
|  | Individualized Education Program Report, dated 11/29/04 |
| DOE 1073 | Prior Written Notice of Department Action from Robert Gentzel, Principal of Kealakehe Intermediate School, dated 6/07/04 |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 1210-1213 | Kealakehe Intermediate School's 7/20/04 Eligibility Meeting Information and Notes, 11/04/02 Initial Evaluation Summary Report, 7/20/04 Prior Written Notice of Department Action, and 7/20/04 Student Support or Re-Evaluation Team Meeting Information and Notes re: Bryan Wiles-Bond |
| DOE 1233 | Kealakehe Intermediate School Meeting Announcement, dated 9/13/02 |
| DOE 1234 | Kealakehe Intermediate School Eligibility Meeting Information and Notes, dated 11/08/02 |
| DOE 1230-1232 | Kealakehe Intermediate School Evaluation Summary Report, dated 11/14/02 |
| DOE 1235 | Kealakehe Intermediate School Prior Written Notice of Department Action, dated 11/14/02 |
| DOE 0013 | Gilpin Manor Elementary School Final Progress Report prepared by Sharon Bond, for period 4/12/99 thru 5/07/99 |
| DOE 0016 | Individualized Education Plan, 1998-1999 |
| DOE 0017-0019 | Occupational Therapy Evaluation prepared by Sharleen Engel, Test Date 4/20/99 |
| DOE 0020-0026 | Individualized Education Program Report, Part 2 |
| DOE 0034 | Cecil County Public Schools Speech and Language Progress Report for School Year 1988-1999, Grade K |
| DOE 0042-0043 | Memo dated 3/01/99 from Ann Wiles and Stanley Bond to Alan Loman, Special Education Coordinator |
| DOE 0044-0045 | Cecil County Public Schools Special Education Speech/Language Assessment Report dated ___/20/99, prepared by Sharon Bond, Speech Language Pathologist |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0048 | Cecil County Public Schools Individualized Education Plan, dated 12/09/98 |
| DOE 0106 | Speech/Language Progress Notes, dated March 1997, prepared by Melissa Glendenning, Webster School |
| DOE 0107 | Occupational Therapy Report dated March 1997, prepared by Sheryl Bas |
| DOE 0108-0109 | The Webster School Narrative Summary Report for 2nd Quarter, dated 2/03/97 |
| DOE 0110 | Speech/Language Progress Notes, dated February 1997, prepared by Melissa Glendenning |
| DOE 111-0112 | The Webster School Narrative Summary Report, dated 11/12/96 |
| DOE 0126-0126a | Waikoloa Elementary School Educational Evaluation, dated Oct 1 & 7, 1999 |
| DOE 0131-0134 | DOE Hawaii District Office Special Services Social Summary, dated 9/14/99 |
| DOE 0135 | Criteria for Autism, Waikoloa Elementary School, dated 10/19/99 |
| DOE 0136-0138 | Vineland Adaptive Behavior Scales Narrative Report, dated 9/14/99 |
| DOE 0139-0142 | Department of Health Initial Occupational Therapy Evaluation, Test date 10/06/99 |
| DOE 0363 | Training Schedule for DTT and Structured Teaching, Five-Day Session #1 Kealakehe Intermediate School, dated October 2004 |
| DOE 0377 | Memo dated 4/22/03 from Colleen Matsushita to Hawaii Tribune Herald Classified Dept re: Circulation of Recruitment Ad for Skills Trainers |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0403 | Verification Letter dated 9/15/04 from Mahea Edwards re: develop curriculum and activities to address the goals and objectives of IEP for Bryan Wiles-Bond |
| DOE 0404 | Resume of Jennifer Susan Harris |
| DOE 0405 | Letter dated 9/14/04 from Jennifer Harris re: educational background |
| DOE 0406-0408 | Various Sign-In Sheets for Sign Language Support Sessions, dated 8/25/04, 9/01/04 and 9/08/04, Kealakehe Intermediate School |
