OF COUNSEL:

DAVIS LEVIN LIVINGSTON GRANDE
STANLEY E. LEVIN              1152-0
MICHAEL K. LIVINGSTON   4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500 Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

LAW OFFICES OF CARL M. VARADY
CARL M. VARADY              4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447 FAX:  523-8448
E-mail:  carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN    KIMBALL    WILES    and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                    Plaintiffs,<br>        vs.<br><br>DEPARTMENT    OF    EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>                    Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' AMENDED PRE-TRIAL STATEMENT AND CERTIFICATE OF SERVICE**<br><br>PRE-TRIAL CONFERENCE:<br>DATE:    October 23, 2007<br>TIME:      10:30 a.m.<br>JUDGE:   Barry M. Kurren<br><br>TRIAL: December 4, 2007 |

## PLAINTIFFS' AMENDED PRE-TRIAL STATEMENT

### I.    PARTIES

Plaintiffs above-named, by and through their counsel, DAVIS LEVIN LIVINGSTON GRANDE and the LAW OFFICES OF CARL M. VARADY, hereby submit their pre-trial statement pursuant to Rule 16.6 of the Local Rules of Practice for the United States District Court for the District of Hawaii.

### II.    JURISDICTION AND VENUE

This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 which afford original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(e) ("IDEA"), the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"), and 42 U.S.C. § 1983.

### III.    SUBSTANCE OF ACTION

This case is brought on behalf of Bryan Wiles-Bond ("Bryan"), a severely autistic boy who now is 15 years old and his parents.  Bryan was born on October 28, 1991, is the youngest child of Ann Kimball Wiles and Stanley Bond.  At age 2, Bryan was diagnosed with pervasive developmental delay and hyperactivity and, at age five or six, he was identified as being autistic.

When Bryan and his family came to Hawaii in 1999, Bryan was about seven years old.  The family moved to Hawaii with the intent of making it their permanent home.  Ann Kimball Wiles ("Kim"), Bryan's mother, worked as a vice-principal for the Hawaii Department of Education.  Stanley Bond, Bryan's father, was employed by the United States Department of the Interior managing Kaloko-Honokohau National Historic Park, where he worked to restore stone structures, including a fish pond, with traditional Hawaiian building methods.

Bryan first attended Kahakai Elementary (Kahakai) in 1999.  It was clear from the outset that Kahakai staff were not willing or able to implement Bryan's program.  After the futility of trying to have Bryan educated at Kahakai became evident, Bryan's parents agreed to transfer Bryan to Waikaloa Elementary School (Waikaloa), at the DOE's suggestion, and were hopeful that a more willing staff would implement his program there with greater success.  Waikoloa personnel proposed a unilateral move back to Kahakai after Bryan had been at Waikoloa for only two months.  Bryan did move back to Kahakai for a few months at the start of the 2000-2001 school year.  Subsequently, as a result of Kahahai's continued inability to implement his program, Bryan's parents enrolled him at a third elementary school, Kealakekua Elementary (Kealakekua) for the next several years.

From that time until they left Hawaii in 2005, Bryan and his parents assert that the DOE indisputably and repeatedly failed to provide the services that the DOE knew were required by statute, decision and agreement.

Based on the existing record, there is no dispute that the DOE knew what services Bryan's IEPs, the due process orders, and the settlement agreements required. It is equally undisputed that, in the face of the DOE's continued and knowing failure to train an adequate number of skills trainers on the Big Island, Bryan regressed from a child who was partially toilet-trained and beginning to communicate, to a child who not only could no longer could use the toilet properly or communicate with his family and teachers. He became aggressive and began to use his toileting "accidents" to self-stimulate and express his frustration.

The final straw for the family was when Bryan began middle school in the Fall of 2004. The DOE had promised Judge Gillmor, at a TRO hearing in August 2004, that it would implement Bryan's program and retain a consultant on the Mainland to assist with this implementation. When Bryan's mother went to his school to observe the new-and-improved middle school program, she found him sliding around on the floor sliding in a puddle of his own urine, self-stimulating, while isolated in a portable classroom. The teacher told Kim: "We just don't know what to do." The Skills Trainer assigned to Bryan commented: "He looks so

happy."  That day, his parents took Bryan out of school for obvious safety and other concerns.

Even though promising Judge Gillmor they would do so, the DOE never provided Bryan with the services that were mandated and which it repeatedly and specifically promised to provide.  Ultimately, Bryan and his family moved to California where he now receives services that, while not ideal, are permitting him to make progress toward a more independent and self-regulated life.  Nevertheless, there is no dispute that Bryan has lost time and opportunities to develop language, social and self-care skills that will be costly and time consuming and will never be able to overcome the time lost in Hawaii.

In this case, Bryan and his parents seek compensation commensurate with the services needed to repair harms caused Bryan.  They will also seek compensation for the pain and suffering Bryan and his parents experienced as a result of the DOE's knowing refusal to do what Congress, this Court, Hearings Officers and the DOE's own promises mandated.  The DOE's failure to provide services that would meet Bryan's needs and avoid the awful consequences – regression to a state that brought Bryan to the brink of institutionalization.

The undisputed record in this case demonstrates that for five years, the DOE knew it was obligated to provide services to Bryan under IEPs, hearing officer's decisions, settlement agreements and court orders, yet the DOE chose to do

nothing to create an adequate supply of properly trained skills trainers, skills trainers, and other service providers. For five years, Bryan and his family suffered the consequences of this decision daily and are living with those consequences today.

This is an action for money damages for the violation of Section 504 for Defendants' knowing failure to provide services mandated by Bryan's IEP, settlement agreements and decisions, over a period of five years and after having agreed to do so at least five separate times.

