IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>      Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I. **INTRODUCTION**

Plaintiffs' liability and damages expert, Daniel B. LeGoff, Ph.D. must be precluded from offering any opinions at trial concerning the DOE's alleged "educational neglect" with respect to Bryan Wiles-Bond. Dr. LeGoff has not disclosed any such opinions with respect to the two expert reports he has authored in this case and has admitted in his deposition that he does not intend to offer such opinions. Therefore, by Dr. LeGoff's failure to include such opinions in his required expert disclosures and through his own admission, Dr. LeGoff must be precluded from offering any opinions with respect to the DOE's alleged "educational neglect" of Bryan Wiles-Bond.

II.  ARGUMENT

    A.  **Dr. LeGoff is Precluded from Offering Opinions As To Educational Neglect At Trial Because He Did Not Disclose Such Opinions In His Expert Reports Or At His Deposition**

Dr. LeGoff must be precluded from offering any opinions with respect to "educational neglect" at trial. Dr. LeGoff authored three expert reports in this case: 1) a Neurodevelopmental Evaluation (Dates of Evaluation 06/17/05, 06/18/05); 2) an Estimate of the Costs of Residential, Remedial and Educational Services for Bryan dated 12/13/05; and 3) Neurodevelopmental Re-Evaluation (Date of Examination 06/01/07). All of which are attached hereto respectively as Exhibits "A", "B" and "C". These reports were produced pursuant to Federal Rules of Civil Procedure (FRCP) Rule 26. Absent from these reports are any mention of any theory related to "educational neglect."

As Dr. LeGoff has not included any mention of "educational neglect" in his expert reports, Plaintiffs are precluded from having Dr. LeGoff amend his report or otherwise provide further opinions not set forth in his existing reports at trial. FRCP 26(a)(2)(b) required Plaintiffs' expert reports to include "**a complete statement of all opinions to be expressed and the basis and reasons therefor,** [and] the data or other information considered by the witness in forming the opinions."

Fed. R. Civ. P. 26(a)(2)(b) (emphasis added). Where a party fails "without substantial justification" to provide an opinion or other information required by Rule 26(a), that party "**is not ... permitted to use as evidence at trial ... any information not so disclosed**." Fed. R. Civ. P. 37(c). The preclusion of undisclosed expert testimony is automatic, so as "to give teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105 (9th Cir. 2001) (quoting Rule 37(c) Adv. Comm. Notes).

"Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." Id. at 1106 (affirming district court granting of motion in limine to exclude testimony of defendant's only damages expert); Nutrasweet Co. v. X-L Engineering Co., 227 F.3d 776, 785 (7th Cir. 2000) ("If the expert's report contains only incomplete opinions, the court may choose to restrict the expert's testimony to those opinions alone.") (affirming district court order limiting expert testimony to what was contained in his initial report); Moore N. Amer., Inc. v. Poser Business Forms, Inc., 2001 WL 253117, *7 (D. Del. 2001) (granting summary judgment on affirmative defense where defendant's expert report contained no opinion to support that defense).

In addition to the clear preclusion of such "surprise" expert testimony as set forth in FRCP Rules 26 and 37, Dr. LeGoff has also admitted in his deposition that he does not intend to offer any opinions with respect to "educational neglect."

Specifically, Dr. LeGoff testified as follows:

(By Mr. Ushiroda)

Q. Are you going to offer an opinion – what is educational neglect?

A. Lack of provision of services as specified in child's IEP or lack of provision of educational services according to current best practice standards.

. . .

Q. Do you have an opinion – are you going to render an opinion on Bryan's IEP whether it was adequate or not?

A. That hasn't come up. I haven't been asked to evaluate the adequacy of his IEP. But simply, it's pointed out that the IEP was not implemented as written.

. . .

**Q. So in this case, have you been asked to render an opinion whether there was educational neglect in this case?**

**A. No.** I think that was more or less determined by the hearing officer in the due process cases that were prior to my being involved. I wasn't involved in any of the due process hearings.

- 4 -

> Q. You're not going to render an opinion, you're feeling on whether there was educational neglect or not?
>
> A. No. I think the other witnesses may address that.

Deposition of Daniel B. LeGoff, Ph.D. dated August 23, 2007 at 117:5-25; 118:1-4;119:24-25; 120:1-11 (emphasis added), attached hereto as Exhibit "D".

As Dr. LeGoff, has himself, admitted that he was not asked to nor will he offer opinions with respect to "educational neglect", this Honorable Court should issue an order precluding Dr. LeGoff from offering any such surprise opinions at trial. Plaintiffs were given numerous opportunities to have Dr. LeGoff provide reports concerning any such additional opinions, but have failed to do have Dr. LeGoff opine as to "educational neglect."

Finally, any attempt by Plaintiffs to circumvent the rules regarding disclosure of expert opinions by offering additional opinions, through Dr. LeGoff concerning "educational neglect" as "rebuttal" is impermissible and should be sanctioned. To allow Plaintiffs to expand Dr. LeGoff's testimony at this late date would unfairly prejudice Defendants.

III. **CONCLUSION**

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants