IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>            Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>            Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.   **INTRODUCTION**

   A.   **The Underlying Claim**

   Plaintiffs' remaining cause of action in this case is a claim for money damages alleging intentional discrimination and retaliation under Section 504 of the Rehabilitation Act. Under Section 504, Plaintiffs must prove that the DOE acted with deliberate indifference and/or intentionally discriminated against Bryan Wiles-Bond solely by reason of his disability. The DOE maintains that there is no evidence to support a finding of such deliberate and/or intentional actions. Rather, the evidence clearly establishes that the DOE made a good faith effort to

comply with their obligations to provide Bryan Wiles-Bond with a FAPE.

### B. The Felix Consent Decree and Contempt Order

On October 25, 1994, a Settlement and Consent Decree was approved by the district court in Felix v. Waihee, Civil No. 93-00367 (DAE)("Felix Consent Decree"). The Felix Consent Decree sought to remedy the "systematic problems in state education and mental health programs." Patricia N. v. LeMahieu, 141 F. Supp.2d 1243, 1250 (D. Haw. 2001)(emphasis added).

In 1999, the court ordered the State of Hawaii to meet one-hundred and forty one (141) benchmarks in order to be in compliance with the Felix Consent Decree. The State of Hawaii failed to meet these benchmarks in a timely fashion. As a result, on June 1, 2000, the State of Hawaii was held in contempt of the Felix Consent Decree.

## II. ARGUMENT

### A. The Felix Consent Decree and Contempt Order are Irrelevant

Federal Rules of Evidence ("FRE") Rule 402 provides that "[a]ll relevant evidence is admissible . . . . **Evidence which is not relevant is not admissible.**" Fed. R. Evid. 402 (emphasis added). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence

to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In this case, evidence of the <u>Felix</u> Consent Decree and Contempt Order (collectively "Decree and Order") are irrelevant. This Court has recognized that the <u>Felix</u> Consent Decree was created to remedy statewide problems in state education and mental health programs; it was not meant to apply to "individual problems of specific class members." <u>Patricia N. V. LeMahieu</u>, 141 F. Supp. 2d at 1250. Plaintiffs' claim alleges that the DOE intentionally discriminated against Bryan Wiles-Bond - and only Bryan Wiles-Bond. Plaintiffs' claim does not allege any statewide discrimination, or any statewide problem. Rather, Plaintiffs' complain of an individual problem pertaining to an individual class member. By this Court's own ruling, the <u>Felix</u> Consent Decree does not apply to such a situation. Therefore, since the <u>Felix</u> Consent Decree does not apply to this case, the Decree and Order lacks any probative value.

Based upon the foregoing, the Decree and Order are clearly irrelevant and therefore inadmissible.

   **B.**  **Even If Relevant, Evidence of and Reference to the <u>Felix</u> Consent Decree and Contempt Order Should Be Prohibited**

Relevant evidence may still be excluded "if its probative value is substantially outweighed by the danger of

- 3 -

unfair prejudice, confusion of issues, or misleading the jury." Fed. R. Evid. 403.

In this case, the Decree and Order are irrelevant. <u>See</u> <u>supra</u> II.A.  Nonetheless, if found to be relevant, the minimal probative value of the Decree and Order is significantly outweighed by the danger of misleading the jury to believe that the Decree and Order were created to remedy individual problems of specific class members like Bryan Wiles-Bond.  As stated <u>supra</u>, this belief is clearly contrary to the purpose and intent of the Decree and Order. <u>See</u> <u>Patricia N.</u>, 141 F. Supp. 2d at 1250.  Moreover, reference to the Decree and Order might mistakenly lead a jury to infer that the State of Hawaii's failure to comply with the <u>Felix</u> Consent Decree on a statewide level equates to a failure to comply with the <u>Felix</u> Consent Decree on each and every individual level as well.  Clearly, this inference is false, and the mere possibility that a jury might mistakenly believe this significantly outweighs any probative value that reference to the Decree and Order might hold.

In order to avoid the clear prejudice that would ensue should this evidence be submitted, any and all reference to the Decree and Order should be prohibited.

- 4 -

### C. The Court Should Not Take Judicial Notice of the <u>Felix Consent Decree and Contempt Order</u>

FRE Rule 201 does not permit this Court to take judicial notice of another court's factual findings. This is the controlling law in the Ninth Circuit.

In <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114 (9th Cir. 2003), the Ninth Circuit Court of Appeals ruled that "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." Moreover, "[f]actual findings in one case ordinarily are not admissible for their truth in another case through judicial notice." <u>Id.</u> at 1114, n. 5 (citing 21 Charles Alan Wright & Kenneth A. Graham, Jr., <u>Federal Practice & Procedure</u>, § 5106 (Supp. 2001)).

This interpretation of FRE Rule 201 has also been adopted by the Second, Fifth, Seventh, Eighth, and Eleventh Circuit Courts of Appeal. See <u>Taylor v. Charter Med. Corp</u>, 162 F.3d 827 (5th Cir. 1998); <u>Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.</u>, 146 F.3d 66 (2d Cir. 1998); <u>Gen. Elec. Captial Corp. v. Lease Resolution Corp.</u>, 128 F.3d 1074 (7th Cir. 1997); <u>U.S. v. Jones</u>, 29 F.3d 1549 (11th Cir. 1994); <u>Holloway v. Lockhart</u>, 813 F.2d 874 (8th Cir. 1987).

Therefore, if reference to the Decree and Order is not excluded, this court under Ninth Circuit law should not take judicial notice of any findings of fact from the Decree and Order.

## III. CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants