IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.   **INTRODUCTION**

　　　This action arises out of the alleged failure of the DOE to provide Plaintiff Bryan Wiles-Bond ("Bryan") with educational and related services which he was entitled to as a disabled individual. The only remedies Plaintiffs seek are money damages under the Rehabilitation Act, 29 U.S.C. Sec. 794 ("Section 504"). Under Section 504, Plaintiffs must prove that the DOE acted with "deliberate indifference" and/or intentionally discriminated against Plaintiff Bryan solely because of his disability.

　　　In support of their case, it is anticipated that Plaintiffs will attempt to introduce testimony on an alleged "educational standard of care." The DOE contends that this

alleged "educational standard of care" does not exist. Nonetheless, assuming, arguendo, that this standard of care does exist, it is not relevant in this action because Plaintiffs must prove intentional discrimination, not negligence. Moreover, any testimony concerning this alleged standard of care will confuse the issues and more than likely mislead the jury. If this Court does find it necessary, however, to permit Plaintiffs to offer testimony concerning this alleged standard of care, then lay opinion testimony[1] should be excluded because any testimony would not be within the common knowledge of a lay juror.

## II. ARGUMENT

### A. Any Evidence Concerning An "Educational Standard of Care" Is Not Relevant To This Case.

Rule 402 of the Federal Rules of Evidence ("FRE") provides that "[a]ll relevant evidence is admissible . . . . **Evidence which is not relevant is not admissible.**" Fed. R. Evid. 402 (emphasis added). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

---

[1] The DOE notes, and am sure this Court is aware, that the Federal Rules of Evidence does not distinguish between expert and lay **witnesses**, but rather between expert and lay **testimony**. Fed. R. Evid. 701 advisory committee's note to 2000 Amendment. As a result, a witness may provide both expert opinion and lay opinion testimony. Id. The DOE requests exclusion of all lay opinion testimony on this "educational standard of care" regardless of whether Plaintiffs' witnesses provide expert testimony on other matters.

In this action, Plaintiffs remaining cause of action is a claim for money damages alleging intentional discrimination under Section 504. To prove intentional discrimination, Plaintiffs must prove that the DOE acted with "deliberate indifference" toward Bryan Wiles-Bond solely because of his disability. As the Ninth Circuit Court of Appeals stated in <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1139 (9th Cir. 2001), the standard of "deliberate indifference" requires that the DOE's conduct be "more than negligent." <u>See also</u> <u>Saltzman v. Bd. of Comm'rs of N. Broward Hosp. Dist.</u>, 239 Fed. Appx. 484, 487-88 (11th Cir. 2007)(stating that "negligence is not intentional discrimination" and thus insufficient under the standard of "deliberate indifference").

It is clear that this alleged "educational standard of care" would be relevant if this was a negligence action. It is just as clear, however, that this alleged "educational standard of care" is not relevant to an action requiring a showing of intentional discrimination. The relief sought by the Plaintiffs in this action requires a showing of intentional discrimination. Plaintiffs cannot satisfy their burden of proof of proving intentional discrimination by establishing negligence. This is because intentional discrimination is a higher standard, a standard requiring evidence of deliberateness. Therefore, any

testimony concerning this alleged "educational standard of care" is irrelevant, and thus inadmissible.

### B. Even If Relevant, Any Evidence Concerning An "Educational Standard Of Care" Is Inadmissible Under FRE Rule 403.

Even assuming, <u>arguendo</u>, that evidence concerning an "educational standard of care" has some measure of probative value in this case, such evidence should be excluded under FRE Rule 403. Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, **confusion of issues, or misleading the jury**, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (emphasis added).

While it is difficult to conceive how any evidence of this alleged "educational standard of care" could be at all relevant, the serious risks associated with admitting such evidence are clear. As stated <u>supra</u>, negligence is not intentional discrimination. Permitting the introduction of evidence concerning this alleged "educational standard of care" infers that the issue of negligence is a viable cause of action in this case. This clearly confuses the issues. Moreover, for the same reasons, allowing evidence of this alleged "educational standard of care" has the potential to mislead the jury. These dangers substantially outweigh any minimal measure of probative

value that evidence concerning this alleged "educational standard of care" may have. Therefore, such evidence should be excluded from trial.

### C. Even If Relevant, Any Lay Opinion Testimony Concerning An "Educational Standard Of Care" Should Be Excluded.

Lay opinion testimony is governed by Federal Rules of Evidence ("FRE") Rule 701, which states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinion or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and **(c) not based on scientific, technical, or other specialized knowledge within the scope of [FRE] Rule 702.**

Fed. R. Evid. 701 (emphasis added). On the other hand, "a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of [FRE] Rule 702 is governed by the standards of [FRE] Rule 702[2] and the corresponding disclosure requirements of the [Federal Rules of

---

[2] FRE Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in form of an opinion or otherwise.

Fed. R. Evid. 702.

- 5 -

Civil Procedure ("FRCP")]." Fed. R. Evid. 701 advisory committee's note to 2000 Amendment.

The Advisory Committee's note to the 2000 amendment of FRE Rule 701 states, "lay testimony 'results from a process of reasoning **familiar in everyday life**,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Id. (quoting State v. Brown, 836 S.W. 2d 530, 549 (1992) (involved former Tennessee Rule of Evidence 701, which precluded lay witness testimony based on "special knowledge."))(emphasis added). The significance of the distinction made under FRE Rules 701 and 702 is also discussed in the Committee's note, which states:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in [FRCP Rule 26] . . . by simply calling an expert witness in the guise of a layperson.

Id.

In this case, any opinion on an "educational standard of care" will require specialized knowledge beyond which is

- 6 -

familiar in everyday life.  Plaintiffs have created this "educational standard of care" through the consultation of certain "sources of information."  <u>See</u> Deposition of Daniel Legoff, attached hereto as Exhibit "A", at 118, lines 13-24 (testifying that these "sources of information" include "Guidelines of the National Research Counsel, Panel and Autism, the best practice documents of [the] State of California, and the State of New York, State of New Jersey, and current educational literature relevant to children with autism").  These sources are not within the realm of common knowledge.  They include information that is not familiar to everyday life.  Rather, these sources are utilized by, and only by, professionals that specialize in child autism.

Furthermore, this standard of care does not have any nationally accepted guidelines; it does not have any guidelines accepted across the State of Hawaii. <u>See</u> Exhibit "A", at 119, lines 5-23.  Therefore, the mere establishment of this standard of care will require testimony that is convincing and reputable.  Such testimony will undoubtedly require "a process of reasoning which can be mastered only by specialists in the field."

As a result, any lay opinion testimony regarding this issue should be excluded.  Opinion testimony regarding this "educational standard of care" will require "specialized knowledge."  Therefore, opinion testimony on this issue must

comply with the expert testimony requirements of FRE Rule 702 and the disclosure requirements of the FRCP. To allow otherwise would permit Plaintiffs to introduce expert testimony under the guise of lay opinion testimony, and essentially ambush the DOE at trial. This is exactly the type of undue prejudice that FRE Rules 701 and 702, and the corresponding FRCP disclosure requirements, protect against.

### III. CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants