IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>  Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>  Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.   **INTRODUCTION**

As support for their intentional discrimination claim, Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively "Plaintiffs"), may seek to admit anecdotal evidence of how consistent services contributed to the progress of autistic individuals other than Bryan Wiles-Bond. Such anecdotal evidence, however, is not relevant or reliable.

The issue is not whether consistent services affected the progress of other people. The only issue of consequence is whether consistent services would have affected Bryan Wiles-Bond's progress and, if so, to what extent. Moreover, even if such evidence was relevant, any relevance would be substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the trier of fact. Accordingly, anecdotal evidence of the progress of other autistic individuals should be excluded.

## II.  ARGUMENT

The Court's chief role in determining the admissibility of expert testimony is that of a gatekeeper. See Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). As gatekeeper, the Court must ensure that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. See Elsayed Mukhtar v. California State Univ. Hayward, 299 F.3d 1053, 1063 (9th Cir. 2002) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993)). Maintaining such high standards is particularly important considering the aura of authority experts often exude, which can lead the trier of fact to give more weight to their testimony. Id.

Expert testimony is admissible pursuant to Rule 702 of the Federal Rules of Evidence ("FRE") if it is relevant and reliable. Id. The Court is granted broad discretionary authority to determine the reliability of expert testimony in light of the facts and circumstances of the particular case. See Kumho Tire Co. Ltd., 526 U.S. at 158.

Daubert also affirmed a further constraint against the admission of certain types of expert testimony pursuant to FRE 403, which reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

See Fed.R.Evid. 403.

### A. Anecdotal Evidence of the Progress of Other Autistic Individuals is Irrelevant and Unreliable

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed.R.Evid. 403. Here, the issue is not whether consistent services affected the progress of the other autistic individuals. Rather, the only issue of consequence to this action is whether consistent services would have affected Bryan Wiles-Bond's progress and, if so, to what extent. Anecdotal testimony regarding the purported progress of the other individuals would not make those determinations more probable or less probable than it would be without the evidence.

During her deposition, Betty Jo Freeman, Ph.D., an expert witness retained by Plaintiffs, testified that autistic

children who get consistent services generally show improvement. See Deposition Transcript of Betty Jo Freeman, Ph.D. ("Freeman Depo.") at Pages 176-177, lines 16-1 and Page 226, lines 9-13, true and correct copies of which are attached as Exhibit "A". Dr. Freeman, however, also acknowledged that every child reacts differently to treatment. Id. at Page 151, lines 4-5 ("[E]very child is different."). Studies show that there is "a lot of variabilities in children with autism." Id. at Page 156, lines 1-2.

It is impossible to reasonably and meaningfully compare the progress of Bryan Wiles-Bond with other individuals with autism. Dr. Freeman conceded this when she stated that she was not aware of any research that would have enabled her to opine that Bryan Wiles-Bond would have been at a certain level had he received consistent services. Id. at page 159, lines 4-10. For the same reason, there is no way to validly draw a reliable comparison between the progress of Bryan Wiles-Bond and other autistic individuals or to scientifically test such comparison. Anecdotal evidence of the progress of other autistic individuals is simply not relevant or reliable because there are too many variables that can affect an individual's progress. Therefore testimony regarding, referencing, or relating to such evidence should be excluded.

B.  **Anecdotal Evidence of the Progress of Other Autistic Individuals Should be Excluded Pursuant to FRE 403**

Assuming, arguendo, that testimony regarding the progress of other autistic individuals is otherwise admissible, the evidence should nevertheless be excluded pursuant to FRE 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the factfinder. The Daubert court explained that:

> Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than lay witnesses.

Daubert, 509 U.S. at 595.

By Dr. Freeman's own admission, the progress of the other autistic individuals does not show or illustrate that Bryan Wiles-Bond would have necessarily progressed in the manner and to the extent that these other individuals did. See Freeman Depo. transcript at Page 151, lines 4-5 and Page 159, lines 4-10. Indeed, these individuals may not even share the same diagnoses. Accordingly, even if the testimony regarding the progress of other autistic individuals has any probative value, comparing Bryan Wiles-Bond with these other "successful" individuals would be unfairly prejudicial, confusion and/or misleading.

- 5 -

## III. CONCLUSION

Based on the foregoing, the DOE respectfully requests that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants