IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>      Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

      This action arises out of the alleged failure of the DOE to provide Bryan Wiles-Bond with educational and related services which he was entitled to as a disabled individual. Plaintiffs have alleged that the DOE intentionally discriminated and/or retaliated against Plaintiffs by, inter alia, failing to provide Bryan Wiles-Bond with the required skills trainer services that he was entitled to and as a result of the DOE's alleged failures, have filed suit in federal court.

      Plaintiffs' claims of intentional discrimination and retaliation are brought pursuant to the Rehabilitation Act, 29 U.S.C. Sec. 794 ("Section 504"). Under Section 504, Plaintiffs must prove that Defendants acted with "deliberate indifference"

and/or intentionally discriminated against Bryan Wiles-Bond solely by reason of his disability.  Similarly, to prevail on their claim for retaliation, Plaintiffs must prove that the DOE's alleged retaliatory actions were intentional and were taken because of Plaintiffs' advocacy for Bryan Wiles-Bond's rights.

On October 18, 2007, a hearing on Defendants' Motion to Strike Shelby Floyd as a Witness ("Defendants' Motion to Strike") was held before the Honorable Barry M. Kurren.  See Transcript of October 18, 2007 Hearing on Defendants' Motion to Strike Shelby Floyd as a Witness, ("Tr."), attached as Exhibit "A".  The Court denied Defendants' Motion to Strike with the following caveats:

> (1) That the testimony of Shelby Floyd **shall be limited to matters of direct contact between herself and the Department of Education officials for which Plaintiffs Ann Kimball-Wiles and Stanley Bond are not able to testify to because they were not direct parties or were not present;** and
>
> (2) That this Order **shall not preclude any objections to Shelby Floyd's testimony that may be raised or made before the trial judge** in this action.

See December 14, 2007 Order Denying Defendants Department of Education and Alvin Rho's Motion to Strike Shelby Floyd as a Witness Filed on September 5, 2007 (the "Order") (emphases added), attached as Exhibit "B".

The Court acknowledged that there were issues concerning Ms. Floyd's testimony, and that these issues must be

left to the trial judge to decide. <u>See</u> Tr. at 13, lns. 9-18, attached as Exhibit "A". As a result, the DOE has filed the present Motion.

## II. **SUMMARY OF ARGUMENT**

In this action, the DOE prays this Court order Shelby Floyd's testimony limited pursuant to the Order and the Court's ruling. The DOE contends that any testimony by Ms. Floyd is irrelevant and prejudicial.

Moreover, any testimony regarding Ms. Floyd's observations of Bryan Wiles-Bond or communications with any individuals, as former counsel for Plaintiffs, is unduly cumulative and hearsay as numerous percipient witnesses are able to testify to Bryan Wiles-Bond's condition or the circumstances surrounding Plaintiffs' allegations. In addition, the expected testimony of Ms. Floyd that falls within the purview of settlement negotiations and any testimony concerning prior settlement agreements entered into between the DOE and Plaintiffs should be excluded by the Parol Evidence Rule and Rule 408 of the Federal Rules of Evidence.

Further, given Ms. Floyd's status as a former attorney of record and an attorney who specializes in 504-type cases, the danger of Ms. Floyd proffering expert opinions remains great. Ms. Floyd should therefore be precluded from offering any expert opinions because Plaintiffs have not listed her as an expert in

this matter and have failed to provide the DOE with a required expert report.

III. **ARGUMENT**

    A.   **Any Testimony by Shelby Floyd Should be Limited to Discussions/Contacts She had with Department of Education Personnel in which Plaintiffs did not Participate In.**

The testimony of Shelby Floyd should be limited to discussions/contacts she had with DOE personnel in which Plaintiffs did not participate in. Any other testimony by Ms. Floyd is in violation of the Order and the Court's ruling on Defendants' Motion to Strike, and is therefore inadmissible.

In the Order, the Court ordered that the testimony of Ms. Floyd "shall be limited to matters of direct contact between herself and the Department of Education officials for which Plaintiffs Ann Kimball-Wiles and Stanley Bond are not able to testify to because they were not direct parties or were not present." See Order at 2-3, attached as Exhibit "B". As a result, any testimony beyond this caveat is a violation of the Order, and therefore is inadmissible at trial.

    B.   **Testimony by Shelby Floyd is Irrelevant, Prejudicial, and Should be Excluded as a Matter of Law.**

Shelby Floyd, as Plaintiffs' former counsel, must be precluded from testifying in this action as to any testimony she holds with respect to other 504 type cases she has previously

worked on, which do not include allegations or facts substantially similar to any issue currently before this Court. Any such testimony would not assist the jury in determining whether the DOE acted with deliberate indifference with respect to any alleged failure to provide Bryan Wiles-Bond with the required educational services. Therefore, Ms. Floyd should be precluded from testifying as to any other cases involving disabled children because her testimony is not relevant.

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible . . . . <u>Evidence which is not relevant is not admissible</u>." Fed. R. Evid. 402 (emphasis added). Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

In this action, while the DOE still maintains the belief that Ms. Floyd should not be allowed to testify at all, Ms. Floyd, <u>inter alia</u>, should be precluded from testifying about any former cases that she participated in that involved disabled children because such testimony would not be relevant.

It is well known that Ms. Floyd has established herself in the area of representing disabled children against the State of Hawaii for rights associated with a free public education. It is also well known that Ms. Floyd was the counsel of record in

the precedent setting case of <u>Felix v. Waihee</u>, Civil No. 93-00367 (DAE), which required the State to create an expansive system to provide mental health, special education, and other services to disabled children enrolled in Hawaii's public school system.

First off, considering Ms. Floyd's experience in this area, any testimony that she may provide regarding her previous representations, and any correlation that those representations may have in this case, would constitute expert testimony. In the instant action, Plaintiffs have not provided the DOE with an expert report of Ms. Floyd. Ms. Floyd has not been disclosed as an expert witness. Further, and by Plaintiffs own admission, she will not be called as an expert witness. As a result, any testimony that Ms. Floyd may provide in this area should be excluded.

In addition, the <u>Felix</u> lawsuit is inapposite. In <u>Felix</u>, the issue before the courts was a statewide problem in state education and mental health programs. The issue that was being addressed by the courts had nothing to do with individual problems of individual class members. This Court recognized this when it held that the <u>Felix</u> Consent Decree was created to remedy statewide problems in state education and mental health programs; it was not meant to apply to "individual problems of specific class members." <u>Patricia N. v. LeMahieu</u>, 141 F. Supp. 2d 1243,

1250 (D. Haw. 2001). Based on this, any testimony by Ms. Floyd regarding the Felix lawsuit would not be relevant.

Even assuming, arguendo, that Ms. Floyd's expected testimony has some measure of probative value and that some superficial similarities exist between the instant action and the Felix lawsuit, it is probable that the jury would easily be misled by any reference to the Felix lawsuit, or any other lawsuits formerly brought by Ms. Floyd. Rule 403 of the Federal Rules of Evidence provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

While the DOE still maintains the belief that testimony offered by Ms. Floyd in this action would not be relevant, the serious risks associated with admitting such evidence are clear.

In addition, the DOE is of the belief that Plaintiffs may be inclined to argue that evidence of Ms. Floyd's prior cases is relevant to establish precedent or that the DOE had prior notice of past instances of misconduct and failed to take any corrective actions thereafter. This argument, however, must be excluded because it would confuse the jury. Evidence of any unrelated lawsuits involving disanalogous facts may cause jurors

to improperly adopt Ms. Floyd's "expert" opinions and inferences. This would improperly supplant the role of the jury to analyze the facts and come to their own, independent conclusions.

Even if the DOE were to expend valuable trial time explaining and demonstrating to the jury the dissimilarities between Ms. Floyd's previous cases and the instant lawsuit, and the fact that her prior representations lack any relevance, the risk of unfair prejudice would still remain. This risk, coupled with the waste of time any discussion of Ms. Floyd's expected testimony would require, clearly and substantially outweighs any dubious probative value the testimony of Ms. Floyd may have.

### C. Testimony by Shelby Floyd is Unduly Cumulative and Inadmissible Hearsay.

Ms. Floyd's testimony in this action should also be limited because, as former counsel of Plaintiffs, any knowledge she has regarding the complaints Plaintiffs may have had and/or made, and their experiences with the DOE are second hand knowledge. Clearly, Plaintiffs Ann Kimball-Wiles and Stanley Bond are themselves the best sources of this evidence. Ms. Floyd cannot be allowed to regurgitate and synthesize Plaintiffs' testimony. Indeed, allowing former counsel to testify is a disingenuous way of obtaining expert testimony without having to disclose such.

The trial court has discretion to include or exclude evidence due to unfair prejudice or because it was a needless

presentation of cumulative evidence.  See generally United States v. Rewald, 889 F.2d 836, 852 (9th Cir. 1989); State v. Klafta, 73 Haw. 109, 831 P.2d 512 (Hawaii 1992); see also 75 AM JUR. 2D TRIAL SEC. 341 and 342 (1991)(citing Liddell v. Missouri, 731 F.2d 1294 (8th Cir. 1984)(citations omitted)(trial court's discretion is frequently exercised to limit the number of expert witnesses) and Maler v. Geraldi, 502 So 2d. 973 (Fla. Dist. Ct. App. 1987) (citations omitted) (court may limit the number of expert witnesses to one expert per discipline or field of board certified expertise)).

The Hawaii Supreme Court in State v. Pulse, 83 Hawaii 229, 247, 925 P.2d 797, 815 (Haw. 1996), examined the cumulative element of the Hawaii Rules of Evidence ("HRE"), which is identical to its federal counterpart.  For Rule 403 purposes, the Hawaii Supreme Court determined that cumulative evidence "must be substantially the same as other evidence that has already been received."  Id.

In Aga v. Hundahl, 78 Hawaii 230, 891 P.2d 1022 (Haw. 1995), a medical malpractice case, the Appellants already presented expert testimony that the decedent was suffering from hallucinations at her death.  Appellants also intended to introduce expert deposition testimony on the same issue.  Id. The Hawaii Supreme Court, in Aga, held that an expert's testimony may be cumulative if the expert's testimony did not offer a

differing opinion than another expert's prior testimony. Id. at 241, 891 P.2d at 1033.

Presently, Plaintiffs have designated approximately four (4) experts to testify as to damages and liability. See Stanley Bond's Amended Response to Defendant Department of Education's Request for Answers to Interrogatories to Stanley Bond Dated March 3, 2006, at PP. 20-21, attached as Exhibit "C"; Ann Kimball-Wiles' Amended Response to Defendant Department of Education's Request for Answers to Interrogatories to Ann Kimball-Wiles Dated March 3, 2006, at PP. 21-22, attached as Exhibit "D". Plaintiffs have also designated forty-one (41) lay witnesses, including Ms. Floyd. See Exhibit "C", at PP. 22-28; Exhibit "D", at PP. 22-28. This is clearly excessive and cumulative. Permitting Plaintiffs to unnecessarily overemphasize damages or other aspects of their case, using multiple witnesses for each issue, would constitute the "needless presentation of cumulative evidence" which is specifically prohibited under Rule 403 of the Federal Rules of Evidence.

Additionally, outside of the forty-five (45) total witnesses Plaintiffs have named, Plaintiffs themselves, Ann Kimball-Wiles and Stanley Bond, are also expected to testify as to liability and damages. Ms. Floyd, as former counsel of Plaintiffs, adds nothing to this lawsuit that would not be

cumulative of the testimony the other expert and lay witnesses so designated are expected to provide.

At most, Ms. Floyd would only be able to offer hearsay testimony or offer improper expert opinions in this action. Hearsay evidence, testimony which is offered to prove the truth of the matter asserted, is clearly inadmissible pursuant to Rules 801 and 802 of the Federal Rules of Evidence. As a result, Ms. Floyd should be precluded at trial from testifying to any testimony that is irrelevant, hearsay, cumulative, and unduly prejudicial.

Allowing Plaintiffs unbridled discretion to present testimony by Ms. Floyd will waste precious judicial resources and time, and unduly delay this trial. Therefore, this Court should order Ms. Floyd's testimony limited to the extent proffered in the present motion.

>    D.    **Any Testimony by Shelby Floyd Regarding Communications Made During Settlement Discussions Should be Precluded Pursuant to Rule 408 of the Federal Rules of Evidence.**

Shelby Floyd should be precluded from testifying at trial to the extent that her testimony involves, includes, and/or references communications relating to compromise, offers to compromise, and mediation proceedings between Plaintiffs and the DOE. Any such testimony violates Rule 408 of the Federal Rules of Evidence, which provides:

>    (a) Evidence the following **is not admissible on behalf of any party, when offered to prove liability for, invalidity of**, or amount of a claim . . . :
>
>    (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration **in compromising or attempting to compromise the claim**; and
>
>    (2) **conduct or statements made in compromise negotiations** regarding the claim . . . .

Fed. R. Evid. Rule 408 (emphases added).

The DOE is of the belief that Plaintiffs may be inclined to offer Ms. Floyd's testimony in an effort to highlight the DOE's alleged failure to provide Bryan Wiles-Bond with the services required by various orders, and agreements made by the DOE, including the Settlement Agreement that was entered into by the Plaintiffs and the DOE on July 1, 2002. See Settlement Agreement in Civil Case No. 02-00101, attached as Exhibit "E". Any communications surrounding the Settlement Agreement, and any other attempts at compromise or mediation previously engaged in by both parties are clearly within the scope of Rule 408 of the Federal Rules of Evidence.

It is anticipated that Plaintiffs will argue that Rule 408 of the Federal Rules of Evidence does not apply to this situation because the claims under that Settlement Agreement were for IDEA relief, and here Plaintiffs seek relief under Section 504. See Tr. at PP. 8-9, lns. 24:3, attached as Exhibit "A".

This is simply not the case. Plaintiffs' previous claims did assert claims for IDEA relief, but they also set forth a claim for monetary damages under 504. As a result, this argument lacks merit.

Accordingly, Ms. Floyd should be precluded from testifying at trial, at a minimum, to the extent that her testimony involves, includes, and/or references communications relating to compromise, offers to compromise, and mediation proceedings between Plaintiffs and the DOE.

> E. **Any Testimony by Shelby Floyd Concerning any Settlement Agreement Entered into Between the State and Plaintiffs Should be Precluded By the Parol Evidence Rule.**

Any testimony by Shelby Floyd concerning the July 1, 2002 Release and Settlement Agreement as to the claims raised in the Complaint filed by Plaintiffs in Civil Case No. 02-00101 (D. Haw.) should be excluded under the parol evidence rule. See Exhibit "E".

The Settlement Agreement entered into between the DOE and Plaintiffs in the first lawsuit is clear and unambiguous, therefore, parol evidence may not be used to modify the terms of such an agreement. "Where a writing is found to be clear, unambiguous and 'the final and, therefore integrated expression of the parties' agreement,' the parol evidence rule bars evidence of prior or contemporaneous negotiations and agreements that

contradict the terms of the writing." Boskoff v. Yano, 217 F. Supp. 2d 1077 (D. Haw. 2001)(citations omitted).

The parol evidence rule precludes the admission of extrinsic evidence when the rights and duties created by the document are the dispositive issue. See Akamine & Sons, Ltd. v. American Sec. Bank, 50 Haw. 304, 440 P.2d 262 (1968); Oxford Commercial Corp. v. Landau, 190 N.E. 2d 230 (N.Y. 1963). The Hawaii Supreme Court stated in Akamine & Sons:

> An examination of the parol evidence rule requires us to apply it in any case where the issue involved is what rights or duties were created by the instrument. The parol evidence rule is a principle of substantive law and not a rule of evidence. As a rule of substantive law, it determines the parties' legal enforceable contractual obligations. . . . . Once the parties execute an instrument which contains their whole agreement, their previous negotiations and agreements are legally ineffective and evidence relating to those previous negotiations or agreements is irrelevant regardless of who offers it.

Akamine & Sons, 50 Haw. at 307-308, 440 P.2d at 265-266 (citations omitted).

In the instant action, examination of the July 1, 2002 Settlement Agreement reveals that the parties' whole agreement and evidence relating to previous negotiations or agreements is irrelevant. Plaintiffs' anticipated attempt to introduce Ms. Floyd's testimony to somehow contradict the terms of the Settlement Agreement or the DOE's alleged failures to comply

therewith are clearly improper and should be precluded at trial pursuant to the parol evidence rule.

### F. Expert Opinions of Shelby Floyd Should be Precluded.

Assuming, <u>arguendo</u>, that Ms. Floyd is permitted to testify at trial, Ms. Floyd should be precluded from testifying to any expert opinions. At the hearing for Defendants' Motion to Strike, Mr. Varady, Plaintiffs' counsel stated:

> **Mr. Varady:** So we -- we are not offering her as an expert in -- in this case. We're offering her as a percipient witness to talk about events to which she is the primary witness.

Tr. at 11, lns. 12-14, attached as Exhibit "A".

Additionally, notwithstanding the statement of Plaintiffs' counsel, Ms. Floyd should be precluded from testifying to any expert opinions because Plaintiffs have failed to provide the DOE Defendants with an expert report disclosing, <u>inter alia</u>, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). In fact, Plaintiffs have failed to even disclose Ms. Floyd as an expert witness as required by Federal Rules of Civil Procedure Rule 26(a)(2)(A).

The modern discovery rules were designed to provide full discovery of all relevant facts known to parties or witnesses, and also provide for extensive pretrial discovery of trial expert testimony. Specifically, the expert witness

disclosure rules were designed to provide opposing parties with "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. advisory committee's note to 1993 Amendment.

Rules governing pretrial discovery of expert witnesses recognize, and were designed to prevent, the prejudice that opposing counsel would suffer if forced to attempt to refute an opposing party's expert testimony with less than full discovery of that expert:

> Effective cross examination of an expert witness requires **advance preparation**. The lawyer even with the help of his own experts frequently cant anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand. . . . Similarly, **effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated.**

Lee v. Elbaum, 77 Hawaii 446, 454, 887 P.2d 656, 664 (Haw. Ct. App. 1993)(quoting Fed. R. Civ. P. advisory committee's note to 1970 Amendment) (emphases added).

Plaintiffs are improperly calling Ms. Floyd, an expert witness, under the disguise of a lay witness. Based on the foregoing, Ms. Floyd should be precluded from testifying altogether at trial. Notwithstanding Plaintiffs' improper

attempt to call Ms. Floyd as a lay witness, Plaintiffs, at the very least, should be precluded from calling Ms. Floyd as an expert witness to proffer expert opinions including, but not limited to, the State of Hawaii's actions or inactions in a 504 type case. Permitting Plaintiffs to call Ms. Floyd for such purposes would unduly prejudice Defendants because Plaintiffs have failed to provide an expert report of Ms. Floyd. This is precisely the type of prejudice that the discovery rules were designed to prevent. See, e.g., Intermedics, Inc. v. Ventritex, Inc., 139 F.R.D. 384 (N.D. Cal. 1991); Jefferson v. Davis, 131 F.R.D. 522 (N.D. Ill. 1990). As a result, at a minimum, the expert opinions of Ms. Floyd should be excluded at trial.

## IV. CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants