IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| vs. | ) ) |
| | ) |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |
| _____ | ) |

CIVIL NO. CV 04-00442 ACK-BMK
CIVIL NO. CV 05-00247 ACK-BMK
CONSOLIDATED
(Other Civil Action)

MEMORANDUM IN SUPPORT OF MOTION

## MEMORANDUM IN SUPPORT OF MOTION

### I.  INTRODUCTION

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively, "Plaintiffs") have only one remaining cause of action: a claim for money damages alleging **intentional** discrimination and retaliation under Section 504 of the Rehabilitation Act.  Under Section 504, Plaintiffs must prove that the DOE acted with "deliberate indifference" towards Bryan Wiles-Bond and his disability.  As support for their claim, Plaintiffs may seek to admit testimony by Kimberly Smalley, Ph.D. ("Dr. Smalley"), an expert retained by Plaintiffs.

However, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure ("FRCP") expressly requires expert witnesses to prepare, sign, and submit a written report that "contain[s] a **complete statement of all opinions** to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions." Accordingly, Dr. Smalley's testimony on her expert opinions must be excluded to the extent that these opinions were not disclosed in her expert report.

## II.  ARGUMENT

Strict evidentiary and procedural rules apply to the use of expert testimony. Failure to comply with such rules precludes parties from proffering such testimony into evidence.

FRCP 26(a)(2)(B) requires expert witnesses to prepare, sign, and submit a written report that "contain[s] a **complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions**." See Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The rationale behind this requirement of full and complete expert disclosures has been ably expressed in the Advisory Committee Notes to the 1993 amendments to FRCP 26: "[t]his paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of

- 2 -

trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See Fed. R. Civ. P. 26 advisory committee's note.  These disclosures are so vital that federal courts have excluded expert testimony as a sanction for a party's failure to comply with FRCP 26(a)(2)(B).  See, e.g., Upsher-Smith Lab., Inc. v. Mylan Lab., Inc., 944 F. Supp. 1411, 1439-40 (D. Minn. 1996) (holding that the expert reports "wholly fail[ed] to disclose, in any intelligible way, the facts and rationale which underlie the opinions expressed," and, therefore, "provide[d] virtually no assistance to opposing counsel in preparing to cross-examine Mylan's experts").

Here, Plaintiffs may seek to admit testimony by Dr. Smalley regarding her opinions on Bryan Wiles-Bond's situation, including but not limited to her opinions as to: (1) the limited number of skills trainers who worked with Bryan Wiles-Bond; (2) Bryan Wiles-Bond's "window of opportunity" passing; and (3) the alleged negligence on the part of the DOE and/or the skills trainers.  For example, during her deposition, Dr. Smalley testified that Bryan "may not even had skills trainers" working with him during one of her observations.  See Deposition Transcript of Kimberly Smalley ("Smalley Depo.") at 72:6-7, a true and correct copy of which is attached as Exhibit "A" to the Declaration of Gregg M. Ushiroda, Esq.

- 3 -

Dr. Smalley also opined that Bryan Wiles-Bond may have
been permanently damaged because his "window of opportunity" was
wasted on learning "horrible things" such as being aggressive and
self-injurious:

> I think he missed some valuable time.  There
> is this notion in autism of a window of
> opportunity, and he was already old when I
> met him, and he made great gains.  So I think
> it's really unfortunate that those were then
> lost and that he learned some horrible things
> that you never want him to learn, you know,
> to be aggressive and self-injurious to get
> his own way.  And I think those things are
> likely to have lifelong implication.

Id. at 152:13-20.  Dr. Smalley also testified that she believes
that the DOE and/or the skills trainers were negligent or abusive
when they allegedly failed to educate or treat Bryan Wiles-Bond
properly.  Id. at 199:22-24.

Such testimony, however, must be excluded from the
evidence because it was not properly disclosed in Dr. Smalley's
expert report as required by FRCP 26(a)(2)(B).  For all expert
testimony sought to be entered at trial, FRCP 26(a)(2)(B)
requires the submission of a written report that is a "**complete**"
statement from the proposed expert witness of "**all opinions to be
expressed**" at trial.  See Fed. R. Civ. P. 26(a)(2)(B).

Nowhere in her report does Dr. Smalley discuss the
issue of the number of skills trainers attending to BRYAN
WILES-BOND or the number of hours of service provided by the
same.  See Kimberly Smalley's expert report, a true and correct

- 4 -

copy of which is attached as Exhibit "B" to the Declaration of
Gregg M. Ushiroda.  Likewise, Dr. Smalley's report also lacks any
discussion on her opinion regarding Bryan Wiles-Bond's "window of
opportunity."  <u>Id.</u>

Finally, there is no dispute that Dr. Smalley's report
failed to disclose her opinion that the DOE was "negligent"
towards Bryan Wiles-Bond.  Dr. Smalley admitted that she failed
to disclose this opinion in her report:

> Q:   Okay.  Well, are - basically, are all
>      your opinions contained in this report?
> A:   I have stronger opinions than [what] are
>      contained in that report . . . .
>
> . . .
>
> A:   **I don't describe what I said to you as neglect in**
>      **that report.**
>
> . . .
>
> A:   Nowhere in that report do I say I saw
>      [Bryan] slipping and sliding in his own
>      feces because it wasn't pertinent to
>      what I was filling out. . . .

<u>See</u> Smalley Depo. at 199:16-18 (emphasis added).

By failing to disclose all of Dr. Smalley's opinions,
the basis and reasons therefor, and the data or other information
considered by Dr. Smalley in forming said opinions, Plaintiffs
are unduly prejudicing the DOE because they are precluding the
DOE from effectively cross-examining Dr. Smalley on the same.
Such injustice is the very type of wrong FRCP 26(a)(2)(B) was
promulgated to avoid.  Accordingly, any and all testimony by
Dr. Smalley on her opinions that were not disclosed in her expert
report, including but not limited to: (1) the limited number of

- 5 -

skills trainers who worked with Bryan; (2) Bryan Wiles-Bond's
"window of opportunity" passing; and (3) the alleged negligence
on the part of the DOE and/or the skills trainers, must be
excluded to the extent that they were not disclosed in her expert
report.

## III. CONCLUSION

Based on the foregoing, the DOE respectfully request
that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.


_/s/ Gregg M. Ushiroda_
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants