IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.   **INTRODUCTION**

　　　　Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively, "Plaintiffs") have only one remaining cause of action: a claim for money damages alleging **intentional** discrimination and retaliation under Section 504 of the Rehabilitation Act.  Under Section 504, Plaintiffs must prove that the DOE acted with "deliberate indifference" towards Bryan Wiles-Bond and his disability.

　　　　As support for their claim, Plaintiffs may seek to have Kimberly Smalley, Ph.D. ("Dr. Smalley") testify as to certain subjects that she has no personal knowledge of.  To the extent her testimony is based on out-of-court statements by third

parties, such testimony must be excluded from evidence on the grounds that she lacks personal knowledge and her testimony consists of hearsay.

II. **ARGUMENT**

Hearsay is generally not admissible as evidence. <u>See</u> Fed. R. Evid. 802. Under Rule 801 of the Federal Rules of Evidence ("FRE"), "hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." <u>See</u> Fed. R. Evid. 801(c).

Here, Plaintiffs may seek to have Dr. Smalley testify on subjects, her knowledge of which were obtained solely or primarily through out-of-court statements made by third parties. For example, during her deposition when she was opining that the implementation of Bryan Wiles-Bond's IEP was poor, Dr. Smalley testified that she had to **ask** various people involved with Bryan's situation as to how implementation became such a "problem." <u>See</u> Deposition Transcript of Kimberly Smalley ("Smalley Depo.") at 92:3-22, a true and correct copy of which is attached as Exhibit "A" to the Declaration of Gregg M. Ushiroda, Esq.

Dr. Smalley recalled how Bryan Wiles-Bond's skills trainers told her, "[W]e don't know what to do. We have no materials, no instruction. No one is helping us. No one is

telling us what to do." Id. at 90:3-7. All of these statements are clearly inadmissible hearsay. Dr. Smalley lacked personal knowledge of the history of Bryan Wiles-Bond's implementation and, therefore, had to rely upon out-of-court statements when making certain opinions.

Similarly, when discussing the skills trainers' alleged failure to use the PECS teaching tool with Bryan Wiles-Bond, Dr. Smalley admitted that she had no firsthand knowledge of how long the PECS was not being used with Bryan Wiles-Bond:

> Q: How long had this situation been – how long had this situation existed before you got there?
> A: **That I don't know**. I mean, **according to the family**, quite some time . . . .

Id. at 142:18-22 (emphases added).

Another example of Dr. Smalley basing her opinion on hearsay can be found on page 96 of her deposition transcript:

> A: . . . This is my opinion. I think [Hawaii Behavioral Health ("HBH")] came to the conclusion that they cannot serve this child safely, and then they stopped serving him.
> Q: Okay. I'm sorry. You said you came --
> A: I think they came to this conclusion. **I had called HBH and said, you know, help. And the person I spoke to said, we're not gonna do this anymore. So they didn't need me to come train his staff because they weren't going to continue serving him.**

Id. at 96:4-13 (emphasis added).

Based on the foregoing, it is clear that any testimony by Dr. Smalley on subjects such as these would be hearsay. They would be statements made by someone other than Dr. Smalley while testifying at trial and offered in evidence to prove the truth of the matter asserted. Therefore, such testimony must be excluded in accordance with FRE 802.

III. **CONCLUSION**

Based on the foregoing, the DOE respectfully request that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

    /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants