IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

### MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

Plaintiffs allege that Defendant's failure to provide Bryan Wiles-Bond with trained and consistent skills trainers, have somehow caused damage to Bryan Wiles-Bond. See Complaint filed herein on April 8, 2005 in CV 05-00247SOM/BMK ("Complaint") at ¶47; and Verified Amended and Supplemental Complaint in CV04-00442 HG/BMK ("Amended Complaint") at ¶52.

Plaintiffs claim that the actions and inactions of the State of Hawaii have caused permanent damage to Bryan Wiles-Bond and his parents. Amended Complaint at ¶40. Moreover, Plaintiffs claim that the State's failure to provide Bryan Wiles-Bond with services mandated by law have damaged and will continue to damage Bryan Wiles-Bond. Amended Complaint at ¶55.

Furthermore, Plaintiffs have introduced a Life Care Plan authored by their liability expert, Loretta Lukens, in which the costs of Bryan's living expenses and medical needs are annualized.  See Life Care Plan dated 5/6/06, Updated 6/4/07, attached hereto as Exhibit "A".  These life care needs were then projected over Bryan Wiles-Bond's life-span and then reduced to present value by Plaintiffs' economist Keynes Von Elsner.  See Report by Dr. Von Elsner dated June 8, 2007, attached hereto as Exhibit "B".

Although Plaintiffs make numerous allegations as to the alleged damages suffered by Bryan Wiles-Bond and the amount of monetary compensation necessary to address Bryan Wiles-Bond's life care needs, Plaintiffs' claims for damages stemming from any future medical services or life care costs must be precluded as a matter of law since it is undisputed that Bryan Wiles-Bond would have required most of these services even if he was not allegedly harmed by the DOE.

Bryan Wiles-Bond is autistic and has been autistic prior to his interactions with the State of Hawaii.  It is also clear that Bryan Wiles-Bond would have required assistance as an autistic individual in terms of education, general health and wellness.  As such, any claim for damages that Plaintiffs make which stem from an alleged need for residential or educational services must be denied as a matter of law because Bryan Wiles-

Bond is currently receiving these educational benefits through the State of California. Additionally, if Bryan is to receive residential care, such care would be subsidized through the state of California.

Bryan Wiles-Bond is autistic and would have needed a majority of these services regardless of the DOE's actions. Indeed, most of Bryan Wiles-Bond's services are, or would be, paid for by the State of California or whatever state Byran Wiles-Bond's parents choose to reside in. Therefore, any monetary award to Plaintiffs for Bryan Wiles-Bond's compensatory damages for his life care needs would result in a financial windfall for his parents. Indeed, Plaintiffs would be allowed to "double dip" from two state governments: 1) the State of California where Bryan Wiles-BOnd is a student in the Benecia School district, which would pay for residential care for Bryan Wiles-Bond; and 2) the State of Hawaii for any economic damages awarded to Plaintiffs for Bryan Wiles-Bond's educational and life care costs.

As Bryan Wiles-Bond's educational and life care needs would be paid for by the school system in California, any monies provided to him from the State of Hawaii would go directly to his parents' coffers. Accordingly, all evidence concerning Bryan Wiles-Bond's life care plan and compensatory damages must be excluded.

## II. ARGUMENT

### A. EVIDENTIARY STANDARDS

Federal Rules of Evidence (FRE) Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. Rule 401 (2006). Irrelevant evidence must be excluded under FRE Rule 402.

Even where relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or **needless presentation of cumulative evidence**." Fed. R. Evid. Rule 403 (2006) (emphasis added).

### B. BRYAN WILES-BOND's AUTISM IS A PREEXISTING DISABILITY WHICH WAS NOT CAUSED BY DEFENDANT'S CONDUCT

In the instant case, Plaintiffs' seek damages for Bryan Wiles-Bond's future educational needs as set forth in Dr. Von Elsner's report and Ms. Luken's life care plan. As can readily be gleaned from Ms. Luken's life care plan, it is clear that many of these out-of-pocket expenses are expenses which would have been incurred as a result of Bryan Wiles-Bond's preexisting disability, autism spectrum disorder. See Updated Life Care Plan of Loretta M. Lukens dated 6/4/07, attached hereto as Exhibit "A".

In her report, Ms. Lukens prepared an itemized estimate of Bryan Wiles-Bond's health care costs, which include <u>inter alia</u>, diagnostic tests, psychiatric evaluations, family counseling, and occupational therapy. Exhibit "A" at 14. Additionally, Ms. Lukens includes the cost of residential care for Bryan Wiles-Bond until the age of 22. <u>Id.</u> at 15. She also includes the cost of community-based living options for Bryan Wiles-Bond from age 23 throughout the rest of his natural life span. <u>Id.</u> at 16. The services described above, are those which Bryan Wiles-Bond would have required as a individual who has been diagnosed with autism and mental retardation, regardless of whether the State of Hawaii provided adequate educational services to him.

Plaintiffs' liability and autism expert, Daniel LeGoff, Ph.D. testified in his deposition that had Bryan Wiles-Bond received consistent services in Hawaii, he would still be moderately impaired. <u>See</u> Deposition of Daniel B. LeGoff dated August 23, 2007, at 222:22-25; 223:1 attached hereto as Exhibit "C". Furthermore, Dr. LeGoff admitted that even if Bryan Wiles-Bond received all of his education and intervention in Hawaii, Bryan Wiles-Bond would ultimately need to be placed in a residential program and institutional setting. Therefore, regardless of whether Bryan received appropriate services in

Hawaii, he is and will continue to be impaired and require the services set forth in Ms. Lukens life care plan.

### C. PLAINTIFFS ARE PRECLUDED FROM RECOVERING DAMAGES FOR INJURIES OR DISABILITIES THAT RESULTED FROM THE NATURAL PROGRESSION OF BRYAN'S AUTISM DISORDER

Despite Plaintiffs' numerous allegations to the permanency of the alleged damages suffered by Bryan Wiles-Bond and the amount of monetary compensation necessary to address Bryan Wiles Bond's life care needs, Plaintiffs' have failed to demonstrate to a reasonable degree of medical probability that but for the State of Hawaii's actions Bryan would no longer need these services. In fact, just the opposite is true where Dr. LeGoff testified that Bryan Wiles-Bond would still require residential care and need to be placed in an institutional setting.

It is text-book law that a Plaintiff may not recover for injuries or a disabilities that would have resulted from the natural progression of a preexisting condition. See The Sweet Milk Co. v. Stanfield, 353 F.2d 811, 813 (9th Cir. 1965) (recognizing that individual is not liable for pre-existing disability and is only liable to the extent of the aggravation of such); Montalvo v. Lapez, 77 Haw. 282, 300, 884 P.2d 345, 363 (Haw. 1994) (noting that jury must apportion damages if plaintiff's pre-existing condition was not fully resolved or not dormant or latent at the time of the subject incident) ; see

- 6 -

also Hawaii Standard Jury Instruction No. 7.3 ("if you find that plaintiff(s) was/were not fully recovered and that the pre-existing injury or condition was not latent at the time of the subject incident, you should make an apportionment of damages by determining what portion of the damages is attributable to the preexisting injury or condition and limit your award to the damages attributable to the injury caused by defendant(s)"); and California Standard Jury Instruction BAJI 14.65 (2005) ("[a] person who has a condition or disability at the time of an injury is not entitled to recover damages therefor.").

In this case, it is undisputed that Bryan Wiles-Bond's autistim disorder is a disability that existed prior to the occurrences alleged in Plaintiffs' complaint. Despite Plaintiffs' allegations, Bryan Wiles-Bond will require the same type of treatment for his autism disorder, including residential care. As a result, Plaintiffs must be precluded from obtaining any damages award with respect to the cost of Bryan Wiles-Bond's health and educational needs which would already be required for an individual with autistim.

Furthermore, Bryan Wiles-Bond's educational services, including his residential treatment will be paid for by the State of California, which will significantly minimize Plaintiffs' out-of-pocket expenses for these services. Similar to the monies expended by the State of Hawaii to accommodate Bryan Wiles-Bond's

educational needs, the State of California is expending monies on behalf of Bryan Wiles-Bond to provide appropriate services for his educational needs.

Plaintiffs' second liability expert, Betty Jo Freeman, Ph.D. testified in her deposition that in California –where Bryan Wiles-Bond currently resides– "the school district pays for some home services if it's to carry out the IEP." See Deposition of Betty Jo Freeman, Ph.D. taken September 24, 2007 at 93:4-6, attached hereto as Exhibit "D". Additionally, Dr. Freeman testified that if Bryan Wiles-Bond were to attend the May Institute --a residential center recommended by Dr. LeGoff and cited by Ms. Lukens' life care plan– the state of California would be responsible for paying for those services. See Exhibit "D" at 105:2-12.

Accordingly, Defendant DOE should not be saddled with paying for expenses that the State of California is already subsidizing. To allow Plaintiffs to bring claims for damages arising from Bryan Wiles-Bond's alleged need for educational services and residential care, which are already being paid for or will be paid for by the State of California, will unduly prejudice Defendant. As such, Defendant requests that this court exclude evidence of Bryan Wiles-Bond's economic damages for educational services and health care needs which would have been

required as a result of Bryan's disability and which would ultimately be paid for by the State of California.

To do otherwise would be to allow Plaintiffs an opportunity to receive a windfall and double recovery. These excess funds then would not be used for their intended purpose, to provide for Bryan Wiles-Bond's educational needs, and would be nothing more than an excess award for Plaintiffs' discretionary purposes. Such is not the purpose of awarding economic damages and should be the primary reason as to why evidence of Bryan Wiles-Bond's economic damages should be excluded pursuant to FRE Rule 403 and the aforementioned authorities.

## V.  CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, January 7, 2008.

                                           /s/ Gregg M. Ushiroda
                                          JOHN T. KOMEIJI
                                          GREGG M. USHIRODA
                                          LEIGHTON M. HARA

                                          GARY K.H. KAM
                                          GEORGE S.S. HOM
                                          HOLLY T. SHIKADA

                                          Attorneys for Defendants