**MARK J. BENNETT      #2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM      #4391-0**
**GEORGE S. S. HOM   #2487-0**
**HOLLY T. M. SHIKADA #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Holly.T.Shikada@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI      #2498-0**
**GREGG M. USHIRODA    #5868-0**
**LEIGHTON M. HARA     #7826-0**
**ROSS T. SHINYAMA     #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | ) CIVIL NO. CV 04-00442 HG/BMK<br>) CIVIL NO. CV 05-00247 HG/BMK<br>) CONSOLIDATED<br>) (Other Civil Action)<br>)<br>) DEFENDANT DEPARTMENT OF<br>) EDUCATION'S REQUESTED JURY<br>) INSTRUCTIONS; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>)<br>)<br>) TRIAL:  February 26, 2008<br>) JUDGE:  Hon. Alan C. Kay<br>) |

**DEFENDANT DEPARTMENT OF EDUCATION'S**
**<u>REQUESTED JURY INSTRUCTIONS</u>**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE" or "Defendant"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and respectfully requests the following General Federal Jury Instructions in Civil Cases be given to the jury: 1, 3, 4A, 5, 6, 7, 8, 9, 10, 11A, 11B, 12, 15, 16B and 17.

In addition, Defendant further requests that the following instructions Nos. 1 through 49 be given to the jury.

DATED: Honolulu, Hawaii, January 7, 2008.

      <u>/s/ Gregg M. Ushiroda</u>
      JOHN T. KOMEIJI
      GREGG M. USHIRODA
      LEIGHTON M. HARA
      ROSS T. SHINYAMA

      GARY K.H. KAM
      GEORGE S.S. HOM
      HOLLY T. SHIKADA

      Attorneys for Defendants
      DEPARTMENT OF EDUCATION, State of
      Hawaii, and ALVIN RHO in his official capacity as
      West Hawaii District Superintendent

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A state entity, such as the Department of Education, is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons stand equal

before the law and are to be dealt with as equals in a court of justice.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

General Federal Jury Instructions In Civil Cases No. 2B
(modified) (revised 2001)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

When a governmental entity is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a governmental entity may bind the governmental entity by his/her acts and declarations made while acting within the scope of his/her authority delegated to him/her by the governmental entity, or within the scope of his/her duties as an employee of the governmental entity.

As stated earlier, it is your duty to determine the facts, and in so doing you must only consider the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So while you should only consider the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

     Given by Agreement
     Given over Objection
     Refused
     Withdrawn
     Modified & Given by Agreement
     Modified & Given over Objection

Court's General Federal Jury Instructions In Civil Cases, No. 4B
(modified) (revised 2001)

2

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about this case please let me know immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting a dictionary, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff][clerk][law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide

that case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.


```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```


Ninth Circuit Manual of Model Civil Jury Instructions No. 1.12 (revised 2007).

United States v. Pino-Noriega, 189 F.3d 1089, 1096 (9th Cir. 1999), cert. denied, 528 U.S. 989 (1999)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Ninth Circuit Manual of Model Civil Jury Instructions No. 1.13 (revised 2007)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5**

If after the consideration of all evidence in this case, you find that the evidence of the Plaintiffs and that of the Defendant are evenly balanced on an issue or issues, then the Plaintiffs have failed in the burden of proof which rests upon them in this case, and your verdict must be for the Defendant on these issues.

You are also instructed that no verdict for the Plaintiffs can be based upon speculation or any finding by you as to what may have happened, but must be based upon a finding by you supported by a preponderance of the evidence of what did, in fact, happen.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

Nawelo v. Von-Hamm Young, Co., 21 Haw. 644, 651-52 (1913).

Sherman v. Mobbs, 347 P.2d 189, 190-91 (Wash. 1959).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6**

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  A governmental entity is entitled to the same fair trial at your hands as are private individuals such as the Plaintiffs.  All persons, including the Defendant in this case stand equal before the law, and are to be dealt with as equals in the court of justice.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7**

Prior to trial of this case, parties have filed written documents known as pleadings. A party may have made an admission on the basis of the pleadings. These admissions are to be treated like any other admission. You will therefore take these admitted facts to be true for the purposes of this case.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

International Brotherhood of Electrical Workers v. Hawaiian Telephone Co., 68 Haw. 316, 320 n.2, 713 P.2d 943, 949 n.2 (1986).

Myers v. Cohen, 67 Haw. 389, 394, 688 P.2d 1145, 1149 (1995).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8**

You must not be prejudiced or biased in favor of or against a party simply because the party is a governmental entity.  You must treat governmental entities the same as you treat individuals.  In this case, the DOE is entitled to receive the same fair and unprejudiced treatment as an individual Defendant under similar circumstances.

____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

The mere fact that Plaintiffs brought a lawsuit against the Defendant is not to be interpreted by you as an indication that the Defendant might have done something wrong. The fact that this lawsuit was filed is no indication one way or the other that the Defendant did something wrong or is liable to the Plaintiffs for damages.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Keith v. Joseph V. Schmersahl Co., 371 S.W.2d 334 (Mo. 1963).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10**

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case without prejudice against any of the parties.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

Hawai`i Civil Jury Instructions, 1999 edition, Instruction No. 2.5.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


                              ____ Given by Agreement
                              ____ Given over Objection
                              ____ Refused
                              ____ Withdrawn
                              ____ Modified & Given by Agreement
                              ____ Modified & Given over Objection


Ninth Circuit Manual of Model Civil Jury Instructions No. 1.3 (2007).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12**

The burden of proof is on the plaintiff in a civil action such as this to prove each and every essential element of his or her claim by a preponderance of the evidence.  If the proof should fail to establish any elements of plaintiffs' claim by a preponderance of the evidence in the case, or if the defendant's evidence outweighs the plaintiffs, of if the evidence is evenly balanced in this case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means a body of evidence that has more convincing force than the evidence that opposes it, and evidence that produces the belief in your mind that what a party is trying to prove is more likely true than not true.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

West Virginia Model Jury Instructions No. 1.11 (2000)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13**

In this action, Plaintiffs seek a claim for money damages under a federal law known as § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which will be referred to in these instructions as Section 504.

Under Section 504, no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

Plaintiffs Ann Kimball Wiles and Stanley Bond ("Parent Plaintiffs"), individually and as next friend of their son, Bryan Wiles-Bond, a minor (collectively "Plaintiffs"), seek money damages against Defendant Department of Education, State of Hawaii ("DOE" or "Defendant"), for intentional discrimination against Bryan Wiles-Bond under Section 504.  The DOE denies the Plaintiffs' claim.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

Ninth Circuit Manual of Model Civil Jury Instruction No. 12.1A (2007) (modified).

<u>See</u> <u>also</u> Order Denying Defendants' Motion For Summary Judgment, Construed as a Motion For Judgment on the Pleadings and Denying Plaintiffs' Motion For Partial Summary Judgment and Denying In Part and Granting In Part Plaintiffs' Motion To Enforce The Doctrine of Issue Preclusion Regarding All Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion To Amend and/or Supplement The Record filed on December 19, 2006 at 11 and 14 (hereinafter "December 19, 2006 Order).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14**

Section 504 provides that no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. That means that recipients of federal money may not discriminate against individuals who are otherwise qualified to participate in the program or activity, yet are disabled as that term is defined under federal law solely because the individual is disabled.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

29 U.S.C. § 794(a)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

To establish a claim of disability discrimination under Section 504, Plaintiffs must prove each and every one of the following essential elements by a preponderance of the evidence:

(1) Bryan Wiles-Bond is an individual with a disability as defined by the Rehabilitation Act;

(2) Bryan Wiles-Bond is otherwise qualified to receive the benefits or services sought;

(3) Bryan Wiles-Bond was denied the benefits of the program solely by reason of his disability; and

(4) The program receives federal financial assistance.

If you find that each of the elements on which Plaintiffs have the burden of proof have been proved by a preponderance of the evidence, your verdict should be for Plaintiffs.  If, on the other hand, Plaintiffs have failed to prove any of these elements by a preponderance of the evidence, your verdict should be for the Defendant.

        \_\_\_ Given by Agreement
        \_\_\_ Given over Objection
        \_\_\_ Refused
        \_\_\_ Withdrawn
        \_\_\_ Modified & Given by Agreement
        \_\_\_ Modified & Given over Objection

Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)
Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001)
Patricia N. v. LeMahieu, 141 F. Supp.2d 1243, 1253 (D. Hawaii 2001)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 16**

To establish a claim of disability discrimination under Section 504, the first element that Plaintiffs must prove by a preponderance of the evidence is that Bryan Wiles-Bond was an "otherwise qualified individual with a disability." Under the Rehabilitation Act, the term "qualified individual with a disability" means:

(1) A physical or mental impairment which substantially limits one or more of Bryan Wiles-Bond's major life activities;

(2) Bryan Wiles-Bond had a record of such an impairment; or

(3) Bryan Wiles-Bond was regarded by Defendant as having such an impairment.

     \_\_\_\_ Given by Agreement
     \_\_\_\_ Given over Objection
     \_\_\_\_ Refused
     \_\_\_\_ Withdrawn
     \_\_\_\_ Modified & Given by Agreement
     \_\_\_\_ Modified & Given over Objection

Janet G. v. Hawaii, Department of Education, 410 F. Supp.2d 958, 965-966 (D. Hawaii 2005)

29 U.S.C. § 794(a)

29 U.S.C. § 705(20)(B)

34 C.F.R. § 104.3(j)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

A "physical or mental impairment" means any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

"Major life activities" are defined as functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Janet G. v. Hawaii, Department of Education, 410 F. Supp.2d 958, 965-966 (D. Haw. 2005)

34 C.F.R. § 104.3(j)(2)(i)

34 C.F.R. § 104.3(j)(2)(ii)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

To establish a claim of disability discrimination under Section 504, the second element that Plaintiffs must prove by a preponderance of the evidence is that Bryan Wiles-Bond was "otherwise qualified" to receive the benefit or service in question. This means that, notwithstanding the individual's disability, he or she meets the qualifications for participation in the benefit or service in question.

           _____ Given by Agreement
           _____ Given over Objection
           _____ Refused
           _____ Withdrawn
           _____ Modified & Given by Agreement
           _____ Modified & Given over Objection

Southeastern Community College v. Davis, 442 U.S. 397, 403-404 (1979)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19**

To establish a claim of disability discrimination under Section 504, the third element that Plaintiffs must prove by a preponderance of the evidence is that Bryan Wiles-Bond was denied access to a benefit solely by reason of his disability. In order for you to find that Plaintiffs have proved this element you must find that Plaintiffs have proved by a preponderance of the evidence that Bryan Wiles-Bond's disability was the sole reason he was denied access to the benefit in question.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)

Duvall v. County of Kitsap, 260 F.3d 1124, 1135-36 (9th Cir. 2001)

Weinrich v. Los Angeles Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20**

The denial of access to a benefit is not actionable under Section 504 where it is for non-discriminatory reasons.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


Weinrich v. Los Angeles Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997)

Dempsey v. Ladd, 840 F.2d 638, 641 (9th Cir. 1987)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21**

The mere denial of a free appropriate public education does not give rise to a Section 504 claim for money damages.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


MS.S v. Vashon Island School District, 337 F.3d 1115, 1125 n. 14 (9th Cir. 2003)

N.L. v. Knox County, 315 F.3d 688, 695 (6th Cir. 2003)

Ramon v. Soto, 916 F.2d 1377 (9th Cir. 1989)

DOE by Gonzales v. Maher, 793 F.2d 1470 (9th Cir. 1986)

Alexopulos by Alexopulos v. Riles, 784 F.2d 1408 (9th Cir. 1986)

December 19, 2006 Order at 31

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22**

To recover money damages under Section 504, Plaintiffs' must prove intentional discrimination on the part of Defendant.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)

December 19, 2006 Court Order at page 31

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23**

Plaintiffs must prove by a preponderance of the evidence that Defendant intentionally discriminated against Bryan Wiles-Bond.

If Plaintiffs do not prove intentional discrimination, you must enter a verdict in favor of the Defendant.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

December 19, 2006 Court Order at page 34

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24**

To prove intentional discrimination, the Plaintiffs must prove that Defendant acted with deliberate indifference.

           ____ Given by Agreement
           ____ Given over Objection
           ____ Refused
           ____ Withdrawn
           ____ Modified & Given by Agreement
           ____ Modified & Given over Objection

December 19, 2006 Court Order at page 31

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 25**

In order to meet the second element of the "deliberate indifference" test, the Plaintiffs must prove by a preponderance of the evidence that Defendant's failure to act is more than negligent, and involves an element of deliberateness.

    \_\_\_\_ Given by Agreement
    \_\_\_\_ Given over Objection
    \_\_\_\_ Refused
    \_\_\_\_ Withdrawn
    \_\_\_\_ Modified & Given by Agreement
    \_\_\_\_ Modified & Given over Objection

Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)

December 19, 2006 Court Order at 32.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26**

Deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course.

\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection

Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)

Ferguson v. City of Phoenix, 157 F.3d 668, 675 (9th Cir. 1998)

December 19, 2006 Order at 31-32

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27**

Failure to provide special education services, in and of itself, does not amount to deliberate indifference.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Zasslow v. Menlo Park City School Dist., 60 Fed. Appx. 27, 2003 WL 458360 (9th Cir. 2003)

Sellers v. The School Bd. of the City of Manassas, 141 F.3d 524 (4th Cir. 1998)

Reid v. Petaluma Joint Union High School District, 2000 WL 1229059 (N.D. Cal. 2000)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28**

A defendant's good faith intent to comply with the disability discrimination laws precludes a finding of deliberate indifference.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


Midgett v. Tri-County Metropolitan Trans. Dist. of Oregon, 254 F.3d 846, 851 (9th Cir. 2001)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29**

To prove discrimination Plaintiffs must prove by a preponderance of the evidence more than the failure to provide a free appropriate public education, an incorrect evaluation, or a faulty individualized educational program.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


December 19, 2006 Court Order at page 33

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30**

In addition to deliberate indifference, the Plaintiffs, to prove their claims, must also prove by a preponderance of the evidence thatDefendant acted with bad faith or gross misjudgment.

If Plaintiffs do not prove, by a preponderance of the evidence, bad faith or gross misjudgment, you must enter a verdict in favor of Defendant.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

December 19, 2006 Court Order at pages 32 and 33

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31**

When reviewing the substance of the Defendant's academic and school-related decisions, you should show great respect for the Defendant's professional judgment.

\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection

Regents of the Univ. of Michigan v. Ewing, 474 U.S. 214, 225 (1985)

Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432, 436 (6th Cir. 1998)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32**

Errors in professional judgment related to the implementation of a student's individualized educational program are not actionable under § 504 of the Rehabilitation Act.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Brantley v. Independent School Dist. No. 625, 936 F. Supp. 649, 657 (D. Minn. 1996)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33**

An educational institution's academic decisions are entitled to deference.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

Zukle v. Regents of the University of California, 166 F.3d 1041, 1047-48 (9th Cir. 1999)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34**

Plaintiffs ANN KIMBALL-WILES and STANLEY BOND (collectively, "Parent Plaintiffs") also claim that Defendant unlawfully retaliated against them in violation of the Rehabilitation Act.  Under the Rehabilitation Act, it is unlawful for a recipient of federal funds to retaliate against an individual because that individual has opposed an act or practice that he or she reasonably believes to be unlawful under the Rehabilitation Act, or because that individual has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

Disability is not an element of a retaliation action under the Rehabilitation Act.

In order to prevail on their retaliation claim, Parent Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    (1)   Plaintiffs engaged in protected activity under the Rehabilitation Act;

    (2)   Plaintiffs were subjected to an adverse action at the time, or after, the protected activity occurred; and

    (3)   Plaintiffs' were subjected to the adverse action because of their participation in a protected activity.  In other words, it was the sole factor in the Defendant's adverse action.

If you find that Plaintiffs have in fact proved each of these
elements beyond a preponderance of the evidence, then your
verdict should be for the Plaintiffs.  If, on the other hand,
you find that the Plaintiffs have failed to prove any one of
these elements, then your verdict should be for the Defendant.


_____ Given by Agreement
_____ Given over Objection
_____ Refused
_____ Withdrawn
_____ Modified & Given by Agreement
_____ Modified & Given over Objection


Ninth Circuit Manual of Model Civil Jury Instructions No. 10.3
("Title VII – Retaliation – Elements and Burden of Proof")
(2007) (Modified).

Manuel v. Oakland Unified Sch. Dist., 2007 WL 618570 (N.D. Cal.
Jan. 12, 2007) (Joint Proposed Jury Instructions).

Order Granting Plaintiffs Ann Kimball Wiles' and Stanley Bond's
Motion to Amend their Complaint to Include an Express Claim for
Non-Economic Damages for Retaliation filed on November 13, 2007,
at 10-15 (hereinafter "November 13, 2007 Order").

28 C.F.R. § 42.503(b)(1)(vii).

29 C.F.R. § 1614.101.

Burton v. Potter, 339 F. Supp. 2d 706, 714 (M.D. N.C. 2004).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35**

Plaintiffs ANN KIMBALL-WILES and STANLEY BOND (collectively, "Parent Plaintiffs") also claim that the Defendant unlawfully retaliated against them in violation of the Rehabilitation Act.  Under the Rehabilitation Act, it is unlawful for a recipient of federal funds to retaliate against an individual because that individual has opposed an act or practice that he or she reasonably believes to be unlawful under the Rehabilitation Act, or because that individual has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

Disability is not an element of a retaliation action under the Rehabilitation Act.

In order to prevail on their retaliation claim, Parent Plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)  Plaintiffs engaged in protected activity under the Rehabilitation Act;

(2)  Plaintiffs were subjected to an adverse action at the time, or after, the protected activity occurred; and

(3)  Plaintiffs' protected activity was a motivating factor in the Defendant's adverse action.

If you find that the Plaintiffs have failed to prove any one of these elements, then your verdict should be for the Defendant.

If the Plaintiffs have proved all three of these elements, then the Plaintiffs are entitled to your verdict, unless the Defendant has proved by the preponderance of the evidence that it would have made the same decision even if the Plaintiffs' participation in a protected activity had played no role in the adverse action.  In that event, the Defendant is entitled to your verdict, even if the Plaintiffs have met their burden of proof on all three of the above elements.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

Ninth Circuit Manual of Model Civil Jury Instructions No. 10.3 ("Title VII – Retaliation – Elements and Burden of Proof")(2007)(Modified).

Manuel v. Oakland Unified Sch. Dist., 2007 WL 618570 (N.D. Cal. Jan. 12, 2007) ("Joint Proposed Jury Instructions").

November 13, 2007 Order at 10-15.

28 C.F.R. § 42.503(b)(1)(vii).

29 C.F.R. § 1614.101.

Burton v. Potter, 339 F. Supp. 2d 706, 714 (M.D. N.C. 2004).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36**

To establish a claim of retaliation under Section 504, the first element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs ANN KIMBALL-WILES and STANLEY BOND were engaged in a protected activity under the Rehabilitation Act. A "protected activity" is an informal or formal complaint about, or other opposition to, a federal funding recipient's practice or act, if the complainant reasonably believes that the practice or act complained of is in violation of the Rehabilitation Act.

Only reasonable opposition to the practice or act can be considered "protected activity."

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Jeseritz v. Potter, 282 F.3d 542, 548 (8th Cir. 2002).

Wrighten v. Metro. Hosps., Inc., 726 F.2d 1346, 1354-56 (9th Cir. 1984) (Title VII case)(only reasonable opposition is protected).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37**

To establish a claim of retaliation under Section 504, the second element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs ANN KIMBALL-WILES and STANLEY BOND were subjected to an adverse action at the time, or after, the protected activity occurred.  An action becomes an adverse action if a reasonable person would have found the action materially adverse, meaning it might have dissuaded a reasonable person from engaging in a protected activity.  The action must constitute more than a trivial harm, petty slight, or minor annoyance.

     Given by Agreement
     Given over Objection
     Refused
     Withdrawn
     Modified & Given by Agreement
     Modified & Given over Objection

Ninth Circuit Manual of Model Civil Jury Instructions No. 10.4A.1 (Title VII – "Adverse Employment Action" in Retaliation Cases)(2007) (Modified).

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38**

To establish a claim of retaliation under Section 504, the third element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs' were subjected to the adverse action because of their participation in a protected activity.  This means that you must determine whether retaliatory animus was the sole cause for the adverse action or whether retaliatory animus played no role at all in the adverse action.  If you find that it was the sole cause for Defendant's adverse action, then your verdict should be for the Plaintiffs.  If you find that retaliation played no role in the adverse action, then your verdict should be for the Defendant.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection


Costa v. Desert Palace, Inc., 299 F.3d 838, 856-57 (9th Cir. 2002)(en banc) aff'd 539 U.S. 90 (2003)(Title VII case).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39**

The third element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs ANN KIMBALL-WILES and STANLEY BOND's participation in a protected activity was a "motivating factor" in the Defendant's alleged adverse action. A "motivating factor" is a consideration that moved Defendant toward making the decision that it did.


\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection


Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40**

You should be mindful that the law that applies to this case requires only that a federal funding recipient not retaliate against an individual because the individual voiced opposition to what the individual reasonably and in good faith believed to be a violation of the Rehabilitation Act.

The Defendant may otherwise act for any other non-retaliatory reason, good or bad, fair or unfair, and you should not second guess that decision. Its reasons do not have to be reasons you would approve of or act upon; neither does the law require the Defendant to extend any special or favored treatment to an individual because the individual made a complaint under the Rehabilitation Act.

\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41**

Plaintiffs seek money damages under Section 504. Plaintiffs are not entitled to an award of compensatory damages under Section 504 unless there is a showing of intentional discrimination on the part of the Defendant.  To support an award of compensatory damages, the level of intentional discrimination that Plaintiffs must prove by a preponderance of the evidence is one of "deliberate indifference."

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002)

Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001)

December 19, 2006 Court Order at page 11.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 42**

Parent Plaintiffs do not have standing, and thus cannot recover any damages, for their own personal injuries allegedly arising from Defendant's alleged intentional discrimination against Bryan Wiles-Bond.  Parent Plaintiffs lack standing because they are not disabled under the Rehabilitation Act, nor are they a participant in, or a beneficiary of, a program receiving federal funds.

As a result, Plaintiff Parents' damages arising from Defendant's alleged intentional discrimination, if any, are limited to those compensatory damages arising on behalf of their minor son, Bryan Wiles-Bond.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Sanders by Sanders v. Marquette Pub. Schools, 561 F.Supp. 1361 1368-70 (W.D. Mich. 1983)

December 19, 2006 Court Order at page 39

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 43**

Parent Plaintiffs may recover economic damages reasonably and foreseeably incurred only upon a showing that the Defendant intentionally discriminated against Bryan Wiles-Bond solely by reason of his disability.

Economic damages reasonably and foreseeably incurred are established by showing: (1) expenses were incurred for Bryan Wiles-Bond's benefit; (2) the relationship between Plaintiff Parents and Bryan Wiles-Bond made the expenditures foreseeable and appropriate; and (3) Parent Plaintiffs are suitable persons to enforce the rights of Bryan Wiles-Bond.

Economic damages reasonably and foreseeably incurred include expenses incurred to secure Bryan Wiles-Bond an education that the Defendant was legally obligated to provide.


```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```


Greater Los Angeles Council on Defenses, Inc. v. Zolin, 812 F.2d 1103, 1115 (9th Cir. 1987)

December 19, 2006 Court Order at page 40

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 44**

Only to the extent that you find that Defendant did in fact unlawfully retaliate against Parent Plaintiffs, you may, in addition to the damages described previously, also award Parent Plaintiffs non-economic compensatory damages suffered by them as a result of Defendant's allegedly retaliatory conduct.

In order to recover non-economic compensatory damages for Defendant's allegedly retaliatory actions, the Parent Plaintiffs must prove that the Defendant acted with deliberate indifference. If Plaintiffs fail to prove that Defendant acted with deliberate indifference, then you may not award any non-economic compensatory damages to Parent Plaintiffs.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

November 13, 2007 Order at 17.

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 45**

Non-economic compensatory damages include damages for pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of consortium, and all other nonpecuniary losses or claims.

The law does not furnish you with any fixed standard by which to measure the exact amount of non-economic damages. However, the law requires that all damages awarded be reasonable.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Hawaii Revised Statutes § 663-8.5 (2007).

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

Longfellow v. Jackson County, 2007 WL 682455 at *2 (D. Or. Feb. 28, 2007).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 46**

You are not permitted to award Plaintiffs speculative damages, which means compensation for loss or harm which, though possible, is conjectural or not reasonably probable.  The Plaintiffs must show facts which afford a basis for measuring loss, if any, with reasonable certainty, the extent of the Plaintiffs' loss, if any, must be susceptible of ascertainment in some manner of event by mere conjecture or surmise.

Compensation must be reasonable.  You may award only such damages as will fairly and reasonably compensate Plaintiffs for their injuries or damages which you find from a preponderance of all the evidence in the case which have been sustained as a legal cause of the occurrence.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Airgo, Inc. v. Horizon Transportation, Inc., 66 Haw. 590, 593, 670 P.2d 1277, 1280 (1983)

Chung v. Kaonohi Ctr. Co., 62 Haw. 594 (1980)

Ferreira v. Honolulu Star-Bulletin, 44 Haw. 567, 576 (1960)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 47**

The fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe the Plaintiffs should, or should not, prevail in this case.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

General Federal Jury Instructions In Civil Cases No. 21 (modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 48**

Punitive damages are not recoverable for a violation
of § 504.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


Barnes v. Gorman, 536 U.S. 181, 185-89 (2002)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 49**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. [You should also consider decreases in the value of money which may be caused by future inflation.]

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Ninth Circuit Manual of Model Civil Jury Instructions No. 5.4 (2007)