Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                 1152-0
MICHAEL K. LIVINGSTON            4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                   4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE AMOUNT OF MONEY EXPENDED BY THE DOE AND CERTIFICATE OF SERVICE**<br><br>**DATE:**   February 26, 2008<br>**TIME:**   9:00 a.m.<br>**JUDGE:** Alan C. Kay<br><br>**TRIAL DATE:** February 26, 2008 |

**PLAINTIFFS' MOTION IN LIMINE #3 TO EXCLUDE
EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT
CONCERNING THE AMOUNT OF MONEY EXPENDED BY THE DOE**

COME NOW PLAINTIFFS ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court in limine for an order restraining DEFENDANT DEPARTMENT OF EDUCATION, State of Hawai'i (Defendant) from attempting to introduce evidence, testimony, argument and comment concerning the amount of money spent on failing to provide Bryan an FAPE and/or the effect of damages on the DOE or that any award will proportionately reduce available services to other students.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawai'i, Rules 401, 402 and 403 of the Federal Rules of Evidence and bases it upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

Plaintiffs anticipate that Defendant will attempt to introduce evidence, testimony, argument and comment concerning the amount of money spent on not providing a free appropriate public education (FAPE) to Bryan, the effect of damages on the DOE and/or that any award will proportionately reduce available services to other students. Evidence of this sort is inadmissible

2

because it is irrelevant to the determination of whether the DOE discriminated against Plaintiffs with deliberate indifference.

In order to establish that the Defendants acted with deliberate indifference, evidence must show that the DOE acted with "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001).

> The first element is satisfied when the public entity has notice that an accommodation is required. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable."

*Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002), *citing Duvall*, 260 F.3d at 1139 (internal citations omitted).

The Defendants in this case may argue that the DOE lacked the necessary funds and/or trained personnel to address Bryan's needs, or conversely, introduce evidence concerning the vast amount of money spent on not providing FAPE to Bryan and/or that any such evidence indicates a lack of discriminatory intent in providing a FAPE to Bryan. Similarly, Defendants may attempt to introduce evidence, testimony, argument and comment that the DOE will be forced to absorb a damage award at the direct expense of other students. Again, evidence of this sort is inadmissible because it is irrelevant to the

3

determination of whether the DOE acted with deliberate indifference to the needs of Plaintiffs.

The district court has broad discretion to exclude irrelevant evidence. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005). Except as otherwise provided by the rule, "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. Rule 402.

A district court's decision to exclude or admit evidence under FRE 403 is reviewed with "considerable deference." *United States v. Cordoba*, 194 F.3d 1053 (9th Cir.Cal.1999). There will be unfair prejudice arising from the admission of this evidence. *See* Fed. R. Evid. 403.

Plaintiffs contend that admission of any evidence related to money, either in the money spent in the failure to provide a FAPE to Bryan or in the effect of damages on the DOE is prejudicial because, while the Defendants may attempt to introduce the evidence as a mitigating circumstance, it is misleading and irrelevant. Evidence of the impact of money on the DOE – either in the form of money spent on Bryan or in the effect of damages on the DOE or on other students within the DOE has absolutely no relevance to the inquiry in this case and is therefore inadmissible.

For the foregoing reasons, Plaintiffs' respectfully request that the Court exclude any evidence, testimony, argument and comment concerning the amount of money spent on not providing FAPE and/or the effect of damages on

the DOE or that any award will proportionately reduced available services to other students.

All students with disabilities are entitled to a free appropriate public education. 34 C.F. R. Section 104.33(a). As a result, the Department of Education has the legal obligation under Section 504 to fund the provision of whatever services are needed to deliver a free appropriate public education. There are definite costs involved, and school districts must pay them in order not to discriminate on the basis of handicap. *Letter to Anonymous*, 18 IDELR 229 (OCR 1991), and *Letter to Zirkel*, 16 EHLR 1177 (OCR 1990). *Cf. Honig v. DOE*, 484 U.S. 305, 326 n. 8, 108 S.Ct. 592, 98 L.Ed.2d 686 (deferring, based on statutory ambiguity, *INS v. Cardoza-Fonseca*, 480 U.S. 421, 448, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), to the position adopted by an OSEP policy letter advising that a suspension of greater than 10 days creates a sufficient deprivation of property and liberty interests to trigger the protections of the Due Process Clause and constitutes a "change in placement" under the IDEA).

The amount of money the DOE spent on Bryan's program is inadmissible because it is irrelevant. Cost is not a defense to providing a FAPE. *Cedar Rapids Comm. Sch. Dist. v. Garret F.*, 526 U.S. 66, 77-78, 119 S.Ct. 992, 999 (1999). It should be noted that budgetary problems cannot be used to justify or excuse violations of constitutional rights and courts do not recognize a "cost defense*.*" *See U.S. v. State of Hawai`i*, 885 F.Supp. 212, 215 (D. Haw. 1995)

(Federal courts have repeatedly held that financial constraints do not allow states to deprive person of their constitutional rights, citing *Lareau v. Manson*, 651 F. 2d 96, 104 (2d Cir. 1981); *Smith v. Sullivan*, 611 F.2d 1039, 1043-44 (5th Cir. 1980) (spending limits cannot excuse unconstitutional conditions); *Battle v. Anderson*, 564 F.2d 388, 396 (10tn Cir. 1977); *Jackson v. Bishop*, 404 F.2d 571, 580 (8th Cir. 1968). *See, e.g., Kerr Center Parents Ass'n v. Charles*, 572 F.Supp. 448, 457-458 (D.C. Or. 1983) where the court ruled that:

> This court concludes that under the EAHCA and the regulations promulgated pursuant thereto, the Oregon Department of Education, which is the State educational agency for the State of Oregon, has the responsibility to insure that the educational programs required by the EAHCA for these handicapped children referred to a private facility by a State agency are not only properly monitored and supervised, but that they are funded. The responsibility to assure a free appropriate public education for these handicapped children cannot be separated from the responsibility to fund that education. *See Vander Malle v. Ambach*, 673 F.2d 49 (2d Cir.1983); *Kruelle v. New Castle County School District*, 642 F.2d 687 (3d Cir.1981).
>
> The court must now review the laws that the State of Oregon has adopted to determine if the Oregon Department of Education (State educational agency) has "insured" pursuant to 20 U.S.C. § 1412(6), 34 C.F.R. § 300.600, and 34 C.F.R. § 300.401 that these plaintiffs are provided a free appropriate public education. Unless the State of Oregon has provided a system for financing a free appropriate public education for these plaintiffs, the Oregon Department of Education cannot "insure" a free appropriate public education for them. While the State of Oregon is free to design its own system for financing a free appropriate public education, *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), it cannot abrogate its responsibility to design and to provide for funding of that system without being in violation of the assurances it has provided to the federal government in exchange for receiving federal funds under

>EAHCA.  One way to assure that funds are available is to provide by statute that local school districts shall provide the necessary funds.

In a supplementary decision in the same case, reported at 581 F.Supp. 166, 168 (D.C. Or. 1983), the court stated: "It is the court's opinion and ruling that the State of Oregon's receipt of federal funds for assistance in educating these plaintiffs requires the State of Oregon to comply with its part of the bargain – namely, to provide sufficient funds to cover the full cost of their education.  Budgetary constraints *do not excuse* the State of Oregon from the obligations arising from the acceptance of federal funds." (italics added).  *See also Hines v. Pitt County Bd. of Ed.*, 497 F.Supp. 403, 408-409 (E.D.N.C. 1980) ("If sufficient funds are not available to finance all of the services and programs that are needed and desirable in the system then the available funds must be expended equitably in such a manner that no child is entirely excluded from a publicly supported education consistent with his needs and ability to benefit there from.  The inadequacies of the … school system occasioned by insufficient funding or administrative inefficiency, certainly cannot be permitted to bear more heavily on the handicapped child than the normal child.").

In other words, before a school district can try to excuse a failure to implement an appropriate program on "budgetary constraints," it must show that it is not allowing the burden to fall more heavily on children like Bryan –

7

who was not even provided appropriately trained teachers or skills trainers or curriculum – than on other children. The DOE made no such showing in the administrative proceeding, which was where any funding related problem with providing FAPE should have been made.

The same result applies with regard to trained personnel. The DOE agreed to provide appropriately trained personnel when it accepted federal funding under the IDEA and Section 504 of the Rehabilitation Act. *See, e.g.* 34 C.F.R. Sec. 300.136. Because it also had the duty to ensure that the unique needs of the child were met, the DOE could not base the delivery of services on whether its service providers were adequately and appropriately staffed or skills trainers had time available to address Bryan's individual needs. *See also* the *Felix* Consent Decree at Para. 14(a) ("Class members will be provided prompt access to a continuum of programs, placements and services that provides educational, related services or early intervention services appropriate to their age and needs.") and 14(d) ("Programs and planning will be integrated to ensure a seamless delivery of services.") and 16 ("Services to class members will be delivered pursuant to an IEP, IFSP or MP which contains a detailed description of all educational, related, or early intervention services to be provided). *See also Lora v. City of New York,* 456 F.Supp. 1211, 1292 (S.D.N.Y. 1978); and *Kerr Center Parents v. Charles*, 572 F.Supp. 448 (D. Ore. 1983).

Consequently, the Plaintiffs respectfully request that the Defendants be barred from arguing the effect of a damage award on the DOE and/or that it lacked funding for additional trained personnel, rather than deliberate indifference, which led to the denial of FAPE to Bryan over the period at issue here. To the contrary, the lack of trained personnel and funds is evidence of deliberate indifference, because of unambiguous statutory and constitutional obligations to provide both.

This type of prejudicial, misleading and irrelevant evidence is untrustworthy and does not help the jury evaluate the liability issues in this case. Additionally, any probative value is outweighed by unfair prejudice as proscribed by Fed. R. Evid. 403.

For the foregoing reasons, Plaintiffs' respectfully request that the Court exclude any evidence, testimony, argument and comment concerning the amount of money spent attempting FAPE or the impact of a damage award on the DOE.

DATED: Honolulu, Hawai`i, January 7, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs