Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON           4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                  4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447
Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　　Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' MOTION IN LIMINE #15 TO PROHIBIT ANY CLAIM THAT TRYING TO PROVIDE A FAPE CONSTITUTES A DEFENSE TO DELIBERATE INDIFFERENCE AND CERTIFICATE OF SERVICE**<br>**DATE:** February 26, 2008<br>**TIME:** 9:00 a.m.<br>**JUDGE:** Alan C. Kay<br>**TRIAL DATE: February 26, 2008** |

### PLAINTIFFS' MOTION IN LIMINE #15 TO PROHIBIT ANY CLAIM THAT TRYING TO PROVIDE A FAPE CONSTITUTES <u>A DEFENSE TO DELIBERATE INDIFFERENCE</u>

COMES NOW PLAINTIFFS ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court for an in limine order prohibiting DEFENDANT DEPARTMENT OF EDUCATION, State of Hawai'i (Defendant) from making any claim that trying to provide a free appropriate public education (FAPE) constitutes a defense to deliberate indifference. Similarly, Defendants should be prohibited from making the underlying claim that a lack of funds and/or trained personnel forced them to merely try to meet their obligations to Plaintiffs.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rules 401, 402 and 403 of the Federal Rules of Evidence and bases it upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

Plaintiffs anticipate that Defendant will attempt to introduce evidence, testimony, argument and comment claiming that it tried to address Bryan's needs for the years at issue here thus constituting a defense to deliberate indifference.

Defendants must be precluded from making such a claim because this inadmissible evidence is irrelevant to the determination of whether the DOE discriminated against Plaintiffs with deliberate indifference. Similarly, Defendants should be prohibited from making the claim that a lack of funds and/or trained personnel forced them to merely try to meet their obligations to Plaintiffs.[1] "While Defendants do not list financial burdens as cause of the obstacles they describe, there is no question that many of the problems described by Plaintiffs, such as staff shortages, could have been solved with more funding. Financial burdens are no excuse." *U.S. v. State of Hawaii*, 885 F.Supp. 212, 215 (D.Haw. 1995). The Court noted that, "[c]oncerning obstacles encountered by defendants, federal courts have repeatedly held that financial constraints do not allow states to deprive persons of their constitutional rights." *Id.*

Any such argument or evidence that "we tried to do more, but the agencies we contracted with just didn't have the necessary staff," or that "we tried to find employees to provide the necessary services" should be prohibited because the Department of Education was legally bound to provide appropriate services to Bryan regardless of cost. It was likewise legally bound to provide appropriately trained personnel for them for the amount of time they required (i.e. skills trainer services could not be dictated by the amount of time a service provider had

---

[1] The issue that cost is not a defense is discussed in Motion in Limine 3.

available to provide the appropriate service). Thus, lack of funds and trained staff is evidence of deliberate indifference, <u>not</u> evidence of lack of deliberate indifference.

In order to establish that the Defendants acted with deliberate indifference, evidence must show that the DOE acted with "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001).

> The first element is satisfied when the public entity has notice that an accommodation is required. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable."

*Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002), *citing Duvall*, 260 F.3d at 1139 (internal citations omitted).

The Defendants in this case may argue regarding the efforts they made at trying to meet their obligations and/or that any such evidence indicates a lack of deliberate indifference in providing a FAPE to Bryan. Evidence of this sort is inadmissible because it is irrelevant to the determination of whether the DOE acted with deliberate indifference to the needs of Plaintiffs.

4

The district court has broad discretion to exclude irrelevant evidence. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005). Except as otherwise provided by the rule, "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. Rule 402.

A district court's decision to exclude or admit evidence under FRE 403 is reviewed with "considerable deference." *United States v. Cordoba*, 194 F.3d 1053 (9th Cir.Cal.1999). There will be unfair prejudice arising from the admission of this evidence. *See* Fed. R. Evid. 403.

Plaintiffs contend that admission of any evidence of merely trying to provide Bryan with required services and are thereby released from liability is prejudicial because, while the Defendants may attempt to introduce the evidence as a mitigating circumstance, it is misleading and irrelevant. Evidence of trying, or that some circumstance such as the DOE's lack of funds or trained personnel rendered them unable to satisfy the Congressional mandate has absolutely no relevance to the inquiry in this case and is therefore inadmissible.

For the foregoing reasons, Plaintiffs' respectfully request that the Court exclude any evidence, testimony, argument and comment concerning the DOE's efforts at merely trying as a defense to satisfy their legal obligation.

All students with disabilities are entitled to a FAPE. 34 C.F. R. Section 104.33(a). FAPE is defined as:

> [t]he provision of regular or special education and *related aids and services* that … are designed to meet individual educational needs of persons with disabilities as adequately as the needs of persons without disabilities are met and … are based upon adherence to specified procedures.

34 C.F.R. §104.33(b) (1) (emphasis added). Additionally, The IDEA requires a school district to provide not only education but also "related services." *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002).

As a result, the Department of Education has the legal obligation under Section 504 to fund the provision of whatever services are needed to deliver a free appropriate public education. The Individuals with Disabilities in Education Act (IDEA) is a broad, results driven federal mandate that imposes obligations on states to ensure that the rights of children with disabilities and parents of such children are protected. 20 U.S.C. § 1400 et seq.

The IDEA provides federal funds to assist state and local agencies in educating children with disabilities, and conditions funding on a state's compliance with extensive goals and procedures. *See Hendrick Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 179, 102 S.Ct. 3034, 3037 (1982). In order to receive federal financial assistance, a state must develop a plan which assures all children with disabilities "the right to a free appropriate public education." 20 U.S.C. 1412(1). Besides the substantive goals, the IDEA also imposes extensive

6

procedural requirements on states receiving federal funds under its provisions. *See Rowley*, 102 S.Ct. at 3038.

In so doing, the IDEA requires that meaningful access to the public schools will be assured. *Cedar Rapids Comm. Sch. Dist. v. Garret F.*, 526 U.S. 66, 79, 119 S.Ct. 992, 1000 (1999) (where the Court rejected a cost-based standard as the sole test for determining scope of provision). It is undisputed that the related services at issue must be provided for Bryan. Under the statute, Court precedent, and the purposes of the IDEA, the DOE must fund such required "related services" such as skills trainers and implementation of hearing decisions and settlement agreements that authorized them in order to guarantee that Bryan received a FAPE. "Merely trying" to satisfy its federally mandated responsibilities is simply not enough, especially when you consider such an excuse over a five year period. According to the Defendants, they were trying for five years. Trying an approach for a month or two (i.e., relying on agencies who blatantly stated they didn't have the necessary, qualified skills trainers) would be prudent, but relying on a defense of "merely trying" for five years simply does not release the State from their obligations. *See Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001) ("Mere speculation that a suggested accommodation is not feasible falls short of the reasonable accommodation requirement; the Acts create a duty to gather sufficient

information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." (Citation omitted)).

The purpose of the IDEA is not to require states to provide each handicapped Child with the best possible education at public expense, *Petersen v. Hastings Pub. Sch.*, 31 F.3d 705, 708 (8th Cir. 1994) (quotations and citation omitted), but rather to "assure that all children with disabilities have available to them a free appropriate education which emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(c).

Consequently, the Plaintiffs respectfully request that the Defendants be barred from arguing that merely trying to meet its federally mandated obligations is a legitimate defense, rather than deliberate indifference, although it led to the denial of FAPE to Bryan over the period at issue here. To the contrary, the lack of trained personnel and funds is evidence of deliberate indifference, because of unambiguous statutory and constitutional obligations to provide both.

This type of prejudicial, misleading and irrelevant evidence is untrustworthy and does not help the jury evaluate the liability issues in this case. Additionally, any probative value is outweighed by unfair prejudice as proscribed by Fed. R. Evid. 403.

For the foregoing reasons, Plaintiffs' respectfully request that the Court exclude any evidence, testimony, argument and comment concerning any claim

that merely "trying" to provide a free appropriate public education (FAPE) constitutes a defense to deliberate indifference.

Similarly, Defendants should be prohibited from making the claim that a lack of funds and/or trained personnel forced them to "merely try" to meet their obligations to Plaintiffs, thus releasing them from their legal obligations.

DATED:  Honolulu, Hawai`i, January 7, 2008.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs