Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON           4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                  4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　　Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MOTION IN LIMINE #10 TO EXCLUDE PUBLISHED NEWS ARTICLES AND ANY REFERENCE TO THEM; DECLARATION OF STANLEY E. LEVIN; EXHIBITS "A"-"D" AND CERTIFICATE OF SERVICE |

DATE: February 26, 2008
TIME: 9:00 a.m.
JUDGE: Alan C. Kay
TRIAL DATE: February 26, 2008

## PLAINTIFFS' MOTION IN LIMINE #10 TO EXCLUDE PUBLISHED NEWS ARTICLES AND ANY REFERENCE TO THEM

COMES NOW, ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through his counsel, move this Court in Limine to exclude any reference to newspaper articles or other media enforcement of Rule 3.6(a), (d), [1], [3], [4](5), and the Hawai'i Code Comparison.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rules 401, 402 and 403 of the Federal Rules of Evidence and bases it upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

Plaintiffs anticipate that Defendant DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendants) will attempt to introduce evidence, testimony, argument and comment concerning the media articles they generated on the eve of trial in this case. Plaintiffs seek an order excluding these articles from evidence in the instant action and an instruction to counsel about their duty under the Rules of

2

Professional Conduct. Evidence of this sort is inadmissible because it is unduly prejudicial and violates the Hawai`i Rules of Professional Conduct.

The prejudicial issue of pretrial publicity has recently arisen in this case despite the fact that this case has been litigated over many years. Although the matter has been on the trial calendar for many months, just as this case was scheduled to go to trial, two newspaper articles appeared that not only talk about the claims and defenses made in the instant case, but also makes the claim that the "State meets the requirements for Felix decree mandate." By reaching conclusions over material legal and factual issues in the case, the pretrial publicity prejudices substantial rights of Plaintiffs.

In order to control the media energy coming from the Defendants, it is appropriate to grant this motion in limine and insure that counsel follow the ethical rules set forth in the Hawaii Rules of Professional Conduct.

## II.   FACTUAL BACKGROUND

This case has been pending for about three years and there has been virtually no publicity about this case. In this context, it was surprising and questionable that the two Hawai`i based newspapers, the Hawai`i Tribune-Herald and West Hawai`i Today, would both choose October 14, 2007 to publish essentially one article that was modified by both papers. The publicity obtained broad coverage in a relatively small community where the events at issue took place. Furthermore, the

3

extra-judicial comments were timed to be published on the eve of the original jury trial date in this case in order to enhance their image and disparage that of Plaintiffs in the minds of prospective jurors.

For example, The West Hawaii Today ran the article with the headline that: "State meets requirements for Felix decree mandate." The body of the article says nothing specific or applicable to support that heading. The Wiles-Bond case was described in depth and the description of the Plaintiffs was not very favorable. It states that: "The parents, Ann Kimble Wiles and Stanley Bond have sued for unspecified economic and punitive damages, saying the DOE retaliated against them because they sought a better education for their then 9-year-old son, Bryan Wiles Bond."

In addition, the name of Holly Shikada is given and other information is provided, i.e. that: "Deputy Attorney General Holly Shikada said in court documents that circumstances beyond the control of the DOE, including the actions of Bryan's parents, prevented the consistent provisions of services required by Bryan's individual education plan. She said the parents refused skills trainers and made unreasonable demands on those who did work with their son. Skills trainers, in sworn testimony, have described unsanitary conditions in the home, barred windows and locked doors. In addition, they said they were required to do

the family laundry while working with Bryan and had to baby-sit him while the rest of the family went to the beach."

The article in the Hawaii Tribune Herald is basically the same article as the West Hawaii Today article, just edited a little differently but the same message of the State's defense came thorough loud and clear. The article in the Herald Tribune states that: "They have not pled retaliation before," Komeiji said. "This is the first time this new theory was raised." The article continued stating that: "Deputy Attorney General Holly Shikada, in court documents, said circumstances beyond the control of the DOE, including the actions of Bryan's parents, prevented the consistent provision of services required by Bryan's individual education plan. She said the parents refused skills trainers and made unreasonable demands on those who did work with their son. Skills trainers, in sworn testimony, have described unsanitary conditions in the home, barred windows and locked doors. In addition, they said, they were required to do the family laundry while working with Bryan and had to baby-sit him while the rest of the family went to the beach." The writer of the article for both papers was the same person, Nancy Cook Lauer.

Ethical considerations require that Defendants not provide any information to the media. While the Local Rules of Practice are silent on the issue of pretrial publicity, the Hawaii Rules of Professional Conduct that govern the practice of law in this jurisdiction address the issue and recognize the value of a right to a fair trial.

The provisions of the Hawai`i Rules of Professional Conduct Rule 3.6, "Trial Publicity" provide that:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.
>
> (d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

Rule 3.6 of the Rules of the Supreme Court of the State of Hawai'i, Rules of Professional Conduct at pp. 299-300.

The interpretative commentary which accompanies the rules notes that:

Comment

> [1] It is difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression. Preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where trial by jury is involved. If there were no such limits, the result would be the practical nullification of the protective effect of the rules of forensic decorum and the exclusionary rules of evidence. On the other hand, there are vital social interests served by the free dissemination of information about events having legal consequences and about legal proceedings themselves. The public has a right to know about threats to its safety and measures aimed at assuring its security. It also has a legitimate interest in the conduct of judicial proceedings, particularly in matters of general public concern. Furthermore, the subject matter of legal proceedings is often of direct significance in debate and deliberation over questions of public policy.

[3] The Rule sets forth a basic general prohibition against a lawyer making a statement that the lawyer knows or should know will have substantial likelihood of materially prejudicing an adjudicative proceeding. Recognizing that the public value of informed commentary is great and the likelihood of prejudice to a proceeding by the commentary of a lawyer who is not involved in the proceeding is small, the Rule applies only to lawyers who are, or who have been involved in the investigation or litigation of a case, and their associates.

* * *

(5) information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial;

* * *

Hawaiʻi Code Comparison

Rule 3.6 is similar to DR 7-107, except as follows: First, Rule 3.6 adopts the general criteria of "substantial likelihood of materially prejudicing an adjudicative proceeding" to describe impermissible conduct. Second, Rule 3.6 transforms the particulars in DR 7-107 into an illustrative compilation that gives fair notice of conduct ordinarily posing unacceptable dangers to the fair administration of justice. Finally, Rule 3.6 omits DR 7-107(C)(7), which provided that a lawyer may reveal "[a]t the time of seizure, a description of the physical evidence seized, other than a confession, admission or statement." Such revelations may be substantially prejudicial and are frequently the subject of pretrial suppression motions, which, if successful, may be circumvented by prior disclosure to the press.

Rule 3.6 of the Rules of the Supreme Court of the State of Hawaiʻi, Rules of Professional Conduct at p. 300.

The right to a fair trial, both in civil and criminal cases, is one of our society's most cherished values, and a trial judge should have the authority

7

to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity. *CBS Inc., v. Young*, 522 F.2d 234, 241 (6th Cir. 1975). The Sixth Circuit held that before a trial judge can limit defendants' and their attorneys' exercise of first amendment rights of freedom of speech, the record must contain sufficient specific findings by the trial court establishing that defendants' and their attorneys' conduct is "a serious and imminent threat to the administration of justice." *CBS*, 522 F.2d at 241, quoting *Craig v. Harney*, 331 U.S. 367, 373, 67 S.Ct. 1249, 1253 (1947).

It is well-settled that there "is a constitutional right to a fair trial in a civil case." *Latiolais v. Whitley*, 93 F.3d 205, 207 (5th Cir. 1996) (*quoting Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993)); *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242, 248 (7th Cir. 1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3201 (1976); *see also Bailey v. Systems Innovation, Inc.*, 852 F.2d 93, 98 (3rd Cir. 1988) (holding that "fairness in a jury trial, whether criminal or civil in nature, is a vital constitutional right").

The jury's objective in all cases is to search for the truth. *See Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) ("A trial is a proceeding designed to be a search for the truth."). However, that objective is frustrated when outside influences potentially impair the jury's ability to search for the truth. *See*

*United States v. Weisman*, 736 F.2d 421, 424 (7th Cir. 1984) ("It is a fundamental principle of our jurisprudence 'the jury's verdict must be based on evidence received in open court, and not from outside sources.' ") (*quoting Sheppard v. Maxwell*, 384 U.S. 333, 351, 86 S.Ct. 1507 (1966)). Pretrial publicity is an outside influence that is likely to adversely affect the fairness of jury process.

Justice Oliver Wendell Holmes perhaps best articulated the principle in *Patterson v. Colorado*, 205 U.S. 454, 27 S.Ct. 556 (1907):

> The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print.

205 U.S. at 462, 27 S.Ct. at 558.

Among the most inappropriate of counsel's comments are the remarks attributed to Holly Shikada in West Hawai`i Today. This article was modified only slightly in the Tribune-Herald and the inappropriate material appears as marked on Exhibit "A." The West Hawaii article it is attached as Exhibit "B." The problem with counsel's comments are that they include matters which counsel knows have already been shown to be unreliable – with one skills trainer trying to take back what he allegedly said in writing because it was inaccurate. *See* Exhibit C, Deposition of Bill Beljean at p. 30:8-13, 41:4-9, 46:7-11 & 19-20, 50:1-3. For several others who supervised these skills trainers, it became obvious how dangerous this rumor is because it came out that many of the complainants had

never been to the home, so it was impossible for them to know anything firsthand regarding the home conditions. *See* Exhibit D, Deposition of Linda Price at p.87-88:1-19.

The remarks attributed to Ms. Shikada prejudice substantial rights of Plaintiffs and were calculated to taint the jury pool. Corrective action is necessary and appropriate under these circumstances. The next logical question is the presence of this article at this time in the first place. There is no event which should trigger a favorable headline in both newspapers – the only possible event is the upcoming trial and this trial is governed by Hawai`i Rules of Professional Conduct Rule 3.6. It is obvious that one of the defense counsel contacted this writer and agreed to offer tidbits that the reporter would not readily have – such as the fact that initially the skills trainers submitted declarations about the home or that Holly Shikada took the position in court documents that the problem was beyond the control of the DOE. Unfortunately, there is no statement that beyond four years, the DOE agreed to or was found highly deficient in their failure to provide adequate skills trainers.

Plaintiffs seek an order excluding these articles from evidence in the instant action and an instruction to counsel about their duty under the Rules of Professional Conduct.

DATED:  Honolulu, Hawaiʻi, January 7, 2008.

/S/ STANLEY LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs