Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON           4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                  4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447
Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MOTION IN LIMINE # 11 TO DEEM ADMITTED CERTAIN ADMISSIONS; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "A" AND CERTIFICATE OF SERVICE<br>**DATE:**　February 26, 2008<br>**TIME:**　9:00 a.m.<br>**JUDGE:** Alan C. Kay<br>**TRIAL DATE:** February 26, 2008 |

# PLAINTIFFS' MOTION IN LIMINE # 11 TO
# DEEM ADMITTED CERTAIN ADMISSIONS

COMES NOW PLAINTIFFS ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court for an in limine seeking to have this court grant the Request for Admissions propounded to DEFENDANT DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendant) deemed admitted.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rules 401, 402, 403 and 404 of the Federal Rules of Evidence and bases it upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

## I.   INTRODUCTION

In an effort to streamline the trial herein, Plaintiffs propounded seven sets of Requests for Admissions to Defendants during the course of this case. The responses were filed by Deputy Attorneys General George Hom, Lono Beamer and by the Law Offices of Watanabe, Ing & Komeiji, on behalf of the State. Rather than admit or deny the admissions, these attorneys fell into a pattern of treating these admissions as though they provided counsel with an opportunity to articulate the errors or flaws in Plaintiffs' case. In other words, some of these responses fail

to satisfy the requirements under Fed. R. Civ. P. Rule 36, as is required.[1]  Those that were properly admitted will be published to the jury.  However, Plaintiffs focus on the inadequate responses by this motion and seek to have this court deem them admitted.  Once admitted properly, they can then be published to the jury.

It is within the district court's discretion under these circumstances to order admitted matters which Defendant has failed to admit or deny, where the information known or readily obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny.  *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247 (9th Cir. 1982).  Indeed, such a result is warranted here because "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc.*, 669 F.2d at 1245. "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They

---

[1] Fed.R.Civ.P. 36(a) provides in part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request....
....
The matter is deemed admitted unless, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter .... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny....
....
The party who has requested the admissions may move to determine the sufficiency of the answers or objections.... If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served....

Answering party cannot admit or deny. Said party has made reasonable inquiry. Information known or readily obtainable to this date is not complete. Investigation continues.

should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994).

Fed. R. Civ. P. Rule 36(a) provides that a matter may be deemed admitted if the answer "does not comply with the requirements of this rule." It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. *See, e. g., Havenfield Corp. v. H & R Block*, Inc., 67 F.R.D. 93, 96-97 (W.D.Mo. 1973). Since such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted. Many of Defendants' admissions fail to comply with the requirements of Rule 36(a) and should thus be deemed admitted. Defendant's Responses to the seven sets of requests for admissions are attached as Exhibit A.

## II.   FIRST SET OF REQUEST FOR ADMISSIONS

There were twenty-nine request for admissions included in this set. The responses were signed by Lono Beamer. There were only fourteen requests which were unqualifiedly admitted (nos. 1, 3, 5, 11-13, 15, 16, 21, 22, 24-26 and 28). Mr. Beamer signs a very truncated statement at the very end which says that:

"For the foregoing objections" [And then a signature line where Mr. Beamer simply signs his name]

Mr. Beamer's objections to admission numbers 2, 4 and 8 was that: "Objection. The document speaks for itself." This is not authorized as an acceptable response under Rule 36(a) which provides that:

> If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specifically so much of it as is true and qualify or deny the remainder. . . . A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Fed. R. Civ. P. Rule 36(a); *see Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C 2006), wherein the court noted that:

> It is astonishing that the objection that a document speaks for itself, repeated every day in courtrooms across America, has no support whatsoever in the law of evidence. James W. McElhaney, *The Cleveland Exception to the Hearsay Rule and Other Courtroom Oddities,* 1 Rev. of Litig. 93, 96-99 (1980). If, for example, a document has been admitted into evidence and a witness is asked to read from it, that the same information can be secured from the fact finder reading the document is certainly not grounds for objection to the witness reading from it. *Id.* There is no difference whatsoever between the jury reading it for itself or the witness reading it to them.

In that case, the court found that the defendant's objection to the requests on the grounds that the document speaks for itself was a meritless objection and was overruled.

There can be no question that Mr. Beamer's proffered objections to requests 2, 4, and 8 are objections of punctuality. It applies not to the substance of the request, but to the necessity to read or review it when there is no disagreement about its content. These three denials must be changed to admissions based on the invalidity of the objection.

Of the remaining 12 responses, three of them deny documents which were prepared by the State's own witness, Dr. Dru Copeland. As the Court can readily see, the responses to numbers 23, 27 and 29 were completely and clearly wrong. The denials for 9 and 10 are two quotes essentially verbatim from the administrative decision dated May 11, 2004. This means that responses to 9 and 10 should be likewise deemed admitted.

## III.    SECOND SET OF REQUEST FOR ADMISSIONS

There were 25 requests covered by this second request. This request was entirely responded to by Deputy Attorney General, George Hom. He admitted only four requests. Of the remaining six denials, almost all of them dealt with specifics of the skills trainers' backgrounds. The response to admission number 31 is interesting. Here the Defendants tried to dodge the admission by claiming that

the admission is "incomplete and misleading.' The requests are neither incomplete or misleading – Defendant does not like the wording; however, it is not the plaintiffs' selection of words that is in issue – it is defendants failure to follow the rules and admit or deny these requests  This is not a proper objection and 31 also should be deemed admitted.  The same conclusion is appropriate for the response to request for admission number 30.

**IV.   THIRD SET OF REQUEST FOR ADMISSIONS**

By April of 2006, the law firm of Watanabe, Ing & Komeiji first made its appearance representing all Defendants.  Mr. Ushiroda signed this response to the nine requests and of the nine, seven were admitted unqualifiedly.  Of the two non-admissions, one was an objection to statements found in the May 11, 2004 administrative decision and the other was a compilation of statements from that decision.

Certainly he did this to his admissions in his objections.  For example, the response to 48 are they intended to be only a denial or is it a hybrid answer.  This objection should be rejected and the response deemed admitted.  This is the first response in which the State includes a set of general objections that it intends to make the admissions subject to.  In other words, there must be a ruling on the general objections before the individual admission can be used this highly improper and cuts against the entire purpose of using request for admission.  This

approach to responding to admissions must be rejected. If accepted it would give the state two bites at the apple and unfairly increases the burden on the plaintiffs. Because of the inherent impropriety at allowing responding party two bites, most courts do what the Plaintiffs seek here – an order rejecting these general objections.  The court in *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y, 2003) ruled that it would not even review the general objections and ruled that Rule 36 is quite clear that the objection must be addressed to the specific matter with reasons "therefore stated." This use of a global guard tactic is greatly frowned upon and in the scheme of things are found "substantially without merit." *Diederich v. Department of the Army*, 132 F.R.D. 614, 616 (S.D.N.Y.1990) Unless these objections are raised as to a specific request to admit, this Court will ignore them completely.  *Champlain Enterprises, Inc.*, 212 F.R.D. at 77.

## V.   FOURTH SET OF REQUEST FOR ADMISSIONS

Ten requests were presented and five were admitted and five were denied. The denial of number 59, relating to the application of res judicata was rejected in Judge Gillmor's ruling of December 16, 2006.  What Mr. Ushiroda has done is to supply provide narrative answers even when he admits any admission. Plaintiffs assume that they do not have to adopt the State's narrative – it is evident the State has another result in mind and the court's guidance is needed in this instance.

The State's objection used in numbers 98 and 99 include long explanations of how the Defendant determined the request was: "compound, vague and ambiguous." This is a straddling response and it should be rejected as such. *See Princess Pat. Ltd. v. National Carloading Corp.,* 233 F.2d, 916 (7th Cir. 1955).

## VI.   FIFTH SET OF REQUEST FOR ADMISSIONS

These contained sixteen requests of which it appears that as many as 15 should be deemed as admitted. Stated simply these should be deemed admitted because Defendants already included an admission in the narrative statement provided. For example, the request under number 66 asks the Defendants to admit that the IEP meeting for the 2003-04 school year was held on January 9, 2004. Defendants neither admitted nor denied by checking the corresponding box. Instead, Defendants' counsel included this totally useless commentary such as for number 66. "Defendant admits only that an IEP meeting was held on January 9, 2004." Because the Defendant neither formally admitted or denied, it is necessary for this court to issue an order deeming these admissions as admitted.

## VII.   SIXTH SET OF REQUEST FOR ADMISSIONS

There are 13 admissions covered by these requests. Defendants denied one and admitted two and the rest were specifically objected. Like the fifth set, these responses involved no effort by the Defendants to respond individually to each admission. What Defendants did was attempt to stymie use of the individual

admissions by not responding even if Defendant refers in the accompanying narrative does admit the requested admission. Now the Defendant finds almost every admission as "vague and ambiguous." This triggered the following response from the Defendants:

> Example is response to number 95 which reads as follows:
>
> REQUEST FOR ADMISSION NO. 95.
>
> Except for Bill Beljean, Linda Price never employed any skills trainer to work in the home.
>
> _____   Admit      _____   Deny
>
> OBJECTION. Vague and ambiguous as to the term "employed" as it connotes that Linda Price was the employer of any skills trainer. Without waiving said objections, Defendant admits only that Linda Price never supervised or utilized the services of any skills trainer to work in the home, except for Bill Beljean.

This type of response deserves a ruling that requires Defendants to resubmit the responses in the correct format and to be bound by the statements which accompany the response.

## VIII.  SEVENTH SET OF REQUEST FOR ADMISSIONS

It contains sixteen requests and it follows the new style of responses which were the brain child of Mr. Ushiroda. There were nine outright admissions and there is one outright denial. It is very problematic about the handling of these semi-admissions. Because, for every response, just like in the fifth and sixth

request for admissions, Mr. Ushiroda has decided to try to evade and supplies a narrative explanation along with his failure to admit or deny.

Plaintiffs seek the court's guidance as to proceed with the jury and to clean up the existing responses.

DATED: Honolulu, Hawai`i, January 7, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs