Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN           1152-0
MICHAEL K. LIVINGSTON      4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY             4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447
Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br>vs.<br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' MOTION IN LIMINE #16 TO TAKE JUDICIAL NOTICE AND PUBLISH TO THE JURY THE FACTS ESTABLISHED BY PRIOR ORDER OF DECEMBER 19, 2006; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "A" AND CERTIFICATE OF SERVICE**<br>DATE: February 26, 2008<br>TIME: 9:00 a.m.<br>JUDGE: Alan C. Kay<br>TRIAL DATE: February 26, 2008 |

**PLAINTIFFS' MOTION IN LIMINE #16
TO TAKE JUDICIAL NOTICE AND PUBLISH TO THE JURY THE
FACTS ESTABLISHED BY PRIOR ORDER OF DECEMBER 19, 2006**

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their attorneys, for an in limine Order taking judicial notice and instructing the jury to accept as conclusive the facts established by the December 19, 2006, Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion to Amend or Supplement the Record, by Judge Helen Gillmor in this matter.  See Exhibit "A" attached to Declaration of Stanley E. Levin.

This motion is made pursuant to Rules 7 and of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rule 201 the Federal Rules of Evidence, and based upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

I.   **FACTS.**

On December 19, 2006, this Court ruled on the parties' Cross-Motions for Summary Judgment, motions to supplement the record, and various other motions. *See* Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion to Amend or Supplement the Record attached as Exhibit 1 to Declaration of Stanley E. Levin (the "Order"). In the Order, the Court ruled that the following facts were undisputed and, therefore, established as a matter of law:

1. Bryan suffers from autism. Order at 45.

2. Bryan's Individualized Educational Plans ("IEPs") are adequate and not disputed by the parties. *Id.*

3. By stipulation dated May 21, 2001, the DOE stipulated that Bryan would be provided an adult educational aide, not later than May 21, 2001. *Id.*

4.  The stipulation specified the type of training for the adult educational aide and the services to be provided to Bryan by the aide. *Id.* 45-46.

5.  The stipulation required that the DOE provide the adult educational aide for Bryan until October 1, 2001, and that each day an after-school aide was not provided would be made up by the DOE. *Id.* at 46.

6.  The stipulation provided that if the adult aide did not complete the her/his service, a qualified replacement would be found within two weeks of termination. *Id.*

7.  On February 15, 2002, the Plaintiffs filed a complaint in this Court alleging the stipulation and Bryan's IEPs had not be fulfilled. *Id.*

8.  In July 2002, the parties resolved the February 15, 2002, lawsuit by entering into a Settlement Agreement. *Id.*

9.  In the Settlement Agreement, the DOE agreed to hire train and have in place TA's needed to consistently provide Bryan with not less than ninety-five percent (95%) per calendar month of the TA hours to which he was entitled. *Id.*

4

10. In the Settlement Agreement, the DOE agreed to continue to provide Bryan TA services to Bryan through the then current service provider or its successors. *Id.*

11. In the Settlement Agreement, the DOE agreed to procure TA services to be provided by qualified individuals through an expedited contract process through which it would pay qualified individuals a minimum of $20.00 per hour, and could offer bonus/incentive payments to encourage retention of TA's for three months or longer. *Id.*

12. In the Settlement Agreement the DOE agreed to pay for Plaintiffs to advertise for TA's in the amount of $1,000 per year. *Id.*

13. In the Settlement Agreement the DOE agreed to create a pool of substitute TAs who were qualified and trained to provide the IEP services to Bryan. *Id.* 46-47.

14. In the Settlement Agreement the DOE agreed to ensure that Bryan would be provided by qualified TAs trained in specific methods of dealing with autistic children. *Id.* at 47.

15. In the Settlement Agreement the DOE agreed to provide Bryan additional occupational and speech/language therapy. *Id.*

16. On February 26, 2004, Plaintiffs requested a due process hearing pursuant to IDEA.  *Id.*

17. The Hearing Officer entered an Order on May 11, 2004.  *Id.*

18. The May 11, 2004, Order held "that from October 2003 through February 2004:

    a. The DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003 and January 9, 2004 IEPs;

    b. The DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and

    c. The DOE failed to provide skills trainers who could communicate with Bryan using American Sign Language ("ASL").  *Id.*

19. The May 11, 2004, Order also required DOE

    a. To  hire and have in place skills trainers needed to consistently provide Bryan with not less than 95% of the skills trainer hours, per calendar month, to which Bryan was entitled in his IEP;

    b. Hire skills trainers who were trained in Treatment and Education of Autistic and related Communication-

6

   Handicapped Children method, Discrete Trials Training and American Sign Language;

c. Provide additional authorization to Bryan's autism consultant to train new skills trainers; and

d. Provide additional hours of service from a knowledgeable consultant to design, implement and monitor a toileting program for him. *Id.* 47-48.

20. The May 11, 2004, decision was a final Order and was not appealed. *Id.* at 48.

21. In June 2004, Plaintiffs submitted a request for a due process hearing, alleging failures by the DOE to hire and have in place a trained, certified and qualified special education teacher to deliver Bryan's special education program during the extended school year, outside the regular academic year, and that the person assigned as Bryan's teacher was not qualified. *Id.*

22. On June 24 or 25, 2004, DOE stipulated to facts alleged in the hearing request and to liability. *Id.*

23. On July 6, 2004, and administrative hearing was held on the remaining issue in the June 2004 due process request: the need for DOE to hire a qualified teacher with experience in teaching

7

autistic children during all portions of Bryan's extended school year. *Id.*

24. The Hearing Officer issued a stipulated partial decision on July 23, 2004, that required DOE:

   a. To prepare a written social skills curriculum for Bryan to be implemented not later than the first week of the 2004-05 school calendar year; and

   b. To hire and have in place by the beginning of the 2004-05 school year a licensed certified special education teacher with experience teaching autistic children and proficiency in American Sign Language. *Id.* 48-49.

25. On July 23, 2004, the Hearing Officer also entered Findings of Fact, Conclusions of Law and Decision regarding the issue at the July 6, 2004 hearing, that required DOE to hire and have in place a qualified special education teacher with experience in teaching autistic children and who was proficient in American Sign Language to provide Bryan's services and coordinate services during the extended school year. *Id.* 49.

26. DOE failed to provide Bryan a Free Appropriate Public Education ("FAPE"). *Id.*

## II.   ARGUMENT.

Pursuant to FRE 201, this Court may take judicial notice of any adjudicative fact. The rule explains that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Rule mandates that a court shall take judicial notice if requested by a party and supplied with the necessary information to determine that the fact is adjudicative.

Judicial notice may be taken at any stage of the proceeding. The Rule states that in a civil action: "the court shall instruct the jury to accept as conclusive any fact judicially noticed." This means that the opposing party cannot present contradictory evidence on the fact once it has been judicially noticed; the time for presenting such evidence is when the matter is heard by the Court under Rule 201(e).

Pursuant to FRE 201, this Court may take judicial notice of any adjudicative fact. The rule explains that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Rule

mandates that a court shall take judicial notice if requested by a party and supplied with the necessary information to determine that the fact is adjudicative. Judicial notice may be taken at any stage of the proceeding. The Rule states that in a civil action: "the court shall instruct the jury to accept as conclusive any fact judicially noticed." This means that the opposing party cannot present contradictory evidence on the fact once it has been judicially noticed; the time for presenting such evidence is when the matter is heard by the Court under Rule 201(e).

Applying the Rule, Courts have taken judicial notice of the record of prior administrative and court proceedings in a wide variety of circumstances. *E.g., Burbank-Glendale-Pasadena Airport Auth v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (records from other lawsuit between the parties demonstrating that it had been dismissed); *Opoka v. INS*, 94 F.3d 392, 295 (7th Cir. 1996) (taking notice of INS decision to suspend deportation proceedings against applicant's wife); *Aldrich v. SEC,* 139 F.3d 221, 226 (D.C. Cir. 1998) (taking judicial notice of agency decision issued after decision under review by the Court). Similarly, judicial notice will be taken of the record, pleadings or judgment of a case in another forum between the same parties. *Furnari v. Warden*, 218 F.3d 250, 255-56 (3rd Cir. 2000)(notice taken of affidavit filed in another case).

Judge Gillmor's ruling is the law of this case.

> "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has [*15]

10

> already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)(internal quotations and citations omitted). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983). "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Alexander*, 106 F.3d at 876 (internal quotations omitted). For the law of the case doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Hydrick v. Hunter*, 466 F.3d 676, 687-88 (9th Cir. 2006)(q*uoting Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)).

*Tokashiki v. Freitas*, 2007 U.S. Dist. LEXIS 19428, 14-16 (D. Haw. 2007).

None of the factors identified in *Tokashiski* as exceptions to the rule apply to the present action. Thus, Judge Gillmor's rulings should not be disturbed. There should not be any question that the findings below, which were not appealed, are judicial in nature and the jury must be instructed that they are conclusive.

Findings of fact by administrative agencies acting in quasi-judicial capacities as well as legal determinations have been treated as determinative and entitled to preclusive effect by this Court. *Patricia N. v. LeMahieu*, 141 F. Supp. 2d 1243, 1257 (D. Haw. 2001) (applying principles of Hawaiʻi law and holding Hearings

11

Officer's findings in IDEA cases preclude re-litigation of facts); *Ancheta v. Watada*, 135 F. Supp. 2d 1114, 1119 (D. Haw. 2001) (prior administrative determination of fact cannot be re-litigated).

Given the vigor with which Hawaii applies the principles of issue preclusion to administrative decisions (*see Bator v. State of Hawaii,* 39 F.3d 1021, 1027 (9th Cir. 1994)), there should not be any question that the findings below, which were not appealed, are judicial in nature and the jury must be instructed that they are conclusive.

DATED:  Honolulu, Hawai'i, January 7, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs