Of Counsel:
DAVIS LEVIN LIVINGSTON

| | |
|---|---|
| STANLEY E. LEVIN | 1152-0 |
| MICHAEL K. LIVINGSTON | 4161-0 |

851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br> vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>    Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' MOTION IN LIMINE #6 TO TAKE JUDICIAL NOTICE OF THE HAWAII DEPARTMENT OF EDUCATION'S IMPLEMENTING REGULATIONS H.A.R. CHAPTER 8-56 SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 729 AND 28 C.F.R. § 42.503 OF ITS IMPLEMENTING REGULATIONS; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF STANLEY E. LEVIN;** |

> EXHIBITS A-C; AND
> CERTIFICATE OF SERVICE
>
> DATE:     February 26, 2008
> TIME:     9:00 a.m.
> JUDGE:    Alan C. Kay
>
> TRIAL DATE:  February 26, 2008

**PLAINTIFFS' MOTION IN LIMINE # 6 TO TAKE JUDICIAL NOTICE OF THE HAWAII DEPARTMENT OF EDUCATION'S IMPLEMENTING REGULATIONS H.A.R. CHAPTER 8-56, SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 729 AND 28 C.F.R. § 42.503 OF ITS IMPLEMENTING REGULATIONS**

Plaintiffs, ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court for an in limine order taking judicial notice and instructing the jury to accept as conclusive the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2004), its implementing regulations 34 C.F.R. §§ 300.1-.756 (2004), the Hawaii Department of Education's implementing regulations HAR Chapter 8-56, Section 504 of the Rehabilitation Act, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 of its implementing regulations.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawai'i, Rule 201the Federal Rules of Evidence, and based upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

2

Plaintiffs request an in limine order taking judicial notice of and instruct the jury to accept as conclusive the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2004), its implementing regulations 34 C.F.R. §§ 300.1-.756 (2004), the Hawai'i Department of Education's implementing regulations HAR Chapter 8-56, Section 504 of the Rehabilitation Act, 29 U.S.C. § 729, and 28 C.F.R. § 42.503 of its implementing regulations.  The motion requests the Court take notice of the regulations and statute in effect from 1999 through January 2005, the time period during which Bryan attended public school in Hawai'i.  By their terms, the statutes and regulations were applicable to all children receiving special education and related services in Hawai'i during the time Bryan attended school here.

Pursuant to FRE 201, this Court may take judicial notice of any adjudicative fact.  The rule explains that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  The Rule mandates that a court shall take judicial notice if requested by a party and supplied with the necessary information to determine that the fact is adjudicative.

Judicial notice may be taken at any stage of the proceeding.  The Rule states that in a civil action: "the court shall instruct the jury to accept as conclusive any

3

fact judicially noticed." This means that the opposing party cannot present contradictory evidence on the fact once it has been judicially noticed; the time for presenting such evidence is when the matter is heard by the Court under Rule 201(e).

Pleading and proof of the laws, whether embodied in statute, decision or regulation, are unnecessary and judicial notice of such laws appropriate. *E.g, Toth v. Grand Trunk R.R.,* 306 F.3d 335, 349 (6th Cir. 2002); *Int'l Brotherhood of Teamsters v. Zantop Airlines,* 394 F.2d 36, 40 (6th Cir. 1968); *Schultz v. Tecumseh Prods.,* 310 F.2d 426 (6th Cir. 1962). Similarly, "judicial notice of state laws and regulations are rarely tested. Ordinarily, recourse may be had to published and easily available documents evidencing them." *In re Madeline Marie Nursing Homes*, 694 F.2d 433, 446 (6th Cir. 1982). Thus, where such laws, decisions and regulations can be readily established, the Court may take judicial notice of them without requiring proof of their contents. *See, Getty Petroleum & Marketing v. Capital Terminal Co.,* 391 F.3d 312, 333-34 (1st Cir. 2004)(Lipez, C.J., concurring) (lengthy discussion of the rationale and bases for judicial notice of various laws, decisions and regulations).

The existence and substance of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2004)[1], its implementing regulations 34 C.F.R. §§ 300.1-.756 (2004), the Hawai'i Department of Education's implementing regulations HAR Chapter 8-56, Section 504 of the Rehabilitation Act, 29 U.S.C. § 729, and 28 C.F.R. § 42.503, which are expressly established and their contents cannot be disputed.  *See,* Exhibits A-C to Declaration of Stanley E. Levin[2]. Judicial notice of these statutes and rules is appropriate under Rule 201.

For reasons stated herein, Plaintiffs respectfully request this Court issue an in limine order taking judicial notice and instructing the jury to accept as conclusive the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2004), its implementing regulations 34 C.F.R. §§ 300.1-.756 (2004), the Hawaii Department of Education's implementing regulations HAR Chapter 8-56, Section 504 of the Rehabilitation Act, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 of its implementing regulations.

---

[1] Citations are to the operative statutes and regulations in effect at the time of the events giving rise to this case.

[2] 20 U.S.C. §§ 1400-1418 and 34 C.F.R. §§ 300.1-.756 will be submitted separately due to length.

DATED: Honolulu, Hawaii, January 7, 2007.

        STANLEY E. LEVIN

        _____

        STANLEY E. LEVIN
        CARL M. VARADY
        MICHAEL K. LIVINGSTON

        Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**DECLARATION OF STANLEY E. LEVIN; EXHIBITS A-C** |

## **DECLARATION OF STANLEY E. LEVIN**

STANLEY E. LEVIN, declares:

1. I am one of the attorneys of record and make this declaration of my own personal knowledge.

2. Attached hereto as Exhibit "A-1" and "A-2" are the Hawaii Department of Education's implementing regulations HAR Chapter 8-56.

3. Attached hereto as Exhibit "B" is Section 504 of the Rehabilitation Act, 29 U.S.C. § 729

4. Attached hereto as Exhibit "C" is 28 C.F.R. § 42.503, the implementing regulation for Section 504 of the Rehabilitation Act.

I declare under penalty of perjury the foregoing is true.

DATED: Honolulu, Hawaii, January 7, 2008.

/s/ Stanley E. Levin
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

2