Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON          4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com


CARL M. VARADY                 4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com


Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>           Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>           Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS; AND CERTIFICATE OF SERVICE**<br><br>**TRIAL DATE:  February 26, 2008** |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Come now Plaintiffs above named and request the following basic jury instructions:  1, 2A, 3, 4A, 5, 6, 7, 8, 9, 10, 11A, 12, 13A, 14, 16A, and 17.

In addition to the above Court's jury instructions, Plaintiffs submit the attached proposed additional instructions.

DATED:  Honolulu, Hawai'i, January 7, 2008.


/S/  Carl M. Varady
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  1**

The Individuals with Disabilities Education Act, is a federal law.  Under the Individuals with Disabilities Education Act or "IDEA," the State must provide appropriate special education and related mental health and therapeutic services to children eligible for special education.  The IDEA requires the Sate to provide not only education but also "related services,"  These related services include such developmental, corrective, and other supportive services, including speech-language pathology and audiology services, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, counseling services, including rehabilitation counseling, orientation and mobility services, and medical services, as may be required to assist a child with a disability to benefit from special education. "Psychological services" include "psychological counseling for children and parents."


_____          Given by agreement

_____          Given over objection

_____          Modified and given by agreement

_____          Modified and given over objection

_____          Withdrawn


*Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002); 20 U.S.C. § 1401(22); 34 C.F.R. § 300.24(b)(9)(v).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  2**

Hawaii Administrative Rule, Title 8, Chapter 53, provides that students with a disability who are protected by Section 504 of the Rehabilitation Act shall be provided a free appropriate public education as required by Section 504 as follows:

(1)   Students with a disability who are eligible for special education and related services under IDEA … shall be provided a free appropriate public education under chapter 8-36.

The Court already has ruled in this case that from 1999 through 2004 Bryan was not provided a free appropriate public education that met his unique needs.

_____        Given by agreement

_____        Given over objection

_____        Modified and given by agreement

_____        Modified and given over objection

_____        Withdrawn

HAR § 8-53-1(c)(1); Court's December 19, 2006, Order at 49.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  3**

The State cannot excuse its knowing failure to provide appropriate special education and related services based on cost. Cost of services is not a defense in this case.

\_\_\_\_\_     Given by agreement

\_\_\_\_\_     Given over objection

\_\_\_\_\_     Modified and given by agreement

\_\_\_\_\_     Modified and given over objection

\_\_\_\_\_     Withdrawn

*Cedar Rapids Cmty. Sch. Dist. v. Garret F. by Charlene F.,* 526 U.S. 66, 77-78, 119 S. Ct. 992, 999 (U.S. 1999)(ruling that 20 U.S.C. § 1401(a)(17) does not employ cost as a measure of what services should be provided under IDEA); *Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002); *Kruelle v. New Castle County School Dist.*, 642 F.2d 687, 695 (3d Cir. 1981):*U.S. v. State of Hawai'i*, 885 F. Supp. 212, 215 (1995)(federal courts have repeatedly held that financial constraints do not allow states to deprive persons of their constitutional rights)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  4

Section 504 of the Rehabilitation Act, is a federal law.  Section 504 prohibits the State of Hawaii, which receives federal funds to assist people with disabilities, from discrimination in federally-funded programs, including special education. Under Section 504, recipients of public funds, such as the State, violate that law if they fail to provide necessary accommodations to a disabled person.

Plaintiffs must prove that State acted with "deliberate indifference" in order to establish that the State is liable to them for violating Section 504.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

*Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002); "When a federal-funds recipient violates the conditions of Spending Clause legislation, the wrong done is the failure to provide what the contractual obligation requires; and that wrong is 'made good' when the recipient compensates the federal government or a third-party beneficiary (as in this case) for the loss caused by that failure." *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

4

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  5

Under Section 504, "deliberate  indifference" is proved if the Department of Education knew of the special education needs of Bryan Wiles-Bond and did not provide the appropriate services to meet those needs.  Difficulty in procuring or providing those services is not a defense.  The DOE cannot discharge its legal duty to provide services, by merely offering just any accommodation.


_____          Given by agreement

_____          Given over objection

_____          Modified and given by agreement

_____          Modified and given over objection

_____          Withdrawn

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.") *citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988). The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." *Id., citing Wong v. Regents of University of California,* 192 F.3d 807, 818 (9th Cir. 1999).  A school district cannot discharge its legal duty to "act", by merely proffering just any accommodation. *Id.*  DOE consider Bryan's particular needs when investigating what accommodations are reasonable. *Id.* see also 28 C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  6

"Deliberate indifference" means: The State knew that a harm to a federally protected right is substantially likely, and failed to avoid that harm.

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.") *citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988). The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." *Id., citing Wong v. Regents of University of California,* 192 F.3d 807, 818 (9th Cir. 1999). A school district cannot discharge its legal duty to "act", by merely proffering just any accommodation. *Id.* The state must consider the child's particular needs when investigating what accommodations are reasonable. *Id.* see also 28 C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities"). C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  7

The State knows that harm to a federally protected right is substantially likely when it has notice that an accommodation is required to address a child's disability.

The State's failure to act must involve an element of deliberateness. But, the State cannot discharge its duty to 'act' by offering just any accommodation to the child: it must consider the particular child's need when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that meet the child's needs.

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn


*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.") *citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988). The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." *Id., citing Wong v. Regents of University of California,* 192 F.3d 807, 818 (9th Cir. 1999).  A school district cannot discharge its legal duty to "act", by merely proffering just

any accommodation. *Id.*  The state must consider the child's particular needs when investigating what accommodations are reasonable. *Id.* see also 28 C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities"). C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities").

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  8

"Deliberate indifference" means that the State had knowledge and notice.  It does not require Plaintiffs to prove the State had ill will toward them, or to weigh the State's institutional motives.


\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn


*Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

If the State had knowledge of Bryan's needs and did provide appropriate services it is not a defense that he State to assert it acted in "good faith." The fact that the State knew of Bryan's needs and did not provide appropriate services constitutes "deliberate indifference" for which the State is liable under Section 504.

\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn

*Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.   10**

The law prohibits retaliation against any person who files a complaint about or participates in the investigation of discrimination made by a disabled person.

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn

S*ettlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004); *Weixel v. Bd. of Educ. of N.Y.,* 287 F.3d 138 (2d Cir. 2002); *Weber v. Cranston Sch. Comm.,* 212 F.3d 41 (1st Cir. 2000);  *K.S. v. Fremont Unified Sch. Dist.,* 2007 U.S. Dist. LEXIS 24860 (D. Cal. 2007); *Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp. 2d 262, 276-277 (D. Pa. 2006) *citing, Child v. San Bernardino Unified Sch. Dist.*, 35 Fed. Appx. 521(9th Cir. 2002) (ADA and Section 504);  *Alex G. v. Bd. of Trs.,* 387 F. Supp. 2d 1119 (D. Cal. 2005); *Whitehead v. School Board of Hillsborough County*, 918 F. Supp. 1515 (M.D. FL 1996), (Section 504); *Sturm v. Rocky Hill Bd of Ed,* 2005 U.S. Dist. LEXIS 4954 (D. Conn. Mar. 29, 2005) (Section 504). See 28 C.F.R. § 42.503(b)(1)(vii)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  11**

If you find for any of the Plaintiffs, then you must provide a sum that justly and fairly measures the amount of the losses to each Plaintiff as the result of the State's actions.


\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  12**

Special damages are all losses that occurred as a result State's deliberate indifference that will result in need for additional services for Bryan throughout his life.  Special damages for Bryan include, but are not limited to, the cost of additional special education, medical care, mental health care, vocational training, speech therapy, occupational therapy, other treatment and or housing that Bryan will need as a result of the State's deliberate indifference.

Special damages for Bryan's parents include lost income and other economic losses that resulted from the State's deliberate indifference.


\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  13**

In awarding special damages for future losses or expenses you must:

a)      Exclude expenses that the Plaintiffs would have incurred without the State's deliberate indifference; and

b)      Reduce any award to its present value by considering the interest that the Plaintiffs would have earned as the result of the risk-free investment – recognizing that the future loss of earnings is more valuable because the Plaintiffs can earn interest between the date of the monies are provided and the date of earning the monies.

_____      Given by agreement

_____      Given over objection

_____      Modified and given by agreement

_____      Modified and given over objection

_____      Withdrawn

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  14**

General damages are those damages that fairly and adequately compensate Plaintiff(s) for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the State's deliberate indifference.

General damages include fair and just compensation for any physical pain and suffering, humiliation, inconvenience, emotional anguish that the Plaintiffs experienced as a result of the harm inflicted by the State.  No evidence of monetary value of such intangible factors as pain and suffering needs to be provided by Plaintiffs;

In deciding on the measure of the losses and harm inflicted, you should be guided by your dispassionate common sense, personal experience and your sound discretion by measuring the amount against your drawing all reasonable inferences from the facts as found by you.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

Under Section 504, Bryan's parents have the legal authority to bring this suit on Bryan's behalf and on their own.  If you conclude that the State acted with deliberate indifference toward their son Bryan, you must find that Bryan's parents' rights also have been violated and determine an appropriate amount of special and general damages that justly and fairly compensates them for the harm and losses caused by the State's deliberate indifference.

\_\_\_\_\_    Given by agreement

\_\_\_\_\_    Given over objection

\_\_\_\_\_    Modified and given by agreement

\_\_\_\_\_    Modified and given over objection

\_\_\_\_\_    Withdrawn

**[Submitted for consideration by the jury on previously adjudicated claim to avoid retrial on that claim in the event of appeal and reversal]**

Section 504's remedial provision states: The remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.] shall be available to <u>any person aggrieved by any act or failure to act</u> by any recipient of Federal assistance or Federal provider of such assistance under section 794 of [the Rehabilitation Act].29 U.S.C. § 794a(a)(2)29 U.S.C. § 794a(a)(2).  The "any person aggrieved" language brings non-disabled individuals like the parents in this case within the zone of interests of the Rehabilitation Act's remedial provision. S*ee Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1115 (9th Cir. 1987); *Patricia N. v. LeMahieu,* 141 F. Supp. 2d 1243 (D. Haw. 2001) (holding that the "aggrieved by" language of 29 U.S.C. § 794a(a)(2) gave parents of autistic child a cause of action under section 504 of the Rehabilitation Act).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  16**

When  you  review  the  evidence  in  this  case,  you  must  treat  evidence

presented  by  the  State  and  its  witnesses  the  same  as  the  evidence  presented  by

Plaintiffs.   The  evidence  presented  by  the  State  is  not  entitled  to  any  special

consideration  and  must  not  be  given  any  special  weight  or  viewed  more  favorably

than the evidence presented by Plaintiffs and their witnesses.


\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  17**

If you determine that the State is liable to any Plaintiff for damages, you must award compensation consistent with these instructions, even though you know that the judgment will be paid by the State.  You must not diminish or limit the award that you make because you know it is being paid by the State.  You must award damages you believe are fair and just, applying these instructions to the facts of the case, without regard for the fact that the money you award will be paid by the State.


\_\_\_\_\_          Given by agreement

\_\_\_\_\_          Given over objection

\_\_\_\_\_          Modified and given by agreement

\_\_\_\_\_          Modified and given over objection

\_\_\_\_\_          Withdrawn

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br><br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>          Defendant. | CIVIL NO. CV 05-00247 HG/BMK<br>CIVIL NO. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on January 7, 2008, a true and correct copy of the foregoing document was duly served upon the following parties electronically:

Holly T. Shikada, Esq.
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813

Gregg M. Ushiroda, Esq.
Daniel K. Obuhanych
Leighton M. Hara, Esq.
999 Bishop Street, 23rd Flr.
Honolulu, Hawaii 96813

Attorneys for Defendants

DATED:    Honolulu, Hawaii, January 7, 2008.


                /s/ Carl M. Varady
                STANLEY E. LEVIN
                MICHAEL K. LIVINGSTON
                CARL M. VARADY
                Attorneys for Plaintiffs