Of Counsel:
DAVIS LEVIN & LIVINGSTON
STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON     4161-0
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500 Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

LAW OFFICES OF CARL M. VARADY
CARL M. VARADY            4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447 FAX: 523-8448
E-mail: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>             Plaintiffs,<br><br>        vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>             Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 18 FOR AN IN LIMINE ORDER TO PRECLUDE EVIDENCE OR ARUGMENT BASED ON DEFENDANT'S "GOOD FAITH" ATTEMPTS TO PROVIDE SPECIAL EDUCATION OR RELATED SERVICES; CERTIFICATE OF SERVICE** |

DATE:
TIME:
JUDGE:  Hon. Alan C. Kay
TRIAL DATE:  February 26, 2009

**PLAINTIFFS' MOTION IN LIMINE NO. 18
FOR AN IN LIMINE ORDER TO PRECLUDE EVIDENCE OR
ARUGMENT BASED ON DEFENDANT'S "GOOD FAITH" ATTEMPTS
TO PROVIDE SPECIAL EDUCATION OR RELATED SERVICES**

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their attorneys, for an in limine order preventing Defendant from introducing evidence or argument of its "good faith" attempts to procure or provide appropriate special education and related services to Bryan Wiles Bond.

This motion is made pursuant to Rules 7 and of the Federal Rules of Civil Procedure and all applicable local rules of practice for the, Rules 401 and 402, FRE, and based upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

DATED:  Honolulu, Hawaiʻi, January 7, 2007.

/S/ CARL M. VARADY
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>Defendants. | Civil No. CV 04-00442 HG/BMK<br>Civil No. CV 05-00247 HG/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   FACTS.

On December 19, 2006, this Court ruled on the parties' Cross-Motions for Summary Judgment, motions to supplement the record, and various other motions. *See,* Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion

to Amend or Supplement the Record. In the Order the Court ruled that DOE failed to provide Bryan a Free Appropriate Public Education ("FAPE"). *Id.* at 49. It is expected that Defendant will attempt to present evidence that over the five-year period from 1999 through 2004 that Bryan Wiles Bond was denied FAPE, Defendant "tried" to implement Bryan's IEP. For reasons stated below, Defendant's attempts are irrelevant

## II.    ARGUMENT.

Under Section 504, "deliberate indifference" is proved if the Department of Education knew of the special education needs of Bryan Wiles-Bond and did not provide the appropriate services to meet those needs. Difficulty in procuring or providing those services is not a defense. The DOE cannot discharge its legal duty to provide services, by merely offering just any accommodation. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.") c*iting City of Canton v. Harr*is, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).

Under Section 504, the public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to

2

determine what accommodations are necessary." *Id., citing Wong v. Regents of University of California*, 192 F.3d 807, 818 (9th Cir. 1999). A school district cannot discharge its legal duty to "act", by merely proffering just any accommodation. *Id.* DOE was obligated to consider Bryan's particular needs when investigating what accommodations are reasonable. *Id. see also* 28 C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities").

"Deliberate indifference" means that the State had knowledge and notice. It does not require Plaintiffs to prove the State had ill will toward them, or to weigh the State's institutional motives. *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002).

If the State had knowledge of Bryan's needs and did not provide appropriate services it is not a defense that he State to assert it acted in "good faith." The fact that the State knew of Bryan's needs and did not provide appropriate services constitutes "deliberate indifference" for which the State is liable under Section 504. *Id.* The State's "good faith" is, therefore irrelevant and evidence of its "good faith" or efforts on Bryan's behalf, or argument that it "tried" should be excluded from consideration.

3

### III. CONCLUSION.

For reasons stated herein, Plaintiffs respectfully request this Court issue an in limine order preventing Defendant from introducing evidence or argument of its "good faith" attempts to procure or provide appropriate special education and related services to Bryan Wiles Bond.

DATED: Honolulu, Hawai'i, January 7, 2007.

/s/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　Defendant. | CIVIL NO. CV 05-00247 HG/BMK<br>CIVIL NO. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on January 7, 2008, a true and correct copy of the foregoing document was duly served upon the following parties electronically:

> Holly T. Shikada, Esq.
> Deputy Attorneys General
> 235 S. Beretania Street, Room 304
> Honolulu, Hawaii 96813
>
> Gregg M. Ushiroda, Esq.
> Daniel K. Obuhanych
> Leighton M. Hara, Esq.
> 999 Bishop Street, 23rd Flr.
> Honolulu, Hawaii 96813
>
> Attorneys for Defendants
>
> DATED:　　Honolulu, Hawaii, January 7, 2008.

　　　　　　　　　　　　　　　　　/s/ Carl M. Varady
　　　　　　　　　　　　　　　　　STANLEY E. LEVIN
　　　　　　　　　　　　　　　　　MICHAEL K. LIVINGSTON
　　　　　　　　　　　　　　　　　CARL M. VARADY
　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs