ORIGINAL

Of Counsel:
DAVIS LEVIN LIVINGSTON

| | |
|---|---|
| STANLEY E. LEVIN | 1152-0 |
| MICHAEL K. LIVINGSTON | 4161-0 |

851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY         4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447
Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 07 2008
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' MOTION IN LIMINE # 8 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE PRIOR FLORIDA LITIGATION; DECLARATION OF STANLEY E. LEVIN; EXHIBITS "A" AND "B" AND CERTIFICATE OF SERVICE** |

|  |
|---|
| DATE:   February 26, 2008<br>TIME:   9:00 a.m.<br>JUDGE: Alan C. Kay<br><br>TRIAL DATE: February 26, 2008 |

**PLAINTIFFS' MOTION IN LIMINE #8 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE PRIOR FLORIDA LITIGATION**

COMES NOW PLAINTIFFS ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court for an in limine order restraining DEFENDANT DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendant) from attempting to introduce evidence, testimony, argument and comment concerning the Wiles-Bonds' involvement in prior litigation in Florida.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rules 401, 402 and 403 of the Federal Rules of Evidence and bases it upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

Plaintiffs anticipate that Defendant will attempt to introduce evidence, testimony, argument and comment concerning the Wiles-Bonds' involvement in prior litigation in Florida during, approximately 1994-1995.

2

Plaintiffs seek an order excluding the Florida litigation from evidence in the instant action. Evidence of this sort is inadmissible because it is irrelevant. Alternatively, if it the Court were to find it relevant, any probative value is outweighed by unfair prejudice. The district court has broad discretion to exclude irrelevant or prejudicial evidence. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005). Except as otherwise provided by the rule, "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. Rule 402.

There will be unfair prejudice arising from the admission of this evidence. *See* Fed. R. Evid. 403. Plaintiffs contend that admission of the evidence will be unfair and prejudicial because the evidence concerns a prior matter where the Wiles-Bonds filed a lawsuit in Florida in approximately 1994-1995 on behalf of several children in Bryan's classroom who were assaulted by a teacher on multiple occasions. Bryan was once of several plaintiffs in the action. A Compromise and Settlement Agreement was eventually reached and Bryan received a monetary settlement of approximately $40,000.00. *See* Exhibit A, Deposition of Dr. Stan Bond at pp. 28:3-25; 29:1-6; Exhibit B, Excerpts from Plaintiff Stanley Bond's Amended Response to Defendant Department of Education's Request For Answers to Interrogatories to Stanley Bond Dated March 3, 2006 and served on May 5, 2007.

As aptly stated by the court in *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir.1983), in admitting evidence of Aryan Brotherhood gang activities:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

Furthermore, the Advisory Committee Notes to Fed. R. Evid. 403 explain, unfair prejudice means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Defendants may seek to introduce that the Florida litigation reveals that the Plaintiffs have a propensity to claim injuries from a school district. Plaintiffs nonetheless argue that any probative value is substantially outweighed by the risk that the jury would deny his request for damages in an emotional reaction to the revelation that Plaintiffs had previously sued and reached a settlement against a school district. Any attempt to do so would certainly be an effort "dragged in by the heels" to smear the Plaintiffs for the sake of prejudicial effect.

The Florida Settlement is inadmissible because it is irrelevant. The circumstances of the case in Florida are different from the circumstances of the instant action. Additionally, any probative value is outweighed by unfair prejudice as proscribed by Fed. R. Evid. 403.

For the foregoing reasons, Plaintiffs' respectfully request that the Court exclude any evidence, testimony, argument and comment concerning the Wiles-Bonds' involvement in prior litigation in Florida.

DATED: Honolulu, Hawai`i, January 7, 2008.

_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs