Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON     4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY            4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br>PLAINTIFFS' MOTION IN LIMINE #12 TO PERMIT PUBLICATION AND COMMENT TO THE JURY OF THE LETTER REGARDING LONO BEAMER'S LACK OF KNOWLEDGE OF ORIGIN OF E-MAIL SUMBITTED TO THE COURT; DECLARATION OF STANLEY E. LEVIN; EXHIBITS "A" TO "E" AND CERTIFICATE OF SERVICE<br>**DATE:** February 26, 2008<br>**TIME:** 9:00 a.m.<br>**JUDGE:** Alan C. Kay<br>**TRIAL DATE:** February 26, 2008 |

**PLAINTIFFS'MOTION IN LIMINE #12 TO PERMIT
PUBLICATION AND COMMENT TO THE JURY OF THE
LETTER REGARDING LONO BEAMER'S LACK OF KNOWLEDGE
OF ORIGIN OF E-MAIL SUMBITTED TO THE COURT**

PLAINTIFFS ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court in limine to permit comment to the jury about the letter discussing Deputy Attorney General Lono Beamer's lack of knowledge regarding the origin of e-mails Defendants submitted to the Court in an attempt to deny Bryan's parents the ability to hire Christy Edwards as a skills trainer and defend against Plaintiffs' Motion for a Temporary Restraining Order.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawai'i, and based upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

Plaintiffs make this request subsequent to the Court's prior ruling that Lono Beamer's deposition would not be permitted. That deposition had been sought to clarify how Defendant obtained private e-mails belonging to Plaintiffs and their employee, Bryan's skills trainer Christy Edwards. In August 2004, Defendant used illicitly and unlawfully obtained e-mails, falsely accusing Christy Edwards, the one skills trainer who could work with Bryan, of improper or even criminal behavior. Exhibit A to Declaration of Stanley E. Levin. Lono Beamer,

representing Defendant at that time, attempted to convince Judge Gillmor to read these e-mails, at a TRO hearing on that date; Judge Gillmor rightfully refused, as their origin and how the Defendant came into possession of these third-party e-mails could not be established.

Subsequently, on September 13, 2004, the Magistrate Judge issued an order permitting expedited discovery of the circumstances by which Defendant obtained these private e-mails that not only made reference to possible criminal conduct by Ms. Edwards, but included personal financial information regarding her Paypal account. *Id.*; *see,* Docket No. 31. Exhibit B to Declaration of Stanley E. Levin.

Plaintiffs contend Defendants' unauthorized possession and use of these private e-mails, including Ms. Edwards' Paypal information, constituted an attempt to defend against the family's motion for a TRO at a time in which the Court had determined injunctive relief was needed to assure implementation of a meaningful educational program for Bryan. The incident if not unlawful, was at the least bizarre and strange – both in the actual incident and the Defendants' reaction to questions concerning the e-mails and how Defendants obtained them.

On or about the first week of August 2004, JoAn Hill, also known as Josephine Antonia Hill, an employee of the Department of Education ("DOE") received an e-mail from Desiree Baez (a secretary at the North Kona DOE District office). *See,* Exhibit C. The content of the e-mail deals with one of the long-term

3

skills trainers who remained loyal to the family – Christy Edwards –and who was their only skills trainer at the time, when Bryan's program had degenerated to a crisis level necessitating the TRO hearings. The e-mail defames Ms. Edwards by claiming that her former employer had started an investigation of Ms. Edwards' alleged purchase of prescription drugs over the internet. As noted, the e-mails contained the actual and current account number for Ms. Edwards' private and clearly confidential Paypal account number. As noted above, during the August 5, 2004 TRO hearing, Mr. Beamer had attempted to have Judge Gillmor consider these unauthenticated e-mails as part of the DOE's defense. Judge Gillmor refused to consider them, due to their unauthenticated and highly suspicious nature.

Ms. Floyd, Plaintiffs' attorney at the time, sought and obtained an order permitting immediate discovery on the nature and origin of the e-mail exchange. *See*, Exhibit B. The discovery was not undertaken, as DOE had by then retained Pacific Child and Family Associates to evaluate and plan Bryan's program and the parties were focused on that process.

When finally questioned concerning her knowledge of the origin or sender of these e-mail three years later, Ms. Hill, testified that:

> A. I was asked many times if I knew who this person was. I do not know who he is and I still, to this day, do not know who he is.

Deposition of Josephine Antonia Hill taken on August 9, 2007 at p. 110, lines 11 to 13. (Attached as Exhibit A).

4

She then testified that she gave the e-mails to Lono Beamer who proceeded to redact some information before presenting it to the Court. She stated that she never determined who the sender was and left it to Mr. Beamer to discern the identity of the sender and how the e-mails had been obtained. She said that:

> Q. Do you know if there was or did you ask for a criminal investigation into Mr. Biehn's apparent hacking into the e-mail account that he did hack into?
>
> A. No, I did not.
>
> Q. Okay. Why not?
>
> A. Because everything was turned over to the – my lawyer, Lono Beamer, and I did not feel it was something that I would do personally.

Exhibit D at p. 125, lines 1 to 9.

> Q. So you would lodge a complaint, but you would not be the one investigating?
>
> Mr. Ushiroda: Objection.
>
> Mr. Ellis: I understand that misstates it, that's not what she stated.
>
> By Mr. Ellis:
>
> Q. You would report it, but you wouldn't be the person who would investigate it?
>
> Mr. Ushiroda: Objection. Misstates testimony.
>
> A. No, I would not.

Exhibit D at p. 125, lines 15 to 25.

Ms. Hill stated that she recognized that hacking into the e-mail or Paypal account of an employee of the DOE was against DOE policy, but that she saw no personal liability.

This surreptitious e-mail correspondence lasted for almost one week and Ms. Hill treated the other e-mails in the same fashion as the first e-mail. Although Ms. Hill wondered how Mr. Biehn knew so much about the current proceedings:

> A. Well, I don't – I wondered how he knew it. I wondered how he knew all this information, and I kept trying to find our exactly who this person was, but to no avail.

Exhibit D at p. 134, line 25 to p. 135, line 3.

The Defendants have never disclosed the identity of the source of the e-mails, when or how they were obtained or any other important details of the e-mails. Ms. Hill's testimony confirms that Mr. Beamer is the most likely source of this information.

Plaintiffs subsequently sought leave to depose Mr. Beamer. By placing himself directly in the chain of custody of these surreptitiously-obtained and confidential e-mails, redacting them and attempting to use them in Court, Mr. Beamer interjected himself as a fact witness by participating in the chain of custody. He is not immune from discovery on this limited area. As one Court explained:

The Federal Rules of Civil Procedure permit discovery via the deposition of "any person" without leave of court. Fed. R. Civ. P. 30(a)(1). The Rules do not themselves exempt attorneys from being a source of discoverable facts. In *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan. 1995), the court observed:

> Fed. R. Civ. P. 26(b)(3) clearly contemplates discovery from attorneys as well as from the parties themselves or their agents. When work product is sought under Rule 26(b)(3), such discovery is limited to circumstances where the party seeking discovery can establish a substantial need and an inability to obtain the substantial equivalent by other means. The burden of establishing the criteria set forth in Rule 26(b)(3) is upon the party seeking discovery. Neither the criteria for determining the appropriateness of discovery or the burden of establishing the existence of the criteria are altered because the documents were prepared by or in the custody of an attorney. Not only are attorneys not exempt from this rule, discovery from them is clearly contemplated. It is inconceivable that had the drafters of the Federal Rules of Civil Procedure, the Supreme Court or Congress intended to exempt attorneys from the provisions of Rule 30 or to otherwise limit discovery from attorneys, they would not have included a provision in Rule 30 similar to that contained in Rule 26(b)(3). Had the Court or Congress intended to engraft a preliminary showing when deposition discovery was sought from attorneys, such an exception would likely have been found in Rule 30 or otherwise within the Rules of Civil Procedure. Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party to represent them in litigation.

*Union Pac. R.R. Co. v. Huxtable*, 2006 U.S. Dist. LEXIS 51532, 6-7 (D. Neb. 2006).

The origin, chain of custody and communications regarding these e-mails reflects directly on the state of mind of the DOE officials and what their motives were toward Plaintiffs and Ms. Edwards, especially considering whether more than mere neglect was at work in their decision-making. In order to establish that the Defendants acted with deliberate indifference requires evidence that the DOE acted with "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).

> The first element is satisfied when the public entity has notice that an accommodation is required. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable."

*Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002), *citing Duvall* 260 F.3d at 1139 (internal citations omitted).

Plaintiffs sought Mr. Beamer's deposition solely on the issue of the origin and chain of custody of the e-mails, and communications related therein. The Court denied Plaintiffs' motion and stated that Mr. Beamer would not be deposed nor required to testify at trial. However, the Court required Mr. Beamer to provide a letter describing what he knew about the origin of the e-mails. Mr. Beamer's response states that, like Ms. Hill, he had no knowledge of the origin of the

8

e-mails. Exhibit E to Declaration of Stanley E. Levin. Thus, the record demonstrates that, without any knowledge of the origin of these e-mails, the validity of their contents or regard for the highly personal financial and other information contained in them, Mr. Beamer and Ms. Hill submitted them to the Court for consideration at a time when Defendant was facing a TRO.

It is appropriate that the Beamer letter be published to the jury and permit comment by Plaintiffs on Defendants' use of these surreptitiously obtained e-mails in an attempt to prevent Plaintiffs from hiring Ms. Edwards and stave off a TRO.

**CONCLUSION**

For reasons stated herein, Plaintiffs respectfully request this Court to issue an in limine order allowing the publication and comment to the jury of the letter regarding the lack of knowledge of Deputy Attorney General Lono Beamer regarding the origin of e-mails Defendants submitted to the Court in an attempt to deny Bryan's parents the ability to hire Christy Edwards as a skills trainer and defend against Plaintiffs' Motion for a TRO.

DATED:   Honolulu, Hawai`i, January 7, 2008.

STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiff