ORIGINAL

Of Counsel:
DAVIS LEVIN LIVINGSTON

| | |
|---|---|
| STANLEY E. LEVIN | 1152-0 |
| MICHAEL K. LIVINGSTON | 4161-0 |

851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                    4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447
Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 0 7 2008
at 3 o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>          Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br>**PLAINTIFFS' MOTION IN LIMINE #14 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING COLLATERAL SOURCES; DECLARATION OF STANLEY E. LEVIN; EXHIBITS "A" TO "C" AND CERTIFICATE OF SERVICE** |

| | DATE: February 26, 2008 |
| --- | --- |
| | TIME: 9:00 a.m. |
| | JUDGE: Alan C. Kay |
| | TRIAL DATE: February 26, 2008 |

## PLAINTIFFS' MOTION IN LIMINE #14 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING COLLATERAL SOURCES OF PAYMENTS

COMES NOW PLAINTIFFS ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND (Plaintiffs), by and through their counsel, move this Court for an in limine order restraining DEFENDANT DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendant) from attempting to introduce evidence, testimony, argument and comment concerning collateral sources of funding or that such funding discharges any liability or obligation of Defendant.

This motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rules 401, 402, 403 and 404 of the Federal Rules of Evidence and bases it upon the Memorandum, Declaration, and exhibits in support of this motion, and the records and files herein.

Plaintiffs anticipate that Defendant will attempt to introduce evidence, testimony, argument and comment concerning collateral sources of payment for Bryan's future care and needs.

2

Plaintiffs seek an order excluding any reference to collateral sources of funding or argument that social legislation payments discharge any liability or obligation of Defendant in the instant action. The collateral source rule applies in this matter to prevent the reduction of Plaintiffs' damages award to the discount provided by the State of California. Evidence of this sort is inadmissible because it is irrelevant under the Fed. R. Evid. Rule 402.

Dr. Goka's report contains references to California State sources of possible funding for Plaintiffs services, for example, the school district or the Regional Center. Dr. Siegel may also testify that alternate sources of social legislation funding will adequately compensate Plaintiffs and will meet Bryan's needs for future care. Such references intended to limit or reduce Plaintiffs damages to reflect public funding sources are prohibited under the collateral source doctrine.

On a certified question from the United States District Court for the District of Hawai`i (Ezra, J., presiding), the Supreme Court of Hawai`i considered whether the collateral source rule prohibits reducing a patient's damages award due to discounted social legislation payments. The court adopted the Restatement (Second) of Torts: Damages (Restatement) view that payments or benefits conferred on an injured party are not credited to the tortfeasor's liability pursuant to the collateral source rule. "The 'collateral source rule,' in general, provides that benefits or payments received on behalf of a plaintiff, from an independent source,

will not diminish recovery from the wrongdoer." *Bynum v. Magno*, 106 Hawai`i 81, 86, 101 P.3d 1149, 1154 (2004) (citation omitted). The doctrine further provides that "[u]nder the collateral source rule, a tortfeasor is not entitled to have its liability reduced by benefits received by the plaintiff from a source wholly independent of and collateral to the tortfeasor." *Id.* (citation and internal quotation marks omitted). Under the Restatement § 920A, entitled, "Effect of Payments Made to Injured Party," further establishes that under the collateral source rule, "[p]ayments made to *or benefits conferred* on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or part of the harm for which the tortfeasor is liable." Restatement § 902A(2) (emphasis added). The Restatement further provides that that the collateral source rule applies to "[b]enefits from collateral sources" and "social legislation benefits." § 902A, comments b and c (4). The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, is a social legislation provision enacted by Congress designed to encourage states to provide meaningful education to individuals with disabilities. Any benefits that California (assuming that Plaintiffs remain in California) pays to provide Plaintiffs IDEA benefits are precluded by the collateral source rule.

Therefore, Goka's testimony, Siegel's testimony and reports of these benefits are barred by the collateral source rule, are irrelevant and will only mislead and confuse the jury and therefore should be excluded from the record.

DATED: Honolulu, Hawai`i, January 7, 2008.

_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs