395169.2
**MARK J. BENNETT**    #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**    #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**    #2498-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE AMOUNT OF MONEY EXPENDED BY THE DOE; CERTIFICATE OF SERVICE |

```
)   HEARING:
)   DATE:  January 24, 2008
)   TIME:  10:00 a.m.
)   JUDGE: Honorable Alan Kay
)
)   TRIAL: February 26, 2008
```

**DEFENDANT DEPARTMENT OF EDUCATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3
TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT
CONCERNING THE AMOUNT OF MONEY EXPENDED BY THE DOE**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Memorandum in Opposition to Plaintiffs ANN KIMBALL WILES ("Ann") and STANLEY BOND ("Stanley"), individually and as next friend of their son, BRYAN WILES-BOND ("Bryan"), a minor's (collectively referred to as "Plaintiffs") Motion in Limine No. 3 to Exclude Evidence, Testimony, Argument and Comment Concerning the Amount of Money Expended by the DOE ("Motion").

## I.  INTRODUCTION

In their Motion, Plaintiffs entirely miss the point. Plaintiffs contend that evidence of the significant amount of money and effort expended by the DOE to provide Bryan with education and services should be excluded because it is irrelevant to the determination of whether the DOE discriminated against Plaintiffs with "deliberate indifference." To support their argument, however, Plaintiffs focus on the fact that the amount of money expended is not a defense to the DOE's alleged responsibility to provide Bryan with a free and appropriate

public education ("FAPE"). Whether Bryan was provided a FAPE, however, is not at issue here since an alleged failure to provide a FAPE does not give rise to a Section 504 claim under the Rehabilitation Act, which is the statute under which Plaintiffs now seek relief.

In addition, evidence of the DOE's significant effort and expense is, in fact, relevant to the DOE's defense that it acted in good faith, without any discriminatory intent, to at least attempt to provide Bryan with beneficial educational services. Accordingly, such evidence should be admissible, and Plaintiffs' request to bar evidence, testimony, argument and comment on the amount of money expended by the DOE must be denied.

## II.   DISCUSSION

### A.   A Denial of FAPE Does Not Equate to a Violation of Section 504 of the Rehabilitation Act.

In the Motion, Plaintiffs argue that the DOE should be precluded from introducing evidence of the over $500,000.00 expended by the combined efforts of the DOE and the State Department of Health to provide Bryan with an education and services (and/or evidence of the effect of damages on the DOE and/or the reduction of available services to other students) because an Administrative Hearings Officer found that the DOE denied Bryan FAPE. See Motion at p. 5. Plaintiffs thus essentially contend that a denial of FAPE, in and of itself,

somehow establishes the existence of discriminatory intent in violation of section 504 of the Rehabilitation Act. This contention is wholly unsupported by the applicable and relevant legal authority.

It is well-settled that a denial of FAPE under the Individuals with Disabilities in Education Act ("IDEA") **does not** equate to a violation of Section 504 of the Rehabilitation Act. In fact, Judge Gillmor specifically determined as much earlier in these proceedings:

> Despite the disagreement over when relief under Section 504 is available in the education context, a few issues are relatively clear. **The mere denial of FAPE does not give rise to a Section 504 claim for money damages.** See N.L. v. Knox County, 315 F.3d 688, 695 (6th Cir. 2003). For the DOE to be liable for money damages under Section 504, **Plaintiffs must prove intentional discrimination, meaning it acted with "deliberate indifference".** See Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001).

See Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding All Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion to Amend and/or Supplement the

Record, filed herein on December 19, 2006 ("12/19/06 Order") at p. 31 (emphasis added).

Despite the clear language of the 12/19/06 Order, Plaintiffs now ignore and/or misapply the relevant law and seek to combine two different claims into one. An action for the denial of FAPE under the IDEA, however, is an independent and entirely different action from one arising from an alleged violation of Section 504 of the Rehabilitation Act. Cf. Doe by Gonzales v. Maher, 793 F.2d 1470 (9th Cir. 1986) (IDEA provides sole remedy for denial of a FAPE).

Indeed, the focus of the IDEA is the appropriateness of the public education afforded special needs students. The Rehabilitation Act, on the other hand, focuses on **disability-based discrimination** against special needs students and it is intended to reach "grosser kinds of misconduct" than the IDEA. See Timms v. Mtrop. Schl. Dist. of Wabash City, Indiana, 722 F.2d 1310 (7th Cir. 1983). Plaintiffs cannot now avoid the heavy burden of proving disability-based discrimination and discriminatory intent by relying solely upon the finding of a denial of FAPE. See Doe v. Arlington County School Board, 41 F. Supp.2d 599 (E.D. Va. 1999) (the standard of proving a Section 504 claim is "extraordinarily high").

Plaintiffs clearly misapply the relevant law to the facts and circumstances of this case. Plaintiffs' Motion should therefore be denied on that basis alone.

B. **The Evidence at Issue in this Motion is Relevant to the Determination of Whether the DOE Had the Requisite Intent to Support a Section 504 Claim.**

Contrary to what Plaintiffs would have this Court believe, evidence that the DOE expended significant efforts and funds to supply Bryan with educational services is relevant to support the DOE's defense against Plaintiffs' Section 504 claim.

The Ninth Circuit has instructed that compensatory damages under Section 504 are not available in the absence of a showing of discriminatory intent. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). In other words, compensatory damages are not available for **unintentional violations**. See id. at FN3. A finding of **good faith** on the part of the DOE would therefore preclude recovery under Section 504. See Midgett v. Tri-County Metropolitan Transportation District of Oregon, 254 F.3d 846 (9th Cir. 2001) (**good faith intention to comply** with the ADA precluded finding of deliberate indifference); Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in **good faith, believed that they were providing FAPE** (though it turned out they were not), recovery under § 504 would be barred); Walker v. District of Columbia, 157 F. Supp.2d 11 (D. C. 2001) (plaintiffs' claim for compensatory damages under the

Rehabilitation Act was without merit where the testimony of the child's teachers demonstrated a **good faith attempt** on the part of defendant to **provide the child with FAPE**).

In the present case, the evidence at issue in the Motion (i.e., evidence of the amount of funds expended to provide services to Bryan, of the effect of damages on the DOE, and/or of the reduction of funds available for other students) is relevant to the jury's critical determination of the DOE's intent. That is, the evidence would assist the jury to determine: (1) whether the DOE acted with discriminatory intent, which would tend to support Plaintiffs' Section 504 claim, or (2) whether the DOE acted in good faith, which would tend to defeat Plaintiffs' Section 504 claim. To properly evaluate the existence of either discriminatory intent or good faith on the part of the DOE, the jury must be allowed to review and analyze, among other things, evidence regarding the services that were provided to Bryan, which includes the amount of funds that the DOE expended in an effort to satisfy its responsibility.

The effort and funds expended by the DOE to provide educational services to Bryan is significant, and readily evidences good faith on the part of the DOE which would negate any finding of deliberate indifference or prejudicial treatment of Bryan. After all, the DOE expended $333,087.09, while the State Department of Health expended $167,562.36, for a combined

total of $500,649.45, all for services for Bryan, alone. Precluding the DOE from relying upon such evidence would be highly prejudicial to the DOE's defense. Plaintiffs' Motion to exclude such evidence should therefore be denied.

### III. CONCLUSION

For the foregoing reasons, the DOE respectfully requests that the instant motion be denied.

DATED: Honolulu, Hawaii, January 14, 2008.

          /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants