395214.3
**MARK J. BENNETT**     #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**       #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**     #2498-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #5 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE CONDITION OF THE WILES-BOND HOME; DECLARATION OF GREGG M. USHIRODA; EXHIBITS "A"-"D"; CERTIFICATE OF SERVICE** |

```
                                      )  HEARING:
                                      )  DATE:  January 24, 2008
                                      )  TIME:  10:00 a.m.
                                      )  JUDGE: Honorable Alan C. Kay
                                      )
_____)  TRIAL: February 26, 2008
```

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #5
TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND
COMMENT CONCERNING THE CONDITION OF THE WILES-BOND HOME**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby respectfully submits the following memorandum in opposition to Plaintiffs' Motion in Limine #5 to Exclude Evidence, Testimony, Argument and Comment Concerning the Condition of the Wiles-Bond Home filed on January 7, 2008 ("Motion").

I.   **INTRODUCTION**

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor (collectively, "Plaintiffs") seek to exclude any reference to the unsanitary condition of their home on the basis that such references are allegedly irrelevant and prejudicial. Contrary to their assertions, however, evidence relating to the unsanitary condition of their home is directly relevant to the claims and defenses of this action and is no more prejudicial than the other evidence regarding Plaintiff BRYAN WILES-BOND's ) toileting history that Plaintiffs are expected to introduce at

trial.

Plaintiffs' primary complaint in this case is that the DOE failed to provide Bryan Wiles-Bond with the required number of skills trainers service hours. As part of its defense, the DOE has obtained credible evidence that skills trainers refused to work in Plaintiffs' home because of the unsanitary conditions of Bryan Wiles-Bond's living areas. Such evidence is highly relevant to the claims and defenses in this case.

Moreover, the significant probative value of such evidence is not "**substantially outweighed**" by the danger of unfair prejudice, especially in light of the fact that Plaintiffs will surely seek to introduce equally poignant evidence regarding Bryan's toileting history, including evidence that skills trainers allegedly permitted Bryan to self-stimulate himself in his own urine or fecal matter during class. Plaintiffs' highly hypocritical position in this regard is meritless. Accordingly, the Motion should be denied.

II. **ARGUMENT**

Rule 401 of the Federal Rules of Evidence ("FRE") defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. The Court **may** exclude relevant evidence on the basis of unfair

prejudice, **but only if** the probative value of the subject evidence is "**substantially outweighed**" by the danger of unfair prejudice. See Fed. R. Evid. 403.

In this action, Plaintiffs allege that the DOE intentionally discriminated and retaliated against Bryan by failing to provide Bryan Wiles-Bond with educational and related services that Bryan Wiles-Bond was entitled to as a disabled individual. Specifically, Plaintiffs allege that the DOE failed to provide the required number of skills trainers service hours to Bryan Wiles-Bond.

During discovery, however, the DOE obtained reliable evidence that skills trainers were refusing to work in Plaintiffs' home because of the overwhelming presence and odor of urine and fecal matter in Bryan Wiles-Bond's living areas. See Deposition Transcript of Linda Price at 88:4-90:3, attached as Exhibit "A" (testifying that skills trainers Oxsana Savenko, Roberto Valentino, and Lea Scruton refused to work in Plaintiffs' home because of its unsanitary conditions). Plaintiffs' contention that none of these skills trainers even visited Plaintiffs' house is irrelevant as the issue is **why** these skills trainers refused to work in Plaintiffs' home.[1]

---

[1]  Barbara Coffman declared that while working with Bryan at Plaintiffs' home, she observed that the home was "**unsanitary and unclean**" with **live and dead roaches** all over Bryan's living area and "**old urine**" covering the toilet next to Bryan's living area. See Declaration of Barbara Coffman dated March 23, 2006, attached as Exhibit "B" (emphases added). Ms. Coffman observed that the toilet and the floor area around Bryan's mattress, which

- 4 -

These skills trainers' perception and belief that Plaintiffs' home was too unsanitary to work in is clearly relevant because it demonstrates that the alleged lack of skills trainers was caused by substantial factors other than the DOE's alleged "deliberate indifference" towards Bryan Wiles-Bond. Thus, contrary to Plaintiffs' assertions that such evidence will "set off a red herring sideshow," such evidence will go to the very heart of the case and help prove that the DOE was not deliberately indifferent to Bryan Wiles-Bond.

Plaintiffs can hardly claim that the danger of unfair prejudice substantially outweighs the probative value of such relevant evidence. Such evidence would not lead jury members to make a decision based on improper grounds. Rather, such evidence is **necessary** for the jury members to have a complete understanding of what other factors contributed to the lack of skills trainers for Bryan Wiles-Bond.

---

usually was covered with urine, were never cleaned. See id. She also observed that Bryan's pantry was full of "**old food and other discarded items**" and "**smelled very badly**." See id. (emphases added); see also Deposition Transcript of William Beljean at 37:16-20, 38:9-39:3, 40:16-21, and 41:9-19, attached as Exhibit "C" (describing how he found stains on the mattress and what appeared to be urine on various portions of the tile floor).

**When asked why she thought Bryan's living area was so unsanitary and unclean, Ms. Coffman replied, "[l]ack of motivation or intent to make it different" on the part of Bryan's parents**. See Deposition Transcript of Barbara Coffman at 23:6-15, attached as Exhibit "D" (emphasis added).

Considering the unsanitary condition of Plaintiffs' home, it is understandable why skills trainers would refuse to work there. Ms. Coffman even recalled one specific incidence when she was locked in Bryan's room in the basement alone with Bryan for over three hours. See Exhibit "B".

Lastly, it is ridiculous for Plaintiffs' to contend that the DOE was responsible for securing an alternate location for Bryan Wiles-Bond if Plaintiffs' home was too unsanitary. Plaintiffs fail to cite any legal authority whatsoever for such a proposition. Instead, they blindly assert baseless accusations against the DOE in hopes that something will "stick." Without any legal justification, Plaintiffs' arguments must be rejected and their Motion denied.

## III. CONCLUSION

Based on the foregoing, the DOE respectfully requests that this Honorable Court deny the Motion.

DATED: Honolulu, Hawaii, January 14, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants