395240.1
**MARK J. BENNETT**     #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**       #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**     #2498-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | CIVIL NO. CV 04-00442 ACK-BMK CIVIL NO. CV 05-00247 ACK-BMK CONSOLIDATED (Other Civil Action) |
| Plaintiffs, | DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN |
| vs. | OPPOSITION TO "PLAINTIFFS' MOTION IN LIMINE #6 TO TAKE |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | JUDICIAL NOTICE OF THE HAWAII DEPARTMENT OF EDUCATION'S IMPLEMENTING REGULATIONS H.A.R. CHAPTER 8-56 SECTION 504 OF THE REHABILITATION ACT, |
| Defendants. | 29 U.S.C. § 729 and 28 C.F.R. (Continued) |

```
)  § 42.503 OF ITS IMPLEMENTING
)  REGULATIONS"; DECLARATION OF
)  GREGG M. USHIRODA; EXHIBITS
)  "1"-"3"; CERTIFICATE OF
)  SERVICE
)  (continued)
)
)  HEARING:
)  DATE:  January 26, 2008
)  TIME:  9:00 a.m.
)  JUDGE: Honorable Alan Kay
)  TRIAL: February 26, 2008
```

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO "PLAINTIFFS' MOTION IN LIMINE #6 TO TAKE JUDICIAL NOTICE OF THE HAWAII DEPARTMENT OF EDUCATION'S IMPLEMENTING REGULATIONS H.A.R. CHAPTER 8-56 SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 OF ITS IMPLEMENTING REGULATIONS"**

## I.  INTRODUCTION

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby opposes "Plaintiffs' Motion in Limine #6 to Take Judicial Notice of the Hawaii Department of Education's Implementing Regulations H.A.R. Chapter 8-56 Section 504 of the Rehabilitation Act, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 of its Implementing Regulations" (the "Subject Motion").

The Subject Motion must be denied because Plaintiffs have failed to provide sufficient information to support their request. As discussed below in detail, there are numerous questions about exactly what statutes and regulations Plaintiffs

are seeking to have judicially noticed. This uncertainty prevents the Court from taking judicial notice.

In addition, there is no legitimate purpose for Plaintiffs' request for judicial notice. This Court has the ability to determine what law was in effect at the time periods relevant to this case. Judicial notice is not required for this purpose. The DOE is therefore concerned that Plaintiffs might seek to use the requested judicial notice in an improper manner.

## II. PLAINTIFFS ARE IMPROPERLY RELYING ON RULE 201, WHICH DOES NOT ALLOW FOR JUDICIAL NOTICE OF LAWS AND REGULATIONS

As a preliminary matter, the DOE notes that Plaintiffs' rely upon inapposite authority in their Subject Motion. Plaintiffs expressly cite to Rule 201 of the Federal Rules of Evidence as the basis for the Subject Motion. See Subject Motion at 2, 3. However, Rule 201 only allows judicial notice of adjudicative facts. See Fed. R. Evid. 201(a) (2008). As noted in a decision that Plaintiffs cite in their Subject Motion, "[j]udicial notice of law is outside the scope of Rule 201". Getty Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, C.J., concurring). Although judicial notice of law is permitted, albeit pursuant to "practical considerations and case law" rather than Rule 201, Plaintiffs' reliance on the wrong authority calls into question Plaintiffs' understanding of the doctrine of judicial notice.

## III. THE SUBJECT MOTION IS DEFECTIVE BECAUSE PLAINTIFFS HAVE FAILED TO FURNISH SUFFICIENT INFORMATION TO ALLOW THIS COURT TO TAKE JUDICIAL NOTICE

The Subject Motion is highly problematic because it is unclear exactly what Plaintiffs are seeking to have judicially noticed. Plaintiffs have failed to provide this Court with sufficient information to grant the request for judicial notice. These defects are discussed below with regard to the specific statutes and rules referenced in the Subject Motion.

### A. Hawaii Administrative Rules Chapter 8-56

In the Subject Motion, Plaintiffs ask the Court to take judicial notice of "the Hawaii Department of Education's implementing regulations HAR Chapter 8-56". See Subject Motion at 2. However, the Subject Motion is unclear about what portions of Chapter 8-56 of the Hawaii Administrative Rules ("HAR") Plaintiffs are seeking to have judicially noticed. The "Declaration of Stanley E. Levin" attached to the Subject Motion states as follows: "Attached hereto as Exhibit 'A-1' and 'A-2' are the Hawaii Department of Education's implementing regulations HAR Chapter 8-56." See Declaration of Stanley E. Levin at 1, ¶ 2. Contrary to this statement in the declaration, Exhibits "A-1" and "A-2" were not attached to the copy of the Subject Motion served by Plaintiffs. The Subject Motion only included an Exhibit "A". As a result, the DOE, and presumably the Court as well, are left uncertain about exactly what provisions of the HAR

are the subject of Plaintiffs' request for judicial notice. Until this issue is clarified, Plaintiffs are not entitled to judicial notice.

      **B.**    <u>**29 U.S.C. § 729/29 U.S.C. § 794**</u>

In the Subject Motion, Plaintiffs ask the Court to take judicial notice of "Section 504 of the Rehabilitation Act, 29 U.S.C. § 729". <u>See</u> Subject Motion at 2. The "Declaration of Stanley E. Levin" attached to the Subject Motion states as follows: "Attached hereto as Exhibit 'B' is Section 504 of the Rehabilitation Act, 29 U.S.C. § 729." <u>See</u> Declaration of Stanley E. Levin at 1, ¶ 3. However, Exhibit "B" to the Subject Motion is a copy of 29 U.S.C. § 794, not 29 U.S.C. § 729. Given that Section 504 of the Rehabilitation Act is actually 29 U.S.C. § 794, the DOE can only assume that Plaintiffs' repeated references to 29 U.S.C. § 729 are erroneous and that Plaintiffs intended to refer to 29 U.S.C. § 794.

Even after this assumption is made, there is still uncertainty regarding Plaintiffs' request for judicial notice. Plaintiffs state that the Subject Motion "requests the Court take notice of the regulations and statute in effect from 1999 through January 2005, the time period during which Bryan attended public school in Hawai'i." Subject Motion at 3. However, the version of 29 U.S.C. § 794 that Plaintiffs attached as Exhibit "B" to the Subject Motion was not in effect during this time period. As

indicated by the notation following the text of the statute, the version of the statute in Exhibit "B" includes amendments through November 6, 1978. However, 29 U.S.C. § 794 was amended six times after November 6, 1978, specifically on October 21, 1986, March 22, 2988, November 7, 1988, October 20, 1994, August 7, 1998, and January 8, 2002. See 29 U.S.C. § 794 (2008), a copy of which is attached as Exhibit "1" to the Declaration of Gregg M. Ushiroda (the "Ushiroda Declaration"). Five of these amendments occurred prior to 1999, with the sixth occurring during the 1999-January 2005 time frame. As a result, the version of 29 U.S.C. § 794 in Exhibit "B" does not accurately depict that statute as it existed while Bryan attended public school in Hawaii. Plaintiffs' request for judicial notice of 29 U.S.C. § 794 is therefore fatally defective and must be denied.

    C.    <u>28 C.F.R. § 42.503</u>

        In the Subject Motion, Plaintiffs ask the Court to take judicial notice of 28 C.F.R. § 42.503. Exhibit "C" to the Subject Motion purports to be a copy of the text of 28 C.F.R. § 42.503. Based on the URL at the bottom of Exhibit "C", Plaintiffs obtained this copy of 28 C.F.R. § 42.503 from the Electronic Code of Federal Regulations website ("e-CFR"). There are two problems with Plaintiffs using e-CFR as their source. The first problem is that the e-CFR homepage includes the disclaimer that the "Electronic Code of Federal Regulations . . .

is not an official legal edition of the CFR."  <u>See</u> homepage of the Electronic Code of Federal Regulations website, located at http://ecfr.gpoaccess.gov/cgi/t/text/text-idx?c=ecfr&tpl=%2Findex.tpl, as visited on January 11, 2008, a copy of which is attached as Exhibit "2" to the Ushiroda Declaration.  There is no explanation of exactly what this disclaimer means, but the disclaimer calls the reliability and accuracy of Exhibit "C" into question.

  The second problem is that the version of 28 C.F.R. § 42.503 taken from e-CFR appears to be the current version of the regulation.  <u>See</u> Exhibit "2" (stating that "[t]he Electronic Code of Federal Regulations (e-CFR) is a currently updated version of the Code of Federal Regulations").  However, 28 C.F.R. § 42.503 was amended in August 26, 2003.  <u>See</u> 28 C.F.R. § 42.503, a copy of which is attached as Exhibit "3" to the Ushiroda Declaration.  As a result, the current version of 28 C.F.R. § 42.503 does not accurately reflect the version of this regulation that was in effect during the entire 1999-January 2005 time frame.  Plaintiffs' request that this Court take judicial notice of Exhibit "E" on the basis that Exhibit "E" sets forth 28 C.F.R. § 42.503 as it existed during the 1999-January 2005 time frame is misleading and inaccurate, and Plaintiffs' request should be denied.

D.  **Individuals with Disabilities Education Act and Implementing Regulations**

In the Subject Motion, Plaintiffs ask the Court to take judicial notice of "the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2004), [and] its implementing regulations 34 C.F.R. §§ 300.1-.756 (2004)". See Subject Motion at 2. In light of the problems discussed above with regard to Plaintiffs' request for judicial notice of HAR Chapter 8-56, 29 U.S.C. § 729/29 U.S.C. § 794, and 28 C.F.R. § 42.503, the DOE needs to see exactly what version of the Individuals with Disabilities Education Act ("IDEA") and its implementing regulations Plaintiffs are seeking to have judicially noticed. It appears that Plaintiffs intended to provide copies of the IDEA and its implementing regulations, as evidenced by the footnote stating that "20 U.S.C. §§ 1400-1418 and 34 C.F.R. §§ 300.1-.756 will be submitted separately due to length." See Subject Motion at 5 n.2.[1] However, Plaintiffs have failed to submit these documents.

Recent changes to the IDEA and its implementing regulations increase the importance of Plaintiffs presenting the correct version of these statutes and regulations. In 2004,

---

[1] The DOE is not certain why Plaintiffs intend to provide U.S.C. §§ 1400-1418 rather than the entirety of 20 U.S.C. §§ 1400-1487, which is what Plaintiffs are asking to have judicially noticed. The DOE can only assume that the reference to U.S.C. §§ 1400-1418 is erroneous.

Congress amended and reauthorized the IDEA, with such changes to become effective July 1, 2005.  See Leticia H. v. Ysleta Independent School Dist., 502 F.Supp.2d 512, 515 n.1 (W.D. Tex. 2006).  The IDEA implementing regulations were amended on August 14, 2006, to become effective October 13, 2006.  See 71 Fed.Reg. 46540 (Aug. 14, 2006).  Given Plaintiffs' objective of having this Court "take notice of the regulations and statute in effect from 1999 through January 2005, the time period during which Bryan attended public school in Hawai'i", the current versions of the IDEA and its implementing regulations are not suitable for judicial notice.

Moreover, as illustrated by the problem discussed above involving 28 C.F.R. § 42.503, judicial notice of the IDEA and its implementing regulations must take into account any amendments that occurred during the 1999-January 2005 time frame.  For example, if an IDEA statute was amended in 2002, judicial notice should be taken of both the version in effect from 1999 to 2002 and the version in effect from 2002 to January 2005.

Plaintiffs' failure to identify exactly what they are seeking to have judicially noticed is fatal to their request. Plaintiffs are not entitled to judicial notice of the IDEA and its implementing regulations.

## IV. THERE IS NO LEGITIMATE PURPOSE FOR PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

In addition to the many defects in the Subject Motion already discussed above, Plaintiffs have not identified any legitimate purpose for taking judicial notice of particular statutes and regulations. This Court has the innate ability to determine what law was in effect at the time periods relevant to this case. Plaintiffs' request for judicial notice is not required for this purpose. The DOE is therefore concerned that Plaintiffs might seek to use the requested judicial notice in an improper manner. Even if Plaintiffs are able to address the numerous defects in the Subject Motion, Plaintiffs should be required to identify the purpose of their request for judicial notice.

## V. CONCLUSION

For the foregoing reasons, the DOE respectfully requests that the Subject Motion be denied in full.

DATED: Honolulu, Hawaii, January 14, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants