395285.1

MARK J. BENNETT          #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM            #4391-0
GEORGE S. S. HOM         #2487-0
HOLLY T. M. SHIKADA      #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI         #2498-0
GREGG M. USHIRODA       #5868-0
LEIGHTON M. HARA        #7826-0
ROSS T. SHINYAMA        #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action) |
| Plaintiffs, | **DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE PROPOSED COST OF THE PACIFIC CHILD AN FAMILY PROGRAM; DECLARATION OF GREGG M. USHIRODA; EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE** |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | |
| Defendants. | |

```
)  HEARING:
)  DATE: January 24, 2008
)  TIME: 10:00 a.m.
)  JUDGE: Honorable Alan Kay
)  TRIAL: February 26, 2008
```

**DEFENDANT DEPARTMENT OF EDUCATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9
TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING
THE PROPOSED COST OF THE PACIFIC CHILD AND FAMILY PROGRAM**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Memorandum in Opposition to Plaintiffs ANN KIMBALL WILES ("Ann") and STANLEY BOND ("Stanley"), individually and as next friend of their son, BRYAN WILES-BOND ("Bryan"), a minor's (collectively referred to as "Plaintiffs") Motion in Limine No. 9 to Exclude Evidence, Testimony, Argument and Comment Concerning the Proposed Cost of the Pacific Child and Family Program ("Motion").

## I.   INTRODUCTION

Plaintiffs' Motion seeks to prevent the DOE from introducing any evidence, testimony, argument or comment regarding the proposed cost of a program to be provided by Pacific Child and Family Associates ("PCFA") for two reasons: (1) the proposal with PCFA was never finalized and its services were not procured, and (2) evidence of the significant amount of money the DOE was prepared to spend is not a defense to the DOE's responsibility to provide Bryan with a free and appropriate

public education ("FAPE"). Plaintiffs' arguments should be rejected because they ignore both the factual circumstances and the applicable law in this case.

First, Plaintiffs conveniently fail to mention their own conduct in the matter, which was the very reason why the DOE ceased its efforts to finalize an agreement with PCFA. Second, Plaintiffs misstate the applicable and governing legal authority because despite what Plaintiffs appear to argue, an alleged denial of a FAPE, without more, does not give rise to a Section 504 claim under the Rehabilitation Act, which is the statute under which Plaintiffs now seek relief.

In addition, evidence of the DOE's willingness to incur significant expense to provide Bryan with services from the PCFA for just one year is, in fact, specifically relevant to the DOE's defense that it acted in good faith, without any discriminatory intent, to at least attempt to satisfy its responsibility to provide Bryan with beneficial services. Accordingly, such evidence should be admissible, and Plaintiffs' request to bar evidence, testimony, argument and comment regarding the amount of money the DOE was prepared to spend on the PCFA program must be denied.

II. **DISCUSSION**

    A.   **The Conduct of the Plaintiffs Caused the DOE to Cease Attempts to Finalize a Contract with PCFA.**

In the Motion, Plaintiffs argue strenuously against the introduction of evidence of the PCFA proposal in part because it was never finalized. See Motion at p. 7. In making such arguments, however, Plaintiffs completely ignore their own role in the matter.

In the Motion, Plaintiffs attempt to blame the DOE for the lack of a final contract with PCFA. For support, Plaintiffs rely heavily on the testimony of Cara Entz and argue that "the DOE did nothing further to accept, reject or modify the proposal" from PCFA that was received on November 23, 2004. See Motion at p. 7. Plaintiffs entirely misstate the evidence and the circumstances surrounding the PCFA negotiations.

It is undisputed that "At Plaintiffs' insistence, the DOE hired a mainland company, Pacific Child and Family Associates, with expertise in servicing autistic children, to work with Bryan and his family." See Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding All Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations

for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion to Amend and/or Supplement the Record, filed herein on December 19, 2006 ("12/19/06 Order") at p. 50.

It is further undisputed that the PCFA submitted a proposal reflecting its willingness to service Bryan and his family. See 12/19/06 Order at p. 50. PCFA's services were not without cost. Plaintiffs admit that the proposal submitted by PCFA would cost the DOE one hundred ninety-one thousand six hundred seventy dollars ($191,670.00) for a one-year program. See 12/19/06 Order at p. 50. It is also undisputed that the DOE was ready, willing, and able to pay for these services. See 12/19/06 Order at p. 50; Declaration of Kate Tolentino dated March 10, 2006 ("Tolentino Dec.") attached hereto as Exhibit "A" at ¶ 7; Deposition of Kate Tolentino dated September 21, 2007 ("Tolentino Depo.") attached hereto as Exhibit "B" at 135:3-4 ("We were prepared to go ahead with the proposal."). As the Court found earlier in these proceedings, however, "In the midst of entering a contract for Pacific Child and Family Associates' services, **Plaintiffs relocated to the mainland.**" See 12/19/06 Order at p. 50-51 ("emphasis added"); Tolentino Dec. at ¶ 8; Tolentino Depo. at 138:15-16, 141:11-14. Plaintiffs' relocation to the mainland thus made the DOE's further pursuit of PCFA's services unnecessary and moot.

Plaintiffs should not be allowed to lay blame on the DOE for the lack of any finalized contract with PCFA when it was clearly Plaintiffs relocation to the mainland that specifically caused the DOE to cease further negotiations with PCFA. Plaintiffs' Motion should therefore be denied on those grounds.

### B.   A Denial of FAPE Does Not Equate to a Violation of Section 504 of the Rehabilitation Act.

To support their Motion, Plaintiffs also argue that the DOE should be precluded from introducing evidence of the $190,670.00 it was ready, willing, and able to expend to provide Bryan with services from PCFA for one-year because an Administrative Hearings Officer found that the DOE denied Bryan a FAPE.  See Motion at p. 3.  Plaintiffs thus essentially contend that a denial of FAPE, in and of itself, somehow establishes the existence of discriminatory intent in violation of section 504 of the Rehabilitation Act.  This contention is wholly unsupported by the applicable and relevant legal authority.

It is well-settled that a denial of FAPE under the Individuals with Disabilities in Education Act ("IDEA") **does not** equate to a violation of Section 504 of the Rehabilitation Act. In fact, Judge Gillmor specifically determined as much earlier in these proceedings:

> Despite the disagreement over when relief under Section 504 is available in the education context, a few issues are relatively clear.  **The mere denial of FAPE does not give rise to a Section 504 claim for**

> **money damages.** See <u>N.L. v. Knox County</u>, 315 F.3d 688, 695 (6th Cir. 2003). For the DOE to be liable for money damages under Section 504, **Plaintiffs must prove intentional discrimination, meaning it acted with "deliberate indifference".** See <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1139 (9th Cir. 2001).

See 12/19/06 Order at p. 31 (emphasis added).

Despite the clear language of the 12/19/06 Order, Plaintiffs now ignore and/or misapply the relevant law and seek to combine two different claims into one. An action for the denial of FAPE under the IDEA, however, is an independent and entirely different action from one arising from an alleged violation of Section 504 of the Rehabilitation Act. Cf. <u>Doe by Gonzales v. Maher</u>, 793 F.2d 1470 (9th Cir. 1986) (IDEA provides sole remedy for denial of FAPE).

Indeed, the focus of the IDEA is the appropriateness of the public education afforded special needs students. The Rehabilitation Act, on the other hand, focuses on **disability-based discrimination** against special needs students and it is intended to reach "grosser kinds of misconduct" than the IDEA. See <u>Timms v. Mtrop. Schl. Dist. of Wabash City, Indiana</u>, 722 F.2d 1310 (7th Cir. 1983). Plaintiffs cannot now avoid the heavy burden of proving disability-based discrimination and discriminatory intent by relying solely upon the finding of a denial of FAPE. See <u>Doe v. Arlington County School Board</u>, 41 F.

Supp.2d 599 (E.D. Va. 1999) (the standard of proving a Section 504 claim is "extraordinarily high").

Plaintiffs clearly misapply the relevant law to the facts and circumstances of this case. Plaintiffs' Motion should therefore be denied on that basis alone.

   C.   **The Evidence at Issue in this Motion is Relevant to the Determination of Whether the DOE Had the Requisite Intent to Support a Section 504 Claim.**

Contrary to what Plaintiffs would have this Court believe, evidence that the DOE was willing to expend a significant amount of money to supply Bryan with educational services from the mainland is relevant to support the DOE's defense against Plaintiffs' Section 504 claim.

The Ninth Circuit has instructed that compensatory damages under Section 504 are not available in the absence of a showing of discriminatory intent. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). In other words, compensatory damages are not available for **unintentional violations**. See id. at FN3. A finding of **good faith** on the part of the DOE would therefore preclude recovery under Section 504. See Midgett v. Tri-County Metropolitan Transportation District of Oregon, 254 F.3d 846 (9th Cir. 2001) (**good faith intention to comply** with the ADA precluded finding of deliberate indifference); Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in **good faith, believed that they were providing FAPE** (though it

turned out they were not), recovery under § 504 would be barred); Walker v. District of Columbia, 157 F. Supp.2d 11 (D. C. 2001) (plaintiffs' claim for compensatory damages under the Rehabilitation Act was without merit where the testimony of the child's teachers demonstrated a **good faith attempt** on the part of defendant to **provide the child with FAPE**).

In the present case, the evidence at issue in the Motion (i.e., evidence of the significant amount of funds the DOE was ready, willing and able to expend to provide services to Bryan from PCFA) is relevant to the jury's critical determination of the DOE's intent. That is, the evidence would assist the jury to determine: (1) whether the DOE acted with discriminatory intent, which would tend to support Plaintiffs' Section 504 claim, or (2) whether the DOE acted in good faith, which would tend to defeat Plaintiffs' Section 504 claim. To properly evaluate the existence of either discriminatory intent or good faith on the part of the DOE, the jury must be allowed to review and analyze, among other things, evidence regarding the services that were provided to Bryan, which includes the amount of funds that the DOE intended to expend, and the efforts the DOE was willing to undertake, to satisfy its responsibility.

The funds the DOE intended to expend on Bryan for PCFA services is significant, and evidences good faith by the DOE which would negate any finding of deliberate indifference or

prejudicial treatment of Bryan. Precluding the DOE from relying upon such evidence would be highly prejudicial to the DOE's defense. Plaintiffs' Motion to exclude such evidence should therefore be denied.

### III. CONCLUSION

For the foregoing reasons, the DOE respectfully requests that the instant motion be denied.

DATED: Honolulu, Hawaii, January 14, 2008.

   /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

- 10 -