```
395153.2
```
MARK J. BENNETT        #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM          #4391-0
GEORGE S. S. HOM       #2487-0
HOLLY T. M. SHIKADA    #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI       #2498-0
GREGG M. USHIRODA     #5868-0
LEIGHTON M. HARA      #7826-0
ROSS T. SHINYAMA      #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action) |
| Plaintiffs, | **DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #10 TO EXCLUDE PUBLISHED NEWS ARTICLES AND ANY REFERENCE TO THEM; CERTIFICATE OF SERVICE** |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | |
| Defendants. | |

```
                                  ) HEARING:
                                  ) DATE: January 24, 2008
                                  ) TIME: 10:00 a.m.
                                  ) JUDGE: Honorable Alan C. Kay
                                  )
                                  ) TRIAL: February 26, 2008
_____)
```

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #10 TO EXCLUDE PUBLISHED NEWS ARTICLES AND ANY REFERENCE TO THEM**

Defendant Department of Education ("Defendant"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits for this Court's consideration the following opposition to Plaintiffs' Motion in Limine #10 to Exclude Published News Articles and Any Reference to Them (hereinafter the "Motion").

In the Motion, Plaintiffs allege that Defendant was responsible for two news articles that were written by news reporter Nancy Cook Lauer (hereinafter "Reporter Lauer") and published on October 14, 2007, in the Hawaii Tribune Herald and West Hawaii Today. See Exhibits "A" and "B" attached to the Motion. Specifically, Plaintiffs accuse Defendant's counsel, namely Deputy Attorney General Holly Shikada and/or John Komeiji, Esq., of improperly contacting Reporter Lauer to have the news articles published. See Motion, at p. 10. In addition, Plaintiffs allege that defense counsel selectively provided information to Reporter Lauer so that the articles would show Defendant in a favorable light, and the Plaintiffs unfavorably. Id. Also, Plaintiffs claim that defense counsel are responsible

- 2 -

for the news articles being published on the eve of the original trial date in order to create favorable pretrial publicity for the defense in order to gain an unfair advantage.  Id.

The Motion seeks an order barring the introduction of the articles into evidence, as well as an instruction by the Court to defense counsel of their duties under the Rules of Professional Conduct.  The instant Motion is unnecessary because: (1) Defendant has not listed the subject news articles as trial exhibits; (2) Defense counsel never contacted Reporter Lauer; and (3) Defense counsel have not violated any rules of professional conduct.  Accordingly, the instant Motion is moot and should be denied.

One has to look no further than the news articles themselves to see that Plaintiffs' allegations that Defense counsel prompted the publication of the articles are not true.  The news articles clearly indicate that they were being published at that time in response to a United States Supreme Court ruling that was handed down just four days earlier.  The articles state in pertinent part:

> Action Wednesday by the U.S. Supreme Court could drive that cost even higher.  By a split 4-4 vote the court let stand a lower court ruling that the New York City public school system must pay the private school for disabled children, even if parents refuse to try public school programs first.
>
> The ruling does not set a precedent outside the three New England states in the Second

> Circuit. But it shows how the court might lean if it takes up a similar case that's already pending and could be considered as early as this week.
>
> Those cases - like the 1994 Felix consent decree that caused the sweeping changes in Hawaii - center around the 1975 Individuals with Disabilities Education Act. IDEA, as it's called, requires states to provide "free appropriate public education," or FAPE.

See Exhibits "A" and "B" attached to the Motion. The articles go on to discuss the Felix case and history of the State of Hawaii's compliance with IDEA. While the articles mention Plaintiffs and the instant litigation, it merely does so as an "illustration" of autism cases being the most controversial because they require the most intensive care. Id. Thus, it is clear from the articles themselves that Defendant and its counsel were not responsible for the publication of the articles, or its timing.

Despite this, Plaintiffs quote statements from the articles attributed to Deputy Attorney General Shikada and Attorney Komeiji and suggest that the statements were given by the attorneys directly to Reporter Lauer for purposes of the articles. See Motion, at pp. 4, 5. Again, the articles themselves clearly show this was not the case.

The articles clearly show that the statements attributed to Attorney Shikada were obtained by Reporter Lauer from publically accessible court files and documents and then paraphrased in the articles:

- 4 -

> Deputy Attorney General Holly Shikada **said in court documents** that circumstances beyond the control of the DOE, including the actions of Bryan's parents, prevented the consistent provision of services required by Bryan's individual education plan. **She said** the parents refused skills trainers and made unreasonable demands on those who did work with their son.

See Exhibits "A" and "B" attached to the Motion (emphasis added). It is obvious from the articles that Reporter Lauer also included other information that she obtained apparently from witness declarations and deposition transcripts attached to publically available court pleadings:

> Skills trainers, **in sworn testimony**, have described unsanitary conditions in the home, barred windows and locked doors. In addition, they said, they were required to do the family laundry while working with Bryan and had to baby-sit him while the rest of the family went to the beach.

Id.

Plaintiffs have also attempted to mislead this Honorable Court by suggesting that Attorney Komeiji has spoken directly to Reporter Lauer. The Motion states:

> The article in the Herald Tribune states that: "They have not pled retaliation before," Komeiji said. "This is the first time this new theory was raised."

See Motion, at p. 5. However, Plaintiffs have quoted the above statements out of context, as the articles actually state as follows:

> **John T. Komeiji**, a Honolulu attorney representing the DOE and former West Hawaii District Superintendent Alvin Rho, <u>**declined to talk about the case outside the courtroom**</u>. But [Komeiji] told Gillmor there's no proof of retaliation.
>
> "They have not pled retaliation before," Komeiji said. "This is the first time this new theory was raised."

<u>See</u> Exhibits "A" and "B" attached to the Motion (emphasis added). Thus, it is clear the statements attributed to Attorney Komeiji were made in open court to Judge Gillmor, and not in an interview with Reporter Lauer, as the Motion suggests.

Lastly, the Motion completely fails to mention that the articles also quote Plaintiffs' counsel making statements in support of their claims as follows:

> "It's a perfect example of why Felix was not the panacea that people thought it would be," said Bryan's attorney, Carl Varady. "It's disgraceful what happened to that kid."

<u>See</u> Exhibits "A" and "B" attached to the Motion. As you can see, Plaintiffs have completely taken the articles out or context and have attempted to mislead this Honorable Court in an attempt to gain the favor of this Court by painting Defendant and its counsel in an unfavorable light.

/
/
/
/

III. **CONCLUSION**:

Based on the foregoing, Defendant submits that Plaintiffs' Motion in Limine #10 to Exclude Published News Articles and Any Reference to Them be denied.

DATED: Honolulu, Hawaii, January 14, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants