395284.1
**MARK J. BENNETT**     #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**     #4391-0
**GEORGE S. S. HOM**     #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**     #2498-0
**GREGG M. USHIRODA**     #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | ) ) ) ) ) | CIVIL NO. CV 04-00442 ACK/BMK CIVIL NO. CV 05-00247 ACK/BMK CONSOLIDATED (Other Civil Action) |
| Plaintiffs, | ) ) | DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN |
| vs. | ) ) | OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 12 TO |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | ) ) ) ) ) | PERMIT PUBLICATION AND COMMENT TO THE JURY OF THE LETTER REGARDING LONO BEAMER'S LACK OF KNOWLEDGE OF ORIGIN OF E-MAIL SUBMITTED TO THE COURT |
| Defendants. | ) ) | FILED JANUARY 7, 2008; (continued) |

```
)   DECLARATION OF GREGG M.
)   USHIRODA; EXHIBITS "A"-"G";
)   CERTIFICATE OF SERVICE
)
)   HEARING:
)   DATE:  January 24, 2008
)   TIME:  10 a.m.
)   JUDGE: Honorable Alan C. Kay
)   TRIAL: February 26, 2008
)
)
```

DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 12
TO PERMIT PUBLICATION AND COMMENT TO THE JURY OF THE
LETTER REGARDING LONO BEAMER'S LACK OF KNOWLEDGE OF ORIGIN OF
E-MAIL SUBMITTED TO THE COURT FILED JANUARY 7, 2008

Comes now Defendants DEPARTMENT OF EDUCATION("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits the following memorandum in opposition to Plaintiffs' Motion in Limine No. 12 which seeks to allow Plaintiffs to publish and comment to the jury on a letter written by Lono Beamer, former counsel for Defendant DOE, concerning his lack of knowledge as to the origin of certain e-mails submitted to the court.  As Plaintiffs cannot establish the requisite evidentiary foundation for such irrelevant and prejudicial e-mails and because they lack the inherent guarantees of trustworthiness of documents which may be admissible without proper authentication testimony, Plaintiffs' motion must be denied and the e-mails should be excluded along with any commentary about the e-mails.

Plaintiffs' motion is a thinly veiled motion to reconsider and circumvent Judge Kurren's express order denying

- 2 -

their motion to compel the deposition of Lono Beamer on this specific issue. To placate Plaintiffs, Judge Kurren denied their motion but asked Defendants' to produce a letter from Mr. Beamer stating: 1) where he obtained the e-mail; 2) how he received the e-mail from JoAn Hill; and 3) to corroborate JoAn Hill's testimony that she gave the e-mails to him. See Order Denying Plaintiffs' Motion to Compel the Oral Deposition of Lono Beamer filed October 3, 2007, attached hereto as Exhibit "A". Mr. Beamer's responses conclusively established that there is no foundational basis for the e-mails in question as everyone believed the e-mails were authored by Michael Biehn.

Indeed, Mr. Beamer set forth that he received the e-mails from JoAnn hill and that they were from a person who purported to be "Michael Biehn". See Letter from Lono Beamer, Esq. to Gregg M. Ushiroda, Esq. dated September 28, 2007, attached hereto as Exhibit "B". Therefore, consistent with Judge Kurren's order and statement at the hearing that Mr. Beamer would not be deposed nor required to testify at trial, any evidence of the e-mails in question or the September 28, 2007 letter from Mr. Beamer should be excluded as they are irrelevant and prejudical to Defendants.

II. **ARGUMENT**

In the present case, Plaintiffs appear to be asking this court to allow them to refer to a September 28, 2007 letter

authored by Lono Beamer, which explains his lack of knowledge as to the identity of the individual purporting to be Michael Biehn who authored certain e-mails to Ms. JoAn Hill.  Plaintiffs also apparently seek to introduce into evidence numerous e-mails authored by the individual purporting to be Michael Biehn.  The e-mails were the result of an unsolicited e-mail exchange between Josephine ("JoAn") Hill, the former Temporary District Educational Specialist for West Hawaii, and the person purporting to be Michael Biehn.  Attached hereto as Exhibit "C" are the e-mails in question.

The e-mails in question arose in response to Plaintiffs' Motion for Temporary Restraining Order filed herein on July 29, 2004, a copy of which is attached hereto as Exhibit "D", without exhibits.  In their Motion for TRO, Plaintiffs sought, inter alia, to have this court order Defendant DOE to hire Christy Edwards, Bryan's former skills trainer.  See Exhibit "D" at 3.  Plaintiffs sought to also have Christy Edwards paid $40/hr. -the highest salary range for skills trainers- despite the fact that her qualifications only warranted $25/hr.  See Deposition of Josephine ("JoAn") A. Hill taken August 9, 2007 at 122:13-17; 131:16-25; and 132:1-21, attached hereto as Exhibit "E".

Defendant DOE filed an Opposition to Plaintiffs' Motion for TRO which illustrated Plaintiffs' unreasonable argument that

- 4 -

Christy Edwards, the skills trainer they sought to hire at the highest rate possible with minimal qualifications, was qualified to serve as a skills trainer for Bryan Wiles-Bond where people with similar or better credentials were wholeheartedly rejected by the family. See Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order filed July 29, 2004 at 16-18, attached hereto as Exhibit "F". Plaintiffs exhibited a consistent pattern of rejecting qualified personnel offered by Defendants, and then moved to have Christy Edwards -who is not ASL certified- forced onto Defendant DOE. Id. at 18.

At the August 5, 2004, hearing on Plaintiffs' Motion for TRO, Mr. Beamer presented redacted versions of the e-mails between JoAn Hill and Michael Biehn to the court, where Michael Biehn's name was redacted. See Exhibit "E" (Deposition of JoAn Hill) at 116:14-24. The subject matter of the e-mails contained information that Ms. Edwards was untruthful in her qualifications and that she was not qualified to serve as a skills trainer for Bryan Wiles-Bond. See generally Exhibit "C". Although Mr. Beamer attempted to introduce the e-mails into evidence in support of the Defendant's Opposition to Plaintiffs' Motion for TRO, Judge Gillmor ultimately rejected this request and refused to consider the e-mails. See Motion at 4. All of this was for naught, as Plaintiffs decided to withdraw their Motion for Temporary Restraining Order on February 9, 2005. See Plaintiffs'

Notice of Withdrawal of Motion for Temporary Restraining Order and Preliminary Injunction Against Defendants filed July 30, 2004, filed February 9, 2005 attached hereto as Exhibit "G".

As set forth in great detail, the e-mails are apparently about Bryan Wiles-Bond and provide information about Bryan Wiles-Bond's skills trainer, Christy Edwards. Specifically, the individual who corresponded with Ms. Hill stated that Ms. Edwards had previously made untrue statements concerning her employment history. The e-mails also provide an alleged Paypal password for Ms. Edwards.

During the entire time Ms. Hill corresponded with the individual who authored the e-mails in question, she did not know his/her identity and further corresponded in an attempt to obtain his/her identity. Neither Ms. Hill nor anyone involved in this case can identify the origins of the e-mail, the identity of the author, or how the author obtained what was allegedly confidential information concerning Ms. Edwards.

Specifically, testimony by Ms. Hill clearly sets forth that the author's identity remains a mystery. Ms. Hill testified that sometimes the author of the e-mail would spell his name as Michael Biehn or Beihn. See Deposition of JoAn Hill at 112:17-25;113:1-6, attached hereto as Exhibit "E". Ms. Hill received the e-mails from an individual named Mr. Biehn, but did not stop e-mailing him because she want to learn his identity. Exhibit

"E" at 119:23-25; 120:1-10.  Ms. Hill does not know who authored the e-mails in question aside from the fact that she received an unsolicited e-mail from an individual named Michael Biehn or Beihn.

Notwithstanding the mystery surrounding the history of the e-mails and their origins, the e-mails are also not relevant to Plaintiffs' "deliberate indifference" claims pursuant to Section 504 and should be excluded entirely.  Additionally, because the circumstances surrounding the e-mails are shrouded in mystery, Plaintiffs are unable to lay the necessary evidentiary foundations to guarantee the trustworthiness of the e-mails in question.  Therefore, the DOE moves this Honorable Court to preclude any reference to the e-mails in question, as the e-mails and such statements have no evidentiary foundation and are prejudicial to Defendants in the present case.

Further, Plaintiffs have not established how the introduction of the e-mails at a TRO hearing have in any way caused them any damages.  Although Plaintiffs argue that somehow the introduction of e-mails from Michael Biehn constitute retaliation by the DOE, they have not demonstrated that they were damaged by this action.

Indeed, Plaintiffs' admit that: 1) Judge Gillmor refused to even consider the e-mails (Motion at 4); and 2) when allowed to undertake discovery as to the e-mails, Plaintiffs

chose not to because they were focused on planning Bryan's program with Pacific Child and Family Associates (Motion at 4). Where the court in the underlying TRO proceeding failed to consider the e-mails, where Plaintiffs failed to pursue discovery on the e-mails, and where Judge Kurren ruled that Plaintiffs were precluded from deposing Mr. Beamer or having him testify at trial, Plaintiffs' Motion must be denied.

Granting Plaintiffs' motion and to accept Plaintiffs' arguments, would lead to inconsistent and absurd results. Extending Plaintiffs' logic would render any action that counsel for Defendant takes in defending this action a deliberate, retaliatory act. In fact by opposing Plaintiffs' Motion in Limine, Defendants, under Plaintiffs' logic, are engaging in a retaliatory action. This is simply ridiculous and will confuse the jurors and will waste counsel's and, more importantly, this Court's time with extraneous issues.

Additionally, Plaintiffs' argument that somehow, the e-mails in question demonstrate that the State or an agent of the State "hacked" into Plaintiffs' or Ms. Edwards' e-mail account, resulting in retaliation is unwarranted. Plaintiffs are unable to identify the author of the e-mails, much less establish that the author was an agent or acting at the direction of the State. For all the DOE knows, Mr. Bond or Ms. Wiles could have authored

the e-mails in an attempt to bolster their fabricated retaliation claims.

> A.  **The E-mails And Testimony Related Thereto Are Irrelevant To This Trial Should Be Precluded As A Matter of Law**

As Judge Kurren has already ruled on the substantive merits of Plaintiffs' motion in denying Plaintiffs' Motion to Compel the deposition of Lono Beamer, the e-mails in question are irrelevant to the issues at trial and should be precluded as a matter of law. See Exhibit "A", and Fed. R. Evid Rules 401 and 402 (2006). Plaintiffs have argued their apparent need to take the deposition of Mr. Beamer to determine the origin of the e-mails in question for chain of custody purposes with the hopes of introducing such evidence at trial. Judge Kurren summarily denied Plaintiffs' request to depose Mr. Beamer and as a result, Mr. Beamer is also precluded from being called as a witness at trial. Accordingly, the e-mails, with no proper evidentiary foundation should also be precluded as from evidence and trial.

Furthermore, the alleged statements made by the unidentified individual are hearsay and do not fall within any exception. The author of the e-mails is unknown, therefore, there is no evidentiary foundation which can be laid to ensure that the evidentiary guarantees of trustworthiness are present. There is absolutely no evidence that the author of the e-mail was

a State employee or that he/she was acting at the direction of the State.

As discussed at length in prior motions, it is clear that the circumstances surrounding the origins of the e-mails and the identity of the author remain a mystery. With such a flimsy foundational setting, such e-mails cannot be allowed into evidence to support Plaintiffs' retaliation claims.

Plaintiffs also seek to introduce the e-mails and commentary thereon to prove that "Mr. Beamer and Ms. Hill submitted them to the Court for consideration at a time when Defendant was facing a TRO" without knowledge of the origin of the e-mail. See Motion at 9. Plaintiffs' disingenuously seek to prejudice Defendants by fabricating a scenario where either Lono Beamer or Ms. Hill deliberately submitted a false e-mail, without having any knowledge of the author. This is simply not the case.

As described in her testimony and as set forth in his letter, both Ms. Hill and Mr. Beamer **believed that the author of the e-mails was Michael Biehn** as set forth in the "from" line of the e-mail text. It was only after Shelby Floyd produced a declaration from Michael Biehn, stating that he did not author the e-mails in question, that the parties determined that Mr. Biehn did not actually author the e-mail. Again, to this day, no one knows who authored the e-mails or why they were sent to Ms. Hill. Plaintiffs should not be allowed to use this bizarre and

- 10 -

irrelevant circumstance --which was in no way orchestrated by the Defendants as Plaintiffs repeatedly suggest- to prejudice Defendants.

    B.   **The E-mails Allegedly Authored By Michael Biehn Are Prejudicial**

Assuming that this Court finds that the alleged statements made by Mr. Biehn are somehow relevant to Plaintiffs' claims for Retaliation, the statements must still be precluded from evidence as they are prejudicial. Any probative value of the e-mail exchange between Ms. Hill and the mystery author, would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (2006).

There is a substantial danger that the jury, if allowed to perceive the e-mail exchange or testimony related thereto, may be confused or misled into sharing Plaintiffs' mistaken belief that the e-mails were somehow written at the direction of the State of Hawaii or authored by a State employee. Also, the DOE is prejudiced by such testimony as Ms. Hill --one of Defendants' 30(b)(6) representatives-- is unaware of the identity of the author of the e-mails and was never able to determine his identity. The DOE, therefore, is in the proverbial dark with respect to who authored the e-mail and is unable to cross-examine

or question the author on the reasons for issuing such an e-mail, which causes the DOE undue prejudice.

The unknown author of the e-mail has not been named by any party as a witness in this case and cannot be called forth to testify regarding the reasons for corresponding with Ms. Hill or the veracity of the information contained therein. It is far too late to identify and then add the e-mail author as a witness without unduly prejudicing the parties. Therefore, such evidence, even if admissible under HRE Rules 401 and 402, must be excluded pursuant to Rule 403.

III. CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court deny Plaintiffs' Motion in Limine No. 12, and preclude any and all reference to the e-mails authored by a certain unidentified individual claiming to be Michael Biehn.

DATED: Honolulu, Hawaii, January 14, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant