MARK J. BENNETT          2672
Attorney General

LONO P.V. BEAMER         6895
HOLLY T. SHIKADA         4017
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawai'i 96813
Telephone:  (808) 586-1255
Facsimile:  (808) 586-1488
Email address:  Lono.P.Beamer@hawaii.gov

Attorneys for Defendant

*FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII*

*AUG 0 3 2004*

*at 12 o'clock and 05 min. P M.
WALTER A.Y.H. CHINN, CLERK*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor )<br><br>Plaintiffs, )<br><br>vs. )<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i )<br><br>Defendant. ) | CIV. NO. CV04-00442 HG BMK<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER FILED JULY 29, 2004; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF JUDITH RADWICK; DECLARATION OF HOLLY T. SHIKADA; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>HEARING:<br>Date:    AUGUST 5, 2004<br>Time:    9:45 a.m.<br>Judge:   PRESIDING |

# EXHIBIT  F

# TABLE OF CONTENTS

|  |  | Page(s) |
|---|---|---|
| TABLE OF AUTHORITIES ............................................................ |  |  |
| I. | BACKGROUND ...................................................................... | 1 |
| II. | ARGUMENT ............................................................................ | 6 |
|  | A. THE INSTANT COURT LACKS SUBJECT MATTER JURISTICTION TO HEAR THE ABOVE REFERENCED MATTER ............................ | 6 |
|  | B. PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES ................................ | 6 |
|  | C. PLAINTIFFS ARE NOT AGGRIEVED ..................... | 12 |
| III. | STANDARD OF REVIEW FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER .................................................................................. | 13 |
| IV. | CONCLUSION ........................................................................ | 19 |

Witte v. Clark County School District, 197 F.3d 1271
    (9th Cir. 1999)..........................................................................11

## TABLE OF AUTHORITIES

<u>CASE</u>                                                                  <u>PAGES(S)</u>

<u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935,
     937 (9th Cir. 1987).................................................................13

<u>D.R. v. Bedford Board of Education</u>, 926 F. Supp. 47
     (Dist. Ct. New York 1996)..................................................... 7

<u>DOE v. Arizona Department of Education</u>, 111 F.3d 678
     (9th Cir. 1997)....................................................................... 8

<u>Kokkonen v. Guardian Life Ins.Co of Am.</u>, 511 U.S. 375, 114
     S. Ct. 1673, 1675-76 (1994) .................................................. 6

<u>Komninos v. Upper Saddle River Bd. of Educ.</u>,
     13 F.4d. 775, 778 (3rd Cir. 1994) ...........................................12

<u>Los Angeles Memorial Coliseum Comm'n v.
     Nat'l Football League</u>, 634 F.2d 1197, 1201
     (9th Cir. 1980)......................................................................13

<u>Miller v. Cal. Pac. Med. Ctr.</u>, 19 F.3d. 449
     (9th Cir. 1994)......................................................................13

<u>Polera v. BOE of the Newburgh Enlarged City
     School District</u>, 288 F.3d 478 (2nd Cir. 2002) ....................... 9

<u>Robb v. Bethel School District #403</u>, 308 F.3d 1047
     (9th Cir. 2002)......................................................................10

<u>Rose v. Yeaw</u>, 214 F.3d 206 (1st Cir. 2000)....................................11

<u>Topanga Press, Inc. v. City of Los Angeles</u>, 989 F.2d 1524,
     1528 (9th Cir. 1993), cert. Denied, 511 U.S.
     1030 (1994) ..........................................................................13

<u>Urban v. Jefferson County7 School District R-1</u>, 89 F.3d 720
     (10th Cir. 1996).....................................................................8

## STATUTES

### Federal

20 U.S.C. § 1415(b)(1)........................................................................... 6

20 U.S.C. § 1415 (g) ............................................................................ 7

20 U.S.C. § 1415(i)(2)(a) ....................................................................8

ADA of 1990 [42 U.S.C. § 12101 et seq.]                              8

Title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.]    8

34 C.F.R. 300.401(d)

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER FILED JULY 29, 2004

COMES NOW Defendant DEPARTMENT OF EDUCATION,

STATE OF HAWAII (hereinafter referred to as "Defendant"), by and through its

attorney undersigned, and hereby moves this Honorable Court for an order denying

Plaintiffs' motion for temporary restraining order in the instant action, as this

Honorable Court lacks subject matter jurisdiction to hear the instant matter.

This motion is made pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure and is supported by the attached memoranda,

declaration, and the files and records herein.

DATED:  Honolulu, Hawaii, March 25, 2004.

LONO P.V. BEAMER
HOLLY T. SHIKADA
Deputy Attorneys General

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

ANN KIMBALL WILES and           )
STANLEY BOND, individually      )
and as next friends of their son, )        MEMORANDUM IN SUPPORT
BRYAN WILES-BOND, a minor       )        OF MOTION
                                )
         Plaintiffs,            )
                                )
    vs.                         )
                                )
DEPARTMENT OF EDUCATION,        )
State of Hawai'i                )
                                )
         Defendant.             )
_____)

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.    BACKGROUND

        Defendants hereby move this honorable court for an order denying

Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunctive

Relief.  Plaintiff cannot meet their burden of showing 1) probable success on the

merits and irreparable injury; or 2) demonstrating sufficiently serious questions

going to the merits to make the case a fair  ground for litigation, with  the balance

of hardships  tipping decidedly in favor of the party requesting relief.  Also, this

Honorable Court lacks subject matter jurisdiction to hear the instant matter.

Notably, Plaintiffs raised the same motion (CIV. NO. CV04-00058 SOM BMK)

earlier.  The Honorable Judge Mollway expressed the problem of subject matter jurisdiction.  Plaintiffs' earlier motion for Preliminary Injunction and Temporary Restraining Order was subsequently withdrawn.  See Declaration of Counsel Further, Plaintiffs have acted unreasonably and without good faith with respect to the current action.

On January 9, 2004, Bryan's Individualized Education Program (herein referred to as "IEP") team, which included Bryan's parents, developed Bryan's current IEP.  Bryan's current IEP requires, in addition to other services, 1:1 adult instructional support during the school day for 6.5 hours (5.5 hours on Wednesday), after school for 4.5 hours (5.5 on Wednesday), and 6.0 hours per day on weekends, totaling 11 hours of 1:1 adult instructional support every school day.

On July 30, 2004, Plaintiffs filed this instant action alleging DOE's failure to provide a free appropriate public education (hereinafter referred to as "FAPE") and failure to provide the services as identified in Bryan's IEP. Pursuant to a Release and Settlement Agreement between the parties, dated July 1, 2002, Defendants have made vigorous efforts to provide necessary services to the student.  (see Exhibit "A")  Student's IEP, developed on January 9, 2004, requires 1:1 instructional support during the school day for 6.5 hours (5.5 hours on Wednesday), after school for 4.5 hours (5.5 on Wednesday), and 6.0 hours per day on weekends.  During the week, the student receives eleven hours of 1:1 services

per day.  Defendants have been in compliance with the above-referenced agreement up to approximately October 21, 2003 when their efforts were thwarted by the actions of Plaintiffs.

During the week of October 21, 2003, the Skills Trainer working with Bryan Wiles-Bond (hereinafter referred to as "the student") suffered a stroke that necessitated a medical leave from her duties.  Parents were contacted on November 4, 2003 with the names of two individuals who were able to service the student. (see attached Ex. B)  Plaintiff interviewed one of the individuals on November 8, 2003 and denied that person's services stating that they felt that person did not know enough about autism.  Id.   Plaintiffs were assured that that person's qualifications were similar to the student's then current Skills Trainer, with whom the student experienced marked success.  Id.   Plaintiffs still denied the services of this person.  Plaintiffs determined that the second person referred by Defendants did not even merit an interview with Plaintiff because that person was pregnant; likewise, this person was summarily dismissed by Plaintiff despite the fact that this person was then currently working very successfully with another similarly situated student at the same school.  Exhibit "C"

Subsequently, Plaintiffs were notified that The Institute for Family Enrichment (hereinafter "TIFFE"), through the efforts of Defendants, had secured the services of a gentleman who was ready and available to provide services to

the student. Plaintiffs summarily dismissed this gentleman citing their belief that he was too religious. Exhibit "C"

Defendants then secured the services of a Ms. Richi Stallard, who has since been dismissed by the Plaintiffs. Ms. Linda Price, Supervisor at TIFFE, reports that Ms. Stallard experienced many difficulties in trying to work with Plaintiffs, including but not limited to: 1) babysitting the student in the absence of either parent, while the student slept; and 2) being assigned household duties such as laundry and cooking over the weekends, while she worked on functional skills with the student. (see attached Declaration of Linda Price)

Ms. Linda Price also works with Child and Family Services ("CFS") to procure services for the student. Ms. Price reports that at least three potential service providers have refused to go into Plaintiffs' home because of two issues: 1) the area where student lives is filthy, the floor in one room is covered with urine and the other room, used for training, smells of urine as well; and 2) that the student is kept in an area that is downstairs and is isolated from the family; that he is locked in his room at night and urinates all over the room. Exhibit "C" The agency's ability to keep skills trainers for the afternoon and weekends is virtually impossible due to these conditions. Exhibit "C"

Ms. Price reports that, recently, two more skills trainers have been released by Plaintiffs. She further reports that Plaintiffs are currently considering

the services of yet another skills trainer to possibly provide services to the student. Exhibit "C" Ms. Price further details the fact that at least three potential substitutes have refused to provide services because of the unsanitary conditions and the unreasonable demands of Plaintiff.

Defendants have vigorously tried, and continue to try, to secure applicants to provide services to the student, including newspaper ads and flyers at the school. Defendants' efforts to secure services for the student in the absence of even reasonable cooperation on the part of Plaintiffs have been stifled.

Most recently as of August 2, 2004, yet another skills trainer, for reasons of unsanitary conditions and unreasonableness of Plaintiffs, has refused to work with this family any longer. See Declaration of Jo An Hill. Defendants procured the services of a person from Hawaii Behavioral Health to service the student and this person was refused by Plaintiffs. Id.

Defendants have advertised for applicants to work as a Skills Trainer with the student. See Exhibit "D" The pay scale for the position ranges from $20.00 to $40.00 per hour "based on experience." Exhibit "D" As a result of advertisements placed in the Honolulu Advertiser, Defendants presented Plaintiffs with seven potential service providers. There has been no response from Plaintiffs. Plaintiffs now say that they have found a person on their own to service

the student. Plaintiffs say they have found a Ms. Christy Edwards to service the student at the rate of $40.00 per hour.

At least six skills trainers have asked to be removed from the case because of the vile living conditions in the home. Plaintiffs have essentially fired or refused the services of the rest. All six skills trainers have refused work in the home for extended amounts of time because of the smell of urine and fecal matter that permeates the student's living area. Defendants are mandated by law to provide a hygienic environment for its employees and procured service providers.

## II.      ARGUMENT

### A.      THE INSTANT COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THE ABOVE REFERENCED MATTER

Federal courts may not interpret and enforce settlement agreements absent some independent federal jurisdictional basis for enforcing a contract between parties. Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 114 S.Ct. 1673, 1675-76 (1994). Neither the Federal Rules of Civil Procedure nor any statute give federal courts the inherent power to interpret and enforce settlement agreements, even those that pertain to litigation originally pending in federal courts, absent some independent basis of jurisdiction. See, 114 S.Ct. at 1675.

### B.      PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

The IDEA confers on disabled children and their parents the right to

have complaints resolved at a full adversary hearing before an impartial hearing

officer, under the auspices of the relevant state or local educational agency.  20

U.S.C. § 1415(b)(1).  When a complaint is heard initially at the local or regional

level, an appeal must be available at the state level.  20 U.S.C. § 1415(g).  The

IDEA permits aggrieved parties who are dissatisfied with the outcome of the

administrative process to "bring a civil action with respect to the complaint

presented  [to the agency]," either in state court or in federal district court.  20

U.S.C. § 1415(i)(2)(A).  Section 1415(l) provides:

> Nothing in this chapter shall be construed to restrict or limit the
> rights, procedures, and remedies available under the Constitution, the
> Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.],
> title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.],  or
> other Federal laws protecting the rights of children with disabilities,
> *except that before the filing of a civil action under such laws seeking*
> *relief that is also available under this subchapter, the procedures under*
> *subsections (f) and  (g) of this section shall be exhausted to the same extent*
> *as would be required had the action been brought under this subchapter.*
> (emphasis added.)

In <u>D.R. v. BEDFORD BOARD OF EDUCATION</u>, 926 F. Supp. 47

(Dist. Ct. New York 1996), the court determined that 1) the student's complaint

was legally insufficient to state a claim upon which relief could be granted, and 2)

that student's failure to comply with exhaustion requirement deprived District

Court of subject matter jurisdiction.  The student in that case sought private school

placement at public expense and failed to exhaust administrative remedies before

seeking judicial review at the appellate level. The court determined that failure to exhaust administrative remedies "deprived the district court of factual and legal records necessary to review any alleged violation, and thus of subject matter jurisdiction." Likewise, the Plaintiffs in the instant matter have failed to exhaust remedies at the administrative level. As a result, there is no administrative record on appeal for the instant court's review.

A plain review of the instant pleadings reveals that Plaintiffs have failed to exhaust their administrative remedies, opting instead to file this matter in this Honorable Court. Plaintiffs are seeking to avoid the above requirement of exhaustion. The Ninth Circuit Court in <u>DOE v. ARIZONA DEPARTMENT OF EDUCATION</u>, 111 F.3d 678 (9th Cir. 1997), determined that a party seeking to avoid the requirement of exhausting administrative remedies bears the burden of proof to show that such procedures are futile or inadequate. In the instant matter, Plaintiffs have failed to put forth any evidence that the mandated administrative process here is either futile or inadequate. This cannot be allowed.

The Court in <u>URBAN v. JEFFERSON COUNTY SCHOOL DISTRICT R-1</u>, 89 F.3d 720 (10th Cir. 1996), defined three exceptions to the exhaustion requirement: 1) when administrative remedies would be futile; 2) when administrative remedies would fail to provide relief; and 3) when an agency has adopted a policy or pursued a practice of general applicability that is contrary to

the law.  Unless the instant action falls within one of the exceptions detailed by the

Urban court, the instant Plaintiffs are not entitled to judicial review of their claims

absent exhaustion of their administrative remedies.  In their complaint, Plaintiffs

make no mention of futility with respect to the administrative process.  As a matter

of fact, Plaintiffs, in their complaint, failed to make any claim with respect to the

above-referenced exceptions to the rule of exhaustion.  Plaintiffs' complaint simply

alleges Defendants' failure to implement the student's IEP.  Without support,

documentary or otherwise, Plaintiffs use conclusory language to allege failures of

the Defendants.  Pointedly, Plaintiffs' current filing in the administrative hearing

process is nothing short of an admission that 1) administrative remedies would not

be futile; 2) that administrative remedies would provide  relief; and 3) that the

agency has not adopted a policy or  pursued a practice of general applicability that

is contrary to the law.  As the facts of the instant matter do not fall within any of

the exceptions to the rule of exhaustion, this Honorable Court lacks the subject

matter jurisdiction to hear this matter.

The court in POLERA v. BOE OF THE NEWBURGH ENLARGED

CITY SCHOOL DISTRICT, 288 F.3d 478 (2nd Cir. 2002), held that futility of

administrative exhaustion was not established merely by virtue of allegation that

the school district had failed to provide promised services; and that the exhaustion

requirement was not futile, since the real problem was lack of specificity in

student's individualized educational program rather than board's failure to carry out the IEP. Regarding the applicability of the exhaustion requirement, the court in Polera states:

> The exhaustion requirement prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes. Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, further development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children. Id. at 487.

Plaintiffs in the instant case allege simply that Defendant has failed to provide promised services. Under Polera, this simply is not enough to support an argument of futility. Furthermore, Polera went on to state that "the supposed slowness of the administrative process also does not justify a finding of futility." Id. at 490.

The court in ROBB v. BETHEL SCHOOL DISTRICT #403, 308 F.3d 1047 (9th Cir. 2002), held that when a Plaintiff has alleged injuries that could be redressed to *any degree* by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required. Similarly, the educational professionals and hearing officers who would evaluate claims under the IDEA in this matter may conclude that (a) adequate remedial services could be provided to the student or (b) that student does not require the intensity of services as detailed in the IEP. The first outcome would show that relief is available under the IDEA; the second

would provide information relevant to student's claims under the statutes other than the IDEA. In either event, pursuit of the administrative process would be fruitful rather than futile. Id. at 1047.

The court in WITTE v. CLARK COUNTY SCHOOL DISTRICT, 197 F.3d 1271 (9th Cir. 1999), determined that Plaintiffs in that matter were not required to exhaust the formal administrative processes of the IDEA. Witte is inapposite to the case at bar because in that case, Plaintiff's allegations centered around physical abuse and injury. Id. at 1276. The court in that case determined that the remedies available under the IDEA would not appear to be well suited to addressing past physical injuries adequately. Id. The instant case revolves around the provisions of services detailed in the student's current IEP; certainly within the realm of the IDEA and the administrative process.

The court in ROSE v. YEAW, 214 F.3d 206 (1st Cir. 2000), stands for the proposition that an exception to the exhaustion rule may be had when exhaustion will not only waste resources but will also work severe harm upon the litigant. The court in that case determined that the exception for "irreparable harm" is to be used sparingly. Id. at 212. The court went on to state that Plaintiffs

are required to provide affidavits from competent professionals along with other hard evidence that the child faces irreversible damage if relief is not granted. Id.

C.    PLAINTIFFS ARE NOT AGGRIEVED

The IDEA and its implementing regulations confer a right to sue on a party "aggrieved by the findings and decision" in the administrative process. Failure to allege or show oneself to be aggrieved results in lack of subject matter jurisdiction. See, KOMNINOS v. UPPER SADDLE RIVER BD. OF EDUC., 13 F.3d. 775, 778 (3rd Cir. 1994). Like the Plaintiffs in that case, the instant Plaintiffs (a) received all hearings and procedural safeguards they sought; (b) entered into amicable settlements; and through stipulation (c) obtained formal administrative judgments incorporating terms of settlement. Like the Plaintiffs in Komninos, the instant Plaintiffs are not aggrieved as defined through the statute. In both cases, the settlement agreements addressed all issues, and damages, over which the administrative hearing officer had jurisdiction. Plaintiffs in both cases did not contest the items within the settlements. The record in this matter is clearly absent, aside from conclusory allegations, of any evidence, through affidavit or otherwise, of any hard evidence to support Plaintiffs' claim of irreparable harm.

II.     STANDARD OF REVIEW FOR PRELIMINARY

INJUNCTION/TEMPORARY RESTRAINING ORDER

To obtain a preliminary injunction, a party must demonstrate either:
(1) probable success on the merits and irreparable injury; or 2) sufficiently
serious questions going to the merits to make the case a fair ground for litigation,
with the balance of hardships tipping decidedly in favor of the party requesting
relief. Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir.
1993), cert. Denied, 511 U.S. 1030 (1994). These two formulations are not
separate tests, but, rather, endpoints of a continuum in which the required degree
of irreparable harm increases as the probability of success on the merits decreases.
Miller v. Cal. Pac. Med. Ctr., 19 F. 3d 449 (9th Cir. 1994); Los Angeles Memorial
Coliseum Comm'n v. Nat'l Football League, 634 F. 2d 1197, 1201 (9th Cir. 1980).
At an "irreducible minimum," however, a plaintiff must demonstrate a fair chance
of success on the merits or questions serious enough to require litigation.
Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under
any formulation of the test, the moving party must demonstrate a significant threat
of irreparable injury.

III. ARGUMENT

Defendants are well aware, without qualification, of their obligations
under the IDEA and its implementing regulations. Defendants are also well aware

of their obligations under the July 1, 2002 Release and Settlement Agreement.

Defendants have been, and remain, steadfast in their commitment to service the

student. However, Defendants' efforts have been stifled by Plaintiffs' lack of

cooperation and unreasonable denials of service providers. Under the current

IEP, Defendants are responsible to the student for 11 hours a day during the week

and 6 hours a day on the weekend. Cooperation by Plaintiffs in this regard is

vital to any program individualized to meet the student's needs. This simply is

not happening.

Under the terms of the Release and Settlement Agreement between

the parties:

> Each of the Parties Agrees [sic] to <u>cooperate fully</u> and <u>act in good
> faith</u> by taking all necessary steps to give full force and effect to the
> basic terms and intent of this Agreement... (emphasis added)

Exhibit "A"

Although the particular service is within the purview of the State and parents,

parents do not have a right to demand a particular service provider. Under the

terms of the agreement, the DOE agreed that the pool of substitutes to service the

student shall be subject to Plaintiffs' "<u>reasonable</u> approval." (emphasis added)

(Exhibit A, Section IIA1e, page 4). Finally, equitable considerations, similar to

those detailed at 34 C.F.R. 300.402(d), demand that any determination as to

remedy in the instant matter take into consideration the actions of Plaintiffs.

Plaintiffs are in substantive breach of the instant agreement by way of their constant dismissals, refusals, and outright denials of persons proffered by Defendants to provide services for the student. Despite mandates within the instant agreement regarding the "reasonableness" of approval, Plaintiffs have dismissed potential substitutes for self-serving reasons. Actions of the Plaintiffs have gone so far as to negatively impact on Defendants' efforts to secure service providers in the future. These actions constitute evidence of the unreasonableness of Plaintiffs and speak volumes as to Plaintiffs' failure to act in good faith with respect to the instant agreement.

Plaintiffs are requesting this Honorable Court to issue an order restraining Defendants from failing to secure needed services to the student. Evidence detailed in Linda Price's declaration points to at least 5 persons refused or dismissed by Plaintiffs, with at least six individuals refusing to service the student because of unsanitary conditions and the unreasonable demands of Plaintiffs.

Plaintiffs have the burden of proving both probable success on the merits and irreparable harm. All of the Plaintiffs' arguments state that Defendants have "denied" services, and that Defendants have "refused" to comply with the mandates of the IDEA and the agreement between the parties. Defendants have never denied or refused services in compliance with the IEP, the

agreement or the IDEA. As the record indicates, every single applicant proffered by Defendants has been dismissed, denied or simply refused by Plaintiffs. Plaintiffs have actively interfered with the terms of the instant agreement at every turn. Now, through the instant motion, Plaintiffs have the nerve to attempt to make Defendants culpable for Plaintiffs' own misdeeds. Plaintiffs cannot now, after refusing and denying all service providers proffered by Defendants, turn around, claim no responsibility, and accuse Defendants of non-compliance.

Finally, Defendants respectfully submit that even if this Honorable Court finds in favor of Plaintiffs' instant motion, that order would have little, if any, impact on the relationship between the parties or the circumstances surrounding the instant matter. Defendants are already bound by the rules and implementing regulations of the IDEA as well as the terms of the Release and Settlement Agreement between the parties to provide services to the student. Defendants have vigorously tried, and continue to try, to provide necessary services to the student. Without at least reasonable cooperation of Plaintiffs, Defendants cannot provide necessary services to student.

Plaintiffs claim that the person currently working with the student is "grossly underqualified," as he is not certified in special education, has little experience in ASL and autism. Curiously, Plaintiffs now demands an order to hire a person not certified in special education and even less experience in ASL and

autism. Further Plaintiffs are demanding that Defendants pay this person the outrageous sum of $40.00 an hour. This cannot be allowed to happen. As detailed in Exhibit "D", Defendants have offered more applicants for consideration by Plaintiffs without response. The following is a brief description of the background of each:

- Debra Rusnak – Masters in Education, Bachelors in Speech Communication;

- Eva K. Space – Bachelors in Psychology, Fully credentialed to render services to client through State of Hawaii DOH/CAMHD, certified CPR through Red Cross, ABA trained;

- Pamela Kamei – Certified Skills Trainer with The Institute For Family Enrichment, 2 years, Autism experience in a variety of settings, Mental Health Coordinator for Department of Health;

- Kathryn A. Seall – Bachelors in Psychology, Personal Speech and Activity Therapist for autism,

- Renee H. Kraft – Bachelors in Paychology, Case Manager Denver Family Crisis Center, Staff at Children's Hospital of Denver;

- June Jones – Graduate Studies Psychology, 3.7 GPA, Bachelors in Behavioral psychology, residency credit hours with autistic children, A.A. in Psychology, Behavioral counselor regarding interventions for autistic and

PDD children, Discreet Trial teacher;

- Ward T. Glynn – certified OT, Therapeutic Aide.

Notably, this is only the most recent list of applicants offered to Plaintiffs.

Plaintiffs non response to the above applicants and their demand for Christy

Edwards is further evidence of Plaintiffs consistent pattern of rejecting qualified

personal offered by Defendants. Plaintiffs now claim that because Defendants

cannot find qualified people they should be allowed to hire a person who does not

even meet qualifications parents are claiming are required. It is entirely

unreasonable for Plaintiffs to demand a $40.00 per hour for a person with simply a

degree in the unrelated field of anthropology.

Throughout this and earlier litigation, Plaintiffs have demanded that

only persons with specific training in autism and ASL certification be involved

with servicing the student. To this end, Plaintiffs have refused services and

service providers claiming no specific autism experience and no ASL training.

Throughout the instant matter Defendants have offered numerous providers. Each

provider. Defendants have interviewed at least 60 applicants to fill the positions.

Plaintiffs have insisted on having service individuals that are both qualified in

Special Education Autism and American Sign Language. For these reasons,

Plaintiffs have fired or refused numerous applicants offered by Defendants.

Plaintiffs now want this Honorable Court to order that Christy Edwards, who

possesses none of these heretofor mandatory qualifications and is currently living with Plaintiffs, be hired to service student at the highest pay rate.

III.    CONCLUSION

For the reasons stated above, Defendant respectfully requests that Plaintiffs' instant motion be denied with prejudice. Further, Defendants respectfully request that this Honorable Court order that 1) Plaintiffs maintain the home, and the service area therein, in a sanitary manner, free of the smell and presence of urine and fecal matter, so as not to pose a health risk to service providers and aid in curtailing the high turnover rate in servicing this family; 2) Plaintiffs care for the student at home when he is ill, so as not to pose a health risk to providers; and 3) that Plaintiffs be bound by the "reasonableness" requirement of the agreement with respect to services provided to the child.

DATED:  Honolulu, Hawaii, August 2, 2004.

LONO P. V. BEAMER
HOLLY T. SHIKADA
Deputy Attorneys General

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor | ) ) ) ) | CIV. NO. CV04-00058 SOM BMK |
| | ) | |
| Plaintiffs, | ) ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) ) | |
| | ) | |
| DEPARTMENT OF EDUCATION, State of Hawai'i | ) ) | |
| | ) | |
| Defendant. | ) ) | |

_____ )

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document will be served upon the following individual by mailing the same to her, postage prepaid, at the following address on August 3, 2004:

SHELBY ANNE FLOYD, ESQ.
Alston Hunt Floyd & Ing
Carter Professional Center
65-1230 Mamalahoa Highway, Suite C-21
Kamuela, Hawaii  96743

Attorney for Plaintiff

_____
LONO P.V. BEAMER
HOLLY T. SHIKADA
Deputy Attorneys General

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor | ) ) ) ) ) | CIV. NO. CV04-00442 HG BMK **CERTIFICATE OF SERVICE** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was duly served upon the following party on this date, by facsimile, hand delivery or depositing said copy, postage prepaid, first class, in the United States Post Office, at Honolulu, Hawai'i, as indicated and addressed as set forth below:

1

|  | **Faxed** | **Mailed** | **Hand Delivered** |
|---|---|---|---|
| MARK W. BENNETT | ( ) | ( ) | ( **X** ) |

MARK W. BENNETT
Attorney General of Hawai‘i
HOLLY SHIKADA
Deputy Attorney General
235 S. Beretania Street, Room 304
Honolulu, Hawai‘i 96813

Attorneys for Defendants

Dated: Honolulu, Hawai‘i, July 29, 2004.

SHELBY ANNE FLOYD
MEI-FEI KUO
Attorneys for Plaintiffs

248081-1/6515-2                                    2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor | ) ) ) ) ) | CIV. NO. CV04-00442 SOM BMK<br><br>DECLARATION OF LONO P.V. BEAMER |
|        Plaintiffs, | ) ) | |
|        vs. | ) ) | |
| DEPARTMENT OF EDUCATION, State of Hawai'i | ) ) ) | |
|        Defendant. | ) ) ) ) ) ) ) ) | |

<u>DECLARATION OF LONO P.V. BEAMER</u>

I, LONO BEAMER, pursuant to 28 U.S.C. § 1746, declare that:

1.  Declarant is an attorney licensed to practice in Hawaii, and employed as a deputy attorney general by the Department of the Attorney General, State of Hawaii.

2.  The Declarations of Jo An Hill, Linda Price and Kelly Stern attached to Defendant's Motion to Dismiss are true and complete copies of the original.

3.    The original declarations will be filed with the Court upon receipt by Declarant's office.

4.    Attached as Exhibit "A" is a true and correct copy of the Release and Settlement Agreement at issue in this matter.

5.    Attached as Exhibit "D" is a true and correct copy of the most recent applicants, with resumes, offered to Plaintiffs.

6.    Notably, Plaintiffs raised the same motion (CIV. NO. CV04-00058 SOM BMK) earlier.  The Honorable Judge Mollway expressed the problem of subject matter jurisdiction.  Plaintiffs' earlier motion for Preliminary Injunction and Temporary Restraining Order was subsequently withdrawn.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2004, at Honolulu, Hawaii.

_____
LONO P.V. BEAMER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

ANN KIMBALL WILES and )    CIV. NO. CV04-00058 SOM BMK
STANLEY BOND, individually )
and as next friends of their son, )
BRYAN WILES-BOND, a minor )    CERTIFICATE OF SERVICE
)
   Plaintiffs, )
)
  vs. )
)
DEPARTMENT OF EDUCATION, )
State of Hawai'i )
)
   Defendant. )
_____ )

CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document will be served upon

the following individual by mailing the same to her, postage prepaid, at the

following address on August 3, 2004:

     SHELBY ANNE FLOYD, ESQ.
     Alston Hunt Floyd & Ing
     Carter Professional Center
     65-1230 Mamalahoa Highway, Suite C-21
     Kamuela, Hawaii  96743

     Attorney for Plaintiff

        _____
        LONO P. V. BEAMER
        HOLLY T. SHIKADA
        Deputy Attorneys General