395195.1
**MARK J. BENNETT**       #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**         #4391-0
**GEORGE S. S. HOM**      #2487-0
**HOLLY T. M. SHIKADA**   #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**      #2498-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>       Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>       Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #13 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT, AND COMMENT CONCERNING THE CHARACTER OF STANLEY BOND OR ANN KIMBALL WILES; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"; CERTIFICATE OF SERVICE** |

```
                              ) HEARING:
                              ) DATE:  January 24, 2008
                              ) TIME:  10:00 a.m.
                              ) JUDGE: Honorable Alan C. Kay
_____) TRIAL: February 26, 2008
```

**DEFENDANT DEPARTMENT OF EDUCATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #13
TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING
THE CHARACTER OF STANLEY BOND OR ANN KIMBALL WILES**

Comes now Defendant DEPARTMENT OF EDUCATION("DOE") by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Memorandum in Opposition to Plaintiffs' Motion in Limine # 13 to Exclude Evidence, Testimony, Argument, and Comment Concerning the Character of Stanley Bond or Ann Kimball Wiles (hereinafter "Plaintiffs' MIL No. 13").

I.  **INTRODUCTION**

Plaintiffs ANN KIMBALL-WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND ("Bryan"), a minor (collectively "Plaintiffs"), have brought this lawsuit against the DOE seeking money damages under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). Plaintiffs allege that the DOE violated Section 504 by intentionally discriminating against Bryan solely by reason of his disability and/or retaliating against Plaintiffs in direct response to Plaintiffs' advocacy for Bryan's special education needs.

By the present motion, Plaintiffs seek to exclude evidence, testimony, argument and comment concerning the

character of Stanley Bond or Ann Kimball Wiles (collectively "Parents"). Plaintiffs argue that evidence of Parents' character should be excluded pursuant to Federal Rules of Evidence Rule 404(b). Moreover, Plaintiffs argue that the character of the Parents are not at issue in the present case, and therefore any evidence of this sort is inadmissible because it is not relevant. Alternatively, Plaintiffs argue that if the Court were to find such evidence relevant, any probative value is outweighed by unfair prejudice.

As more fully set forth below, the DOE is not offering evidence of the Parents' character "to show action in conformity therewith." Rather, such character evidence is being offered to prove that Bryan was denied a FAPE for reasons exclusive of any alleged intentional discrimination and/or retaliation. Moreover, evidence of Parents' character is highly relevant to the determination of whether the fact that various skills trainers asked to be removed from Bryan's case was indeed the reason, or part of the reason, why Bryan was denied a FAPE. Furthermore, admitting evidence concerning Parents' character will not unfairly prejudice Plaintiffs; on the contrary, exclusion of such evidence will unfairly prejudice the DOE. As a result, Plaintiffs' MIL # 13 should be denied.

## II. ARGUMENT

### A. Evidence of Parents' character is not being offered to show "action in conformity therewith."

In support of their motion, Plaintiffs cite in a footnote Federal Rules of Evidence Rule 404 (b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed . R. Evid. 404(b). Here, the DOE does not offer evidence of the Parents' character to prove "action in conformity therewith." Rather, the DOE is offering evidence of Parents' character to explain why various skills trainers asked to be removed from Bryan's case. As a result, this argument fails.

### B. Evidence of Parents' character is highly relevant.

Federal Rules of Evidence Rule 402 provides that "**[a]ll relevant evidence is admissible**. . . . Evidence which is not relevant is not admissible. Fed. R. Evid. 402 (emphasis added). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Clearly, evidence of Parents' character is highly relevant to show that Bryan was denied a FAPE because of reasons exclusive of any alleged intentional discrimination and/or

retaliation. Even this Court recognized that "some of Defendants' failures may have been attributable to . . . Plaintiffs' own actions." See December 2006 Order at 52, attached as Exhibit "A". As a result, evidence of this sort is highly relevant and should be admissible at trial.

Plaintiffs cite to <u>Union School District v. Smith</u>, 15 F.3d 1519, 1526 (9th Cir. 1994) for the proposition that a school district cannot "escape its obligation" under the IDEA by arguing that the parents of a disabled child were obstinate or unwilling to accept it. Plaintiffs use of <u>Union School District</u> in support of their claim that evidence of Parents' character is not relevant is futile. First, this is not an IDEA case. See Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings, et al. filed December 19, 2006 ("December 2006 Order") at 29-30 (recognizing that there is a difference between IDEA claims and Section 504 claims), attached as Exhibit "A"; <u>see also</u> <u>Sch. Dist. of Wisconsin Dells v. Z.S.</u>, 184 F. Supp. 2d 860, 884 (W.D. Wis. 2001)(citation omitted)(stating that Section 504 "reaches grosser kinds of misconduct than the IDEA"). Second, the issue in the present case is not whether or not the DOE fulfilled its obligation to provide Bryan a FAPE; rather the ultimate issue is whether the DOE's failure to provide Bryan a FAPE was a result of intentional discrimination and/or retaliation. As this Court has already

recognized, "there is no private right of action to enforce Section 504's regulations which contain provisions similar to IDEA, **such as the requirement that a child receive a FAPE**." See December 2006 Order at 30, attached as Exhibit "A". Indeed, it is telling that in both cases cited by Plaintiffs in support of their motion, <u>Union School District</u> and <u>Amanda J. v. Clark County School District</u>, 267 F. 3d 877 (9th Cir. 2001), there is no mention of "deliberate indifference," "bad faith," or "gross misjudgment." As a result, Plaintiffs' reliance on the above caselaw is unfounded.

In sum, evidence of Parents' character is highly relevant to the issue of whether the DOE acted with "deliberate indifference," "bad faith," or "gross misjudgment." Such evidence will clearly help the jury to determine whether or not Bryan's denial of a FAPE was a result of intentional discrimination and/or retaliation, or reasons exclusive of any alleged intentional discrimination and/or retaliation.

    **C.    Admitting evidence concerning Parents' character will not unfairly prejudice the Plaintiffs.**

Admitting evidence concerning Parents' character at trial will not unfairly prejudice the Plaintiffs. Clearly, the high probative value of evidence concerning Parents' character significantly outweighs any risk, if any, of unfair prejudice.

On the contrary, excluding evidence of Parents' character at trial would unfairly prejudice the DOE. This Court has already found that the DOE failed to provide Bryan a FAPE. See December 2006 Order at 49, attached as Exhibit "A". This Court, however, has recognized that "[t]here is a material factual dispute as to whether Defendants acted in bad faith and with deliberate indifference." See December 2006 Order at 51, attached as Exhibit "A". As a result, any evidence that shows that Bryan was denied a FAPE for reasons exclusive of any alleged intentional discrimination and/or retaliation is relevant. To find otherwise would deprive the DOE of an essential defense, and would present the jury with only one side of the story. Such a result would clearly subject the DOE to unfair prejudice.

### III. CONCLUSION

Based on the foregoing, the DOE respectfully requests that this honorable Court deny Plaintiffs' Motion In Limine # 13 to Exclude Evidence, Testimony, Argument, and Comment Concerning the Character of Stanley Bond or Ann Kimball Wiles.

DATED: Honolulu, Hawaii, January 14, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA
Attorneys for Defendants