395151.3

**MARK J. BENNETT     #2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM      #4391-0**
**GEORGE S. S. HOM     #2487-0**
**HOLLY T. M. SHIKADA #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI      #2498-0**
**GREGG M. USHIRODA     #5868-0**
**LEIGHTON M. HARA     #7826-0**
**ROSS T. SHINYAMA     #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>        Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #14 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING COLLATERAL SOURCES; CERTIFICATE OF SERVICE** |

)  **HEARING:**
)  DATE: January 24, 2008
)  TIME: 10:00 a.m.
)  JUDGE: Honorable Alan C. Kay
)
)  **TRIAL:** February 26, 2008
)

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE #14 TO EXCLUDE EVIDENCE, TESTIMONY,
ARGUMENT AND COMMENT CONCERNING COLLATERAL SOURCES**

Defendant DEPARTMENT OF EDUCATION ("DOE"), by and

through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby

submits the following Memorandum in Opposition to Plaintiffs'

Motion in Limine #14 to Exclude Evidence, Testimony, Argument and

Comment Concerning Collateral Sources, filed on January 7, 2007

(the "Motion").

I.    **INTRODUCTION:**

Plaintiffs seek to exclude the introduction of any

evidence concerning "collateral sources of funding or argument

that social legislation payments discharge any liability or

obligation of Defendant in the instant case."  See Motion at p.

3.  As set forth more fully below, evidence of the availability

of government subsidized services for Bryan Wiles-Bond's current

and future care are not barred by the "collateral source rule"

and so the instant Motion should be denied.

II.   **DISCUSSION:**

The collateral source rule does not bar the

introduction of evidence of the availability of public services

- 2 -

for Bryan Wiles-Bond because: (1) The available public services
in question will not reduce the DOE's liability in this case
since Bryan is no longer in Hawaii and so the DOE no longer has
any responsibility to provide Bryan Wiles-Bond with any such
services; and (2) the application of the collateral source rule
is limited to those benefits earned in some way by the
Plaintiffs.

### A.   The Collateral Source Rule Does Not Apply To Bar Evidence Of The Availability Of Government Benefits For Bryan's Future Care

Under Hawaii's definition of the collateral source
rule, "a **tortfeasor** is not entitled to have **its liability** reduced
by benefits received by the plaintiff from a source wholly
independent of and collateral to the tortfeasor." Sam Teaque,
Ltd. v. Hawaii Civil Rights Commission, 89 Hawaii 269, 971 P.2d
1104 (1999)(emphasis added).  Thus, the collateral source rule
applies only to payments made by someone other than the defendant
to satisfy damages for which the defendant is liable.

Plaintiffs claim that Bryan Wiles-Bond, who has autism,
has been permanently damaged as a result of the DOE's failure to
provide him with trained and consistent skills trainers.  As a
result, Plaintiffs are seeking damages for the cost of Bryan
Wiles-Bond's future residential and educational needs.  However,
for the reasons set forth in Defendant's Motion in Limine to
Exclude Evidence of Bryan Wiles-Bond's Economic Damages, filed on

- 3 -

January 7, 2008, and for the reasons listed herein, the DOE is not liable for the cost of Bryan Wiles-Bond's future services and so the government services in question cannot be deemed collateral sources of payment that would reduce any liability of the DOE.

It is undisputed that prior to coming to Hawaii, Bryan Wiles-Bond required assistance as an autistic individual in terms of education, general health and wellness. Before coming to Hawaii, Bryan Wiles-Bond received these services at little or no cost from the State of Florida and the State of Maryland while residing in those states. Bryan Wiles-Bond required residential and educational services during his residency in Hawaii. Bryan Wiles-Bond is currently living in California and continues to require residential and educational services paid for by the State of California. Thus, Bryan Wiles-Bond has required a significant level of home and educational services for his severe autism, and will continue to require these services. Given Bryan Wiles-Bond's condition, he would undoubtedly still have an ongoing need for these services even if he never came to Hawaii and so the cost of these services are not recoverable damages resulting from any wrongful conduct of the DOE. Rather, Bryan Wiles-Bond's ongoing need for these services results from his autism, which pre-existed his being in Hawaii.

- 4 -

It is well-settled that plaintiff may not recover for injuries or a disabilities that would have resulted from the natural progression of a preexisting condition. <u>See</u> <u>The Sweet Milk Co. v. Stanfield</u>, 353 F.2d 811, 813 (9th Cir. 1965) (recognizing that individual is not liable for pre-existing disability and is only liable to the extent of the aggravation of such); <u>Montalvo v. Lapez</u>, 77 Haw. 282, 300, 884 P.2d 345, 363 (Haw. 1994) (noting that jury must apportion damages if plaintiff's pre-existing condition was not fully resolved or not dormant or latent at the time of the subject incident) ; <u>see also</u> Hawaii Standard Jury Instruction No. 7.3 ("if you find that plaintiff(s) was/were not fully recovered and that the pre-existing injury or condition was not latent at the time of the subject incident, you should make an apportionment of damages by determining what portion of the damages is attributable to the preexisting injury or condition and limit your award to the damages attributable to the injury caused by defendant(s)"); and California Standard Jury Instruction BAJI 14.65 (2005) ("[a] person who has a condition or disability at the time of an injury is not entitled to recover damages therefor.").

In this case, Plaintiffs cannot prove any damages resulting from the alleged wrongful acts or omissions of the DOE. **<u>Certainly, the DOE did not cause Bryan's autism.</u>** At best, Plaintiffs' claim is more accurately that Bryan Wiles-Bond

suffered a set-back in his condition or progress which now requires additional or different services. However, even if this were true, once Bryan Wiles-Bond moved to California, any claim against the DOE for damages due to inadequacy of services provided would cease. From that point on, California would be obligated under the Individuals with Disabilities Education Act ("IDEA") to provide Bryan Wiles-Bond with Free and Appropriate Public Education ("FAPE"), as well as appropriate residential and health services, no matter what condition Bryan Wiles-Bond was in. Thus, if Bryan Wiles-Bond now requires additional or different services, those services must be provided by the State of California. To the extent Bryan Wiles-Bond is not currently being provided with necessary services, Plaintiffs might have a claim against the California educational system; not the DOE.

Therefore, since the DOE is not liable for the cost of Bryan Wiles-Bond's future residential and educational needs, the government benefits available to satisfy these future needs do not constitute a collateral source of payment. Thus, evidence of the availability of these government services are not barred by the collateral source rule. Accordingly, the DOE should be permitted to introduce evidence that Bryan Wiles-Bond's current needs are being provided to him by the State of California, and that such benefits will be available to Bryan Wiles-Bond in the future. Moreover, this evidence is necessary so that the jury is

not mislead into believing that Bryan Wiles-Bond requires a
damages award in order to receive these services.

      B.     **The Collateral Source Rule Does Not Apply To The
Government Benefits In Question Because The Benefits
Are Free And Available To Anyone With Bryan Wiles-
Bond's Condition**

      While the Hawaii appellate courts have addressed the
application of the collateral source rule only with regard to
past benefits received (e.g., workers compensation and
unemployment benefits), other jurisdictions have ruled that the
collateral source rule does not preclude evidence that a
plaintiff was eligible to receive public benefits with regard to
the issue of future damages.

      In <u>Florida Physician's Insurance Reciprocal v.
Stanley</u>, 452 So.2d 514 (1984), the Supreme Court of Florida ruled
that "evidence of free or low cost services from governmental or
charitable agencies available to anyone with specific
disabilities" was admissible on the issue of future damages.  In
so ruling, the court held:

> We believe **the common-law collateral source
> rule should be limited to those benefits
> earned in some way by the plaintiff**.
> **Governmental or charitable benefits available
> to all citizens, regardless of wealth or
> status, should be admissible for the jury to
> consider in determining the reasonable cost
> of necessary future care**.  Keeping such
> evidence from the jury may provide an
> undeserved and unnecessary windfall to the
> plaintiff.

- 7 -

Id., 452 So.2d at 515 (emphasis added).  The Stanley Court

explained the rationale for its holding as follows:

> [T]he policy behind the collateral source
> rule simply is not applicable if the
> Plaintiff has incurred no expense,
> obligation, or liability in obtaining the
> services for which he seeks compensation.
> This is further made apparent upon comparison
> of the present case with a situation in which
> the collateral source rule is frequently
> applied, that of the defendant who seeks a
> reduction of damages because the plaintiff
> has received insurance benefits.  It is a
> well-settled rule of damages that the amount
> recoverable for tortious personal injuries is
> not decreased by the fact that the injured
> party has been wholly or partly indemnified
> for the loss by proceeds from accident
> insurance where the tortfeasor did not
> contribute to the payment of premiums of such
> insurance.  This rule is usually justified on
> the basis that the wrongdoer should not
> benefit from *the expenditures made by the
> injured party* in procuring the insurance
> coverage.  In a situation in which the
> injured party incurs no expense, obligation,
> or liability, we see no justification for
> applying the rule.

Stanley, 452 So.2d at 515-16 (quoting Perterson v. Lou Bachrodt

Chevrolet Co., 76 Ill.2d 353, 362-63, 392 N.E.2d 1, 5 (1979))

(internal quotation marks and citations omitted).

    The Stanley Court also cautioned that applying the

collateral source rule to benefits for which the plaintiff has

incurred no expense would operate would go beyond the purpose of

compensatory damages by operating as a windfall to the plaintiff,

and serve to punish the defendant.

The purpose of compensatory tort damages is to compensate; it is not the purpose of such damages to punish defendants or bestow a windfall upon plaintiffs. **The view that a windfall, if any is to be enjoyed, should go to the plaintiff borders too closely on approval of unwarranted punitive damages, and it is a view not espoused by our cases**.

Id. 452 So.2d at 516 (quoting Perterson v. Lou Bachrodt Chevrolet Co., 76 Ill.2d 353, 362-63, 392 N.E.2d 1, 5 (1979)) (internal quotation marks and citations omitted) (emphasis added).

Similarly, in Washington v. Barnes Hospital, 897 S.W.2d 611 (Missouri S.Ct. 1995), the Supreme Court of Missouri, sitting en banc, ruled that the collateral source rule did not prohibit defendant from introducing evidence that plaintiff was entitled to a free public special education after the plaintiff introduced evidence that special private schooling expenses would be required. Id., 897 S.W.2d at 621.

In this case, Plaintiffs are requesting future damages in the form of a life care plan for Bryan Wiles-Bond that would require the DOE to pay for, among other things, residential and educational service. However, these and many other services are already available to Bryan Wiles-Bond (and others with his disability) free of charge from the California. Based on the foregoing, the collateral source rule does not apply in this case to preclude DOE from introducing evidence that Bryan Wiles-Bond is eligible to receive services from the State of California and therefore will not suffer the damages that Plaintiffs are

- 9 -

claiming.  Applying the collateral source rule here would not only give Plaintiff a windfall and double recovery, but would also serve to punish the DOE.  The Supreme Court of the United States has held that punitive damages are not allowed in 504 actions.  See Barnes v. Gorman, 536 U.S. 181, 122 S.Ct. 2097 (2002).  Accordingly, the instant Motion should be denied.

## III. CONCLUSION:

Based on the foregoing, the DOE submits that Plaintiffs' Motion in Limine #14 to Exclude Evidence, Testimony, Argument and Comment Concerning Collateral Sources be denied and that Defendant be allowed to present evidence that Bryan Wiles-Bond will be provided with appropriate services paid in whole, or in part, by the State of California.

DATED: Honolulu, Hawaii, January 14, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant