395139.1
**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**        #4391-0
**GEORGE S. S. HOM**     #2487-0
**HOLLY T. M. SHIKADA**  #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**      #2498-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>        Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #15 TO PROHIBIT ANY CLAIM THAT TRYING TO PROVIDE A FAPE CONSTITUTES A DEFENSE TO DELIBERATE INDIFFERENCE; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"; CERTIFICATE OF SERVICE |

```
                                    )  HEARING:
                                    )  DATE:   January 24, 2008
                                    )  TIME:   10:00 a.m.
                                    )  JUDGE:  Honorable Alan C. Kay
                                    )  TRIAL:  February 26, 2008
_____)
```

## DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #15 TO PROHIBIT ANY CLAIM THAT TRYING TO PROVIDE A FAPE CONSTITUTES A DEFENSE TO DELIBERATE INDIFFERENCE

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE") by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Memorandum in Opposition to Plaintiffs' Motion in Limine # 15 to Prohibit Any Claim that Trying to Provide a FAPE Constitutes a Defense to Deliberate Indifference filed on January 7, 2008 (hereinafter "Plaintiffs' MIL No. 15").

## I. INTRODUCTION

Plaintiffs ANN KIMBALL-WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND ("Bryan"), a minor (collectively "Plaintiffs"), have brought this lawsuit against the DOE seeking money damages under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). Plaintiffs allege that the DOE violated Section 504 by intentionally discriminating against Bryan solely by reason of his disability and/or retaliating against Plaintiffs in direct response to Plaintiffs' advocacy for Bryan's special education needs.

By the present motion, Plaintiffs seek to preclude the DOE from introducing at trial any evidence and/or argument claiming that the DOE "tried" to address Bryan's needs, thus constituting a defense to "deliberate indifference." Specifically, Plaintiffs seek to prohibit the DOE from introducing evidence and/or argument relating to "lack of funds and/or trained personnel." Plaintiffs argue that evidence and/or argument of this nature should be excluded because it is irrelevant; or alternatively, even if it is relevant, it is unfairly prejudicial and is substantially likely to mislead the jury.

As more fully set forth below, Plaintiffs' MIL No. 15 mistakenly relies on an incomplete description of the legal framework applicable to the present case. Furthermore, Plaintiffs fail to fully articulate their burden of proof in this case. Nonetheless, it is clear that Plaintiffs have the burden to prove, <u>inter</u> <u>alia</u>, that the DOE acted with an "deliberateness" and in "bad faith." Clearly, evidence and/or argument that the DOE made good faith efforts to provide Bryan with a FAPE are highly relevant to these issues. Likewise, evidence and/or argument relating to circumstances facing the DOE, outside of any alleged intentional discrimination and/or retaliation, that contributed to and/or caused the alleged failure to provide Bryan

with all the educational and related services he was entitled to as a disabled individual are equally relevant.

Moreover, it is clear that evidence and/or argument of this nature is not unfairly prejudicial and will not mislead the jury. On the contrary, to exclude such evidence and/or argument from trial would improperly invade the province of the jury as the ultimate trier of fact. Justice demands that the jury be permitted to hear all fair argument as well as all relevant evidence from both parties. As a result, Plaintiffs' MIL No. 15 must be denied.

## II. ARGUMENT

### A. Plaintiffs mistakenly rely on an incomplete legal framework.

In Plaintiffs' MIL No. 15, Plaintiffs mistakenly rely on an incomplete legal framework. Plaintiffs point out that an ultimate issue at trial is whether or not the DOE acted with "deliberate indifference." Plaintiffs also point out that this standard of "deliberate indifference" requires, inter alia, that the DOE's action or inaction be "more than negligent, and involve[] an element of deliberateness." Plaintiffs, however, fail to mention that, in addition to a showing of "deliberate indifference," Plaintiffs must prove "bad faith" or "gross misjudgment." See Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings, et

al. filed December 19, 2006 ("December 2006 Order") at 32, 51, attached as Exhibit "A".

Further evidence of Plaintiffs confusion as to the proper legal framework in this case is shown by their lengthy discussion of the Individuals with Disabilities Education Act ("IDEA"). This, however, is a Section 504 case, not an IDEA case. Therefore, because Section 504 "reaches grosser kinds of misconduct than the IDEA," Sch. Dist. of Wisconsin Dells v. Z.S., 184 F. Supp. 2d 860, 884 (W.D. Wis. 2001)(citation omitted), Plaintiffs must prove more than the mere denial of a FAPE. See December 2006 Order at 31, attached as Exhibit "A". As a result, Plaintiffs' assertion that the evidence and/or argument in question should be prohibited because the DOE "was legally bound to provide appropriate services to Bryan regardless of cost" is futile.

    B.    **The evidence and/or argument that Plaintiffs seek to exclude are highly relevant to the issues of "deliberate indifference" and "bad faith."**

In the December 2006 Order, this Court stated "[t]here is a material factual dispute as to whether Defendants acted in bad faith and with deliberate indifference in failing to provide the services to Bryan." See December 2006 Order at 51, attached as Exhibit "A". As a result, evidence and/or argument concerning good faith efforts made by the DOE to provide Bryan with a FAPE are highly relevant. Likewise, any evidence and/or argument

relating to circumstances facing the DOE, outside of any alleged intentional discrimination and/or retaliation, that may have contributed to and/or caused the alleged failure to provide Bryan with all the educational and related services he was entitled to as a disabled individual are equally relevant.

Federal Rules of Evidence Rule 402 provides that "**[a]ll relevant evidence is admissible**. . . . Evidence which is not relevant is not admissible. Fed. R. Evid. 402 (emphasis added). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In <u>Midgett v. Tri-County Metropolitan Transportation District of Oregon</u>, 254 F.3d 846, 851 (9th Cir. 2001), the Ninth Circuit Court of Appeals held that the defendant did not act with "deliberate indifference" where the record evidenced that the defendant had a "good faith intention" to comply with a disability discrimination law.

In the present case, Plaintiffs must prove, <u>inter alia</u>, that the DOE acted with "deliberate indifference" and "bad faith." <u>See</u> December 2006 Order at 51, attached as Exhibit "A". Clearly, evidence showing that the DOE made good faith efforts and that other circumstances, outside of any alleged intentional discrimination and/or retaliation, contributed to and/or caused

the alleged denial of a FAPE are relevant.  Such evidence and/or argument will assist the jury in determining whether or not the DOE acted with "deliberate indifference" and "bad faith."  To preclude the DOE from presenting such evidence and/or argument would obviously unfairly prejudice the DOE from defending against its alleged liability in this case.

Indeed, even Plaintiffs recognize that evidence and/or argument of the nature in question are relevant.  By this motion, Plaintiffs make the specious assertion that while a "lack of funds and trained staff is evidence" supporting <u>their</u> position that the DOE acted with "deliberate indifference," the DOE should be excluded from using the same evidence because in Plaintiffs' opinion "lack of funds and trained staff" is "<u>not</u> evidence of lack of deliberate indifference."  <u>See</u> Plaintiffs' MIL No. 15 at 4 (emphasis in original).  Clearly, this one-sided exclusion Plaintiffs seek is improper and utterly meritless.  Nonetheless, without wasting the Court's and the DOE's time in dealing with an obviously meritless claim, it is clear from Plaintiffs' argument that the evidence and/or argument in question are relevant.

C. **There is no risk of misleading the jury.**

In a last ditch effort to preclude highly relevant evidence and/or argument, Plaintiffs assert conclusory allegations that the evidence and/or argument in question will

- 7 -

mislead the jury and unfairly prejudice Plaintiffs. Federal Rules of Evidence Rule provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

Clearly, the evidence and/or argument in question will not mislead the jury or unfairly prejudice Plaintiffs. On the contrary, the evidence and/or argument in question are essential for the jury to render a proper determination. Without such evidence and/or argument, the jury will not be provided with the entire plethora of facts needed to make a determination of whether or not the DOE's alleged conduct rises to the level of "deliberate indifference" and "bad faith."

## III. CONCLUSION

Based on the foregoing, the DOE respectfully requests that this honorable Court deny Plaintiffs' Motion In Limine # 15

to Prohibit Any Claim that Trying to Provide a FAPE Constitutes a Defense to Deliberate Indifference.

DATED: Honolulu, Hawaii, January 14, 2008.

                                      /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants