395244.3
**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**       #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**     #2498-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | ) ) ) ) ) | CIVIL NO. CV 04-00442 ACK-BMK CIVIL NO. CV 05-00247 ACK-BMK CONSOLIDATED (Other Civil Action) |
|        Plaintiffs, | ) ) | DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN |
|    vs. | ) ) | OPPOSITION TO "PLAINTIFFS' MOTION IN LIMINE #17 FOR AN IN |
| DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, | ) ) ) ) ) | LIMINE ORDER TAKING JUDICIAL NOTICE OF FINDINGS AND CONCLUSIONS ESTABLISHED BY PRIOR DECISIONS, STIPULATIONS, AND AGREEMENTS"; CERTIFICATE |
|        Defendants. | ) ) ) | OF SERVICE |

```
                                  )   HEARING:
                                  )   DATE:  January 26, 2008
                                  )   TIME:  9:00 a.m.
                                  )   JUDGE: Honorable Alan Kay
                                  )
                                  )   TRIAL: February 26, 2008
_____    )
```

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO "PLAINTIFFS' MOTION IN LIMINE #17 FOR AN IN LIMINE ORDER TAKING JUDICIAL NOTICE OF FINDINGS AND CONCLUSIONS ESTABLISHED BY PRIOR DECISIONS, STIPULATIONS, AND AGREEMENTS"**

**I.    INTRODUCTION**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby opposes "Plaintiffs' Motion in Limine #17 for an in Limine Order Taking Judicial Notice of Findings and Conclusions Established by Prior Decisions, Stipulations, and Agreements" (the "Subject Motion").

The Subject Motion illustrates once again that Plaintiffs have a flawed notion of what facts are subject to judicial notice.  Plaintiffs are asking this Court to take judicial notice of various factual findings in administrative proceedings.  However, as this Court made clear in its December 19, 2006 Order, Plaintiffs' request is not allowed by the doctrine of judicial notice.

Plaintiffs are also asking this Court to take judicial notice of the fact that the decisions, orders, and settlement agreement resulting from the administrative proceedings required

the DOE to take certain actions.  The DOE has no objection to

this request provided that the relevant terms of the decisions,

orders, and settlement agreement are accurately stated.  As noted

below, Plaintiffs have failed to accurately state certain terms.

## II.  IT IS INAPPROPRIATE TO TAKE JUDICIAL NOTICE OF FACTUAL FINDINGS IN ADMINISTRATIVE PROCEEDINGS

The Subject Motion requests that this Court take

judicial notice of various factual findings in administrative

decisions dated May 11, 2004 and July 23, 2004 (Exhibits "C" and

"E" to the Subject Motion).[1]  This request has already been

denied, and there is no reason for the Court to change its prior

decision.

In 2006, Plaintiffs asked this Court to take judicial

notice of various factual findings in three administrative

decisions dated May 21, 2001, May 11, 2004, and July 23, 2004.

These decisions are attached as Exhibits "A", "C", and "E" to the

Subject Motion.  By Order dated December 19, 2006, this Court

denied Plaintiffs' request.  Specifically, this Court stated as

follows:

> The doctrine of judicial notice does not
> apply.  To be judicially noticed under Fed.
> R. Evid. 201(b) a fact must be indisputable.
> "[T]aking judicial notice of findings of fact
> from another case exceeds the limits of Rule

---

[1]  The text of the Subject Motion refers to the five
exhibits thereto as Exhibits "1"-"5".  However, the exhibits
themselves are marked as Exhibits "A"-"E".  This Memorandum in
Opposition refers to the exhibits as Exhibits "A"-"E".

> 201." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114
> (9th Cir. 2003); <u>see</u> <u>United States v. Jones</u>,
> 29 F.3d 1549, 1553 (11th Cir. 1994) (a "court
> may take judicial notice of a document filed
> in another court 'not for the truth of the
> matters asserted in the other litigation, but
> rather to establish the fact of such
> litigation and related filings'"). In this
> case, Plaintiffs ask the Court to judicially
> notice not just the fact that the prior
> administrative decisions exist, but to
> judicially notice the factual findings
> contained in those decisions. The court will
> not take judicial notice of the factual
> findings contained in the administrative
> decisions.

December 19, 2006 Order at 22.

In light of this Court's clear ruling in the December

19, 2006 Order, the DOE is puzzled by Plaintiffs' decision to

raise this issue again in the Subject Motion. The DOE expected

that Plaintiffs would at least attempt to explain why the

December 19, 2006 Order should not apply. However, Plaintiffs

simply ignore the December 19, 2006 Order. More importantly,

Plaintiffs fail to offer any authority that calls the validity of

the December 19, 2006 Order into question. Plaintiffs cite

<u>Patricia N. v. LeMahieu</u>, 141 F.Supp.2d 1243 (D. Haw. 2001),

<u>Ancheta v. Watada</u>, 135 F.Supp.2d 1114 (D. Haw. 2001), and <u>Bator</u>

<u>v. State of Hawaii</u>, 39 F.3d 1021 (9th Cir. 1994) in support of

their argument for judicial notice. Plaintiffs' reliance on

these decisions is misplaced. To the extent that these decisions

treat findings of fact in an administrative proceeding as

determinative, the basis for doing so is not judicial notice but

- 4 -

rather issue preclusion or claim preclusion.  See <u>Patricia N. v.</u>
<u>LeMahieu</u>, 141 F.Supp.2d at 1256-57 (applying principles of res
judicata); <u>Ancheta v. Watada</u>, 135 F.Supp.2d at 1119 (stating the
test for issue preclusion); <u>Bator v. State of Hawaii</u>, 39 F.3d at
1026-27 (stating the test for issue preclusion).  As a result,
all three of these cases are inapplicable to Plaintiffs' request
for judicial notice.  The other authority cited by Plaintiffs is
consistent with, and in no way undermines, the Ninth Circuit's
decision in <u>Wyatt v. Terhune</u> that was the basis for this Court's
rejection of Plaintiffs' judicial notice argument in the December
19, 2006 Order.

Based on this Court's December 19, 2006 Order, the
Subject Motion must be denied to the extent that it seeks
judicial notice of findings of fact in an administrative
proceeding or administrative decision.  Specifically, judicial
notice is not permitted for the following alleged facts:

1.    Subject Motion, Section I(C), "Facts" 1-19; and

2.    Subject Motion, Section I(E), "Facts" 1-7

**III. JUDICIAL NOTICE OF CERTAIN TERMS OF THE ADMINISTRATIVE
     DECISIONS IS APPROPRIATE AS LONG AS THE TERMS ARE STATED
     <u>ACCURATELY</u>**

The Subject Motion also asks this Court to take
judicial notice of certain terms in the administrative decisions
dated May 21, 2001, May 11, 2004, July 21, 2004, and July 23,
2004 (Exhibits "A" and "C"-"E") and a settlement agreement dated

July 1, 2002 (Exhibit "B") whereby the DOE was required to take certain actions.  The DOE has no objection to this request as long as the terms to be judicially noticed are stated accurately. The Subject Motion restates and paraphrases language from Exhibits "A"-"E" in a manner that is not always accurate.  In order to be consistent with the requirements of Rule 201 of the Federal Rules of Evidence, the relevant language of the administrative decisions and settlement agreement should be quoted verbatim.  Allowing the terms of the administrative decisions and settlement agreement to be restated or paraphrased only opens the door to improper use of the doctrine of judicial notice.

While the DOE believes that Rule 201 requires **all** terms of the administrative decisions and settlement agreement to be judicially noticed verbatim, rather than in a restated or paraphrased form, the DOE is especially concerned about Plaintiffs' formulation of the following terms:

1.    Subject Motion, Section I(A), "Fact" 1.  The DOE has no objection to this provision as long as the footnotes are not included within the judicial notice.  The footnotes are not a part of the administrative decision and therefore are not properly within the scope of judicial notice.  See Exhibit "A" to the Subject Motion at 3, ¶ 2.

2.    Subject Motion, Section I(A), "Fact" 3.

Plaintiffs' statement of this term of the administrative decision

does not follow the exact language of the decision.  Plaintiffs'

formulation omits qualifying language (i.e., "after May 21,

2001").  See Exhibit "A" to the Subject Motion at 4, ¶ 4.  To be

consistent with the decision, Section I(A), Fact 3 should be

stated as follows:

> The Department of Education and/or Department
> of Health shall provide an adult educational
> aide described above for S [Bryan] using the
> TEACCH, DTT, and PECS methods for behavioral
> management and educational instruction until
> October 1, 2001.  For each day that an after
> school educational aide is not provided for S
> [Bryan] after May 21, 2001, the Department of
> Education and/or Department of Health shall
> be obligated to make up those days beginning
> after October 1, 2001.

3.    Subject Motion, Section I(A), "Fact" 4.

Plaintiffs' statement of this term of the administrative decision

does not follow the exact language of the decision.  Plaintiffs'

formulation does not specify when the two week period referenced

in this term begins.  See Exhibit "A" to the Subject Motion at 4,

¶ 5.  To be consistent with the decision, Section I(A), Fact 4

should be stated as follows:

> In the event the adult educational aide does
> not complete his/her services for Bryan
> during the time periods set forth herein, for
> any reasons whatsoever, the DOE and/or the
> Department of Health shall locate, secure and
> have in place a suitable replacement within
> two weeks from the date of the termination.

4.    Subject Motion, Section I(B), "Fact" 4.

Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. Plaintiffs' formulation omits qualifying language (i.e., "on an occasional basis"). <u>See</u> Exhibit "B" to the Subject Motion at 4. To be consistent with the decision, Section I(B), Fact 4 should be stated as follows:

> By August 1, 2002, the State shall create a pool of substitute TAs who are qualified and trained to provide services to Bryan. These substitute TAs shall be available to provide services to Bryan on an occasional basis when his regular TAs are unavailable.

5.    Subject Motion, Section I(C), "Fact" 21.

Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. Plaintiffs' formulation omits the reference to Bryan's IISC. <u>See</u> Exhibit "C" to the Subject Motion at 9. To be consistent with the decision, Section I(C), Fact 21 should be stated as follows:

> Skills trainers hired by the DOE for Bryan shall meet DOE standards and shall be trained in a) DTT and TEACCH and b) ASL, to sufficiently implement Bryan's IEP program as determined by Bryan's IISC.

6.    Subject Motion, Section I(C), "Fact" 23.

Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. <u>See</u> Exhibit "C" to the Subject Motion at 9. To be consistent with the decision, Section I(C), Fact 23 should be stated as follows:

- 8 -

> The DOE will provide additional hours of
> service from a knowledgeable consultant to
> design, implement, and monitor a toileting
> program for Bryan. The number of additional
> hours shall be determined by Bryan's IEP
> team.

    7.    Subject Motion, Section I(D), "Fact" 2.

Plaintiffs' statement of this term of the administrative decision

does not follow the exact language of the decision.  Plaintiffs'

formulation inserts a training requirement that is absent from

the decision.  See Exhibit "D" to the Subject Motion at 2.  To be

consistent with the decision, Section I(D), Fact 2 should be

stated as follows:

> The DOE shall hire and have in place by the
> beginning of the 2004-2005 school year a
> licensed, certified special education teacher
> with experience teaching autistic children
> and proficiency with American Sign Language.

    8.    Subject Motion, Section I(E), "Fact" 8.

Plaintiffs' statement of this term of the administrative decision

does not follow the exact language of the decision.  See Exhibit

"E" to the Subject Motion at 6.  To be consistent with the

decision, Section I(E), Fact 8 should be stated as follows:

> Respondent [the DOE] shall hire and have in
> place, a qualified special education teacher
> with experience in teaching autistic children
> and who is proficient in ASL to provide
> special education and coordination of
> services to Student [Bryan] during ESY
> periods.

    Judicial notice obviously is not appropriate unless the

relevant terms of the administrative decisions and the settlement

agreement are stated correctly.  In light of the inaccuracies identified above, the Subject Motion cannot be granted unless the above revisions are made to Plaintiffs' formulation of the terms to be judicially noticed.

## IV.   CONCLUSION

For the foregoing reasons, the DOE respectfully requests that the Subject Motion be denied in part as set forth above.

DATED: Honolulu, Hawaii, January 14, 2008.


/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants