LAW OFFICES OF CARL M. VARADY

Carl M. Varady
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447

OF COUNSEL:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON   4161-0
851 Fort Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Attorneys for Plaintiffs

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>     Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>     Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE TO PRECLUDE EXPERT OPINIONS AS TO ALLEGED DELIBERATE INDIFFERENCE [DOCKET NO. 343]; DECLARATION OF CARL M. VARADY; EXHIBIT 1; CERTIFICATE OF SERVICE |

### PLAINTIFFS' OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE TO PRECLUDE EXPERT OPINIONS AS TO ALLEGED DELIBERATE INDIFFERENCE [DOCKET NO. 343]

Plaintiffs hereby submit their Opposition to Defendant Department of Education's Motion in Limine to Preclude Expert Opinions as to Alleged Deliberate Indifference [Docket No. 343].

### I. ARGUMENT.

Defendant argues that Plaintiffs' experts should be precluded from referring to or using the term "deliberate indifference" at trial. Defendant's argument is more accurately characterized as a reiteration of its summary judgment argument–*i.e.,* the facts that would be presented at trial would not warrant a finding of liability under Section 504. Defendant asserts its "good faith" actions preclude

-2-

a finding of deliberate indifference.  Defendants assertion are flawed as a matter of law.

The standard for liability in this case is "deliberate indifference." *E.g., Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002)*; Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001).  Defendant is asserting that experts, cannot express opinions on the ultimate fact of Defendant's liability. Such an assertion is directly contrary to the language of FRE 704(a), which expressly states:

> *(a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible <u>is not objectionable</u> because it embraces an ultimate issue to be decided by the trier of fact*.

Defendant's motion cannot be used as a pretext to circumvent the Rule.  Plaintiffs experts clearly are permitted to express opinions on the ultimate facts, including whether Defendant exhibited conscious disregard for Bryan's needs.

Secondly, Defendant has already sought summary judgment making similar assertions which have been rejected by the Court.  Exhibit 1 to Declaration of Carl M. Varady. Judge Gillmor's ruling is the law of this case.

> "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander*, 106 F.3d 874, 876 (9th

> Cir. 1997)(internal quotations and citations omitted). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983). "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Alexander*, 106 F.3d at 876 (internal quotations omitted). For the law of the case doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Hydrick v. Hunter*, 466 F.3d 676, 687-88 (9th Cir. 2006)(*quoting Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)).

*Tokashiki v. Freitas*, 2007 U.S. Dist. LEXIS 19428, 14-16 (D. Haw. 2007).

None of the factors identified in *Tokashiski* as exceptions to the rule apply to the present action. Judge Gillmor's ruling is underscored, given the Court's recent consideration and grant of the Plaintiffs' motion to amend their complaint adding language in support of their retaliation claims. *See,* Docket No. 326.

Thirdly, Defendant's assertion that "good faith" is a defense to a Section 504 claim is false. "When a federal-funds recipient violates the conditions of Spending Clause legislation, the wrong done is the failure to provide what the contractual obligation requires; and that wrong is 'made good' when the recipient compensates the federal government or a third-party beneficiary (as in this case)

for the loss caused by that failure." *Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002), *citing, Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." *Id., citing Wong v. Regents of University of California*, 192 F.3d 807, 818 (9th Cir. 1999). A school district cannot discharge its legal duty to "act," by merely proffering just any accommodation. *Id.* Yet, reiterating its summary judgment position, this is what Defendant argues–"DOE tried"–as if that were sufficient under the standard. This Court in this and other cases has rejected such an argument. *E.g., Lovell*, 303 F.3d at 1055-1057. The Court has done so for good reason: if recipients of federal funding could avoid liability for the consequences of deliberate indifference to known needs of the disabled by saying "We tried," the remedy embodied in Section 504 would disappear. It would be swallowed whole in any instance where the recipient took some action, no matter how unlikely it was that the proffered action would address the disabled person's needs by providing meaningful accommodation. The Ninth Circuit clearly rejected such subjective excuse-making in *Lovell* and this Court should do likewise.

Finally, should the Court determine that Plaintiffs experts cannot use the words "deliberate indifference" even though nothing in Rule 704 prohibits such an opinion, the Court is asked to confine its ruling to prohibit the use of that term and to rule that nothing prohibits other testimony, including without limitation, that:

1. The State knew that harm to Bryan's and his parents' federally protected rights was substantially likely because DOE had notice that specific accommodations were required to address Bryan's disability.

2. The State's failure to act to meet Bryan's needs by fulfilling his IEPs, obeying hearing officer decisions, fulfilling its stipulations and agreements was done with knowledge of the consequences for Bryan.

3. And, the State cannot discharge its duty to 'act' by offering just any accommodation to the Bryan: it must consider Bryan's particular needs when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that Bryan's needs.

Nothing in Rule 704 would prohibit such testimony for the jury's consideration.

## II.  CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request that Defendant Department of Education's Motion in Limine to Preclude Expert Opinions as to Alleged Deliberate Indifference [Docket No. 343], be DENIED or alternatively, that if granted the Court's ruling be expressly limited in a manner that does not preclude testimony regarding ultimate facts that would otherwise be allowed under FRE 704(a) as outlined herein.

DATED: Honolulu, Hawai'i, January 14, 2008.

    /S/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs