Carl M. Varady
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i 96813
Telephone: (808) 523-8447

OF COUNSEL:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON   4161-0
851 Fort Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                    Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                    Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE TO EXCLUDE ANECDOTAL EVIDENCE OF OTHER AUTISTIC INDIVIDUAL'S PROGRESS [DOCKET NO. 348]; DECLARATION OF CARL M. VARADY; EXHIBITS 1-2; CERTIFICATE OF SERVICE<br>Date: January 24, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. Alan C. Kay<br>Trial: February 26, 2008 |

### PLAINTIFFS' OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE TO EXCLUDE ANECDOTAL EVIDENCE OF OTHER AUTISTIC INDIVIDUAL'S PROGRESS [DOCKET NO. 348]

Plaintiffs hereby submit their Opposition to Plaintiffs' Opposition to Defendant Department of Education's Motion in Limine to Exclude Anecdotal Evidence of Other Autistic Individual's Progress [Docket No. 348].

### I. ARGUMENT.

Federal Rule of Evidence 703 provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

The trial court has broad discretion in admitting and excluding expert testimony. *Taylor v.Burlington Northern Railroad Co.*, 787 F.2d 1309, 1315 (9th Cir. 1986).

First, Dr. Freeman is a director of the Autism Clinic at the Resnick Neuropsychiatric Hospital at UCLA Medical School. She is part of a team of professionals that treat and evaluate children through adults, where autism

disorders are suspected. She has over thirty years experience in doing assessments of patients, involving extensive history taking as well as developmental and cognitive assessment. Her practice involves working in tandem with professionals from many backgrounds, including psychology, education and language, as well as pediatric neurology. Among other responsibilities, she is part of a team that then makes recommendations for interventions. Dr. Freeman, is internationally recognized for her more than 30 years of research and writing on the topic of autism, most of it at the UCLA School of Medicine, Department of Psychiatry, where she now holds the position of Professor Emeritus. *See,* Exhibit 1 to Declaration of Carl M. Varady. In addition to reviewing Dr. LeGoff's test results and opinions, Dr. Freeman was retained to: (1) test Bryan in 2006, when Dr. LeGoff did not see him; (2) assess Bryan's social behavioral strengths and needs by interviewing his parents and teachers in 2007; and (3) independently review the reports and recommendations of Defendant's experts, Bryna Siegel, Ph.D. and Richard Goka, MD.

      Dr. Freeman first met Bryan in 2006, and administered psychological tests at that time. Exhibit 1 to Declaration of Carl M. Varady. Dr. Freeman then conducted a supplemental observation. In May 2007, Dr. Freeman again visited Bryan and observed his program. She did not administer testing to Bryan, however. Instead she obtained data about Bryan's current levels of performance

and needs from interview inventories taken from Bryan's parents and teachers. These are the *Vineland II Adaptive Behavior Scales,*[1] which collects data from others regarding Bryan's performance in areas of communication, daily living skills and socialization, and the *Social Skills Rating Scales,*[2] which collects data from others regarding Bryan's social skills, problem behaviors and academic competence.  Exhibit 2 to Declaration of Carl M. Varady.

Therefore, reviewing her work demonstrates that, as to Bryan, Dr. Freeman's work and opinions are based on numerous standardized tests, administered over a period of three years, interviews of family and school staff, review of Bryan's entire education history, review of other witnesses' statements, including Defendant's experts, viewed in the light of these experts' decades of professional experience.  Dr. Freeman's experience, research, writing, presentations and decades of teaching confirm that she is eminently qualified as an expert in the field of autism.  Defendant's characterization of opinions as being "anecdotal" misses the point.

---

1      Vineland Adaptive Behavior Scales is a measure of personal and social skills needed for everyday living.  Pierangelo & Guiliani, *Special Educator's Complete Guide to 109 Diagnostic Tests,* 201 (1989) .

2      The  Social Skills Rating Scale, like other social behavior ratings, is designed to assist school personnel in identifying student deficits in school-related social behaviors. The test provides an inventory of a student's ability to apply the skills necessary to meet with success in school settings and for eventual success in employment settings. Merrell, *Behavioral, Social, and Emotional Assessment of Children and Adolescents, Second Edition,* 322-32 (2003)

Like any expert properly qualified under FRE 703, Dr. Freeman may rely on "information reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject; the facts or data need not be admissible in evidence." Defendant argues, in essence, that Dr. Freeman cannot testify from her decades of clinical experience, research and review of literature in the field in forming her opinions regarding how appropriate interventions would have produced a different outcome for Bryan.

Yet, this vast experience and research is precisely why Dr. Freeman qualifies as an expert in the first place. She is not required to forget what she knows from her decades of clinical work and research in the field of autism study, and testify in a vacuum. Dr. Freeman has extensive specialized knowledge in this field and can rely on her knowledge in forming her opinions and inferences. As one appellate court has explained:

> [T]he opinion of an expert witness must invariably rest, at least in part, upon sources that can never be proven in court. An expert's opinion is derived not only from records and data, but from education and a lifetime of experience. Thus, when the expert witness has consulted numerous sources, and uses that information, together with his own professional knowledge and experience, to arrive at his opinion, that opinion is regarded as evidence in its own right . . . .

*United States v. Williams,* 447 F.2d 1285, 1290 (5th Cir. 1971), *cert. denied,* 405 U.S. 1408. It is then for the jury to weigh the expert's testimony.

> The trier of fact is then capable of judging the credibility of the witness as it would that of anyone else giving expert testimony. This rule respects the functions and abilities of both the expert witness and the trier of fact, while assuring that the requirement of witness confrontation is fulfilled.

*United States v. Sims*, 514 F.2d 147, 149 (9th Cir. 1975), *citing Williams,* 447 F.2d at 1290.

Rule 703 permits an expert to base an opinion on any facts or data, admissible or not, which are "of a type reasonably relied on by experts in the particular field in forming opinions or inferences upon the subject." Where Plaintiffs establish that the clinical comparisons fall into this category, they are entitled to have their expert give an opinion based on them. *See In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1314-15 (9th Cir. 1982) (citing *Bauman v. Centex Corp.*, 611 F.2d 1115, 1120 (5th Cir. 1980)).

The weight of Dr. Freeman's opinions and their bases can be effectively tested through vigorous cross-examination. However, those opinions and their bases are fully consistent with Rule 703. Dr. Freeman's clinical experience and research, applied to the data and observations made by her in this case, are appropriate bases for her opinions and testimony.

## II. <u>CONCLUSION.</u>

For the reasons stated above, Plaintiffs respectfully request that Defendant Department of Education's Motion in Limine to Exclude Anecdotal

Evidence of Other Autistic Individual's Progress [Docket No. 348], be DENIED.

DATED: Honolulu, Hawai'i, January 14, 2008.

      /S/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs