```
 1                   UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF HAWAII
 2
    ANN KIMBALL WILES, BRYAN    )   Case No. CV04-00442HG-BMK
 3  WILES-BOND, STANLEY BOND,   )
                                )   Honolulu, Hawaii
 4              Plaintiffs,     )   October 18, 2007
                                )   11:11 a.m.
 5         v.                   )
                                )
 6  DEPARTMENT OF EDUCATION, STATE)
    OF HAWAII, ET AL.,          )
 7                              )
                Defendants.     )
 8  _____)

 9      TRANSCRIPT OF DEFENDANT'S MOTION TO STRIKE SHELBY FLOYD
                           AS A WITNESS
10          BEFORE THE HONORABLE BARRY M. KURREN
                UNITED STATES MAGISTRATE JUDGE.
11
    APPEARANCES:
12
    For the Plaintiffs:         CARL VARADY, ESQ.
13                              1001 Bishop Street, #2870
                                Honolulu, Hawaii 96813
14
                                DAVIS LEVIN LIVINGSTON & GRANDE
15                              By: STANLEY LEVIN, ESQ.
                                851 Fort Street, #400
16                              Honolulu, Hawaii 96813

17  For the Defendants:         WATANABE ING & KOMEIJI
                                By: GREGG USHIRODA, ESQ.
18                              999 Bishop Street, 23rd Floor
                                Honolulu, Hawaii 96813
19

20  Transcriber:                Jessica B. Cahill
21                              P.O. Box 1652
                                Wailuku, Maui, Hawaii 96793
22                              Telephone: (808)244-0776

23

24  Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.
25
26
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 2 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 2 of 16

2

```
 1            THE CLERK:  Court is now in session.  You may be
 2   seated.  Civil number 04-00442HG-BMK, Ann Kimball Wiles, et al.
 3   versus the Department of Education.  This hearing has been
 4   called for defendants Department of Education and Alvin Rho's
 5   motion to strike Shelby Floyd as a witness.
 6            MR. VARADY:  Good morning, Your Honor, Carl Varady and
 7   Stan Levin on behalf of plaintiffs in this matter.
 8            THE COURT:  Good morning.
 9            MR. USHIRODA:  Good morning, Your Honor, Gregg
10   Ushiroda on behalf of the defendants and movants.
11            THE COURT:  Yes, good morning.  I want to talk with
12   Mr. Varady first before getting to you if I could please.  What
13   would you be calling this person -- this person -- Ms. Floyd as
14   a -- as a witness for?  What -- what -- what role would she play
15   as a witness?
16            MR. VARADY:  That -- that is a fair question, Your
17   Honor.  And -- and -- and really she's -- she's there for a
18   couple reasons.  One is there -- there are facts of which Kim
19   and Stan were witnesses as well, but which they don't understand
20   regarding the process of litigation that evolved over the five
21   year period.
22            So, for example, in regards to the -- the TRO hearing
23   that they attended in -- in August of 2004 and subsequent status
24   conferences, they're not real clear on the significance of those
25   proceedings and are not able to explain them in the same way
```

```
 1  that Shelby would be able to do that.
 2          There are other technical aspects of the processes
 3  that -- that they don't really get that Shelby would understand.
 4  So, for example, when they were served with an answer by the
 5  State on Christmas Eve they -- they thought it was a letter to
 6  them.
 7          There are other points of clarification that Shelby
 8  can bring to the process that will explain events in details in
 9  a way that the -- that the parents don't have sufficient
10  technical knowledge to explain.
11          THE COURT:  And then this would be relevant to what?
12          MR. VARADY:  The -- the State's delivery.  We have to
13  prove delivery.  We have to prove two things.  There are two
14  components of delivery.  There is knowledge of -- of what the --
15  the child needed and what the State was supposed to do, and a --
16  and a --
17          THE COURT:  Right.
18          MR. VARADY:  -- failure to do it.  Shelby has
19  testimony and knowledge of facts on both points that the parents
20  will not have and there are -- there are other examples that I
21  can give you.  There are correspondences and communications that
22  she had with various DOE officials to which the parents were not
23  direct parties.  You know, obviously she copied them on
24  everything, but they -- they were not the -- the authors of
25  those documents nor the recipients.
```

1      THE COURT: So in other words you're saying her
2  specific dealings with the State and her --
3      MR. VARADY: Exactly. Yeah, I mean she's a percipient
4  witness as to those things, and there are many instances in the
5  -- in the file especially in that last year when things were
6  really sort of coming to a head where the parents were more in
7  the background.
8      The parents were more in the foreground in -- in the
9  period up to, you know, the first settlement agreement, but
10 after that Shelby really stepped into it for -- and the
11 representations regarding skills trainers and -- and what not
12 were being made directly to her and not to the parents, and the
13 parents won't be able to say in direct testimony that the DOE
14 told us.
15     THE COURT: Huh-huh.
16     MR. VARADY: It will have to be somebody else saying
17 the --
18     THE COURT: Okay.
19     MR. VARADY: -- DOE told me as the representative of
20 these parents that they would do X,Y and Z --
21     THE COURT: Okay.
22     MR. VARADY: -- or explain why they would not be doing
23 it because of A, B, C.
24     THE COURT: Okay.
25     MR. VARADY: So -- so that -- that's why it's -- it's

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 5 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 5 of 16

5

```
 1  relevant --
 2          THE COURT:  Okay.
 3          MR. VARADY:  -- and not cumulative and there's a piece
 4  of direct evidence that we will not have without her testimony
 5  especially for that last year.
 6          THE COURT:  Okay.  Mr. Ushiroda.
 7          MR. USHIRODA:  Well, does this mean we have to now
 8  call Lono Beamer to now say -- to explain what lay DOE persons
 9  couldn't possibly -- could not have understood --
10          THE COURT:  Yeah, but you see -- you know, actually
11  now that I've been thinking about this, you know, she -- she is
12  sort of the agent for the plaintiffs interacting with the State.
13          MR. USHIRODA:  But --
14          THE COURT:  So the contacts really may be -- she --
15  that may be the most direct evidence of it.
16          MR. USHIRODA:  -- I -- I don't see it, Your Honor.  I
17  mean it's just basically cumulative of what the plaintiffs will
18  already attest to.
19          THE COURT:  Well, I -- I would say -- I mean, you
20  know, to -- to the extent anything is cumulative I'm -- I'm not
21  going to get into that now anyway.  I mean that would be up for
22  -- to -- to, you know, the trial judge --
23          MR. USHIRODA:  Yes.
24          THE COURT:  -- at the time of trial to control that
25  testimony, and I certainly agree with you that it would not be
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 6 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 6 of 16

6

```
 1  appropriate to have testimony that would be merely be, you know,
 2  along the same lines as that which any other witness could
 3  offer.  But it may be here that she has information or is able
 4  to testify about a certain, you know, timeline of events that
 5  only she can testify about, because she was the one interacting
 6  with the State on it.
 7           MR. USHIRODA:  Well, by the same token on the flip
 8  side, Your Honor, Lono Beamer may be --
 9           THE COURT:  Well, it may be.  I'm not -- you know,
10  that's -- that's --
11           MR. USHIRODA:  But you see I just don't see the
12  relevance now all of a sudden, and then --
13           THE COURT:  Because you see, look, this case is a
14  case, unfortunately, where -- where the contacts between the
15  parties occurred in the context to some litigation.  And so,
16  what was actually happening, what was provided or not provided,
17  you know, occurred through -- through those proceedings.
18           So, you know, unfortunately, the lawyers may be in
19  many ways the -- among the -- the better witnesses to talk about
20  what was actually being provided and what wasn't; don't you
21  think?
22           MR. USHIRODA:  No, I don't, Your Honor.
23           THE COURT:  All right.  Obviously.
24           MR. USHIRODA:  I -- I don't.  I really don't think
25  that that is the case here, Your Honor.  I mean I think it's
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 7 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 7 of 16

7

1  just a way to slip in irrelevant testimony. You know, what Ms.
2  Floyd thinks or doesn't is irrelevant. The -- it is the
3  plaintiffs' burden --
4      THE COURT: Well, she -- she would not be an expert in
5  this matter.
6      MR. VARADY: Right.
7      MR. USHIRODA: No, I understand that, Your Honor, but
8  she will be testifying on things that the plaintiffs already
9  will be testifying already on. It's irrelevant in the sense
10 that -- look, in their -- in their memo in opposition they say
11 she's going to corroborate Bryan's parents' struggles to obtain
12 an education. Okay. That testimony is already there in the
13 form of the parents. That testimony is also in the form of the
14 hearing officer's administrative decisions. These are already
15 reflected in those decisions.
16     I cannot see how conversations or communications she
17 might have had with someone at the DOE or the -- or -- or Lono
18 Beamer to be relevant. It would be like in this case we're here
19 now. I mean conversations between Mr. Varady and I. Does that
20 make me a witness? Does that make Mr. Varady a witness? No.
21     And it's the same thing here with Ms. Floyd. And I
22 think we're just going down a slippery slope if we now allow the
23 lawyers, granted she's a former attorney, but one who was
24 prosecuting the case on her clients' behalf.
25     THE COURT: Uh-huh.

Case 1:04-cv-00442-ACK-BMK    Document 410-4    Filed 01/14/2008    Page 8 of 16
Case 1:04-cv-00442-ACK-BMK    Document 349-4    Filed 01/07/2008    Page 8 of 16

8

```
 1              MR. USHIRODA:  And it's not as if she's an independent
 2   witness here, Your Honor, to corroborate, but she is an --
 3              THE COURT:  Is there ever?
 4              MR. USHIRODA:  Well, there -- that's what we'd like to
 5   propose.  And -- and, Your Honor, I mean, you know, she's an
 6   advocate.  She's -- of course she's going to say something
 7   favorable that will support her clients.  I mean I just -- you
 8   know, I just don't see the relevance of Ms. Floyd's testimony
 9   here.  I think we're just going to open up a can of worms if we
10   allow her to testify.  The best evidence is the plaintiffs'
11   testimony.
12              I mean -- and, you know, Mr. Varady and Mr. Levin
13   argue that, you know, the other thing that Ms. Floyd is going to
14   testify to is that -- the fact that the plaintiffs -- the
15   defendants did not fulfill the terms of the settlement
16   agreement.  Okay.  Why does she need to testify to that?  I
17   think there's already been a court order that has already been
18   found that to quote, defendants did not provide consistent
19   services pursuant to the settlement agreement, and that's set
20   forth in black and white in the December 19th, 2006 court order.
21              You know, and there's no dispute here regarding the
22   formation or the terms of the settlement agreement.
23              THE COURT:  Right.
24              MR. USHIRODA:  And now the plaintiffs also argue that
25   408 does not require exclusion of evidence of settlement of
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 9 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 9 of 16

9

```
 1   claims different from the one now being litigated.  I think
 2   that's a red herring.  You look at the -- the complaint that was
 3   filed by Ms. Floyd in this case --
 4           THE COURT:  Uh-huh.
 5           MR. USHIRODA:  -- and that was the subject of the July
 6   1st, 2002, settlement agreement.  Plaintiffs couch it as a mere
 7   IDEA claim seeking IDEA relief.
 8           THE COURT:  Uh-huh.
 9           MR. USHIRODA:  Well, that's -- that's not the case.
10   Yes, they asserted a claim for IDEA relief, but they also set
11   forth a claim for monetary damages under 504, and I will quote
12   to you, Your Honor.  It's like the same claims that are being
13   litigated in this case.  You know, paragraph 34, "The DOE", and
14   this is of the February 15th, 2002 complaint, "the DOE, and its
15   agents, and the Department of Health have repeatedly been
16   informed to hire and train adequate number of TAs", called TAs
17   back then, they're skilled trainers now --
18           THE COURT:  Uh-huh.
19           MR. USHIRODA:  "to provide services to autistic
20   children like Bryan.  The DOE and the DOH have intentionally or
21   with deliberate indifference failed to take necessary action to
22   prevent damage to BYian resulting from the lack of trained and
23   consistent TAs."
24           I mean, you know, to try to quote that the -- the
25   claims that Ms. Floyd was involved in were only IDEA claims is
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 10 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 10 of 16

10

1  just not the case. I mean she was in the thick of it,
2  prosecuting 504 claims, seeking monetary damages based on
3  alleged deliberate indifference to what they're seeking right
4  here and now. You know, so I think to that extent her testimony
5  should not be allowed in this case.
6          And again it comes to the second -- my final point,
7  Your Honor, is that, you know, again is this going to be a case
8  where the parties testify, or is it going to be a case where the
9  lawyers end up testifying about, you know, well, I think we need
10 to, you know, to explain this is the -- the -- the mechanisms of
11 the TRO or, you know, this is the -- the mechanism of the
12 answer? I -- I -- I just think that it will lead to a lot of
13 confusion, and I just don't think that's proper. And that's why
14 I think Ms. Floyd should be struck as a witness.
15         THE COURT: Okay. Mr. Varady.
16         MR. VARADY: Yeah, just a technical point on our
17 initial complaint. There is -- 504 is mentioned there, but if
18 you look at the prayer for relief there's no prayer for monetary
19 damages in that -- in that complaint. It was purely declaratory
20 injunctive relief. So it was a remedial complaint under IDEA
21 and that -- and that's what it sought to address.
22         But more importantly, as I -- as I pointed out to you,
23 and I -- I think your question was right to the point, you know,
24 what does she -- what does she have to add to this that wouldn't
25 be something that the parents would know, and my answer to that

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 11 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 11 of 16

11

1   is the same when was I -- I gave you before which was that
2   especially in that last year there's a tremendous amount of
3   correspondence and communication between Shelby and the State as
4   to the terms and conditions of various documents; how they're
5   being implemented, whether or not they're being implemented, and
6   most communications were occurring between her and
7   representatives of the DOE not between the parents.
8           I can hear Mr. Ushiroda the minute the parents say
9   something on the stand to the effect, "well, Shelby told us that
10  the DOE said"; hearsay, Your Honor, and then -- then we're
11  arguing.
12          So we -- we are not offering her as an expert in -- in
13  this case.  We're offering her as a percipient witness to talk
14  about events to which she is the primary witness.  Any of Mr.
15  Ushiroda's concerns about cumulative evidence, inappropriate use
16  of expert testimony, what not, can be addressed through motions
17  to the trial court.
18          And the -- the final point I'd like to make is
19  everything that he said about what she might testify to in -- in
20  the motion and -- and reply is purely speculative, because she
21  was never deposed.  We offered her for deposition, we waived the
22  attorney-client privilege, we produced all her -- all her
23  records for inspection and copying which, you know, frankly 95
24  percent of it was -- was stuff that either had been filed or --
25  or sent to the DOE, but the five, or ten, or 15 percent of it

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 12 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 12 of 16

12

1  that was not and it was confidential between her and the clients
2  we gave it to them.
3      So they had ample opportunity to -- to discover her
4  opinions -- not her opinions, but her knowledge and the -- and
5  the basis of the facts to which she would testify. They didn't
6  do it and this is really, you know, coming out of sort of left
7  field beyond the last minute to try and knock out a witness
8  who's got important testimony that the parents are not going to
9  be able to provide if she's not able to.
10     THE COURT: Okay. Mr. Ushiroda.
11     MR. USHIRODA: Again, Your Honor, that kind of
12  testimony has already been elicited from DOE witnesses. I mean
13  if we're getting into the issues about, you know, the input --
14     THE COURT: Yeah, but she's the representative of --
15  of -- of -- of the parents. So, you know --
16     MR. USHIRODA: She's the attorney of the parents.
17     THE COURT: Well, of course, but she is -- she is the
18  one who's actually for them speaking with DOE. And if the
19  question is whether the DOE's actions amounted to deliberate
20  indifference the circumstances surrounding the contacts between
21  the family, through their representative and the DOE, as a
22  percipient witness not as -- you know, not in any other context
23  that -- that's -- that's relevant so long as it's not cumulative
24  of what -- of what is being offered otherwise.
25     MR. USHIRODA: Now, I just don't see it, Your Honor,

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 13 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 13 of 16

13

```
 1  because -- yeah, she's an advocate.  She is the plaintiffs'
 2  advocate.  I have a hard time --
 3          THE COURT:  Of course -- of course she is, no question
 4  about it.  You know, the -- you know, the plaintiffs have a
 5  position of -- of advocacy too on behalf of their -- of their --
 6  of their child.  You know, and the DOE, you know, for their
 7  position.  I mean everybody is on this case.
 8          MR. USHIRODA:  Okay.
 9          THE COURT:  No, I think the answer is this.  It's --
10  it's far too broad a brush to say that she can't testify at all.
11  I certainly understand your concerns, and it's up to the trial
12  judge to address those if -- if -- if there is a reason and need
13  to do so.  And they would certainly be along the lines of any
14  kind of expert testimony, any kind of cumulative testimony, any
15  kind of inappropriate testimony concerning -- you know, just
16  construing, you know, legal matters and the like.  You know,
17  those -- those -- you know, those issues are not -- you know,
18  that -- that wouldn't be fair game.
19          But to say that she can't -- doesn't have any role at
20  all in this case as a witness is going too far.
21          MR. USHIRODA:  Well, I --
22          THE COURT:  I think she does have a role.
23          MR. USHIRODA:  -- yeah, well, I'm going by what they
24  state in their memorandum in opposition.  So to say that my
25  reply is based on pure speculation, I mean they --
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 14 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 14 of 16

14

```
 1              THE COURT: No, and I -- I didn't say that.
 2              MR. USHIRODA: No. No. No, but -- but Mr. Varady has
 3   characterized the reply as --
 4              THE COURT: Yeah.
 5              MR. USHIRODA: -- as pure speculation. It's not. I
 6   mean and -- I mean to the extent you're going through an
 7   interpretation of the legal process and what this means on this,
 8   I think that amounts to expert testimony.
 9              THE COURT: Okay. I'm taking Mr. Varady's word. What
10   they're -- what they're going to call her to testify about are
11   on those matters where she really is the primary witness. She
12   is the person, you know, that -- that can provide the direct
13   testimony concerning the matters of contact between DOE and her
14   for which the parents really are not able to -- to testify
15   about.
16              So it is -- it is principally along those lines. You
17   can object if there's a matter that's cumulative otherwise, or
18   if it starts to become more than what a percipient witness under
19   these circumstances can raise, and Judge Gillmor will, I'm sure,
20   appropriately address that at the time of trial.
21              MR. USHIRODA: Given that case, Your Honor, given your
22   inclination to rule as such, will the defendants be allowed to
23   have leave to take Ms. Floyd's deposition prior --
24              THE COURT: No, not now. Not now. We're -- we're
25   beyond that -- we're beyond that time.
```

15

```
 1         MR. USHIRODA:  Okay.
 2         THE COURT:  Absolutely.  Okay.  Motion is denied --
 3         MR. VARADY:  We'll prepare the order.
 4         THE COURT:  -- but with -- but with, you know, the
 5   caveat that I -- I mentioned --
 6         MR. VARADY:  Not -- not affecting any trial objections
 7   that might be raised about the scope of her testimony.
 8         THE COURT:  Right.
 9         MR. VARADY:  Something to that effect.
10         THE COURT:  Okay.
11         MR. VARADY:  All right.  Thank you.
12         THE CLERK:  All rise.
13         (At which time the above-entitled proceedings were
14   concluded.)
15
16
17
18
19
20
21
22
23
24
25
```

Case 1:04-cv-00442-ACK-BMK   Document 410-4   Filed 01/14/2008   Page 16 of 16
Case 1:04-cv-00442-ACK-BMK   Document 349-4   Filed 01/07/2008   Page 16 of 16

16

```
 1
 2
 3                      CERTIFICATE
 4       I, court approved transcriber, certify that the
 5  foregoing is a correct transcript from the official electronic
 6  sound recording of the proceedings in the above-entitled matter.
 7       Dated this 31ST day of October, 2007.
 8
 9                            /s/ Jessica B. Cahill
10                          Jessica B. Cahill
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```