ORIGINAL

Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN 1152-0
MICHAEL K. LIVINGSTON 4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY 4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 14 2008

at 4 o'clock and 08 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>#350: PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DOE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE CHARGE OF PUBLIC LEWDNESS AGAINST WILLIAM BELJEAN; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "A" AND "B" AND CERTIFICATE OF SERVICE |

DATE: February 26, 2008
TIME: 9:00 a.m.
JUDGE: Alan C. Kay
TRIAL DATE: February 26, 2008

**#350: PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DOE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE CHARGE OF PUBLIC LEWDNESS AGAINST WILLIAM BELJEAN**

DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendant) by and through it counsel, has filed a motion in limine seeking to exclude testimony and/or evidence regarding the charge of public lewdness against skills trainer William Beljean. Defendant states that the conviction occurred in 1983, more than 22 years before he began providing services to Bryan. Additionally, Defendant claims that the conviction is irrelevant to the claims asserted and that any effort to use the conviction evidence to show that he somehow had the propensity to provide poor service or that he was unqualified is precluded by Fed. R. Evid. Rule 404(b).

Generally, the trial court has broad discretion in making evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Decisions regarding the relevancy of evidence and whether the probative value of evidence outweighs unfair prejudice to the defendant are within the District Court's discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir. 1983).

## I. ARGUMENT

### A. EVIDENCE OF MR. BELJEAN'S PUBLIC LEWDNESS IS RELEVANT TO MATERIAL ISSUES IN THIS CASE

Defendant claims that Mr. Beljean's public lewdness charge offers no support for any fact that is of consequence to the determination of this litigation. One of the issues in this case is Defendant's failure to hire sufficient qualified skills trainers to work with Bryan on his program in the home setting. Furthermore, Defendants claim that the Parents are responsible for the skills trainer shortages because, *inter alia,* they acted unreasonably in firing or refusing to hire individuals that were endorsed by the DOE. Those who were rejected were unqualified to meet Bryan's needs as specified in the IEPs, Hearings Officer's Orders or settlement agreements.

Mr. Beljean's public lewdness conviction is an important example of the inappropriate conduct of the DOE. The DOE never perceived a partnership between themselves and Plaintiffs in providing for Bryan's education. Mr. Beljean was unqualified as a skills trainer for reasons independent of the conviction. Prior to being hired by the DOE to work with Bryan in June 2003, Mr. Beljean (1) lacked any experience working with autistic children, (2) did not know what TEACCH, Discrete Trial Training or Applied Behavioral Analysis were and (3) had no training in American Sign Language; all requirement set out in settlement

agreements or hearing officer decisions. *See* Exhibit A, Deposition of William Beljean at p. 12:12-25; p. 13:1-25; p. 21: 6-8.

In addition to that, the evidence of his public lewdness shows that despite being unqualified professionally to meet Bryan's needs, he was an inappropriate hire as a skills trainer for Bryan and the lengths the DOE would go to merely fill the position with warm bodies.

Defendants claim that Mr. Beljean's public lewdness conviction is irrelevant to the issues in this case. However, the DOE was aware of the conviction, did not disclose it to the parents and retained Mr. Beljean to work in the home alone with Bryan and in the school setting, including working on behavioral issues involving boundaries and personal hygiene, including toileting skills. It would be difficult to exaggerate the interest of a parent in having a teacher with a public lewdness conviction working alone in their home on such issues with a child who cannot communicate.[1] The conviction evidence is highly relevant to material issues in this case, where the State knew of the conviction and failed to disclose this information to the parents, such evidence demonstrates the State's pattern of deliberate indifference to this family's right to appropriate related services.

---

[1] Also troubling is the fact that the Employment Suitability Check located at Plaintiffs' Exhibit 551 contains inconsistencies regarding the conviction. Mr. Beljean checked the space indicating "no" to the question of whether he was ever convicted of a sex-related offense and checked "yes" indicating that his violation involved $50.00 or less. Mr. Beljean was assessed a $150.00 fine for his conviction.

Mr. Beljean claims in his narrative, that although he pled guilty to public lewdness, he was only urinating in some bushes when a police officer appeared and arrested him for public lewdness. *See* Exhibit B, facsimile from William Beljean to Judy Radwick. Article 245 of New York Consolidated Laws prohibits Offenses Against Public Sensibilities and distinguishes between those acts that involve an element of lewdness from mere public exposure. The conduct Mr. Beljean pled guilty to went beyond public urination or even public exposure. Public urination is primarily regulated by littering ordinances in New York. N.Y.C. Health Code § 153.09 proscribes public urination, "Throwing or dropping offensive matter into streets."

The gravamen of Mr. Beljean's conviction is that it involves some element of "lewdness," that goes beyond exposure. *See Mtr. of Paul R.*, 131 A.D.2d 764, 516 N.Y.S.2d 790 (1987); *People v. Darryl M.*, 123 Misc. 2d 723, 475 N.Y.S.2d 704 (1984) (the defendant, in public, repeatedly stroked his covered erect penis and rubbed his covered erect penis against the buttocks of three females. Portrayal of genitals in the context of sexual activity, not exposure of genitals, is the significant factor in determining whether behavior is lewd within the meaning of this section). New York Penal Laws §§ 245.00 (1968) and 245.01 (1965) provide in relevant part as follows:

§ 245.00 Public lewdness.

> A person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act (a) in a public place, or (b) in private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed.
>
> § 245.01 Exposure of a person.
>
> A person is guilty of exposure if he appears in a public place in such a manner that the private or intimate parts of his body are unclothed or exposed.

Evidence of Mr. Beljean's conviction on a lewdness charge and the State's failure to disclose this fact before placing him in a skills trainer position alone with Bryan in the home environment is absolutely relevant to the State's actions and provides evidence of the lengths the State would go to merely fill the position with anybody irrespective of Bryan's needs for qualified skills trainers.

**B. MR. BELJEAN'S PUBLIC LEWDNESS CONVICTION IS NOT BEING USED TO PROVE CHARACTER**

The State claims that Mr. Beljean's public lewdness conviction is not admissible to show that "he somehow had a propensity to provide poor service to Bryan as a skills trainer or that he was unqualified" under Fed. R. Evid. 404(b). Plaintiffs do not claim that Mr. Beljean behaved inappropriately with Bryan or had a propensity for acting in a lewd manner in Bryan's presence.

Mr. Beljean was unqualified as a skills trainer for reasons independent of the conviction as discussed above. However, Plaintiffs do not seek to introduce

evidence of his public lewdness for either of those purposes or to show anything about his character. The conviction and the State's failure to disclose it despite their express knowledge of it is relevant, however, to the actions of the State in placing such a candidate in the home with Bryan. For this purpose, evidence of the public lewdness conviction is relevant and admissible. *See In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1315 (9th Cir. 1982) (Training records containing pilot inadequacies admissible as relevant and were also offered to show that airline had notice of individual's alleged incompetence, and that it should not have allowed him to fly). *See* Advisory Committees Notes, Fed. R. Evid. 404 ("... the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver (does not involve the) problem of the general relevancy of character evidence, and the present rule therefore has no provision on the subject."); *Breeding v. Massey*, 378 F.2d 171, 181 (8th Cir. 1967).

Defendants are expected to testify that they sent competent skills trainers to work with Bryan. In their posture of the case, the State alleges that the qualified skills trainer shortage was in part due to the parents unreasonably firing and refusing to hire competent people. It would be unfairly prejudicial to limit Plaintiffs' ability to rebut this testimony. The evidence of the public lewdness conviction is probative to the issue of the reasonableness of the State's entrusting such a candidate with a child without first allowing the parents to knowingly

consent to his placement in their home with their non-verbal child. Evidence of Mr. Beljean's conviction and his incompetence as a skills trainer is also appropriate rebuttal evidence. See *In re Aircrash in Bali,* 684 F.2d 1301, 1315 (9th Cir. 1982).

**C. MR. BELJEAN'S PUBLIC LEWDNESS CONVICTION PROVIDES IMPORTANT PROBATIVE EVIDENCE OF THE STATE'S NOTICE OF INAPPROPRIATENESS OF SKILLS TRAINER**

The State contends that even if the public lewdness conviction "was somehow marginally relevant to the issues of this case, the probative value of such evidence would be substantially outweighed by the danger of extreme prejudice to Mr. Beljean and to the DOE, as well as confusion of the issues by the jury." The prior conviction is not unfairly prejudicial.

As discussed above, the evidence is directly relevant to an evaluation of the reasonableness of the State's intentional withholding of the conviction information from the parents. It was for the parents to consent to have such a candidate as a 1:1 skills trainer with Bryan. It would be unreasonable for the State to hire and place a candidate with a sex-related offense with a child absent a suitability check. It demonstrates a level of intentionality in their indifference toward Plaintiffs that they performed a suitability check, knew of the conviction and failed to disclose it. Parents have a right to know of sexual misconduct convictions of their children's teachers regardless of the age of the conviction.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that Defendants' motion in limine seeking to exclude testimony and/or evidence regarding the charge of public lewdness against skills trainer William Beljean be denied.

DATED: Honolulu, Hawai`i, January 14, 2007.

STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs