Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON     4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY            4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 14 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>              Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>              Defendant. | CIVIL No. CV 04-00442 ACK/BMK<br>CIVIL No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>#351: PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DOE'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT AND CERTIFICATE OF SERVICE<br>DATE: February 26, 2008<br>TIME: 9:00 a.m.<br>JUDGE: Alan C. Kay<br>TRIAL DATE: February 26, 2008 |

**#351: PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DOE'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT**

**I.   INTRODUCTION**

DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendant) by and through it counsel, has filed a motion in limine seeking to exclude testimony by Kimberly Smalley on opinions not disclosed in her report. .

Generally, the trial court has broad discretion in making evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Decisions regarding the relevancy of evidence and whether the probative value of evidence outweighs unfair prejudice to the defendant are within the District Court's discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir. 1983).

**II.   ARGUMENT**

The court issued and amended rule 16 schedule order on January 9, 2007. (See Docket No. 218). In that order at 11 Plaintiffs were to disclose their experts and their reports on June 5, 2008. On June 5, 2008 Plaintiffs filed their AMENDED DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 26(a)(2), FRCP (See Docket No. 233). On June 8, 2007 Plaintiffs filed their SECOND AMENDED DISCLOSURE OF EXPERT WITNESSES PURSUANT TO RULE 26(a)(2), FRCP (See Docket No. 236). In neither filing does Plaintiffs disclose that they intend to call Dr. Kimberly Smalley as an expert witness nor do

2

they enclose a report identified as an expert report. Defendant is attempting to mischaracterize Dr. Smalley's role in this case. Plaintiffs have never retained Dr. Smalley as an expert and have never retained her to prepare, sign and submit a written report and therefore is not bound by the requirements of Rule 26. Dr. Smalley was actually retained by Defendant in the Spring/Summer of 2004 to develop a Functional Behavior Assessment ("FBA"), Behavior Intervention Plan and a toileting plan for BWB. In preparing for this FBA, Dr. Smalley spent a number of days at Kealakehe Middle School observing BWB, Defendant's employees, and skills trainers contracted by Defendant to provide services to BWB. These observations are the crux of Dr. Smalley's testimony.

Defendant is disingenuous in their allegations that the Defendant is unduly prejudiced because they are precluded from effectively cross-examining Dr. Smalley on the same. Defendant's attorneys took her deposition in July 27, 2006, and had ample opportunity to quiz her on all subjects covered in her testimony that day. Defendant also had the opportunity to request a second deposition once the discovery deadline was extended to October 5, 2007.

Defendant has decided that it was beneficial to its case to now describe Dr. Smalley as "one of the Plaintiffs' experts." Even though Plaintiffs failed to identify her as an expert on June 5, 2007 and June 8, 2007. Plaintiffs further disclosed that

3

Dr. Smalley would be a witness but not an expert witness on in its Final Pretrial Statement filed on October 16, 2007.

There are several schools of thought as to why the Defendant makes this mistake repeatedly. The most prevalent school subscribes to the notion that the Defendant cannot believe how devastating her testimony will be and it is better not to admit that the DOE's attorneys were not advised about Dr. Smalley before they took her deposition. The record shows that the Plaintiffs may have contemplated hiring of Dr. Smalley as an expert, but it is subsequently clear that they did not. When Plaintiffs heard the details of what Dr. Smalley observed and experienced in the process of gathering the data for her FBA, it became obvious that she would testify as a percipient witness and that Plaintiffs had no intention of using her to testify about her FBA.

According to the amended rule 16 scheduling orders, Plaintiffs never identified her as an expert. The DOE has no statement from Plaintiffs to the contrary.

Moreover, Dr. Smalley's report has no effect on her testimony since she will be testifying as a percipient witness. She will be telling the court what was actually going on in the classroom with the inexperienced and untrained skills trainers. This would be what she observed when she attended Extended School Year (ESY) during the summer of 2004. She was present in the classroom on

almost a daily basis. It is what she observed and experienced the skills trainers and the other DOE personnel doing and failing to do while they were in the room with Bryan Wiles-Bond.

Obviously, since she was not hired by the family to perform any services for this case as an expert, she has no report that was prepared for the parents for their son, Bryan.

A preview of the court's rulings on her testimony is speculative and improper by the Defendant. Dr. Smalley may have admissible lay opinions but instead of guessing, the Defendant should await her testimony and then the issue will be ripe at that time.

DATED: Honolulu, Hawai'i, January 14, 2008.

_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>            Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>            Defendant. | Civil No. CV 05-00247 HG/BMK<br>Civil No. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that on January 14, 2008, a true and correct copy of the #351: PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DOE'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT was duly served upon the following parties by hand delivery to the following:

>   Holly T. Shikada, Esq.
>   Deputy Attorneys General
>   235 S. Beretania Street, Room 304
>   Honolulu, Hawaii 96813

Gregg M. Ushiroda, Esq.
Daniel K. Obuhanych
Leighton M. Hara, Esq.
First Hawaiian Center, 23rd Fl.
999 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendants

DATED:   Honolulu, Hawaii, January 14, 2008.

                                      _____
                                      STANLEY E. LEVIN
                                      MICHAEL K. LIVINGSTON
                                      CARL M. VARADY

                                      Attorneys for Plaintiffs