395466.1

**MARK J. BENNETT**   #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**   #4391-0
**GEORGE S. S. HOM**   #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**   #2498-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**   #7826-0
**ROSS T. SHINYAMA**   #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br>           Plaintiffs, <br><br>      vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br>           Defendants. | CIVIL NO. CV 04-00442 HG/BMK <br> CIVIL NO. CV 05-00247 HG/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"-"C"; CERTIFICATE OF SERVICE |

|                                       | )  **HEARING:**                        |
|                                       | )  DATE:  January 24, 2008             |
|                                       | )  TIME:  10:00 a.m.                   |
|                                       | )  JUDGE: Honorable Alan C. Kay        |
|                                       | )  **TRIAL: February 26, 2008**        |
|                                       | )                                      |

**DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM
IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY BY
KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE") by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Reply Memorandum in Support of Motion in Limine to Exclude any Testimony by Kimberly Smalley on Opinions not Disclosed in Her Report (hereinafter "Reply Memorandum").

In their Memorandum in Opposition to Defendant DOE's Motion in Limine to Exclude Any Testimony by Kimberly Smalley on Opinions not Disclosed in Her Report filed January 14, 2008 ("Plaintiffs' Opposition"), Plaintiffs incorrectly assert that they "have never retained Dr. Smalley as an expert." See Plaintiffs' Opposition at 3. Indeed, in Plaintiffs' Disclosure of Expert Witnesses Pursuant to Rule 26(a)(2), FRCP filed on May 30, 2006 ("May 2006 Expert Disclosures"), Plaintiffs disclosed Kimberly Smalley, Ph.D. ("Dr. Smalley") as an expert in the present case. See May 2006 Expert Disclosures at 4, attached as Exhibit "A". Subsequently, in Plaintiffs' Second Supplemental Initial Disclosures filed on May 9, 2007 ("May 2007 Supplemental Initial Disclosures"), Plaintiffs again listed Dr. Smalley as an

expert witness in the present case.  <u>See</u> May 2007 Supplemental Initial Disclosures at 10, ¶44, attached as Exhibit "B".

Relying on Plaintiffs two prior representations that Dr. Smalley was indeed retained as an expert in this case, the DOE took Dr. Smalley's deposition on July 7, 2006.[1]  <u>See</u> Deposition of Kimberly Smalley, Ph.D. taken on July 27, 2006 ("Smalley Deposition") at 1, attached as Exhibit "C".  Notably, there is an absence of any documentation prior to the DOE taking Dr. Smalley's deposition alerting the DOE to the fact that Dr. Smalley was not being proffered as an expert witness.

Indeed, as the following excerpt from the Smalley Deposition clearly indicates, Dr. Smalley herself understood that she was being proffered as an expert witness.

(By Mr. Ushiroda)

> Q.   Okay.  Did you understand that to be your role?
>
> A.   As an expert witness, yes.

<u>See</u> Smalley Deposition at p. 27, lns. 17-18, attached as Exhibit "C".  Further, Dr. Smalley's understanding was clearly based on the representations made to her by Plaintiffs' counsel.

---

[1]   Pursuant to Rule 26(b)(4)(C)(i) of the Federal Rules of Civil Procedure, the DOE paid Dr. Smalley's bill for her time spent in taking her deposition.  Clearly, at a minimum, an inference can be made that Dr. Smalley was being proffered as an expert witness in the present case.

(By Mr. Ushiroda)

> Q. Okay. How long did you meet with Mr. Levin and Bruce this morning?
>
> A. I don't know, five minutes tops. I walked in with the court reporter.
>
> Q. Okay. And what did you discuss?
>
> A. Just -- actually, just what you asked me here. I said I've had no prep. I don't know what I'm – what Bonds are even asking for. And what am I supposed to be doing here? **And Stan [Levin] said, you know, you're gonna talk about your report.**
>
> Q. Your August 18th report?
>
> A. The '04 report.

See Smalley Deposition at 32-33, lns. 21:7 (emphasis added), attached as Exhibit "C". This is the same report that Plaintiffs attached as Exhibit "I" to their May 2006 Exhibit Disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure purporting to be the "expert report" of Dr. Smalley. See May 2006 Exhibit Disclosures, "Exhibit "I", attached as Exhibit "C".

As a result, it is clear that Plaintiffs' claim that they have never retained Dr. Smalley as an expert witness (and therefore she is not bound by the requirements of FRCP Rule 26) is utterly inaccurate. This is obviously a disingenuous attempt by the Plaintiffs to proffer expert testimony under the guise of

/ / /

/ / /

/ / /

lay testimony.[2]  Therefore, the DOE respectfully submits that this Honorable Court should grant the DOE's Motion in Limine to Exclude any Testimony by Kimberly Smalley on Opinions not Disclosed in Her Report.

DATED:  Honolulu, Hawaii, January 16, 2008.

      /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA
Attorneys for Defendants

---

[2]  As Dr. Smalley testified to, she is of the belief that her areas of expertise are extremely broad.  These areas include, inter alia, education, disability, mental health, and disability.  See Smalley Deposition at p. 6, lns. 8-19, attached as Exhibit "C".  As a result, it is not speculative or improper, but rather entirely reasonable for the DOE to conclude that Plaintiffs are proffering Dr. Smalley as a witness to testify as to her expert opinions in this case.  Clearly, these opinions should have been included in her expert report.  To the extent that they were not, such opinions should be excluded from trial.