395393.3

**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**        #4391-0
**GEORGE S. S. HOM**     #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**      #2498-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br>          Plaintiffs, <br><br>      vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br>          Defendants. | CIVIL NO. CV 04-00442 HG/BMK <br> CIVIL NO. CV 05-00247 HG/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> DEFENDANT DEPARTMENT OF EDUCATION'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE <br><br> **HEARING:** <br> DATE:  January 24, 2008 <br> TIME:  10:00 a.m. <br> JUDGE: Honorable Alan C. Kay <br> **TRIAL: February 26, 2008** |

**DEFENDANT DEPARTMENT OF EDUCATION'S
OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
FILED ON AND DATED JANUARY 7, 2008**

COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through itstheir attorneys, WATANABE ING & KOMEIJI, and hereby submits its objections to Plaintiffs' Proposed Jury Instructions filed on and dated January 7, 2008.

The DOE reserves the right to add, amend and/or supplement their objections to the Plaintiffs' proposed jury instructions as warranted by the resolution of motions currently pending before the court, the evidence presented at trial, and/or other developments in this case.  Accordingly, the fact that the DOE has not objected to a particular proposed jury instruction herein should not be construed as a waiver of any objections as to that instruction that may arise at a later date.  By this submission, the DOE reserves all rights as to the Plaintiffs' proposed jury instructions through the settling of final jury instructions in this case, and the DOE does not waive any objections herein.

**Furthermore, the DOE reserves the right to add, amend, and/or supplement their objections to Plaintiffs' jury instructions as warranted by the Ninth Circuit Court of Appeals decision, <u>Mark H. v. Lemaheiu</u>, No. 05-16236 (9th Cir. January 17, 2008), decided today, January 17, 2008.**

-2-

## Plaintiffs' Proposed Jury Instruction No. 1

The Individuals with Disabilities Education Act, [sic] is a federal law.  Under the Individuals with Disabilities Education Act or "IDEA," the State must provide appropriate special education and related mental health and therapeutic services to children eligible for special education.  The IDEA requires the Sate [sic] to provide not only education but also "related services," [sic]  These related services include such developmental, corrective, and other supportive services, including speech-language pathology and audiology services, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, counseling services, including rehabilitation counseling, orientation and mobility services, and medical services, as may be required to assist a child with a disability to benefit from special education.  "Psychological services" include "psychological counseling for children and parents."

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it states inapplicable, irrelevant law, is misleading, and it confuses the issues.  This is a Section 504 Rehabilitation Act case not an IDEA case.  <u>See</u> Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings, et. al. Filed December 19, 2006 ("December 2006 Order") at 28-31.  As this Court noted, "[w]here the IDEA guarantees a disabled child's right to a free appropriate public education, § 504 of the Rehabilitation Act simply prohibits discrimination on the basis of disability."  <u>Mark H. v. Lemaheiu</u>,372 F. Supp. 2d 591, 596-597 (D. Haw. 2005)(J. Real).

Further, the issue in this case is not what educational and related services the DOE was obligated to provide under the IDEA; but rather, whether or not the DOE violated Section 504 by "act[ing] in bad faith and with deliberate indifference" in failing to provide these services to Bryan.  <u>See</u> December 2006 Order at 51.  Notably, Plaintiffs' source supporting this instruction is an IDEA case void of any mention of "deliberate indifference," "bad faith," or "gross misjudgment."  <u>See generally</u> <u>Robb v. Bethel Sch. Dist. #403</u>, 308 F.3d 1047, 1050 (9th Cir. 2002).

As a result, Plaintiffs' instruction is an unnecessary inclusion of irrelevant law that is substantially likely to confuse the issues and mislead the jury as to the applicable legal framework in this case.

**Plaintiffs' Proposed Jury Instruction No. 2**

Hawaii Administrative Rule, Title 8, Chapter 53, provides that students with a disability who are protected by Section 504 of the Rehabilitation Act shall be provided a free appropriate public education as required by Section 504 as follows:

> (1) Students with a disability who are eligible for special education and related services under IDEA . . . shall be provided a free appropriate public education under chapter 8-36.

The Court already has ruled in this case that from 1999 through 2004 Bryan was not provided a free appropriate public education that met his unique needs.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it states inapplicable, irrelevant law, is misleading, and it confuses the issues. The issue in the present case is not whether Bryan was entitled to a free appropriate public education ("FAPE"). Indeed, it is undisputed that the DOE failed to provide Bryan a FAPE. See December 2006 Order at 49. There is, however, "a material factual dispute as to whether [the DOE] acted in bad faith and with deliberate indifference in failing to provide Bryan a FAPE." See December 2006 Order at 51. As a result, Plaintiffs citation to Hawaii Administrative Rule § 8-53-1(c)(1) is irrelevant and obviously unnecessary.

The DOE also specifically objects to the clause stating that "[t]he Court has ruled in this case that from 1999 through 2004 Bryan was not provided a free appropriate public education that met his unique needs" on the basis that it is a misstatement of this Court's findings in the December 2006 Order. In the December 2006 Order, this Court found the following portion of the Hearing's Officer's May 11, 2004 decision was entitled to preclusive effect:

May 11, 2004 Decision: **"from October 2003 through February 2004** 1) The DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003, and January 9, 2004 IEPs; 2) The DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and 3) The DOE failed to provide

-4-

skills trainers who could communicate with Bryan using
[American Sign Language].

<u>See</u> December 2006 Order at 25 (emphasis added).  As a result, the
last sentence of this instruction is clearly unsupported.

Moreover, as argued in "Defendant Department of
Education's Motion in Limine No. 5 to Exclude All Evidence of
:(1) 'Decision and Order' dated May 21, 2001; and (2) Alleged
IDEA and Section 504 violation by Defendants on or before July 1,
2002", any events occurring on or before July 1, 2002 were fully
and finally resolved by that certain "Release and Settlement
Agreement" entered into on July 1, 2002 by and between
Plaintiffs, the DOE, and the Department of Health of the State of
Hawaii.  As a result, events preceding this Agreement are
entirely irrelevant and wholly prejudicial, and thus should be
excluded at trial.

**Plaintiffs' Proposed Jury Instruction No. 3**

       The State cannot excuse its knowing failure to provide appropriate special education and related services based on cost. Cost of services is not a defense in this case.

**DOE's Objection(s):**

       The DOE objects to this instruction on the basis that it relies on inapplicable law, is irrelevant, and is misleading. Plaintiffs improperly rely on <u>Cedar Rapids Community School District v. Garret F. by Charlene F.</u>, 526 U.S 66, 77-78 (1999) as their source for the present instruction.  First, <u>Cedar Rapids</u> is not a Section 504 case, it is an IDEA case.  Second, <u>Cedar Rapids</u> is void of any mention of the standards of "deliberate indifference," "bad faith," or "gross misjudgment," Plaintiffs' clear burden of proof in this case.  As a result, <u>Cedar Rapids</u>, and any other case Plaintiffs cite to as support for this instruction, is improper as it does not stand for the proposition that a recipient of federal funds is precluded from proffering evidence of cost to refute allegations of "deliberate indifference," "bad faith," or "gross misjudgment."

### Plaintiffs' Proposed Jury Instruction No. 4

Section 504 of the Rehabilitation Act, [sic] is a federal law.  Section 504 prohibits the State of Hawaii, which receives federal funds to assist people with disabilities, from discrimination in federally-funded programs, including special education.  Under Section 504, recipients of public funds, such as the State, violate that law if they fail to provide necessary accommodations to a disabled person.

Plaintiffs must prove that [sic] State acted with "deliberate indifference" in order to establish that the State is liable to them for violating Section 504.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is incomplete, misleading, overly suggestive of the Plaintiffs' side of the case, and is prejudicially insufficient without additional instructions on Plaintiffs' burden of proof. An appropriate instruction would replicate the actual language used in 29 U.S.C. § 794(a).  Further, there is no authority supporting the proposition that a recipient of public funds violates Section 504 by simply failing to provide necessary accommodations to a disabled person.  Indeed, this Court has already held that the mere denial of a FAPE does not give rise to a Section 504 claim for money damages.  See December 2006 Order at 31.  Rather, Plaintiffs must prove "deliberate indifference," and "bad faith" or "gross misjudgement."  See December 2006 Order at 31-32.  The burden of "bad faith" or "gross misjudgment" is conveniently left out of the present instruction.

As a result, the DOE submits that the following is an appropriate instruction:

Section 504 of the Rehabilitation Act provides:

No otherwise qualified individual with a disability in the United States . . . shall solely by reason of his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

-7-

Section 504 requires Plaintiffs to prove by a preponderance of the evidence that the DOE acted with "deliberate indifference," and "bad faith" or "gross misjudgment" in failing to provide Bryan with a FAPE.

### Plaintiffs' Proposed Jury Instruction No. 5

Under Section 504, "deliberate indifference" is proved if the Department of Education knew of the special education needs of Bryan Wiles-Bond and did not provide the appropriate services to meet those needs. Difficulty in procuring or providing those services is not a defense. The DOE cannot discharge its legal duty to provide services, by merely offering just any accommodation.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is vague, overly broad, is unsupported by any applicable law, and is prejudicially insufficient without additional instructions as to deliberate indifference. As stated _infra_ in DOE's Objections to Plaintiffs' Proposed Jury Instruction No. 6, any instruction on "deliberate indifference" should replicate the exact language used by the Ninth Circuit. Furthermore, as stated _infra_ in DOE's Objections to Plaintiffs' Proposed Jury Instruction No. 6, instructions on "deliberate indifference" should be combined into one comprehensive and complete instruction.

The clause "[d]ifficulty in procuring or providing those services is not a defense" is clearly unsupported by any legal authority. Indeed, in a case where Plaintiffs must prove that the DOE intentionally discriminated against Bryan solely by reason of his disability, any evidence proving that other reasons, exclusive of any alleged intentional discrimination, is highly relevant and essential to the DOE's defense.

Moreover, Plaintiffs' instruction, to the extent that it proffers that "[t]he DOE cannot discharge its legal duty to provide services, by merely offering just any accommodation" is inapposite. The issue in this case is not whether the DOE did or did not try to discharge its legal duty; the issue in this case is whether, in failing to provide Bryan a FAPE, did the DOE act with "deliberate indifference" and "bad faith." _See_ December 2006 Order at 51. As a result, the last sentence of this instruction is utterly irrelevant.

## Plaintiffs' Proposed Jury Instruction No. 6

"Deliberate indifference" means: The State knew that a harm to a federally protected right is substantially likely, and failed to avoid that harm.

**DOE's Objections(s):**

The DOE objects to this instruction on the basis that it is a misstatement of applicable law, overly suggestive of Plaintiffs side of the case, and prejudicially insufficient without additional instructions as to "deliberate indifference." In the alternative the DOE submits that the following instruction, stating the exact language as set forth by the Ninth Circuit in Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001), is appropriate:

> Deliberate indifference requires both
> knowledge that a harm to a federally
> protected right is substantially likely, and
> a failure to act upon that likelihood.

This instruction is also unduly prejudicial without further instructions on "deliberate indifference." Clearly, the standard of deliberate indifference entails more than a one line explanation. As a result, the DOE contends that instructions on deliberate indifference should not be done piecemeal; rather, any instructions on deliberate indifference should be combined into one comprehensive instruction, e.g., should include, inter alia, that the second element of deliberate indifference requires more than just negligent behavior, and involves an element of deliberateness.

Plaintiffs' Proposed Jury Instruction No. 7

The State knows that harm to a federally protected right is substantially likely when it has notice that an accommodation is required to address a child's disability.

The State's failure to act must involve an element of deliberateness.  But, the State cannot discharge its duty to 'act' by offering just any accommodation to the child: it must consider the particular child's need when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that meet the child's needs.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is an incomplete statement of applicable law, prejudicially insufficient without additional instructions as to Plaintiffs' burden of proof in this case, an in part, irrelevant.  In the first sentence of the second paragraph, Plaintiffs conveniently fail to include the Ninth Circuit's complete articulation of what is required under the second element of "deliberate indifference."  The complete language is as follows:

> The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness."

See <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1139 (9th Cir. 2001).

Further, the second sentence of the second paragraph of this instruction is inapposite.  There has been no claim that the DOE failed to conduct a reasonable investigation as to what Bryan's needs were and the accommodations that were reasonable. Indeed, the IEPs mutually agreed upon by both parties evidence that a reasonable investigation was made, and that reasonable accommodations, as set forth in the IEP, were to be sought.  As a result, the second sentence of the second paragraph of this instruction is utterly irrelevant.

Moreover, as stated <u>supra</u>, the DOE contends that any instructions on "deliberate indifference" should not be given in a piecemeal fashion.  Rather, any instructions on "deliberate indifference" should be given as one comprehensive and complete instruction.  Failure to do so severely under-emphasizes the Plaintiffs' burden of proof in this case, and is wholly prejudicial.

### Plaintiffs' Proposed Jury Instruction No. 8

"Deliberate indifference" means that the State had knowledge and notice.  It does not require Plaintiffs to prove the State had ill will toward them, or to weigh the State's institutional motives.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it misstates the applicable law in this case, is overly suggestive of Plaintiffs' side of the case, and is prejudicially insufficient without additional instructions on deliberate indifference.  First, the first sentence of this instruction is improper as it is an over-simplification of the "deliberate indifference" standard set forth by the Ninth Circuit.  See Defendant Department of Education's Objection to Plaintiffs' Proposed Jury Instruction No. 7, supra.  Second, the second sentence of this instruction is clearly contrary to applicable law and this Court's December 2006 Order.  Clearly, the fact that the standard of "deliberate indifference" requires a showing of "deliberateness" requires Plaintiffs to provide evidence as to the DOE's "institutional motives."  Further, this Court has explicitly held in its December 2006 Order that Plaintiffs must prove that the DOE acted with "bad faith."  See December 2006 Order at 32, 51.  This clearly requires Plaintiffs to prove that the DOE acted with "ill will."  Without any showing of "deliberateness" and "bad faith," Plaintiffs are merely asserting a claim for the mere denial of a FAPE.  As this Court has noted, a mere denial of a FAPE does not constitute a violation of Section 504.  See December 2006 Order at 31.

Moreover, Plaintiffs' reliance on Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002) as the source of this instruction is misguided.  In Lovell, the Ninth Circuit did not need to inquire as to the defendant's motives, or if they acted in "ill will" because the policy in question was facially discriminatory, i.e., it was in the form of a categorical exclusion of disabled persons from a public program.  Id. at 1057.  As the Ninth Circuit noted, where a policy is facially discriminatory "the public entity is, at the very least, 'deliberately indifferent'; by its very terms, facial discrimination is 'intentional'".  Id. (citation omitted).  In the present case, there is no facially discriminatory policy.  As a result, the Plaintiffs must still prove that the alleged discrimination against Bryan was intentional and/or done with "deliberate indifference."  As a result, this instruction is improper.

### Plaintiffs' Proposed Jury Instruction No. 9

If the State had knowledge of Bryan's needs and did not provide appropriate services it is not a defense that he [sic] State to assert it acted in "good faith."  The fact that the State knew of Bryan's needs and did not provide appropriate services constitutes "deliberate indifference" for which the State is liable under Section 504.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is clearly contrary to applicable law and this Court's December 2006 Order, and is overly suggestive of Plaintiffs side of the case.  In the December 2006 Order, this Court explicitly held that "[t]here is a material factual dispute as to whether Defendants acted in **bad faith** and with deliberate indifference in failing to provide Bryan a FAPE."  See December 2006 Order at 51 (emphasis added).  Clearly, in order for the DOE to refute "bad faith," it must proffer evidence of "good faith."  Indeed, courts, including this Court, has held that a finding of good faith precludes recovery under Section 504.  See <u>Midgett v. Tri-County Metropolitan Transportation District of Oregon</u>, 254 F.3d 846 (9th Cir. 2001) (**good faith intention to comply** with the ADA precluded finding of deliberate indifference); <u>Patricia N. v. Lemahieu</u>, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in **good faith, believed that they were providing FAPE** (though it turned out they were not), recovery under § 504 would be barred); <u>Walker v. District of Columbia</u>, 157 F. Supp.2d 11 (D. C. 2001) (plaintiffs' claim for compensatory damages under the Rehabilitation Act was without merit where the testimony of the child's teachers demonstrated a **good faith attempt** on the part of defendant to **provide the child with FAPE**).

Clearly, this instruction is improper as it seeks to preclude the DOE from proffering an essential (and relevant) defense.

## Plaintiffs' Proposed Jury Instruction No. 10

The law prohibits retaliation against any person who files a complaint about or participates in the investigation of discrimination made by a disabled person.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is prejudicially insufficient and misleading without additional instructions on retaliation. Plaintiffs' instruction fails to set forth the elements, e.g., Plaintiffs engaged in a "protected activity"; Plaintiffs were subjected to an "adverse action"; and "adverse action" was taken "because of" Plaintiffs participation in "protected activity", required to establish a Section 504 retaliation claim. See Defendant Department of Education's Trial Brief filed January 14, 2008 at 32. Moreover, Plaintiffs instruction fails to indicate, inter alia, that any protected activity entered into by Plaintiffs must be reasonable. See Wrighten v. Metro. Hosps., Inc., 726 F.2d 1346, 1354-56 (9th Cir. 1984). As a result, Plaintiffs' instruction is clearly deficient as it severely under-emphasizes Plaintiffs' burden of proof.

Plaintiffs' instruction also conveniently fails to indicate that, in order to recover damages on their retaliation claim, they must prove that the DOE acted with "deliberate indifference" in allegedly retaliating against Plaintiffs. See Order Granting Plaintiffs Ann Kimball Wiles' and Stanley Bond's Motion to Amend their Complaint to Include an Express Claim for Non-Economic Damages for Retaliation filed November 13, 2007 ("November 2007 Order") at 17.

As a result, this instruction is prejudicially deficient. For proper instructions on Plaintiffs' retaliation claim, see Defendant Department of Education's Requested Jury Instructions dated January 7, 2008.

**Plaintiffs' Proposed Jury Instruction No. 11**

If you find for any of the Plaintiffs, then you must provide a sum that justly and fairly measures the amount of the losses to each Plaintiff as the result of the State's actions.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is vague, unclear, and is overly suggestive of the Plaintiffs' side of the case.  In the alternative, the DOE submits that the following is an appropriate instruction:

> If you find for plaintiffs on the issue of liability, plaintiffs are entitled to damages in such an amount as in your judgment will fairly and adequately compensate him/her/them for the injuries which he/she/they suffered.

See Hawaii Standard Civil Jury Instructions, Instruction No. 8.9 (1999).

**Plaintiffs' Proposed Jury Instruction No. 12**

Special damages are all losses that occurred as a result [sic] State's deliberate indifference that will result in need for additional services for Bryan throughout his life. Special damages for Bryan include, but are not limited to, the cost of additional special education, medical care, mental health care, vocational training, speech therapy, occupational therapy, other treatment and or housing that Bryan will need as a result of the State's deliberate indifference.

Special damages for Bryan's parents include lost income and other economic losses that resulted from the State's deliberate indifference.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is overly suggestive of Plaintiffs' side of the case. In the alternative, the DOE submits that the following jury instruction is appropriate:

> Special damages are those damages which can be calculated precisely or can be determined by you with reasonable certainty from the evidence.

See Hawaii Standard Civil Jury Instructions, Instruction No. 8.2 (1999).

Notwithstanding the above objection, the DOE also objects to the last sentence of this instruction ("Special damages for Bryan's parents include lost income . . . ") on the basis that it misstates the Court's December 2006 Order. As a result, if this Court finds it necessary to include an instruction on this issue, the instruction should replicate the exact language set forth in the December 2006 Order:

> [Bryan's parents] may recover economic damages reasonably and foreseeably incurred as a result of [the DOE's] intentional discrimination against Bryan.

See December 2006 Order at 40-41.

**Plaintiffs' Proposed Jury Instruction No. 13**

In awarding special damages for future losses or expenses you must:

a) Exclude expenses that the Plaintiffs would have incurred without the State's deliberate indifference; and

b) Reduce any award to its present value by considering the interest that the Plaintiffs would have earned as the rest of the risk-free investment - recognizing that the future loss of earnings is more valuable because the Plaintiffs can earn interest between the date of the monies are provided and the date of earning the monies.

**DOE's Objection(s):**

The DOE objects to this instruction to the extent it deals with the "present value" of any award of damages. Rule 51.1(h) of the Local Rules of Practice for the United States District Court for the District of Hawaii provides that the court "generally prefers 9th Circuit Model Jury Instructions." As a result, the DOE submits that the appropriate jury instruction is as follows:

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. [You should also consider decreases in the value of money which may be caused by future inflation.]

See Ninth Circuit Manual of Model Civil Jury Instructions No. 5.4 (2007).

-17-

**Plaintiffs' Proposed Jury Instruction No. 14**

General damages are those damages that fairly and adequately compensate Plaintiff(s) for any past, present, and reasonably probably future disability, pain, and emotional distress caused by the State's deliberate indifference.

General damages include fair and just compensation for any physical pain and suffering, humiliation, inconvenience, emotional anguish that the Plaintiffs experienced as a result of the harm inflicted by the State. No evidence of monetary value of such intangible factors as pain and suffering needs to be provided by Plaintiffs; [sic]

In deciding on the measure of the losses and harm inflicted, you should be guided by your dispassionate common sense, personal experience and your sound discretion by measuring the amount against your drawing all reasonable inferences from the facts as found by you.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is overly suggestive of Plaintiffs' side of the case, unclear, vague and cumulative. The DOE submits that the first paragraph of Plaintiffs' instruction is in and of itself a sufficient instruction on general damages. Indeed, it is identical to Hawaii Standard Civil Jury Instructions, Instruction No. 8.3.

The first sentence of the second paragraph should be struck as it is unduly cumulative. As already stated, the first paragraph sufficiently defines "general damages."

To the extent that this Court finds the remaining portion of this instruction necessary, the DOE submits the following as an appropriate instruction (as to the measurement of "general damages"):

> Plaintiffs are not required to present evidence of the monetary value of their pain or emotional distress. It is only necessary that plaintiffs prove the nature, extent and effect of their injury, pain, and emotional distress. It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

See Hawaii Standard Civil Jury Instructions, Instruction No. 8.10 (1999).

-18-

## Plaintiffs' Proposed Jury Instruction No. 15

Under Section 504, Bryan's parents have the legal authority to bring this suit on Bryan's behalf and on their own. If you conclude that the State acted with deliberate indifference toward their son Bryan, you must find that Bryan's parents' rights also have been violated and determine an appropriate amount of special and general damages that justly and fairly compensates them for the harm and losses caused by the State's deliberate indifference.

[Submitted for consideration by the jury on previously adjudicated claim to avoid retrial on that claim in the event of appeal and reversal]

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is contrary to this Court's December 2006 Order and applicable law, is substantially likely to confuse the issues and mislead the jury, and is wholly prejudicial to the DOE. In the December 2006 Order, this Court explicitly held that the Parent Plaintiffs "do not have standing to bring an action for their own personal injuries allegedly arising from the [alleged] discrimination against [Bryan]." See December 2006 Order at 39. This Court reasoned that Parent Plaintiffs lacked standing because they could not show that they were "either a participant in, or a beneficiary of, a program receiving federal funds." See December 2006 Order at 39-40.

The DOE submits that Plaintiffs excuse for posing this instruction despite this Court's clear, previous adjudication of this issue is baseless and unfounded. This instruction will clearly confuse the issues and mislead the jury. Jury instructions serve the purpose of detailing the prevailing rights of the parties. Clearly, pursuant to the December 2006 Order, Plaintiffs are not entitled to damages arising from the alleged intentional discrimination against Bryan. As a result, this instruction is improper.

### Plaintiffs' Proposed Jury Instruction No. 16

When you review the evidence in this case, you must treat evidence presented by the State and its witnesses the same as the evidence presented by Plaintiffs.  The evidence presented by the State is not entitled to any special consideration and must not be given any special weight or viewed more favorably than the evidence presented by Plaintiffs and their witnesses.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is overly suggestive of Plaintiffs' side of the case.  In the alternative, the DOE submits that the following is an appropriate instruction:

> When you review the evidence in this case, you must treat evidence presented by both parties and its witnesses equally.  The evidence presented by either party is not entitled to any special consideration and must not be given any special weight or be viewed more favorably just because it is presented by that party.

## Plaintiffs' Proposed Jury Instruction No. 17

If you determine that the State is liable to any Plaintiffs for damages, you must award compensation consistent with these instructions, even though you know that the judgment will be paid by the State.  You must not diminish or limit the award that you make because you know it is being paid by the State.  You must award damages you believe are fair and just, applying these instructions to the facts of the case, without regard for the fact that the money you award will be paid by the State.

**DOE's Objection(s):**

The DOE has no objections at this time.

DATED: Honolulu, Hawaii, January 17, 2008.


  /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

Ann Kimball Wiles, et al., Plaintiffs vs. Department of Education, et al., Defendants; Civil No. 04-00442 ACK-BMK; Defendant Department of Education's Objections to Plaintiffs' Proposed Jury Instructions