Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON          4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i   96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com


CARL M. VARADY                 4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i   96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com


Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>              Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>            Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS; AND CERTIFICATE OF SERVICE**<br><br>**TRIAL DATE:  February 26, 2008** |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Plaintiffs hereby object to the following instructions proposed by Defendant, on the following grounds:

| Defendant's Proposed Instruction | Objections and Requested Changes to Proposed Instructions |
|---|---|
| 1 | The proposed instruction is unfairly refers to only the Defendant by name, and not Plaintiffs as being entitled to "equal treatment," and redundant with the Ninth Circuit's Model Civil Jury Instruction No. 1 (hereafter "MCJI x"), which the Court is asked to give in place of the proposed instruction.[1] |
| 2 | The proposed instruction is combines two unrelated topics: agency and a definition of what constitutes evidence.  Plaintiffs request the Court give MCJI Nos. 1.6, 1.7, 1.9 (with the comment) and 4.2, in its place, substituting the words "governmental entity" for the word "corporation" in no. 4.2, in place of   Defendant's proposed instruction. |
| 3 | No objection. MCJI 1.12 |

---

[1]    Plaintiffs assert that their proposed instructions on any topic covered by Defendant's proposed instructions more accurately state the law, without bias, than Defendant's proposals.  Each suggestion for an alternative from the MCJI is based on the assumption that the Court is seeking an alternative and not giving an instruction on a specific topic proposed by Plaintiffs.

| | |
|---|---|
| 4 | No objection.  MCJI 1.13 |
| 5 | The proposed instruction is a statement of Hawaii, not federal law. Plaintiffs request the Court give MCJI No. 1.3, in place of Defendant's proposed instruction. |
| 6 | The proposed instruction is redundant of Defendant's proposed instruction no. 1.  Plaintiffs request the Court give MCJI No. 4.1 in place of Defendant's proposed instruction. |
| 7 | No objection. |
| 8 | The proposed instruction is redundant of Defendant's proposed instruction no. 1.  Plaintiffs request the Court give MCJI No. 4.1 in place of Defendant's proposed instruction. |
| 9 | Redundant, cumulative and unnecessary. |
| 10 | The proposed instruction is a statement of Hawaii, not federal law. Plaintiffs request the Court give MCJI No. 1.1B in place of Defendant's proposed instruction. |
| 11 | No objection. |
| 12 | The proposed instruction is a statement of West Virginia, not federal law.  Plaintiffs request the Court give MCJI No. 1.3, in place of Defendant's proposed instruction. |

| 13 | The proposed instruction states the law for the Americans with Disabilities Act. Plaintiffs' proposed instructions nos. 5-10 accurately describe the law as the included citations demonstrate. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008); *Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001); *Wong v. Regents of University of California,* 192 F.3d 807, 818 (9th Cir. 1999). |
|----|----|
| 14 | No objection. |
| 15 | Redundant, cumulative and includes another statement of the burden of proof.  Plaintiffs' proposed instructions nos. 5-10 accurately describe the law as the included citations demonstrate.  *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008). |
| 16 | No objection. |
| 17 | No objection. |
| 18 | Redundant, cumulative and includes another statement of the burden of proof.  Plaintiffs' proposed instructions nos. 5-10 accurately describe the law as the included citations demonstrate. *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. |

| | |
|---|---|
| | 17, 2008) |
| 19 | Redundant, cumulative and includes another statement of the burden of proof. Plaintiffs' proposed instructions nos. 5-10 accurately describe the law as the included citations demonstrate. *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008). |
| 20 | Redundant, cumulative and includes another statement of the burden of proof. Plaintiffs' proposed instructions nos. 5-10 accurately describe the law as the included citations demonstrate. *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008). |
| 21 | Plaintiffs' proposed instructions nos. 5-10 accurately describe the law as the included citations demonstrate. *Maher* and *Alexopoulos*, relied upon by Defendant, were overruled by Congress, which identified Section 504 as an additional remedy. *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008); *see,* 20 U.S.C. § 1415(l). |
| 22 | The proposed instruction is incomplete and misstates the standard described in *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008) and *Duvall v. County of Kitsap*, |

| | |
|---|---|
| | 260 F.3d 11249th Cir. 2001). *Duvall* states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988). This standard was reaffirmed in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |
| 23 | The proposed instruction is incomplete and misstates the standard described in *Duvall v. County of Kitsap*, 260 F.3d 11249th Cir. 2001). *Duvall* states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988). This standard was reaffirmed in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |
| 24 | The proposed instruction is incomplete and misstates the standard |

| | |
|---|---|
| | described in *Duvall v. County of Kitsap*, 260 F.3d 11249th Cir. 2001).  *Duvall* states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).  This standard was reaffirmed in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |
| 25 | No objection. |
| 26 | The proposed instruction is incomplete and misstates the standard described in *Duvall v. County of Kitsap*, 260 F.3d 11249th Cir. 2001).  *Duvall* states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).  This standard was reaffirmed in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |

| | |
|---|---|
| 27 | The proposed instruction is incomplete and misstates the standard described in *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008). *Mark H.* explains liability standard under Section 504. Section 504 requires federal aid recipients adopt reasonable modifications necessary to permit disabled people to have meaningful access to a state benefits. Slip Op. at 618-19. While failure to provide FAPE under IDEA is not a violation of Section 504, *per se*, the facts underlying the lack of FAPE can be considered when the jury evaluates whether the state has taken "reasonable steps" to provide "meaningful" access to education. |
| 28 | The proposed instruction is a complete misstatement of the law. The State cannot discharge its duty to 'act' by offering just any accommodation to the child: it must consider the particular child's need when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that meet the child's needs. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001). The state's "good faith" is no excuse to liability. *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002). |
| 29 | The proposed instruction is incomplete and misstates the standard |

| | |
|---|---|
| | described in *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008). *Mark H.* explains liability standard under Section 504. Section 504 requires federal aid recipients adopt reasonable modifications necessary to permit disabled people to have meaningful access to a state benefits. Slip Op. at 618-19. While failure to provide FAPE under IDEA is not a violation of Section 504, *per se*, the facts underlying the lack of FAPE can be considered when the jury evaluates whether the state has taken "reasonable steps" to provide "meaningful" access to education. |
| 30 | The proposed instruction is a complete misstatement of the law. The State cannot discharge its duty to 'act' by offering just any accommodation to the child: it must consider the particular child's need when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that meet the child's needs. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001). The state's "good faith" is no excuse to liability. *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002). |
| 31 | The jury is the sole arbiter of the weight of the evidence. There is no presumption that Defendant's decisions concerning Bryan Wiles- |

| | |
|---|---|
| | Bond's program fulfilled the Defendant's legal obligations to adopt reasonable modifications necessary to permit disabled people to have meaningful access to a state benefits. *Mark H.,* Slip Op. at 618-19. The State cannot discharge its duty to 'act' by offering just any accommodation to the child: it must consider the particular child's need when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that meet the child's needs. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001). The state's "good faith" is no excuse to liability. *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002). |
| 32 | The proposed instruction is incomplete and misstates the standard described in *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008). *Duvall v. County of Kitsap*, 260 F.3d 11249th Cir. 2001), states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988). This standard was reaffirmed |

| | |
|---|---|
| | in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |
| 33 | The jury is the sole arbiter of the weight of the evidence.  There is no presumption that Defendant's decisions concerning Bryan Wiles-Bond's program fulfilled the Defendant's legal obligations to adopt reasonable modifications necessary to permit disabled people to have meaningful access to a state benefits.  *Mark H.,* Slip Op. at 618-19.  The State cannot discharge its duty to 'act' by offering just any accommodation to the child: it must consider the particular child's need when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that meet the child's needs.  *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138-39 (9th Cir. 2001).  The state's "good faith" is no excuse to liability.  *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002). |
| 34 | The proposed instruction is unnecessarily complex and will confuse the jury. It also misstates the standard. To establish a prima facie ADA retaliation claim, a plaintiff must show: (1) he or she is engaged in a protected activity; (2) he or she suffered an adverse employment decision; and (3) there is a causal link between the protected activity |

and the adverse decision. *Pardi v. Kaiser Permanente Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); *Settlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004); *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002).  The retaliation need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor. *Pardi* 389 F.3d at 849*i;  Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007).  Pursuing or advocating for federally protected rights of oneself or others constitutes protected activity. *See, e.g., Settlegoode,* 371 F.3d 503*; McAlindin v. County of San Diego*, 192 F.3d 1226, 1238 (9th Cir. 1999) (vigorously asserting one's rights under the ADA and other state and federal discrimination laws constitutes protected activity); *Hashimoto v. Dalton,* 118 F.3d 671, 679-80 (9th Cir. 1997) (determining that meeting with an Equal Employment Opportunity counselor to discuss sex and race discrimination constitutes protected activity).

| | |
|---|---|
| 35 | The proposed instruction is unnecessarily complex and will confuse the jury. It also misstates the standard. To establish a prima facie ADA retaliation claim, a plaintiff must show: (1) he or she is engaged in a protected activity; (2) he or she suffered an adverse employment |

decision; and (3) there is a causal link between the protected activity and the adverse decision. *Pardi v. Kaiser Permanente Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); *Settlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004); *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002).  The retaliation need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor. *Pardi* 389 F.3d at 849*; Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007).  Pursuing or advocating for federally protected rights of oneself or others constitutes protected activity. *See, e.g., Settlegoode,* 371 F.3d 503*; McAlindin v. County of San Diego*, 192 F.3d 1226, 1238 (9th Cir. 1999) (vigorously asserting one's rights under the ADA and other state and federal discrimination laws constitutes protected activity); *Hashimoto v. Dalton,* 118 F.3d 671, 679-80 (9th Cir. 1997) (determining that meeting with an Equal Employment Opportunity counselor to discuss sex and race discrimination constitutes protected activity).

| | |
|---|---|
| 36 | There is no "reasonableness" requirement imposed by the anti-retaliation provisions of Section 504.  Any requirement under Title VII that a plaintiff employee must show that her opposition did not |

| | |
|---|---|
| | disrupt the normal operation of Defendant's business (*e.g., Funai v. Brownlee*, 369 F. Supp. 2d 1222, 1230 (D. Haw. 2004)) is inapplicable here as: (1) the *McDonald Douglas* burden shifting of Title VII does not apply; and (2) retaliation need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor in Defendant's actions. *Pardi* 389 F.3d at 849*; Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007). The instruction should be modified to identify the Plaintiffs disjunctively as "ANN KIMBALL WILES <u>or</u> STANLEY BOND" |
| 37 | The instruction should be modified to identify the Plaintiffs disjunctively as "ANN KIMBALL WILES <u>or</u> STANLEY BOND" |
| 38 | The proposed instruction misstates the law.  Unlike Title VII, the retaliation under Section 504 need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor in Defendant's actions. *Pardi v. Kaiser Permanente Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004);  *Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007). |
| 39 | The instruction should be modified to identify the Plaintiffs disjunctively as "ANN KIMBALL WILES <u>or</u> STANLEY BOND" |
| 40 | The proposed instruction misstates the law and is likely to confuse |

14

| | |
|---|---|
| | the jury. The retaliation under Section 504 need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor in Defendant's actions. *Pardi v. Kaiser Permanente Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); *Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007).   Thus, any retaliatory motive will suffice and the proposed instruction suggests otherwise. |
| 41 | The proposed instruction misstates the standard described in *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008).   *Duvall v. County of Kitsap*, 260 F.3d 11249th Cir. 2001), states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).   This standard was reaffirmed in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |
| 42 | The proposed instruction is likely to confuse the jury.   Plaintiffs concede that the Court has ruled, contrary other decisions in this |

district, that the parents do not have a direct cause of action for discrimination under Section 504. *Cf., Patricia N. v. LeMahieu,* 141 F. Supp. 2d 1243 (D. Haw. 2001) (holding that the "aggrieved by" language of 29 U.S.C. § 794a(a)(2) gave parents of autistic child a cause of action under section 504 of the Rehabilitation Act). However, the Court is asked to give Plaintiffs' proposed instruction 15, recognizing a direct action by the Plaintiff parents, which would avoid having to retry this issue should the earlier ruling be reversed on appeal as legal error. Section 504's remedial provision states: The remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of [the Rehabilitation Act].29 U.S.C. § 794a(a)(2)29 U.S.C. § 794a(a)(2). The "any person aggrieved" language brings non-disabled individuals like the parents in this case within the zone of interests of the Rehabilitation Act's remedial provision. *See Greater Los Angeles Council on Deafness v. Zolin,* 812 F.2d 1103, 1115 (9th Cir. 1987); *Vilches v. Multnomah Educ. Serv. Dist.,* 2004 U.S. Dist. LEXIS 15259 (D. Or. 2004); *Patricia N.,* 141 F. Supp. 2d

| | |
|---|---|
| | at 1254.  Finally, the Plaintiff parents have independent claims for retaliation. |
| 43 | The proposed instruction misstates the standard described in *Mark H. v. LeMahieu* Docket No. 05-16236, Slip Op. 618-20; (9th Cir., Jan. 17, 2008).  *Duvall v. County of Kitsap*, 260 F.3d 11249th Cir. 2001), states the objective standard of liability as "deliberate indifference" and explains that this requires proof of "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.,* 1138-39 (*citing City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).  This standard was reaffirmed in *Mark H.* which expressly rejected the contention that Plaintiffs must prove "intentional discrimination". Slip Op. at 619-20. |
| 44 | The proposed instruction misstates the standard.  While deliberate indifference is necessary to prove a direct claim under Section 504, it is inapplicable to a retaliation claim.  The retaliation under Section 504 need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor in Defendant's actions. *Pardi v. Kaiser Permanente Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); *Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. |

| | |
|---|---|
| | Or. 2007). Thus, any retaliatory motive will suffice and the proposed instruction suggests otherwise, reverting to the inapt "deliberate indifference" standard. |
| 45 | The proposed instruction is incomplete. Plaintiffs' proposed instruction number 14, more accurately describes the standard and method by which general damages are determined. The jury should be informed that no evidence of monetary value of such intangible factors as pain and suffering needs to be provided by Plaintiffs. |
| 46 | The proposed instruction misstates the standard. Plaintiffs' burden of proof is by preponderance, not "reasonable certainty". Plaintiffs' proposed instruction number 14, more accurately describes the standard and method by which general damages are determined. |
| 47 | Unnecessary and cumulative. |
| 48 | No objection. |
| 49 | The proposed instruction does not fully reiterate MCJI No. 5.4, which expressly states: Noneconomic damages such as pain and suffering are not reduced to present cash value. Plaintiffs request that MCJI No. 5.4, including the statement prohibiting reduction of noneconcomic damages be given. |

DATED:  Honolulu, Hawai'i, January 17, 2008.


/S/  Carl M. Varady
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>               Plaintiffs,<br><br><br>      vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>               Defendant. | CIVIL NO. CV 05-00247 HG/BMK<br>CIVIL NO. CV 04-00442 HG/BMK<br>Consolidated (Other Civil Action)<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on January 17, 2008, a true and correct copy of the foregoing document was duly served upon the following parties electronically:

Holly T. Shikada, Esq.
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813

Gregg M. Ushiroda, Esq.
Daniel K. Obuhanych
Leighton M. Hara, Esq.
999 Bishop Street, 23rd Flr.
Honolulu, Hawaii 96813

Attorneys for Defendants

DATED:     Honolulu, Hawaii, January 17, 2008.


/s/ Carl M. Varady
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY
Attorneys for Plaintiffs