IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>  Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated) |

**ORDER DENYING DEFENDANT'S REQUEST TO DISMISS FOR FAILURE TO PURSUE ADMINISTRATIVE REMEDIES, GRANTING DEFENDANT'S REQUEST TO CONTINUE THE TRIAL, AND GRANTING LEAVE TO PLAINTIFFS TO AMEND THEIR COMPLAINT**

On January 17, 2008, the United States Court of Appeals for the Ninth Circuit issued a decision in Mark H. v. Lemahieu, No. 05-16236 (9th Cir. Jan. 17, 2008). This Court held a hearing on January 18, 2008 to discuss the impact of the Mark H. decision on the instant case. A further hearing was held on January 24, 2008, after the parties submitted written briefs.

After carefully considering the Ninth Circuit's decision in Mark H., the parties' arguments at both hearings, and the parties' briefs, the Court makes the following rulings:

(1) The Court DENIES Defendant's request that the Court

dismiss the case for failure to pursue administrative remedies pursuant to 20 U.S.C. § 1415(*l*). Section 1415(*l*) requires that prior to filing a civil action under the Rehabilitation Act, plaintiffs who seek relief that is available under the IDEA must first exhaust IDEA administrative procedures. In Mark H., the Ninth Circuit stated in a footnote: "Because the § 504 FAPE requirement differs from the IDEA FAPE requirement, it is not clear how the exhaustion provision of § 1415(*l*) applies to suits for damages for failure to provide a § 504 FAPE. We need not reach this issue, because the H. family did exhaust the IDEA administrative remedies." Mark H., No. 05-16236, slip op. at 613 n.11. While the Court finds the language of this footnote somewhat troubling, the Court is bound to follow its conclusion. Here, like in Mark H., Plaintiffs exhausted their administrative remedies under the IDEA. Although a ruling by an administrative officer with expertise in the field of education as to whether Plaintiffs were denied a § 504 FAPE would no doubt be extremely helpful in the instant case, the Ninth Circuit did not require such a finding in Mark H. Nor did the Ninth Circuit indicate that a § 504 violation must be raised at the administrative level. Therefore, based on the plain language of § 1415(*l*) and the Mark H. decision, the Court concludes that Plaintiffs have fully exhausted their administrative remedies.

(2) The Court GRANTS Defendant's request to continue

the February 26, 2008 trial date to a later date.  Instead of proceeding to trial, the Court grants leave to Plaintiffs to amend their Complaint to conform to the Mark H. decision.  In particular, Mark H. dictates that Plaintiffs must "specify which § 504 regulations they believe were violated and which support a privately enforceable cause of action."  Mark H., No. 05-16236, slip op. at 622.  If Plaintiffs only wish to allege a violation of § 504 itself, rather than the regulations, Plaintiffs are free to do so in their amended Complaint.  However, the Court notes that it appears the § 504 implementing regulations would be implicated in such a cause of action.

(3) In light of the central clarification in Mark H. that a denial of FAPE under § 504 is different from a denial of FAPE under the IDEA, the Court shall permit further discovery and appropriate dispositive motions.  See Mark H., No. 05-16236, slip op. at 610 ("Although overlapping in some respects, the two requirements contain significant differences.").

(4) Finally, given that this litigation has been going on for several years, the Court directs that there be an expedited schedule for resolution of this case.  The parties are instructed to appear before the magistrate judge to set such an expedited schedule.

3

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 24, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dept. of Education, Civ. No. 04-00442; 05-00247 ACK-BMK, Order Denying Defendant's Request to Dismiss for Failure to Pursue Administrative Remedies, Granting Defendant's Request to Continue the Trial, and Granting Leave to Plaintiffs to Amend their Complaint.