

DEPT. OF COMMERCE
AND CONSUMER AFFAIRS

2004 JUL 23 P 3: 44

HEARINGS OFFICE

OFFICE OF ADMINISTRATIVE HEARINGS
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
STATE OF HAWAI'I

| | |
|---|---|
| In the Matter of<br><br>BRYAN WILES-BOND, by and through his Father, DR. STANLEY BOND,<br><br>    Petitioners,<br> vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>    Respondent. | DOE-2004-070<br><br>LEGEND; FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION |

### LEGEND

**Bryan Wiles-Bond** = "Student"

**Dr. Stanley Bond** = "Father"

**Ann Kimbell Wiles** = "Mother"

**Kealakehe Intermediate School** = "Home School"

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THE DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS.

_____

DOE0445



EXHIBIT D

DEPT. OF COMMERCE
AND CONSUMER AFFAIRS

2004 JUL 23 P 3:44

HEARINGS OFFICE



OFFICE OF ADMINISTRATIVE HEARINGS
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
STATE OF HAWAI'I

| | |
|---|---|
| In the Matter of<br><br>STUDENT, by and through his FATHER,<br><br>Petitioners,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>Respondent. | DOE-2004-070<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION

### I. CHRONOLOGY OF CASE

On June 13, 2004, Shelby Anne Floyd, Esq., filed a Request for Impartial Hearing on behalf of Father and Student (collectively "Petitioners").

Petitioners' request for a due process hearing was duly transmitted by the Department of Education, State of Hawai'i ("Respondent") to the Office of Administrative Hearings, Department of Commerce and Consumer Affairs.

On June 21, 2004, the pre-hearing conference in the above-captioned matter was conducted by the undersigned Hearings Officer. Shelby Anne Floyd, Esq., appeared via telephone on behalf of Petitioners, and Lono P.V. Beamer, Esq., appeared on behalf of Respondent. The parties agreed to the scheduled hearing date of June 25, 2004.

On June 24, 2004, via telephone conference, the parties stipulated to the facts alleged in Petitioners' Request for Impartial Hearing and to liability under the law. The parties requested that the hearing be rescheduled from June 25, 2004 to July 6, 2004.

DOE0446

On July 6, 2004, the hearing in the above-captioned matter was convened by the undersigned Hearings Officer. Petitioners were present and represented by their attorney, Shelby Anne Floyd, Esq. Mother was also present on behalf of Petitioners. Respondent was represented by its attorney Lono P.V. Beamer, Esq.

At the hearing, the parties partially stipulated to relief and only presented evidence on the narrow issue of whether Respondent was required to provide a qualified special education teacher to implement Student's Extended School Year ("ESY") program.[1] At the close of the hearing, the parties agreed to brief the single issue that was presented at the hearing. Briefs were due on July 8, 2004. The Hearings Officer also requested that the prevailing party draft proposed findings of fact and conclusions of law. Respondent's brief was received on July 8, 2004. Petitioners' brief was received on July 9, 2004. On July 14, 2004, the Hearings Officer informed counsel that Petitioners were the prevailing party. Petitioners' proposed findings of fact and conclusions of law were received on July 20, 2004. The decision in this matter is due on July 26, 2004.

## II. FINDINGS OF FACT

1. Student is 12 years old (DOB 10/28/91) and attends the Home School.

2. Student has previously been qualified as a student with a disability under the category of autism.

3. Student's primary means of communication is through signs, specifically American Sign Language ("ASL").

4. Student's Individualized Education Program ("IEP") requires that he receive special education services every day of the year except on five holidays: Thanksgiving, Christmas, New Year's Day, Easter, and the Fourth of July.

5. Student's IEP provides that he is to receive approximately seventy hours of services a week, in school, at home, and in the community.

6. Respondent provides Student with four weeks of ESY special education in a classroom under the supervision of a teacher ("summer school"). During the rest of the ESY period, there is no trained, certified, and/or qualified teacher who provides special education to Student.

---

[1] A Stipulated Partial Decision and Order has been entered.

7.  The teacher hired for 2004 summer school session is not a qualified special education teacher, has no experience teaching autistic children, and does not know ASL.

8.  Student's IEP makes no distinction between the special education to be provided to Student during the four week summer school period, the remaining ESY periods, or the regular academic year.

9.  The proper delivery of Student's program requires the coordination of special education and related services under the supervision of a special education teacher who is trained and qualified to deliver services to an autistic child and is proficient in ASL.

### III.  CONCLUSIONS OF LAW

It is not disputed that Student is a student with a disability and entitled to special education and related services pursuant to HAR Title 8, Chapter 56. The parties also do not dispute that Student is entitled to an ESY program, consisting of special education, for three hundred and sixty days a year. Therefore, the issue to be determined is whether Respondent made a free appropriate public education ("FAPE") available to Student.

34 C.F.R. Sec. 300.309 states:

**Extended school year services.**

(a) General.

> (1) Each public agency shall ensure that extended school year services are available as necessary to provide FAPE, consistent with paragraph (a)(2) of this section.
>
> (2) Extended school year services must be provided only if a child's IEP team determines, on an individual basis, in accordance with Secs. 300.340-300-350, that the services are necessary for the provision of FAPE to the child.
>
> (3) In implementing the requirements of this section, a public agency may not ---
>
> (i) Limit extended school year services to particular categories of disabilities; or
>
> (ii) Unilaterally limit the type, amount, or duration of these services.

DOE0448

>  (b) Definition.
>
>  As used in this section, the term extended school year services means special education and related services that ---
>
>  (1) Are provided to a child with a disability ---
>
>  > (i) Beyond the normal school year of the public agency; In accordance with the child's IEP; and
>  >
>  > (ii) At no cost to the parents of the child; and
>
>  (2) Meet the standards of the SEA.

Hawai'i Administrative Rules ("HAR") §8-56-6 states in relevant part:

> "Special education" means specially designed instruction, at no cost to the parents, to meet the unique needs of a student with a disability. Specially designed instruction means adapting, as appropriate to the needs of a student with a disability, the content, methodology, or delivery of the instruction to address the unique needs of the student that result from the student's disability[;] and
>
> "Special education teacher" means a person assigned by the department who is qualified under state standards to provide the specially designed instruction that meets the definition of special education in this section.

Based upon the stipulations entered into by Respondent, the evidence presented, and the applicable rules and regulations, the Hearings Officer finds that Petitioners proved by a preponderance of the evidence that the delivery of Student's special education program during all portions of ESY is required to be under the supervision of a qualified special education teacher who has experience teaching autistic children, and who is proficient in ASL. As such, Student was denied a FAPE.

Having determined that Student has been denied a FAPE, the court may "grant such relief as [it] determines is appropriate." *School Comm. of Burlington v. Department of Education 471 U.S. 359 (1985)*. Respondent's failure to provide Student with a qualified

special education teacher who has experience teaching autistic children and is proficient in ASL during the ESY period, results in a loss of educational benefit to Student. Therefore, Respondent shall immediately hire a qualified special education teacher with experience in teaching autistic children and who is proficient in ASL, and can deliver the special education services specified in Student's IEP during ESY periods.

IV.  **DECISION**

IT IS HEREBY ORDERED that Respondent shall hire and have in place, a qualified special education teacher with experience in teaching autistic children and who is proficient in ASL to provide special education and coordination of services to Student during ESY periods.

V.  **RIGHT TO APPEAL**

The parties have the right to appeal to a court of competent jurisdiction within thirty (30) days of receipt of this Decision.

DATED: Honolulu, Hawai`i,          July 23, 2004                              .

/s/ Haunani Alm

HAUNANI H. ALM
Administrative Hearings Officer
Department of Commerce
and Consumer Affairs

DOE0450