396684.3

**MARK J. BENNETT      #2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM       #4391-0**
**GEORGE S. S. HOM    #2487-0**
**HOLLY T. M. SHIKADA #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI     #2498-0**
**GREGG M. USHIRODA    #5868-0**
**LEIGHTON M. HARA     #7826-0**
**ROSS T. SHINYAMA     #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>         Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>         Defendant.<br>_____ | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>DEFENDANT DEPARTMENT OF EDUCATION'S BRIEF RE: DISCOVERY PLAN; CERTIFICATE OF SERVICE<br><br>**TRIAL: June 17, 2008** |

**DEFENDANT DEPARTMENT OF
EDUCATION'S BRIEF RE: DISCOVERY PLAN**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE") by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Brief Re: Discovery Plan.

I.    INTRODUCTION

On January 17, 2008, the Ninth Circuit Court of Appeals rendered its decision in Mark H. v. Lemahieu, No. 05-16236 (9th Cir. January 17, 2008).  This decision drastically changed the legal framework applicable to the present case.  As a result, and despite the striking position taken by Plaintiffs that Mark H. did not materially affect the present case, this Court continued the previously scheduled February 26, 2008 trial date. See Order Denying Defendant's Request to Dismiss for Failure to Pursue Administrative Remedies, et al., filed January 24, 2008 ("January 2008 Order").  As part of its January 2008 Order, and in light of the Mark H. decision, this Court also held that further discovery shall be permitted.  See id.  Accordingly, the DOE submits the following brief regarding further discovery that needs to be conducted in the present case.

II.  DISCUSSION

A.    **Impact of the Mark H. Decision**

Since December 2006, and throughout the discovery process, this Honorable Court and both parties were working under

- 2 -

the assumption that it was undisputed that Bryan was denied a
FAPE.  Indeed, in this Court's December 19, 2006 Order, this
Court found that the issue of whether "Bryan was denied a FAPE as
set forth in the May 11, 2004 and July 23, 2004 Hearings
Officers' decisions is entitled to preclusive effect."  See Order
Denying Defendants' Motion for Summary Judgment, Construed as a
Motion for Judgment on the Pleadings, et al., filed December 19,
2006 ("December 2006 Order") at 25.  At that time, however, and
unknown to this Court and both parties was the fact that the
requirements of an IDEA FAPE and a Section 504 FAPE contain
"significant differences."  Mark H. v. Lemahieu, No. 05-16236 at
610 (9th Cir. January 17, 2008).  Most notably, FAPE under § 504
requires "the provision of regular or special education and
related aids and services that (i) are **designed** to meet
individual educational needs of handicapped persons **as adequately**
as the needs of nonhandicapped persons are met."  34 C.F.R. §
104.33(b)(1)(emphases added).  In other words, "unlike FAPE under
the IDEA, FAPE under § 504 is defined to require a **comparison**
between the manner in which the needs of disabled and
non-disabled children are met, and **focuses on the 'design'** of a
child's educational program."  Mark H., at 610 (emphases added).

     As a result, the Mark H. decision re-directs the
attention of this Court and both parties and renews this issue of
whether Bryan was provided a (§ 504) FAPE.  Indeed, since the

issue of Bryan's FAPE was considered undisputed up until the Mark
H. decision, a decision that was rendered well past the discovery
cut-off date, both parties' evidence in the present case lack any
relevance to the issue of whether the DOE met its "comparative
obligation" under a § 504 FAPE to "design" an educational program
that met the needs of Bryan Wiles-Bond as adequately as the needs
of nonhandicapped individuals are being met.  It is from this

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

/   /   /   /   /

clear absence of evidence that the DOE finds it necessary to

conduct further discovery in the present case.[1]

---

[1]    In their Second Amended Complaint filed February 13,
2008, Plaintiffs disingenuously attempt to circumvent § 504's
FAPE provision by eliminating any mention of the term FAPE, § 504
or otherwise.  See generally Second Amended Complaint, filed
February 13, 2008 (redline version).  Plaintiffs' attempt,
however, is clearly misguided as § 504's FAPE provision
invariably plays a role in the present case.  § 504 provides that
Bryan shall not, "solely by reason of [] his disability, be
excluded from the participation in, be denied the benefits of, or
be subjected to discrimination under any **program** or activity
receiving Federal financial assistance."  29 U.S.C. §
794(a)(emphasis added).  Clearly, the "program" in question is
Bryan's FAPE (and now in light of the Mark H. decision, Bryan's §
504 FAPE).  As a result, Plaintiffs must prove that Bryan was
excluded from the participation in [a § 504 FAPE], denied the
benefits of [a § 504 FAPE], or subjected to discrimination by the
DOE under [a § 504 FAPE].

    Indeed, as this Court aptly observed in its January
2008 Order:

        If Plaintiffs only wish to allege a violation
        of § 504 itself, rather than the regulations,
        Plaintiffs are free to do so in their amended
        Complaint.  **However, the Court notes that it
        appears the § 504 implement regulations would
        be implicated in such a cause of action.**

See January 2008 Order at 3 (emphasis added).

    As a result, it is clear that § 504's FAPE provision is
the applicable legal standard in the present case.  The mere fact
that Plaintiffs have crafted their Second Amended Complaint in a
way that they believe circumvents § 504's FAPE provision should
not eliminate the DOE's ability or diminish the DOE's need to
conduct further discovery on the issues of "design" and
"comparative obligation."  As stated supra, § 504's FAPE
regulation invariably plays a role in the present action.

B.    <u>The DOE's Requests for Further Discovery</u>

In its January 2008 Order, this Court held:

> **In light of the central clarification in <u>Mark H.</u> that a denial of FAPE under § 504 is different from a denial of FAPE under the IDEA, the Court shall permit further discovery** and appropriate dispositive motions.

<u>See</u> January 2008 Order at 3 (emphasis added).

As a result, pursuant to this Court's January 2008 Order, and the clear change in law applicable to the present case, the DOE respectfully requests that the following discovery be allowed:

(1)    The DOE be afforded ample time and opportunity to retain an expert witness to testify as to whether the DOE met its "comparative" obligation to "design" an educational program that met the needs of Bryan Wiles-Bond as adequately as the needs of non-handicapped individuals are met.  Accordingly, the DOE also respectfully requests that such expert witness be afforded ample time and opportunity to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure inasmuch as it requires a witness that is retained or specially employed to provide expert testimony to render a written report disclosing his or her expert opinions as pertinent to the present case.  <u>See</u> Fed. R. Civ. P. 26(a)(2)(B).

(2)    The DOE be granted leave to serve written requests for admission, pursuant to Rule 36 of the Federal Rules of Civil Procedure, on Plaintiffs Ann Kimball-Wiles and Stanley Bond.  Any written requests for admission would seek admissions from the aforementioned individuals as to the

appropriateness and/or sufficiency of the "design" of Bryan Wiles-Bond's educational program.

(3)    The DOE be granted leave to serve additional interrogatories on Plaintiffs Ann Kimball-Wiles and Stanley Bond regarding the "design" of Bryan Wiles-Bond's educational program in Hawaii.

(4)    The DOE be granted leave to serve on Plaintiffs Ann Kimball-Wiles and Stanley Bond a request for production of documents concerning and/or relating to the "design" of Bryan Wiles-Bond's educational program in Hawaii.

(5)    Depending on Plaintiffs Ann Kimball-Wiles' and Stanley Bond's responses to the proposed discovery set forth in (2)-(4) above, the DOE respectfully requests that it be afforded the right to further depose Plaintiffs Ann Kimball-Wiles and Stanley Bond if needed.

(6)    To the extent that Plaintiffs' expert witnesses alter, modify, and/or supplement their expert reports, the DOE be granted leave to further depose any such expert witness.  Any deposition taken would be limited to questions concerning any alteration, modification, and/or supplementation.

(7)    Due to the continuance of the February 26, 2008 trial date to June 17, 2008, three (3) witnesses for the DOE are now unable to appear at trial to testify.  As a result, the DOE respectfully requests this Court grant the DOE leave to take the depositions of these three witnesses in order to preserve their testimony.

(8)    To the extent that Plaintiffs have modified, deleted, changed or in any way amended their allegations and/or claims as set forth in the Second Amended Complaint filed February 13, 2008, the DOE respectfully requests that it be allowed to conduct further discovery on any such amendments to the First Amended Complaint.

The foregoing proposed discovery is clearly necessary in light of the Mark H. decision.  Failure to permit the DOE to conduct any

and/or all of the above proposed discovery would be unfairly prejudicial to the DOE.  Indeed, the DOE would be unable to adequately defend itself in the present litigation as it would be unable to present any evidence concerning the adequacy of the design of Bryan Wiles-Bond's educational plan and/or whether the educational plan was designed to meet the DOE's comparative obligation.

As a result, the DOE respectfully requests that this Honorable Court grant the DOE's aforementioned requests for further discovery.

DATED:  Honolulu, Hawaii, February 20, 2008.


/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA
Attorneys for Defendant