CARL M. VARADY                    4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 20 2008

at 3 o'clock and 35 min. P M.
SUE BEITIA, CLERK

Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN               1152-0
MICHAEL K. LIVINGSTON          4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i   96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawai'i, <br><br> Defendant. | CIVIL NO. CV 04-00442 ACK/BMK <br> CIVIL NO. CV 05-00247 ACK/BMK <br> Consolidated (Other Civil Action) <br><br> **PLAINTIFFS' PROPOSAL FOR A DISCOVERY PLAN AND CERTIFICATE OF SERVICE** <br><br><br><br> **TRIAL DATE:  June 17, 2008** |

**PLAINTIFFS' PROPOSAL FOR A DISCOVERY PLAN**

After the Ninth Circuit's ruling in the *Mark H.* case, this court (through the Magistrate's involvement) has ruled that Plaintiffs can file their Second Amended Complaint by February 13, 2008. Plaintiffs now have done so. Defendant has not answered. In their Second Amended Complaint, Plaintiffs have not pursued one avenue the Ninth Circuit suggested—invoking specific regulations not previously identified. Instead, Plaintiffs have carefully removed references to IDEA and FAPE as bases for their claims, relying exclusively on Section 504 for liability, which the Ninth Circuit also suggested as an approach. Most importantly, in pleading numerous instances in which Plaintiffs assert Bryan was denied meaningful access to public education, Plaintiffs relied exclusively on facts already known to the parties and their experts either through deposition testimony or written discovery. No new facts were asserted as bases for liability. Thus, neither new law nor new facts were added in the Second Amended Complaint.

In its written order, the Court directed the parties to file a discovery plan by February 20, 2008 (although it is Plaintiffs' recollection that, at the status conference, the Court had ordered Defendant to do so first and then Plaintiffs were to respond, a week later). In its written Order, the Court directed the parties to file their replies to the proposed discovery plan by February 27, 2008. There is a Status Conference currently scheduled with Judge Kurren on February 29, 2008 at 2:30 p.m.

The following is what the Plaintiffs propose as a discovery schedule based on the Second Amended Complaint that was filed on February 13, 2008.

Plaintiffs believe that the emphasis on expediting the trial by maintaining the trial date of June 16, 2008, is both appropriate and consistent with the Second Amended Complaint. Before any discovery is undertaken, Defendant should file any contemplated Rule 12 motion, or stipulate that no such motion is contemplated. Such a motion seeking dismissal for failure to state a claim or other defect is not dependent on discovery, but on the allegations of the Second Amended Complaint. If Defendant intends such a motion, no discovery is necessary and would actually delay the Court's ruling on what is a jurisdictional matter. On the other hand, if no such motion is contemplated, Defendant should state its intention on the record through stipulation or other means acceptable to the Court. If no such motion is contemplated, the Court would then determine what discovery, if any, is warranted.

In light of the fact that the Second Amended Complaint added no new regulatory bases for liability and added facts previously known to the parties and their experts through discovery, there is no need to open up the discovery floodgates and absolutely no need for additional experts to address issues that might arise had Plaintiffs chosen to incorporate new claims based on Section 504's

regulations. Plaintiffs believe that any need for further discovery can be addressed by written interrogatories asking witnesses, including experts:

(1)    Did the DOE's actions as alleged in the Second Amended Complaint deny Bryan meaningful access to public education?

(2)    Explain why or why not.

There is no reason that this very limited inquiry cannot reasonably be accomplished in the next two months.

All of the facts and documents relevant to the controversy have been identified and are in the exhibits ready for trial. There certainly is no need for further factual or expert witnesses' depositions.

The mere coincidence of the *Mark H.* case coming down should not be parlayed into any massive changes in the trial. Plaintiffs reserve further comment for their response to Defendant's proposal which, despite the fundamental agreement of Defendant's witnesses with Plaintiffs' assertions, Plaintiffs expect to be no less than a complete re-litigation of the case. Clearly, this is not what Judge Kay contemplated by indicating the parties should promptly proceed to trial.

DATED:  Honolulu, Hawai‘i, February 20, 2008.

_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, | CIVIL NO. CV 05-00247 HG/BMK CIVIL NO. CV 04-00442 HG/BMK Consolidated (Other Civil Action) |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| vs. | |
| DEPARTMENT OF EDUCATION, State of Hawai'i, | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that on February 20, 2008, a true and correct copy of Plaintiffs' Proposal for a Discovery Plan was duly served upon the following parties by hand delivery to the following:

Holly T. Shikada, Esq.
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813

Gregg M. Ushiroda, Esq.
Daniel K. Obuhanych
Leighton M. Hara, Esq.
First Hawaiian Center, 23rd Fl.
999 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendants

DATED:    Honolulu, Hawaii, February 20, 2008.


                    STANLEY E. LEVIN
                    MICHAEL K. LIVINGSTON
                    CARL M. VARADY

                    Attorneys for Plaintiffs