396943.1

**MARK J. BENNETT**          #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**            #4391-0
**GEORGE S. S. HOM**         #2487-0
**HOLLY T. M. SHIKADA**      #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**          #2498-0
**GREGG M. USHIRODA**        #5868-0
**LEIGHTON M. HARA**         #7826-0
**ROSS T. SHINYAMA**         #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>            Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>            Defendant. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' DISCOVERY PLAN; and CERTIFICATE OF SERVICE<br><br>**TRIAL: June 17, 2008** |

**DEFENDANT DEPARTMENT OF EDUCATION'S**
**RESPONSE TO PLAINTIFFS' DISCOVERY PLAN**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE") by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits its Response to Plaintiffs' Discovery Plan.

The DOE is unequivocally aware of this Court's concern to expedite the present trial. Indeed, in Defendant Department of Education's Brief Re: Discovery Plan filed on February 20, 2008 ("DOE's Discovery Plan"), the DOE has not requested that this Court continue the June 16, 2008 trial date. Nonetheless, the DOE submits that any concerns regarding a continuance of the aforementioned trial date can easily be addressed through an expedited discovery schedule consisting of hard deadlines.

Plaintiffs' apparent concern that the DOE seeks a complete re-litigation of the present case, which undoubtedly fueled their attempt to circumvent Section 504's FAPE regulation in their Second Amended Complaint filed February 13, 2008 and their inadequate proposal of a discovery plan[1], is utterly unfounded. As set forth in the DOE's Discovery Plan, the DOE does not seek a complete re-litigation of the case. On the contrary, the DOE expended significant time and effort to provide

---

[1] To the extent that any interrogatories are served on both parties' respective expert witnesses in the present case, any such opinions rendered in response would have to be disclosed in each expert witnesses' expert reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

this Court with a clear and detailed eight-point discovery plan. This plan is limited to discovery that the DOE clearly needs to sufficiently defend itself in the present case in light of the significant changes articulated in the Ninth Circuit Court of Appeals' decision in <u>Mark H. v. Lemahieu</u>, No. 05-16236 (9th Cir. January 17, 2008).

Moreover, and with complete disregard for this Court's clear desire to expedite the present case, Plaintiffs also argue that "any contemplated Rule 12 motion" should first be heard before any discovery takes place in the present case. Plaintiffs' argument, however, misses the point. Regardless of whether the DOE is contemplating a Rule 12 motion to dismiss the present case, any ruling on that potential motion would not affect the fact that the "design" of Bryan's Individualized Educational Program ("IEP") and the "comparative" obligation of the DOE are issues at trial. As the DOE has articulated in the DOE's Discovery Plan, the issues of "comparative" obligation and "design" invariably play a role in the present case.[2] In any

---

[2] At the present time, the DOE resists the urge to detail to this Court the full panoply of authority and argument supporting the DOE's position on this issue as the present briefs and the status conference scheduled for February 29, 2008 before this Court is limited to the issue of what further discovery is needed in the present case. Nonetheless, it is clear that the DOE was to provide Bryan Wiles-Bond "meaningful access" in this case by providing him a Section 504 FAPE. A Section 504 FAPE imposed on the DOE a "comparative" obligation to "design" an educational program that met the needs of Bryan Wiles-Bond as adequately as the needs of nonhandicapped individuals are being

event, staying discovery until a potential Rule 12 motion is ultimately heard would further truncate what would already be an expedited schedule, and thus would be unfairly prejudicial to the DOE.

As a result, the DOE respectfully requests that this Court permit the DOE to conduct further discovery as set forth in the DOE's Discovery Plan.

DATED:  Honolulu, Hawaii, February 27, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA
Attorneys for Defendant

---

met. As a result, regardless of the fact that the Plaintiffs eliminated any mention of FAPE in their Second Amended Complaint, the fact remains that Plaintiffs are still alleging that the DOE failed to provide Bryan Wiles-Bond "meaningful access" to a public education. Clearly, this public education is synonymous with the DOE's obligation to provide Bryan Wiles-Bond a FAPE. As a result, Section 504 FAPE, along with its requirements of "comparative" obligation and "design," invariably play a role in the present case regardless of the outcome of any potential and/or contemplated Rule 12 motion.