```
397671.1
```
**MARK J. BENNETT          #2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM            #4391-0**
**GEORGE S. S. HOM         #2487-0**
**HOLLY T. M. SHIKADA      #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI          #2498-0**
**GREGG M. USHIRODA        #5868-0**
**LEIGHTON M. HARA         #7826-0**
**ROSS T. SHINYAMA         #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>           Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>           Defendant. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S AMENDED MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT FILED ON FEBRUARY 13, 2008; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE** |

```
)
)   DATE:    April 9, 2008
)   TIME:    10:00 a.m.
)   JUDGE:   Hon. Alan C. Kay
)
)   Judge: Hon. Alan C. Kay
)   TRIAL: September 9, 2008
)
_____)
```

**DEFENDANT DEPARTMENT OF EDUCATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT FILED ON FEBRUARY 13, 2008**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby respectfully moves this Honorable Court for an Order dismissing, or alternatively for summary judgment on, the Second Amended Complaint filed February 13, 2008 ("Second Amended Complaint").

In their Second Amended Complaint, Plaintiffs assert two, distinct claims. First, Plaintiffs allege that Bryan Wiles-Bond was denied "meaningful access" to a public education in contravention of Section 504 of the Rehabilitation Act ("Section 504"). Second, Plaintiffs allege that they were retaliated against in violation of one of Section 504's implementing regulations. Both claims must be dismissed.

Plaintiffs' Section 504 "meaningful access" claim must be dismissed because it fails to state a claim upon which relief can be granted. In direct contravention of the Ninth Circuit's decision in Mark H. v. Lemahieu, No. 05-16236 (9th Cir. January 17, 2008), Plaintiffs, in the Second Amended Complaint, fail to

- 2 -

specify which Section 504 regulations they believe were violated and which support a privately enforceable cause of action. Instead, Plaintiffs rely exclusively on Section 504 itself, an avenue not directed by the Ninth Circuit Court, and cautioned by this Court. Despite Plaintiffs' attempts to circumvent Section 504's implementing regulations, it is clear that, at the very least, Section 504's Free Appropriate Public Education ("FAPE") regulation is invariably implicated in the present case. Thus, by failing to specify such regulation in the Second Amended Complaint, and in turn pleading no allegations supporting the violation of such regulation, Plaintiffs have failed to state a claim upon which relief can be granted. Furthermore, even to state a claim under Section 504 itself, Plaintiffs must sufficiently allege that Bryan Wiles-Bond was treated unequally in relation to non-disabled individuals. The Second Amended Complaint, however, is void of any allegations supporting such a proposition. As a result, Plaintiffs' Section 504 "meaningful access" claim must be dismissed.

Plaintiffs' Section 504 retaliation claim must also be dismissed for failure to exhaust available administrative remedies. Plaintiffs' retaliation claim clearly relates to Bryan Wiles-Bond's evaluation and educational placement, thus it falls within the broad range of available remedies provided for under the Individuals with Disabilities Education Act ("IDEA"). Under

the IDEA, where a plaintiff is seeking relief that is also available under the IDEA, that plaintiff must first exhaust all administrative remedies available to him under the IDEA. A plaintiff, however, may excuse himself from this exhaustion requirement by proving that any application made to an administrative agency would be futile, or the administrative agency lacks authority to provide the plaintiff with an adequate remedy. Neither of these two exceptions applies here. As a result, since Plaintiffs have failed to exhaust their administrative remedies as to their retaliation claim, their retaliation claim must be dismissed.

This motion is made pursuant to Rules 7, 12(b)(6) and 56 of the Federal Rules of Civil Procedure, 20 U.S.C. § 1415, et. seq., and all applicable Local Rules of Practice for the United States District Court for the District of Hawaii, and is based upon the attached memorandum in support of motion and the entire record and files herein.

DATED: Honolulu, Hawaii March 12, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION