398461.2
**MARK J. BENNETT #2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM #4391-0**
**GEORGE S. S. HOM #2487-0**
**HOLLY T. M. SHIKADA #4017-0**
Deputy Attorneys General
Department of the Attorney
General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI #2498-0**
**GREGG M. USHIRODA #5868-0**
**LEIGHTON M. HARA #7826-0**
**ROSS T. SHINYAMA #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT; CERTIFICATE OF SERVICE** |

**Hearing:**
DATE: April 9, 2008
TIME: 10:00 a.m.
JUDGE: Hon. Alan C. Kay
**TRIAL: September 9, 2008**

**DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby respectfully submits the following Reply Memorandum to Plaintiffs' Opposition to Defendant Department of Education's Motion to Dismiss, or in the Alternative, for Summary Judgment on, Second Amended Complaint (the "Reply").

## I. BRIEF PROCEDURAL HISTORY

On January 17, 2008, the Ninth Circuit rendered its decision in Mark H. v. Lemahieu, No. 05-16236 (9th Cir. January 17, 2008). On January 24, 2008, this Court directed Plaintiffs to amend their First Amended Complaint to conform to the Mark H. decision. See Order Denying Defendant's Request to Dismiss for Failure to Pursue Administrative Remedies, et al., filed January 28, 2008 (the "January 2008 Order"). Plaintiffs subsequently filed their Second Amended Complaint on February 13, 2008 (the "Second Amended Complaint").

On February 28, 2008, the DOE filed its "Motion to Dismiss Second Amended Complaint filed on February 13, 2008" (the

"Motion to Dismiss"). On March 12, 2008, the DOE, in an abundance of caution, amended the Motion to Dismiss to add an alternative relief of summary judgment. On March 19, 2008, pursuant to the request of Magistrate Judge Barry M. Kurren, the DOE filed "Defendant Department of Education's Separate and Concise Statement of Facts in Support of Amended Motion to Dismiss or, in the Alternative for Summary Judgment on, Second Amended Complaint Filed on February 13, 2008" ("DOE's Concise Statement of Fact").[1] On March 27, 2008, Plaintiffs filed: (1) "Plaintiffs' Opposition to Defendant Department of Education's Motion to Dismiss or, in the Alternative, for Summary Judgment on, Second Amended Complaint" ("Plaintiffs' Opposition") and (2) "Plaintiffs' Concise Statement in Opposition to Defendant Department of Education's Separate and Concise Statement of Facts in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment on, Second Amended Complaint" ("Plaintiffs' Concise Statement").

---

[1] Plaintiffs ridiculously argue that the DOE's Concise Statement of Facts evidences that the DOE is "accepting as undisputed and proffering to [sic] Court <u>all</u> the factual allegations of Plaintiffs' complaint." <u>See</u> Plaintiffs' Opposition at 9 (emphasis in original). Clearly, this is not the case. In ¶¶ 1-3, 5, and 7, the DOE cites generally to the Second Amended Complaint to illustrate that there is an <u>absence</u> of any allegations concerning, for example, the design of Bryan Wiles-Bond's educational program. The DOE, in the DOE's Concise Statement of Facts, does not make any representations as to the validity of any of the allegations made by Plaintiffs in the Second Amended Complaint.

## II. ARGUMENT

### A. Plaintiffs' § 504 Claim Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.

#### 1. Plaintiffs do not specify which § 504 regulations have been violated.

Plaintiffs concede that the Second Amended Complaint does not specify which § 504 regulations have been violated. See Plaintiffs' Opposition at 2; see also DOE's Concise Statement of Facts ¶ 1; Plaintiffs' Concise Statement ¶ 1[2]. As a result, Plaintiffs' § 504 claim must be dismissed for failure to state a claim upon which relief can be granted.

The Ninth Circuit's mandate in Mark H. is clear:

> ***We do not here decide whether the H. Family has alleged a privately enforceable cause of action for damages against the state. . . .*** On remand, the H. Family should be given an opportunity to amend its complaint to ***specify which § 504 regulations they believe were violated and which support a privately enforceable cause of action.***

Id. at 622 (emphases added).

Likewise, in the present case, a case that is seemingly identical to the Mark H. case, this Court followed the Ninth Circuit and afforded Plaintiffs an opportunity to amend their complaint to conform with the Mark H. decision. Plaintiffs,

---

[2] Plaintiffs only dispute DOE's Concise Statement of Facts ¶ 1 to the extent that Plaintiffs have specified § 504's retaliation implementing provision in the Second Amended Complaint.

however, did not use this opportunity to amend to specify which § 504 regulations they believe were violated and which support a privately enforceable cause of action. Rather, Plaintiffs used this opportunity to amend to state a general claim under § 504 itself - an option not articulated by the Ninth Circuit in Mark H.. As a result, Plaintiffs' failure to conform with the Ninth Circuit's mandate in Mark H. leaves them in the same position as the H. Family - with no privately enforceable cause of action. Accordingly, Plaintiffs' § 504 claim must be dismissed for failure to state a claim upon which relief can be granted.

**2. Plaintiffs cannot rely on § 504 itself to allege a privately enforceable cause of action.**

Plaintiffs argue that Mark H. merely reaffirms prior appellate decisions permitting a privately enforceable cause of action under § 504 itself where an individual is denied "meaningful access" or "reasonable accommodations" to federally funded programs. See Plaintiffs' Opposition at 11. This is clearly not the case.

First, as illustrated supra, the Ninth Circuit in Mark H. did not hold that the H. Family may amend their complaint to allege a cause of action based on § 504 itself. Second, the absence of such an option is significant considering the fact that the Ninth Circuit was undoubtedly aware of § 504's implied private right of action. Third, and most importantly, the Ninth Circuit's discussion in Mark H. concerning § 504's implied

private right of action was not to provide Plaintiffs with the opportunity to allege a cause of action based on § 504 itself, which the Plaintiffs argue; rather, the Ninth Circuit's discussion of § 504's implied private right of action was to provide the H. Family with the applicable framework in proving whether a specific § 504 regulation is in fact privately enforceable.

As the Ninth Circuit recognized, "[w]hether the H. Family can bring an action to enforce the § 504 *regulations* will depend on whether those regulations come within the § 504 implied right of action." Mark H., at 614 (emphasis in original). It is in this context, and this context only, that the Ninth Circuit discussed § 504's implied private right of action. Indeed, Plaintiffs are unable to direct this Court to any discussion of § 504's implied private right of action outside of the above context. Plaintiffs' Opposition even recognizes that § 504's implied private right of action was discussed for the limited purpose of evaluating whether § 504's regulations were privately enforceable. Plaintiffs' state:

> On the other hand, to paraphrase the appellate court's admonition against forgetting the statutory basis of liability and focusing only on the regulations, Defendant "appear[s] to have forgotten the established § 504 'reasonable accommodation' and 'meaningful access' requirements ***in evaluating whether the § 504 FAPE regulations come within § 504's substantive scope.***"

See Plaintiffs' Opposition at 4 (quoting Mark H., at 619) (emphasis added).

Clearly, Plaintiffs' attempts to disregard the Ninth Circuit's mandate and this Court's cautionary words are futile. Mark H. does not provide Plaintiffs with the option of alleging a cause of action based on § 504 itself. Accordingly, Plaintiffs' § 504 claim must be dismissed.

**3. Plaintiffs fail to assert an essential element of any cause of action brought under § 504 itself.**

As explained in the Motion to Dismiss, even assuming, arguendo, that Plaintiffs may bring a cause of action under § 504 itself, Plaintiffs have failed to allege that Bryan Wiles-Bond did not receive even-handed treatment as related to non-disabled individuals - an essential element of any § 504 cause of action. See Motion to Dismiss at 12-16. While not specifically addressing the DOE's argument requiring even-handed treatment, Plaintiffs do argue that the DOE misrepresents the Plaintiffs' claims, and that, in fact, Plaintiffs sufficiently allege that Bryan Wiles-Bond was the subject of discrimination. See Plaintiffs' Opposition at 12-13. To the extent that this argument is in response to the DOE's contention that lack of even-handed treatment is required under § 504 itself, Plaintiffs' argument is meritless.

Plaintiffs' argue that "[u]nless the Defendant is to argue that all children in Hawaii are denied meaningful access to

public education, the allegations [for example, ¶ 41 of the Second Amended Complaint] are sufficient to establish claims that Bryan was treated differently." See Plaintiffs' Opposition at 13. Plaintiffs' argument completely misses the point. A determination of the types and amounts of services that are being provided to non-disabled individuals in public education is essential to a § 504 claim. Without such a determination, the trier of fact does not have a baseline to which he can determine whether an individual is receiving even-handed treatment. Further, contrary to the simplicity that Plaintiffs argue, the issues of what services are being provided to non-disabled individuals, the level at which the educational needs of non-disabled individuals are being met, and thus the type of "meaningful access" provided to non-disabled individuals are not easily dismissed by a mere stipulation that the DOE is providing non-disabled individuals "meaningful access." Indeed, it could very well be the case that non-disabled individuals are being provided meaningful access, and yet, at the same time, not receiving all the services they require or request.

In any event, by failing to set forth any allegations even identifying non-disabled individuals, Plaintiffs § 504 claim fails to state a claim upon which relief can be granted. This is true even assuming, arguendo, that Plaintiffs may assert a cause of action under § 504 itself.

**4. Plaintiffs waived any claims that they may have alleged concerning the DOE's alleged failure to <u>implement Bryan Wiles-Bond's educational program.</u>**

<u>Mark H.</u>'s focus on the "design" of the educational program, and the "comparative obligation" of the school district was, to say the least, unexpected. Nonetheless, contrary to Plaintiffs' contentions, the Ninth Circuit's holding does not afford the DOE free reign by simply "designing" a proper educational program. Rather, if Plaintiffs wanted to challenge the implementation of Bryan Wiles-Bond's educational program, then they could have asserted certain causes of action, outside of § 504 and its implementing regulations. Plaintiffs, however, voluntarily limited themselves to claims brought under § 504 in the Second Amended Complaint. As a result, any potential claim outside of § 504 that Plaintiffs may have alleged against the DOE for the DOE's alleged failure to properly implement Bryan Wiles-Bond's educational program have been effectively waived.

**B. Plaintiffs' Retaliation Claim Must be Dismissed for <u>Failure to Exhaust Administrative Remedies.</u>**

**1. <u>Plaintiffs' Opposition misses the point.</u>**

With respect to the retaliation claim, the Motion to Dismiss argues (and only argues) that dismissal is proper because Plaintiffs have failed to exhaust their administrative remedies under the IDEA ***<u>specifically</u> as to their retaliation claim***. <u>See</u> Motion to Dismiss at 16-26. For some reason, however, Plaintiffs

harp on the irrelevant issue of whether they have a privately enforceable cause of action for retaliation. Indeed, even assuming, arguendo, that Plaintiffs have a valid privately enforceable cause of action of retaliation under § 504,[3] the question of whether Plaintiffs are required to exhaust their retaliation claim (and in turn whether they did not exhaust their retaliation claim) still remains. If both questions are answered in the affirmative, Plaintiffs' retaliation claim must be dismissed for failure to exhaust administrative remedies.

**2. Plaintiffs have failed to exhaust administrative remedies as to their retaliation claim.**

The Motion to Dismiss clearly articulates and supports the fact that Plaintiffs are required to exhaust administrative remedies as to their retaliation claim prior to filing a lawsuit. See Motion to Dismiss at 16-26. For example,[4] in M.T.V. v. DeKalb County School District, 446 F.3d 1153, 1159 (11th Cir. 2006), the Eleventh Circuit Court of Appeals dismissed plaintiffs' retaliation claim under § 504 for failure to exhaust the remedies available under the IDEA. The court aptly observed:

---

[3] The DOE does not make any representations as to whether or not Plaintiffs have a privately enforceable cause of action for retaliation under § 504 (implied or under § 504's implementing regulation, 28 C.F.R. § 42.503(b)(1)(vii)).

[4] The arguments articulated in the Motion to Dismiss concerning the issue of exhaustion go largely un-refuted by Plaintiffs. As a result, and for the sake of time and judicial efficiency, the DOE does not reiterate all of its arguments, and corresponding law, in the present Reply.

> M.T.V.'s parents do not allege they ever requested a due process hearing with respect to their retaliation claims, but instead argue they raised the retaliation issue at other due process hearings brought by themselves and the School District. This is insufficient to establish exhaustion. . . . To pursue claims for retaliation, the plain language of the IDEA required [plaintiffs] to file a ***separate* administrative complaint to raise that issue** and exhaust all administrative remedies regarding that complaint before filing a judicial action. They failed to do so.

Id. at 1159 (emphasis added).

In the present case, Plaintiffs do not dispute that their retaliation claim relates to Bryan Wiles-Bond's evaluations and educational placements. See DOE's Concise Statement of Facts at ¶ 6; Plaintiffs' Concise Statement at ¶ 6. As a result, Plaintiffs' retaliation claims are subject to the IDEA's exhaustion requirement under 20 U.S.C. § 1415(l). See Robb v. Bethel Sch. Dist. #403, 308 F.3d 1047, 1054 n. 4 (9th Cir. 2002) (requirement of exhaustion is especially true where plaintiff's injuries are "part and parcel of the educational process"); M.T.V., 446 F.3d at 1159-60 (retaliation claims that clearly relate to the evaluation and education of the child are subject to the exhaustion requirement).

As Plaintiffs have conceded, the Second Amended Complaint does not allege that Plaintiffs' retaliation claims were addressed or raised at the administrative level. See DOE's Concise Statement of Facts at ¶ 7; Plaintiffs' Concise Statement

at ¶ 7. In fact, Plaintiffs have never raised the specific issue of retaliation at the administrative level. Accordingly, Plaintiffs' retaliation claim must be dismissed.[5]

**3. This Court has not rejected the DOE's argument as to Plaintiffs' retaliation claim.**

Clearly, Plaintiffs' retaliation claim is subject to the IDEA's exhaustion requirement. Indeed, instead of attacking the merits of the DOE's argument, Plaintiffs' attempt to summarily dismiss the clear requirement of exhaustion in footnote 4 of Plaintiffs' Opposition which states, in relevant part:

> Defendant revisits its exhaustion argument, an argument already rejected by the Court. Plaintiffs' 504 claims fall outside of § 1415(l)'s rubric and exhaustion is unnecessary.

See Plaintiffs' Opposition at 21 n. 4.

While it is not entirely clear which Court decision the Plaintiffs are referring to, Plaintiffs are seemingly referring to either of two Court orders: (a) Order Granting Plaintiffs Ann

---

[5] In Plaintiffs' Opposition, footnote 4, Plaintiffs, predictably and mistakenly, rely on Witte v. Clark County School District, 197 F.3d 1271, 1275 (9th Cir. 1999) for their contention that exhaustion is not required since "Plaintiffs at this stage are seeking only money damages, for violations of Section 504, a remedy not available under the IDEA." See Plaintiffs' Opposition at 21 n.4. The Ninth Circuit's subsequent decision in Robb v. Bethel School District #403, 308 F.3d 1047 (9th Cir. 2002) reveals that Plaintiffs' reliance is misguided. Id. at 1051 (reliance on Witte for suggestion that exhaustion of IDEA remedies was not required because plaintiff only sought monetary damages was improper); see also Charlie F. v. Bd. of Educ. of Skokie Sch. Dist., 98 F.3d 989 (7th Cir. 1996).

Kimball Wiles' and Stanley Bond's Motion to Amend their Complaint to Include an Express Claim for Non-Economic Damages for Retaliation, filed November 13, 2007 (the "November 2007 Order); or (b) the January 2008 Order. Regardless, this Court has never rejected the argument that exhaustion is required as to Plaintiffs' retaliation claim.

**a. The November 2007 Order.**

In the November 2007 Order, Judge Gillmor permitted Plaintiffs to amend their Complaint to include a claim for retaliation. See November 2007 Order at 20-21. Pursuant to the direction of this Court, the parties and this Court performed a limited inquiry as to three specific questions,[6] none of which concerned the issue of exhaustion of administrative remedies. As a result, the issue of exhaustion was never raised at that time.

**b. The January 2008 Order.**

In the January 2008 Order, this Court denied the DOE's request to dismiss Plaintiffs' § 504 FAPE claim for failure to exhaust administrative remedies. See January 2008 Order at 1-2. This Court, however, did not address whether exhaustion of

---

[6] The questions that were before this Court were as follows: (1) whether the plaintiff parents, who are the non-disabled parents of a disabled child, can bring a retaliation claim under the Rehabilitation Act for retaliation against them; (2) if so, whether the plaintiff parents can recover non-economic damages for emotional distress, pain, and suffering; and (3) whether Plaintiffs may amend their Complaint to add a retaliation claim. See November 2007 Order at 10.

administrative remedies was required as to Plaintiffs' claim for retaliation. See generally id.

This Court's decision in the January 2008 Order was influenced by footnote 11 of Mark H., which stated:

> Because the § 504 FAPE requirement differs from the IDEA FAPE requirement, it is not clear how the exhaustion provision of § 1415(l) applies to suits for damages for failure to provide a § 504 FAPE. ***We need not reach this issue, because the H. Family did exhaust the IDEA administrative remedies.***

Mark H. at 613, n. 11 (emphasis added). As this Court stated, "[w]hile the Court finds the language of this footnote somewhat troubling, the Court is bound to follow its conclusion." See January 2008 Order at 2.

In Mark H., the idea of a § 504 FAPE was novel. As a result, the Ninth Circuit, uncertain as to exactly how to address the differences between § 504 FAPE and IDEA FAPE, proceeded with caution and found that the exhaustion of IDEA FAPE remedies at the administrative level was sufficient to comply with the exhaustion requirement as to § 504 FAPE. Unlike, § 504 FAPE, a § 504 retaliation claim is not novel. As evidenced supra, a retaliation claim under § 504 is subject to the IDEA exhaustion requirement. Further, and also evidenced supra, this requirement is only satisfied where plaintiffs "file a ***separate*** administrative complaint to raise [the issue of retaliation]." M.T.V., 446 F.3d at 1159 (emphasis added). Thus, this Court's

decision in the January 2008 Order is inapposite to the present inquiry. As a result, Plaintiffs' retaliation claim must be dismissed for failure to exhaust administrative remedies.[7]

**III. CONCLUSION**

Based on the foregoing Reply and the Motion to Dismiss, the DOE respectfully submits that Plaintiffs have failed to state a claim upon which relief can be granted under § 504 of the Rehabilitation Act. Further, Plaintiffs' § 504 retaliation claim should be dismissed for failure to exhaust administrative remedies. Accordingly, the DOE respectfully submits that the Second Amended Complaint should be dismissed in its entirety.

DATED: Honolulu, Hawaii, March 31, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION

---

[7] In the present case, if this Court finds dismissal of Plaintiffs' retaliation claim is warranted, the proper response by the Court would be to dismiss the case for failure to exhaust administrative remedies; not to dismiss for lack of subject matter jurisdiction. See Charlie F. v. Bd. of Education of Skokie Sch. Dist., 98 F.3d 989 (7th Cir. 1996).