CARL M. VARADY
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i 96813
Telephone 808 523-8447
Facsimile 808 523-8448

OF COUNSEL:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON  4161-0
400 Davis Levin Livingston Place
851 Fort Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor<br><br>       Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i<br><br>       Defendants. | CV04-00442 HG/BMK<br>CV05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT; CERTIFICATE OF SERVICE<br><br>Date: April 10, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Alan C. Kay<br>Trial Date: September 9, 2008 |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT

Plaintiffs through their undersigned attorney hereby submit this supplemental memorandum in opposition to Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment On, Second Amended Complaint.

## ARGUMENT

During oral argument on Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment on Second Amended Complaint, the Court asked for the parties' position concerning *Kutasi v. Las Virgenes Unified School Dist.*, 494 F.3d 1162 (9th Cir. 2007). Nether party was able to address the Court's request to discuss *Kutasi*. However, have read and considered *Kutasi* is the context of other cases presented to the Court, including, without limitation, *H.B. v. Las Virgenes Unified School Dist.,* 239 Fed. Appx. 342, 2007 U.S. App. Lexis 16160 (9th Cir., July 3, 2007); *Blanchard v. Morton Sch. Dist*., 420 F.3d 918, 922 (9th Cir. 2005); *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047 (9th Cir. 2002); *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271 (9th Cir. 1999), it is Plaintiffs' belief that *Kutasi* does not materially alter the existing Ninth Circuit analysis regarding exhaustion.

After a six-year dispute with the school district, the Kutasis two filed

a complaint in federal court, alleging two counts of violating 42 U.S.C. § 1983 and one count of violating § 504 of the Rehabilitation Act of 1973. The Kutasis alleged that the Defendants "engaged in a pattern and practice of retaliatory and discriminatory actions against Shane and his parents." The record indicates that they had not filed for due process to determine the proper terms and conditions of his program, but in 1999 a "stay put" order had entered to continue the terms of Shane's IEP. The complaint identified 18 alleged retaliatory and discriminatory actions," some of which clearly addressed "the identification, evaluation, or educational placement of [Shane], or provision of a [FAPE] to [him]." *See* 20 U.S.C. § 1415 (b) (6). Other of the allegations, however, concerned how the school district had allegedly retaliated against Shane's parents.

After the Kutasis filed their federal court case, the school district filed a request for due process, seeking an administrative determination that Shane's 2004 IEP was appropriate. The federal district court dismissed the parents complaint, ruling that "[t]he threshold question is whether the injuries alleged could have been redressed to any degree by the IDEA's administrative procedures and remedies." The district court found that "[e]ven a cursory review of Plaintiffs' Complaint makes clear that some of the alleged injuries could almost certainly be redressed by the IDEA's administrative procedures and remedies." 494 F.3d at

1165.

>Like other panels before it, this panel of the Ninth Circuit stated:
>
>[T]he IDEA requires that before plaintiffs may file a civil action under "the Constitution, the Americans with Disabilities Act, title V of the Rehabilitation Act or other Federal laws protecting the rights of children with disabilities," they must exhaust the IDEA's due process hearing procedure if the action "seek[s] relief that is also available under" the IDEA. 20 U.S.C. § 1415(l).

*Id.* at 1166.

Rejecting the parents' request to sever their claims from those involving Shane's educational program, the Ninth Circuit ruled that the parents had not made this request at the trial court level and, thus, it was not properly before the appellate court. *Id.* at 1167.

Clearly, this argument is not applicable to the parents in the present case, whose claims are distinct and were added by amendment on November 13, 2007 [Docket no. 326, *Order Granting Plaintiffs Ann Kimball Wiles' and Stanley Bond's Motion to Amend Their Complaint to Include an Express Claim for Non-economic Damages for Retaliation*].

The Ninth Circuit went further, rejecting the Kutasi's contention that they had no enforceable rights under IDEA. The Ninth Circuit reviewed the Supreme Court's holding in *Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994,

2001 (U.S. 2007), and concluded, "'parents enjoy enforceable rights at the administrative stage' of an IDEA proceeding." 494 F. 3d at 1167-68.  This, the Ninth Circuit concluded, meant that they, too, must exhaust before advancing their IDEA claims in court.  In the present case, however, the court already has rejected the assertion that the parents' <u>retaliation</u> claims can be premised on *Winkelman.*

         Plaintiffs argued, in opposition to the State's second motion for summary judgment seeking to dismiss the parents' non-economic damage claims,[1] that IDEA set forth enforceable substantive rights for parents, as well as their children that were directly enforceable.  Plaintiffs argued that they possessed independent rights under IDEA, pursuant to the analysis of *Winkelman.  See, Plaintiffs' Memorandum in Opposition to Defendants Department of Education and Alvin Rho's Motion for Partial Summary Judgment Re: Plaintiffs Ann Kimball Wiles and Stanley Bond's Individual Claims for Non-economic Damages Pursuant to the Rehabilitation Act 29 U.S.C. SEC. 729* [Docket No. 267 at 8].

         The court, at Defendant's urging, rejected this argument, however, and granted summary judgment against Plaintiffs on their *Wikleman* argument,

---

[1] The Court denied the State's motion to dismiss the parents non-economic claims and, instead, mandated that the parents file a motion to amend to resolve the matter.  Thus, the final ruling on the amendment was not made until after additional briefing in support of amendment.

stating:

> Defendants' motion is GRANTED to the extent that Plaintiffs seek to rely on *Winkleman v. Parma City School District*, 127 S. Ct. 1994 (2007) as an expansion of their rights. It is an Individuals with Disabilities in Education Act case and does not impact the Court's analysis in its December 2006 Order with respect to Plaintiffs' ability to recover economic damages reasonably and foreseeably incurred as a result of Defendants' intentional discrimination against Bryan. Plaintiffs Ann Kimball Wiles and Stanley Bond are not entitled to recover for their own alleged non-economic damages, namely pain and suffering/emotional distress, based on the Defendants' alleged intentional discrimination against Plaintiffs' son, as opposed to intentional acts against them.

Docket No. 279. The Court permitted Plaintiffs to file a motion to amend, however, stating:

> Defendants' motion is DENIED WITHOUT PREJUDICE to the extent it seeks to preclude Plaintiff from asserting a retaliation claim under the Rehabilitation Act and from recovering non-economic damages for such a claim.

*Id.* As noted above, Plaintiffs' motion to so amend or clarify their complaint to specify claims under Section 504 for retaliation was granted by the Court on November 13, 2007.

Finally, it is noteworthy that *Kutasi* makes no attempt to identify the nature or scope of parental rights recognized under IDEA. So, while the right to

appear at a hearing as advocate clearly is established in *Winkelman, Kutasi* does nothing to more add more specifics and certainly does not say that the right to recover non-economic damages for retaliation is a recognized parental right under IDEA.

Thus, the instant case is distinct from *Kutasi*. The court already has rejected the preposition that the parents' <u>retaliation</u> claims for non-economic damages can be premised on *Winkleman*. The court already has ruled that Bryan's parents' retaliation claims are premised on Section 504. Nothing in *Kutasi* supports the conclusion that retaliation claims for non-economic damages premised on Section 504 are subject to IDEA's exhaustion requirements. Nor would such a conclusion be consistent with the holdings of *Witte, Robb* or *Blanchard.*

Respectfully submitted.

DATED: Honolulu, Hawai'i, April 10, 2008.

/s/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
Attorneys for Plaintiffs

# **CERTIFICATE OF SERVICE**

I certify the attached document was served electronically via CM/ECF on the date indicated below addressed to:

Gregg M. Ushiroda gushiroda@wik.com
Daniel K. Obuhanych dobuhanych@wik.com
Leighton M. Hara lhara@wik.com,
rgeorge@wik.com
Watanabe Ing & Komeiji
First Hawaiian Center
999 Bishop St 23rd Flr
Honolulu  HI 96813


Holly T. Shikada holly.t.shikada@hawaii.gov
Cheryl.H.Oeda@hawaii.gov,
michael.t.burke@hawaii.gov
Deputies Attorney General
235 S. Beretania, Room 304
Honolulu HI 96813

Attorneys for Defendants

DATED: Honolulu, Hawai'i,  April 10, 2008.

                                                    /s/ Carl M. Varady
                                                    Carl M. Varady