399138.5

**MARK J. BENNETT**     **#2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM**       **#4391-0**
**GEORGE S. S. HOM**    **#2487-0**
**HOLLY T. M. SHIKADA** **#4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**     **#2498-0**
**GREGG M. USHIRODA**   **#5868-0**
**LEIGHTON M. HARA**    **#7826-0**
**ROSS T. SHINYAMA**    **#8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>      Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT FILED APRIL 10, 2008 AND THE APRIL 11, 2008 LETTER FROM STANLEY E.** |

## TABLE OF CONTENTS

I.    PURSUANT TO KUTASI, PLAINTIFFS' RETALIATION CLAIM MUST BE
      DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
      . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.   Kutasi Is Controlling Precedent And Requires The
           Exhaustion Of Administrative Remedies . . . . . . . . 3

      B.   Parents Retaliation Claims Are Not Distinct And Stem
           From Bryan's Claims . . . . . . . . . . . . . . . . 10

II.   PLAINTIFFS' WAIVED THEIR BREACH OF CONTRACT REMEDIES . . 12

III.  J.W. SUPPORTS DISMISSAL OF PLAINTIFFS' CLAIMS   . . . . . 15

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

### CASES

Boskoff v. Yano
217 F.Supp. 2d 1077 (D. Hawaii 2001) . . . . . . . . . . . 13

Brown v. Hyatt Corporation
128 F.Supp. 2d 697 (D. Hawaii 2000) . . . . . . . . . . . .

J.W. ex rel. J.E.W. v. Fresno Unified School District
Slip Copy, 2008 WL 850250 *3 . . . . . . . . 15,16,17,18,19,20

Koloa Marketplace, LLC v. County of Kauai
Slip Copy, 2007 WL 2247797 (D. Hawaii 2007) . . . . . . . . .

Kutasi v. Las Virgenes Unified School District
494 F.3d 1162 (9th Cir. 2007) . . . . 3,4,5,6,7,8,9,10,11,12,19

Mark H. V. LeMahieu
2008 U.S. App. LEXIS 987 (9th Cir. 2008) . . . 13,14,15,16,17,20

R.K., ex. Rel. T.K. v. Hayward Unified School District
Slip Copy, 2007 WL 2778702 . . . . . . . . . . . . . . . 13

Robb v. Bethel School District #403
308 F.3d 1047, 1049 (9th Cir. 2002) . . . . . . . . . . 10,14

Van Duyn v. Baker School District
502 F3d. 811, 820 (9th Cir. 2007) . . . . . . . . 3,12,13,14,19

Wailua Associates v. Aetna Cas. And Sur. Co.
183 F.R.D. 550 (D. Hawaii 1998) . . . . . . . . . . . . . .

Winkleman v. Parma City School District
127 S.Ct. 1994, 2002 . . . . . . . . . . . . . . . 6,7,8,9,10

### FEDERAL RULES

Fed. R. Civ. P. Rule 12(b)(6) . . . . . . . . . . . . . . 16

### FEDERAL STATUTES

20 U.S.C. Sec. 1400(d)(1)(B) . . . . . . . . . . . . . . . 7

```
                    )  LEVIN, ESQ. TO THE HONORABLE
                    )  JUDGE ALAN C. KAY; CERTIFICATE
                    )  OF SERVICE
                    )
                    )
                    )  TRIAL: September 9, 2008
_____)
```

### DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON, SECOND AMENDED COMPLAINT FILED APRIL 10, 2008 AND THE APRIL 11, 2008 LETTER FROM STANLEY E. LEVIN, ESQ. TO THE HONORABLE JUDGE ALAN C. KAY

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and hereby respectfully submits its Response to Plaintiffs' Supplemental Memorandum In Opposition To Defendant's Motion To Dismiss Or In The Alternative, For Summary Judgment On, Second Amended Complaint filed April 10, 2008 ("Reply") and the April 11, 2008 letter from Stanley E. Levin, Esq. to the Honorable Judge Alan C. Kay.

Plaintiffs have filed two submissions after the April 10, 2008 hearing on Defendant's Motion to Dismiss Or In The Alternative, For Summary Judgment On, Second Amended Complaint ("Motion to Dismiss"), without leave of court. As set forth below, Plaintiffs' claims for retaliation should be dismissed for failure to exhaust their administrative remedies. Furthermore, all of Plaintiffs' section 504 claims should be dismissed with prejudice for failure to state a claim pursuant to recent Ninth Circuit and California case law which require Plaintiffs' to

specifically reference the appropriate 504 regulations.
Plaintiffs also waived any breach of contract claims they may
have had, regardless of the <u>Van Duyn</u> decision.  Finally,
Plaintiffs' late submissions should be stricken as a matter of
law because they were filed without leave of court and in
violation of Local Rule 7.4.

     This memorandum is made pursuant to the Court Order
dated April 14, 2008, and all applicable Local Rules of Practice
for the United States District Court for the District of Hawaii.

**I.**    **PURSUANT TO <u>KUTASI</u>, PLAINTIFFS' RETALIATION CLAIMS MUST BE
   <u>DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES</u>**

     Despite Plaintiffs' eleventh hour, post-hearing
Supplemental Memorandum In Opposition to Defendant's Motion to
Dismiss or In the Alternative, for Summary Judgment on, Second
Amended Complaint ("Supplemental Opposition"), nothing Plaintiffs
have cited to or filed has changed the clear Ninth Circuit
precedent which requires Plaintiffs to exhaust their
administrative remedies under the IDEA before bringing a valid
claim for retaliation before this Honorable Court.

    **A.**    <u>**Kutasi Is Controlling Precedent And Requires The
       Exhaustion Of Administrative Remedies**</u>

     Plaintiffs filed their late pleading, without leave of
court, in an attempt to factually distinguish <u>Kutasi v. Las
Virgenes Unified School Dist.</u>, 494 F.3d 1162 (9th Cir. 2007).
<u>Kutasi</u>, however, applies to the instant case and reaffirms the

Ninth Circuit line of cases which require plaintiffs to exhaust administrative remedies before filing a civil lawsuit, if plaintiffs seek relief for injuries which could be redressed to some degree by the IDEA's administrative procedures.

In the instant case, Plaintiffs correctly assert that "Kutasi does not materially alter the existing Ninth Circuit analysis regarding exhaustion."  Supplemental Opposition at 2. Therefore, applying Kutasi to the instant case warrants dismissal of Parent Plaintiffs' retaliation claims for their failure to exhaust their administrative remedies.

In Kutasi, the plaintiff was an autistic 11-year old child, who attended public school and received home schooling. The school district proposed placement of the child at a special day class, which was rejected by the parents.  The parties continued to disagree over the kind of educational and related services that were to be provided to the child.  During the school year, the child attended general education classes for three days.  On the fourth day, the principal prevented him from attending the class, and claimed that he was not properly enrolled.  Pursuant to a "stay put" order, the child was home schooled.  Id. at 1164.

The parents later filed a complaint in March 2005 alleging that the District violated Section 504 and Sec. 1983. The parents identified 18 alleged "**retaliatory** and

4

discriminatory" actions. <u>Kutasi</u>, 494 F.3d at 1164. These claims included direct allegations of retaliation against Barbara and John Kutasi, the child's parents. For example the Kutasis alleged that the District was responsible for "humiliating Barbara Kutasi in front of other students and parents each time she visited Shane at Round Meadow;" "requiring that Barbara Kutasi obtain a TB test and a medical release in order to be a 'room parent' volunteer when this 'rule' was not enforced against any other parent; and "otherwise punishing and threatening Plaintiffs for having exercised constitutionally and statutorily protected rights." <u>Kutasi</u>, 494 F.3d at 1165. Apparently, these claims were distinct retaliatory claims which belonged to Barbara and John Kutasi as parents of the disabled child. The District moved to dismiss, arguing that the parents failed to exhaust their administrative remedies. <u>Kutasi</u>, 494 F.3d at 1165.

In the interim, the District also filed a request for due process, seeking an order that the August 2004 IEP proposed by the District was appropriate. <u>Kutasi</u>, 494 F.3d at 1165. While the simultaneous due process proceeding was pending, the federal court granted the District's motion to dismiss, holding that the parents failed to exhaust their administrative remedies prior to filing suit in federal court. <u>Id.</u> After the federal suit was dismissed, the hearing officer issued an order, finding that the IEP did not provide a FAPE. Parents appealed the

dismissal of their federal suit, arguing that the court erred
when it held that they were required to exhaust their
administrative remedies.  <u>Id.</u>

On appeal, the parents argued that they were not
required to exhaust the IDEA administrative requirements for
their separate claims because the IDEA only provides such
administrative remedies for children but "not their parents."
<u>Kutasi</u>, 494 F.3d at 1167.  Rejecting plaintiffs' exhaustion
argument and quoting <u>Winkleman</u>, the Ninth Circuit recognized that
"'parents enjoy enforceable rights at the administrative stage'
of an IDEA proceeding."  <u>Kutasi</u>, 494 F.3d at 1167,1168 (quoting
<u>Winkleman</u>, 127 S.Ct. at 2002).

Furthermore, the Ninth Circuit affirmed the district
court's dismissal of the parents claims because the Kutasis'
alleged injuries could be redressed to some degree by the IDEA's
administrative procedures and remedies.  <u>Id.</u> at 1170.

In their Supplemental Opposition, Plaintiffs' argue
that <u>Kutasi</u> is inapplicable to the Parent Plaintiffs' claims
because their claims are distinct and were added by amendment on
November 13, 2007.  <u>See</u> Supplemental Opposition at 4.  Plaintiffs
further argue that the application of <u>Winkleman</u>, has already been
rejected in this case pursuant to this Court's September 17, 2007
Minute Order and that they need not exhaust their administrative
remedies before pursuing their individual claims for retaliation.

Contrary to Plaintiffs' allegations, the Ninth Circuit has made clear that even if the parents' claims are separate and distinct from their child's, as Plaintiffs' allege, they are still required to exhaust their administrative remedies as a condition precedent to bringing a Section 504 claim. <u>Kutasi</u>, 494 F.3d at 1167, 1170.  Additionally and despite Plaintiffs' claims, this Honorable Court did not expressly reject the application of <u>Winkleman</u> in its 2007 Minute Order.

Rejecting a similar argument made by the Kutasi parents, the Ninth Circuit stated that even assuming <u>arguendo</u>, plaintiff parents were allowed to sever their claims, the Ninth Circuit would still reject plaintiff parents attempt to avoid the IDEA's exhaustion requirement.  <u>Kutasi</u>, 494 F.3d. at 1167.  In support of its reasoning, the Ninth Circuit quoted 20 U.S.C. Sec. 1400(d)(1)(B) which defines one of the purposes of the IDEA "to ensure that the rights of children with disabilities **and parents** of such children are protected." <u>Id.</u> (quoting 20 U.S.C. Sec. 1400(d)(1)(B) (emphasis in original).

The Ninth Circuit rejected plaintiffs' argument that the IDEA and its administrative procedures protect only the rights of the disabled children.  <u>Id.</u>  Relying on <u>Winkleman</u>, the Ninth Circuit concluded that the Supreme Court rejected such an interpretation and concluded that "[t]he word 'rights' in the quoted language **refers to the rights of parents as well as the**

7

**rights of the child.**" Id. (citing Winkleman, 127 S.Ct. At 2002)
(emphasis added). Rejecting plaintiffs' statutory argument that
their claims are distinct and therefore, do not require
exhaustion, the Ninth Circuit determined that "parents enjoy
enforceable rights at the administrative stage." Id. at 1167.
The Court ultimately held that plaintiffs are required to exhaust
their administrative remedies prior to filing a civil lawsuit if
the relief they seek for injuries could be redressed to some
degree by the IDEA's administrative procedures. Id. at 1170.

        The Ninth Circuit's reasoning in Kutasi clearly applies
to the Parent Plaintiffs' attempts to sever their individual
retaliation claims from Bryan's claims, which were brought under
his educational program. Similar to the plaintiff parents in
Kutasi, Stanley Bond and Kim Wiles have made individual
retaliation claims pursuant to Section 504 such as:

>    n.    Falsely blaming Bryan's parents for problems
>          maintaining the cleanliness of his living area ...
>
>    o.    Accusing Bryan's parents of housing Bryan
>          improperly in a locked room during the night ...
>
>    p.    Falsely accusing Bryan's parents of asking skills
>          trainers to do laundry, cooking or cleaning
>          tasks...
>
>    r.    Engaging in numerous other retaliatory, combative,
>          accusatory and humiliating attacks on Bryan's
>          parents and his program in a direct response to
>          Bryan's parents' advocacy for him and his rights
>          under Section 504 of the Rehabilitation Act and
>          its implementing regulations.

See Second Amended Complaint filed February 13, 2008 at 23-26.

Like the <u>Kutasi</u> parents, Parent Plaintiffs claim that their
retaliation claims are separate and distinct from Bryan's and
that they are not required to exhaust the administrative remedies
of the IDEA.  Even if this Court were to determine that the
Parent Plaintiffs' retaliation claims were somehow separate and
apart from Bryan's claims, which they are not, <u>Kutasi</u> still
requires the Parent Plaintiffs to exhaust all administrative
remedies under the IDEA before pursuing such claims in the
District Court.

    In a vain attempt to circumvent the exhaustion
requirements so clearly detailed in <u>Kutasi</u>, Plaintiffs
misconstrue the plain language of this Court's September 17, 2007
Minute Order and assert that the Court rejected their contention
that Parent Plaintiffs' individual retaliation claims can be
premised on <u>Winkleman</u>.

    Contrary to Plaintiffs' assertions, the Minute Order
does not discuss their retaliation claims but rather, precludes
Plaintiffs' from expanding their rights as parents for claims
based on the alleged intentional discrimination against Bryan
(i.e. the court rejected Plaintiffs' claims that they were
entitled to recover for their own alleged non-economic damages
based on discrimination against Bryan.).  The Minute Order
provides in part: "Plaintiffs Ann Kimball Wiles and Stanley Bond
are not entitled to recover for their own alleged non-economic

damages, namely pain and suffering/emotional distress, based on the Defendants' alleged intentional discrimination against plaintiffs' son, as opposed to intentional acts against them." <u>See</u> September 17, 2007 Minute Order.  The September 17, 2007 Minute Order does not reject <u>Winkleman</u>, as it simply precludes Parent Plaintiffs from expanding their rights as parents for claims based on the alleged intentional discrimination against Bryan.  The Minute Order does not discuss retaliation claims at all.

The <u>Kutasi</u> decision, does nothing to limit the applicability of the IDEA exhaustion requirements on Parent Plaintiffs' retaliation claims.  Indeed, as articulated previously by the Ninth Circuit in <u>Robb</u>, and reaffirmed in <u>Kutasi</u>, exhaustion of administrative remedies is required if the injury could be redressed to any degree by the IDEA's administrative procedures - or if the IDEA's ability to remedy an injury is unclear then exhaustion is required.  The mere fact that the Ninth Circuit cited <u>Winkleman</u> in support does nothing to change that fact.  As such, Plaintiffs' claims for retaliation must be dismissed for failure to exhaust administrative remedies.

B.   **Parents Retaliation Claims Are Not Distinct And Stem From Bryan's Claims**

In the instant case, it is undisputed that Plaintiff Parent's retaliation claims are not distinct from Byran's claims, therefore, exhaustion of administrative IDEA remedies is

10

required.  No matter how Plaintiffs' attempt to distinguish the
instant case from <u>Kutasi</u>, one thing is clear, the Parent
Plaintiffs' retaliation claims are inextricably tied to Bryan's
claims under his educational program.

       As set forth above, even assuming Parent Plaintiffs'
retaliation claims were somehow separate from Bryan's, which they
are not, <u>Kutasi</u> still requires the parents to exhaust all of
their administrative remedies under the IDEA.  Plaintiffs'
admittedly failed to do so.

       Plaintiffs have conceded that Parent Plaintiffs'
retaliation claims are related to Bryan's evaluations and
educational placements[1].  <u>See</u> Plaintiffs' Concise Statement of
Facts in Opposition to Defendants' Concise Statement of Facts at
paragraph 6.

---

[1]Although Plaintiffs filed a general objection to
Defendants' factual allegation that "Plaintiffs' retaliation
claims relate to Bryan Wiles Bond's evaluations and educational
placements" because the reference to the entire complaint was
insufficient to meet LR 56(c) and was vague, Plaintiffs'
clarified and cited the specific paragraphs 44-45 of their
Complaint as the evidentiary support to the allegation.  <u>See</u>
Plaintiffs' Concise Statement In Opposition to Defendant
Department Of Education's Separate and Concise Statement of Facts
filed March 27, 2008.

       Sub-parts "a" through "r" of paragraph 45 of Plaintiffs'
Second Amended Complaint are rife with allegations that, among
other things, the DOE isolated Bryan at Kealakehe Intermediate
and refused to provide properly trained staff, changed Bryan's
education placement into an "isolation" environment, and
repeatedly employed unqualified and inexperienced skills trainers
in Bryan's program.  These are all activities which undoubtedly
stem from Bryan's educational program.

Furthermore, Plaintiffs' admit that "Plaintiffs do not allege that they addressed or raised their retaliation claims at the administrative level." Id. at paragraph 7. As Plaintiffs' have conceded that: 1) the Parent Plaintiffs' retaliation claims are related to Bryan's claims which were brought under his educational program, and 2) Plaintiffs' failed to raise their retaliation claims at the administrative level, Plaintiffs' claims for retaliation must be dismissed pursuant to Kutasi.

## II.  PLAINTIFFS' WAIVED THEIR BREACH OF CONTRACT REMEDIES

In their April 11, 2008 submission, Plaintiffs' cite to Van Duyn v. Baker School Dist., 502 F3d. 811, 820 (9th Cir. 2007) for the proposition that an IEP is not a contract and that courts have "rejected efforts to frame challenges to IEPs as breach-of-contract claims." See April 11, 2008 letter from Stanley E. Levin, Esq. to the Honorable Judge Alan C. Kay.

Defendants submit that Van Duyn remains good law, however, it is undisputed that Plaintiffs have waived any breach of contract claims in this action. The only remedy available to Plaintiffs is for monetary damages pursuant to the Rehabilitation Act, which the Court confirmed at the April 10, 2008 hearing.

Although Van Duyn does not allow for a per se breach of contract claim as a result of a failure to implement an IEP, Plaintiffs could have proceeded with a breach of contract claim premised on the July 1, 2002 Release and Settlement Agreement,

12

which is attached as Exhibit "A" to the Second Amended Complaint. See generally Boskoff v. Yano, 217 F.Supp. 2d 1077 (D. Hawaii 2001)(concluding that the parties' settlement agreement was an enforceable contract); and R.K., ex. Rel. T.K. v. Hayward Unified School District, Slip Copy, 2007 WL 2778702 (court determined that plaintiffs' claim seeking redress for alleged breaches of a Settlement Agreement addressing claims made in an IDEA due process hearing, arise under federal law).

The Settlement Agreement was entered into between the parties in settlement of Plaintiffs' numerous claims that Defendants failed to implement various aspects of Bryan's IEP and was a culmination of IEP challenges which led to a federal lawsuit that was eventually settled by the parties. The Settlement Agreement and underlying litigation were the logical extensions of Plaintiffs' claims for failure to provide and adequately implement Bryan's IEP.

In the instant case, breach of contract remedies were still available to Plaintiffs via the Release and Settlement Agreement dated July 1, 2002, attached to Second Amended Complaint as Exhibit "A". Plaintiffs' however, chose to waive their contractual remedies by voluntarily limiting themselves to claims for monetary damages brought under Section 504.

It is important to note, however, that Van Duyn, does not have any impact on Mark H.'s focus on the "design" of a

13

child's educational program, and the "comparative obligation" of
the school district.  Therefore, <u>Van Duyn</u> has limited application
to the instant action where Plaintiffs have failed to exhaust
their administrative remedies with respect to their retaliation
claims and have failed to comport with the specific pleading
requirements of <u>Mark H.</u>

In addition to Plaintiffs' express waiver of their
breach of contract remedies, Plaintiff also waived any claims
they may have had under the IDEA for compensatory educational
services they were entitled to for any alleged failure to
implement Bryan's IEP.  Plaintiffs could have sought compensatory
educational services pursuant to the IDEA, but chose not to do
so.  <u>See</u> <u>Robb v. Bethel School Dist. #403</u>, 308 F.3d 1047, 1049
(9th Cir. 2002) (noting that the IDEA requires the school
district to provide educational and related services to the
student but that money damages are not available).

Assuming <u>arguendo</u> that Plaintiffs prevailed under the
IDEA and were awarded compensatory services, the child would be
entitled to additional educational and related services as
ordered by the Court.  The DOE would be required to provide the
additional services to the child so that the child would be made
whole and brought back up to what would be the child's
appropriate educational level.  In sum, Plaintiffs' true recourse
would be additional compensatory educational services awarded by

14

this court for any failure to properly implement Bryan's
educational plan.  Plaintiffs, however, have waived any rights
they may have had with respect to such a claim.

Regardless of what claims were theoretically available,
Plaintiffs must now live with the remedies they have limited
themselves to: monetary damages under the Rehabilitation Act.
Ironically, although Plaintiffs limited themselves to their
claims under the Rehabilitation Act they have stubbornly refused
to heed the warnings of the Ninth Circuit and this court, and
have clearly decided to disregard Section 504's specific pleading
requirements.  Plaintiffs' repeated refusal to comply with the
Ninth Circuit's specific pleading requirements and their
unilateral waiver of all claims other than monetary damages
require dismissal of the instant action.

## III. J.W. SUPPORTS DISMISSAL OF PLAINTIFFS' CLAIMS

With respect to all of Plaintiffs' Section 504 claims,
recent case law interpreting the Mark H. decision adheres to the
Mark H. requirement that plaintiffs must allege specific Section
504 regulations in their amended complaint.  Adopting the
reasoning and analysis set forth by the Ninth Circuit in Mark H.,
the District Court of the Eastern District of California, in J.W.
ex rel. J.E.W. v. Fresno Unified School Dist., concluded that a
"Plaintiff must allege with specificity Section 504 regulations
to support a Section 504 claim." J.W. ex rel. J.E.W. v. Fresno

Unified School Dist., Slip Copy, 2008 WL 850250 *3.

After an administrative law judge found that Fresno
Unified School District ("FUSD") denied plaintiff J.W. a FAPE, by
failing to offer extended school year services during the 2005
summer, plaintiff filed suit in the United States District Court
Eastern District of California.  Plaintiff appealed the
administrative law judge's decision and filed a second cause of
action based on Section 504.  FUSD moved to dismiss plaintiff's
section 504 claim pursuant to FRCP Rule 12(b)(6).

Quoting Mark H., the district court recognized that the
Ninth Circuit "ruled that a plaintiff must allege 'precisely
which [Section] 504 regulations are at stake and why." Id. at *2
(quoting Mark H., 513 F.3d at 924).  The court noted that in
remanding Plaintiffs' Section 504 claim to the district court,
"the Mark H. Court reasoned that '[w]ithout some clarity about
precisely which [Section] 504 regulations are at stake and why,
we cannot determine whether [plaintiff] has sufficiently alleged
a privately enforceable cause of action for damages [pursuant to
Section 504].'"  Id.

In opposition to FUSD's motion to dismiss, Plaintiff
conceded that he failed to state a claim under 504, but sought
leave to amend his complaint to include the specific regulations,
pursuant to the requirement set forth in the Mark H. decision.
Noting that plaintiff's amended complaint preceded Mark H., the

district court granted plaintiff leave to amend his Section 504
claims to specify which Section 504 regulations are at stake in
the action.  Id. at *3.

 The analysis set forth in J.W. is clearly on point and
should be used as guidance for this Court, where even the J.W.
plaintiff **conceded** that he failed to state a claim under 504, in
light of Mark H.  In the instant case, the Plaintiffs have
wrongfully ignored the clear mandate of the Ninth Circuit in Mark
H. and have stubbornly **refused** to amend their Complaint to
include any specific Section 504 regulations.

 Even after this Honorable Court strongly advised
Plaintiffs to amend their Complaint with proper citations to the
specific 504 regulations, Plaintiffs refused.  See Order Denying
Defendant's Request to Dismiss for Failure to Pursue
Administrative Remedies, Granting Defendant's Request to Continue
the Trial, and Granting Leave to Plaintiffs to Amend Their
Complaint filed January 24, 2008 at 3 (granting Plaintiffs leave
to amend their Complaint to allege regulations and noting that
"it appears the Sec. 504 implementing regulations would be
implicated in such a cause of action.").

 Unlike the plaintiff in J.W., who conceded that his
Section 504 claims were not compliant to include the specific
regulations, Plaintiffs in this case have continued to argue,
incredibly, that Mark H. does not require pleading the Section

17

504 regulations with specificity and that a general citation to Section 504 somehow satisfies Section 504's specific pleading requirements.  As the J.W. court aptly noted, "Plaintiff must allege with specificity Section 504 regulations to support a 504 claim." Id. at *2.

The J.W. decision also contravenes Plaintiffs' attempts to avoid citing the specific 504 regulations by basing their claims on "meaningful access" and makes clear that failure to include a comparative analysis allegation is terminal to a proper 504 action.  In J.W., district court found that "Plaintiff fails to state a Section 504 claim, because he asserted no allegations that FUSD denied Plaintiff meaningful access to education as compared to non-handicapped persons." J.W., 2008 WL 850250 *3. The court also determined that "[t]he comparative analysis of Section 504 is significantly different from the IDEA individualized analysis, and is not included in Plaintiff's amended complaint." J.W., 2008 WL 850250 *3.  The district court recognized that the standard of meaningful access plays a role, in properly asserting a 504 claim, but that role is limited to the construction and analysis set forth in the Section 504 FAPE regulations.

Like the plaintiff in J.W., the Plaintiffs have failed to include any allegations involving a comparative analysis between the services offered to disabled and non-disabled

18

students.   Therefore, according to the district court in J.W.,
Plaintiffs have failed to state a Section 504 claim.   Plaintiffs'
failure to allege a proper comparative analysis and purposeful
disregard for the Ninth Circuit's specific 504 pleading
requirements, warrants dismissal of this action with prejudice.

## IV.   CONCLUSION

Defendants submit that Plaintiffs' mischaracterization
of Kutasi should not be construed to relieve Plaintiffs' of their
burden to exhaust all administrative remedies pursuant to the
IDEA and the Rehabilitation Act.   Even if Plaintiffs' individual
retaliation claims are deemed to be separate from Bryan Wiles-
Bond's claims stemming from his educational program, Plaintiffs'
must still exhaust their administrative remedies with respect to
their individual retaliation claims.   Plaintiffs' conceded they
have failed to do so, therefore, their retaliation claims must be
dismissed.

Additionally, Plaintiffs have waived any claims they
may have had concerning the DOE's alleged failure to implement
Bryan's educational program, as they specifically limited their
claims to monetary damages pursuant to Sec. 504.   Thus, Van
Duyn's prohibition on contractual remedies for challenges to IEPs
is irrelevant.   Moreover, breach of contract remedies would have
been available to Plaintiffs, had they not waived their claims,
pursuant to the July 1, 2002 Settlement Agreement.

Finally, J.W. and Mark H. clearly require plaintiffs alleging 504 claims to plead with specificity as to what Section 504 regulations support a Section 504 claim.  Despite numerous opportunities to amend their pleadings to conform to Mark H., Plaintiffs have refused.  As such, this action should be dismissed with prejudice.

DATED:  Honolulu, Hawaii, April 17, 2008.

　　　　　　　　　　　　　  /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION

20