400176.2

MARK J. BENNETT      #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM       #4391-0
GEORGE S. S. HOM    #2487-0
HOLLY T. M. SHIKADA #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI     #2498-0
GREGG M. USHIRODA   #5868-0
LEIGHTON M. HARA    #7826-0
ROSS T. SHINYAMA    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S ANSWER TO SECOND AMENDED COMPLAINT FILED ON 02/13/08; CERTIFICATE OF SERVICE**<br><br>**Trial:  February 26, 2008** |

**DEFENDANT DEPARTMENT OF EDUCATION'S
ANSWER TO SECOND AMENDED COMPLAINT FILED ON 02/13/08**

Defendant DEPARTMENT OF EDUCATION, STATE OF HAWAII, ("Defendant"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, hereby submit its Answer To Plaintiffs' Second Amended Complaint, filed on February 13, 2008 ("Complaint"), answers as follows:

FIRST DEFENSE

1. Plaintiffs' Complaint does not state a claim upon which relief can be granted.

SECOND DEFENSE

2. In response to Paragraphs 1, 8, 12, 13, 14 and 15 of the Complaint, Defendant neither admits nor denies the allegations contained therein as it is without knowledge or information sufficient to form a belief as to the truth thereof.

3. In response to Paragraphs 2, 3, 5, 42, and 44 of the Complaint, Defendant states that the laws speak for themselves, but denies any violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 729 ("Section 504"), and further denies that Plaintiffs have an actionable claim under Section 504. Defendant denies all remaining allegations contained in said Paragraphs.

4. In response to Paragraphs 4, 7, 17, 36, 37, 38, 39, 40, 41, 43, and 45 of the Complaint, including all subparts, Defendant denies the allegations contained therein.

5. In response to Paragraphs 18, 20, 21, 22, 24, 26, 27, 28, 31, 33, and 35 of the Complaint, Defendant states that the documents speak for themselves and denies the remaining allegations contained therein.

6. In response to Paragraph 6 of the Complaint, Defendant states that the law speaks for itself, but denies any violations of 28 U.S.C. Sections 2201-02, and further denies that Plaintiffs are entitled to declaratory relief under 28 U.S.C. Sections 2201-02. Defendant denies all remaining allegations contained therein.

7. In response to Paragraph 9 of the Complaint, Defendant neither admits nor denies whether Ann Kimball Wiles and Stanley Bond are Bryan's natural parents as Defendant is without knowledge or information sufficient to form a belief as to the truth thereof. Defendant denies the remaining allegations contained therein.

8. In response to Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof with respect Plaintiffs' citizenship and residency. Defendant denies the remaining allegations contained therein.

9. In response to Paragraph 16 of the Complaint, Defendant states that Bryan's IEP set forth the accommodations to which he was entitled. Defendant neither admits nor denies the remaining allegations contained therein as it is without knowledge or information sufficient to form a belief as to the truth thereof.

10. In response to Paragraphs 19 and 34 of the Complaint, Defendant states that the transcript of the proceeding referenced therein speaks for itself. Defendant denies the remaining allegations contained therein.

11. In response to Paragraph 23 of the Complaint, Defendant states that Exhibit "A" is a true and correct copy of the Release and Settlement Agreement dated July 1, 2002. Defendant denies the remaining allegations contained therein.

12. In response to Paragraph 25 of the Complaint, Defendant states that Plaintiffs have admitted that the DOE provided approximately 75 percent of the services mandated. Defendant denies the remaining allegations contained therein.

13. In response to Paragraph 29 of the Complaint, Defendant states that Exhibit "B" is a true and correct copy of the Findings of Fact, Conclusion of Law and Decision dated May 11, 2004. Defendant denies the remaining allegations contained therein.

14. In response to Paragraphs 11 and 30 of the Complaint, Defendant admits the allegations contained therein.

15. In response to Paragraph 32 of the Complaint, Defendant states that Exhibit "C" is a true and correct copy of the Stipulated Partial Decision and Order dated July 2004. Defendant denies the remaining allegations contained therein.

## ALL COUNTS

16. Any allegations contained in Plaintiffs' Amended Complaint not specifically addressed in this Answer are hereby denied.

## THIRD DEFENSE

17. Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

## FOURTH DEFENSE

18. The Complaint is barred by lack of standing.

## FIFTH DEFENSE

19. The Complaint is barred by the failure to mitigate damages.

### SIXTH DEFENSE

20. The Complaint is barred by equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### SEVENTH DEFENSE

21. The Complaint is barred by lack of personal and subject matter jurisdiction.

### EIGHTH DEFENSE

22. The Complaint is barred by the doctrines of sovereign immunity, Eleventh Amendment immunity and official and qualified immunity.

### NINTH DEFENSE

23. The Complaint is barred by the statute of frauds.

### TENTH DEFENSE

24. Plaintiffs have failed to exhaust administrative remedies for such claims requiring exhaustion; this Court lacks jurisdiction to review any claims and/or causes of action which were not raised at the administrative proceedings below.

### ELEVENTH DEFENSE

25. Plaintiffs are barred from maintaining this action against the State by reason of their own wrongful conduct which was the legal cause of the damages alleged in the Complaint.

## TWELFTH DEFENSE

26. The liability, if any, for the damages alleged in the Complaint rests with parties other than the State.

## THIRTEENTH DEFENSE

27. The rights and remedies of Plaintiffs are restricted by agreement.

## FOURTEENTH DEFENSE

28. To the extent that injunctive and declaratory relief might be sought, such relief should be withheld as a matter of the Court's sound exercise of its discretion.

## FIFTEENTH DEFENSE

29. Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

## SIXTEENTH DEFENSE

30. Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

## SEVENTEENTH DEFENSE

31. Plaintiffs' claims fail because Plaintiff alleged no specific Section 504 regulations in the Complaint.

## EIGHTEENTH DEFENSE

32. Based on the allegations in the Complaint, the State cannot formulate all of its defenses at this time, but reserves the right to amend its answer to include additional affirmative defenses if and when discovery justifies same.

DATED:   Honolulu, Hawaii, <u>May 9, 2008.</u>

<u>/s/ Gregg M. Ushiroda</u>
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant