392587.6

**MARK J. BENNETT**        #2672-0
Attorney General, State of Hawaii
**HOLLY T. M. SHIKADA** #4017-0
**GARY K.H. KAM**          #4391-0
**GEORGE S. S. HOM**       #2487-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  holly.t.shikada@hawaii.gov

WATANABE ING LLP
A Limited Liability Law Partnership
**MELVYN M. MIYAGI**     #1624-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>            Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>            Defendants. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S PROPOSED SPECIAL VOIR DIRE QUESTIONS; CERTIFICATE OF SERVICE**<br><br>TRIAL: September 9, 2008<br>TRIAL JUDGE: Hon. Alan C. Kay |

**DEFENDANT DEPARTMENT OF EDUCATION'S**
**PROPOSED SPECIAL VOIR DIRE QUESTIONS**

Defendant DEPARTMENT OF EDUCATION, State of Hawaii, by and through its attorneys, WATANABE ING LLP, and hereby respectfully requests that this Honorable Court give the following Special Voir Dire questions to the prospective jurors.

1. In this first part of the trial, the Court will ask you questions. The reason the Court asks you these questions is to find the fairest and most impartial jury possible for all of the parties in this case.

2. The plaintiffs in this case are Ann Kimball Wiles and Stanley Bond, individually and as next friends of their son, Bryan Wiles-Bond. The Plaintiffs are represented by Stanley Levin of the law firm Davis Levin Livingston, and Carl Varady.

3. The defendant in this case is the Department of Education for the State of Hawaii ("DOE"). Alvin Rho was named as a defendant in his official capacity as West Hawaii District Superintendent, but has since been dismissed from this case. The DOE is represented by Kenneth Robbins and Anderson Meyer of the law firm of Robbins and Associates; Melvyn Miyagi, Gregg Ushiroda, Leighton Hara and Ross Shinyama of the law firm of Watanabe Ing LLP, and Holly Shikada, George Hom and Gary Kam of the Department of the Attorney General.

4. Do any of you know the parties or the attorneys in this case? If so, please state which ones you know and what your relationship with each of them is.

    a. [If Applicable] Would your relationship to _____ in any way affect or hinder your ability to give a fair trial to all parties in this case?

5. Do any of you know these individuals? If so, please state which ones you know and what your relationship with each of them is.

    a. [If Applicable] Would your relationship to _____ in any way affect or hinder your ability to give a fair trial to all parties in this case?

6. The following witnesses may be called to testify in this case: [Please read the parties' witness lists].

7. Do any of you know any of the potential witnesses that may be called in this case? If so, please state which ones you know and what your relationship with each of them is.

   a. [If Applicable] Would your relationship with _____ in any way affect or hinder your ability to give a fair trial to all parties in this case?

8. Will any of you have difficulty in giving all of the parties in this case the same fair and equal treatment as you listen to the evidence and in rendering your decision in this case?

9. Do any of you believe that just because a lawsuit has been filed against a state governmental entity such as the DOE, that means the particular state governmental entity must have done something wrong?

10. Do any of you believe that just because the parents of a special needs child are plaintiffs in this lawsuit, that means that the DOE must have done something wrong?

11. Do any of you believe the fact that the parents of a special needs child are plaintiffs in this case, standing alone, will affect your decisions in this case in any way?

12. Do any of you believe the fact that DOE is a state governmental entity, standing alone, will affect your decisions in this case in any way?

13. Do you understand that the DOE, as with an individual, is entitled to a fair trial?

14 Have any of you had any prior experience serving on a jury?

   a. [If Applicable] Please describe in detail the type of case that you served on.

      b.  [If Applicable] Would the fact that you previously served on a jury in any way affect or hinder your ability to sit as a fair and impartial juror in this case?

15. Have you, or any member of your family or your friends, been a party to a lawsuit?

      a.  [If Applicable] Please describe in detail the type of case.

      b.  [If Applicable] Would the fact that _____ was/were a party to a lawsuit in any way affect or hinder your ability to sit as a fair and impartial juror in this case?

16. Have you ever testified in a legal proceeding?

      a.  [If Applicable] Please describe the nature of the case, and whether you were a party in the case or a witness.

      b.  [If Applicable] Would that experience in any way affect or hinder your ability to sit as a fair and impartial juror in this case?

17. Do any of you have any legal training of any sort?

      a.  [If Applicable] Please describe the type of training or experience you have.

18. Are any of you married to lawyers or other persons having legal experience or training?

      a.  [If Applicable] Please describe your spouse's experience or training.

19. On a scale of 0-100%, what percent of lawsuits today do you feel are frivolous?

20. What are your thoughts about the size of today's jury awards?

21. What are your opinions about limiting jury awards through legislation or otherwise?

22. What would your reaction be if another juror said something like, " Oh, let's just give it to plaintiffs, because the State of Hawaii can afford it?"

23. All of you realize that under our legal system, that every person has the right to file a lawsuit against anyone.

    a. All you have to do is file a complaint and pay a filing fee.

    b. Do any of you believe that because Plaintiffs have sued the DOE, that the DOE is already wrong?

    c. Will you make the Plaintiffs prove their case?

24. Do you recall having heard, seen, or read about this case prior to today?

25. In reaching your decision, you must base your decision only upon the evidence presented, and not upon any ideas that you might have about what people or companies do or should do. Do you agree to do this?

26. Do you agree to listen to all of the evidence and base your decision based upon the evidence without guessing or speculating?

27. The Court will instruct you regarding the law. It is your duty to make a determination as to the facts of this case. At the end of the trial the Court will instruct you on what the law is. Do you agree to follow the law as given to you by the Court in its instructions?

28. Do you agree to follow this law even though your own idea of what the law should be may differ from what the Court tells you?

29. Do you agree to keep an open mind until you have heard all of the testimony from the witnesses?

30. If you are selected as a juror, you will become a judge in this case. As a judge, you cannot choose sides. Do you agree to listen to all of the evidence, without choosing sides, and then only after listening to all of the evidence, make a decision?

31. You understand that your decision must be based upon the evidence you hear, and that it cannot be based upon any feelings or sympathy for either party?

32. In other words, you would not find for the Plaintiffs just because you felt sorry for them or their child, would you?

33. Will you make the Plaintiffs prove their damages without consideration of sympathy?

34. During the presentation of evidence, some witnesses may cry or get very emotional. Will you all agree to set aside any sympathy that may be generated, and decide the case without consideration of sympathy?

35. Do any of you have any hesitation in terms of your ability to set aside this natural sympathy when you deliberate?

36. There may be evidence that Plaintiffs have had difficulties raising their son. Will you agree that the fact you may feel sorry for the Plaintiffs because of that, will not be the basis for your decision in this case?

37. In other words, will you all agree that even if you may feel sorry for the Plaintiffs, you will not let that play any role in your decision.

38. Are you, any members of your family or your friends acquainted either socially or professionally with anyone who has worked at any time for the DOE?

   a. [If Applicable] How long have you known these other persons?

   b. [If Applicable] What is the nature of the relationship?

   c. [If Applicable] Would your relationship with _____ in any way affect or hinder your ability to give a fair trial to all parties in this case?

39. What is your opinion of the DOE?

40. What has been your experience with the DOE?

41. Have any of you, any members of your family or your friends acquainted either socially or professionally with anyone who had what you would consider a bad experience with the DOE?

42. Have any of you ever heard what you feel is negative information about the DOE?

43. Do any of you have any negative perceptions about the DOE that is the defendant in this case? If so, what are those perceptions and why do you hold them?

44. Have you ever turned down an opportunity to work for the Department of Education? Would you? If so, on individual basis: Why?

45. Do you have any children? If so, how old are your children?

46. Do your (or did your) children attend public school or private school?

47. Are you, any members of your family or your friends acquainted either socially or professionally with anyone who has children with special needs?

    a. [If Applicable] How long have you known these other persons?

    b. [If Applicable] What is the nature of the relationship?

    c. [If Applicable] Would your relationship with _____ in any way affect or hinder your ability to give a fair trial to all parties in this case?

48. Are you, any members of your family or your friends acquainted either socially or professionally with anyone who has children with special needs receiving special education services from the DOE?

    a. [If Applicable] How long have you known these other persons?

    b. [If Applicable] What is the nature of the relationship?

      c. [If Applicable] Would your relationship with _____ in any way affect or hinder your ability to give a fair trial to all parties in this case?

49. Do any of you have any training in teaching or dealing with children who have special needs?

      a. [If Applicable] Please describe the type of training or experience you have.

50. Are any of you married to persons who have experience working with children who have special needs?

      a. [If Applicable] Please describe your spouse's experience or training.

51. Do any of you have children with special needs receiving special education services from the DOE?

      a. [If Applicable]

52. Have any of you, any members of your family or your friends acquainted either socially or professionally with anyone who had what you would consider a bad or negative experience with services provided by the DOE for children with special needs?

53. Without having any information about this case, do you believe that the DOE would intentionally discriminate against and intentionally deny a special needs child access to an education soley on the basis of his or her disability?

54. Without having any information about this case, do you believe that the DOE would retaliate against the parents of a special needs child by denying the child access to an education because the child's parents advocated for their child's special education needs?

55. You may decide at the end of the case that the Plaintiffs are in need of money. You may also decide that the DOE did nothing wrong. Will you tend to want the DOE to pay the Plaintiffs damages just because they may be a big governmental entity? Why or why not?

56. Is there anyone here who thinks you might tend to favor parents of a special needs child against the DOE?

57. Is there any reason at all, however personal or private, that makes you feel that you could not be a fair and impartial juror in this case?

58. Do you know of any reason why the Plaintiffs or the DOE could not get a fair trial?


DATED: Honolulu, Hawaii, August 4, 2008.


    /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION