403828.2
**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii
**HOLLY T. M. SHIKADA** #4017-0
**GARY K.H. KAM**        #4391-0
**GEORGE S. S. HOM**     #2487-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: holly.t.shikada@hawaii.gov

WATANABE ING LLP
A Limited Liability Law Partnership
**MELVYN M. MIYAGI**    #1624-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, <br><br> Defendant. | CIVIL NO. CV 04-00442 ACK/BMK <br> CIVIL NO. CV 05-00247 ACK/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> **PARTIES' JOINT JURY INSTRUCTIONS; CERTIFICATE OF SERVICE** <br><br> TRIAL: September 9, 2008 <br> JUDGE: Hon. Alan C. Kay |

## PARTIES' JOINT JURY INSTRUCTIONS

COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP, and hereby submits the Parties' Joint Jury Instructions as requested by this Court in its May 21, 2008 Order Setting Pretrial Conference and Deadlines, and as agreed upon by Carl M. Varady, Esq. and Susan K. Dorsey, Esq., counsel for the above-captioned Plaintiffs, and Gregg M. Ushiroda, Esq. and Leighton M. Hara, Esq., counsel for the DOE.

In addition to the attached jury instructions, the above mentioned attorneys representing their respective parties have agreed upon, and respectfully requests that, this Honorable Court's General Federal Jury Instructions numbers 1, 3, 5, 6, 7, 8, 9, 10, 11A, 12, 14, 16A, and 17, be given to the jury.

DATED: Honolulu, Hawaii, August 4, 2008.

          /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION

JOINT JURY INSTRUCTION NO. 1

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff][clerk][law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.12 (revised 2007).

## JOINT JURY INSTRUCTION NO. 2

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.13 (revised 2007)

JOINT JURY INSTRUCTION NO. 3

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 2.4 (2007)

## JOINT JURY INSTRUCTION NO. 4

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions No. 1.3 (2007).

JOINT JURY INSTRUCTION NO. 5

A "physical or mental impairment" means any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

"Major life activities" are defined as functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

Sources:
Janet G. v. Hawaii, Department of Education, 410 F. Supp.2d 958, 965-966 (D. Haw. 2005)
34 C.F.R. § 104.3(j)(2)(I)
34 C.F.R. § 104.3(j)(2)(ii)

## JOINT JURY INSTRUCTION NO. 6

To establish a claim of retaliation under Section 504, the first element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs ANN KIMBALL-WILES and STANLEY BOND were engaged in a protected activity under the Rehabilitation Act. A "protected activity" is an informal or formal complaint about, or other opposition to, a federal funding recipient's practice or act, if the complainant reasonably believes that the practice or act complained of is in violation of the Rehabilitation Act.

Only reasonable opposition to the practice or act can be considered "protected activity."

Sources:
Jeseritz v. Potter, 282 F.3d 542, 548 (8th Cir. 2002).
Wrighten v. Metro. Hosps., Inc., 726 F.2d 1346, 1354-56 (9th Cir. 1984) (Title VII case)(only reasonable opposition is protected).

## JOINT JURY INSTRUCTION NO. 7

The third element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs ANN KIMBALL-WILES and STANLEY BOND's participation in a protected activity was a "motivating factor" in the DOE's alleged adverse action. A "motivating factor" is a consideration that moved the DOE toward making the decision that it did.

Source: Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

JOINT JURY INSTRUCTION NO. 8

Punitive damages are not recoverable for a violation of § 504.

Source:  Barnes v. Gorman, 536 U.S. 181, 185-89 (2002)

## JOINT JURY INSTRUCTION NO. 9

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. [You should also consider decreases in the value of money which may be caused by future inflation.]

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 5.4 (2007)

JOINT JURY INSTRUCTION NO. 10

In awarding special damages for future losses or expenses you must exclude expenses that the Plaintiffs would have incurred without the State's deliberate indifference.

**JOINT JURY INSTRUCTION NO. 11**

If you determine that the State is liable to any Plaintiff for damages, you must award compensation consistent with these instructions, even though you know that the judgment will be paid by the State. You must not diminish or limit the award that you make because you know it is being paid by the State. You must award damages you believe are fair and just, applying these instructions to the facts of the case, without regard for the fact that the money you award will be paid by the State.