403053.4
**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**        #4391-0
**GEORGE S. S. HOM**     #2487-0
**HOLLY T. M. SHIKADA**  #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING LLP
A Limited Liability Law Partnership
**MELVYN M. MIYAGI**     #1624-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>(Other Civil Action)<br><br>DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE **#15** TO EXCLUDE REFERENCE TO THE IDEA AND ITS REQUIREMENTS; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE<br><br>**TRIAL: September 9, 2008**<br>**TRIAL JUDGE: Hon. Alan C. Kay** |

**DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #15
TO EXCLUDE REFERENCE TO THE IDEA AND ITS REQUIREMENTS**

Comes now Defendant DEPARTMENT OF EDUCATION("DOE"), by and through its attorneys, WATANABE ING LLP, and hereby moves this Honorable Court for an Order to exclude reference to the IDEA and its requirements.

The present case is based solely on Section 504 itself. Section 504 and the IDEA are separate and distinct statutes imposing different requirements and obligations on school districts. For example, Section 504 itself does not require the provision of an IDEA FAPE and/or Section 504 FAPE. Rather, Section 504 merely requires that school districts provide disabled individuals with "meaningful access" -as that phrased is used in Section 504- to a regular public education. Indeed, there is absolutely no authority that equates "meaningful access" to the provision of an IDEA FAPE, and/or the implementation of an IEP. Moreover, the federally-funded program in question in the instant action is not an IDEA FAPE, but rather, is a regular public education that is provided to all students, disabled or not.

Consequently, any evidence, testimony, and/or reference to the IDEA and its requirements, including, but not limited to, any settlement agreements, findings by hearings officers, and services required under Bryan's IEPs, are irrelevant to the

2

instant action. Accordingly, such evidence, testimony, and/or reference to the IDEA and its requirements should be excluded.

The DOE brings this motion in accordance with Rule 7 of the Federal Rules of Civil Procedure and all applicable local rules of practice for the United States District Court for the District of Hawaii, Rules 401, 402, and 403 of the Federal Rule of Evidence, and bases it upon the attached memorandum in support of its motion and the entire record and files herein.

DATED:  Honolulu, Hawaii, August 4, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION