IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>    Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

Plaintiffs' sole cause of action in this case is a claim for money damages alleging intentional discrimination and retaliation under Section 504 of the Rehabilitation Act. Under Section 504, Plaintiffs must prove that the DOE acted with deliberate indifference and/or intentionally discriminated against Bryan Wiles-Bond "solely by reason" of his disability. The DOE maintains that there is no evidence to support such a finding of deliberate and/or intentional actions. Rather, the evidence clearly establishes that the DOE made a good faith effort to comply with their obligations to provide BRYAN WILES-BOND with a FAPE.

It is anticipated that one or more of Plaintiffs' experts will attempt to opine that the DOE's alleged failure to provide (1) sufficient skills trainer hours and (2) qualified skills trainers and teachers had constituted deliberate indifference.

## II. ARGUMENT

Expert testimony is governed by Federal Rules of Evidence ("FRE") Rule 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. Rule 702. The plain language of FRE Rule 702 allows an expert to testify if his specialized knowledge will "assist" the trier of fact. Even expert testimony regarding an ultimate issue of fact will be allowed as long as it assists the trier of fact. See Fed. R. Evid. 704(a) (stating that expert testimony "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact"). Expert witnesses, however, "cannot give an opinion as to [their] **legal conclusion**, i.e., an opinion on an ultimate issue of law." Elsayed Mukhtar v. California State Univ. Hayward, 299 F.3d 1053, 1066 n.10. (9th Cir. 2002) (citing as an example United States v.

Duncan, 42 F.3d 97 (2d Cir. 1994))(emphasis in original). As the Duncan court explained:

> Generally, the use of expert testimony is not permitted if it will "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion.

United States v. Duncan, 42 F.3d at 101 (citations omitted)(emphasis added).

In this case, whether the DOE acted with deliberate indifference is an issue that the jury alone must decide. Expert testimony that concludes that deliberate indifference did exist is a legal conclusion, thus it is prohibited under federal law. Such testimony does not "assist" the jury. Rather, it substitutes, or attempts to substitute, the judgment of the expert for the judgment of the jury. Essentially, it usurps the jury's role of applying the law to the facts before it.

Therefore, expert opinions regarding whether or not Defendants acted with deliberate indifference should be excluded.

III. <u>CONCLUSION</u>

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, August 4, 2008.

        <u>/s/ Gregg M. Ushiroda</u>
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION