IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.　**BACKGROUND**

　　This case arises from an allegation by Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively "Plaintiffs"), that Bryan Wiles-Bond was intentionally discriminated against on the basis of his disability when the DOE allegedly failed to provide Bryan Wiles-Bond with the education and related services that he was purportedly entitled to as a disabled individual.

　　Bryan Wiles-Bond has been diagnosed with autism spectrum disorder. Bryan Wiles-Bond lived on the Big Island of Hawaii with Plaintiffs from 1999 until they moved to California in January, 2005. While living on the Big Island, Plaintiffs

enrolled Bryan Wiles-Bond in the Hawaii public school system. His Individualized Education Program ("IEP") required, among other services, one-on-one assistance from a trained aide or skills trainer during the entire school day, after school, and on weekends. Plaintiffs allege that the DOE failed to provide Bryan Wiles-Bond with the requisite number of skills trainer service hours, and that the skills trainers who were provided did not have certain qualifications.

William Beljean was a skills trainer who worked with Bryan Wiles-Bond. Mr. Beljean was employed by Child and Family Service, and worked with Bryan Wiles-Bond from June, 2003 until January, 2004.

Plaintiffs noticed Mr. Beljean's videotaped oral deposition for July 19, 2007. See Transcript of Videotaped Deposition of William Beljean on July 19, 2007 ("Beljean Depo"), attached hereto as Exhibit "A". During the deposition, Plaintiffs introduced Exhibits 2B and 2C which consist of a two-page facsimile dated July 21, 2003 from Mr. Beljean to Judy Radwick. See Exhibits 2B and 2C attached hereto as Exhibit "B" ("Beljean Fax"). In this facsimile, Mr. Beljean explains a situation that occurred over **twenty (20) years earlier** in May, 1983, when he urinated in the bushes at a rest area in Southampton, New York under the mistaken belief that he was alone. See Beljean Fax. Unfortunately, an officer appeared and

arrested Mr. Beljean for public lewdness.  <u>See</u> Beljean Fax. Although the judge suggested that Mr. Beljean fight the charge, Mr. Beljean pleaded guilty and paid the $150 fine.  <u>See</u> Beljean Fax.

Mr. Beljean's arrest and charge of public lewdness is entirely irrelevant to the issues in this case.  In fact, Plaintiffs did not even question Mr. Beljean about the charge at any time during his entire deposition.  <u>See</u> Beljean Depo. Plaintiffs, however, marked Mr. Beljean's facsimile statement as Exhibits 2B and 2C to the deposition, and have identified this two-page facsimile statement as an exhibit that they intend to rely upon at trial.

There is absolutely no reason for Plaintiffs to introduce Mr. Beljean's statement into evidence other than to unfairly harass and prejudice Mr. Beljean and the DOE. Mr. Beljean's charge of public lewdness is over twenty years old, and is wholly irrelevant to the claims and issues in this case. Given the utter lack of substantive value in Mr. Beljean's misdemeanor charge, Plaintiffs should be precluded from referring to, offering testimony on, or otherwise introducing evidence on Mr. Beljean's charge of public lewdness, or any event leading up to or otherwise related to it.

II. **ARGUMENT**

   A. **Evidence of Mr. Beljean's Public Lewdness Charge, Which Occurred Over 24 Years Ago, Should Be Excluded as Irrelevant to the Issues in this Case Pursuant to FRE 401 and 402**

   Mr. Beljean's public lewdness charge is irrelevant to the claims and issues in this case. "Relevant evidence" is defined by the Federal Rules of Evidence ("FRE") as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

   Mr. Beljean's twenty-year-old charge offers no support for "any fact that is of consequence to the determination of" this litigation. In this lawsuit, Plaintiffs have challenged the sufficiency of the number of skills trainer hours provided to their son, and the qualifications of some of the skills trainers. The fact that Mr. Beljean was charged with public lewdness over twenty years simply ago does not tend to prove whether the DOE provided the requisite number of hours of skills training to Bryan Wiles-Bond, or whether the skills trainers they had hired had the appropriate qualifications. Accordingly, any testimony or evidence related to the public lewdness charge should be excluded as irrelevant to any of the issues in this case.

Indeed, although Plaintiffs' counsel introduced Mr. Beljean's two-page facsimile statement as an exhibit to his deposition, they never even questioned Mr. Beljean about the incident at any point during the entire deposition.  See Beljean Depo.  Accordingly, even Plaintiffs do not appear to believe that the evidence is relevant or necessary to support any of their claims in this case.

A prior criminal charge is highly inflammatory and unfairly prejudicial to Mr. Beljean and to the DOE especially where, as here, it offers absolutely no substantive value to the issues and claims in this litigation.  Any evidence or testimony related to Mr. Beljean's charge should be excluded.

**B.   Mr. Beljean's Public Lewdness Charge is Inadmissible To Prove His Character Pursuant to FRE 404.**

Any effort by Plaintiffs to use Mr. Beljean's charge to show that he somehow had a propensity to provide poor service to Bryan as a skills trainer or that he was unqualified should be excluded by this Court pursuant to FRE Rule 404 which states, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

Fed. R. Evid. 404(b).

Evidence of other crimes, wrongs or acts would only be admissible to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

- 5 -

accident . . ." See Fed. R. Evid. 404(b). Mr. Beljean's prior charge for urinating in public would not tend to establish any of the above listed things. Accordingly, evidence of Mr. Beljean's charge of public lewdness is inadmissible to prove his character or to show that Mr. Beljean had the propensity to be an ineffective or unqualified skills trainer to Bryan.

    **C.    Even if the Evidence Regarding Mr. Beljean's Prior Misdemeanor Charge Were Marginally Relevant to the Issues in this Case, the Probative Value of Such Evidence Would be Substantially Outweighed by the <u>Danger of Unfair Prejudice and Confusion of the Issues</u>**

Even if this Court were inclined to find that Mr. Beljean's now 24-year-old charge of public lewdness was somehow marginally relevant to the issues in this case, the probative value of such evidence would be substantially outweighed by the danger of extreme prejudice to Mr. Beljean and to the DOE, as well as confusion of the issues by the jury. This Court should therefore exercise its discretion to exclude the evidence pursuant to FRE Rule 403.

FRE Rule 403 provides in relevant part that the Court has the discretion to exclude evidence, even if it were relevant, if the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. Evid. 403.

- 6 -

The dangers articulated in FRE 403 clearly exist here. As noted above, Plaintiffs' counsel never even questioned Mr. Beljean about his charge of public lewdness, and their failure to do so readily exhibits the utter lack of probative value in the charge. Moreover, there is no evidence whatsoever in this case that Mr. Beljean provided insufficient skills trainer services, or was unqualified to provide such services to Bryan. Accordingly, it would be highly prejudicial to the DOE to give Plaintiffs' counsel even the opportunity to introduce the irrelevant misdemeanor charge at trial since it is likely to distract the jury and influence them to somehow believe that the charge has some connection to either Mr. Beljean's qualifications, or to the services he provided to Bryan Wiles-Bond.

Plaintiffs plainly have no basis or evident need to rely upon any evidence relating to Mr. Beljean's charge of urinating on a bush at a public rest stop in 1983. Accordingly, Plaintiffs should be precluded from referring to, offering testimony on, or otherwise introducing evidence on the misdemeanor charge, or anything related thereto.

### III. CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion and preclude Plaintiffs from

referring to, discussing, mentioning or in any way suggesting or otherwise introducing any testimony and/or evidence regarding the charge of public lewdness against William Beljean.

DATED: Honolulu, Hawaii, August 4, 2008.

    /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION