CARL M. VARADY                    4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaiʻi  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
e-mail: carl@varadylaw.com
http://www.varadylaw.com

Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN                  1152-0
MICHAEL K. LIVINGSTON            4161-0
851 Fort Street, Suite 400
Honolulu, Hawaiʻi  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaiʻi,<br><br>          Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' PROPOSED JURY INSTRUCTIONS; AND CERTIFICATE OF SERVICE<br><br>TRIAL DATE:  September 9, 2008 |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiffs request the Court's standard jury instructions:   2A, 4A and 13A.

In addition to the above standard jury instructions, Plaintiffs submit the attached proposed additional instructions.

DATED:  Honolulu, Hawai'i, August 4, 2008.


/S/  STANLEY E. LEVIN
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

Section 504 of the Rehabilitation Act is a federal law that prohibits discrimination against people with disabilities in all programs or activities that receive federal funding, including local educational agencies.  Under Section 504, a person is considered to have a disability if that person:

1.    Has a physical impairment, which substantially limits one or more of that person's major life activities; OR

2.    Has a record of such an impairment; OR

3.    Is regarded as having such impairment.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

29 U.S.C. §§ 705(20) & 794; 34 C.F.R. §104.3(j)(1)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  2**

Under Section 504, "physical or mental impairment" means "any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities."

Under Section 504, "major life activities" means "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

Under Section 504, the term "local educational agency" means "a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State."

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn

29 U.S.C. §§ 705(20) & 794; 34 C.F.R. §104.3(j)(2); 20 U.S.C. § 7801(26)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  3

Section 504 of the Rehabilitation Act prohibits the DOE from discriminating in public education against disabled students like Bryan Wiles Bond.  Under Section 504, the DOE must make reasonable modifications needed for Bryan to enjoy meaningful access to public education.  Section 504 also prohibits the DOE from taking actions to exclude Bryan from or deny him the benefits of meaningful public education. Under Section 504, the DOE is liable if it acted with deliberate indifference toward Bryan Wiles Bond by failing to provide him meaningful access to public education, or if it took actions that excluded him from or denied him the benefits of meaningful public education in Hawaii.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

*Mark H. v. Lemahieu,* 513 F.3d 922, 937 (9th Cir. 2008); *Lovell v. Chandler*, 303 F.3d 1039, 1054-57 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135-36 (9th Cir. 2001); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *Alexander v. Choate,* 469 U.S. 287,  302 (1985). 29 U.S.C. § 794(a).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

Under Section 504, the DOE has acted with "deliberate indifference" if the DOE knew of Bryan Wiles Bond's special education needs and did not supply the services that would permit him to enjoy meaningful public education. Under Section 504, the DOE has acted with "deliberate indifference" if the DOE knew of Bryan Wiles Bond's special education needs, but did not provide him the services that addressed those needs and, as a result, Bryan was excluded from or denied the benefits of meaningful public education.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

*Mark H. v. Lemahieu,* 513 F.3d 922, 938 (9th Cir. 2008)(a public entity is liable for damages under Section 504 if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons); *Mark H. v. Lemahieu,* 513 F.3d 922, 937 (9th Cir. 2008)( The text of § 504 prohibits not only "discrimination" against the disabled, but also "exclu[sion] from . . . participation in" and "deni[al] [of] the benefits of" state programs solely by reason of a disability.); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(deliberate indifference means knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood)  The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." 260 F.3d at 1138-39*, citing Wong v. Regents of University of California,* 192 F.3d 807, 818 (9th Cir. 1999).  29 U.S.C. § 794(a).

2

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  5

"Deliberate indifference" means the DOE knew that harm to Bryan's federally protected rights was substantially likely, and failed to avoid that harm.  In this case, the federally protected rights were Bryan Wiles Bond's right to meaningful public education and his right not to be excluded from or denied the benefits of meaningful public education. "Deliberate indifference" does not require Plaintiffs to prove the DOE acted with intent to harm Bryan Wiles Bond or with bad faith.


\_\_\_\_\_          Given by agreement

\_\_\_\_\_          Given over objection

\_\_\_\_\_          Modified and given by agreement

\_\_\_\_\_          Modified and given over objection

\_\_\_\_\_          Withdrawn

*Mark H. v. Lemahieu,* 513 F.3d 922, 937 (9th Cir. 2008)( The text of § 504 prohibits not only "discrimination" against the disabled, but also "exclu[sion] from . . . participation in" and "deni[al] [of] the benefits of" state programs solely by reason of a disability.); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(deliberate indifference means knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood) A school district cannot discharge its legal duty to "act", by merely proffering just any accommodation. 260 F.3d at 1138-39.  The school district must consider the individual's particular needs when investigating what accommodations are reasonable in light of the child's needs. *Id.* 29 U.S.C. § 794(a).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6**

Difficulty in procuring or providing the services that Bryan needed to receive meaningful public education is not a defense for the DOE. Difficulty in procuring or providing the services that Bryan needed so that he would not be excluded from or denied the benefits of meaningful public education is not a defense for the DOE. The DOE cannot discharge its legal duty to provide services by merely offering just any accommodation.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(deliberate indifference means knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood) A school district cannot discharge its legal duty to "act", by merely proffering just any accommodation. 260 F.3d at 1138-39. The school district must consider the individual's particular needs when investigating what accommodations are reasonable in light of the child's needs. *Id.*; 29 U.S.C. § 794(a).

4

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

The DOE knew that harm to a federally protected right was substantially likely if it had notice that an accommodation was needed to address Bryan Wiles Bond's disability.

The DOE cannot discharge its duty to act by offering just any accommodation to Bryan: it must consider his particular needs when it determines what reasonable accommodations were needed to provide him access to meaningful public education and to assure he would not be excluded from or denied the benefits of meaningful public education.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

*Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001)(deliberate indifference means knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood). A school district cannot discharge its legal duty to act, by merely proffering just any accommodation. 260 F.3d at 1138-39. The school district must consider the individual's particular needs when investigating what accommodations are reasonable in light of the child's needs. *Id.* 29 U.S.C. § 794(a).

5

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  8**

If the DOE knew of Bryan Wiles Bond's needs and did not provide the appropriate services he needed to receive meaningful public education or to assure he would not be excluded from or denied the benefits of meaningful public education, the DOE's conduct constitutes "deliberate indifference" for which the DOE is liable under Section 504 whether or not the DOE acted in "good faith."


_____  Given by agreement

_____  Given over objection

_____  Modified and given by agreement

_____  Modified and given over objection

_____  Withdrawn


*Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008); *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9

The DOE cannot excuse its knowing failure to provide appropriate special education and related services to Bryan Wiles Bond based on cost. Cost of services is not a defense in this case.

_____        Given by agreement

_____        Given over objection

_____        Modified and given by agreement

_____        Modified and given over objection

_____        Withdrawn

*Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002); *Kruelle v. New Castle County School Dist.*, 642 F.2d 687, 695 (3rd Cir. 1981):*U.S. v. State of Hawai'i*, 885 F. Supp. 212, 215 (1995)(federal courts have repeatedly held that financial constraints do not allow states to deprive persons of their constitutional and civil rights).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  10

Section 504 **prohibits DOE from retaliating against any person who** has opposed any act or practice that he or she reasonably believes to be unlawful under Section 504, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Section 504.    Ann Kimball Wiles and Stanley Bond are protected against retaliation even though they are not disabled.

\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn

Ninth Circuit Model Rule 12.10 [as modified].

S*ettlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004); *Weixel v. Bd. of Educ. of N.Y.,* 287 F.3d 138 (2d Cir. 2002); *Weber v. Cranston Sch. Comm.,* 212 F.3d 41 (1st Cir. 2000);  *K.S. v. Fremont Unified Sch. Dist.,* 2007 U.S. Dist. LEXIS 24860 (D. Cal. 2007); *Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp. 2d 262, 276-277 (D. Pa. 2006) *citing, Child v. San Bernardino Unified Sch. Dist*., 35 Fed. Appx. 521(9th Cir. 2002) (ADA and Section 504);  *Alex G. v. Bd. of Trs.,* 387 F. Supp. 2d 1119 (D. Cal. 2005); *Whitehead v. School Board of Hillsborough County*, 918 F. Supp. 1515 (M.D. FL 1996), (Section 504); *Sturm v. Rocky Hill Bd of Ed,* 2005 U.S. Dist. LEXIS 4954 (D. Conn. Mar. 29, 2005) (Section 504). See 28 C.F.R. § 42.503(b)(1)(vii)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

For Plaintiff Ann Kimball Wiles or Plaintiff Stanley Bond to establish she or he was subjected to retaliation in violation of the Section 504, she or he must prove the following elements by a preponderance of evidence:

1.     She or he engaged in conduct protected under Section 504;

2.     She or he was subjected to an adverse action at the time, or after, the protected conduct occurred;

3.     There was a causal link between the protected activity and the adverse action—that is the retaliation was in response to the protected activity; and

4.     The protected activity was a motivating factor in the adverse action.

If you find that each of the elements on which a plaintiff has the burden of proof has been proved, your verdict should be for that plaintiff. If, on the other hand, a plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn

Ninth Circuit Model Rules, Chapter 12, Introductory Comment & Instruction No. 12.10 [as modified].

The element of causation has been thoroughly addressed in *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1063–66 (9th Cir.2005). In essence, *Head* clarified several questions. First, *Head* observed that the ADA's "because of" language does not require a showing that a disability (or a reasonable request for accommodation) was the sole cause for an adverse employment action. Second, *Head* heavily relied on the Title VII case of *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856–57 (9th Cir.2002), *aff'd*, 539 U.S. 90 (2003) in setting forth an analytical approach on how to instruct a jury on the subject of causation:

> The *Costa* court laid out two alternatives for the trial judge. This approach reflects the fact that although the statute uses "because of" language, the ADA plaintiff need not show more than that impermissible motives were a "motivating factor" in any adverse action. The approach also reflects the fact that the evidence in a particular case may not suggest more than one possible reason for the challenged action.
>
> Under the first alternative in *Costa*, if the judge determines that the only reasonable conclusion the jury could reach is that discriminatory animus is the sole reason for the challenged action or that discrimination played no role in the decision, the jury should be instructed to determine whether the challenged action was taken "because of" the prohibited reason.
>
> The second alternative applies in a case in which the evidence could support a finding that discrimination is one of two or more reasons for the challenged decision, at least one of which may be legitimate. In that case the jury should be instructed to determine whether the discriminatory reason was a "motivating factor" in the challenged action.

*Head*, 413 F.3d at 1065–66; *accord, Dark v. Curry County*, 451 F.3d 1078, 1084–85 (9th Cir.2006), *cert. denied*, 127 S. Ct. 1252 (2007).

*See,* S*ettlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004); *Weixel v. Bd. of Educ. of N.Y.,* 287 F.3d 138 (2d Cir. 2002); *Weber v. Cranston Sch. Comm.,* 212 F.3d 41 (1st Cir. 2000); *K.S. v. Fremont Unified Sch. Dist.,* 2007 U.S. Dist. LEXIS 24860 (D. Cal. 2007); *Hesling v. Avon Grove Sch. Dist*., 428 F. Supp. 2d 262, 276-277 (D. Pa. 2006) *citing, Child v. San Bernardino Unified Sch. Dist*., 35 Fed. Appx. 521(9th Cir. 2002) (ADA and Section 504); *Alex G. v. Bd. of Trs.,*

387 F. Supp. 2d 1119 (D. Cal. 2005); *Whitehead v. School Board of Hillsborough County*, 918 F. Supp. 1515 (M.D. FL 1996), (Section 504); *Sturm v. Rocky Hill Bd of Ed,* 2005 U.S. Dist. LEXIS 4954 (D. Conn. Mar. 29, 2005) (Section 504). *See* 28 C.F.R. § 42.503(b)(1)(vii)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  12**

If you find for any of the Plaintiffs, then you must provide a sum that justly and fairly measures the amount of the losses to that Plaintiff as the result of the DOE's actions.


_____          Given by agreement

_____          Given over objection

_____          Modified and given by agreement

_____          Modified and given over objection

_____          Withdrawn

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  13**

Special damages for Bryan Wiles Bond are all losses arising from his need for additional services that occurred as a result DOE's deliberate indifference. Special damages for Bryan may include, but are not limited to, the cost of additional special education, medical care, mental health care, vocational training, speech therapy, occupational therapy, other treatment and or housing.

Special damages for Bryan's parents may include lost income and other economic losses that resulted from the DOE's deliberate indifference.


\_\_\_\_\_        Given by agreement

\_\_\_\_\_        Given over objection

\_\_\_\_\_        Modified and given by agreement

\_\_\_\_\_        Modified and given over objection

\_\_\_\_\_        Withdrawn

13

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  14**

In awarding special damages for future losses or expenses you must exclude expenses that the Plaintiffs would have incurred without the DOE's deliberate indifference.


_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

14

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15**

General damages are those damages that fairly and adequately compensate Plaintiff(s) for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the DOE's deliberate indifference.

General damages include fair and just compensation for any physical pain and suffering, humiliation, inconvenience, emotional anguish that the Plaintiffs experienced as a result of the DOE actions. No evidence of monetary value of such intangible factors as pain and suffering needs to be provided by Plaintiffs;

In deciding on the measure of the losses and harm inflicted, you should be guided by your dispassionate common sense, personal experience and your sound discretion by measuring the amount against your drawing all reasonable inferences from the facts as found by you.

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO.  16

Under Section 504, Bryan's parents have the legal authority to bring this suit on Bryan's behalf and on their own behalf.  If you conclude that the DOE acted with deliberate indifference toward their son Bryan, you must find that Bryan's parents' rights also have been violated and determine an appropriate amount of special and general damages that justly and fairly compensates them for the harm and losses caused by the DOE's deliberate indifference.

_____    Given by agreement

_____    Given over objection

_____    Modified and given by agreement

_____    Modified and given over objection

_____    Withdrawn

[This is a previously adjudicated claim, submitted for consideration by the jury on liability only, to avoid retrial on that claim in the event of appeal and reversal of the Court's prior ruling denying the claim.]

Section 504's remedial provision states: The remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.] shall be available to <u>any person aggrieved by any act or failure to act</u> by any recipient of Federal assistance or Federal provider of such assistance under section 794 of [the Rehabilitation Act].29 U.S.C. § 794a(a)(2)29 U.S.C. § 794a(a)(2).  The "any person aggrieved" language brings non-disabled individuals like the parents in this case within the zone of interests of the Rehabilitation Act's remedial provision. S*ee Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1115 (9th Cir. 1987); *Patricia N. v. LeMahieu,* 141 F. Supp. 2d 1243 (D. Haw. 2001) (holding that the "aggrieved by" language of 29 U.S.C. § 794a(a)(2) gave parents of autistic child a cause of action under section 504 of the Rehabilitation Act).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17**

When you review the evidence in this case, you must treat evidence presented by the DOE and its witnesses the same as the evidence presented by Plaintiffs. The evidence presented by the DOE is not entitled to any special consideration and must not be given any special weight or viewed more favorably than the evidence presented by Plaintiffs and their witnesses.

_____     Given by agreement

_____     Given over objection

_____     Modified and given by agreement

_____     Modified and given over objection

_____     Withdrawn