IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>        Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

## I.    INTRODUCTION

The DOE hereby submits this Memorandum in support of its Motion in Limine to Exclude All Evidence of: (1) "Decision and Order" Dated May 21, 2001; and (2) Alleged IDEA and Section 504 Violations by Defendants on or Before July 1, 2002.

The DOE seeks to exclude evidence regarding issues that were fully and finally resolved by that certain "Release and Settlement Agreement" entered into on July 1, 2002 (the "2002 Settlement Agreement") by and between Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively "Plaintiffs"), DOE, and the Department of Health of the State of Hawaii ("DOH"). The 2002 Settlement Agreement resolved all claims by Plaintiffs

regarding alleged breaches of the "Decision and Order" dated May 21, 2001 (the "2001 Order") and other alleged violations by the DOE of the Individuals with Disabilities Education Act ("IDEA") and the Rehabilitation Act of 1973 ("Section 504") that purportedly occurred on or before July 1, 2002 ("Pre-Settlement Conduct"). Despite this resolution, the DOE expects that Plaintiffs will attempt to introduce evidence at trial of the 2001 Order and Pre-Settlement Conduct. The introduction of such evidence would be entirely improper and highly prejudicial to the DOE.

II.   **STATEMENT OF FACTS**

Plaintiffs are the parents of Bryan Wiles-Bond, an autistic child. Bryan Wiles-Bond attended public school in the State of Hawaii from 1999 until 2004.

On February 27, 2001, Plaintiffs requested a hearing regarding the DOE's alleged failure to follow and implement the Individualized Education Program dated January 29, 2001 and the Coordinated Service Plan dated October 17, 2000 for Bryan Wiles-Bond. During the hearing on May 7, 2001, Plaintiffs and DOE reached a stipulated agreement, which was memorialized in a "Decision and Order" issued by the Hearing Officer on May 21, 2001 (the "2001 Order"). The 2001 Order established a number of requirements regarding services to be provided to Bryan Wiles-Bond. A true and correct copy of the 2001 Order is attached as

Exhibit "A" to Declaration of Gregg M. Ushiroda (the "Ushiroda Declaration").

On February 15, 2002, Plaintiffs initiated a lawsuit against DOE and DOH: (1) asserting IDEA and Section 504 claims; and (2) alleging breaches of the 2001 Order. Plaintiffs' lawsuit was fully and finally resolved on July 1, 2002 when Plaintiffs, DOE, and DOH entered into the 2002 Settlement Agreement. A true and correct copy of the 2002 Settlement Agreement is attached as Exhibit "B" to the Ushiroda Declaration.

Recitals B and D of the 2002 Settlement Agreement expressly reference the 2001 Order and Plaintiffs' February 15, 2002 lawsuit. Recital F goes on to state as follows:

> The parties hereto desire to enter into this Agreement in order to provide for the full and final settlement and discharge of all claims which have been made, or might be made, by reason of the claims described in the Recitals above, upon the terms and conditions set forth below.

Exhibit "B" at 2.

Section 3 of the 2002 Settlement Agreement states as follows:

> In consideration of the provisions set forth above, the Bonds hereby completely waive, and release, and forever discharge the State from any and all past, present, or future claims or demands, obligations, actions, causes of actions [sic], rights, damages, costs, expenses, attorneys fees, and any compensation of any nature whatsoever, arising out of the claims described in the Recitals above.

- 3 -

Exhibit "B" at 9.

Subsequent to entering into the 2002 Settlement Agreement, Plaintiffs initiated this consolidated action: (1) asserting IDEA and Section 504 claims; and (2) alleging breaches of the 2002 Settlement Agreement.

## III. ARGUMENT

The DOE expects that Plaintiffs will attempt to introduce evidence at trial regarding the 2001 Order and Pre-Settlement Conduct. Such evidence must be excluded because it is irrelevant to the instant lawsuit and highly prejudicial.

Before considering the applicable evidentiary rules, it is necessary to clearly identify Plaintiffs' claims herein. As is readily apparent from Recitals B, D, and F of the 2002 Settlement Agreement, that document was intended to resolve all of Plaintiffs' IDEA and Section 504 claims that were in existence as of July 1, 2002, including claims regarding alleged violations of the 2001 Order. There is no question that the 2002 Settlement Agreement was properly entered into by the parties and is binding and enforceable. As a result, Plaintiffs can only have two types of claims in this lawsuit: (1) claims for alleged breaches of the 2002 Settlement Agreement; and (2) IDEA and Section 504 claims for alleged misconduct that purportedly occurred **after July 1, 2002**.

      A.    **Evidence Regarding the 2001 Order and Pre-Settlement Conduct is Irrelevant to Plaintiffs'**

**Claims in This Lawsuit and Must be Excluded Under**
**Rule 402 of the Federal Rules of Evidence**

Rule 401 of the Federal Rules of Evidence defines

"relevant evidence" as follows:

> "Relevant evidence" means evidence having any
> tendency to make the existence of any fact
> that is of consequence to the determination
> of the action more probable or less probable
> than it would be without the evidence.

Fed. R. Evid. 401 (2007).

Rule 402 of the Federal Rules of Evidence explains the

relationship between relevance and admissibility as follows:

> All relevant evidence is admissible, except
> as otherwise provided by the Constitution of
> the United States, by Act of Congress, by
> these rules, or by other rules prescribed by
> the Supreme Court pursuant to statutory
> authority.  Evidence which is not relevant is
> not admissible.

Fed. R. Evid. 402 (2007).

Evidence regarding the 2001 Order and the Pre-

Settlement Conduct is irrelevant to both categories of claims

asserted by Plaintiffs in this lawsuit.  With regard to claims

for alleged breaches of the 2002 Settlement Agreement, all

relevant evidence falls into two categories: (1) evidence related

to the terms of the 2002 Settlement Agreement; and (2) evidence

related to alleged breaches of the 2002 Settlement Agreement.

Evidence regarding the 2001 Order and the Pre-Settlement Conduct

does not fall into either of these categories and is therefore

irrelevant under Rule 401 of the Federal Rules of Evidence and is

inadmissible under Rule 402 of the Federal Rules of Evidence.

Evidence regarding the 2001 Order and the

Pre-Settlement Conduct is also irrelevant to Plaintiffs' IDEA and

Section 504 claims for alleged misconduct that purportedly

occurred after July 1, 2002.  There is absolutely no logical

connection between such evidence and alleged post-July 1, 2002

misconduct by the DOE.  Proof of post-July 1, 2002 IDEA and

Section 504 claims requires evidence of post-July 1, 2002

misconduct by the DOE.  Because evidence regarding the 2001 Order

and the Pre-Settlement Conduct does not satisfy this criteria,

such evidence irrelevant and must be excluded.

**B.    Even if Evidence Regarding the 2001 Order and
Alleged Violations of Federal Law on or Before
July 1, 2002 is Somehow Relevant, Such Evidence is
Highly Prejudicial and Must be Excluded Under
Rule 403**

Even if evidence regarding the 2001 Order and the

Pre-Settlement Conduct is somehow found to be relevant, Rule 403

of the Federal Rules of Evidence still requires the exclusion of

such evidence due to the substantial prejudice to the DOE.

Rule 403 of the Federal Rules of Evidence states as

follows:

> Although relevant, evidence may be excluded
> if its probative value is substantially
> outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the
> jury, or by considerations of undue delay,

                    waste of time, or needless presentation of
                    cumulative evidence.

Fed. R. Evid. 403 (2007).

        The obvious purpose of the 2002 Settlement Agreement was to fully and finally resolve all of Plaintiffs' IDEA and Section 504 claims that were in existence as of July 1, 2002. Plaintiffs agreed to accept the benefits conveyed by the 2002 Settlement Agreement in full satisfaction of their then-existing claims. Plaintiffs are not entitled to any additional compensation or recovery for the claims resolved by the 2002 Settlement Agreement.

        If Plaintiffs are allowed to present evidence regarding the 2001 Order and the Pre-Settlement Conduct, there is a possibility that, to the extent Plaintiffs are awarded anything, such an award could include compensation or recovery for alleged IDEA and Section 504 violations that purportedly occurred **before July 1, 2002**. In that situation, Plaintiffs would improperly receive additional compensation or recovery for the claims that were resolved by the 2002 Settlement Agreement. Such a result would be highly prejudicial and unfair to the DOE. The only way to guard against such a result is to entirely exclude evidence regarding the 2001 Order and the Pre-Settlement Conduct. Balanced against this prejudice is the fact that evidence regarding the 2001 Order and the Pre-Settlement Conduct has essentially no probative value. Allegedly improper conduct by

the DOE after July 1, 2002 has no logical connection to allegedly improper conduct on or before July 1, 2002.  Because the prejudice so greatly outweighs the non-existent probative value, Rule 403 of the Federal Rules of Evidence requires the exclusion of all evidence regarding the 2001 Order and the Pre-Settlement Conduct.

## IV.   CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, August 4, 2008.

 /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION