BEFORE DEPARTMENT OF EDUCATION

CHAPTER 36 HEARING OFFICER

|  |  |
|---|---|
| In the Matter of the Arbitration Between ) ) ) ) ) Student, ) and ) ) STATE OF HAWAII DEPARTMENT ) OF EDUCATION, ) ) Respondent. ) | Decision and Order |

## Background

This case involves a dispute over the failure to provide educational services for a 9-year old male student, who will be referred to as "S", under the Individuals with Disabilities Education Act, 20 U.S.C. 1415(e) and Chapter 56 of the Hawaii Administrative Rules.

The request for a hearing was submitted to Respondent, the Department of Education of the State of Hawaii, by Petitioners on February 27, 2001 and received by Respondent on March 2, 2001. On March 9, 2001, this Hearing Officer was assigned to conduct an impartial hearing.

On March 28, 2001, a pre-hearing conference was held and the hearing was scheduled to begin on April 9, 2001. There were



EXHIBIT "A"

several continuances of the hearing date by agreement, with the hearing being held on Monday, May 7, 2001.

The May 7, 2001 hearing was held by telephone conference; Petitioners were not present, but were represented by the counsel, Shelby Anne Floyd, Esq.; Respondent was represented by Pamela A. Toguchi, Deputy Attorney General. Judith Radwick, the Hawaii District Educational Specialist for the Department of Education, was also present.

Issue

At issue was the failure of Respondent to follow and implement the Individualized Education Program ("IEP") dated January 29, 2001 and the Coordinated Service Plan ("CSP") dated October 17, 2000, for S. In part, the plans recommended that services be provided to S including, but not limited to, the following techniques for use with autistic children: (1) Treatment and Education of Autistic and related Communication Handicapped CHildren (TEACCH), Discrete Trial Training (DTT), and Picture Exchange Communication System (PECS).

Findings and Order

At the May 7, 2001 hearing, the parties, through their respective representatives, stipulated and IT IS SO ORDERED as follows:

1. The IEP dated January 29, 2001 and the CSP dated October 17, 2000, for S, shall be followed.

2. Notwithstanding any other provision in the IEP or CSP, the Department of Education and/or the Department of Health, State of Hawaii, shall hire and train an adult educational aide for S no later than May 21, 2001. The training for the adult educational aide shall include instruction in the TEACCH, DTT, and PECS methods for behavioral management and educational instruction. Dr. Jana Ortiz, Ms. Kim Smalley, or someone with similar qualifications and/or experience, shall provide the training for the adult educational aide.

3. The adult educational aide shall provide services to S during the normal school hours. Beginning May 31, 2001, the adult educational aide shall also provide after school services to S from 4:00 p.m. to 7:00 p.m. on all regular school days. The adult educational aide shall provide the services on a consistent basis with the goal of completing all tasks and documentation required by the TEACCH, DTT, and PECS methods of behavioral management and educational instruction. However, the failure to complete the trials and documentation required by TEACCH, DTT, and/or PECS on a particular day due to cancellation of session by parents, absences, illnesses or reasons beyond control shall not be

considered a breach of Respondent's obligation under this Decision and Order.

4. The Department of Education and/or Department of Health shall provide an adult educational aide described above for S using the TEACCH, DTT, and PECS methods for behavioral management and educational instruction until October 1, 2001. For each day that an after school educational aide is not provided for S after May 21, 2001, the Department of Education and/or Department of Health shall be obligated to make up those days beginning after October 1, 2001.

5. In the event the adult educational aide does not complete his/her services for S during the time periods set forth herein, for any reasons whatsoever, the Department of Education and/or the Department of Health shall locate, secure and have in place a suitable replacement within two weeks from the date of the termination.

6. In addition to the TEACCH, DTT, and PECS methods, the Department of Education and the Department of Health shall be allowed to continue to use or implement any other methodology or services that they may deem appropriate for S.

7. Petitioners and Respondent agreed that Petitioners shall be entitled to reasonable fees and costs in this matter. In

the event the parties cannot agree on the amount, either party may apply to a court of competent jurisdiction for relief.

<u>Notice of Appeal Rights</u>

This Decision and Order shall be binding on all parties to this hearing and is the final administrative decision. Either party aggrieved by the findings and decision has the right to appeal this decision to a court of competent jurisdiction. The appeal must be made within 30 days after receipt of this decision.

DATED: Honolulu, Hawaii, May 21, 2001.

_____
RICHARD C.F. CHUN
Hearing Officer