CARL M. VARADY                         4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i   96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                       1152-0
MICHAEL K. LIVINGSTON                  4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i   96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM<br><br>TRIAL DATE:  September 9, 2008<br>JUDGE: Honorable Alan C. Kay |

PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM

The jury must answer all the questions, unless otherwise indicated. To understand what issues are being submitted to you, you may wish to read over the entire Special Verdict Form before proceeding to answer. Answer each question in numerical order. Follow all directions carefully. You all must agree on each answer that you enter on the Special Verdict Form. If you do not understand the question or if you wish to communicate with the Court on any other subject, you must do so in writing through the Courtroom Manager.

1. Have the Plaintiffs proved by a preponderance of the evidence that, because of his disability, Bryan Wiles Bond needed reasonable accommodations, in the form of special education and related services, to receive meaningful access to public education, or to assure he would not be excluded Bryan from or denied him the benefits of meaningful public education?

   Yes _____   No _____

   If your answer to the question 1 is "no," go to question 8 below. If your answer to question 1 is "yes," go to question 2.

2. Have the Plaintiffs proved by a preponderance of the evidence that one or more employees of the DOE knew what special education and related services Bryan Wiles Bond needed to receive meaningful access to public education or to prevent him from being excluded Bryan from or denied him the benefits of meaningful public education?

Yes _____   No _____

If your answer to the question 2 is "no," go to question 8 below.  If your answer to question 2 is "yes," go to question 3.

3. Have the Plaintiffs proved by a preponderance of the evidence that one or more employees of the DOE who knew what special education and related services Bryan Wiles Bond needed to receive meaningful access to public education, or to prevent him from being excluded from or denied him the benefits of meaningful public education, failed to provide such services to Bryan?

Yes _____   No _____

If your answer to the question 3 is "no," go to question 8 below.  If your answer to question 3 is "yes," go to question 4.

4. Have the Plaintiffs proved by a preponderance of the evidence that the deliberate indifference of one or more employees of the Defendant Department of Education toward Bryan Wiles Bond was a legal cause of damages to him?

Yes _____   No _____

If your answer to the question 4 is "no," go to question 8 below. If your answer to question 4 is "yes," go to question 5.

5. Enter the amount of damages that Bryan Wiles Bond should recover from the Defendant Department of Education as a result of the deliberate indifference of one or more of its employees:

Special Damages:  $_____

General Damages:  $_____

6. Enter the amount of special damages that Ann Kimball Wiles should recover from the Defendant Department of Education as a result of the deliberate indifference of one or more its employees toward Bryan Wiles Bond.

Special Damages:  $_____

4

7. Enter the amount of special damages that Stanley Bond should recover from the Defendant Department of Education as a result of the deliberate indifference of one or more its employees toward Bryan Wiles Bond.

   Special Damages: $_____

8. Has Ann Kimball Wiles proved by a preponderance of the evidence that retaliation was a motivating factor in the actions taking by Defendant Department of Education in response to her advocacy on behalf of her son, Bryan Wiles Bond?

   Yes _____   No _____

   If your answer to the question 8 is "no," go to question 11. If your answer to question 8 is "yes," go to question 9.

9. Has Ann Kimball Wiles proved by a preponderance of the evidence that the retaliation against her by the Defendant Department of Education was a legal cause of damages to her?

   Yes _____   No _____

   If your answer to the question 9 is "no," go to question 11. If your answer to question 9 is "yes," go to question 10.

10. Enter the amount of general damages that Ann Kimball Wiles should recover as a result of the Defendant Department of Education's retaliation against her.

General Damages: $_____

11. Has Stanley Bond proved by a preponderance of the evidence that retaliation was a motivating factor in the actions taking by Defendant Department of Education for his advocacy on behalf of his son, Bryan Wiles Bond?

Yes _____   No _____

If your answer to the question 11 is "no," sign and date the form below.  If your answer to question 11 is "yes," go to question 12.

12. Has Stanley Bond proved by a preponderance of the evidence that the retaliation against him by the Defendant Department of Education was a legal cause of damages to him?

Yes _____   No _____

If your answer to the question 12 is "no," sign and date the form below.  If your answer to question 12 is "yes," go to question 13.

13. Enter the amount of general damages that Stanley Bond should recover as a result of the Defendant Department of Education's retaliation against him.

General Damages: $_____

Please sign and date this form below.

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____          _____
DATED                                    SIGNATURE

_____  _____
DATED                           SIGNATURE

_____  _____
DATED                           SIGNATURE

_____  _____
DATED                           SIGNATURE

_____  _____
DATED                           SIGNATURE