IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>　　　　Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

### MEMORANDUM IN SUPPORT OF MOTION

I.  **INTRODUCTION**

　　　　In this motion in limine, the DOE respectfully requests that this Court issue an order excluding duplicative evidence and witnesses, specifically but not limited to the expert testimony offered by Plaintiffs in the instant case. Plaintiffs seek to have two duplicate, liability and damages experts, testify as to the same subject areas concerning Bryan Wiles-Bond. Such an exercise is a waste of this Court's time and resources. Plaintiffs should be precluded from presenting duplicate witnesses on the same subject matter, therefore, Plaintiffs must be forced to utilize only one liability and damages expert; they

should be forced to choose between Dr. LeGoff or Dr. Freeman and cannot have both.

## II. ARGUMENT

### A. EVIDENTIARY STANDARDS

Federal Rules of Evidence (FRE) Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. Rule 401 (2006). Irrelevant evidence must be excluded under FRE Rule 402.

Even where relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or **needless presentation of cumulative evidence**."  Haw. R. Evid. Rule 403 (2000) (emphasis added).

### B. DR. LEGOFF'S TESTIMONY ON LIABILITY AND DAMAGES IS CUMULATIVE OF DR. FREEMAN'S TESTIMONY

In the instant case, Plaintiffs also seek to introduce testimony from two different expert psychologists with respect to liability and damages.  See Plaintiffs' Pretrial Amended Statement filed October 22, 2007, pages 14-15 attached hereto as Exhibit "A".  Specifically, Plaintiffs list Dr. LeGoff and Dr. Freeman as liability and damages experts.  A careful review

of their respective curricula vitae indicate that both posses educational qualifications and experience which are in the same area of practice, clinical and forensic psychology, with a focus on impaired children such as Bryan Wiles-Bond.  Dr. LeGoff's CV is attached hereto as Exhibit "B".  Dr. Freeman's CV is attached hereto as Exhibit "C".

The DOE moves to exclude Dr. LeGoff's cumulative expert testimony proffered by Plaintiffs as to liability and damages, as such redundant evidence will cause undue delay at trial.

For each of these retained experts, Plaintiffs represent that each one "will provide expert testimony regarding all issues of liability and damages," and "will describe the relevant experts, causation and damages."  See Exhibit "A".  Significantly, and as stated above, Dr. LeGoff and Dr. Freeman claim expertise in fields that overlap and are identical.

While Plaintiffs are entitled to present admissible evidence with respect to the areas of liability and damages, Plaintiffs should not be allowed to present duplicative evidence that merely serves to bolster their case and to cause undue delay.  Rule 403, F.R.E.  Plaintiffs' objectives may be reached - without confusion and cumulative delay - by limiting the testimony of these experts only to those areas in which they provided opinions focused on different areas and elements in support of Plaintiffs' case.

In particular, Plaintiffs must select one of their two psychologists, either Dr. LeGoff or Dr. Freeman. It is clearly improper to use as liability witnesses two experts in the same area of expertise, especially in light of Dr. LeGoff's own admission that his testimony is cumulative of Dr. Freeman's. Specifically, Dr. LeGoff testified as follows:

By Mr. Ushiroda:

Q. Okay. At that time, was Ms. Freeman retained for this case, if you know?

A. Yes. I think she had been contacted by Mr. Levin's firm to evaluate Bryan.

Q. Okay. Do you have an understanding of what Dr. Freeman's role is in this case?

A. **Frankly, I thought she was quite redundant with my role. And I think she's probably a better qualified expert than I am. I actually tried to defer having further opinions in the case or having more involvement in the case to Dr. Freeman.**

Q. So you're saying that what Dr. Freeman was asked to do is kind of redundant because you've already done it?

A. **Yes. Although, she probably did a better job.**

Deposition of Dr. LeGoff taken August 23, 2007 at 123:7-23 (emphasis added) attached hereto as Exhibit "D".

Even Dr. Freeman admits that her role significantly "overlapped" with that of Dr. LeGoff.  Specifically Dr. Freeman testified as follows:

(By Mr. Ushiroda)

Q. Did you review Dr. LeGoff's reports?

A. Yes, I did.

Q. Did you rely on any portion of his report to form any of your opinions?

A. Well, I tend to form independent opinions, **but I happen to agree with a lot of his report.  And he found the same things I did, and there seemed to be agreement between us about what was going to happen with Bryan, what his outcome would be.  I might disagree with him on whether or not Bryan is going to need residential placement.  Maybe, I don't know.**

Deposition of Betty Jo Freeman, Ph.D. taken September 24, 2007 at 96:22-25; 97:1-7 (emphasis added), attached hereto as Exhibit "E".

Dr. Freeman also testified:

Q. Do you have an understanding of what Dr. LeGoff's role is in this case?

A. **Similar to mine.**  I think Dr. LeGoff was doing assessments and –

Q. What you did?

A. Well, but he had seen Bryan previously; so his role was o sort of make what I call a movie of Bryan, where he sees him over time. My role was to come in and say, from my opinion, in my experience with children with autism, because – I understand I might be a little older than Dr. LeGoff, but I'm not positive – but I've been doing this for a

>              long time.  From my point of view, in terms
>              of whatever my expertise is, how did I see
>              this in terms of whatever my expertise is,
>              how did I see this.
>              But clearly there was a lot of overlap in
>              what we did.
>
> Q.     I'm just trying to understand your role -
>
> A.     That's how I understand it.
>
> Q.     I, basically, see you both doing the same
>        thing?
>
> A.     **In a lot of ways, we did.**

Id. at 164:11-25; 165:1-5 (emphasis added).

In the instant case, it is clear that the overlap between Dr. LeGoff and Dr. Freeman is manifest and warrants exclusion of one or the other.  Plaintiffs must chose a witness, as to allow both experts to testify on what is an admitted and agreed upon overlap would unduly prejudice the DOE, and more importantly lay waste to this Honorable Court's valuable trial time and resources.

C.   **APPLICATION OF EVIDENTIARY STANDARDS**

The trial court has discretion to include or exclude evidence due to unfair prejudice or because it was a needless presentation of cumulative evidence.  See generally U.S. v. Rewald, 889 F.2d 836, 852 (9th Cir. 1989); State v. Klafta 73 Haw. 109, 831 P.2d 512 (Hawaii 1992); See also 75 AM JR. 2D TRIAL SEC. 341 and 342 (1991), citing Liddell v. Missouri, 731 F.2d 1294 (C.A. Mo. 1984)(citations omitted)(trial court's discretion

is frequently exercised to limit the number of expert witnesses) and <u>Maler v. Geraldi</u>, 502 So 2d. 973 (Fla. Dist. Ct. App. 1987) (citations omitted) (court may limit the number of expert witnesses to one expert per discipline or field of board certified expertise).

The Hawaii Supreme Court in <u>State v. Pulse</u>, 83 Hawaii 229, 247 (Haw. 1996), examined the cumulative element of HRE 403. For HRE 403 purposes, the Hawaii Supreme Court determined that "cumulative" evidence "must be substantially the same as other evidence that has already been received." 83 Hawaii 229, 247 (1996).

In <u>Aga v. Hundahl,</u> 78 Hawaii 230, 891 P.2d 1022 (Haw. 1995), the Appellants already presented expert testimony that the decedent was suffering from hallucinations at her death. Appellants also intended to introduce expert deposition testimony on the same issue. <u>Id.</u> The Hawaii Supreme Court, in <u>Aga</u>, held that an expert's testimony may be cumulative if the expert's testimony did not offer a differing opinion than another expert's prior testimony. <u>Aga v. Hundahl</u>, 78 Hawaii 230 at 241.

Presently, Plaintiffs designated two expert witnesses who have testified that their roles and opinions overlap with respect to liability and damages. This is clearly excessive and cumulative.

Permitting Plaintiffs to unnecessarily overemphasize liability, damages or other aspects of their case, using multiple witnesses for each issue, would constitute the "needless presentation of cumulative evidence" which Rule 403 specifically prohibits. Allowing Plaintiffs unbridled discretion to present testimony from multiple witnesses and documents regarding specific issues at trial will unduly delay the trial and waste the court's and jury's time. Thus, testimony related to damages, liability, facts and other evidence regarding the accident should be limited at trial pursuant to Rule 403. Dr. LeGoff should not be allowed to testify as his testimony is cumulative and duplicates that of Dr. Freeman.

### III. CONCLUSION

For the foregoing reasons, Defendants request an order granting the DOE's motion in limine and barring Plaintiffs and their counsel from bringing any such duplicate testimony or evidence to court during trial.

DATED: Honolulu, Hawaii, August 4, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION