## HAWAI`I LAWS

Hawai`i Revised Statutes Sec. 465-1: **PRACTICE OF PSYCHOLOGY DEFINITION**

"Practice of psychology" means the observation, description, evaluation, interpretation, or modification of human behavior by the application of psychological principles, methods, or procedures, for the purpose of preventing or eliminating symptomatic, maladaptive, or undesired behavior and of enhancing interpersonal relationships, work and life adjustment, personal effectiveness, behavioral health, and mental health. The practice of psychology includes, but is not limited to, psychological testing and the evaluation or assessment of personal characteristics, such as intelligence, personality, abilities, interests, aptitudes, and neuropsychological functioning; counseling, psychoanalysis, psychotherapy, hypnosis, biofeedback, and behavior analysis and therapy; diagnosis and treatment of mental and emotional disorder or disability, alcoholism and substance abuse, and disorders of habit or conduct, as well as of the psychological aspects of physical illness, accident, injury, or disability; and psychoeducational evaluation, therapy, remediation, and consultation. Psychological services may be rendered to individuals, families, groups, organizations, institutions, and the public. The practice of psychology shall be construed within the meaning of this definition without regard to whether payment is received for services rendered.

Hawai`i Revised Statutes Sec. 465-2: **LICENSE REQUIRED**

Except as otherwise provided in this chapter, it shall be unlawful to represent one's self as a psychologist or engage in the practice of psychology without having first obtained a license as provided in this chapter.

Hawai`i Revised Statutes Sec. 465-3: **EXEMPTIONS**

(a) This chapter shall not apply to:

(1) Any person teaching, lecturing, consulting, or engaging in research in psychology insofar as the activities are performed as part of or are dependent upon employment in a college or university; provided that the person shall not engage in the practice of psychology outside the responsibilities of the person's employment;

(2) Any person who performs any, or any combination of the professional services defined as the practice of psychology under the direction of a licensed psychologist in accordance with rules adopted by the board; provided that the person may use the term "psychological assistant", but shall not identify the person's self as a psychologist or imply that the person is licensed to practice psychology;

(3) Any person employed by a local, state, or federal government agency in a school psychologist or psychological examiner position, or a position that does not involve diagnostic or treatment services, but only at those times when that person is carrying out the functions of such government employment;

(4) Any person who is a student of psychology, a psychological intern, or a resident in psychology preparing for the profession of psychology under supervision in a training institution or facility and who is designated by a title as "psychology trainee", "psychology student", "psychology intern", or "psychology resident", that indicates the person's training status; provided that the person shall not identify the person's self as a psychologist or imply that the person is licensed to practice psychology;

1 of 1 DOCUMENT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2005 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT IS CURRENT THROUGH 2005 CH. 1, APPROVED 2/2/2005 ***

BUSINESS & PROFESSIONS CODE
DIVISION 2. Healing Arts
CHAPTER 6.6. Psychologists
ARTICLE 1. General Provisions

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Bus & Prof Code § 2903* (2005)

§ 2903. Licensure requirement; Practice of psychology; Psychotherapy; Fee

No person may engage in the practice of psychology, or represent himself or herself to be a psychologist, without a license granted under this chapter, except as otherwise provided in this chapter. The practice of psychology is defined as rendering or offering to render for a fee to individuals, groups, organizations or the public any psychological service involving the application of psychological principles, methods, and procedures of understanding, predicting, and influencing behavior, such as the principles pertaining to learning, perception, motivation, emotions, and interpersonal relationships; and the methods and procedures of interviewing, counseling, psychotherapy, behavior modification, and hypnosis; and of constructing, administering, and interpreting tests of mental abilities, aptitudes, interests, attitudes, personality characteristics, emotions, and motivations.

The application of these principles and methods includes, but is not restricted to: diagnosis, prevention, treatment, and amelioration of psychological problems and emotional and mental disorders of individuals and groups.

Psychotherapy within the meaning of this chapter means the use of psychological methods in a professional relationship to assist a person or persons to acquire greater human effectiveness or to modify feelings, conditions, attitudes and behavior which are emotionally, intellectually, or socially ineffectual or maladjustive.

As used in this chapter, "fee" means any charge, monetary or otherwise, whether paid directly or paid on a prepaid or capitation basis by a third party, or a charge assessed by a facility, for services rendered.

**HISTORY:**

Added Stats 1967 ch 1677 § 2. Amended Stats 1973 ch 658 § 1; Stats 1978 ch 1208 § 2. Amended Stats 2001 ch 728 § 24.2 (SB 724).

**NOTES:**

Former Sections:

Former § 2903, similar to present *B & P C § 2902*, was added Stats 1957 ch 2320 § 1 and repealed Stats 1967 ch 1677 § 1.Amendments:

1973 Amendment:

(1) Added ", or represent himself to be a psychologist," in the first sentence of the first paragraph;**(2)** amended the second sentence of the first paragraph by **(a)** adding "for a fee"; **(b)** deleting ", while representing himself to be a psychologist as defined in subdivision (c) of Section 2902," after "service"; **(c)** adding "psychological" after "application of"; **(d)** deleting "thinking," after "motivation,"; **(e)** substituting "relationships" for "relationship"; **(f)** adding "behavior

modification,"; (g) adding "and" after "hypnosis;"; and (h) substituting "motivations" for "motivation"; and (3) added the fourth paragraph.

1978 Amendment:

Substituted "charge, monetary or otherwise, whether paid directly or paid on a prepaid or capitation basis by a third party, or a charge assessed by a facility," for "money or other valuable consideration paid or permitted to be paid" in the last paragraph.

2001 Amendment:

(1) Added "or herself" in the first sentence of the first paragraph; and (2) substituted "these" for "such" after "application of" in the second paragraph.Historical Derivation:

(a) Former B & P C § 2903.5, as added Stats 1957 ch 2320 § 1.

(b) Former B & P C § 2933, as added Stats 1957 ch 2320 § 1.Related Statutes & Rules:

Effect of other statutes defining practice of psychology: *B & P C § 2905.*

Licensure of psychologists, generally: *B & P C § § 2940* et seq.Collateral References:

Witkin & Epstein, Criminal Law (2d ed) § 1046.

Cal Jur 3d (Rev) Criminal Law § 2799.

Law Review Articles:

Tort liability of the psychotherapist. *8 USF LR 405.*

Attorney General's Opinions:

A proprietary hospital may not employ a psychologist on a salaried basis to render psychological services on behalf of the hospital and bill and collect a fee for such services. A nonprofit hospital may employ a psychologist on a salaried basis only if the hospital is a nonprofit, philanthropic corporation providing services to its members. *62 Ops. Cal. Atty. Gen. 317.*

Marriage, family and child counselors have statutory authority to construct, administer and interpret "psychological tests" but to do so only within course of their practice, when within their field or fields of competence as established by education, training, and experience, and when such could and would be used to examine interpersonal relationship between spouses or members of families for purposes of achieving more adequate, satisfying and productive marriage and family adjustments. *67 Ops. Cal. Atty. Gen. 278.*

Notes of Decisions:

The criminal process is available to control the unlicensed practice of psychology, as prohibited by *Bus. & Prof. Code, § 2903. Peer v Municipal Court (1982, 2nd Dist) 128 Cal App 3d 733, 180 Cal Rptr 137.*

A misdemeanor complaint alleging that defendant had engaged in the unlawful practice of psychology without a license (*Bus. & Prof. Code, § 2903*), was impermissibly vague, where declarations detailing the charges which were filed with the complaint and incorporated therein by reference were never served on defendant. Assuming the adequacy of a misdemeanor complaint into which police reports are physically incorporated, at the very least the complaint served must also provide the allegedly incorporated exhibits. *Peer v Municipal Court (1982, 2nd Dist) 128 Cal App 3d 733, 180 Cal Rptr 137.*

In a proceeding for a writ of mandate to compel the Department of Corrections to set aside its decision denying the administrative appeal of a state men's colony inmate from a diagnostic unit evaluation prepared in part by a correctional officer who was not licensed to practice psychology, the trial court did not err in concluding that traditional mandamus was not available, since the law did not specifically require the department either to grant the inmate's appeal or strike the portions of the evaluation prepared by the correctional officer. *Bus. & Prof. Code, § 2903*, does not require a correctional counselor preparing such report to be licensed in psychology. *Pen. Code, § 5068* (examination and study of inmates), does not require that a diagnostic study be prepared by a licensed psychologist, and *Pen. Code, § 5068.5* (licensure requirements for persons providing mental health services), was not intended to apply to diagnostic studies prepared for the benefit of the government agency rather for the direct benefit of the inmate. *Wasko v Department of Corrections (1989, 2nd Dist) 211 Cal App 3d 996, 259 Cal Rptr 764.*

1 of 1 DOCUMENT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2005 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT IS CURRENT THROUGH 2005 CH. 1, APPROVED 2/2/2005 ***

BUSINESS & PROFESSIONS CODE
DIVISION 2. Healing Arts
CHAPTER 6.6. Psychologists
ARTICLE 1. General Provisions

GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

*Cal Bus & Prof Code § 2910* (2005)

§ 2910. Applicability of chapter to school and public employees

Nothing in this chapter shall be construed to restrict or prevent activities of a psychological nature on the part of persons who are salaried employees of accredited or approved academic institutions, public schools or governmental agencies, provided:

(a) Such employees are performing such psychological activities as part of the duties for which they were hired;

(b) Such employees are performing those activities solely within the jurisdiction or confines of such organizations;

(c) Such persons do not hold themselves out to the public by any title or description of activities incorporating the words "psychology," "psychological," "psychologist," "psychometry," "psychometrics" or "psychometrist";

(d) Such persons do not offer their services to the public for a fee, monetary or otherwise;

(e) Such persons do not provide direct health or mental health services.

**HISTORY:**

Added Stats 1967 ch 1677 § 2. Amended Stats 1979 ch 996 § 3.

**NOTES:**

Former Sections:

Former § 2910, similar to present *B & P C § 2920*, was added Stats 1957 ch 2320 § 1, amended Stats 1961 ch 1821 § 22, and repealed Stats 1967 ch 1677 § 1.Amendments:

1979 Amendment:

(1) Substituted the semi-colon for a period at the end of subd (d); and (2) added subd (e).Related Statutes & Rules:
Qualifications for school psychologists: *Ed C § 44874*.Collateral References:

Attorney General's Opinions:

A licensed psychologist may be lawfully employed by: (1) A psychological corporation certified pursuant to Moscone-Knox Professional Corporation Act and Psychology Licensing Law; (2) pursuant to statutory exceptions for salaried employees set forth in Psychology Licensing Law; (3) a nonprofit philanthropic corporation or association providing services to its members; or (4) a licensed physician or another licensed psychologist. *58 Ops. Cal. Atty. Gen. 755.*

A proprietary hospital may not employ a psychologist on a salaried basis to render psychological services on behalf of the hospital and bill and collect a fee for such services. A nonprofit hospital may employ a psychologist on a salaried

basis only if the hospital is a nonprofit, philanthropic corporation providing services to its members. *62 Ops. Cal. Atty. Gen. 317.*

Since the enactment of chapter 996, Statutes of 1979, a county must require that professional services performed in its local mental health programs (Short-Doyle) which fall within the scope of the licensure of psychologists, clinical social workers, and nurses be performed by licensed personnel unless the individual performing such services falls within the demonstrable exception to the professional licensing requirements. *66 Ops. Cal. Atty. Gen. 189.*

(5) Any person who is a member of another profession licensed under the laws of this jurisdiction to render or advertise services, including psychotherapy, within the scope of practice as defined in the statutes or rules regulating the person's professional practice; provided that, notwithstanding section 465-1, the person does not represent the person's self to be a psychologist or does not represent that the person is licensed to practice psychology;

(6) Any person who is a member of a mental health profession not requiring licensure; provided that the person functions only within the person's professional capacities; and provided further that the person does not represent the person to be a psychologist, or the person's services as psychological; or

(7) Any person who is a duly recognized member of the clergy; provided that the person functions only within the person's capacities as a member of the clergy; and provided further that the person does not represent the person to be a psychologist, or the person's services as psychological.