IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

　　Plaintiffs anticipate that Defendant DEPARTMENT OF EDUCATION (DOE), STATE OF HAWAI'I (Defendant), will attempt to introduce evidence, testimony, argument, or comment concerning State of Hawai'i Department of Human Services' (DHS) records pertaining to Plaintiffs.

　　On October 2, 2007, Defendant filed a motion to compel production of any records in the possession of the DHS. Plaintiffs are not aware of the existence or contents of such records or are in possession of such records. Nevertheless, Defendant attempted to subpoena such records, if any, from DHS and when DHS refused, filed a motion to compel.

　　The Magistrate Judge heard argument from Defendant, Plaintiffs, and DHS on October 16, 2007, and denied the motion to compel without prejudice. *See,* Exhibit 1, to Declaration of Stanley E. Levin. As the order denying the request

was "without prejudice," Plaintiffs has filed this motion to prevent further attempts by Defendant to introduce evidence, testimony, argument, or comment concerning these records or their contents, if any.

The information contained in DHS records is confidential. Hawaiʻi law prohibits disclosure of such records or their contents. Pursuant to HRS § 346-10(a), these records are treated as confidential as a matter of law:

> The department and its agents shall keep records that may be necessary or proper in accordance with this chapter. All applications and records concerning any applicant or recipient shall be confidential.

HRS § 346-10(a) contains expressly defined circumstances that would permit disclosure of such records; none of those circumstances exist here.

In assessing any interest Defendant might have as a litigant in these confidential records, this Court should be guided by the Hawaiʻi Supreme Court's interpretation of the Child Protective Act, and its similar confidentiality provisions. Reviewing media requests for access to the family court files concerning "Peter Boy" Kema, the Court rejected that request, noting that third parties have different interests in the confidential records of others. The Court explained:

> [A]lthough we acknowledge that the release of further family court documents to the media might serve some legitimate purpose, the overriding concern of the Child Protective Act in determining whether to release such information remains the best interest of the children involved. Under the Child Protective Act, the interests of other parties or non-parties seeking information are not as compelling as the interests of the children involved.

2

*Kema v. Gaddis*, 91 Haw. 200, 206, 982 P.2d 334, 340 (Haw. 1999). Thus, while Defendant might be curious about the existence or contents of DHS records, if any, that interest is not as strong as the Plaintiffs and DHS in preserving this confidential information, if it exists. Literally every educational and mental health record from 1999 through January 2005 regarding Bryan already is in Defendant's possession, by virtue of the many IEP meetings, voluminous service records from third-party mental health care and social skills providers procured by the DOE. Whatever proof DOE has of its efforts to provide Bryan meaningful access to public education are in its possession and there is no basis for bringing up irrelevant and potentially prejudicial information, given the strong public policy of the state in protecting the confidentiality of these records.

Plaintiffs additionally seek an order excluding any reference to such records or their contents because of relevance, and if it exists and is admitted, the possibility of unfair prejudice and lack of probative value may occur. Fed. R. Evid. Rules 402 and 403.

In order for Defendant to proffer such information, if extant, Defendant must first convince the Court of how, if at all, these records are relevant and not otherwise duplicative of information already within Defendant's possession. As noted, Defendant has Bryan's entire educational and mental health records for the period of 1999 to January 2005 in its possession. *See* Declaration of Stanley E.

Levin ¶ 3. Defendant has had its expert, Dr. Bryna Siegel, observe Bryan, visit his home, meet with his father, and review his records. *Id.* ¶ 4. Dr. Siegel has shared this information with Defendant's medical expert Dr. Goka. *Id.* Why any further information is necessary should be subjected to a high level of scrutiny, given the extensive record now in DOE's and its experts' possession.

However, in the charged arena of a jury trial, it is possible that Defendant may seek to inflame the jury, instead of addressing the facts, by insinuating some misconduct on the part of Bryan's parents by virtue of the mere existence of DHS records. Where evidence has a tendency to suggest to the jury that they decide the case on an improper basis, most commonly an emotional one, such as bias, sympathy or contempt, the evidence should be excluded. 1 Weinstein, Berger & McLaughlin, WEINSTEIN'S EVIDENCE, ¶ 403[03] (1996); Graham, HANDBOOK OF FEDERAL EVIDENCE § 403:1 (2006). Any suggestion that Byran's parents — a Ph.D. National Park Service Director (father) and educator formerly employed as a vice-principal by the Defendant (mother) — were in anyway uncaring or unfit is absurd, given the now-eight-year struggle they have engaged in to obtain services and payment for services from DOE for their disabled son. There is no basis whatsoever for permitting DOE to attempt to introduce evidence, testimony, argument or comment concerning DHS records, if any, pertaining to Plaintiffs. *E.g., Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir. 2002)(court

4

properly excluded evidence that employment discrimination plaintiff, eight years before and at age 17, had been fired from a job for stealing cigarettes).

Should Defendant attempt to proffer such evidence, it should be required to make a detailed offer of proof as to: (1) the nature of such proof; (2) the use for which it will be offered; (3) why whatever Defendant seeks to prove from such records cannot be established by other means within its control; (4) why Defendant's need outweighs the strong public policy against disclosing such information; and (5) explain why the information is relevant, given the time and date of such information.  Without specific findings satisfactory to the Court that these criteria demonstrate that the probative value exists and is not substantially outweighed by potential prejudice or confusion, the evidence should be excluded.

## CONCLUSION

For reasons stated herein, Plaintiffs respectfully request this Court issue an in limine order prohibiting Defendant, from attempting to introduce evidence, testimony, argument and comment concerning Department of Human Services records pertaining to Plaintiffs.

DATED:   Honolulu, Hawai`i, August 4, 2008.

/S/ STANLEY E. LEVIN
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON
Attorneys for Plaintiffs

5