IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.  FACTS.

On May 11, 2004, the Hearings Officer issued her *Findings of Fact, Conclusions of Law and Decision* ("Findings and Decision"). A copy of which is attached as Exhibit 1 to the Declaration of Stanley E. Levin. In that decision, the Hearings Officer ruled, among other matters, that the failure of the Department of Education (DOE) to provide skills trainers caused Bryan to regress in three important areas: (1) toileting, (2) observing personal boundaries, and (3) respecting personal property. The Hearing Officer stated:

> *. . . from October 2003 through February 2004 1) The DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003, and January 9, 2004 IEPs, 2) The DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and 3) The DOE failed to provide skills trainers who*

> *could communicate with Bryan using [American Sign Language]." during the [Extended School Year] period. . .*

Exhibit 1 to Declaration of Stanley E. Levin at 7.

> *The testimony of Dr. Dru Copeland and [Bryan's parents] was compelling. During the five month gap in services Bryan seriously regressed in the areas of toileting skills and respecting the personal space and personal property of others (boundaries). In addition to being part of his IEP, these are basic skills Bryan needs to function in school, at home and in the community.*

*Id.* at 8.

On December 19, 2006, this Court entered its ruling on several motions made by the parties. See Exhibit 2 to the Declaration of Stanley E. Levin. In the December 19, 2006 decision, this Court specifically noted the findings that Bryan had not received services described in the Findings and Decision (Exhibit 2 at 46). The Court determined that the May 11, 2004 decision had not been appealed, after the DOE had a full and fair opportunity to litigate it, and therefore, was a final order. *Id.* at 47.

The findings that the five-month gap in services to Bryan caused him to regress in the areas of toileting skills and respecting the personal space and personal property of others (boundaries), is therefore beyond dispute, and Defendant should be precluded from introducing evidence or argument that seeks to contradict the administrative decision of May 11, 2004, which determined that Bryan's regression was caused by the DOE's failure to implement his program.

2

II. <u>ARGUMENT</u>.

A.   <u>Judicial Notice Is Proper Under Federal Rules of Evidence (FRE) 201</u>

Judicial notice may be taken at any stage of the proceeding. The Rule states that in a civil action: "the court shall instruct the jury to accept as conclusive any fact judicially noticed." This means that the opposing party cannot present contradictory evidence on the fact once it has been judicially noticed; the time for presenting such evidence is when the matter is heard by the Court under Rule 201(e).

Pursuant to FRE 201, this Court may take judicial notice of any adjudicative fact. The rule explains that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Rule mandates that a court shall take judicial notice if requested by a party and supplied with the necessary information to determine that the fact is adjudicative. Judicial notice may be taken at any stage of the proceeding. The Rule states that in a civil action: "the court shall instruct the jury to accept as conclusive any fact judicially noticed." This means that the opposing party cannot present contradictory evidence on the fact once it has been judicially noticed; the time for presenting such evidence is when the matter is heard by the Court under Rule 201(e).

Applying the Rule, courts have taken judicial notice of the record of prior administrative and court proceedings in a wide variety of circumstances (*e.g., Burbank-Glendale-Pasadena Airport Auth v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998) (records from other lawsuit between the parties demonstrating that it had been dismissed); *Opoka v. INS*, 94 F.3d 392, 295 (7th Cir. 1996) (taking notice of INS decision to suspend deportation proceedings against applicant's wife); *Aldrich v.* SEC, 139 F.3d 221, 226 (D.C. Cir. 1998) (taking judicial notice of agency decision issued after decision under review by the Court)). Similarly, judicial notice will be taken of the record, pleadings or judgment of a case in another forum between the same parties. *Furnari v. Warden,* 218 F.3d 250, 255-56 (3rd Cir. 2000)(notice taken of affidavit filed in another case).

Applying these principles, it is appropriate for the Court to exercise its discretion and take judicial notice that these findings are established as a matter of law.

B.   Judge Gillmor's Ruling is the Law of This Case.

Law of the case doctrine additionally warrants granting Plaintiffs' motion.

> "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." U.S. v. *Alexander,* 106 F.3d 874, 876 (9th Cir. 1997)(internal quotations and citations omitted). The doctrine

4

> is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983). "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Alexander,* 106 F.3d at 876 (internal quotations omitted). For the law of the case doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Hydrick v. Hunter,* 466 F.3d 676, 687-88 (9th Cir. 2006)(quoting *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000)).

*Tokashiki v. Freitas,* 2007 U.S. Dist. LEXIS 19428, 14-16 (D. Haw. 2007).

None of the factors identified in *Tokashiski* as exceptions to the rule apply to the present action. Thus, Judge Gillmor's ruling regarding the May 11, 2004, Findings and Decision should not be disturbed. The prior administrative findings, which were not appealed, were adopted by Judge Gillmor as her own and the jury should be precluded from reconsidering these legally established fact.

C.   The Facts are not Subject to Re-litigation.

Findings of fact by administrative agencies acting in quasi judicial capacities as well as legal determinations have been treated as determinative and entitled to preclusive effect by this Court. *Patricia N. v. LeMahieu*, 141 F. Supp. 2d 1243, 1257 (D. Haw. 2001) (applying principles of Hawaii law and holding

Hearings Officer's findings in IDEA cases preclude re-litigation of facts); *Ancheta v. Watada,* 135 F. Supp. 2d 1114, 1119 (D. Haw. 2001) (prior administrative determination of fact cannot be re-litigated).

Given the vigor with which Hawaii applies the principles of issue preclusion to administrative decisions *(see Bator v. State of Hawaii,* 39 F.3d 1021, 1027 (9th Cir. 1994)), there should not be any question that the findings below, which were not appealed, are judicial in nature and the jury must be instructed that they are conclusive.

Thus the findings and conclusions of the May 11, 2004, Findings and Decision, deemed adjudicated by the Court in its Order of December 19, 2006, (attached hereto as Exhibits 1-2 to the Declaration of Stanley E. Levin), cannot be re-litigated and are conclusive as a matter of law.

### III. CONCLUSION.

For reasons stated herein, Plaintiffs respectfully request that this Court issue an order prohibiting Defendant from introducing evidence or argument contrary to the administrative decision of May 11, 2004, that Bryan's regression in the areas of (1) toileting, (2) observing personal boundaries, and (3) respecting personal property, was caused by DOE's failure to implement his program.

DATED:   Honolulu, Hawai`i, August 4, 2008.

<u>/S/ STANLEY E. LEVIN</u>
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON