IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

      Plaintiffs request an *in limine* order taking judicial notice of and instructing the jury to accept as conclusive, Section 504 of the Rehabilitation Act, 29 U.S.C. § 729, and 28 C.F.R. § 42.503(b)(1)(vii), which prohibits retaliation against any individual, whether handicapped or not, for the purpose of interfering with the exercise of any right secured by Section 504. Additionally, Plaintiffs request the Court take judicial notice of the definitional portions of the statute and regulations. 29 U.S.C. § 705(20); 34 C.F.R. §104.3(j)(1) & (2); 20 U.S.C. § 7801(26). This Motion requests that the Court take notice of the regulations and statute in effect from 1999 through January 2005, the time period during which Bryan attended public school in Hawai'i. By their terms, the statutes and

regulations were applicable to all children receiving special education and related services in Hawai'i during the time Bryan attended school here.

Pursuant to Federal Rules of Evidence (FRE) 201, this Court may take judicial notice of any adjudicative fact. The rule explains that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Rule mandates that a court shall take judicial notice if requested by a party and supplied with the necessary information to determine that the fact is adjudicative.

Judicial notice may be taken at any stage of the proceeding. The Rule states that in a civil action: "the court shall instruct the jury to accept as conclusive any fact judicially noticed." This means that the opposing party cannot present contradictory evidence on the fact once it has been judicially noticed; the time for presenting such evidence is when the matter is heard by the court under Rule 201(e).

Pleading and proof of the laws, whether embodied in statute, decision or regulation, are unnecessary and judicial notice of such laws appropriate (*e.g, Toth v. Grand Trunk R.R.,* 306 F.3d 335, 349 (6$^{th}$Cir. 2002); *Int'l Brotherhood of*

*Teamsters v. Zantop Airlines,* 394 F.2d 36, 40 (6th Cir. 1968); *Schultz v. Tecumseh Prods.,* 310 F.2d 426 (6th Cir. 1962)). Similarly, "judicial notice of state laws and regulations are rarely tested. Ordinarily, recourse may be had to published and easily available documents evidencing them." *In re Madeline Marie Nursing Homes,* 694 F.2d 433, 446 (6th Cir. 1982). Thus, where such laws, decisions, and regulations can be readily established, the Court may take judicial notice of them without requiring proof of their contents. *See, Getty Petroleum & Marketing v. Capital Terminal Co.,* 391 F.3d 312, 333-34 (1st Cir. 2004)(Lipez, C.J., concurring) (lengthy discussion of the rationale and bases for judicial notice of various laws, decisions and regulations).

The existence and substance of Section 504 of the Rehabilitation Act, 29 U.S.C. § 729, and 28 C.F.R. § 42.503(b)(1)(vii), the substantive provisions and 29 U.S.C. § 705(20); 34 C.F.R. §104.3(j)(1) & (2); 20 U.S.C. § 7801(26), the definitional provisions, are expressly established, and their contents cannot be disputed. *See,* Exhibits 1-5 to Declaration of Stanley E. Levin. Judicial notice of the statute and rules is appropriate under Rule 201.

For reasons stated herein, Plaintiffs respectfully request this Court issue an *in limine* order taking judicial notice and instructing the jury to accept as conclusive Section 504 of the Rehabilitation Act, 29 U.S.C. § 729 and 28 C.F.R.

§ 42.503(b)(1)(vii), of its implementing regulations and 29 U.S.C. § 705(20); 34 C.F.R. §104.3(j)(1) & (2); 20 U.S.C. § 7801(26), the definitional provisions.

DATED: Honolulu, Hawaii, August 4, 2008.

/S/ STANLEY E. LEVIN
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON
Attorneys for Plaintiffs