Ch. 16

;ht to sue
ployee, an
discrimi-
:haplin v.
'ork, Inc.,

ven under
ved party
y through
neral Mo-
upp. 139.

of action
that Con-
d by this
y contract
d to terms
w of fact
ntly fash-
likely to
ve concili-
legislative
Telephone
03.

on handi-
>vernment
in against
f lack of
nfer such
fact that
on would
:h statute,
vate right
ible state
possibility
al courts,
te courts,
Rogers v.
3 F.Supp.
ari denied
:d.2d 115.

remedies
of action
to satisfy
inistrative
on where
md Equal
ssion did
:d against
odate her
had been
her age.
D.C.S.C.

of action
pursued
Davis v.
'81, 526

Plaintiffs, who had been awaiting administrative decisions for considerable time, were not required to exhaust administrative remedies prior to maintaining actions under section 793 of this title. California Paralyzed Veterans Ass'n v. F.C.C., D.C.Cal.1980, 496 F.Supp. 125, affirmed 721 F.2d 667, certiorari denied 105 S.Ct. 121, 83 L.Ed.2d 63.

Handicapped employee, an epileptic, and Epilepsy Foundation of America were not required to exhaust their administrative remedies under this section before bringing employment discrimination action against employee's employer. Chaplin v. Consolidated Edison Co. of New York, Inc., D.C.N.Y. 1980, 482 F.Supp. 1165.

**11. Persons entitled to maintain action**

Employee who was discharged because of his epilepsy lacked standing to sue employer for wrongful dismissal in violation of this section as a third-party beneficiary of contract which was entered into between his employer and federal government and which incorporated an affirmative action provision in favor of physically disabled workers, because allowing the employee to sue as third-party beneficiary was not appropriate to effectuate the intention of the parties. Davis v. United Air Lines, Inc., D.C.N.Y.1983, 575 F.Supp. 677.

Nonprofit corporation dedicated to preserving rights of the handicapped, which alleged that television network had engaged in acts, policies, practices and procedures which discriminated against qualified handicapped persons including members of its association, had standing to sue under this section. California Paralyzed Veterans Ass'n v. F.C.C., D.C.Cal.1980, 496 F.Supp. 125, affirmed 721 F.2d 667, certiorari denied 105 S.Ct. 121, 83 L.Ed.2d 63.

Epilepsy Foundation of America had standing to bring action along with handicapped employee against employee's employer for employment discrimination where the complaint stated an injury to members of the Foundation. Chaplin v. Consolidated Edison Co. of New York, Inc., D.C.N.Y.1980, 482 F.Supp. 1165.

**12. Complaint**

Visually impaired employees failed to state cause of action for deprivation of a right against state agency and its officials for alleged employment discrimination violative of this section, in light of fact that only deprivation of which employees could have complained would have been a hypothetical situation in which executive personnel of state agency interfered in some way with their right to file a complaint and there was no allegation that any of the personnel interfered in any way with employees' right to file a complaint. Brown v. Sibley, C.A.Miss.1981, 650 F.2d 760.

Where handicapped individuals's action against railroad under this section was dismissed in view of fact that no private right of action exists under this section, handicapped individual's state claims would be dismissed as well, without prejudice, even though federal claim was not insubstantial. Miller v. Union Pacific R. Co., D.C.Neb.1982, 539 F.Supp. 134.

**13. Presumptions**

On appeal from judgments of dismissal fo failure to state a claim, the court of appeal: would assume that, as alleged in the complaints, each of the plaintiffs was a qualified handicapped person and each was discharged because of handicaps. Rogers v. Frito–Lay, Inc., C.A.Tex.1980, 611 F.2d 1074, certiorari denied 101 S.Ct. 246, 449 U.S. 889, 66 L.Ed.2d 115.

**14. Questions for court**

In suits presenting question whether this section impliedly authorizes handicapped individuals who believe that federal contractors have discriminated against them to file civil actions to obtain damages for such discrimination, obligation of federal court was to determine, to the best of its ability, whether Congress intended to create such private right of action; even if the court was satisfied that some factors supported implying such a right, it could not do so if it was unconvinced that Congress intended such a remedy. Rogers v. Frito-Lay, Inc., C.A.Tex.1980, 611 F.2d 1074, certiorari denied 101 S.Ct. 246, 449 U.S. 889, 66 L.Ed.2d 115.

## § 794. Nondiscrimination under Federal grants and programs; promulgation of rules and regulations

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be

EXHIBIT **1**

Case 1:04-cv-00442-ACK-BMK    Document 515-4    Filed 08/04/2008    Page 2 of 2

subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

(Pub.L. 93–112, Title V, § 504, Sept. 26, 1973, 87 Stat. 394; Pub.L. 95–602, Title I, §§ 119, 122(d)(2), Nov. 6, 1978, 92 Stat. 2982, 2987.)

## Historical Note

**References in Text.** The amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, referred to in text, mean the amendments made by Pub.L. 95–602. See 1978 Amendments note below.

**1978 Amendment.** Pub.L. 95–602 substituted "section 706(7) of this title" for "section 706(6) of this title" and inserted provision prohibiting discrimination under any program or activity conducted by any Executive agency or by the United States Postal Service and requiring the heads of these agencies to promulgate regulations prohibiting discrimination.

**Construction of Prohibition against Discrimination under Federal Grants with Child Abuse Amendments of 1984.** Rights or protections of this section not affected by any

provision of Pub.L. 98–457, see section 127 of Pub.L. 98–457, set out as a note under section 5101 of Title 42, The Public Health and Welfare.

**Coordination of Implementation and Enforcement of Provisions.** For provisions relating to the coordination of implementation and enforcement of the provisions of this section by the Attorney General, see section 1–201 of Ex.Ord.No.12250, Nov. 2, 1980, 45 F.R. 72995, set out as a note under section 2000d–1 of Title 42, The Public Health and Welfare.

**Legislative History.** For legislative history and purpose of Pub.L. 93–112, see 1973 U.S. Code Cong. and Adm.News, p. 2076. See, also, Pub.L. 95–602, 1978 U.S.Code Cong. and Adm.News, p. 7312.

## EXECUTIVE ORDER NO. 11914

Ex.Ord.No.11914, Apr. 28, 1976, 41 F.R. 17871, which related to nondiscrimination in federally assisted programs, was revoked by Ex.Ord.No.12250, Nov. 2, 1980, 45 F.R. 72995, set out as a note under section 2000d–1 of Title 42, The Public Health and Welfare.

## Cross References

Alcoholic or drug abuser as not included in term "handicapped individual" for purposes of this section, see section 706 of this title.

Comprehensive rehabilitation centers, information and technical assistance to local governmental units and private nonprofit entities, see section 775 of this title.

Construction, reconstruction, and renovation of academic facilities, financial assistance if primary purpose of assistance is to enable institutions to bring facilities into conformity with this section, see section 1132a of Title 20, Education.

Educational facilities operated by Bureau of Indian Affairs to be brought into compliance with this section, see section 2005 of Title 25, Indians.

Employment of personal assistants for handicapped employees, see section 3102 of Title 5, Government Organization and Employees.

Planning and design of mass transportation facilities to meet special needs of elderly and handicapped, promulgation of regulations, see section 1612 of Title 49, Transportation.

Programs and activities considered to be programs and activities receiving Federal financial assistance for purpose of applying prohibition against discrimination based on handicap—

530