> Notice to Readers
>
> The version of 34 C.F.R. Part 104 found here incorporates the amendments made in the notice of Final Regulations published in the *Federal Register* on November 13, 2000, 65 *Fed. Reg.* 68050, and effective on December 13, 2000. This amended regulation is also available in the current edition of the Code of Federal Regulations at Title 34. If there is a discrepancy between the Code of Federal Regulations and the version of 34 C.F.R. Part 104 in this document, the Code of Federal Regulations prevails. The November 13, 2000 Federal Register notice did not make conforming changes to Appendices A and B to 34 C.F.R. Part 104. Thus, these documents are not included in this version of the regulation.

TITLE 34—EDUCATION

SUBTITLE B – REGULATIONS OF THE OFFICES OF THE DEPARTMENT OF EDUCATION

CHAPTER I--OFFICE FOR CIVIL RIGHTS, DEPARTMENT OF EDUCATION

**PART 104--NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

**Subpart A--General Provisions**

Sec.
104.1  Purpose.
104.2  Application.
104.3  Definitions.
104.4  Discrimination prohibited.
104.5  Assurances required.
104.6  Remedial action, voluntary action, and self-evaluation.
104.7  Designation of responsible employee and adoption of grievance procedures.
104.8  Notice.
104.9  Administrative requirements for small recipients.
104.10  Effect of state or local law or other requirements and effect of employment opportunities.

**Subpart B--Employment Practices**

104.11  Discrimination prohibited.
104.12  Reasonable accommodation.
104.13  Employment criteria.
104.14  Preemployment inquiries.

**Subpart C--Accessibility**

104.21  Discrimination prohibited.
104.22  Existing facilities.
104.23  New construction.

EXHIBIT 4

### Subpart D--Preschool, Elementary, and Secondary Education

104.31  Application of this subpart.
104.32  Location and notification.
104.33  Free appropriate public education.
104.34  Educational setting.
104.35  Evaluation and placement.
104.36  Procedural safeguards.
104.37  Nonacademic services.
104.38  Preschool and adult education.
104.39  Private education.

### Subpart E--Postsecondary Education

104.41  Application of this subpart.
104.42  Admissions and recruitment.
104.43  Treatment of students; general.
104.44  Academic adjustments.
104.45  Housing.
104.46  Financial and employment assistance to students.
104.47  Nonacademic services.

### Subpart F--Health, Welfare, and Social Services

104.51  Application of this subpart.
104.52  Health, welfare, and other social services.
104.53  Drug and alcohol addicts.
104.54  Education of institutionalized persons.

### Subpart G--Procedures

104.61  Procedures.

APPENDIX A TO PART 104—ANALYSIS OF FINAL REGULATION

APPENDIX B TO PART 104—GUIDELINES FOR ELIMINATING DISCRIMINATION AND DENIAL OF SERVICES ON THE BASIS OF RACE, COLOR, NATIONAL ORIGIN, SEX, AND HANDICAP IN VOCATIONAL EDUCATION PROGRAMS [NOTE]

AUTHORITY:  20 U.S.C. 1405; 29 U.S.C. 794.

SOURCE:  45 FR 30936, May 9, 1980, unless otherwise noted.

### Subpart A--General Provisions

**§ 104.1   Purpose.**

The purpose of this part is to effectuate section 504 of the Rehabilitation Act of 1973, which is designed to eliminate discrimination on the basis of handicap in any program or activity receiving Federal financial assistance.

**§ 104.2  Application.**

This part applies to each recipient of Federal financial assistance from the Department of Education and to the program or activity that receives such assistance.

**§ 104.3  Definitions.**

As used in this part, the term:

(a) *The Act* means the Rehabilitation Act of 1973, Pub. L. 93-112, as amended by the Rehabilitation Act Amendments of 1974, Pub. L. 93-516, 29 U.S.C. 794.

(b) *Section 504* means section 504 of the Act.

(c) *Education of the Handicapped Act* means that statute as amended by the Education for all Handicapped Children Act of 1975, Pub. L. 94-142, 20 U.S.C. 1401 et seq.

(d) *Department* means the Department of Education.

(e) *Assistant Secretary* means the Assistant Secretary for Civil Rights of the Department of Education.

(f) *Recipient* means any state or its political subdivision, any instrumentality of a state or its political subdivision, any public or private agency, institution, organization, or other entity, or any person to which Federal financial assistance is extended directly or through another recipient, including any successor, assignee, or transferee of a recipient, but excluding the ultimate beneficiary of the assistance.

(g) *Applicant for assistance* means one who submits an application, request, or plan required to be approved by a Department official or by a recipient as a condition to becoming a recipient.

(h) *Federal financial assistance* means any grant, loan, contract (other than a procurement contract or a contract of insurance or guaranty), or any other arrangement by which the Department provides or otherwise makes available assistance in the form of:

(1) Funds;

(2) Services of Federal personnel; or

(3) Real and personal property or any interest in or use of such property, including:

(i) Transfers or leases of such property for less than fair market value or for reduced consideration; and

(ii) Proceeds from a subsequent transfer or lease of such property if the Federal share of its fair

market value is not returned to the Federal Government.

(i) *Facility* means all or any portion of buildings, structures, equipment, roads, walks, parking lots, or other real or personal property or interest in such property.

(j) *Handicapped person*--(1) *Handicapped persons* means any person who (i) has a physical or mental impairment which substantially limits one or more major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.

(2) As used in paragraph (j)(1) of this section, the phrase:

(i) *Physical or mental impairment* means (A) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine; or (B) any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(ii) *Major life activities* means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

(iii) *Has a record of such an impairment* means has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

(iv) *Is regarded as having an impairment* means (A) has a physical or mental impairment that does not substantially limit major life activities but that is treated by a recipient as constituting such a limitation; (B) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (C) has none of the impairments defined in paragraph (j)(2)(i) of this section but is treated by a recipient as having such an impairment.

(k) *Program or activity* means all of the operations of--

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 8801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship--

  (A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

  (B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

  (ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

  (4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section; any part of which is extended Federal financial assistance.

(Authority:  29 U.S.C. 794(b))

  (l) *Qualified handicapped person* means:

  (1) With respect to employment, a handicapped person who, with reasonable accommodation, can perform the essential functions of the job in question;

  (2) With respect to public preschool elementary, secondary, or adult educational services, a handicappped person (i) of an age during which nonhandicapped persons are provided such services, (ii) of any age during which it is mandatory under state law to provide such services to handicapped persons, or (iii) to whom a state is required to provide a free appropriate public education under section 612 of the Education of the Handicapped Act; and

  (3) With respect to postsecondary and vocational education services, a handicapped person who meets the academic and technical standards requisite to admission or participation in the recipient's education program or activity;

  (4) With respect to other services, a handicapped person who meets the essential eligibility requirements for the receipt of such services.

  (m) *Handicap* means any condition or characteristic that renders a person a handicapped person as defined in paragraph (j) of this section.

**§ 104.4  Discrimination prohibited.**

  (a) General. No qualified handicapped person shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activitiy which receives Federal financial assistance.

  (b) *Discriminatory actions prohibited*. (1) A recipient, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of handicap:

  (i) Deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service;

(ii) Afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

(iii) Provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others;

(iv) Provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others;

(v) Aid or perpetuate discrimination against a qualified handicapped person by providing significant assistance to an agency, organization, or person that discriminates on the basis of handicap in providing any aid, benefit, or service to beneficiaries of the recipients program or activity;

(vi) Deny a qualified handicapped person the opportunity to participate as a member of planning or advisory boards; or

(vii) Otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service.

(2) For purposes of this part, aids, benefits, and services, to be equally effective, are not required to produce the identical result or level of achievement for handicapped and nonhandicapped persons, but must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs.

(3) Despite the existence of separate or different aid, benefits, or services provided in accordance with this part, a recipient may not deny a qualified handicapped person the opportunity to participate in such aid, benefits, or services that are not separate or different.

(4) A recipient may not, directly or through contractual or other arrangements, utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State.

(5) In determining the site or location of a facility, an applicant for assistance or a recipient may not make selections (i) that have the effect of excluding handicapped persons from, denying them the benefits of, or otherwise subjecting them to discrimination under any program or activity that receives Federal financial assistance or (ii) that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the program or activity with respect to handicapped persons.

(6) As used in this section, the aid, benefit, or service provided under a program or activity receiving Federal financial assistance includes any aid, benefit, or service provided in or through a facility that has been constructed, expanded, altered, leased or rented, or otherwise acquired, in whole or in part, with Federal financial assistance.

(c) *Aid, benefits or services limited by Federal law.* The exclusion of nonhandicapped persons from aid, benefits, or services limited by Federal statute or executive order to handicapped persons or the exclusion of a specific class of handicapped persons from aid, benefits, or services limited by Federal statute or executive order to a different class of handicapped persons is not prohibited by this part.

### § 104.5   Assurances required.

(a) *Assurances.* An applicant for Federal financial assistance to which this part applies shall submit an assurance, on a form specified by the Assistant Secretary, that the program or activity will be operated in compliance with this part. An applicant may incorporate these assurances by reference in subsequent applications to the Department.

(b) *Duration of obligation.* (1) In the case of Federal financial assistance extended in the form of real property or to provide real property or structures on the property, the assurance will obligate the recipient or, in the case of a subsequent transfer, the transferee, for the period during which the real property or structures are used for the purpose for which Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits.

(2) In the case of Federal financial assistance extended to provide personal property, the assurance will obligate the recipient for the period during which it retains ownership or possession of the property.

(3) In all other cases the assurance will obligate the recipient for the period during which Federal financial assistance is extended.

(c) *Covenants.* (1) Where Federal financial assistance is provided in the form of real property or interest in the property from the Department, the instrument effecting or recording this transfer shall contain a covenant running with the land to assure nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits.

(2) Where no transfer of property is involved but property is purchased or improved with Federal financial assistance, the recipient shall agree to include the covenant described in paragraph (b)(2) of this section in the instrument effecting or recording any subsequent transfer of the property.

(3) Where Federal financial assistance is provided in the form of real property or interest in the property from the Department, the covenant shall also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant. If a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on the property for the purposes for which the property was transferred, the Assistant Secretary may, upon request of the transferee and if necessary to accomplish such financing and upon such conditions as he or she deems appropriate, agree to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

### § 104.6   Remedial action, voluntary action, and self-evaluation.

(a) *Remedial action*. (1) If the Assistant Secretary finds that a recipient has discriminated against persons on the basis of handicap in violation of section 504 or this part, the recipient shall take such remedial action as the Assistant Secretary deems necessary to overcome the effects of the discrimination.

(2) Where a recipient is found to have discriminated against persons on the basis of handicap in violation of section 504 or this part and where another recipient exercises control over the recipient that has discriminated, the Assistant Secretary, where appropriate, may require either or both recipients to take remedial action.

(3) The Assistant Secretary may, where necessary to overcome the effects of discrimination in violation of section 504 or this part, require a recipient to take remedial action (i) with respect to handicapped persons who are no longer participants in the recipient's program or activity but who were participants in the program or activity when such discrimination occurred or (ii) with respect to handicapped persons who would have been participants in the program or activity had the discrimination not occurred.

(b) *Voluntary action*. A recipient may take steps, in addition to any action that is required by this part, to overcome the effects of conditions that resulted in limited participation in the recipient's program or activity by qualified handicapped persons.

(c) *Self-evaluation*. (1) A recipient shall, within one year of the effective date of this part:

(i) Evaluate, with the assistance of interested persons, including handicapped persons or organizations representing handicapped persons, its current policies and practices and the effects thereof that do not or may not meet the requirements of this part;

(ii) Modify, after consultation with interested persons, including handicapped persons or organizations representing handicapped persons, any policies and practices that do not meet the requirements of this part; and

(iii) Take, after consultation with interested persons, including handicapped persons or organizations representing handicapped persons, appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices.

(2) A recipient that employs fifteen or more persons shall, for at least three years following completion of the evaluation required under paragraph (c)(1) of this section, maintain on file, make available for public inspection, and provide to the Assistant Secretary upon request:

(i) A list of the interested persons consulted,

(ii) A description of areas examined and any problems identified, and

(iii) A description of any modifications made and of any remedial steps taken.

## § 104.7 Designation of responsible employee and adoption of grievance procedures.

(a) *Designation of responsible employee*. A recipient that employs fifteen or more persons

shall designate at least one person to coordinate its efforts to comply with this part.

(b) *Adoption of grievance procedures.* A recipient that employs fifteen or more persons shall adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part. Such procedures need not be established with respect to complaints from applicants for employment or from applicants for admission to postsecondary educational institutions.

**§ 104.8   Notice**.

(a) A recipient that employs fifteen or more persons shall take appropriate initial and continuing steps to notify participants, beneficiaries, applicants, and employees, including those with impaired vision or hearing, and unions or professional organizations holding collective bargaining or professional agreements with the recipient that it does not discriminate on the basis of handicap in violation of section 504 and this part. The notification shall state, where appropriate, that the recipient does not discriminate in admission or access to, or treatment or employment in, its program or activity. The notification shall also include an identification of the responsible employee designated pursuant to **§** 104.7(a). A recipient shall make the initial notification required by this paragraph within 90 days of the effective date of this part. Methods of initial and continuing notification may include the posting of notices, publication in newspapers and magazines, placement of notices in recipients' publication, and distribution of memoranda or other written communications.

(b) If a recipient publishes or uses recruitment materials or publications containing general information that it makes available to participants, beneficiaries, applicants, or employees, it shall include in those materials or publications a statement of the policy described in paragraph (a) of this section. A recipient may meet the requirement of this paragraph either by including appropriate inserts in existing materials and publications or by revising and reprinting the materials and publications.

**§ 104.9   Administrative requirements for small recipients.**

The Assistant Secretary may require any recipient with fewer than fifteen employees, or any class of such recipients, to comply with §§ 104.7 and 104.8, in whole or in part, when the Assistant Secretary finds a violation of this part or finds that such compliance will not significantly impair the ability of the recipient or class of recipients to provide benefits or services.

**§ 104.10   Effect of state or local law or other requirements and effect of employment opportunities.**

(a) The obligation to comply with this part is not obviated or alleviated by the existence of any state or local law or other requirement that, on the basis of handicap, imposes prohibitions or limits upon the eligibility of qualified handicapped persons to receive services or to practice any occupation or profession.

(b) The obligation to comply with this part is not obviated or alleviated because employment opportunities in any occupation or profession are or may be more limited for handicapped persons than for nonhandicapped persons.