IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

　　　　Plaintiffs anticipate that Defendant will attempt to introduce evidence, testimony, argument, and comment concerning the Wiles-Bonds' involvement in prior litigation in Florida during the approximate time period of 1994-1995.

　　　　Plaintiffs therefore seek an order excluding any reference to the Florida litigation from evidence in the instant action. Evidence of this sort is inadmissible because it is irrelevant. Alternatively, if the Court were to find it relevant, any probative value is outweighed by unfair prejudice. The district court has broad discretion to exclude irrelevant or prejudicial evidence. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005). Except as otherwise provided by the rule, "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. Rule 402.

There will be unfair prejudice arising from the admission of this evidence. *See* Fed. R. Evid. 403. Plaintiffs contend that admission of the evidence will be unfair and prejudicial because the evidence concerns a prior matter where Wiles-Bonds filed a lawsuit in Florida in 1994-1995 on behalf of several children in Bryan's classroom who were assaulted by a teacher on multiple occasions. Bryan was one of several plaintiffs in the action. A Compromise and Settlement Agreement was eventually reached and Bryan received a monetary settlement of approximately $40,000.00. *See* Exhibit 1, Deposition of Dr. Stanley Bond at pp. 28:3-25; 29:1-6; and Exhibit 2, Excerpts from Plaintiff Stanley Bond's Amended Response to Defendant Department of Education's Request For Answers to Interrogatories to Stanley Bond Dated March 3, 2006 and served on May 5, 2007.

As aptly stated by the court in *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir.1983), in admitting evidence of Aryan Brotherhood gang activities:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

Furthermore, the Advisory Committee Notes to Fed. R. Evid. 403 explain unfair prejudice as "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Defendants may seek to introduce that the Florida litigation reveals that the Plaintiffs have a propensity to claim injuries from a school district. Such evidence and argument are expressly precluded by Rule 404. Plaintiffs additionally argue that any probative value is substantially outweighed by the risk that the jury would deny their request for damages in an emotional reaction to the revelation that Plaintiffs had previously sued and reached a settlement against a school district. Any attempt to do so would certainly be an effort "dragged in by the heels" to smear the Plaintiffs for the sake of prejudicial effect.

The Florida Settlement is inadmissible because it is irrelevant. The circumstances of the case in Florida differ from the circumstances of the instant action. Additionally, any probative value is outweighed by unfair prejudice as proscribed by Fed. R. Evid. 403.

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude any evidence, testimony, argument, and comment concerning the Wiles-Bonds' involvement in prior litigation in Florida.

DATED: Honolulu, Hawai`i, August 4, 2008.

/S/ STANLEY E. LEVIN
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs