IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                 Plaintiffs,<br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                 Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.    INTRODUCTION

In an effort to streamline the trial herein, Plaintiffs propounded seven sets of Requests for Admissions to Defendant during the course of this case. Deputy Attorney General George Hom, Deputy Attorney General Lono Beamer and the Law Offices of Watanabe, Ing & Komeiji, submitted responses to these Requests for Admissions on behalf of the Defendant. Rather than admit or deny the admissions, counsel for Defendant fell into a pattern of treating these admissions as though they provided an opportunity to articulate the errors or flaws in Plaintiffs' case. In other words, some of these responses failed to satisfy the

requirements under Fed. R. Civ. P. Rule 36, as required.[1]  Those that were properly admitted will be published to the jury.  However, by this Motion, Plaintiffs' seek to have this Court deem as admitted the inadequate responses provided by Defendant's counsel.  Once admitted properly, they can then be published to the jury.

It is within the district court's discretion under these circumstances to order admitted matters which Defendant has failed to admit or deny, where the information known or readily obtainable after reasonable inquiry was sufficient to

---

[1] Fed.R.Civ.P. 36(a) provides in part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request....
....
The matter is deemed admitted unless, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter .... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny....
....
The party who has requested the admissions may move to determine the sufficiency of the answers or objections.... If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served....

Answering party cannot admit or deny. Said party has made reasonable inquiry. Information known or readily obtainable to this date is not complete. Investigation continues.

enable the answering party to admit or deny. *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247 (9th Cir. 1982). Indeed, such a result is warranted here because "[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc.*, 669 F.2d at 1245. "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936-37 (9th Cir. 1994).

Fed. R. Civ. P. Rule 36(a) provides that a matter may be deemed admitted if the answer "does not comply with the requirements of this rule." It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. *See, e. g., Havenfield Corp. v. H & R Block*, Inc., 67 F.R.D. 93, 96-97 (W.D.Mo. 1973). Since such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted. Many of Defendants' admissions fail to comply with the requirements of Rule 36(a) and should thus be deemed admitted.

3

Defendant's Responses to the seven sets of requests for admissions are attached as Exhibit 1.

II.   FIRST SET OF REQUEST FOR ADMISSIONS

There were 29 requests for admissions included in this set. The responses were signed by Deputy Attorney General Lono Beamer. There were only 14 requests which were unqualifiedly admitted (nos. 1, 3, 5, 11-13, 15, 16, 21, 22, 24-26 and 28). Mr. Beamer signs a very truncated statement at the very end which says that:

"For the foregoing objections" [And then a signature line where Mr. Beamer simply signs his name]

Mr. Beamer's objections to admissions numbered 2, 4 and 8 were: "Objection. The document speaks for itself." This is not authorized as an acceptable response under Rule 36(a) which provides that:

> If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specifically so much of it as is true and qualify or deny the remainder. . . . A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Fed. R. Civ. P. Rule 36(a); *see Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C 2006), wherein the court noted that:

> It is astonishing that the objection that a document speaks for itself, repeated every day in courtrooms across America, has no support whatsoever in the law of evidence. James W. McElhaney, *The Cleveland Exception to the Hearsay Rule and Other Courtroom Oddities,* 1 Rev. of Litig. 93, 96-99 (1980). If, for example, a document has been admitted into evidence and a witness is asked to read from it, that the same information can be secured from the fact finder reading the document is certainly not grounds for objection to the witness reading from it. *Id.* There is no difference whatsoever between the jury reading it for itself or the witness reading it to them.

In that case, the court found that the defendant's objection to the requests on the grounds that the document speaks for itself was a meritless objection and was overruled.

There can be no question that Mr. Beamer's proffered objections to requests 2, 4, and 8 are objections of punctuality. It applies not to the substance of the request, but to the necessity to read or review it when there is no disagreement about its content. These three denials must be changed to admissions based on the invalidity of the objection.

Of the remaining 12 responses, three of them deny documents which were prepared by the State's own witness, Dr. Dru Copeland. As the Court can readily see, the responses to numbers 23, 27, and 29 were completely and clearly incorrect. The denials for 9 and 10 are two quotes essentially verbatim from the

administrative decision dated May 11, 2004, which would mean that responses to 9 and 10 should be likewise deemed admitted.

III.   SECOND SET OF REQUEST FOR ADMISSIONS

There were 15 requests covered by this second request. Deputy Attorney General George Hom responded to this entire request and admitted to only five without posing an objection. He denied eight of the requests, four of which dealt with the specifics of the skills trainers' backgrounds. The response to admission number 31 is interesting.  Here the Defendant tried to dodge an admission by claiming that the admission was "incomplete and misleading." The requests were neither incomplete nor misleading. If Defendant does not like the wording of a particular request, it is not the Plaintiffs' selection of words that is in issue – it is Defendant's failure to follow the rules and admit or deny these requests outright.  This is not a proper objection and Request No. 31 also should be deemed admitted.  The same conclusion is appropriate for the response to request for admission number 30.

IV.   THIRD SET OF REQUEST FOR ADMISSIONS

By April 2006, the law firm of Watanabe, Ing & Komeiji made its appearance as co-counsel for Defendant. Gregg M. Ushiroda, Esq. signed the Third Request for Admissions, which were comprised of nine requests. Of the nine, seven were admitted unqualifiedly. Of the two non-admissions, one was an

6

objection to statements found in the May 11, 2004 administrative decision and the other was a compilation of statements from that decision.

For example, the response to request number 48 is neither admitted nor denied. This begs the question: is it intended to be only a denial or is it a hybrid answer? This objection should be rejected and the response deemed admitted. This is the first response in which the State includes a set of general objections that it intends to make the admissions subject to. In other words, there must be a ruling on the general objections before the individual admission can be used, which is highly improper and cuts against the entire purpose of using requests for admission. This approach to responding to admissions must be rejected. If accepted, it would give the State two bites at the apple and unfairly increases the burden on the Plaintiffs.

Because of the inherent impropriety at allowing responding party to be noncommittal, most courts do what the Plaintiffs seek here – an order rejecting these general objections. The court in *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y, 2003) ruled that it would not even review the general objections and ruled that Rule 36 is quite clear that the objection must be addressed to the specific matter with reasons "therefore stated." This use of a global guard tactic is greatly frowned upon and in the scheme of things are found "substantially without merit." *Diederich v. Department of the Army*, 132 F.R.D. 614, 616

(S.D.N.Y.1990). Unless these objections are raised as to a specific request to admit, this Court will ignore them completely. *Champlain Enterprises*, *Inc*., 212 F.R.D. at 77.

## V. FOURTH SET OF REQUEST FOR ADMISSIONS

Ten requests were presented and five were admitted and five were denied. The denial of number 59, relating to the application of res judicata was rejected in Judge Gillmor's ruling of December 16, 2006. What Mr. Ushiroda has done is to provide narrative answers even when he admits any admission. Plaintiffs assume that they do not have to adopt the State's narrative. It is evident the State has another result in mind and the Court's guidance is needed in this instance.

The State's objection used in numbers 98 and 99 include long explanations of how the Defendant determined the request was: "compound, vague and ambiguous." This is a straddling response and it should be rejected as such. *See Princess Pat. Ltd. v. National Carloading Corp.,* 233 F.2d, 916 (7th Cir. 1955).

## VI. FIFTH SET OF REQUEST FOR ADMISSIONS

The Fifth Request for Admissions contained 19 requests, 15 of which appears to be deemed as admitted. Stated simply these should be deemed admitted because Defendants already included an admission in the narrative statement provided. For example, the request under number 66 asks the Defendants to admit

that the IEP meeting for the 2003-04 school year was held on January 9, 2004. Defendants neither admitted nor denied by checking the corresponding box. Instead, Defendants' counsel included this totally useless commentary for number 66. "Defendant admits only that an IEP meeting was held on January 9, 2004." Because the Defendant neither formally admitted nor denied, it is necessary for this Court to issue an order deeming these admissions as admitted.

**VII.   SIXTH SET OF REQUEST FOR ADMISSIONS**

There are 14 admissions covered by these requests. Defendants denied one and admitted two and the remaining were specifically objected to. Like the fifth set, these responses involved no effort by the Defendants to respond individually to each admission. What Defendants did was attempt to stymie use of the individual admissions by not responding even if Defendant's references in the accompanying narrative do admit to the requested admission. The Defendant finds almost every admission as "vague and ambiguous," and the following response from the Defendants to number 95 is an example:

REQUEST FOR ADMISSION NO. 95.

Except for Bill Beljean, Linda Price never employed any skills trainer to work in the home.

\_\_\_\_\_          Admit          \_\_\_\_\_          Deny

>OBJECTION. Vague and ambiguous as to the term "employed" as it connotes that Linda Price was the employer of any skills trainer. Without waiving said objections, Defendant admits only that Linda Price never supervised or utilized the services of any skills trainer to work in the home, except for Bill Beljean.

This type of response deserves a ruling that requires Defendants to resubmit the responses in the correct format and to be bound by the statements which accompany the response.

## VIII. SEVENTH SET OF REQUEST FOR ADMISSIONS

The seventh set of request for admissions contains 16 requests. Nine were outright admissions, one an outright denial, and the remaining were objections. It is very problematic about the handling of these semi-admissions. Because, for every response, as in the fifth and sixth requests for admissions, Mr. Ushiroda has decided to try to evade answering by supplying narrative explanations that fail to either admit or deny.

Plaintiffs seek the Court's guidance as to proceed with the jury and to clean up the existing responses.

DATED: Honolulu, Hawai`i, August 4, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs