MARK J. BENNETT          2672
Attorney General
State of Hawai`i

HOLLY T. SHIKADA         4017
LONO P.V. BEAMER         6895
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawai`i 96813
Phone: (808) 586-1255
Facsimile: (808) 586-1488
Email: Lono.P.Beamer@hawaii.gov

Attorneys for Defendants
DEPARTMENT OF EDUCATION,
State of Hawai`i, and ALVIN RHO,
West Hawaii District Superintendent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>    Defendants. | CIVIL NO. CV04-00442 HG/BMK (Other Civil Action) CONSOLIDATED<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION |

EXHIBIT 1

179482_1.DOC

ANN KIMBALL WILES and
STANLEY BOND, individually and as
next friend of their son, BRYAN
WILES-BOND, a minor

              Plaintiffs,

    vs.

DEPARTMENT OF EDUCATION,
State of Hawaii,

            Defendant.

CIVIL NO. CV05-00247 JMS/BMK
(Other Civil Action)

## DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION

Defendant Department of Education ("Defendant"), by and through its

attorneys, Mark J. Bennett, Attorney General of Hawaii, and Holly T. M. Shikada

and Lono P. V. Beamer, Deputy Attorneys General, hereby responds to Plaintiff's

Request for Admissions to the Department of Education as follows:

REQUEST FOR ADMISSION NO. 1:

    Attached as Exhibit "1" is a true and authentic copy of the "Decision and
Order" made by Hearing Officer Richard Chun on May 21, 2001 that sets forth
what the Petitioners and the Respondents stipulated to on May 7, 2001.

      __X__  ADMIT           _____ DENY

REQUEST FOR ADMISSION NO. 2:

    Attached as Exhibit "1" is a true and authentic copy of the "Decision and
Order" made by Hearing Officer Richard Chun on May 21, 2001 that sets forth
what the Petitioners and the Respondents stipulated to on May 7, 2001 which sets
forth the agreements of the Plaintiffs and of the authorized representatives of the
Hawaii State Department of Education.

_____ ADMIT          X    DENY

Objection. The document speaks for itself.

REQUEST FOR ADMISSION NO. 3:

At issue in the hearing of May 7, 2001 was the Department's failure to follow and implement the Individualized Education Program dated January 29, 2001 and the coordinated service plan dated October 17, 2000 for Bryan Wiles-Bond.

X    ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 4:

At the May 7, 2001 hearing the parties stipulated as follows:

1.    The IEP dated January 20, 2001 and the Coordinated Service Plan dated October 17, 2000 shall be followed.

2.    Notwithstanding any other provision in the IEP or CSP, the Department of Education and/or the Department of Health, State of Hawaii, shall hire and train an adult educational aide for S no later than May 21, 2001. The training for the adult educational aide shall include instruction in the TEACCH, DTT, and PECS methods for behavioral management and educational instruction. Dr. Jana Ortiz, Ms. Kim Smalley, or someone with similar qualifications and/or experience, shall provide the training for the adult educational aide.

3.    The adult educational aide shall provide services to S during the normal school hours. Beginning May 31, 2001, the adult educational aide shall also provide after school services to S from 4:00 p.m. to 7:00 p.m. on all regular school days. The adult educational aide shall provide the services on a consistent basis with the goal of completing all tasks and documentation required by the TEACCH, DTT, and PECS methods of behavioral management and educational instruction. However, the failure to complete the trials and documentation required by TEACCH, DTT, and/or PECS on a particular day due to cancellation of session by parents, absences, illnesses or reasons beyond control shall not be considered a breach of Respondent's obligation under this Decision and Order.

4.    The Department of Education and/or Department of Health shall provide an adult educational aide described above for S using the TEACCH, DTT, and PECS methods for behavioral management and educational instruction until October 1, 2001. For each day that an after school educational aide is not provided for S after May 21, 2001, the Department of Education and/or Department of Health shall be obligated to make up those days beginning after October 1, 2001.

5.    In the event the adult educational aide does not complete his/her services for S during the time periods set forth herein, for any reasons whatsoever, the Department of Education and/or the Department of Health shall locate, secure and have in place a suitable replacement within two weeks from the date of the termination.

6.    In addition to the TEACH, DTT, and PECS methods, the Department of Education and the Department of Health shall be allowed to continue to use or implement any other methodology or services that they may deem appropriate for S.

7.    Petitioners and Respondent agreed that Petitioners shall be entitled to reasonable fees and costs in this matter.  In the event the parties cannot agree on the amount, either party may apply to a court of competent jurisdiction for relief.

_____ ADMIT          __X__ DENY

Objection.  The document speaks for itself.

REQUEST FOR ADMISSION NO. 5:

Attached as Exhibit "2" is a true, correct and authentic copy of the complaint in Civil No. CV02-00101 SOM/BMK filed by the Plaintiffs here against the Defendant Department of Education and the Department of Health on February 15, 2002.

__X__ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 6:

The Complaint was made necessary by the Department of Education's failure to comply with the obligations set forth in the Decision and Order dated May 21, 2001.

_____ ADMIT          X____ DENY

## REQUEST FOR ADMISSION NO. 7:

Attached as Exhibit "3" is a true, correct and authentic copy of the Release and Settlement Agreement which was intended by the Department to halt all legal proceedings under Civil No. CV02-00101 SOM/BMK.

_____ ADMIT          X____ DENY

## REQUEST FOR ADMISSION NO. 8:

In Exhibit "3" the Settlement Agreement required the Department to:

1.    Therapeutic Aide ("TA") Services
    a.    By August 1, 2002, the State shall hire, train, and have in place the TAs needed to consistently provide Bryan with not less than ninety-five percent (95%) per calendar month of the TA hours to which he is entitled.1
    b.    The State shall continue to provide TA services through its contract with the current service provider and/or its successor.
    c.    By August 1, 2002, the State shall procure TA services for Bryan to be provided by qualified individuals through an "expedited contract process". Under this expedited contract process, the State shall pay qualified individuals a minimum of $20.00 per hour, and may offer effective bonus/incentive payments to encourage retention of the TAs for three (3) months or longer. The State shall pay these TAs within 30 days of the TAs' submittal of properly verified time sheets to the State.
    d.    To assist the State in meeting the requirements of Paragraph II.c above, the Bonds shall be authorized to advertise for TAs in State and national newspapers and other publications, with the costs of said advertising to be paid by the State, up to a total of $1,000.00 per year. The Bonds may refer potential TAs identified through advertising or other means to the State. The State shall determine the individuals' qualifications and pay level, conduct criminal background checks, and require that the individuals undergo and pass physical examinations prior to being hired.
    e.    By August 1, 2002, the State shall create a pool of substitute TAs who are qualified and trained to provide services to Bryan. This pool of substitutes shall consist of a maximum of three individuals, who shall be subject to the Bonds' reasonable approval as to these individuals' presence in the home (but

not as to their qualifications). Before providing services to Bryan, each substitute TA shall have reviewed Bryan's IEP, shall be trained to implement Bryan's IEP, and shall have observed Bryan receiving TA services for a minimum of two (2) hours in school and a minimum of two (2) hours in the home. These substitute TAs shall be available to provide services to Bryan on an occasional basis when his regular TAs are unavailable.

　　　f.　　The above-described TA services shall be provided by qualified TAs who meet the standards for a Level III TA, and are trained in DTT, TEACCH, and PECs methods for autistic children.

　　　g.　　The TAs shall complete Bryan's daily behavioral logs and daily log sheets showing the number and completion percentage of DTT and TEACCH trials utilized, and shall complete the DTT log for each trial. Each TA shall sign and date the entries in the daily behavioral logs and daily log sheets.

　　　h. Oversight and monitoring services for the TAs shall continue to be provided by the current autism consultants contracted by the State, or equally trained personnel. The State is not precluded from removing the current autism consultants and/or their successors for malfeasance, misfeasance, or nonfeasance of their duties.

　　　i. When school is not in session, either during the regular or extended school year, the State shall provide TA services to Bryan at his home or at another setting deemed appropriate by the IEP team, including a school classroom. The State shall provide Bryan with curb-to-curb transportation to the school or other setting.

　　　On weekends and on State and/or national holidays, when TA services are to be provided in the home, if required by the TAs' contracting agency or the State (under Paragraphs II.A. 1 .e. above), the Bonds shall be responsible for ensuring that at least one of them or another responsible adult is in the home during those times. On weekdays, other than State and/or national holidays, when TA services are to be provided in the home, if required by the TAs' contracting agency or the State (under Paragraphs II.A.1.c and II.A.1.e above), the State shall be responsible for providing and paying for an additional adult to be present when either of the parents is unable to be in the home during those times; contingent upon the Bonds providing the State with at least two (2) business days' prior notice of the need for an additional adult to be in the home with Bryan and his TA. Any such individuals shall be subject to the Bonds' reasonable approval as to those individuals' presence in the home. The State shall conduct criminal background checks on these individuals, and shall pay these individuals within 30 days of the individuals' submittal of properly verified time sheets to the State.

　　　The Bonds agree to execute an "assumption of risk" provision to permit: (1) specific TAs to be alone with Bryan in the home while providing services, if

acceptable to the specific TA's contracting agency, if any; and (2) an additional adult to be present in the home with Bryan and his TA.

2.    Additional Occupational and Speech/Language Therapy.

a. Pursuant to his IEP, Bryan currently receives two half-hour sessions per week of occupational therapy and two half-hour sessions per week of speech/language therapy.

b. For an eight-week period, starting as of July 15, 2002, Bryan shall receive two additional half-hour sessions per week of occupational therapy and two additional half-hour sessions per week of speech/language therapy. After this eight-week period, if deemed appropriate by Bryan's IEP team, with input from Bryan's current autism consultants or their successors, the additional therapy sessions shall be included in Bryan's IEP.

_____ ADMIT          __X__ DENY

Objection.  The document speaks for itself.

REQUEST FOR ADMISSION NO. 9:

Since October 2003 to December 2004, the State has failed to hire, train, and have in place the TAs needed to consistently provide Plaintiff with not less than ninety-five percent (95%) per calendar month of the TA hours to which he was entitled.

_____ ADMIT          __X__ DENY

REQUEST FOR ADMISSION NO. 10:

Since October 2003 to December 2004, the State has failed to hire, train, and have in place the TAs needed to consistently provide Plaintiff with seventy-five percent (75%) per calendar month of the TA hours to which he was entitled.

_____ ADMIT          __X__ DENY

REQUEST FOR ADMISSION NO. 11:

An IEP was developed for Bryan on January 9, 2004.

__X__ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 12:

That January 9, 2004 IEP required 1:1 Adult instructional support on Monday, Tuesday, Thursday and Friday at a frequency of 6.5 hours and 5.5 hours on Wednesday, extended school day with 1:1 Adult instructional support on Monday, Tuesday, Thursday and Friday at a frequency of 4.5 hours and 5.5 hours on Wednesday and 1:1 Adult instructional support for extended week of 6.0 hours two times per week.

_X_ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 13:

Attached as Exhibit "4" is an authentic, true and accurate copy of a letter signed by Jerilynn Ono Hall dated July 2, 2002 and addressed to Pamela A. Toguchi, Esq. in her capacity as Deputy Attorney General, Department of the Attorney General, who represented the Department of Education at the May 7, 2001 hearing.

_X_ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 14:

Pamela A. Toguchi did not provide a written response to Exhibit "4".

_____ ADMIT          _X_ DENY

Objection. The request for admission assumes that Ms. Toguchi received the letter.

REQUEST FOR ADMISSION NO. 15:

Attached as Exhibit "5" is an authentic, true and accurate copy of a letter signed by Jerilynn Ono Hall dated July 19, 2002 and addressed to Pamela A. Toguchi, Esq. in her capacity as Deputy Attorney General, Department of the Attorney General, who represented the Department of Education at the May 7, 2001 hearing.

_X_ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 16:

Attached as Exhibit "6" is an authentic, true and accurate copy of the "School Psychiatric Evaluation" by Dr. Richard Mesco dated October 19, 1999 and signed by Dr. Richard Mesco on October 19, 1999.

    X  ADMIT                   DENY

REQUEST FOR ADMISSION NO. 17:

Attached as Exhibit "7" is an authentic, true and accurate copy of a sign-in log prepared by Kim Wiles Bond to accurately show the attendance of the skills trainers assigned to her son during the period August 5, 2003 through March 8, 2004.

        ADMIT               X  DENY

REQUEST FOR ADMISSION NO. 18:

Attached as Exhibit "8" is an authentic, true and accurate copy of the Behavior Management Plan developed for the Department of Education and used by it during the period of August, 2003 and February, 2004.

        ADMIT               X  DENY

Objection.  Compound.

REQUEST FOR ADMISSION NO. 19:

Attached as Exhibit "9" is an authentic, true and accurate copy of the IEP developed for Bryan Wiles-Bond as of January 28, 2002.

        ADMIT               X  DENY

REQUEST FOR ADMISSION NO. 20:

Attached as Exhibit "10" is an authentic, true and accurate copy of the "discussion points that need to be addressed" agreed to by the Department of Education and the parents dated September 9, 2003.

        ADMIT               X  DENY

REQUEST FOR ADMISSION NO. 21:

The Principal at Kealekehe Intermediate School on or about November 12, 2003 is Robert Gentzel.

   __X__ ADMIT       _____ DENY

REQUEST FOR ADMISSION NO. 22:

Attached as Exhibit "11" is an authentic, true and accurate copy of the letter signed by Kim Wiles-Bond and dated November 13, 2003 with the salutation to Bob who is Robert Gentzel.

   __X__ ADMIT       _____ DENY

REQUEST FOR ADMISSION NO. 23:

Attached as Exhibit "12" is an authentic, true and accurate copy of the Alaka'i Na Keki quarterly report prepared by Dr. Dru Copeland which reports Bryan's progress toward each IEP/MP Goals(s)/Objective(s) during the second school quarter of the months of October, November, and December, 2003.

   _____ ADMIT       __X__ DENY

REQUEST FOR ADMISSION NO. 24:

Attached as Exhibit "13" is an authentic, true and accurate copy of a letter signed by Holly T. Shikada dated November 28, 2003 and addressed to Shelby Anne Floyd, Esq.

   __X__ ADMIT       _____ DENY

REQUEST FOR ADMISSION NO. 25:

Attached as Exhibit "14" is an authentic, true and accurate copy of a letter signed by Shelby Anne Floyd dated November 21, 2003 and addressed to Joelle Chiu, Esq. in her capacity as Deputy Attorney General, Department of the Attorney General, who represented the Department of Education.

_ X _ ADMIT                    _____ DENY

**REQUEST FOR ADMISSION NO. 26:**

Attached as Exhibit "15" is an authentic, true and accurate copy of a letter signed by Lono P.V. Beamer dated December 17, 2003 and addressed to Ms. Shelby Floyd, Esq.

_ X _ ADMIT                    _____ DENY

**REQUEST FOR ADMISSION NO. 27:**

Attached as Exhibit "16" is an authentic, true and accurate copy of the quarterly report for the quarter consisting of April, May, June, July, 2003 prepared by Dr. Dru Copeland and included with the reports are authentic, true and accurate copies of the Addendum to the Quarterly Report, a House Boundaries Plan, a training plan, a list of sight words for Bryan, and a three-paged sight-word worksheet--all prepared by Dr. Dru Copeland.

_____ ADMIT                    _ X _ DENY

**REQUEST FOR ADMISSION NO. 28:**

Attached as Exhibit "17" is an authentic, true and accurate copy of a letter signed by Shelby Anne Floyd dated December 2, 2003 and addressed to Holly Shikada, Esq. in her capacity as Deputy Attorney General, Department of the Attorney General, who represented the Department of Education.

_ X _ ADMIT                    _____ DENY

**REQUEST FOR ADMISSION NO. 29:**

Attached as Exhibit "18" is an authentic, true and accurate copy of a letter from Kim Wiles-Bond to Dr. Dru Copeland dated October 1, 2003. That letter accurately sets forth the events that occurred as the direct result of the state not having a pool of substitute skills trainers who are qualified and available to help Bryan.

_____ ADMIT                    _ X _ DENY

179482_1.DOC

For the foregoing Objections:

_____

Lono P.V. Beamer
Deputy Attorney General


DATED:     Honolulu, Hawaii, February 23, 2006.


_____

Lono P. V. Beamer
Holly T. M. Shikada

Deputy Attorneys General
Attorneys for Defendant
DEPARTMENT OF EDUCATION


ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, vs. DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, CIVIL NO. CV04-00442 HG/BMK; CONSOLIDATED;  ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, vs. DEPARTMENT OF EDUCATION, State of Hawaii, CIVIL NO. CV05-00247 JMS/BMK; **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION**

179482_1.DOC

9/8/08

MARK J. BENNETT          2672
Attorney General
State of Hawai`i

HOLLY T. SHIKADA         4017
GARY K. H. KAM           4391
GEORGE S. S. HOM         2487
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawai`i 96813
Phone:  (808) 586-1255
Facsimile:  (808) 586-1488

Attorneys for Defendants
DEPARTMENT OF EDUCATION,
State of Hawai`i, and ALVIN RHO,
West Hawaii District Superintendent

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor<br><br>                    Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>                    Defendants. | CIVIL NO. CV04-00442 HG/BMK (Other Civil Action) CONSOLIDATED<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION |

ANN KIMBALL WILES and
STANLEY BOND, individually and as
next friend of their son, BRYAN
WILES-BOND, a minor

                 Plaintiffs,

   vs.

DEPARTMENT OF EDUCATION,
State of Hawaii,

                 Defendant.

CIVIL NO. CV05-00247 JMS/BMK
(Other Civil Action)

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION

       Defendant Department of Education ("Defendant"), by and through its

attorneys, Mark J. Bennett, Attorney General of Hawaii, and Holly T. M. Shikada

and George S. S. Hom, Deputy Attorneys General, hereby responds to Plaintiff's

Request for Admissions to the Department of Education as follows:

## REQUEST FOR ADMISSION NO. 30:

As of July, 2004, Debra Rusnak had no prior experience with discrete trial training
and with Autism.

**Defendants object to this request for admission as it is incomplete and
misleading. Without waiving the objection, the Defendants respond that Ms.
Rusnak was qualified to perform the services for which she was hired. She
has a Masters of Science in Education, with sensory integration and some sign
language experience. At the time, she had more than 5 years of experience
working with people with behavior challenges.**

     _____X_____ ADMIT       _____ DENY

## REQUEST FOR ADMISSION NO. 31:

As of July, 2004, Renee Kraft had no direct experience with autism or the methodologies to deal with autism.

**Defendants object to this request for admission as it is incomplete and misleading. Without waiving the objection, the Defendants respond that Ms. Kraft was qualified to perform the services for which she was hired.**

　　　　X　　ADMIT　　　　　　DENY

## REQUEST FOR ADMISSION NO. 32:

As of July, 2004, June Jones had only limited experience dealing with two autistic children and no knowledge of American Sign Language.

　　　　　　ADMIT　　　X　　DENY

## REQUEST FOR ADMISSION NO. 33:

As of July, 2004, Kathryn Seal worked only with a speech and language therapist.

　　　　　ADMIT　　　X　　DENY

## REQUEST FOR ADMISSION NO. 34:

As of July, 2004, Corrina Serrao did not know ASL and told the Plaintiffs that she did not know DTT.

**Defendants object to this request for admission as it is compound. In its present form, Defendants cannot admit the request for admission.**

　　　　　ADMIT　　　X　　DENY

3

## REQUEST FOR ADMISSION NO. 35:

As of July, 2004, Sven Linderman had worked ten years with adults in a group home in Germany.

_____ ADMIT        __X__ DENY

## REQUEST FOR ADMISSION NO. 36:

For the month of August, 2004, the DOE in the IEP was committed for 274 hours of which DOE worked 187 hours and missed 87 hours.

_____ ADMIT        __X____ DENY

## REQUEST FOR ADMISSION NO. 37:

As of September, 2004, the DOE teacher (Kathryn) was very frustrated because there was no program for Bryan.

_____ ADMIT        __X____ DENY

## REQUEST FOR ADMISSION NO. 38:

The DOE was ordered on September 10, 2004, to provide a report about how the DOE was going to comply with the May 11, 2004 Administrative Decision.

__X__ ADMIT        _____ DENY

## REQUEST FOR ADMISSION NO. 39:

As of September 17, 2004, the DOE had moved Bryan to a more restrictive environment.

__X__ ADMIT        _____ DENY

4

**REQUEST FOR ADMISSION NO. 40:**

On September 18, 2004, the DOE changed Bryan's placement and isolated him alone in a classroom.

_____X_____ ADMIT            _____ DENY

**REQUEST FOR ADMISSION NO. 41:**

As of September, 2004, Bryan was essentially non-verbal and could not tell his parents what was happening at school.

_____X_____ ADMIT            _____ DENY

**REQUEST FOR ADMISSION NO. 42:**

Dr. Kim Smalley did not support the isolation of Bryan in September, 2004 at the Kelakehe School.

_____ ADMIT            ___X___ DENY

**REQUEST FOR ADMISSION NO. 43:**

On September 20, 2004, Kim Wiles wrote to the principal questioning why the DOE had chose to isolate Bryan.

_____X_____ ADMIT            _____ DENY

**REQUEST FOR ADMISSION NO. 44:**

Exhibit "19" is an accurate accounting of the time spent by the DOE in July, 2004 for Bryan as per his IEP for skills trainer hours.

_____ ADMIT            ___X___ DENY

_____
George S. S. Hom
Deputy Attorney General

5

MARK J. BENNETT       #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM       #4391-0
GEORGE S. S. HOM     #2487-0
HOLLY T. M. SHIKADA #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI     #2498-0
GREGG M. USHIRODA   #5868-0
LEIGHTON M. HARA    #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>          Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' THIRD REQUEST FOR ADMISSIONS DATED 03/02/2006**<br><br>**TRIAL: October 11, 2006** |

## DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' THIRD REQUEST FOR ADMISSIONS DATED 03/02/2006

COMES NOW Defendant DEPARTMENT OF EDUCATION ("Defendant"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby submits its response to Plaintiffs' Third Request for Admissions to Defendant Department of Education dated March 2, 2006.

I.   PREFACE AND GENERAL OBJECTIONS IN RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS

Defendant objects to the Request for Admissions and each request contained herein on each of the following grounds:

1.   Defendant objects generally to the Request for Admissions, including the preface thereto, to the extent that it seeks to impose burdens and obligations greater than allowed by Rules 26 and 36 of the Federal Rules of Civil Procedure.

2.   Defendant objects to the requests to the extent that they are overly broad, unduly burdensome, and most requests are not relevant to any of the claims or defenses in this action.

3.   Defendant objects to each and every request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable

privilege.  To the extent that a request seeks such privileged or protected information, Defendant reserves all rights thereto.

DATED: Honolulu, Hawaii, April 20, 2007.

JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

RESPONSE TO ADMISSIONS

## REQUEST FOR ADMISSION NO. 45:

The Settlement Agreement dated July 1, 2002, required the DOE to, inter alia,

a.    Hire, train and have in place the skills trainers (formerly "therapeutic aides" or "TAs") needed to consistently provide Bryan with not less than 95% per calendar month of the skills trainer hours to which he is entitled under his IEP;

b.    Procure skills trainer services for Bryan through an "expedited contract process," in which the DOE committed to pay a minimum salary and pay the skills trainers promptly.

_____x_____    Admit              _____    Deny

## REQUEST FOR ADMISSION NO. 46:

Between October 2003 and February 2004, despite the requirements of Bryan's IEP and the Settlement Agreement, the DOE failed to provide skills trainers to deliver 95% of the services in Bryan's IEP.  The DOE provided only approximately 75% of the services mandated.  In addition, the DOE never created a pool of qualified substitutes to provide interim services while recruitment of fully trained and committed skills trainers were hired.

_____x_____    Admit              _____    Deny

**REQUEST FOR ADMISSION NO. 47:**

Bryan's IEP developed on January 9, 2004, required 1:1 instructional support during the school day for 6.5 hours (5.5 hours on Wednesday), after school for 4.5 hours (5.5 hours on Wednesday), and 6.0 hours per day on the weekend. It also required that Bryan receive special education and related services for 360 days per year.

    ___x___ Admit            _____ Deny

**REQUEST FOR ADMISSION NO. 48:**

The May 2004 Decision held that the DOE's failures to provide Bryan with "1) the required number of skills trainer service hours as specified in his trainers who can communicate with Bryan using ASL, resulting in a loss of educational benefit to Bryan."

    _____ Admit            _____ Deny

OBJECTION: Lack of foundation, vague, ambiguous, misleading, misquotes the alleged language of the May 2004 Decision. Subject to and without waiving the foregoing objections, Defendant states that it is unable to admit or deny the truth of the matter asserted because the language alleged to be quoted from the May 2004 Decision in Request For Admission No. 48 above is misquoted, is an inaccurate paraphrase that purport to be the actual language quoted, and does not accurately quote the actual language from the May 2004 Decision.

**REQUEST FOR ADMISSION NO. 49:**

In the May 2004 Decision, the DOE was ordered to: 1) hire, train and have in place the skills trainers needed to consistently provide Bryan with not less than 95% per calendar months of the skills trainer hours to which he is entitled to in his IEP; 2) hire skills trainers who are trained in Discrete Trial Training and TEACCH and American Sign Language to sufficiently implement Bryan's IEP program; 3) provide additional authorization to Bryan's autism consultant to train new skills trainers; and 4) provide additional hours of service from a knowledgeable consultant to design, implement and monitor a toileting program for Bryan.

    ___x___ Admit            _____ Deny

**REQUEST FOR ADMISSION NO. 50:**

The May 2004 Decision was not appealed by the DOE and is now a final order.

_____x_____    Admit                _____    Deny

**REQUEST FOR ADMISSION NO. 51:**

On June 11, 2004, Plaintiffs submitted a request for a due process hearing under Hawaii Administrative Rules ("HAR") Title 8, Chapter 56.  The issues raised by the request for hearing were: 1) the failure of the DOE to hire and have in place a trained, certified and qualified special education teacher to deliver Bryan's special education program during his "extended school year," e.g., the period he received services outside of the regular academic year; and 2) the DOE's hiring of an unqualified special education teacher for Bryan for the 2004-2005 school year.

_____x_____    Admit                _____    Deny

**REQUEST FOR ADMISSION NO. 52:**

Beginning in June 2004, despite the Settlement Agreement and May 2004 Decision, there was no pool of trained substitutes in place, and Bryan was not receiving and is still not receiving 95% of the hours of services from skills trainers identified in the May 2004 Decision.  The toileting program ordered had not been implemented.  No ASL training has been conducted and no skills trainers had been hired who are qualified as required by the Decision.

_____    Admit                _____x_____    Deny

REQUEST FOR ADMISSION NO. 53:

Exhibit "20" is an authentic copy of a letter from Kelly A. Stern, MA Clinical Psychology Program Manager, Clinical Supervisor to Joanne Hill, DES dated June 30, 2004.

     <u>  x  </u>  Admit           <u>      </u>  Deny


DATED: Honolulu, Hawaii, April 20, 2007.


JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants
DEPARTMENT OF EDUCATION, State
of Hawaii, and ALVIN RHO


- 4 -

372849.1

MARK J. BENNETT      #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM       #4391-0
GEORGE S. S. HOM    #2487-0
HOLLY T. M. SHIKADA #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI      #2498-0
GREGG M. USHIRODA    #5868-0
DANIEL K. OBUHANYCH #7147-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br> Defendants. | CIVIL NO. CV 04-00442 HG/BMK <br> CIVIL NO. CV 05-00247 HG/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> **DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION** <br><br> TRIAL: July 25, 2006 |

DEFENDANT DEPARTMENT OF EDUCATION'S
RESPONSE TO PLAINTIFF'S FOURTH REQUEST FOR
<u>ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION</u>

COMES NOW Defendant DEPARTMENT OF EDUCATION ("Defendant"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby submits its response to Plaintiff's Fourth Request for Admissions to Defendant Department of Education dated April 13, 2006.

I.   PREFACE AND GENERAL OBJECTIONS IN RESPONSE TO
     <u>PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS</u>

Defendant objects to the Request for Admissions and each request contained herein on each of the following grounds:

1.   Defendant objects generally to the Request for Admissions, including the preface thereto, to the extent that it seeks to impose burdens and obligations greater than allowed by Rules 26 and 36 of the Federal Rules of Civil Procedure.

2.   Defendant objects to the requests to the extent that they are overly broad, unduly burdensome, and most requests are not relevant to any of the claims or defenses in this action.

3.   Defendant objects to each and every request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable

privilege.   To the extent that a request seeks such privileged or protected information, Defendant reserves all rights thereto.

DATED: Honolulu, Hawaii, May 23, 2006.

JOHN T. KOMEIJI
GREGG M. USHIRODA
DANIEL K. OBUHANYCH

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

## RESPONSE TO ADMISSIONS

REQUEST FOR ADMISSION NO. 54:

Attached hereto as Exhibit "21" is a true and accurate copy of excerpts of the transcript of the proceedings held on April 5, 2004 presided over by Haunani Alm and between the Wiles-Bond family and the Department of Education, State of Hawaii.

___X___ ADMIT          _____ DENY

*Defendant notes that Exhibit "21" contains underlining that is not contained in the original transcript.*

REQUEST FOR ADMISSION NO. 55:

Included in this excerpt (Exhibit "21") is some of the testimony of Linda Price, Kelly Stern, Dru Copeland and Ann Kimball Wiles.

___X___ ADMIT          _____ DENY

*Defendant notes that Exhibit "21" contains underlining that is not contained in the original transcript.*

REQUEST FOR ADMISSION NO. 56:

The portions of the testimony (Exhibit "21") of Linda Price, Kelly Stern, Dru Copeland and Ann Kimball Wiles is a true and accurate copy of the original of that transcript.

___X___ ADMIT          _____ DENY

*Defendant notes that Exhibit "21" contains underlining that is not contained in the original transcript.*

REQUEST FOR ADMISSION NO. 57:

In the case of Stephen L. v. LeMahieu, Civil No. 00-00338 DAE/KSC, Judge Ezra found the Department of Education had been deliberately indifferent to the rights of Plaintiff, Aaron L.

___X___ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 58:

The deliberate indifference in the Stephen L. case,
mentioned above, was that the Department of Education did
not hire qualified teachers or speech pathologists for
Molokai school which Aaron L. attended.

_____ ADMIT               ___X___ DENY


REQUEST FOR ADMISSION NO. 59:

The doctrine of res judicata and a corollary of that
doctrine entitled collateral estoppel/issue preclusion
applies in this case to any unappealed administrative
decision.

_____ ADMIT               ___X___ DENY


REQUEST FOR ADMISSION NO. 60:

The stipulated decision of May 21, 2001, the administrative
hearing decision of May 11, 2004 and the administrative
decision of July 23, 2004 are all unappealed decisions in
this case.

___X___ ADMIT               _____ DENY


REQUEST FOR ADMISSION NO. 61:

At TIFFE skills trainer meetings between 2002 and 2004 there
was open discussions of Bryan's case which discussions
breached Bryan's right to confidentiality and privacy.

_____ ADMIT               ___X___ DENY


REQUEST FOR ADMISSION NO. 62:

The Department of Education's employees breached the
confidentiality and privacy by improperly tapping into the
private e-mails of the Plaintiffs' family.

_____ ADMIT               ___X___ DENY

REQUEST FOR ADMISSION NO. 63:

    Attached hereto as Exhibit "22" is a true and accurate copy
of the full twenty pages of Kimberly A. Smalley, Ph.D.'s
report dated 8/18/04.

_____ ADMIT          __X__ DENY

         DATED: Honolulu, Hawaii, May 23, 2006.

                           _____

                 JOHN T. KOMEIJI
                 GREGG M. USHIRODA
                 DANIEL K. OBUHANYCH

                 GARY K.H. KAM
                 GEORGE S.S. HOM
                 HOLLY T. SHIKADA

                 Attorneys for Defendants

375772.1
MARK J. BENNETT        #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM         #4391-0
GEORGE S. S. HOM      #2487-0
HOLLY T. M. SHIKADA #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI      #2498-0
GREGG M. USHIRODA    #5868-0
DANIEL K. OBUHANYCH #7147-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>          Defendants. | CIVIL NO. CV 04-00442 HG/BMK<br>CIVIL NO. CV 05-00247 HG/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFF'S FIFTH REQUEST FOR ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION**<br><br>**TRIAL: October 11, 2006** |



DEFENDANT DEPARTMENT OF EDUCATION'S
RESPONSE TO PLAINTIFF'S FIFTH REQUEST FOR
ADMISSIONS TO DEFENDANT DEPARTMENT OF EDUCATION

COMES NOW Defendant DEPARTMENT OF EDUCATION
("Defendant"), by and through its attorneys, WATANABE ING &
KOMEIJI LLP, and pursuant to Rules 26 and 36 of the Federal Rules
of Civil Procedure, hereby submits its response to Plaintiff's
Fifth Request for Admissions to Defendant Department of Education
dated June 27, 2006.

I.    PREFACE AND GENERAL OBJECTIONS IN RESPONSE TO
      PLAINTIFF'S THIRD REQUEST FOR ADMISSIONS

          Defendant objects to the Request for Admissions and
each request contained herein on each of the following grounds:

          1.    Defendant objects generally to the Request for
Admissions, including the preface thereto, to the extent that it
seeks to impose burdens and obligations greater than allowed by
Rules 26 and 36 of the Federal Rules of Civil Procedure.

          2.    Defendant objects to the requests to the extent
that they are overly broad, unduly burdensome, and most requests
are not relevant to any of the claims or defenses in this action.

          3.    Defendant objects to each and every request to the
extent it seeks information protected by the attorney-client
privilege, work product doctrine, or any other applicable

privilege.   To the extent that a request seeks such privileged or protected information, Defendant reserves all rights thereto.

DATED: Honolulu, Hawaii, July 27, 2006.

JOHN T. KOMEIJI
GREGG M. USHIRODA
DANIEL K. OBUHANYCH

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

- 3 -

## RESPONSE TO ADMISSIONS

REQUEST FOR ADMISSION NO. 64:

At the annual IEP meeting held on November 29, 2004, the PLEPs were reviewed and edited.

_____ ADMIT        _____ DENY

*Defendant admits only that the PLEP was reviewed and edited at the annual IEP meeting on November 29, 2004, but is unable to admit or deny the remainder of this statement because, after reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of this statement.*

REQUEST FOR ADMISSION NO. 65:

At the meeting on November 29, 2004, the entire team recognized that "Bryan had been regressing since May."

_____ ADMIT        _____ DENY

*Defendant admits only that it was noted in the November 29, 2004 IEP report that "Bryan began regressing in May" but is unable to admit or deny the remainder of this statement because, after reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of this statement.*

REQUEST FOR ADMISSION NO. 66:

The annual IEP meeting for the 2003-2004 school year was held on January 9, 2004.

_____ ADMIT        _____ DENY

*Defendant admits only that an IEP meeting was held on January 9, 2004.*

REQUEST FOR ADMISSION NO. 67:

Occupational therapy was discontinued as a supplementary aid in the IEP resulting from that January 9, 2004 meeting.

_____ ADMIT             _____ DENY

*Defendant admits only that occupational therapy was discontinued as a related service in the January 9, 2004 IEP meeting.*

REQUEST FOR ADMISSION NO. 68:

On July 21, 2004 an IEP meeting was held and the parents were notified that Kim Smalley had been contracted to "write a toileting plan" for Bryan.

__X__ ADMIT               _____ DENY

REQUEST FOR ADMISSION NO. 69:

On August 25, 2004, Dr. Kim Smalley (Dr. Smalley) reported to the team that toileting is still a main concern for the family.

_____ ADMIT             _____ DENY

*Defendant admits only that Dr. Smalley reported to the team that toileting is still a main concern on August 25, 2004, but is unable to admit or deny the remainder of this statement because, after reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of this statement.*

REQUEST FOR ADMISSION NO. 70:

Dr. Smalley also reported that the family was concerned about self-stimulating behavior, communication, and aggression.

_____ ADMIT             _____ DENY

- 2 -

*Defendant admits only that Dr. Smalley reported that self-stimulating behaviors, communication and aggression are still concerns on August 25, 2004, but is unable to admit or deny the remainder of this statement because, after reasonable inquiry, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of this statement.*

REQUEST FOR ADMISSION NO. 71:

Dr. Smalley recommended that the toileting issues should be resolved before puberty.

    __X__ ADMIT                    _____ DENY

REQUEST FOR ADMISSION NO. 72:

Dr. Smalley reported that tantrums are reinforced when Bryan is touched or restrained during them.

    __X__ ADMIT                    _____ DENY

REQUEST FOR ADMISSION NO. 73:

The IEP team reported that although Bryan had tantrums, he was not previously this aggressive.

    _____ ADMIT                    _____ DENY

**OBJECTION.** *Vague and ambiguous. Without waiving said objections, Defendant responds as follows:*

*Defendant admits only that the August 25, 2004 IEP report notes state that, "Although Bryan has always had tantrums he was not previously this aggressive."*

- 3 -

REQUEST FOR ADMISSION NO. 74:

    Dr. Smalley reported that Bryan had more skills that the DOE was seeing.

        _____ ADMIT                _____ DENY

    **OBJECTION.**  *Vague and ambiguous.  Without waiving said objection, Defendant responds as follows:*

    *Defendant admits only that the August 25, 2004 IEP report notes state that Dr. Smalley ". . .believes that Bryan has more skills than what we are currently seeing."*

REQUEST FOR ADMISSION NO. 75:

    Although Bryan had lost some skills generalization, Dr. Smalley believed these could be recouped.

        __X__ ADMIT                _____ DENY

REQUEST FOR ADMISSION NO. 76:

    Dr. Smalley recommended to the IEP team that no more than two hours per day be instructed at home.

        __X__ ADMIT                _____ DENY

REQUEST FOR ADMISSION NO. 77:

    Dr. Smalley told the IEP team that adults working with Bryan should know his signs and be comfortable with them.

        __X__ ADMIT                _____ DENY

REQUEST FOR ADMISSION NO. 78:

    Mr. Bond expressed his concern to the IEP team about the qualifications of the skills trainers working with Bryan, as well as his recent regression of skills.

        __X__ ADMIT                _____ DENY

REQUEST FOR ADMISSION NO. 79:

Dr. Smalley reported to the IEP team on or about August 18, 2004 that" "An analysis of Brian's communication skills reveals that the tantrum behavior is influenced by the following communicative deficits."

_____ ADMIT          \_\_X\_\_ DENY

**OBJECTION.** *This is an incomplete, fragmented statement and does not contain the remainder of the referenced statement, and on this basis, Defendant denies this request for admission.*

REQUEST FOR ADMISSION NO. 80a:

Dr. Smalley further reported that:  "Brian self stimulates pervasively.  He is almost always in motion.  Hands flapping, tapping, pulling his fingers back far enough to cause another pain, picking at himself, spitting, urinating, putting his fingers in his mouth removing saliva and then putting it in his ears or eyes.  Brian has regular staph infections, bruises and scratches.  Brian often takes Advil to remediate."

\_\_X\_\_ ADMIT          _____ DENY

REQUEST FOR ADMISSION NO. 80b:

Dr. Smalley further reported that: ".  .  .  Brian drinks everything, he will grab all water receptacles, put his mouth over the end of the hose or faucet and leave it there, drinking the stream.  He has a history of biting open all squishy stim toys and drinking the fluid inside.  Brian will drink non-stop to a point of urinating while drinking.  Brian eats non-edibles.  He grabs paper, leaves and almost anything small enough to put in his mouth with speed and swallows.  He will also shove items into his mouth that are too large to swallow, such as a paper towel from the bathroom.  He recently has thrown up undistinguishable plastic pieces, string, leaves and seawater.  Brian enjoys deep pressure touch and any activity providing similar sensory feedback.  Brian may run or "Bolt" but it is the joy of movement the compulsion to run in a self-stimulatory way

rather then bolting away as escape.  Self-stimulation in
multiple forms is pervasive.  Self-injury is intense enough
to cause swelling bruises small scratches, open wounds, and
Staph."


_____ ADMIT              _____ DENY


**OBJECTION.**  *This is an inaccurate statement.  Defendant
admits that Dr. Smalley made the above statements in her
report dated August 18, 2004, with the exception of sentence
seven in the paragraph above ("He recently has thrown up
undistinguishable plastic pieces, string, leaves and
seawater"), which is denied in its entirety.  Sentence seven
is inaccurate and appears to be taken from Dr. Smalley's
draft report, and not her final report.*


REQUEST FOR ADMISSION NO. 81:


Dr. Smalley further reported that: "Brian isn't oppositional
in the traditional sense, he has however begun to test his
limits and boundaries in a way that is new more intense and
at much higher frequencies.  Not atypical of puberty, this
behavior may be related to typical milestones as well as a
symptom of behavioral drift.  Brian's program has lost
integrity and consistency; as a result his behaviors as
described above have been intermittently reinforced.  Brian
is testing his boundaries in all environments across all
persons."


_X__ ADMIT              _____ DENY

REQUEST FOR ADMISSION NO. 82:


Dr. Smalley further reported that: "First and foremost
Brian's toileting skills need to be continuously addressed
in a systematic manner.  Brian is not toilet trained.  He
has urinates and defecates [sic] inappropriately through out
the day and night.  He had been much more successful as
recent as the new year but in the last few months has
deteriorated significantly.  Brian is still habituated to
urinating on himself, which is naturally reinforcing.  He
prefers to move his bowels and urinate outside.  You have no
external tangible reinforcer better then the act of
urination itself. He has made good progress in moving his
bowels since the initial toileting plan of 01" and it is

- 6 -

clear that this was emphasized and worked on successfully.
Continued progress is possible.  The current backsliding
appears to be associated with inconsistent programming,
communication gaps, staff change, and of course behavior.
Brian is reportedly having more accidents on specific shifts
with specific staff."


___X___ ADMIT                    _____ DENY


        DATED: Honolulu, Hawaii, July 27, 2006.


                              _____
                              JOHN T. KOMEIJI
                              GREGG M. USHIRODA
                              DANIEL K. OBUHANYCH

                              GARY K.H. KAM
                              GEORGE S.S. HOM
                              HOLLY T. SHIKADA

                              Attorneys for Defendants


                              - 7 -

385323v1
**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii
**GARY K.H. KAM**        #4391-0
**GEORGE S. S. HOM**     #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
**JOHN T. KOMEIJI**      #2498-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

ANN KIMBALL WILES and STANLEY )
BOND, individually and as )
next friends of their son, )
BRYAN WILES-BOND, a minor, )
)
     Plaintiffs, )
)
  vs. )
)
DEPARTMENT OF EDUCATION, )
State of Hawaii, and ALVIN )
RHO, in his official capacity )
as West Hawaii District )
Superintendent, )
)
    Defendants. )
_____ )

CIVIL NO. CV 04-00442 HG/BMK
CIVIL NO. CV 05-00247 HG/BMK
CONSOLIDATED
(Other Civil Action)

**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' SIXTH REQUEST FOR ADMISSIONS DATED 03/27/2006**

**TRIAL: October 11, 2006**

DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO
PLAINTIFFS' SIXTH REQUEST FOR ADMISSIONS DATED 03/07/2007

COMES NOW Defendant DEPARTMENT OF EDUCATION

("Defendant"), by and through its attorneys, WATANABE ING &

KOMEIJI LLP, and pursuant to Rules 26 and 36 of the Federal Rules

of Civil Procedure, hereby submits its response to Plaintiffs'

Sixth Request for Admissions to Defendant Department of Education

dated March 27, 2007.


I.    PREFACE AND GENERAL OBJECTIONS IN RESPONSE TO
      PLAINTIFF'S SIXTH REQUEST FOR ADMISSIONS

Defendant objects to the Request for Admissions and

each request contained herein on each of the following grounds:

1.    Defendant objects generally to the Request for

Admissions, including the preface thereto, to the extent that it

seeks to impose burdens and obligations greater than allowed by

Rules 26 and 36 of the Federal Rules of Civil Procedure.

2.    Defendant objects to the requests to the extent

that they are overly broad, unduly burdensome, and most requests

are not relevant to any of the claims or defenses in this action.

3.    Defendant objects to each and every request to the

extent it seeks information protected by the attorney-client

privilege, work product doctrine, or any other applicable

- 2 -

privilege.  To the extent that a request seeks such privileged or protected information, Defendant reserves all rights thereto.

DATED: Honolulu, Hawaii, _____APR 2 6 2007_____.

_____

JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

- 3 -

## RESPONSE TO ADMISSIONS

REQUEST FOR ADMISSION NO. 83

Dru Copeland served as the IISC for Bryan's program and in that capacity she was responsible for the program development of the home and school programs.

_____ Admit                    _____ Deny

**OBJECTION.** *Compound, vague and ambiguous and on that basis Defendant denies this request for admission. Without waiving said objections Defendant admits only to the extent that Dru Copeland served as the IISC for Bryan's program. As the IISC for Bryan's program Dru Copeland consulted with the school in developing Bryan's home and school programs.*

REQUEST FOR ADMISSION NO. 84

When Dru Copeland was IISC, she was responsible for the implementation of Bryan's program by the skills trainers.

_____ Admit                    _____ Deny

**OBJECTION.** *Compound, vague and ambiguous and on that basis Defendant denies this request for admission. Defendant admits only that Dru Copeland supervised the skills trainers involved in Bryan's program.*

REQUEST FOR ADMISSION NO. 85

Judy Rathwick [sic] was originally in charge of special education services until 2004 for the Kona complex.

_____ Admit                    _____ Deny

**OBJECTION.** *Vague and ambiguous. Defendant presumes that Plaintiffs are referring to Judith Radwick in its Request for Admissions Nos. 85 through 91, and admits only to the extent that Judith Radwick was originally in charge of special education services until 2004 for the Kona complex.*

- 4 -

REQUEST FOR ADMISSION NO. 86

   In 2004, Judy Rathwick [sic] was appointed to be in charge of all special education services for the entire Big Island.

_____    Admit              __X__    Deny

REQUEST FOR ADMISSION NO. 87

   In the declaration of Judy Rathwick, which was filed in opposition to Plaintiff's Motion for Partial Summary Judgment, she referred to seven prospects for skills trainer positions, none of these "prospects" had not been [sic] contacted by the DOE.

_____    Admit              _____    Deny

   **OBJECTION.**  *This sentence is vague and ambiguous as it contains a double negative, and on this basis, Defendant denies this request for admission.  Without waiving said objections, Defendant admits only that all seven prospects for skills trainer positions were contacted by the DOE.*

REQUEST FOR ADMISSION NO. 88

   Of these seven prospects, most did not know the job was for the Big Island, none of them was qualified to be a skills trainer for Bryan.

_____    Admit              _____    Deny

   **OBJECTION.**  *Compound.  This sentence also calls for a legal conclusion, and on this basis, Defendant denies this request for admission.  Notwithstanding the foregoing and without waiving said objections, Defendant admits only that: 1) all seven prospects for skills trainer positions were made aware that the job was for the Big Island, and 2) several of the prospects were qualified to be a skills trainer for Bryan.*

REQUEST FOR ADMISSION NO. `89

In her Declaration submitted in opposition to the
Plaintiffs' Motion for Partial Summary Judgment, Ms. Rathwick
[sic] does not disclose that she knew Christy Edwards had worked
previously with Bryan for approximately eight months and that she
had just completed an ASL classes [sic] on Kwajalein.

_____ Admit          _____ Deny

**OBJECTION.**  *Vague and ambiguous.  Without waiving said
objections, Defendant admits only that Judith Radwick did not
have any contact with Christy Edwards during the relevant period,
and that Judith Radwick was not aware that Christy Edwards had
just completed any ASL classes.*

REQUEST FOR ADMISSION NO. 90

Judy Rathwick [sic], in her declaration in opposition to
Plaintiffs' Motion for Partial Summary Judgment, does not mention
the fact that during the period 1999 to 2004, she never
physically visited Bryan's home.

___X___ Admit          _____ Deny

REQUEST FOR ADMISSION NO. 91

Judy Rathwick, during the period 1999 to 2004, never saw
Bryan sick at school.

___X___ Admit          _____ Deny

REQUEST FOR ADMISSION NO. 92

According to Linda Price, from her declaration in opposition
to Plaintiffs' Motion for Partial Summary Judgment, Duncan
Gallard was employed as a yardman and he chose not to follow
through with the skills trainer job.

_____ Admit          _____ Deny

*OBJECTION. Vague and ambiguous. Without waiving said objections, Defendant admits only that the declaration of Linda Price in opposition to Plaintiffs' Motion for Partial Summary Judgement speaks for itself and that said declaration contains no reference to Duncan Gallard's occupation nor whether he did or did not choose "to follow through with the skills trainer job."*

REQUEST FOR ADMISSION NO. 93

According to Linda Price's declaration submitted in opposition to Plaintiffs' Motion for Partial Summary Judgment. Heather Schwab was in her third trimester of a pregnancy when she applied for the skills trainer job.

_____ Admit          _____ Deny

*OBJECTION. Vague and ambiguous. Without waiving said objections, Defendant admits only that the declaration of Linda Price in opposition to Plaintiffs' Motion for Partial Summary Judgement speaks for itself and that said declaration contains no reference to whether or not "Heather Schwab was in her third trimester of a pregnancy when she applied for the skills trainer job."*

REQUEST FOR ADMISSION NO. 94

Linda Price visited Bryan's home on one occasion for a meeting with the parents. She never complained about the alleged unsanitary conditions in the home.

_____ Admit          _____ Deny

*OBJECTION. Compound. Without waiving said objections, Defendant admits only that Linda Price visited Bryan's home on more than one occasion to meet with Bryan's mother. Linda Price did not complain about the alleged unsanitary conditions in the home at the time of her visits.*

REQUEST FOR ADMISSION NO. 95

Except for Bill Beljean, Linda Price never employed any skills trainer to work in the home.

_____ Admit          _____ Deny

*OBJECTION.* Vague and ambiguous as to the term "employed" as it connotes that Linda Price was the employer of any skills trainer.  Without waiving said objections, Defendant admits only that Linda Price never supervised or utilized the services of any skills trainer to work in the home, except for Bill Beljean.

REQUEST FOR ADMISSION NO. 96

Kelly Stern did not disclose in her declaration submitted in opposition to Plaintiffs' Motion for Partial Summary Judgment, that during the period 1999-2004 she had never personally visited the Wiles-Bond home.

_____   Admit                    _____   Deny

*OBJECTION.*  This sentence is vague and ambiguous as it contains a double negative, and on this basis, Defendant denies this request for admission.  Without waiving said objections, Defendant admits only that Kelly Stern did not personally visit the Wiles-Bond home for the period of 1999-2004.

DATED: Honolulu, Hawaii, _____ APR 2 6 2007 _____.


_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

- 8 -

-390645.1

MARK J. BENNETT      #2672-0
Attorney General, State of Hawaii
GARY K.H. KAM        #4391-0
GEORGE S. S. HOM     #2487-0
HOLLY T. M. SHIKADA  #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership
JOHN T. KOMEIJI     #2498-0
GREGG M. USHIRODA   #5868-0
LEIGHTON M. HARA    #7826-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent, <br><br> Defendants. | CIVIL NO. CV 04-00442 HG/BMK <br> CIVIL NO. CV 05-00247 HG/BMK <br> CONSOLIDATED <br> (Other Civil Action) <br><br> **DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' SEVENTH REQUEST FOR ADMISSIONS DATED 08/13/2007** <br><br><br> **TRIAL: December 4, 2007** |

DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO
PLAINTIFFS' SEVENTH REQUEST FOR ADMISSIONS DATED 08/13/2007

      COMES NOW Defendant DEPARTMENT OF EDUCATION

("Defendant"), by and through its attorneys, WATANABE ING &

KOMEIJI LLP, and pursuant to Rules 26 and 36 of the Federal Rules

of Civil Procedure, hereby submits its response to Plaintiffs'

Seventh Request for Admissions to Defendant Department of

Education dated August 13, 2007.

I.    PREFACE AND GENERAL OBJECTIONS IN RESPONSE TO
    PLAINTIFF'S SEVENTH REQUEST FOR ADMISSIONS

      Defendant objects to the Request for Admissions and

each request contained herein on each of the following grounds:

      1.    Defendant objects generally to the Request for

Admissions, including the preface thereto, to the extent that it

seeks to impose burdens and obligations greater than allowed by

Rules 26 and 36 of the Federal Rules of Civil Procedure.

      2.    Defendant objects to the requests to the extent

that they are overly broad, unduly burdensome, and most requests

are not relevant to any of the claims or defenses in this action.

      3.    Defendant objects to each and every request to the

extent it seeks information protected by the attorney-client

privilege, work product doctrine, or any other applicable

privilege.  To the extent that a request seeks such privileged or protected information, Defendant reserves all rights thereto.

DATED: Honolulu, Hawaii, September 13, 2007.

_____

JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

3

## RESPONSE TO ADMISSIONS

REQUEST FOR ADMISSION NO. 97

Attached hereto as Exhibit "A" is an authentic copy of the written communication from Shelby Floyd to Lono Beamer of August 9, 2004.

____X____  Admit                    _____  Deny


REQUEST FOR ADMISSION NO. 98

Attached hereto as Exhibit "B" is an authentic copy of a written cover page of communication between JoAnn Hill to Stan Bond re: E-Mail to Michael Biehn of August 11, 2004.

_____  Admit                    _____  Deny

*OBJECTION. Compound, vague and ambiguous. Without waiving said objections Defendants responds that to the extent that Exhibit "B" is purportedly a written cover page communication, Defendants are without knowledge as to who authored the document and on that basis can neither admit nor deny the request for admission.*


REQUEST FOR ADMISSION NO. 99

Attached hereto as Exhibit "C" is an authentic copy of an E-Mail from Michael Biehn which was originally sent to JoAnn Hill and was forwarded to belephobe@yahoo.com on or about dated August 11, 2004.

_____  Admit                    _____  Deny

*OBJECTION. Compound, vague and ambiguous. Without waiving said objections Defendants respond that to the extent that Exhibit "C" is purportedly an e-mail forwarded to belephobe@yahoo.com, Defendants are without knowledge as to the identity of belephobe@yahooo.com and cannot authenticate whether such an e-mail was forwarded by a person purporting to be Michael Biehn and on those bases can neither admit nor deny the request for admission.*

1

REQUEST FOR ADMISSION NO. 100

The DOE knew or knows who the identity of the recipient of the E-Mail forwarded to "belephobe@yahoo.com" on or about dated August 11, 2004 from Michael Biehn re: K/CE which is attached as Exhibit "C".

_____ Admit          X      Deny

REQUEST FOR ADMISSION NO. 101

Attached hereto as Exhibit "D" is an authentic copy of a letter from Shelby Ann Floyd to the Honorable Barry M. Kurren sent on or about August 12, 2004.

X     Admit          _____ Deny

REQUEST FOR ADMISSION NO. 102

Attached hereto as Exhibit "E" is an authentic copy of a letter from Shelby Anne Floyd to Lono Beamer sent on or about September 8, 2004.

X     Admit          _____ Deny

REQUEST FOR ADMISSION NO. 103

Attached hereto as Exhibit "F" is an authentic copy of a letter from Shelby Anne Floyd to the Honorable Barry M. Kurren sent on or about August 24, 2004.

X     Admit          _____ Deny

REQUEST FOR ADMISSION NO. 104

Attached hereto as Exhibit "G" is an authentic copy of a three-paged Declaration of Michael Biehn which is dated August 17, 2004.

2

_____ Admit                    _____ Deny

**OBJECTION.** *Compound, vague and ambiguous. Without waiving said objections Defendants respond that to the extent that Exhibit "G" is purportedly a three-paged Declaration of an individual purported to be Michael Biehn dated August 17, 2004, Defendants are without knowledge as to who actually authored the document and on that basis can neither admit nor deny the request for admission.*

REQUEST FOR ADMISSION NO. 105

Attached hereto as Exhibit "H" is an authentic copy of a two-paged E-Mail from Michael Biehn to sfloyd@ahfi.com (Shelby Floyd) dated August 1, 2004 attached to the Declaration of Michael Biehn as Exhibit "1".

_____ Admit                    _____ Deny

**OBJECTION.** *Compound, vague and ambiguous. Without waiving said objections Defendants respond that to the extent that Exhibit "H" is purportedly an e-mail from an individual purported to be Michael Biehn to Shelby Floyd dated August 1, 2004, Defendants are without knowledge as to who actually authored the document and whether such a document was actually transmitted to Shelby Floyd, and on those bases can neither admit nor deny the request for admission.*

REQUEST FOR ADMISSION NO. 106

Attached hereto as Exhibit "I" is an authentic copy of a two-paged E-Mail from Stanley C. Bond to sfloyd@ahfi.com (Shelby Floyd) dated 9/8/2004 ; subject: Deposition.

_____ Admit                    _____ Deny

**OBJECTION.** *Compound, vague and ambiguous. Without waiving said objections Defendants respond that to the extent that Exhibit "I" is purportedly an e-mail from Stanley C. Bond to Shelby Floyd dated September 8, 2004, Defendants are without knowledge as to who actually authored the document and whether such a document was actually transmitted to Shelby Floyd, and on those bases can neither admit nor deny the request for admission.*

3

REQUEST FOR ADMISSION NO. 107

Attached hereto as Exhibit "J" is an authentic copy of an E-Mail to joan_hill@notes.k12.hi.us; subject: re: Kim Wiles/Christy Edwards dated 8/3/2004 stating that:

"Thought you should see this correspondence between Kim Wiles and Christy Edwards."

    X     Admit        _____ Deny

REQUEST FOR ADMISSION NO. 108

Attached hereto as Exhibit "K" is an authentic copy of a two-paged E-Mail to JoAn Hill/SPED/HIDOE@notes.k12.hi.us; subject: Kim Wiles/Christy Edwards dated 8/24/2004 stating that:

"Let us just say others share your sentiments, too. Underqualified/unreliable/overpaid. Please remove all headers and email address info, my name, etc. if using in court and ONLY if neither party (Kim or Christy) could possibly become aware of it. I might also note that the term "green eyed monster" has been used by one half of above party via e-mail in reference to Bryan, and can provide this e-mail as well."

    X     Admit        _____ Deny

REQUEST FOR ADMISSION NO. 109

Attached hereto as Exhibit "L" is an authentic copy of an E-Mail to JoAn Hill/SPED/HIDOE@notes.k12.hi.us; subject: Kim Wiles/Christy Edwards dated 8/24/2004 stating that:

"By the way, for the sake of legitimacy in the eye of the courts, I suppose I could relate that I am an associate of Christy who passed this info along to you after she mistakenly forwarded the message to a number of her contacts, myself included."

    X     Admit        _____ Deny

4

REQUEST FOR ADMISSION NO. 110

Attached hereto as Exhibit "M" is an authentic copy of an E-Mail to joan_hill/@notes.k12.hi.us; subject: Kim Wiles/Christy Edwards dated 8/4/2004 stating that:

"Note the subject line and lack of commitment evident in the body of the letter."

____X____ Admit                    _____ Deny


REQUEST FOR ADMISSION NO. 111

Attached hereto as Exhibit "N" is an authentic copy of an E-Mail to JoAn_Hill/SPED/HIDOE@notes.k12.hi.us.; subject: Kim Wiles/CE dated 8/5/2004 stating that:

"Well, she lacks a resume that would be commensurate with that pay level.  The last time she held this same position she quit the job after only a few months and left the state, only returning now as a result of this "bribe."  Also her last employer (the federal government at Kwajalein Marshall Islands) I believe opened an investigation into her use of prescription medication while on the job.  This use included (and I believe continues to include) painkillers and anti-depressants ordered over the internet.  She has also been in and out of therapy for emotional problems the last two years.  Please, I would just ask that you follow your own leads on these matters and not quote me or use my name, in print or orally."

____X____ Admit                    _____ Deny


REQUEST FOR ADMISSION NO. 112

Attached hereto as Exhibit "O" is an authentic copy of a two-paged E-Mail to Stanley_c_bond@nps.gov from Christy Edwards; subject: fwd:FW: Re: K/CE dated 8/11/2004 stating that:

"I went before the judge today for a hearing.  Shelby, Kim's lawyer demanded that we give your name.  According to Stan Bond you hacked into both Kim's and Christie's computer.  The AG asked how he knew that and Stan stated that Christie deleted the message immediately after she had read it.  Stan admitted to the fact that Kim had indeed sent that e-mail.  The judge has ordered

that your name be release.  Can you think of any way this be avoided?"

_____  Admit                    _____  Deny

**OBJECTION.**  *Compound, vague and ambiguous.  Without waiving said objections Defendants respond that to the extent that Exhibit "O" is purportedly an e-mail from Christy Edwards to Stanley C. Bond dated August 11, 2004, Defendants are without knowledge as to who actually authored the document and whether such a document was actually transmitted to Mr. Bond, and on those bases can neither admit nor deny the request for admission.*

DATED: Honolulu, Hawaii, September 13, 2007.

JOHN T. KOMEIJI
GREGG M. USHIRODA
LEIGHTON M. HARA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants

6