IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs anticipate that Defendant will attempt to introduce evidence, testimony, argument, and comment concerning the character of Stanley Bond (Stan) or Ann Kimball Wiles (Kim).

Plaintiffs thereby seek an order excluding any reference to character evidence in the instant action.[1] The character of Stan or Kim are not at issue in this

---

[1] Fed. R. Evid. Rule 404(b) provides:

Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes
***
(b) Other crimes, wrongs, or acts

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide

case. Evidence of this sort is inadmissible because it is irrelevant. Alternatively, if the Court were to find it relevant, any probative value is outweighed by unfair prejudice. The district court has broad discretion to exclude irrelevant or prejudicial evidence. *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005). Except as otherwise provided by the rule, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. Rule 402.

There will be unfair prejudice arising from the admission of this evidence. *See* Fed. R. Evid. 403. Plaintiffs contend that admission of the evidence will be unfair and prejudicial because the character of Stan or Kim are not issues in this case and any suggestion that their character prevented the implementation of Bryan's program is wholly irrelevant and is meant to have prejudicial impact.

Defendants' Motion to Compel Department of Human Services to Produce Child Welfare Services Records for Bryan Wiles-Bond, filed on October 2, 2007, was denied by the Honorable Magistrate Judge Barry M. Kurren on December 14, 2007.

Plaintiffs seek to preclude Defendants from using evidence that Kim or Stan were unfit parents for Bryan or they have a propensity for being difficult parents. Defendants may seek to introduce that Kim or Stan were difficult to work with or

---

reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

have difficult personalities. Plaintiffs nonetheless argue that such evidence is inadmissible under Fed. R. Evid. Rule 404(b).

> The Advisory Committee Notes to Fed. R. Evid. 404 explain:
>
> The argument is made that circumstantial use of character ought to be allowed in civil cases to the same extent as in criminal cases, i.e. evidence of good (nonprejudicial) character would be admissible in the first instance, subject to rebuttal by evidence of bad character. Falknor, Extrinsic Policies Affecting Admissibility, 10 Rutgers L.Rev. 574, 581-583 (1956); Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence (Art. VI. Extrinsic Policies Affecting Admissibility), Cal. Law Revision Comm'n, Rep., Rec. & Studies, 657-658 (1964). Uniform Rule 47 goes farther, in that it assumes that character evidence in general satisfies the conditions of relevancy, except as provided in Uniform Rule 48. The difficulty with expanding the use of character evidence in civil cases is set forth by the California Law Revision Commission in its ultimate rejection of Uniform Rule 47, Id., 615:
>
> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

The character evidence of Stan or Kim is inadmissible because it is irrelevant. Their character is not at issue in this case. Evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it. Fed. R. Evid. Rule 404(b). Additionally, any probative value is outweighed by unfair prejudice as proscribed by Fed. R. Evid. 403.

The IDEA anticipates and expects parents to fight zealously to protect their disabled child's rights. *Amanda J. v. Clark County Sch. Dist.*, 267 F.3d 877, 891 (9th Cir. 2001). Advocating for what is in their child's best interest cannot then be the source of discrimination by a school district. *Id.* In *Union School District v. Smith*, 15 F.3d 1519, 1526 (9th Cir. 1994) the Ninth Circuit held that a school district cannot "escape its obligation" under the IDEA to formally offer an appropriate educational placement by arguing that the parents of a disabled child were obstinate or unwilling to accept it.

For the foregoing reasons, Plaintiffs' respectfully request that the Court exclude any evidence, testimony, argument and comment concerning the character of the Wiles-Bonds.

DATED:  Honolulu, Hawai`i, August 4, 2008.

/S/ STANLEY E. LEVIN

STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON
Attorneys for Plaintiff