IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i, and ALVIN RHO, in his official capacity as West Hawai'i District Superintendent,<br><br>　　　　　　　Defendants. | Civil No. CV 04-00442 HG/BMK<br>Civil No. CV 05-00247 HG/BMK<br>Consolidated (Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.　　FACTS.

On December 19, 2006, this Court ruled on the parties' cross-motions for summary judgment, motions to supplement the record, and various other motions. *See, Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion*

*to Amend or Supplement the Record.* In the Order the Court ruled that DOE failed to provide Bryan a Free Appropriate Public Education ("FAPE"). *Id.* at 49. It is expected that Defendant will attempt to present evidence that over the five-year period from 1999 through 2004 that Bryan Wiles Bond was denied FAPE, Defendant "tried" to implement Bryan's IEP. For reasons stated below, Defendant's attempts are irrelevant

II.   ARGUMENT

Under Section 504, "deliberate indifference" is proved if the DOE knew of the special education needs of Bryan Wiles-Bond and did not provide the appropriate services to meet those needs. Difficulty in procuring or providing those services is not a defense. The DOE cannot discharge its legal duty to provide services, by merely offering just any accommodation. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.") c*iting City of Canton v. Harr*is, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988).

Under Section 504, the public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.* Section 504 creates "a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are

4

necessary." *Id., citing Wong v. Regents of University of California*, 192 F.3d 807, 818 (9th Cir. 1999). A school district cannot discharge its legal duty to "act", by merely proffering just any accommodation. *Id.* DOE was obligated to consider Bryan's particular needs when investigating what accommodations are reasonable. *Id. see also* 28 C.F.R. §35.160(b)(2) (establishing a regulatory mandate to "give primary consideration to the requests of the individual with disabilities").

"Deliberate indifference" means that the State had knowledge and notice. It does not require Plaintiffs to prove the State had ill will toward them, or to weigh the State's institutional motives. *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002).

If Defendant had knowledge of Bryan's needs and did not provide appropriate services, it is not a defense for Defendant to assert it acted in "good faith." The fact that Defendant knew of Bryan's needs and did not provide appropriate services constitutes "deliberate indifference" for which Defendant is liable under Section 504. *Id.* Defendant's "good faith" is therefore irrelevant. As such, evidence of its "good faith" efforts on Bryan's behalf, or argument that it "tried" should be excluded from consideration.

III.   CONCLUSION

For reasons stated herein, Plaintiffs respectfully request this Court issue an in limine order preventing Defendant from introducing evidence or argument of its

5

"good faith" attempts to procure or provide appropriate special education and related services to Bryan Wiles Bond.

DATED: Honolulu, Hawai'i, August 4, 2008.

§                    /s/ STANLEY E. LEVIN
                     CARL M. VARADY
                     STANLEY E. LEVIN
                     MICHAEL K. LIVINGSTON
                     Attorneys for Plaintiffs