CARL M. VARADY   4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

OF COUNSEL:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN   1152-0
MICHAEL K. LIVINGSTON   4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>          Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' PROPOSED CONCISE STATEMENT OF THE CASE AND CERTIFICATE OF SERVICE<br><br>DATE:     September 9, 2008<br>TIME:     9:00 a.m.<br>JUDGE:    Honorable Alan C. Kay<br><br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' PROPOSED CONCISE STATEMENT OF THE CASE

In this case Bryan Wiles Bond, his mother Ann Kimball Wiles and father Dr. Stanley Bond are referred to as the "Plaintiffs." The State of Hawai'i, Department of Education is referred to as the "Department" or the "Defendant."

Bryan Wiles-Bond is a 16 year-old boy who suffers from autism, which affects his ability to learn. Because of his disability, Bryan cannot appear as a witness in this trial.

Bryan and his family came to Hawaii in 1999. At that time, Bryan was seven years old. When they moved to Hawaii, Bryan's mother, Kim, worked as a vice-principal for the Department of Education. Bryan's father, Stan, was employed by the United States Department of the Interior managing Kaloko-Honokohau National Historic Park. The Department of Education is responsible for and operates Hawaii's public schools, including the schools on the Island of Hawaii, and did so during the time Bryan and his family lived there.

The Defendant does not dispute that Bryan has autism. Defendant does not dispute that, during the time he was in Hawaii, Bryan was eligible for special education and related services that Defendant was required to provide.

Shortly after they arrived in Hawaii, the Bryan's parents convened a meeting with the Department to discuss his needs and create a special education program for Bryan. The Plaintiffs do not dispute that the Department's program for Bryan, on paper, was adequate to meet his needs for special education and related

services. This Court already has ruled that during the five years Bryan's family lived on the Big Island, Bryan did not receive the special education and related services that were required in his written program. What is disputed in this case is whether the Department's conduct harmed Bryan or his parents.

Bryan's parents have brought this case seeking damage for the harm they contend resulted from Defendant's failure to implement what DOE knew was supposed to be provided under Bryan's written program. Their claims are based on a federal law known as Section 504 of the Rehabilitation Act or Section 504.

Section 504 requires that entities like the Department that receive federal money for public programs must provide meaningful public education to disabled children and must not exclude disabled children or deny them meaningful public education. Defendant does not dispute that it receives federal money for public education in Hawaii. Defendant does not dispute that Section 504 applies to public education in Hawaii.

Section 504 required the Defendant to provide Bryan reasonable accommodation for his disability, so that he had meaningful public education, and was not excluded from or denied benefits of meaningful public education. Bryan's parents can obtain damages in the form of compensation under Section 504, if they prove Bryan was harmed by Defendant's failure to meet these standards.

Bryan's parents allege the Department did not provide Bryan meaningful

access public education and excluded him from and denied him the benefits of meaningful public education. Bryan's parents assert Defendant acted with knowledge and deliberate indifference to Bryan's special education and mental health needs. Bryan's parents contend that Bryan was harmed and will need additional services in the future as a result of the Department's actions. Bryan's parents are seeking damages in the form of payment for these future services. They also are asking for damages on behalf of Bryan for the pain and suffering they contend Bryan experienced as resulted of the Department's actions.

The Department asserts that it provided Bryan meaningful access to and did not exclude him from or denying him the benefits of meaningful public education. Defendant alleges that it did not act deliberate indifference to Bryan's needs. The Department denies that it acted in a manner that created a need for future services for Bryan or that it caused him pain or suffering.

Section 504 also prohibits retaliation against those who associate with or advocate for disabled people. Bryan's parents allege that the Defendant retaliated against them for their attempts to obtain special education and related services for Bryan, during the five years they lived on the Island of Hawaii. Bryan's parents contend that they were forced to leave Hawaii in order to obtain appropriate services for Bryan and to prevent Bryan from being institutionalized. In addition to damages for Bryan, they are seeking compensation for their economic losses as

well as their own pain and suffering, both of which they contend resulted from the Department's retaliation against them.

The Department denies that it retaliated against Bryan's parents or that its actions caused them to decide to move from Hawaii. The Department denies that its actions caused Bryan's parents to suffer economic losses or that Defendant's actions caused them pain and suffering.

DATED: Honolulu, Hawaiʻi, August 4, 2008.

      /S/ STANLEY E. LEVIN
      CARL M. VARADY
      STANLEY E. LEVIN
      MICHAEL K. LIVINGSTON
      Attorneys for Plaintiffs