```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF HAWAII

 3                                        CERTIFIED COPY

 4   ANN KIMBALL WILES and      ) CIVIL NO. CV 04-00442 HG/BMK
     STANLEY BOND, individually) CIVIL NO. CV 05-00247 HG/BMK
 5   and as next friends of     ) CONSOLIDATED
     their son, BRYAN           ) (Other Civil Action)
 6   WILES-BOND, a minor,       )
                                )
 7            Plaintiffs,       ) * CORRECTED TRANSCRIPT *
                                )
 8        vs.                   )   OCTOBER 2, 2007
                                )
 9   DEPARTMENT OF EDUCATION,   )
     State of Hawaii, and ALVIN )
10   RHO, in his official       )
     capacity as West Hawaii    )
11   District Superintendent,   )
                                ) TRIAL: December 4, 2007
12            Defendants,       )
     _____

13

14                       DEPOSITION OF

15                 DANIEL B. LEGOFF, PH.D.

16      FOR THE OFFICES OF WATANABE, ING & KOMEIJI, LLP

17                    VOORHEES, NEW JERSEY

18                     AUGUST 23, 2007

19

20

21   ATKINSON-BAKER, INC.
     500 North Brand Boulevard, Third Floor
22   Glendale, California 91203
     (818) 551-7300

23

24   REPORTED BY: ANGELA M. KING, RPR, CSR

25   FILE NO.: A106C36
```

EXHIBIT "B"

1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE DISTRICT OF HAWAII
 3
 4  ANN KIMBALL WILES and      ) CIVIL NO. CV 04-00442 HG/BMK
    STANLEY BOND, individually ) CIVIL NO. CV 05-00247 HG/BMK
 5  and as next friends of     ) CONSOLIDATED
    their son, BRYAN           ) (Other Civil Action)
 6  WILES-BOND, a minor,       )
                               )
 7          Plaintiffs,        )
                               )
 8      vs.                    )
                               )
 9  DEPARTMENT OF EDUCATION,   )
    State of Hawaii, and ALVIN )
10  RHO, in his official       )
    capacity as West Hawaii    )
11  District Superintendent,   )
                               ) TRIAL: December 4, 2007
12          Defendants,        )
13
14
15  Deposition of Daniel B. LeGoff, Ph.D., taken on behalf
16  of Defendant, at 1000 Laurel Oak Road, Voorhees, New
17  Jersey, commencing at 8:00 a.m. on Thursday, August 23,
18  2007, Angela M. King, RPR.
19
20
21
22
23
24
25
```

2

```
 1          Q.   And we've gone over the basis for your
 2   opinions and things like that.  And again -- his
 3   current functioning level is what again?
 4          MR. LEVIN:  Objection:  Asked and answered.
 5          THE WITNESS:  Moderately retarded.
 6   BY MR. USHIRODA:
 7          Q.   If he had the services in Hawaii on a
 8   consistent basis with the consistent
 9   interventions, his function would be in the
10   mildly retarded range, correct?
11          MR. LEVIN:  Objection:  Asked and answered.
12          THE WITNESS:  Well, it's important to see
13   he's on the borderline of those two.  But I
14   would say probably he's currently functioning
15   more on the adaptively and severely impaired
16   range, but cognitively able to function the high
17   end of the moderate range.
18               And I think he probably would be
19   adaptively much closer to that if he had that
20   close consistent earlier educational years.
21   BY MR. USHIRODA:
22          Q.   Okay.  So had he received the
23   consistent services and intervention from
24   Hawaii, he would still be moderately impaired,
25   correct?
```

```
 1        A.  Correct.
 2        MR. LEVIN:  Objection:  Asked and answered.
 3   Please pause.
 4   BY MR. USHIRODA:
 5        Q.  But that you measured from his
 6   cognitive abilities, correct?
 7        MR. LEVIN:  Objection:  Asked and answered.
 8        THE WITNESS:  Right.
 9   BY MR. USHIRODA:
10        Q.  It's just that -- you're saying that
11   the inconsistent services and inconsistent
12   interventions in Hawaii impacted his
13   communicative and adaptive function?
14        MR. LEVIN:  Objection:  Asked and answered.
15        THE WITNESS:  Yes.
16   BY MR. USHIRODA:
17        Q.  Okay.  So if he had received according
18   to -- correct me if I'm wrong.  If he had
19   received his consistent services and
20   interventions in Hawaii, then his adaptive and
21   communicative functioning would be much closer
22   to what his current cognitive abilities are?
23        MR. LEVIN:  Objection:  Asked and answered,
24   and calls for speculation.
25   BY MR. USHIRODA:
```

```
 1        Q.  And it's your opinion that Bryan would
 2   be placed in a residential program and
 3   institutional setting even if he did receive all
 4   of this education and intervention in Hawaii,
 5   correct?
 6        MR. LEVIN:  Objection:  Asked and answered.
 7        THE WITNESS:  Yes.
 8   BY MR. USHIRODA:
 9        Q.  It's just that particular institutional
10   setting may not require the degree of intensity
11   as it would given his current level of function?
12        MR. LEVIN:  Objection:  Asked and answered.
13        THE WITNESS:  Right.
14   BY MR. USHIRODA:
15        Q.  In the State of New Jersey, who pays
16   for these institutional costs, the cost for
17   placing a child with autism in a, you know,
18   institution setting?
19        MR. LEVIN:  Objection:  Relevance.
20        THE WITNESS:  It's mostly the district, the
21   school districts.  Some are funded by the
22   division of developmental disability.  Some are
23   privately funded.  Some are placed by the
24   Division of Youth and Family Services, which I
25   think in Hawaii is called Child Protective
```