IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively, "Plaintiffs") have only one remaining cause of action: a claim for money damages alleging **intentional** discrimination and retaliation under Section 504 of the Rehabilitation Act.  Under Section 504, Plaintiffs must prove that the DOE acted with "deliberate indifference" in denying Bryan Wiles-Bond meaningful access to special educational services solely because of his disability.  As support for their claim, Plaintiffs may seek to admit testimony by Betty Jo Freeman, Ph.D. ("Dr. Freeman") on: (1) her opinions as to what

the DOE failed to do with respect to Bryan Wiles-Bond, including but not limited to the DOE's implementation of certain "due process" hearing findings; (2) her opinions as to the DOE's alleged failure to provide Bryan Wiles-Bond with meaningful access to special education services; and (3) her opinions as to the programs for autistic children in Hawaii.

With respect to her opinions as to what the DOE failed to do with Bryan Wiles-Bond and any opinions she may have concerning any alleged denial of meaningful access to services, however, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure ("FRCP") expressly requires expert witnesses to prepare, sign, and submit a written report that "contain[s] a **complete statement of all opinions** to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions." It is undisputed that Dr. Freeman has not authored any report which details any opinion that the DOE failed to provide Bryan Wiles-Bond with meaningful access to special education services. Accordingly, Dr. Freeman's testimony must be excluded to the extent that such opinions were not disclosed in her expert report.

With respect to Dr. Freeman's opinions regarding the programs available for autistic children in Hawaii, it is clear that such opinions are irrelevant to the issue at hand, i.e., whether the DOE acted with deliberate indifference towards Bryan

Wiles-Bond. Even if relevant, such opinions are nevertheless inadmissible because they are based on hearsay.

## II. ARGUMENT

### A. Any Opinions by Dr. Freeman Not Disclosed in Her Report are Inadmissible

Strict evidentiary and procedural rules apply to the use of expert testimony. Failure to comply with such rules precludes parties from proffering such testimony into evidence.

FRCP 26(a)(2)(B) requires expert witnesses to prepare, sign, and submit a written report that "contain[s] a **complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions**." See Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The rationale behind this requirement of full and complete expert disclosures has been ably expressed in the Advisory Committee Notes to the 1993 amendments to FRCP 26: "[t]his paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See Fed. R. Civ. P. 26 advisory committee's note. These disclosures are so vital that federal courts have excluded expert testimony as a sanction for a

party's failure to comply with FRCP 26(a)(2)(B).  See, e.g., Upsher-Smith Lab., Inc. v. Mylan Lab., Inc., 944 F. Supp. 1411, 1439-40 (D. Minn. 1996) (holding that the expert reports "wholly fail[ed] to disclose, in any intelligible way, the facts and rationale which underlie the opinions expressed," and, therefore, "provide[d] virtually no assistance to opposing counsel in preparing to cross-examine Mylan's experts").

Here, Plaintiffs may seek to admit testimony by Dr. Freeman regarding her opinion on what the DOE failed to do with respect to Bryan Wiles-Bond.  During her deposition, Dr. Freeman opined that the DOE did not have a plan to train, supervise, evaluate, and keep staff, and that this absence of a plan was "absolutely part of the problem."  See Deposition Transcript of Betty Jo Freeman, Ph.D. at 238:5-255:2 ("Freeman Depo."), a true and correct copy of which is attached as Exhibit "A" to the Declaration of Gregg M. Ushiroda ("[B]ecause there wasn't a thought out plan with ongoing training, ongoing support, we ended up with inconsistent staffing[.]").

Such testimony, however, must be excluded from the evidence because it was not properly disclosed in Dr. Freeman's expert report as required by FRCP 26(a)(2)(B).  For all expert testimony sought to be entered at trial, FRCP 26(a)(2)(B) requires the submission of a written report that is a **"complete"**

statement from the proposed expert witness of "**all opinions to be expressed**" at trial. See Fed. R. Civ. P. 26(a)(2)(B).

There is no dispute that Dr. Freeman's report failed to disclose her opinion regarding the DOE's lack of a staff-training and retention plan. Dr. Freeman admitted that she failed to disclose this opinion in her report:

> Q: Doctor, was this opinion expressed in your report?
> A: No.
> Q: When did you arrive at this opinion?
> A: . . . This was, I believe, in the last two weeks when I began to really look at the documents in depth and started to take notes.

See Freeman Depo. at 242:12-21.

Plaintiffs and/or Dr. Freeman's failure to disclose this opinion in Dr. Freeman's expert report is inexcusable. Dr. Freeman received the "documents" she referred to in her deposition at the onset of her retention by Plaintiffs. Id. at 52:22-53:7. Nothing prevented her from reviewing the documents "in depth" earlier.

Finally, Dr. Freeman has also failed to disclose in her report and in her deposition any opinion that the DOE somehow failed to provide Bryan Wiles-Bond with meaningful access to special education services and that such a denial was done with deliberate indifference based solely on his disability. Indeed, the Ninth Circuit Court of Appeals in Mark H. v. Lemahieu, 513

F.3d 922 (9th Cir. 2008) only recently articulated this standard for determining whether a Section 504 violation has occurred.

According to the Ninth Circuit in Mark H., the focus of the prohibition of Section 504 remains on "'whether disabled persons were denied 'meaningful access' to state-provided services.'" Mark H., 513 F.3d at 937 (quoting Crowder v. Kitigawa, 81 F.3d 1480, 1484 (9th Cir. 1996). Clearly, the standards articulated by the Ninth Circuit in Mark H., which are controlling precedent, were authored after Ms. Freeman's reports and deposition. As such, Ms. Freeman is precluded from testifying as to any new opinions she may have concerning the Mark H. decision, including, any evidentiary standards set forth therein.

By failing to disclose all of Dr. Freeman's opinions, the basis and reasons therefor, and the data or other information considered by Dr. Freeman in forming said opinions, Plaintiffs are unduly prejudicing the DOE because they are precluding the DOE from effectively cross-examining Dr. Freeman on the same. Indeed, Plaintiffs have failed to even supplement Ms. Freeman's report or provide the DOE with any new opinions following the issuance of the 2008 Mark H. decision. Such injustice is the very type of wrong FRCP 26(a)(2)(B) was promulgated to avoid. Accordingly, any and all testimony by Dr. Freeman on her opinion on what DOE failed to do, including but not limited to the

alleged absence of a DOE plan to train and keep staff, and any and all testimony related to the DOE's alleged failure to provide Bryan Wiles-Bond with meaningful access to special education services, must be excluded to the extent the opinions were not disclosed in her expert report.

**B.    Dr. Freeman's Opinions Regarding the Programs for Autistic Children in Hawaii are Irrelevant**

Rule 402 of the Federal Rules of Evidence ("FRE") provides that only relevant evidence is admissible. See Fed. R. Evid. 402. Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401. Moreover, evidence is inadmissible where the unfair prejudice or confusion likely to arise from that evidence substantially outweighs any relevance that it may have. See Fed. R. Evid. 403.

During her deposition, Dr. Freeman testified that she was contacted at least twice by the State of Hawaii's Attorney General's Office to serve as an expert witness, but that she refused because she felt that the programs available for autistic children in the State were inadequate. See Freeman Depo at 73:4-81:12. Dr. Freeman based this opinion on information obtained from talking to patients who came to UCLA from Hawaii and reviewing the IEPs of said patients. Id. at 74:12-75:6. Notably, Dr. Freeman did <u>not</u> observe any of the Hawaii programs

firsthand.  Id. at 75:7-11.  She did not conduct an independent assessment of such programs.  Id. at 12-17.

Dr. Freeman's opinions regarding the adequacy of programs available for autistic children in Hawaii does not have any tendency to make the existence of any fact that is of consequence to the determination of the action, i.e., whether the DOE failed to provide the required number of skills trainers service hours to Bryan Wiles-Bond, more probable.  Dr. Freeman's general opinions as to Hawaii's programs have no bearing on this case.

Furthermore, this Court's Order Denying In Part and Granting In Part Defendant's Amended Motion To Dismiss Or In The Alternative For Summary Judgment On Second Amended Complaint Filed On February 13, 2008, filed April 29, 2008 ("Order"), specifically granted summary Judgement in favor of Defendants on the Design Phase of FAPE.  See Order filed herein on April 29, 2008 at 32.  Following the precedent set by Mark H. v. Lemahieu, 513 F.3d 922 (9th Cir. 2008), this Honorable Court found that "Defendant satisfied the design phase of the § 504 FAPE requirement specified in 34 C.F.R. 104.33(b)(1)(I)."  Id. at 33. As summary judgment has already been entered with respect to the Design Phase of § 504  -in effect, that Bryan Wiles-Bond's program was appropriately designed and therefore adequate-  any

opinion Dr. Freeman has on the adequacy of the programs for other autistic children is irrelevant.

Even if the foregoing opinions had some marginal relevance to this action, it should not be admitted at trial because it would only serve to unfairly prejudice the DOE. It is likely that the fact finder may give unwarranted credence to Dr. Freeman, especially if the fact finder perceives Dr. Freeman as being intelligent and credible. If Dr. Freeman's general opinions infect the fact finder's deliberations, the fact finder would have made findings of fact on improper grounds. This danger substantially outweighs any possible probative value that the foregoing opinions may have. Accordingly, such opinions report must be excluded from evidence.

### C. Dr. Freeman's Opinions Regarding the Programs for Autistic Children in Hawaii are Hearsay

In general, hearsay is not admissible as evidence. See Fed. R. Evid. 802. Under FRE Rule 801, "hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See Fed. R. Evid. 801(c).

As noted above, Dr. Freeman's opinions on the programs for autistic children in Hawaii are based solely on information obtained from talking to patients who came to UCLA from Hawaii and reviewing the IEPs of said patients. See Freeman Depo. at

74:12-75:6. Such statements are clearly inadmissible hearsay and should be excluded from the evidence.

III. **CONCLUSION**

Based on the foregoing, the DOE respectfully requests that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, August 4, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION