IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>Defendants. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, Bryan Wiles-Bond, a minor (collectively, "Plaintiffs") have only one remaining cause of action: a claim for money damages alleging **intentional** discrimination and retaliation under Section 504 of the Rehabilitation Act. Under Section 504, Plaintiffs must prove that the DOE acted with "deliberate indifference" towards Bryan Wiles-Bond and his disability. As support for their claim, Plaintiffs may seek to admit testimony by Kimberly Smalley, Ph.D. ("Dr. Smalley"), an expert retained by Plaintiffs.

However, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure ("FRCP") expressly requires expert witnesses to prepare, sign, and submit a written report that "contain[s] a **complete statement of all opinions** to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions." Accordingly, Dr. Smalley's testimony on her expert opinions must be excluded to the extent that these opinions were not disclosed in her expert report.

## II. ARGUMENT

Strict evidentiary and procedural rules apply to the use of expert testimony. Failure to comply with such rules precludes parties from proffering such testimony into evidence.

FRCP 26(a)(2)(B) requires expert witnesses to prepare, sign, and submit a written report that "contain[s] a **complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions**." See Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The rationale behind this requirement of full and complete expert disclosures has been ably expressed in the Advisory Committee Notes to the 1993 amendments to FRCP 26: "[t]his paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of

trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See Fed. R. Civ. P. 26 advisory committee's note.  These disclosures are so vital that federal courts have excluded expert testimony as a sanction for a party's failure to comply with FRCP 26(a)(2)(B).  See, e.g., Upsher-Smith Lab., Inc. v. Mylan Lab., Inc., 944 F. Supp. 1411, 1439-40 (D. Minn. 1996) (holding that the expert reports "wholly fail[ed] to disclose, in any intelligible way, the facts and rationale which underlie the opinions expressed," and, therefore, "provide[d] virtually no assistance to opposing counsel in preparing to cross-examine Mylan's experts").

Here, Plaintiffs may seek to admit testimony by Dr. Smalley regarding her opinions on Bryan Wiles-Bond's situation, including but not limited to her opinions as to: (1) the limited number of skills trainers who worked with Bryan Wiles-Bond; (2) Bryan Wiles-Bond's "window of opportunity" passing; (3) the alleged negligence on the part of the DOE and/or the skills trainers; and (4) whether Bryan Wiles-Bond was denied meaningful access to special educational services solely because of his disability.  For example, during her deposition, Dr. Smalley testified that Bryan "may not even had skills trainers" working with him during one of her observations.  See Deposition Transcript of Kimberly Smalley ("Smalley Depo.") at 72:6-7, a

true and correct copy of which is attached as Exhibit "A" to the Declaration of Gregg M. Ushiroda, Esq.

Dr. Smalley also opined that Bryan Wiles-Bond may have been permanently damaged because his "window of opportunity" was wasted on learning "horrible things" such as being aggressive and self-injurious:

> I think he missed some valuable time. There is this notion in autism of a window of opportunity, and he was already old when I met him, and he made great gains. So I think it's really unfortunate that those were then lost and that he learned some horrible things that you never want him to learn, you know, to be aggressive and self-injurious to get his own way. And I think those things are likely to have lifelong implication.

Id. at 152:13-20. Dr. Smalley also testified that she believes that the DOE and/or the skills trainers were negligent or abusive when they allegedly failed to educate or treat Bryan Wiles-Bond properly. Id. at 199:22-24.

Such testimony, however, must be excluded from the evidence because it was not properly disclosed in Dr. Smalley's expert report as required by FRCP 26(a)(2)(B). For all expert testimony sought to be entered at trial, FRCP 26(a)(2)(B) requires the submission of a written report that is a **"complete"** statement from the proposed expert witness of **"all opinions to be expressed"** at trial. See Fed. R. Civ. P. 26(a)(2)(B).

Nowhere in her report does Dr. Smalley discuss the issue of the number of skills trainers attending to BRYAN

WILES-BOND or the number of hours of service provided by the same. <u>See</u> Kimberly Smalley's expert report, a true and correct copy of which is attached as Exhibit "B" to the Declaration of Gregg M. Ushiroda. Likewise, Dr. Smalley's report also lacks any discussion on her opinion regarding Bryan Wiles-Bond's "window of opportunity." <u>Id.</u>

There is also no dispute that Dr. Smalley's report failed to disclose her opinion that the DOE was "negligent" towards Bryan Wiles-Bond. Dr. Smalley admitted that she failed to disclose this opinion in her report:

> Q: Okay. Well, are – basically, are all your opinions contained in this report?
> A: I have stronger opinions than [what] are contained in that report . . . .
> . . .
> A: **<u>I don't describe what I said to you as neglect in that report.</u>**
> . . .
> A: Nowhere in that report do I say I saw [Bryan] slipping and sliding in his own feces because it wasn't pertinent to what I was filling out. . . .

<u>See</u> Smalley Depo. at 199:16-18 (emphasis added).

Finally, Dr. Smalley has also failed to disclose in her report and in her deposition any opinion that the DOE somehow failed to provide Bryan Wiles-Bond with meaningful access to special education services and that such a denial was done with deliberate indifference based solely on his disability. Indeed, the Ninth Circuit Court of Appeals in <u>Mark H. v. Lemahieu</u>, 513

F.3d 922 (9th Cir. 2008) only recently articulated this standard for determining whether a Section 504 violation has occurred.

According to the Ninth Circuit in Mark H., the focus of the prohibition of Section 504 remains on "'whether disabled persons were denied 'meaningful access' to state-provided services.'" Mark H., 513 F.3d at 937 (quoting Crowder v. Kitigawa, 81 F.3d 1480, 1484 (9th Cir. 1996). Clearly, the standards articulated by the Ninth Circuit in Mark H., which are controlling precedent, were authored after Dr. Smalley's reports and deposition. As such, Dr. Smalley is precluded from testifying as to any new opinions she may have concerning the Mark H. decision, including, any evidentiary standards set forth therein.

By failing to disclose all of Dr. Smalley's opinions, the basis and reasons therefor, and the data or other information considered by Dr. Smalley in forming said opinions, Plaintiffs are unduly prejudicing the DOE because they are precluding the DOE from effectively cross-examining Dr. Smalley on the same. Such injustice is the very type of wrong FRCP 26(a)(2)(B) was promulgated to avoid. Accordingly, any and all testimony by Dr. Smalley on her opinions that were not disclosed in her expert report, including but not limited to: (1) the limited number of skills trainers who worked with Bryan; (2) Bryan Wiles-Bond's "window of opportunity" passing; (3) the alleged negligence on

the part of the DOE and/or the skills trainers; and (4) whether Bryan Wiles-Bond was denied meaningful access to special educational services solely because of his disability, must be excluded to the extent that they were not disclosed in her expert report.

III. **CONCLUSION**

Based on the foregoing, the DOE respectfully request that this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, August 4, 2008.

    /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION