#392534.8
**MARK J. BENNETT**      **#2672-0**
Attorney General, State of Hawaii
**GARY K.H. KAM**        **#4391-0**
**GEORGE S. S. HOM**     **#2487-0**
**HOLLY T. M. SHIKADA** **#4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Holly.T.Shikada@hawaii.gov

WATANABE ING LLP
A Limited Liability Law Partnership
**MELVYN M. MIYAGI**     **#1624-0**
**GREGG M. USHIRODA**    **#5868-0**
**LEIGHTON M. HARA**     **#7826-0**
**ROSS T. SHINYAMA**     **#8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>                    Defendant. | ) CIVIL NO. CV 04-00442 ACK/BMK<br>) CIVIL NO. CV 05-00247 ACK/BMK<br>) CONSOLIDATED<br>) (Other Civil Action)<br>)<br>) **DEFENDANT DEPARTMENT OF**<br>) **EDUCATION'S REQUESTED**<br>) **SUPPLEMENTAL JURY INSTRUCTIONS;**<br>) **CERTIFICATE OF SERVICE**<br>)<br>) TRIAL:  September 9, 2008<br>) JUDGE:  Hon. Alan C. Kay<br>)<br>) |

## DEFENDANT DEPARTMENT OF EDUCATION'S
## REQUESTED SUPPLEMENTAL JURY INSTRUCTIONS

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE" or "Defendant"), by and through its attorneys, WATANABE ING LLP, and respectfully submits its Requested Supplemental Jury Instructions. On August 4, 2008, the Parties' Joint Jury Instructions was filed at the request of this Honorable Court in its May 21, 2008 Order Setting Pretrial Conference and Deadlines. In addition to the jury instructions set forth in the Parties' Joint Jury Instructions, the DOE respectfully requests that the following instructions, Nos. 1 through 42, be given to the jury.

DATED: Honolulu, Hawaii, August 5, 2008.

    /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. You must not be prejudiced or biased in favor of or against a party simply because that party is a governmental entity. A governmental entity, such as the Department of Education, is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons stand equal

before the law and are to be dealt with as equals in a court of justice.

_____ Given by Agreement
_____ Given over Objection
_____ Refused
_____ Withdrawn
_____ Modified & Given by Agreement
_____ Modified & Given over Objection

General Federal Jury Instructions In Civil Cases No. 2B
(modified) (revised 2001)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

When a governmental entity is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a governmental entity may bind the governmental entity by his/her acts and declarations made while acting within the scope of his/her authority delegated to him/her by the governmental entity, or within the scope of his/her duties as an employee of the governmental entity.

As stated earlier, it is your duty to determine the facts, and in so doing you must only consider the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So while you should only consider the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Court's General Federal Jury Instructions In Civil Cases, No. 4B (modified) (revised 2001)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3**

You are instructed that if, after the consideration of all evidence in this case, you find that the evidence of Plaintiffs and that of the DOE are evenly balanced in that neither Plaintiffs nor the DOE have satisfied you by a preponderance of the evidence of the correctness of their respective positions, then Plaintiffs have failed in the burden of proof which rests upon them in this case, and your verdict must be for the DOE.

You are further instructed that a verdict in favor of Plaintiffs cannot be based upon speculation or any finding by you as to what may have happened. Rather, any verdict in favor of Plaintiffs must be based upon a finding by you that is supported by a preponderance of the evidence of what did, in fact, happen.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Nawelo v. Von-Hamm Young, Co., 21 Haw. 644, 651-52 (1913).

Sherman v. Mobbs, 347 P.2d 189, 190-91 (Wash. 1959).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

Prior to trial of this case, parties have filed written documents known as pleadings. A party may have made an admission on the basis of the pleadings. These admissions are to be treated like any other admission. You will therefore take these admitted facts to be true for the purposes of this case.

```
____  Given by Agreement
____  Given over Objection
____  Refused
____  Withdrawn
____  Modified & Given by Agreement
____  Modified & Given over Objection
```

International Brotherhood of Electrical Workers v. Hawaiian Telephone Co., 68 Haw. 316, 320 n.2, 713 P.2d 943, 949 n.2 (1986).

Myers v. Cohen, 67 Haw. 389, 394, 688 P.2d 1145, 1149 (1995).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

The mere fact that Plaintiffs brought a lawsuit against the DOE is not to be interpreted by you as an indication that the DOE might have done something wrong. The fact that this lawsuit was filed is no indication one way or the other that the DOE did something wrong or is liable to the Plaintiffs for damages.

___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection

Keith v. Joseph V. Schmersahl Co., 371 S.W.2d 334 (Mo. 1963).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

_____ Given by Agreement
_____ Given over Objection
_____ Refused
_____ Withdrawn
_____ Modified & Given by Agreement
_____ Modified & Given over Objection

Hawai`i Civil Jury Instructions, 1999 edition, Instruction No. 2.5.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

The burden of proof is on the Plaintiff in a civil action to prove every essential element of his/her claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any elements of plaintiffs' claim by a preponderance of the evidence in the case, or if the defendant's evidence outweighs the plaintiffs, of if the evidence is evenly

balanced in this case, the jury should find for the defendant as to that claim.

    \_\_\_ Given by Agreement
    \_\_\_ Given over Objection
    \_\_\_ Refused
    \_\_\_ Withdrawn
    \_\_\_ Modified & Given by Agreement
    \_\_\_ Modified & Given over Objection

Court's General Federal Jury Instructions in Civil Cases, No. 13A (revised 2001)(modified)

West Virginia Model Jury Instructions No. 1.11 (2000)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

In this action, Plaintiffs Ann Kimball Wiles and Stanley Bond ("Parent Plaintiffs"), individually and as next friend of their son, Bryan Wiles-Bond, a minor (collectively, "Plaintiffs"), allege violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter referred to as "Section 504"). Plaintiffs' first cause of action is brought under Section 504 itself and alleges that the DOE failed to provide Bryan with "meaningful access" to a public education. Plaintiffs' second cause of action alleges that the DOE retaliated against Parent Plaintiffs in violation of Section 504's anti-retaliation regulation, 28 C.F.R. § 42.503(b)(1)(vii). The sole remedy sought by Plaintiffs is money damages. The DOE denies any violation of Section 504 and/or its anti-retaliation regulation, and further denies that Plaintiffs are entitled to money damages.

____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

Section 504 provides that no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. That means that recipients of federal money may not discriminate against individuals who are otherwise qualified to participate in the program or activity, yet are disabled as that term is defined under federal law solely because the individual is disabled.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

29 U.S.C. § 794(a)

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

Section 504 is merely prohibitory, forbidding exclusions from federally funded programs on the basis of disability.  Section 504 does not impose any obligation on a school district to take affirmative steps to accommodate the physical or mental limitations of disabled persons.


___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection


Timms v. Metro Sch. Dist. of Wabash County, 722 F.2d 1310, 1318 (7th Cir. 1983)

Sch. Dist. of Wisconsin Dells v. Z.S., 184 F.Supp.2d 860, 884 (W.D. Wis. 2001)

Southeastern Cmty. Coll. v. Davis, 442 U.S. 397 (1979)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

The mere fact that the DOE failed to provide Bryan Wiles-Bond access on a number of occasions does not mean Plaintiffs have prevailed on their Section 504 claim. Rather, the central inquiry is whether the federally funded program, when viewed in its entirety, is readily accessible and usable by individuals with disabilities.

            ____ Given by Agreement
            ____ Given over Objection
            ____ Refused
            ____ Withdrawn
            ____ Modified & Given by Agreement
            ____ Modified & Given over Objection

<u>Bird v. Lewis & Clark College</u>, 303 F.3d 1015, 1021 (9th Cir. 2002)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12**

To establish a claim under Section 504 itself,
Plaintiffs must prove each and every one of the following
essential elements by a preponderance of the evidence:

(1)   Bryan Wiles-Bond is an "otherwise qualified
      individual with a disability" as defined by the
      Rehabilitation Act;

(2)   Bryan Wiles-Bond was denied "meaningful access"
      to a federally funded program or benefit that is
      also available to non-disabled individuals; and

(3)   Bryan Wiles-Bond was denied "meaningful access"
      "solely by reason of his disability."

If you find that each of the elements on which
Plaintiffs have the burden of proof have been proved by a
preponderance of the evidence, you should proceed to determine
whether, in denying Bryan Wiles-Bond "meaningful access," the
DOE acted with "deliberate indifference."  If, on the other
hand, Plaintiffs have failed to prove any one of these elements
by a preponderance of the evidence, your verdict should be for
the DOE.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)

Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001)

<u>Weinreich v. Los Angeles Metro. Transp. Auth.</u> 114 F.3d 976, 978 (9th Cir. 2001)

<u>Patricia N. v. LeMahieu</u>, 141 F. Supp.2d 1243, 1253 (D. Hawaii 2001)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 13**

To establish a claim under Section 504 itself, the first element that Plaintiffs must prove by a preponderance of the evidence is that Bryan Wiles-Bond was an "otherwise qualified individual with a disability."  Under the Rehabilitation Act, the term "qualified individual with a disability" means:

    (1)   A physical or mental impairment which substantially limits one or more of Bryan Wiles-Bond's major life activities;

    (2)   Bryan Wiles-Bond had a record of such an impairment; or

    (3)   Bryan Wiles-Bond was regarded by the DOE as having such an impairment.

Under the Rehabilitation Act, "otherwise qualified" is defined to mean that, notwithstanding the individual's disability, he or she meets the qualifications for participation in the benefit or service in question.

                ____ Given by Agreement
                ____ Given over Objection
                ____ Refused
                ____ Withdrawn
                ____ Modified & Given by Agreement
                ____ Modified & Given over Objection

Janet G. v. Hawaii, Department of Education, 410 F. Supp.2d 958, 965-966 (D. Hawaii 2005)

<u>Southeastern Community College v. Davis</u>, 442 U.S. 397, 403-404
(1979)

29 U.S.C. § 794(a)

29 U.S.C. § 705(20)(B)

34 C.F.R. § 104.3(j)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14**

To establish a claim under Section 504 itself, the second element that Plaintiffs must prove by a preponderance of the evidence is that Bryan Wiles-Bond was denied "meaningful access" to a federally funded program or benefit that is also available to non-disabled individuals.

"Meaningful access" means that the federally funded program is readily accessible to and usable by individuals with disabilities. To provide "meaningful access," a school district may be required to make reasonable, but not fundamental or substantial, modifications to its programs. Whether an accommodation is "reasonable" depends on the circumstances of each case, and requires a fact-specific, individualized analysis of the accommodations that might allow him to meet the program's standards.

Plaintiffs have the burden to prove that Bryan Wiles-Bond was denied "meaningful access." Accordingly, in order for you to find that Plaintiffs have proved this element, you must find that Plaintiffs have proved by a preponderance of the evidence that the DOE failed to provide Bryan with "reasonable

accommodations" necessary to provide Bryan "meaningful access" to a public education.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Bird v. Lewis & Clark College, 303 F.3d 1015 (9th Cir. 2002)

Alexander v. Choate, 469 U.S. 287, 301 (1985)

Weinrich v. Los Angeles Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

The federally-funded program or benefit described in the second element is a regular public school education. It is the education that is provided to all students, disabled or not. It is not the free appropriate public education defined under the Individuals with Disabilities Education Act; nor is it the Individualized Education Program in which a free appropriate public education under the Individuals with Disabilities Education Act is provided.

___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16**

Section 504 does not require the DOE to alter its definition of the federally-funded program and/or benefit being offered simply to meet the reality that the disabled have greater needs.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

<u>Alexander v. Choate</u>, 469 U.S. 287, 303 (1985)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

Section 504 merely requires the DOE to provide a disabled student with the opportunity to realize a meaningful benefit.  It does not require that the disabled student gain equal results.  In other words, the reality that the disabled student did not gain equal results does not mean the benefit was not meaningful.


      \_\_\_ Given by Agreement
      \_\_\_ Given over Objection
      \_\_\_ Refused
      \_\_\_ Withdrawn
      \_\_\_ Modified & Given by Agreement
      \_\_\_ Modified & Given over Objection


Alexander v. Choate, 469 U.S. 287, 304 (1985)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

If you find that the DOE has offered ample evidence of accommodating Bryan Wiles-Bond's disability and that Bryan enjoyed many benefits offered by a regular public school education, you must enter a verdict in favor of the DOE.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

Bird v. Lewis & Clark College, 303 F.3d 1015, 1021 (9th Cir. 2002)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19**

If you find that Bryan Wiles-Bond was denied "meaningful access" as provided for under Section 504, the third element that Plaintiffs must prove by a preponderance of the evidence is that the denial of "meaningful access" was "solely by reason" of Bryan's disability. This means that if the alleged discrimination was motivated by factors other than the disability, even if the disability was, in part, a motivating factor, Plaintiffs have failed to carry their burden of proof, and your verdict must be in favor of the DOE.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

Weinrich v. Los Angeles Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997)

Dempsey v. Ladd, 840 F.2d 638, 641 (9th Cir. 1987)

Doe v. Arlington County Sch. Bd., 41 F. Supp.2d 599, 608 (E.D. Va. 1999)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20**

The denial of a free appropriate public education as provided for under the Individuals with Disabilities Education Act does not give rise to a claim under Section 504 itself and/or for money damages under Section 504.

    \_\_\_ Given by Agreement
    \_\_\_ Given over Objection
    \_\_\_ Refused
    \_\_\_ Withdrawn
    \_\_\_ Modified & Given by Agreement
    \_\_\_ Modified & Given over Objection

MS.S v. Vashon Island School District, 337 F.3d 1115, 1125 n. 14 (9th Cir. 2003)

N.L. v. Knox County, 315 F.3d 688, 695 (6th Cir. 2003)

Ramon v. Soto, 916 F.2d 1377 (9th Cir. 1989)

DOE by Gonzales v. Maher, 793 F.2d 1470 (9th Cir. 1986)

Alexopulos by Alexopulos v. Riles, 784 F.2d 1408 (9th Cir. 1986)

December 19, 2006 Order at 31

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21**

To recover money damages under Section 504, Plaintiffs must prove by a preponderance of the evidence that the DOE intentionally discriminated against Bryan Wiles-Bond.

If Plaintiffs do not prove intentional discrimination, you must enter a verdict in favor of the DOE.

        ___ Given by Agreement
        ___ Given over Objection
        ___ Refused
        ___ Withdrawn
        ___ Modified & Given by Agreement
        ___ Modified & Given over Objection

Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)

December 19, 2006 Court Order at page 31 and 34

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22**

To prove intentional discrimination, the Plaintiffs must prove that the DOE acted with deliberate indifference.

____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection

December 19, 2006 Court Order at page 31

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 23**

In order to meet the second element of the "deliberate indifference" test, the Plaintiffs must prove by a preponderance of the evidence that DOE's failure to act is more than negligent, and involves an element of deliberateness.

\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection

Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)

December 19, 2006 Court Order at 32.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24**

Deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001)

Ferguson v. City of Phoenix, 157 F.3d 668, 675 (9th Cir. 1998)

December 19, 2006 Order at 31-32

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25**

Failure to provide special education services, in and of itself, does not amount to deliberate indifference.

```
___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection
```

Sellers v. The School Bd. of the City of Manassas, 141 F.3d 524 (4th Cir. 1998)

Reid v. Petaluma Joint Union High School District, 2000 WL 1229059 (N.D. Cal. 2000)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26**

A defendant's good faith intent to comply with Section 504 precludes a finding of deliberate indifference.

___ Given by Agreement
___ Given over Objection
___ Refused
___ Withdrawn
___ Modified & Given by Agreement
___ Modified & Given over Objection

Midgett v. Tri-County Metropolitan Trans. Dist. of Oregon, 254 F.3d 846, 851 (9th Cir. 2001)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27**

To prove discrimination, Plaintiffs must prove by a preponderance of the evidence more than the failure to provide a free appropriate public education, an incorrect evaluation, or a faulty individualized educational program as required under the Individuals with Disabilities Education Act.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


December 19, 2006 Court Order at page 33

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28**

In addition to deliberate indifference, the Plaintiffs, to prove their claims, must also prove by a preponderance of the evidence that the DOE acted with bad faith or gross misjudgment.

If Plaintiffs do not prove, by a preponderance of the evidence, bad faith or gross misjudgment, you must enter a verdict in favor of the DOE.

_____ Given by Agreement
_____ Given over Objection
_____ Refused
_____ Withdrawn
_____ Modified & Given by Agreement
_____ Modified & Given over Objection

December 19, 2006 Court Order at pages 32 and 33

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29**

When reviewing the substance of the DOE's academic and school-related decisions, you should show great respect for the Defendant's professional judgment.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


Regents of the Univ. of Michigan v. Ewing, 474 U.S. 214, 225 (1985)

Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432, 436 (6th Cir. 1998)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30**

Errors in professional judgment related to the implementation of a student's individualized educational program are not actionable under § 504 of the Rehabilitation Act.


_____ Given by Agreement
_____ Given over Objection
_____ Refused
_____ Withdrawn
_____ Modified & Given by Agreement
_____ Modified & Given over Objection


Brantley v. Independent School Dist. No. 625, 936 F. Supp. 649, 657 (D. Minn. 1996)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31**

An educational institution's academic decisions are entitled to deference.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Zukle v. Regents of the University of California, 166 F.3d 1041, 1047-48 (9th Cir. 1999)

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

Plaintiffs ANN KIMBALL-WILES and STANLEY BOND (collectively, "Parent Plaintiffs") also claim that Defendant unlawfully retaliated against them in violation of the Rehabilitation Act.  Under the Rehabilitation Act, it is unlawful for a recipient of federal funds to retaliate against an individual because that individual has opposed an act or practice that he or she reasonably believes to be unlawful under the Rehabilitation Act, or because that individual has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.

Disability is not an element of a retaliation action under the Rehabilitation Act.

In order to prevail on their retaliation claim, Parent Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    (1)   Plaintiffs engaged in protected activity under the Rehabilitation Act;

    (2)   Plaintiffs were subjected to an adverse action at the time, or after, the protected activity occurred; and

    (3)   Plaintiffs' were subjected to the adverse action because of their participation in a protected activity.  In other words, it was the sole factor in the Defendant's adverse action.

If you find that Plaintiffs have in fact proved each of these elements beyond a preponderance of the evidence, then your verdict should be for the Plaintiffs.  If, on the other hand, you find that the Plaintiffs have failed to prove any one of these elements, then your verdict should be for the DOE.


\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection


Ninth Circuit Manual of Model Civil Jury Instructions No. 10.3 ("Title VII – Retaliation – Elements and Burden of Proof") (2007) (Modified).

Manuel v. Oakland Unified Sch. Dist., 2007 WL 618570 (N.D. Cal. Jan. 12, 2007) (Joint Proposed Jury Instructions).

Order Granting Plaintiffs Ann Kimball Wiles' and Stanley Bond's Motion to Amend their Complaint to Include an Express Claim for Non-Economic Damages for Retaliation filed on November 13, 2007, at 10-15 (hereinafter "November 13, 2007 Order").

28 C.F.R. § 42.503(b)(1)(vii).

29 C.F.R. § 1614.101.

Burton v. Potter, 339 F. Supp. 2d 706, 714 (M.D. N.C. 2004).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33

To establish a claim of retaliation under Section 504, the second element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs ANN KIMBALL-WILES and STANLEY BOND were subjected to an adverse action at the time, or after, the protected activity occurred.  An action becomes an adverse action if a reasonable person would have found the action materially adverse, meaning it might have dissuaded a reasonable person from engaging in a protected activity.  The action must constitute more than a trivial harm, petty slight, or minor annoyance.

> ____ Given by Agreement
> ____ Given over Objection
> ____ Refused
> ____ Withdrawn
> ____ Modified & Given by Agreement
> ____ Modified & Given over Objection

Ninth Circuit Manual of Model Civil Jury Instructions No. 10.4A.1 (Title VII – "Adverse Employment Action" in Retaliation Cases)(2007) (Modified).

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34**

To establish a claim of retaliation under Section 504, the third element that Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs' were subjected to the adverse action because of their participation in a protected activity.  This means that you must determine whether retaliatory animus was the sole cause for the adverse action or whether retaliatory animus played no role at all in the adverse action.  If you find that it was the sole cause for the DOE's adverse action, then your verdict should be for the Plaintiffs. If you find that retaliation played no role in the adverse action, then your verdict should be for the Defendant.


\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection


Costa v. Desert Palace, Inc., 299 F.3d 838, 856-57 (9th Cir. 2002)(en banc) aff'd 539 U.S. 90 (2003)(Title VII case).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

You should be mindful that the law that applies to this case requires only that a federal funding recipient not retaliate against an individual because the individual voiced opposition to what the individual reasonably and in good faith believed to be a violation of the Rehabilitation Act.

The DOE may otherwise act for any other non-retaliatory reason, good or bad, fair or unfair, and you should not second guess that decision. Its reasons do not have to be reasons you would approve of or act upon; neither does the law require the Defendant to extend any special or favored treatment to an individual because the individual made a complaint under the Rehabilitation Act.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36**

Plaintiffs seek money damages under Section 504. Plaintiffs are not entitled to an award of compensatory damages under Section 504 unless there is a showing of intentional discrimination on the part of the DOE.  To support an award of compensatory damages, the level of intentional discrimination that Plaintiffs must prove by a preponderance of the evidence is one of "deliberate indifference."

\_\_\_ Given by Agreement
\_\_\_ Given over Objection
\_\_\_ Refused
\_\_\_ Withdrawn
\_\_\_ Modified & Given by Agreement
\_\_\_ Modified & Given over Objection

Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002)

Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001)

December 19, 2006 Court Order at page 11.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37

Parent Plaintiffs do not have standing, and thus cannot recover any damages, for their own personal injuries allegedly arising from DOE's alleged intentional discrimination against Bryan Wiles-Bond. Parent Plaintiffs lack standing because they are not disabled under the Rehabilitation Act, nor are they a participant in, or a beneficiary of, a program receiving federal funds.

As a result, Plaintiff Parents' damages arising from DOE's alleged intentional discrimination, if any, are limited to those compensatory damages arising on behalf of their minor son, Bryan Wiles-Bond.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Sanders by Sanders v. Marquette Pub. Schools, 561 F.Supp. 1361 1368-70 (W.D. Mich. 1983)

December 19, 2006 Court Order at page 39

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38**

Parent Plaintiffs may recover economic damages reasonably and foreseeably incurred only upon a showing that the Defendant intentionally discriminated against Bryan Wiles-Bond solely by reason of his disability.

Economic damages reasonably and foreseeably incurred are established by showing: (1) expenses were incurred for Bryan Wiles-Bond's benefit; (2) the relationship between Plaintiff Parents and Bryan Wiles-Bond made the expenditures foreseeable and appropriate; and (3) Parent Plaintiffs are suitable persons to enforce the rights of Bryan Wiles-Bond.

Economic damages reasonably and foreseeably incurred include expenses incurred to secure Bryan Wiles-Bond an education that the DOE was legally obligated to provide.

____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection

Greater Los Angeles Council on Defenses, Inc. v. Zolin, 812 F.2d 1103, 1115 (9th Cir. 1987)

December 19, 2006 Court Order at page 40

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39

Only to the extent that you find that the DOE did in fact unlawfully retaliate against Parent Plaintiffs, you may, in addition to the damages described previously, also award Parent Plaintiffs non-economic compensatory damages suffered by them as a result of the DOE's alleged retaliatory conduct.

In order to recover non-economic compensatory damages for Defendant's allegedly retaliatory actions, the Parent Plaintiffs must prove that the Defendant acted with deliberate indifference.  If Plaintiffs fail to prove that the DOE acted with deliberate indifference, then you may not award any non-economic compensatory damages to Parent Plaintiffs.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

November 13, 2007 Order at 17.

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40**

Non-economic compensatory damages include damages for pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of consortium, and all other nonpecuniary losses or claims.

The law does not furnish you with any fixed standard by which to measure the exact amount of non-economic damages. However, the law requires that all damages awarded be reasonable.

\_\_\_\_ Given by Agreement
\_\_\_\_ Given over Objection
\_\_\_\_ Refused
\_\_\_\_ Withdrawn
\_\_\_\_ Modified & Given by Agreement
\_\_\_\_ Modified & Given over Objection

Hawaii Revised Statutes § 663-8.5 (2007).

Ryan v. Shawnee Mission Unified Sch. Dist. No. 512, 2006 WL 2710858 (D. Kan. Sept. 15, 2006) (Jury Instructions).

Longfellow v. Jackson County, 2007 WL 682455 at *2 (D. Or. Feb. 28, 2007).

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41

You are not permitted to award Plaintiffs speculative damages, which means compensation for loss or harm which, though possible, is conjectural or not reasonably probable. The Plaintiffs must show facts which afford a basis for measuring loss, if any, with reasonable certainty, the extent of the Plaintiffs' loss, if any, must be susceptible of ascertainment in some manner of event by mere conjecture or surmise.

Compensation must be reasonable. You may award only such damages as will fairly and reasonably compensate Plaintiffs for their injuries or damages which you find from a preponderance of all the evidence in the case which have been sustained as a legal cause of the occurrence.

```
____ Given by Agreement
____ Given over Objection
____ Refused
____ Withdrawn
____ Modified & Given by Agreement
____ Modified & Given over Objection
```

Airgo, Inc. v. Horizon Transportation, Inc., 66 Haw. 590, 593, 670 P.2d 1277, 1280 (1983)

Chung v. Kaonohi Ctr. Co., 62 Haw. 594 (1980)

Ferreira v. Honolulu Star-Bulletin, 44 Haw. 567, 576 (1960)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 42**

The fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe the Plaintiffs should, or should not, prevail in this case.

_____ Given by Agreement
_____ Given over Objection
_____ Refused
_____ Withdrawn
_____ Modified & Given by Agreement
_____ Modified & Given over Objection

General Federal Jury Instructions In Civil Cases No. 21 (modified)