| DOE 0455-0501 | Curriculum Materials for Sign, Math, Reading and Social; Schedules for Home School and Community; Sensory Activities; and Toileting Data from September through October |
| 106-110 | The Webster School Narrative Summary Report for 2nd Quarter, dated 2/03/97 |
| 098-101 | DuPont Hospital for Children Augmentative Communication Evaluation Speech-Language Pathology Report of Bryan Wiles-Bond, dated 6/18/99, signed by Richard Lytton, Speech Language Pathologist |
| 102-105 | DOE Hawaii District Office Special Services Social Summary, dated 9/14/99 |
| 085-087 | Vineland Adaptive Behavior Scales Narrative Report, dated 9/14/99 |
| 083-084 | Waikoloa Elementary School Educational Evaluation, dated Oct 1 & 7, 1999 |
| 088-091 | Department of Health Initial Occupational Therapy Evaluation, dated 10/06/99, prepared by Grace Salera |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0143-145 | School Psychiatric Report of Bryan Wiles-Bond, dated 10/19/99, prepared by Richard H. Mesco, Hawaii Family Guidance Center |
| DOE 1222-1236 | Request for Evaluation made by Rebecca Pierson, SPED Teacher, received by DOE 9/13/02 |
| DOE 1269-1271 | DOE Special Services Social Work Report, dated 10/07/02, prepared by Judy Volquardsen |
| DOE 1272-1275 | Psychoeducational Profile Evaluations of Bryan Wiles-Bond, conducted by Rebecca Pierson & Wendy Clark on 10/03/02; and Rebecca Pierson & Sandy Harrington on 11/06/02 |
|  | Alternate Assessment for the HCPS II State Assessment for Bryan Wiles-Bond, dated March 3-April 30, 2003, Kealakehe Elementary |
| DOE 1180-1186 | Draft Toileting Plan prepared by Kimberly Smalley |
| DOE 2229-2232 | Update to Original Toileting Plan prepared by Kimberly Smalley, dated 3/18/04 |
| DOE 2846-2851 | Update to Original Toileting Plan, prepared by Kimberly Smalley |
| DOE 1242-1246 | Facsimile dated 6/03/04 from Judi R. to Bob G. and Kimberly Smalley's Update to Toileting Plan |
| DOE 0409-0435 | Functional Behavioral Assessment of Bryan Wiles-Bond dated 8/18/04, Positive Behavioral Plan and Update to the Original Plan, prepared by Kimberly Smalley, Ph.D. |
| DOE 1128-1148 | Functional Behavioral Assessment of Bryan Wiles-Bond prepared by Kimberly Smalley, dated 8/18/04 |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 1153-1170 | Draft Behavioral Assessment of Bryan Wiles-Bond prepared by Kimberly Smalley, dated 8/18/04 |
| DOE 1254 | Behavior Management Plan for Bryan Wiles-Bond |
| DOE 1171 | Draft of Crisis Plan for Bryan Wiles-Bond |
| DOE 2721 | Discussion Points To Be Addressed, dated 9/09/03 |
| WB 0274 | Draft of Crisis Plan for Bryan Wiles-Bond, dated 9/28/04 |
| DOE 0326 | Salary Schedule for DOE Supplemented Skills Trainers |
| DOE 0869-0873 | List of Skills Trainers, Dates of Services and Actual Hours of Service |
| DOE 2167 | Memo dated 7/22/02 from Mahea Edwards to Kathy Gaughen, Nancy Matsukawa and Judi Radwick (cc Desiree Baez, Sheri Adams) |
| DOE 1801-1808 | Letter dated 8/18/02 from Stan Bond and Kim Wiles to Judith Radwick and Mahea Edwards |
| DOE 2168-2169 | Email dated 8/26/02 from Mahea Edwards to Pamela Toguchi, et al. (cc: Nancy Matsukawa, Judi Radwick, Sheri Adams, Rebecca Pierson, Kathy Gaughen, Wendy Clark, Steve Ferrang, Naomi Shiraishi, MWright and Desiree Baez re: Update on Bryan Wiles-Bond |
| DOE 0332 | Letter of Recommendation dated 10/01/02 re: Danielle Doucette |
| DOE 1755 | Memo from Barbara Coffman to Judi Radwick (cc Sheri Adams, Mahea Edwards) re: 1/29/03 discussion with Dru Copeland |
| DOE 2912-2914 | Facsimile from Kim Wiles to Desiree Baez with Resume of Sasha Pickles |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0377 | Memo dated 4/22/03 from Colleen Matsushita to Hawaii Tribune Herald Classified Dept re: Ads for Skills Trainers |
| DOE 2140-2141 | Memo dated 11/21/03 from Judith Radwick to West Hawaii Complex Area Principals, Vice-Principals, Special Education Teachers and SASAs re: Ad & Flyer for Part-Time Positions |
| DOE 0334-0336 | Resume and Letter dated 1/22/04 from Rae Graber |
| DOE 1364-1366 | Letter dated 2/06/04 from Kelly Stern re: Efforts to provide Skills Trainers for Bryan Wiles-Bond |
| DOE 2255-2262 | Schedule of Skills Trainers, Location of Services, Service Dates, Hours of Services and Costs for Services, dated 3/24/04 |
| DOE0859-0868 | Schedule of Skills Trainers, Location of Services, Service Dates, Hours of Service and Costs for Services, dated 3/29/04 |
| DOE 0316-0321 | May-September 2004 Calendar Schedule of Service Providers, Dates of Services, Type of Services and Hours of Service |
| DOE 2589-2591 | Facsimile dated 4/26/04 from Kelly Stern to Desiree Baez with draft of 4/20/04 letter from Kelly Stern to Kim Wiles and Stan Bond |
| DOE 2578 | Email dated 6/07/04 from Dave Graber to Kelly Stern |
| DOE2574-2578 | Facsimile dated 6/10/04 from Kelly Stern to Desiree /Joann with Incident Report and Email dated 6/07/04 from Dave Graber to Kelly Stern re: documenting past events concerning Bryan Wiles-Bond |
| DOE 1367-1368 | Memo dated 6/28/04 from Desiree Baez to JoAn Hill and Lorri Bolton re: Skills Trainer Recruitment Ad |
| DOE 1360-1363 | Letter dated 6/30/04 from Kelly Stern to Joanne Hill re: Status of efforts to recruit, train and provide qualified Skills Trainers for Bryan Wiles-Bond |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 2768 | Email dated 7/02/04 from Bobbie Puente to Joan Hill (cc: Kelly Stern, Marvin St. Clair, Kim Wiles) re: service gap for Bryan Wiles-Bond |
| DOE1372 | Resume and Letter dated 7/06/04 from Debra Rusnak |
| DOE 2757-2758 | Facsimile dated 7/07/04 from JoAn Hill to Lono Beamer, Esq. and 7/08/04 news article, "*Big Island Schools trying to fill teaching vacancies*" |
| DOE 1975 | Letter dated 7/06/04 from Shelby Floyd, Esq. to Alvin Rho re: Parents will hire Christie Edwards as skills trainer |
| DOE 0436 | Affidavit of Publication re: verifying circulation of Ads for Skills Trainers |
| DOE 1375-1388 | Various Letters from Individuals responding to Ad for Skills Trainers |
| DOE 2390-2391 | Email dated 7/27/04 from Lorri Bolton to JoAn Hill and Salary Schedule for DOE Supplemented Skills Trainers |
| DOE 0323-0325 | Letter dated 7/28/04 from Desiree Baez to Stanley Bond re: hiring of skills trainers |
| DOE 1369-1371 | Facsimile dated 7/30/04 from Desiree Baez to CFS, HBH, TIFFE re: Skills Trainer Recruitment and JoAnn Hill 7/24/07 letter to Applicants |
| DOE 2273-2274 | Letter dated 8/03/04 from Kelly Stern to JoAnn Hill re: Recruiting efforts to provide Skills Trainers for Bryan Wiles-Bond |
| DOE 2624-2627 | Facsimile dated 8/10/04 from Desiree Baez to Linda Price, Lemomi and Kelly Stern and Signing Sessions Schedule for August 2004 |
| DOE 1969-1968 DOE 1970-1974 | Various Facsimiles dated 8/24/04 from Desiree Baez with Skills Trainers Schedule for Weeks 8/16/04 and 8/23/04 |

| DOC. NO(s) | DESCRIPTION |
|---|---|
| DOE 1647-1652 | The Institute for Family Enrichment Employee Training Logs FY 2002-2003 and 2003-2004 for Rebecca Gavin |
| DOE 1653-1655 | The Institute for Family Enrichment Employee Training Log FY2003-2004 for Rae Graber |
| DOE 1656-1661 | The Institute for Family Enrichment Employee Training Logs FY 2003-2004, and 2004-2005 for Kathryn Cardines |
| DOE 1662-1664 | The Institute for Family Enrichment Employee Training Log FY 2003-2004 for Danielle Doucette |
| DOE 1665-1667 | The Institute for Family Enrichment Employee Training Log FY 2004-2005 for Sven Lindemann |
| DOE 1901 | Letter dated 9/14/04 from Leimomi Respicio to Lono Beamer, Esq. re: Assignment of Skills Trainer Corrinna Serrao per Ann Wiles consent and level 65 services for Bryan Wiles-Bond |
| DOE 1898-1900 | Memo dated 9/14/04 from Kelly Stern to Alvin Rho re: Request for Information Regarding Skills Trainers |
| DOE 1355-1356 | Letter dated 9/14/04 from Kelly Stern to JoAnn Hill re: Discrepancy of dates and clarification of service gaps for skills trainer services |
| DOE 1352-1354 | Letter dated 9/15/04 from Kelly Stern to Alvin Ro re: Recruiting efforts and hiring challenges for Bryan Wiles Bond |
| DOE 0376 | Letter dated 9/15/04 from Leimomi Respicio and JoAn Hill to Desiree Baez re: Recruitment of Skills Trainers |
| DOE 0373-0375 | Letter dated 9/15/04 from Kelly Stern to Alvin Rho re: Recruiting efforts and hiring challenges for Bryan Wiles-Bond |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0595 | Letter addressed to Kate Tolentino re: qualifications of TIFFE skills trainers and schedule of services (printed 9/27/04) |
| DOE1343-1347 | Monster.com and Honolulu Advertiser website printouts of classified ad information, (printed 9/25/04) |
| DOE 1348-1351 | KauaiWorld.com Internet Advertising printout dated 9/25/04 |
| DOE1830 | 7/22/02 West Hawaii Today Classified Newspaper Ad |
|  | Resume of Christy Edwards |
|  | Reference Check on Christy Edwards |
| DOE 1905 | Notes with handwritten remarks re: Christy Edwards |
|  | Invoice showing charges for Ad placement in West Hawaii Today for In-Home Programming Aide |
|  | 6/28/04 Honolulu Advertiser Classified Ad for Skills Trainers |
| DOE 2748-2749 | 7/13/04 Honolulu Advertiser Classified Ad for Skills Trainers |
| DOE 0378-0402 | Corrinna Serrao's Progress Notes of Bryan Wiles Bond |
| DOE 2453-2537 | Rebecca Gavin's Progress Notes of Bryan Wiles-Bond |
| DOE 2684-2707 | Journal entries of handwritten notes re: Bryan Wiles-Bond |
| DOE 2197-2198 | J. Radwick Handwritten Notes |
| DOE 1595-1599 | Handwritten Notes |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 1600 | Handwritten Notes |
| DOE 1371 | Letter dated 7/27/04 from JoAn Hill to Applicants for Skills Trainers |
| DOE 0528-0535 | Facsimile dated 10/18/04 from Jennifer Harris to Kate Tolentino and Daily Personal Notes recorded by Harris of Bryan Wiles-Bond on 10/07/04, 10/11/04 and 10/18/04 |
| DOE 1570-1577 | Facsimile dated 10/18/04 from Jennifer Harris to Kate Tolentino and Daily Personal Notes recorded by Harris of Bryan Wiles-Bond on 10/25/04, 10/28/04, 11/04/04 and 11/08/04 |
| DOE 0688-0700 | 7/01/02 Release and Settlement Agreement by and between Ann Kimball Wiles and Stanley Bond on behalf of their son Bryan Wiles-Bond and the Department of Education and the Department of Health, State of Hawaii |
| DOE 1323-1332 | 5/11/04 Findings of Fact, Conclusions of Law and Decision in Administrative Hearing No. DOE 2004-026 |
|  | 7/23/04 Findings of Fact, Conclusions of Law and Decision in Administrative Hearing No. DOE 2004-070 |
| DOE 2000-2002 | 7/23/04 Stipulated Partial Decision and Order in Administrative Hearing No. DOE 2004-070 |
| DOE 1188-1193 | Letter dated 7/28/04 from Shelby Floyd, Esq. to Alvin Rho with Findings of Fact, Conclusions of Law and Decision in Administrative Hearing No. DOE 2004-070 |
| DOE 2581-2582 | Memo dated 5/09/04 from Dru Copeland, Ph.D. re: Summary of Behavioral and Academic Data for Bryan Wiles-Bond from October 2003 through February 2004 |
| DOE 1603 | 8/06/04 Handwritten Notes re: CBI |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 1642 | Memo dated 8/14/04 from Dru Copeland, Ph.D. re: Friendship Club, Kealakehe Intermediate School |
| DOE 0348-03354 | Memo dated 9/14/04 from Dru Copeland, Ph.D. re: Duties as IISC for Bryan Wiles-Bond and Curriculum Vitae of Dru Copeland |
| DOE 0854 | Email dated 10/20/04 from Kate Tolentino to Kelly Stern re: Dru Copeland |
| DOE 1640-1641 | Incident Report of 9/17/04 made by Corrinna Serrao |
| DOE 0601-0602 | Letter dated 9/20/04 from Stanley Bond to Robert Gentzel re: isolating Bryan |
| DOE 0600 | Letter dated 9/20/04 from Shelby Floyd, Esq. to Alvin Rho re: isolating Bryan |
| DOE 0603-0604 | Draft Letter to Stanley Bond re: isolating Bryan [unsigned and undated] |
| | Letter dated 9/21/04 from Kim Wiles to JoAn Hill (cc: Kim Smalley, Shelby Floyd, etc.) re: Bryan's isolated placement |
| DOE 0599 | Letter dated 9/21/04 from JoAn Hill to Kim Wiles re: Bryan's isolated placement |
| DOE 0596 | Emails from Kelly Stern to Kate Tolentino re: Sunday scheduling |
| | Letter dated 9/22/04 from Robert Gentzel to Stanley Bond re: isolating Bryan |
| DOE 1023 | IEP Meeting Agenda of 9/30/04 |
| DOE 0508 | Email dated 11/08/04 from Jennifer Harris to Kate Tolentino re: Part 2 |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0564 | Email dated 10/05/04 from Kate Tolentino to Alfonsina Davies (cc: Alvin Rho, Stephen Miyasato) re: Columbus teachers at KIS |
| DOE 0558 | Email dated 10/05/04 from Kate Tolentino to Alvin Rho re: RT schedule for Bryan Wiles-Bond |
| DOE 0559 | Email dated 10/05/04 from Kate Tolentino to Cynthia Esaki re: Supervise ESY (summer) program at Kealakehe Intermediate School for Bryan Wiles-Bond |
| DOE0555 | Email dated 10/06/04 from Kate Tolentino to Alvin Rho re: Bryan Wiles-Bond ESY Coverage Schedule |
| DOE 1476-1477 | Letter dated 10/08/04 from Katherine Tolentino to Kim Wiles re: Bryan Wiles-Bond's Educational Program at Kealakehe Intermediate |
| DOE 0542 | Email dated 10/09/07 from Dayle Yokoyama to Kate Tolentino re: Bryan Wiles-Bond at Kealakehe |
| DOE 0541 | Email dated 10/11/04 from Dayle Yokoyama to Kate Tolentino re: Kealakehe Intermediate Autism Room Situation |
| DOE 1449-1450 | Memo dated 10/11/04 from Alvin Rho to JoAn Hill re: ESY Coverage for Bryan Wiles-Bond |
| DOE 1452 | Email dated 10/12/04 from JoAnn Hill to Kate Tolentino re: Hill's Hawaii and California certification in SPED |
| 000088 | Letter dated 7/16/04 from Cara Entz (Pacific Child & Family Associates) to Kim Wiles re: Hawaii Proposal for IEP services to Bryan Wiles-Bond |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 1309-1311 | Letter dated 9/17/04 from Shelby Floyd, Esq. to Lono Beamer, Esq. re: Preliminary comparison of costs of providing services set out in Bryan Wiles-Bond IEP |
| DOE 1303-1304 | Cara Entz (Pacific Child & Family Associates) Proposal dated 9/21/04 re: Bryan Wiles-Bond IEP services |
| DOE 0545 | Email dated 10/07/04 from Kate Tolentino to Jennifer Harris, Naomi Shiraishi, Alfonsina Davies (cc: Alvin Rho) re: Pacific Child & Family Associates observation of Bryan Wiles-Bond |
| DOE 1302 DOE 1290 | Email dated 10/11/04 from Kate Tolentino to Kim Wiles and : PCFA observation schedule for 10/21/04 and 10/22/04 |
|  | Facsimile dated 10/15/04 from Kate Tolentino to Shelby Floyd, Esq. with Prior Written Notice of Department Action dated 9/30/04 from Robert Gentzel, Kealakehe Intermediate School |
| DOE 0525 | Email dated 10/20/04 from Kate Tolentino to Kim Wiles re: PCFA observation Schedule |
| DOE 1561-1564 | Cara Entz (Pacific Child & Family Associates) Revised Proposal dated 11/05/04 |
| DOE 1985-1989 | Facsimile dated 11/15/04 from Kate Tolentino to Linda Price and Cara Entz (Pacific Child & Family Associates) Revised Proposal dated 11/05/04 |
| DOE 1736 | Emails dated 11/15/04 between Kate Tolentino and Cara Entz re: Revised Proposal |
| DOE 0502-0504 | Emails dated 11/01/04 and 10/28/04 between Cara Entz and Shelby Floyd, Esq. re: Bryan Wiles-Bond Hawaii Proposal |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| | Letter dated 11/28/03 from Holly Shikada, Esq. to Shelby Floyd, Esq. (cc Judi Radwick) re: Investigation of skills trainer services for Bryan Wiles-Bond |
| DOE 1487-1491 | Facsimile dated 10/18/04 and Request for Impartial Hearing from Shelby Floyd, Esq. to Alvin Rho, dated 10/18/04 |
| DOE 1556-1557 | Facsimile dated 10/29/04 from Alfonsina Davies to Kate Tolentino and Letter dated 10/28/04 from Shelby Floyd, Esq. to the Principal of Kealakehe Intermediate School re: Request information concerning Bryan Wiles Bond's program and services |
| DOE 1615-1618 | Memo dated 11/01/04 from Debra Farmer to Alfonsina Davies, Linda Price and Alvin Rho re: Verification of Hearing Decision, Follow-Up Requirements and Timeline Extension |
| DOE 1619-1622 | Memo dated 11/03/04 from Debra Farmer to Alfonsina Davies, Linda Price and Alvin Rho re: Verification of Hearing Decision, Follow-Up Requirements and Timeline Extension |
| DOE 2819 | Email dated 1/03/05 from Dayle Yokoyama to Kate Tolentino (cc: Don Merwin, Karen Johnston, Robin Ohara, Jennifer Harris and Naomi Shiraishi re: Schedule for Bryan Wiles-Bond |
| DOE 3053-3054 | DOE Separation From Service Form submitted by Ann Kimball Wiles re: Resignation from Waimea Elementary School to relocate to California for husband's employment |
| DOE 2444-2447 | Invoices dated 7/16/04 for Procurement of Services from Child & Family Services |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 2379-2384 | Facsimile dated 7/30/04 from Desiree Baez to Danielle Doucette re: sample vendor invoices |
| | Declaration of Linda Price, dated 3/10/06 |
| | Declaration of Judith Radwick, dated 3/10/06 |
| | Declaration of Kelly Stern, dated 3/10/06 |
| | Declaration of Katherine Tolentino, dated 3/10/06 and Exhibit "1" (Child and Family Associates 11/05/04 Proposal for Services) |
| | Declaration of Rebecca Pierson, dated 3/22/06 |
| | Declaration of William Beljean, dated 3/23/06 |
| | Declaration of Barbara Coffman, dated 3/23/06 |
| | Declaration of Richi Stallard, dated 3/23/06 |
| | Supplemental Declaration of Kelly Stern, dated 3/23/06 |
| | Supplemental Declaration of Katherine Tolentino, dated 3/22/06 |
| DOE 0322 | Verification Statement of Lorri Bolton, Psy.D, dated 9/14/04 and acknowledged by Alvin Rho |
| DOE 0327-0328 | Resume and letter dated 1/28/03 from Rebecca Gavin to Anna, Human Resources Dept, Institute for Family Enrichment re: opening for Skills Trainer with TIFFE |
| DOE 0329-0333 | Resume of Danielle Doucette and Letters of Recommendation |
| DOE0334-0336 | Resume of Rae Graber |

| DOC. NO(S) | DESCRIPTION |
|---|---|
| DOE 0337-0340 | Resume for Kathryn Cardines |
| DOE 0341-0342 | Resume of Sven Lindemann |
| DOE 0343-0344 | Resume of Corrinna Serrao |
| DOE 0345-0346 | Resume of Leigh S. Mitchell |
| DOE 0348-0354 | Memo dated 9/14/04 from Dru Copeland, Ph.D. re: Duties as IISC for Bryan Wiles-Bond and Curriculum Vitae |
| DOE 0355-0362 | Sign Language Support Session Training Schedule, August 2004 |
| | June 28, 2006 Report by Richard S. Goka, M.D. |
| | June 28, 2006 Supplemental Report by Richard S. Goka, M.D. |
| | June 22, 2007 Supplemental Report by Richard S. Goka, M.D. |
| | Curriculum Vitae of Richard S. Goka, M.D. |
| | June 22, 2006 Report by Bryna Siegel, Ph.D. |
| | June 25, 2007 Report by Bryna Siegel, Ph.D. |
| | Curriculum vitae of Bryna Siegel, Ph.D. |
| | Expert Testimony Last Five Years (2002-2007) for Bryna Siegel, Ph.D. |
| | Figure 5-3 of prenatal brain development and Figure 5-4 of brain cells from one month to fifteen months |
| | "Fertile Minds" by J. Madeline Nash, Time Magazine, February 3, 1997 |
| | June 28, 2006 Supplemental Report Following "Rule 26" Guidelines by Richard S. Goka, M.D. |

Defendants reserve the right to add additional documents and/or transcripts of depositions disclosed or taken as allowed by the applicable rules of procedure.

X.    **FURTHER DISCOVERY OR MOTIONS**

A.    **Discovery**

Discovery is essentially completed.  However, On October 2, 2007, Defendants filed DEFENDANTS' MOTION TO COMPEL DEPARTMENT OF HUMAN SERVICES TO PRODUCE CHILD WELFARE SERVICES RECORDS FOR BRYAN WILES-BOND.  The Motion is set for hearing on October 16, 2007 at 3:00 p.m. before Magistrate Judge Barry M. Kurren.  If the Court grants the Motion, Defendants will be allowed to obtain Child Welfare Services records pertaining to Bryan from the Department of Human Services.

B.    **Motions**

On September 5, 2007, Defendants filed DEFENDANTS DEPARTMENT OF EDUCATION AND ALVIN RHO'S MOTION TO STRIKE SHELBY FLOYD AS A WITNESS.  Briefing is completed and the Motion is set for hearing on October 18, 2007 at 11:15 a.m. before Magistrate Judge Barry M. Kurren.

On October 2, 2007, Defendants filed DEFENDANTS' MOTION TO COMPEL DEPARTMENT OF HUMAN SERVICES TO PRODUCE CHILD WELFARE SERVICES RECORDS FOR BRYAN WILES-BOND.  Briefing is completed and the Motion is set for hearing on October 16, 2007 at 3:00 p.m. before Magistrate Judge Barry M. Kurren.

On October 2, 2007, Plaintiffs filed PLAINTIFFS ANN
KIMBALL WILES'S AND STANLEY BOND'S MOTION TO AMEND COMPLAINT TO
INCLUDE AN EXPRESS CLAIM FOR NON-ECONOMIC DAMAGES FOR
RETALIATION.  The Motion is a non-hearing motion.  Defendants
filed their response and opposition to the Motion on October 16,
2007.

XI    **STIPULATIONS**

        None at this time.

XII.  **AMENDMENTS AND DISMISSALS**

        None at this time.

XIII. **SETTLEMENT DISCUSSION**

        The parties have participated in two mediation sessions
with Keith Hunter in November 2005 and March 2007.  The parties
were unable to arrive at a settlement.  Defendants, however,
remain open to address any reasonable settlement discussions.

        A settlement conference is scheduled for October 23,
2007 at 10:30 a.m. before Magistrate Judge Barry M. Kurren.

XIV.  **AGREED STATEMENT**

        The presentation of this action, in whole or in part,
upon an agreed statement of facts is neither feasible nor
desired.

XV.   **BIFURCATION, SEPARATE TRIAL OF ISSUES**

        Bifurcation of trial is neither feasible nor desired.

XVI.  **REFERENCE TO MASTER OR MAGISTRATE JUDGE**

Reference to a Master or Magistrate is neither feasible nor desired.

XVII.  **APPOINTMENT AND LIMITATION OF EXPERTS**

Appointment of an impartial expert witness is neither feasible nor desired.

XVIII.  **TRIAL**

Trial is currently set to commence on December 4, 2007 before District Judge Helen Gillmor.  Trial will be before a jury.

XIX. **ESTIMATE OF TRIAL TIME**

It is anticipated that trial will be completed in three (3) weeks.

XX.  **CLAIMS OF PRIVILEGE OR WORK PRODUCT**

None at this time.

## XXI. MISCELLANEOUS

None at this time.


DATED: Honolulu, Hawaii, October 16, 2007.


_/s/ Gregg M. Ushiroda_
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants
DEPARTMENT OF EDUCATION,
State of Hawaii, and ALVIN RHO,
in his official capacity as West
Hawaii District Superintendent

Ann Kimball Wiles, et al., Plaintiffs vs. Department of
Education, et al., Defendants; Civil Nos.: CV04-00442 HG/BMK and
CV 05-00247 HG BMK Consolidated; Defendants Department of
Education and Alvin Rho's Final Pretrial Statement

- 54 -