## IV.   **UNDISPUTED FACTS**

1)    The authenticity of documents;

2)    In the five years Bryan was in Hawaii and enrolled at Hawaii public schools, the DOE never fully implemented his IEP;

3)    The fact that the DOE held due process hearings that resulted in decisions in May, 2001, May, 2004 and July, 2004;

4)    The  parties agreed to the IEPs from 2000-2004;

5)    the parties are bound by the Decision and Order dated May 21, 2001;

6)    the Plaintiffs filed an enforcement Complaint filed February 15, 2002;

7)    the parties entered into a Release and Settlement Agreement dated July 1, 2002;

8)    the parties were bound by Findings of Fact, Conclusions of Law and Decision filed May 11, 2004;

9)      the parties were bound by Findings of Fact, Conclusions of Law and Decision filed July 23, 2004;

10)      the authenticity of all  correspondence involving the parties and their agents;

11)      Bryan was eligible at all times for special education and related services under IDEA;

12)      between 2000 and 2005, Bryan regressed in his behaviors and his toileting;

13)      the DOE had a legal duty to provide all of the services set forth in the IEP;

14)      In 2004, DOE retained Dr. Kim Smalley to write assess Bryan's behaviors and write a functional behavioral assessment, behavioral support plan and toileting plan;

15)      DOE knew about the severe shortage of skill trainers in 1999;

16)      the DOE never had a training program  to train skills trainers;

17)      DOE was provided with the private emails of Kim Wiles and Christy Edwards, e-mails that asserted Ms. Edwards was being investigated for improper and unlawful activity on Kwajalein and Ms. Edward's paypal account number;

18)      Bryan  learned aggression, and other negative behaviors while in the custody and control of Defendants;

19)      Bryan's entire toileting plan was disrupted and blocked by the actions and inactions of Defendants;

20)      May 11, 2004 Decision: "From October 2003 to February 2004:  1) The DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003, and January 9, 2004 IEPs; 2) The DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and 3) The DOE failed to provide skills trainers who could communicate with Bryan using [American Sign Language]." and

7

21)    July 23, 2004 Decision: "The DOE failed to provide Bryan "with a qualified special education teacher who has experience teaching autistic children and is proficient in [American sign Language] during the [Extended School Year] period."

## V.    <u>DISPUTED FACTUAL ISSUES</u>

### A.    <u>LIABILITY</u>

1)    Whether the defendants knew of Bryan's needs and did not provide the services needed to address them;

2)    Bryan's parents were uncooperative, maintained an unsanitary home and improperly confined Bryan;

3)    The personnel provided by the DOE to implement Byran's program were properly trained to meet the requirements of his IEPs, hearing officer decisions, court orders and settlement agreements;

4)    The DOE did not retaliate against Bryan's parents;

4)    The DOE's actions did not constitute deliberate indifference;

### B.    <u>DAMAGES (POSITIONS TAKEN BY THE DOE)</u>

1)    Defendants did not harm Bryan or his parents;

2)    Bryan was so disabled he could not make progress;

3)    Bryan and his parents have recovered from any harm caused by the DOE.

VI.    **RELIEF PRAYED**

A.    Declare that Defendants DOE and Rho have violated Plaintiffs' rights;

B.    Declare that Defendant DOE is liable to the Plaintiffs for special and compensatory damages;

C.    Enter judgment against Defendants and in favor of Plaintiffs for an amount of money that will properly and justly compensate Plaintiffs for the $4,000,000 in economic and $3,000,000 in non-economic damages caused by the Defendants conduct herein;

D.    Award the costs of prosecuting this case to the Plaintiffs, including but not limited to an award of attorneys' fees.

VII.    **POINTS OF LAW**

The following legal issues may be in dispute:

Whether the acts and failures were done with the deliberate indifference by the DOE; and

Whether the State of Hawaii retaliated against the Plaintiffs;

**FROM THE ORDER FILED 12/19/06:**

From the amended complaint in Civ. No. 04-442 at paragraph 50:  The DOE has repeatedly been informed of the need to hire and train in adequate number of skills trainers to provide services to autistic children like Bryan.  The DOE has intentionally or with deliberate indifference failed to take necessary action to

prevent damage to Bryan resulting from the lack of trained and consistent skills trainers.

Liability of Defendant for its actions and inactions regarding Bryan will be determine by whether those actions and inactions constitute "deliberate indifference" to known risks of harm. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." 260 F.3d at 1139, citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).

The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." *Id.,* citing *Wong v. Regents of University of California*, 192 F.3d 807, 818 (9th Cir. 1999). The DOE cannot discharge its legal duty to "act" on Bryan's behalf, by merely proffering just any accommodation. *Id.* Rather, it must consider Bryan's particular needs when investigating what accommodations are reasonable. *Id.* See also, 28 C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities"). In this case, there is no question that: (1) the DOE had full knowledge of Bryan's needs and federally

10

protected rights; and (2) that the DOE did not fulfill its known obligations to provide Bryan the particularized services required to fulfill his individual needs, as set forth in his IEPs, hearing orders, this Court's Orders and the DOE's own settlement agreements.

From the amended complaint in Civ. No. 05-247 at paragraph 48:  As a direct result of their advocacy for their son's special education and related services over the period from 1999 until 2005, Bryan's parents Ann Kimball Wiles and Stanley Bond have been subjected to retaliatory conduct by Defendants that has caused them emotional, psychological and physical harm for which they are eligible for compensation under the Rehabilitation Act and its implementing regulations.

As targets of retaliation, Bryan's parents have actions for general damages in their own right.  The remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.] shall be available to <u>any person aggrieved</u> by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of [the Rehabilitation Act] 29 U.S.C. §794a(a)(2).  *See e.g., Settlegoode v. Portland Public Schools,* 371 F.3d 503 (9th Cir. 2004)(sustaining award of $500,000 in non-economic damages for retaliation against teacher who advocated for disabled students); accord  *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138 (2d Cir. 2002)(and cases cited therein

acknowledging cause of action on behalf of parents claiming retaliation for seeking educational services for disabled child); *Alex G. v. Bd. of Trs.*, 387 F. Supp. 2d 1119 (D. Cal. 2005)(adopting Weixel*'s* analytical framework); *K.S. v. Fremont Unified Sch. Dist.,* 2007 U.S. Dist. LEXIS 24860 (D. Cal. 2007)(same).

There is no question that parents enjoy a direct right of action for economic and psychological harm suffered as a result of retaliation against them for opposing prohibited discrimination directed at their children under Section 504's anti-retaliation provisions. *See, e.g., Weber v. Cranston Sch. Comm.,* 212 F.3d 41 (1st Cir. 2000); (Section 504, with lengthy explanation); *Weixel*, 287 F.3d at 149 (ADA and Section 504); *Whitehead v. School Board of Hillsborough County,* 918 F. Supp. 1515 (M.D. FL 1996), (Section 504); *Sturm v. Rocky Hill Bd of Ed*, 2005 U.S. Dist. LEXIS 4954 (D. Conn. Mar. 29, 2005) (Section 504).

## VIII.     <u>PREVIOUS MOTIONS</u>

Both parties have filed Motions for Summary Judgment and have been denied and granted in part and other motions listed as follows:

**FROM THE ORDER OF 12/19/06:**

1.     Defendants' Motion for Summary Judgment filed on February 24, 2006, construed as a Motion for Judgment on the Pleadings, is denied.

2.     Plaintiffs' Motion for Partial Summary Judgment filed on February 22, 2006, is denied.

3.     Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding All Administrative Hearing Decisions and the Settlement Agreement filed on April 24, 2006, is granted in part and denied in part.

4.     Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) filed on March 17, 2006, is denied.

5.     Plaintiffs' Motion to Amend and/or Supplement the Record filed on August 17, 2006, is denied.

6.     Plaintiffs' Motion to Amend the Complaint has been submitted for consideration by the Court.


## IX.   WITNESSES TO BE CALLED

1.     Dr. Kimberly Smalley, Behavioralist
c/o Behavioral Counseling And Research Center LLC
575 Cooke Street, Suite A-1622
Honolulu, HI 96813
(808) 254-0909

Dr. Smalley will provide testimony regarding all issues of liability and damages.  She will describe the relevant events that took place during the period August 1999 through the present.


2.     Ann Kimball Wiles
c/o DAVIS LEVIN LIVINGSTON GRANDE
400 Davis Levin Livingston Grande Place
851 Fort Street

Honolulu, Hawaii  96813

Mrs. Wiles will provide testimony regarding all issues of liability and damages.  She will describe the relevant events that took place during the period August 1999 through the present.

       3.      Stanley Bond
              c/o DAVIS LEVIN LIVINGSTON GRANDE
              400 Davis Levin Livingston Grande Place
              851 Fort Street
              Honolulu, Hawaii  96813

Mr. Bond will provide testimony regarding all issues of liability and damages.  She will describe the relevant events that took place during the period August 1999 through the present.

       4.      Dru Copeland
              c/o Alakai Na Keiki
              1100 Alakea Street, Suite 900
              Honolulu, Hawaii  96813

Dru Copeland will provide testimony regarding all issues of liability and damages.  She will describe the relevant events that took place during the period August 1999 through the present.

       5.      Daniel B. LeGoff, Ph.D.
              Child and Adolescent Resources for Education
              105 South Princeton Ave
              Wenonah, NJ 08090
              (856) 616-6466

Dr. LeGoff will provide expert testimony regarding all issues of liability and damages.  He will describe the relevant events, causation and damages.

       6.      Loretta M. Lukens, M.D., R.N., C.R.R.N.
              29 West Rhea Road
              Tempe, AZ 85284
              (480) 839-0799

Ms. Lukens will testify regarding all issues related to the development of a life care plan for Bryan Wiles Bond.

**7.**     Betty Jo Freeman, Ph.D.
Professor Emerita of Medical Psychology
UCLA School of Medicine
3940 Mandeville Canyon Road
Los Angeles, CA 90049
(310) 440-8543

Dr. Freeman will provide expert testimony regarding all issues of liability and damages.  She will describe the relevant events, causation and damages.

8.     Keynes D. Von Elsner, CPA
Economist
50 S. Beretania Street
Suite C-113
Honolulu, HI 96813
(808) 538-6904

Mr. Von Elsner will provide expert testimony regarding the valuation of damages in this case.

9.     Cara Entz
Pacific Child and Family Associates, APC
410 Wet Arden Avenue, Suite 203
Glendale, CA 91203

Ms. Entz will provide testimony regarding all issues related to the program at Pacific Child and Family Associates and all relevant events that took place during the period January 2004 to present.

10.     Shelby Anne Floyd
74-5620 Palani Rd., Suite 104
Kailua-Kona, Hawaii 96740
Telephone:  (808) 326-7979
Fax:  (808) 326-4779

15

Ms. Floyd will provide testimony regarding all issues of liability and damages. She will describe the relevant events that took place during the period August 1999 through the present.

11.    All witnesses identified by Defendants. Any person listed in Defendants' Pre-Trial Statement, Disclosure Statement or any amendments or supplements thereto.

12.    All witnesses needed to authenticate documents or other evidence.

13.    Rebuttal witnesses.

## X.    EXHIBITS, SCHEDULES AND SUMMARIES

It is agreed to by the parties that the Exhibits will be pre-marked and exchanged on November 6, 2007. The parties will confer regarding possible stipulations to the authenticity and admissibility of the proposed exhibits will be done by. Any objections as to the admissibility of exhibits shall be filed by the deadline.

TRIAL EXHIBITS:

1.    CV of Loretta Lukens

2.    CV of Dr. LeGoff

3.    CV of Dr. BJ Freeman

4.    CV of Dr. Kim Smalley

5.    CV of Keynes Von Elsner

6.    Dr. LeGoff's Neurodevelopmental Evaluation dated June 17, 2005

7.    Dr. LeGoff's 6/1/07 Neuro Re-evaluation

8.    Dr. LeGoff's report dated December 13, 2005

9.    6/4/07 Updated Life Care Plan of Loretta Lukens

10.   5/6/06 Initial Life Care Plan of Loretta Lukens

11.   Dr. Freeman's Psychological Assessment dated July 22, 2006 through July 26, 2006

12.   Dr. Freeman's updated Psychological Assessment dated May 25, 2007

13.   Keynes Von Elsner's report dated May 6, 2006

13A.  Keynes Von Elsner's updated report dated June 8, 2007

14.   Kimberly Smalley's Behavioral Assessment dated August 18, 2004

15.   IEP of 9/8/99

16.   IEP of 10/19/99

17.   IEP meeting notes of 9/1/00

18.   IEP of 1/28/02

19.   IEP of 5/21/02

20.   IEP of 11/18/02

21.   IEP of 11/25/03

22.   IEP of 1/9/04

23.   IEP of 6/2/04

24.   IEP of 7/21/04

25.   IEP of 8/25/04

26.   IEP of 11/29/04

27.   5/21/01 Stipulated Decision signed by Richard C.F. Chun, Hearings Officer

28.    Findings of Fact, Conclusions of Law and Decision date 5/11/04

29.    Findings of Fact, Conclusions of Law and Decision dated 7/23/04

30.    Stipulated Partial Decision and Order dated 7/23/04

31.    Complaint; Summons 2/15/02

32.    Release and Settlement Agreement Dated 7/1/02

33.    Verified Complaint; Summons dated 7/21/04

34.    Complaint; Summons dated 4/15/05

35.    Declaration of Rebecca Pierson

36.    Declaration of William Beljean

37.    Declaration of Barbara Coffman

38.    Declaration of Judith A. Radwick

39.    Declaration of Linda Price

40.    Declaration of Kelly Stern

41.    Supplemental Declaration of Kelly Stern

42.    Declaration of Katherine Tolentino

43.    Supplemental Declaration of Katherine Tolentino

44.    Deposition Transcript of Dr. Kimberly Smalley (not full transcript)

45.    Ann Kimball Wiles' Response to Answers to Interrogatories dated 4/11/06

46.    Ann Kimball Wiles' Amended Response to Answers to Interrogatories dated 5/9/07

47.    Stanley Bond's Response to Answers to Interrogatories dated 4/11/06

48.    Stanley Bond's Amended Responses to Answers to Interrogatories dated 5/9/07

49.    Dr. LeGoff 10 - DLLG Wiles-Bond Timeline dated 5/31/05 Bate stamp 000188-000198

50.   Dr. LeGoff 16 - 2/3/97 Summary from The Webster School teacher, slp and bate stamp 000261-000265

51.   Dr. LeGoff 19 - 4/19/06 E-mail from Dr. LeGoff to Loretta Lukens  re: costs bate stamp 000287

52.   LL 4- Loretta Lukens Assessments file dated 4-8-06, notes for assessment

53.   LL 6- 5/11/06 Initial Letter from Loretta Lukens to DLLG; 2/26/06 E-mails from Loretta to Wiles-Bond

54.   JoAnn Hill 6 - Collection of documents Bates-stamped 1 through 25 8/9/04 letter from Shelby to Beamer 8/11/04 fax cover from Mike Biehn to Stan Bond with 8/11/04 e-mail from Michael Biehn to Joanne Hill; 8/12/04 letter from Shelby to Judge Kurren; 9/8/04

55.   Joann Hill 7 - E-mails to JoAn Hill from Michael Biehn dated 8/5 & 11/04

56.   JR 3 - 10/9/2000 letter from Bond and Wiles to Radwick

57.   CE 2 - Letter dated 7/16/04 Letter from Entz to Kim Wiles with preliminary figures Based on a model used by Pacific Child

58.   CE 3 - E-Mail 8/9/04 from Shelby Floyd to Dr. Heilviel forwarded to Cara Entz

59.   CE 5 - Pacific Child & Family Assoc. Proposal dated 9/21/04

60.   CE 6 -  E-mail 9/14/04 from Shelby Floyd to Cara Entz

61.   CE 8 - E-mail 10/11/04 from Kate Tolentino to Entz re: schedule

62.   CE 9 - Handwritten notes – 1 page 10/12/04 from Cara Entz

63.   CE 10 -  Handwritten notes – 9 pages 10/11/04 from Cara Entz

64.   CE 11 - Pacific Child & Family Assoc. Fax 10/12/04 from Entz to Tolentino

65.   CE 12 - Handwritten notes undated of Entz

66.   CE 17 - Pacific Child & Family Assoc. Revised Proposal 11/5/04 final

67.   SB 4 - Letter to Robert Gentzel from Stanley Bond 9-20-04

68.   SB 5 - 2 page undated unsigned Letter to Mr. Bond from Robert Gentzel in response to 9/20/04 letter

69.   SB 10 - Amended Complaint dated 10/4/96 Florida complaint

70.   SB 11 - Order dated 6/9/97

71.   SB 12 - Letter dated December 17, 2003 From Lono Beamer to Shelby Floyd

72.   SB 13 - 5 Resumes taken from ABA Website Resume of Lindsay Braum, Jamie Duncan, Suzannah Ferraioli, Jackie Hardenbergh, Jennifer Rava

73.   KW 12 - Letter dated 10/8/04

74.   AR A - Emails, Bates No. DOE 1743 to DOE 1754, Dated 5/24/01, 5/29/01 to/from Mahea Edwards to Alvin Rho

75.   AR I - DOE document, Bates No. DOE 0844 to DOE 0853 and DOE 1969 to 1974 9/24/04 Fax from Desiree Baez to Alvin Rho re: ST Names, pay and schedules; 8/24/04 Fax sheets from Desiree Baez to Kelly Stern & Leimomi (2), Linda Price, Karen Johnson

76.   KT 9 - Letter dated 7/28/04 from Tolentino to Stan

77.   KT 10 - Email dated 11/15/04 to/from Kate Tolentino and Cara Entz

78.   GOKA 7 - Curriculum Vitae and Fee Schedule for Goka

79.   GOKA 7A - Updated Curriculum Vitae for Goka

80.   GOKA 8 - Rule 26 Testimony Report for Goka Dated 6/07

81.   GOKA 8A - Updated Rule 26 Testimony Report for Goka

82.   GOKA 9 -   6/28/06 letter from Goka to Ushiroda with list of the records Reviewed by Goka for his testimony

83.   GOKA 10 - Supplemental Report Following Rule 26 Guidelines from Goka to Ushiroda dated 6/28/06

84.   GOKA  Deposition Exhibit No. 12 - Department of Developmental Services Parental  Financial Responsibility Monthly Parental Fee effective 1/1/03

85.    Deposition Exhibit No. 13 - 6/22/07 Supplemental Report (Preliminary) from Goka to Ushiroda

86.    10/17/00 Coordinated Service Plan

87.    State of Maryland, Cecil County Public Schools, Gilpin Manor Elementary School - IEP documents bate stamp DOE001-DOE0090

88.    State of Florida, St. Johns County School District – IEP documents DOE0091-DOE0125

89.    DOE Initial evaluations DOE0126-DOE0172

90.    9/10/01 Conference Information and Notes DOE0285

91.    IEP of 1/29/01 with progress notes DOE0286-DOE0306

92.    Documentation of CVs, Letters etc regarding Skills Trainer applicants/providers including Rebecca Gavin, MA, Danielle Doucette, Rae Graber, Kathryn Cardines, Sven Lindemann, Corrinna Serrao, Leigh Mitchell, DOE0327-DOE0347

93.    Hawaii Behavioral Health Skills Trainer Progress Notes 8/9/04-9/10/04 DOE0378-DOE0402

94.    Documentation of qualifications of Mahea Edwards and Jennifer Harris DOE0403-DOE0405

95.    7/28/04 Letter from Shelby Floyd to Alvin Rho with Copies of DCCA decision dated 7/23/04 – also a second copy of decision DOE0437-DOE0450

96.    10/28/04 Letter from Ann Wiles to Jennifer Harris – unable to attend 11/1/04 IEP meeting – please reschedule DOE0451

97.    11/1/04 Pre-hearing Order DOE0453-DOE0454

98.    11/15/04 E-mail from Cara Entz-Pacific Child to Kate Tolentino re: Proposal and Shelby Floyd's e-mail of 10/28/04 DOE0502-DOE0504

99.    11/8/04 E-mail from Jennifer Harris to Kate Tolentino – discusses Bryan's leg injury DOE0508-DOE0509

100. 11/23/04 Faxed copy (poor quality) of Pacific Child proposal from Cara Entz to Kate Tolentino DOE0512-DOE0516; 10/20/04-11/4/04 E-mails from Kate Tolentino to various DOE staff DOE0517-DOE0527; 10/18/04 Jennifer Harris' personal notes faxed to Kate Tolentino reference above DOE0528-DOE0535

101. E-mail dated 10/11/04 from Jennifer Harris to Kate Tolentino re: PWN. DOE0539-DOE0540

102. E-mail dated 10/9/04 from Dayle Yokoyama to Kate Tolentino re: school ready for Bryan to return. DOE0542

103. Letter dated 10/8/04 from Kate Tolentino to Kim Wiles re: issues brought up in TC between the two. DOE0543-DOEO544

104. E-mail dated 10/7/04 from Kate Tolentino to Jennifer Harris – Pacific Child coming 10/21-22/04. DOE0545

105. E-mail dated 10/7/04 from Annette Fukii to Richaelle Paiva DOE0546

106. E-mail dated 10/7/04 from Charlene Tarr to Kate Tolentino

107. Series of E-mails dated 10/4-7/04 from June Callen to Kate Tolentino

108. E-mail dated 10/6/04 from Kate Tolentino to Jennifer Harris DOE0554

109. Partial Duplicate of DOE0548-DOE0552. DOE0556-DOE0557

110. E-mails dated 10/5/04 from Kate Tolentino to various individuals. DOE0558-DOE0562

111. E-mail dated 10/5/04 from Kate Tolentino to Chris Butt re: Pacific Child services DOE0563

112. E-mail dated 10/5/04 from Kate Tolentino to Alfonsina Davis – DOE knows the specific skill set for teacher DOE0564

113. Series of e-mails dated 9/28/04 (to/from) Shelby to Holly Shikada. DOE0567-DOE0576

114. E-mails to/from Kate Tolentino. DOE0577-DOE0580

115. E-mails to/from Kate Tolentino. DOE0585

116.  E-mails to/from Kate Tolentino. DOE0591

117.  E-mails to/from Kate Tolentino. DOE0593

118.  E-mail dated 9/27/04 to Kate Tolentino DOE0595

119.  E-mail dated 9/27/04 from Kelly Stern to Kate Tolentino  DOE0596

120.  E-mail dated 7/2/04 from Bobbie Puente-TIFFE for Kelly Stern to JoAn Hill-DOE  DOE0597

121.  Two Letters dated 9/21/04 from Kim Wiles to JoAn Hill.  DOE0598-DOE0599

122.  Letter dated 9/20/04 from Shelby to Alvin Rho DOE0600

123.  Letter dated 9/20/04 from Stan Bond to Robert Gentzel DOE0601-DOE0606

124.  Letter dated 9/16/04 from Shelby to DOE, complaints management program DOE0609-DOE0610

125.  4/30/03 & 3/31/03 Monthly Report; 4/30/03 Service Verification Form DOE0816-DOE0820

126.  7/02, 8/02, 9/02 Coordinated Service Plans, Monthly Reports, Service Verification Forms, Monthly Treatment and Progress Summary – Ala Kai Na Keiki DOE0836-DPE0839

127.  10/18/04 Note from Shelby to Holly Shikada DOE0858

128.  10/28/04 and 9/30/04 Prior Written Notice – Return to school and evaluations requested DOE0982-DOE0985

129.  IEP of 9/30/04 with conference notes – note that services from 1/4/04 – Faxed to Shelby from Kate Tolentino of 10/15/04. DOE0989-DOE1001

130.  IEP of 8/25/04, 8/16/04, 8/16/04 w/ conference notes – note that services from 1/9/04

131.  FAX of 10/7/04 from Jennifer Harris to Kate Tolentino

132.  10/6/04 ISPED versions of meeting notes

133.  Letter dated 6/15/04 from Stan Bond to Robert Gentzel

134. IEP of 8/25/04 with Conference notes

135. IEP parts from 6/2/04 including conference notes; and IEP progress reports 1/9/04

136. 6/7/04 Prior Written Notice – implement court decision re: ASL and toileting expert

137. Behavior Management Plan – undated

138. IEP of 11/18/02 w/o front sheet and conference notes; IEP progress reports; PWN

139. Behavioral Assessment of 8/18/04 by Kim Smalley

140. Positive Behavioral Support Plan of 8/18/04 by Kim Smalley

141. Draft Behavioral Assessment of 8/18/04 by Kim Smalley

142. Draft Crisis Plan for Bryan

143. Letter dated 8/12/04 from Shelby to Robert Gentzel

144. Draft toileting program by Kim Smalley

145. 8/11/04 Request for Provider/Cancellation Form – Dru Copeland July, August, Sept 2004 for training of STs

146. Letter dated 7/28/04 from Shelby to Alvin Rho with copy of 7/23/04 DCCA decision

147. E-mail of 7/22/04 From Kim Wiles to JoAn Hill-DOE

148. Initial Line of Inquiry 7/04; Competing Pathways – flow chart of ILI

149. Meeting Announcement(s) – 7/20/04 and 7/22/04; Request for Evaluations signed by Karen Johnston – in comment section it states Per JoAn Hill, DES, an IEP meeting is being convened to address issues discussed at the due process hearing

150. Letter dated 7/13/04 from Shelby to Karen Johnson

151. E-mail of 7/04 to/from Shelby and Karen Johnston re: IEP meeting in July

152. Fax of 6/3/04 from Judi Radwick to Robert Gentzel with copy of Kim Smalley's report – 3/24/04 Draft of toileting program included

153. Documents from Shelby to DOE – Letters to Rho, Johnston, Pam Toguchi; 7/1/02 Release and Settlement Agreement

154. Psycho-educational Profile-Revised 11/6/02

155. OT progress report of 1/9/02

156. Occupational Therapy Re-Evaluation Report of 10/15/02

157. Travel schedule and expedia documentation of air and hotel for Pacific Child of 10/04

158. Pacific Child Proposal to DOE of 9/21/04

159. Letter dated 9/17/04 from Shelby to Alvin Rho with cost comparison chart for Pacific Child services

160. Memo dated 9/22/04 from Ray Uchimura to Kate Tolentino re: Pacific Child

161. Memo dated 9/2/04 from Pat Hamamoto to Robert Gentzel, JoAn Hill, Alvin Rho re: implement 7/23/04 decision

162. Agreement of 7/23/04 or Decision Verification Report – what decision is and who is responsible to implement

163. Notes of decision and what DOE has done

164. Reports of 2004 from TIFFE to DOE re: efforts to hire trained STs

165. Memo dated 6/28/04 from Desiree Beaz to JoAn Hill and Lorri Bolton re: add placed in Advertiser for ST - NOTING ABOUT ASL

166. Fax dated 7/30/04 from Desiree Baez to CFS, HBH, TIFFE with information of responses to ST add of 6/28/04 with letter from JoAn Hill to Applicant – letter states applicants meet minimum requirements

167. Christy Edwards CV autism and ASL

168. Sven Lindemann CV – no autism, no ASL

169. Jennifer Harris CV – SPED teacher – autism and ASL

170.  Dru Copeland Quarterly Report – April, May, June 2004

171.  Letter of 8/3/04 from Kelly Stern-Tiffe to DOE re: STs employment with TIFFE and other agencies

172.  Dru Copeland – 5/9/04 Summary of Behavioral and academic data 10/03-2/04

173.  Chronology of Litigation Events – 10/28/01 – 9/30/04

174.  Series of 10/04 E-mails/memos from Alvin Rho to Kate Tolentino, JoAn Hill re: ESY periods and ST coverage

175.  DOE's response of 10/12/04 to Shelby's complaint filed 9/16/04 with DOE complaint office

176.  Memo of 10/5/04 from Debra Farmer to Robert Gentzel, JoAn Hill, Alvin Rho – Complaint filed by Shelby 9/16/04 w/ copy of complaint

177.  Letter of 10/8/04 from Kate Tolentino to Kim Wiles re: telephone conversation of that day

178.  E-mails of 10/13/04 to/from Kate Tolentino and Jennifer Harris re: social curriculum and shot card shown by parent

179.  List of Residential placements

180.  10/18/04 Request for Due Process Hearing

181.  E-mail of 10/13/04 from Shelby to Holly – outstanding issues

182.  E-mails of 10/12/04 to/from Alvin Rho, JoAn Hill, Kate Tolentino and an unidentified sped teacher – Lack of certification to work with Bryan – no ASL, TEACH or other requirements to work with children with Autism (Lena and I are the Sped teachers)

183.  10/19/04 DOE Receipt of Request for Impartial Hearing; the Request and Fax coversheets from Shelby, DOE

184.  Letter of 10/28/04 from Shelby to Kealakehe Intermediate re: request for ST names, names of terminated STs by Parents, curriculum used, data on toileting, doe autism expert

26

185. 11/5/04 Revised Proposal from Cara Entz-Pacific Child – with and without letterhead

186. 10/7/04-11/8/04 Jennifer Harris' hand written personal notes on Bryan with fax sheet to Kate Tolentino

187. 9/21/04 DOE response to 9/20/04 Letter from Stan Bond

188. Additional Jennifer Harris' hand written personal notes on Bryan

189. Memo of 11/3/04 from Debra Farmer to DOE re: suspending timeline due to filing of Due Process hearing request, will also not address any issue in the complaint covered by Due Process Request

190. Note of 8/6/04 stating the DOE needs to document any parent refusal of services

191. Memo of 10/5/04 from Debra Farmer to Robert Gentzel, JoAn Hill, Alvin Rho – Complaint filed by Shelby 9/16/04 w/ copy of complaint See DOE1454-DOE1457

192. Letter of 10/5/04 from Debra Farmer to Shelby and Kim and Stan with copies of complaint letter of 9/16/04 See DOE1458-DOE1473

193. Dru Copeland's Memo of 8/14/04 re: Friendship Club

194. TIFFE Employee Training Logs for 03/04 and 04/05 – Rebecca Gavin, Rae Graber, Kathryn Cardines, Danielle Doucette, Sven Lindemann

195. Fax of 11/16/04 from Cynthia Esaki to Kate Tolentino re: Residential Placement information

196. Letter/Memo of 11/3/04 from Debra Farmer to DOE and Parents re: suspending investigation due to filing of due process request w/state complaint procedure pamphlet -also see DOE1582-DOE1587

197. Fax of 10/12/04 from TIFFE to Kate Tolentino re: TIFFE Progress notes 7/04

198. Fax of 10/12/04 from Cara Entz-Pacific Child to Kate Tolentino re: Highly Recommend "Dosia" for assessment

199. Fax of 11/17/04 from Kate Tolentino to Holly and Lono, Alvin Rho re: Heartsprings

200. Fax of 11/5/04 from Cara Entz-Pacific Child to Kate Tolentino – 5 pages but no indication what was faxed

201. E-mail of 11/15/04 from Kate Tolentino to Care Entz-Pacific Child re: directly Pacific Child what to say and not to say regarding providing services – DOE orchestrating events in advance

202. E-mail of 11/8/04 from Jennifer Harris to Kate Tolentino asking what is going on

203. Minute order of 11/10/04 from FEDCRT TRO and PI motion moved to 11/22/04 – 04-442 case

204. E-mail of 5/29/01 to/From Alvin Rho and Mahea Edwards re: lack of TA protocol, availability, lack of training

205. Memo of 1/03 from Barbara Coffman to Judi Radwick re: Dru Copeland's implementation of new plan

206. E-mail of 10/20/00 to/from Mahea Edwards to Frances Downing re: IEP and behavior issue

207. Letter of 9/17/00 from Kim and Stan to James Palmer, Principal at Kahakei Elementary re: very detailed letter about agreements made and lack of follow through by Kahakei Elementary – lack of structured program and lack of autism specific teaching

208. Letter of 1/18/00 from Kim and Stan to Mahea Edwards re: not willing to place Bryan back of Kahakei Elementary without observing

209. Letter of 2/22/00 from Rudy Radwick to Kim and Stan re: placement at Waikoloa was temporary – Kahakei now has program for Bryan

210. Letter of 3/7/00 from Stan to Judy Radwick re: found out Kahakei does not have speech therapist so until they get one – no visitation and not movement

211. Stan Bond letter of 3/7/00 with handwritten notes

212. E-mail of 8/31/00 from Mahea Edwards to James Palmer re: predetermining placement, prior knowledge about TA note available to parents, DTT – related to DOE1772-DOE1775

213. E-mail of 1/18/00 to/from Judy Radwick and Mahea Edwards re: having IEP even if parent does not attend and move from Waikoloa to Kahakei

214. IEP requests/responses

215. Hand written meeting notes of 8/28/00

216. IEP meeting Agenda of 9/1/00

217. 8/22/00 Request for Curb-to-Curb Transportation – it appears Judy Radwick completed this form prior to any IEP decision

218. Fax of 8/31/00 from Mahea Edwards to Jim Palmer with hand written notes from Judy Radwick to parent IEP Request – see DOE1786

219. Letter of 8/18/02 from Kim and Stan to Judy Radwick and Mahea Edwards re: CV of people they would like DOE to hire as STs – Christy Edwards, Karen Green, Barbara Coffman

220. Letter of 8/29/02 from Kim allowing services in the home and waiving requirement of additional adult in home while services given – Fax from Desiree Baez to Pam Toguchi of this waiver

221. E-mail 8/28/02 to/from Mahea Edwards and Pam Toguchi re: after school case and transportation

222. Handwritten notes of 7/02 – ST and sub ST – note from Marvin "almost impossible to do to train people"

223. Instructions for arranging Sub ST with forms

224. Letter 7/2/02 from Shelby (Hall) to Pam Toguchi re: implementation of settlement;  Letter from Shelby (Hall) to Holly re: Eric Rolseth to monitor State compliance

225. Report of 9/14/04 from TIFFE to Alvin Rho – ST qualification/training/ dates employed/setting of services for 5/04-9/04 per DOE request

226. Letter of 9/14/04 from Lorri Bolton re: lack of trained teacher

227. Letter of 9/17/04 from Shelby to Lono Beamer re: cost comparison based on IEP services

228. Discovery request of 8/27/04 – oral depo and POD

229. Letter of 7/9/04 from Shelby to Alvin Rho re: per decision parents will hire Christy Edwards at $40/hr

230. Letter of 11/04-12/04 from Shelby w/documentation for payment for Christy – Fax fro Lori Isa, AG's office to Kate Tolentino re: verification and payment

231. Pacific Child proposal of 11/04 to DOE – fax from kate Tolentino to Linda Price

232. Letter of 5/20/05 from Debra Farmer w/prior correspondences attached re: request for written response

233. Letter of 7/29/04 from Shelby to JoAn Hill re: information on sped teacher qualifications

234. Letter of 4/14/05 from Debra Farmer w/prior correspondences attached re: request for written response  also see DOE2003-DOE2010

235. Defendants response of 4/1/05 to Shelby's motion to supplement and amend pleading  - 04-058 case

236. Letter of 6/29/05 from Debra Farmer to Stan and Kim re: need for copy of decision from hearing request

237. E-mail of 1/30/04 for Sheri Adams to Judi Radwick re: School providing candidates that cannot do the job

238. E-mail of 7/02 and 8/02 from Mahea Edwards to DOE re: status of Bryan in school and new STs and schedule

239. IEP of 1/9/04 with conference notes

240. Notes dated 1/14/04 of Judi Rawick re: meeting with "Holly" at Bond home dealing with "filth" issue

241. CV of Kim Smalley

242. Kim Smalley Toileting program – fax cover from Desiree Baez to Holly Shikada

243. Letter of 3/25/04 from Haunani Alm to Shelby and Gary Kam re: rescheduling of hearing due to Beamer in hospital

244. 3/25/04 Declaration of Judi Radwick – w/fax cover from Desiree Baez to Holly Shikada

245. E-mail of 3/23/04 from Sheri Kahawi-TIFFE to Kelly Stern-TIFFE re: total hours of STs provided 10/03-2/04

246. 72-Hour Sentinel Event Report of 8/18/04 re: hit forehead w/fax from Kelly Stern-TIFFE to Judi Radwick – also see DOE1539-DOE1547

247. Quarterly Report from Dru Copeland for April, May, June 2004

248. Report of 8/3/04 from Kelly Stern-TIFFE to JoAn Hill re: requested info on ST data on employment with TIFFE and other agencies

249. IEP of 7/21/04 with conference notes

250. Letter of 3/16/04 from Marvin St. Clair-Clinical Director TIFFE Hilo to Stan and Kim – TIFFE file on Bryan – registration form, Progress notes from 7/03-2/04, Weekly data sheets – provided per Shelby's 2/10/04 request

251. E-mail of 8/5/04 from Michael Biehn to JoAn Hill defaming Christy Edwards stating that she has returned to Hawaii "as a result of this bride", previously investigated for prescription drug abuse ordered of the internet

252. Fax of 6/10/04 from Kelly Stern-TIFFE to Desiree Baez with 5/27/04 72 Hour Sentinel Event Report and 6/7/04 e-mail from Dave Graber to Kelly Stern issue with Bryan

253. PWN 6/7/04 – implement recent court decision

254. Report of 5/9/04 from Dru Copeland re: behavior and academic status

255. Notes from 6/2/04 IEP DOE2500

256. E-mail address redacted but believe it is Michael Biehn (see DOE2566) – again defaming Christy and now stating Kim Wiles is manipulating Christy – Also Reference check on Christy Edwards and info on other ST status

257. E-mail of 8/10/04 from JoAn Hill to Judi Radwick – JoAn does not want ASL training to be "Bryan" specific

258. Hand Written notes – Residential Facilities

259. Letter of 8/5/04 from Shelby to Lono Beamer re: JoAn Hill's oral deposition

260. From Plaintiffs' 1st Request for Admissions starting from Request #8 and exhibits 1-18

261. E-mail of 7/14/04 from Shelby to Karen Johnston cc: everyone re: days and time for IEP meeting to address Bryan's worsening erratic behavior

262. Letter of 7/13/04 from Shelby to Karen Johnston re: statute on holding meetings at mutually agreeable time / e-mail response from Johnston to Shelby

263. E-mail of 7/8/04 from JoAn Hill to Karen Johnston re: hold IEP meeting to do behavior plan per decision

264. New article of 7/8/04 in West Hawaii Times re: teacher vacancies at West Hawaii Schools in general and Kealakehe HS specifically

265. Report by Kelly Stern-TIFFE re: qualification of STs, efforts to recruit and train STs, other suggestions – TIFFE concerns state clearly that TIFFE cannot meet ASL requirements

266. Report of 2/6/04 from Kelly Stern-TIFFE per request of Judi Radwick-DOE re: providing STs, efforts, results, current efforts

267. E-mail of 7/2/04 from Bobbie Puente-TIFFE for Kelly Stern to JoAn Hill re: service gaps of STs for Bryan

268. Notice of 6/24/04 Rescheduled hearing Date

269. First page of report of 6/30/04 from Kelly Stern to JoAn Hill re: summary of efforts to recruit, hire and train STs

270. List of words – maybe words to learn ASL

271. Memo of 6/22/04 from Pat Hamamoto to Complex Supers re: hiring of teachers in general

272. Impartial Hearing Request, Receipt, Special Education Mediation Intake Form, copies, Fax sheets

273. E-mail of 1/3/05 from Dayle Yokoyama to Kate Tolention cc everyone re: conversation with Kim Wiles about Bryan not coming to school because SLP Naomi is out

274. Toileting Program of 4/7/04 from Kim Smalley

275. IEP with conference notes of 11/29/04

276. Draft Crisis Plan of 9/28/04

277. Behavioral Assessment of 8/18/04; Positive Behavior Support Plan by Kim Smalley

278. E-mail of 8/18/02 from Desiree Beaz to Pam Toguchi w/ 8/18/02 letter from Kim and CVs of Christy Edwards, Karen Green, Barbara Coffman – asking what to do and how the process is to go

279. Employment Suitability Check of 7/22/03 for DOE Employee – William Beljean with letter from Beljean explaining public lewdness conviction in NY

280. CV of Sasha Pickles w/ Fax from Kim Wiles to Desiree Beaz

281. E-Mail to JoAn Hill re: Christy Edwards DOE3012-17

282. Ann Kimball Wiles DOE Personnel folder DOE3053-3104

283. Ann Kimball Wiles DOE Personnel folder DOE3107-3262

284. Records from Child & Family Service taken 5/31/06 at p. 77

285. Records from Child & Family Service taken 5/31/06 at p. 59

286. Records from Alaka'i Na Keiki, Inc. taken 3/7/06 at p. 338

287. Records from Alaka'i Na Keiki, Inc. taken 3/7/06 at p. 187

288. Records from The Institute for Family Enrichment taken 3/14/06 at p. 285

289. Records from The Institute for Family Enrichment taken 3/14/06 at p. 310

290. Records from Hawaii Behavioral Health taken 3/14/06 at p. 204

291.  Records from Hawaii Behavioral Health taken 3/14/06 at p. 218

292.  Records Deposition of Betty Jo Freeman, Ph.D., dated 7/5/07

293.  Exhibit J to Deposition of Judith Anne Radwick dated 8/8/07

294.  All written discovery requests and responses from Plaintiffs and Defendants.

295.  Any document listed in Defendants' Pre-Trial Statement, Disclosure Statement or any amendments or supplements thereto.

296.  April 5, 2004 Transcript of Administrative Hearing

297.  July 6, 2004 Transcript of Administrative Hearing

298.  All rebuttal documents.

Plaintiffs reserve the right to add additional documents and/or transcripts of depositions disclosed or taken as allowed by the applicable rules of procedure.

## XI.    FURTHER DISCOVERY OR MOTIONS

Plaintiffs have one pending motion: Plaintiffs Ann Kimball Wiles' and Stanley Bond's Motion to Amend Their Complaint to Include an Express Claim for Non-Economic Damages for Retaliation. This is a non-hearing motion taken under advisement by Judge Gillmor.

Defendants have two discovery motions pending: 1) Defendants Department of Education and Alvin Rho's Motion to Compel Department of Human Services to Produce Child Welfare Services Records for Bryan Wiles-Bond. This motion will be heard on Tuesday, October 16, 2007 at 3:00 p.m. before Judge Kurren; and 2) Defendants Department of Education and Alvin Rho's Motion to Strike Shelby

34

Floyd as a Witness.  This motion will be heard on Thursday, October 18, 2007 at 11:15 a.m. before Judge Kurren.

## XII.  STIPULATIONS

Plaintiffs propose that all parties stipulate to the authenticity of the documents.

## XIII.  AMENDMENTS, DISMISSALS

Not applicable.

## XIV.  SETTLEMENT DISCUSSION

There have been no settlement discussions since the last mediation with Keith Hunter.  Defendants have forced trial by refusing any consideration of settlement.

## XV.  BIFURCATION, SEPARATE TRIAL OF ISSUES

Not  applicable.

## XVI.  REFERENCE TO MASTER OR MAGISTRATE JUDGE

Not applicable.

## XVII. APPOINTMENT AND LIMITATION OF EXPERTS

Plaintiffs have a challenge to the credentials and experience for the Defendants' experts and motions in limine still be filed to resolve this issue.

## XIX.  TRIAL

This is a jury trial.

35

## XX.    **ESTIMATE OF TRIAL TIME**

Trial in this case will take approximately two weeks.

## XXI.   **CLAIMS OF PRIVILEGE OR WORK PRODUCT**

Not applicable.

## XXII.  **MISCELLANEOUS**

Not applicable.

DATED:  Honolulu, Hawaii, October 22, 2007.

/S/ STANLEY E. LEVIN
_____
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs