IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai`i,<br><br>        Defendant. | CIVIL NO. CV04-00442 ACK BMK<br>CIVIL NO. CV05-00247 ACK BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

On July 4, 2008, former lead trial counsel for Defendant, John T. Komeiji, Esq. publicly announced his intention to resign from the Watanabe Ing & Komeiji law firm, counsel of record for Defendant, and to accept a position as Senior Vice President and General Counsel of Hawaiian Telcom. Defendant was first informed of Mr. Komeiji's departure on or about July 4, 2008. See Declaration of Holly T. Shikada, Esq.  Mr. Komeiji left the Watanabe Ing law firm and began his new appointment at Hawaiian Telcom on or about July 28, 2008. See Declaration of Kenneth S. Robbins, Esq.

Prompted by the sudden and unexpected absence of Defendant's lead trial counsel, Defendant requested Kenneth S. Robbins, Esq. to make an appearance as co-counsel in this case, and to assume the role formerly occupied by Mr. Komeiji, viz., lead trial counsel. See Declaration of Holly T. Shikada, Esq. Mr. Robbins' law firm, Robbins & Associates was first approached by Defendant on or about July 16, 2008; the required State of Hawai`i Contract Procurement Process to engage Robbins & Associates was completed on August 8, 2008; and Robbins & Associates made its appearance as co-counsel on August 8, 2008. See Declarations of Holly T. Shikada, Esq. and Kenneth S. Robbins, Esq.

Counsel for Defendant met and conferred with counsel for Plaintiffs in an attempt to obtain a stipulation to a brief continuance of the trial date to permit new lead trial counsel sufficient time to gain familiarity with the complex factual and legal issues presented by this matter. See Declaration of Kenneth S. Robbins, Esq. Counsel for Plaintiffs was unwilling to stipulate to the continuance requested. Id. and Declaration of John-Anderson L. Meyer, Esq.

II.     LEGAL STANDARD

The decision to grant or to deny a continuance lies within the district judge's discretion. However, this discretion "is not without limits." Rios-Berrios v. I.N.S., 776 F.2d 859, 862-63 (9th Cir. 1985). In determining whether continuance is proper, Ninth Circuit precedent requires analysis of four factors:

 (1) The party's diligence in attempting to prepare his case for the originally-scheduled trial date;

 (2) The likelihood that the grant of a continuance would resolve the problem which led the party to seek a continuance;

 (3) The inconvenience a continuance would cause the court and the opposing party; and

 (4) The extent to which the party will suffer harm as a result of the court's denial.

<u>United States v. 2.61 Acres of Land</u>, 791 F.2d 666, 671 (9th Cir. 1985) (citing, <u>United States v. Flynt</u>, 756 F.2d 1352, 1358 (9th Cir. 1985)).  It should be noted, however, that these considerations do not constitute essential elements of a decision to continue trial. The Ninth Circuit has indicated that "[n]o one factor is dispositive," and that the factors are evaluated for the purpose of making the ultimate determination of whether the denial of such a request was "arbitrary or unreasonable." <u>Id</u>.  The Ninth Circuit has also stated that "the determination of whether a denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." <u>Flynt</u>, 756 F.2d at 1359.

 III. <u>ARGUMENT</u>

  Applying each of the four criteria set forth by the Ninth Circuit, Defendant respectfully submits that the balance of equities tips in favor of granting the brief continuance requested herein as Defendant has exercised due diligence in both defending this case, and in securing new lead trial counsel; the requested continuance will resolve the problem currently presented; any inconvenience to the

Court and Plaintiffs by the requested continuance would be comparatively minor; and no party will be prejudiced by the requested continuance, whereas Defendant my be unduly prejudiced if the requested continuance is not granted. Accordingly, Defendant respectfully submits that a brief continuance of the trial is warranted.

> A. Defendant has been Diligently Defending this Case, and has exercised Due Diligence in Securing new Lead Trial Counsel

There is no dispute that all parties to this matter have been diligently preparing for trial. Given the close-in-time sequence of events necessitating the appearance of new lead trial counsel, as outlined above, Defendant respectfully submits that it has exercised due diligence in securing alternate lead trial counsel in as timely a manner as possible.

In Flynt, the Ninth Circuit Court of Appeals considered the other three criteria outlined above when evaluating whether the "diligence" exhibited by a party requesting a continuance was adequate to warrant such a continuance. The satisfaction of the other three criteria in that case outweighed the Court's belief that the movant in that case "might have exercised greater diligence than he did." Flynt, 756 F.2d at 1360. Accordingly, as there is no allegation in the instant matter that Defendant has been less than diligent in pursuing its defense in this matter, Defendant respectfully submits that the first of the Ninth Circuit's four categories is satisfied, and that a brief continuance of the trial is warranted.

B. <u>Usefulness of a Continuance</u>

Defendants seek the instant brief continuance in order to provide its lead trial counsel, newly appearing as co-counsel in this case, with an adequate amount of time to review the relevant evidence and testimony, and to become sufficiently familiar with the facts and law of this case such that Defendants will not be unduly prejudiced at trial. This case spans Bryan Wiles-Bond's multi-year educational history while he was in the DOE system. As can be expected, the documents generated during the relevant period of time, related to his educational and physical care are voluminous.

It is undisputed that this case is factually intensive, with thousands of pages of exhibits which will be or have been submitted. Indeed, Mr. Levin's letter to the court dated August 7, 2008 requesting that the parties be allowed to submit PDF versions of exhibits instead of physical documents, demonstrates the sheer volume of documents which will be introduced at trial. Some of Defendant's exhibits are over 250 pages long. Furthermore, there have been at least 23 witness depositions and numerous records depositions in this action which lead trial counsel will need additional time to digest.

Given the complex factual and legal issues presented in the instant suit, and the rather unique circumstances confronting the parties and the court at this juncture, Defendant respectfully submits that the second of the criteria set forth

5

by the Ninth Circuit, (i.e., the likelihood that the grant of a continuance would resolve the problem which led the party to seek a continuance) is satisfied, and that a brief continuance of the trial is warranted.

      C. <u>Any Inconvenience would be Comparatively Minor</u>

Defendant acknowledges that granting this request for a brief, fourteen-day, continuance may inconvenience the Court.  However, Defendant believes that the inconvenience would be comparatively minor.

It should be noted, however, that Defendant was ready to participate in the trial as originally scheduled on February 26, 2008; the trial date was continued for a period of approximately 5 months due to the recent Ninth Circuit decision <u>Mark H. v. LeMahieu</u>, 513 F.3d 922 (9th Cir. 2008).   Following the issuance of the <u>Mark H.</u> decision, the parties were able to reevaluate the status of the case, participate in a round of dispositive motions, and ultimately prepare for the current September 9, 2008 trial date.  Similar to the previous continuance, Defendant believes that no party will be adversely affected by the granting of the brief continuance requested herein.

      D. <u>No Party will Suffer Prejudice through the Requested Continuance</u>

Defendant respectfully submits that no party will be adversely affected by the granting of the brief continuance requested herein.  Moreover, given the unique situation in which Defendant and its lead trial counsel find

themselves, as described above, Defendant itself is likely to suffer undue prejudice if the requested continuance is not granted. Accordingly, in balancing the absence of prejudice to Plaintiffs were the instant motion granted against the likely prejudice to Defendant in the event the requested continuance is not granted, Defendant respectfully submits that the balance of equities tips in favor of granting the brief continuance requested herein.

> E. A Reasonable Request for an Extension of Time when New Counsel is Substituted in for Prior Counsel Should be Granted

Finally, Defendant points out that Section 2 of the Guidelines for Civility and Professional Courtesy for Hawai`i Lawyers provides, in relevant part, that:

> [A] lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected.
>
> Specifically, a lawyer who manifests professional courtesy and civility:
>
> (a) Agrees to reasonable requests for extensions of time or continuances without requiring motions or other formalities.
>
> (b) Considers any reasonable request for time in light of the need for prompt resolution of matters, the consideration that should be extended to an opponent's professional and personal schedule, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.
>
> ...
>
> (f) Agrees to reasonable requests for extensions of time when new counsel is substituted in for prior counsel.

Defendant suggests that Plaintiffs' refusal of its request for a fourteen-day continuance of the trial date is inconsistent with this guideline, which is applicable in this proceeding pursuant to LR 83.3.

IV. <u>CONCLUSION</u>

Based upon the foregoing, the attached declarations of counsel, and the argument to be presented at the hearing of the instant Motion, Defendant respectfully requests that the instant Motion be granted, and that the trial of this matter be continued for fourteen (14) days, or as this Honorable Court sees fit.

DATED:  Honolulu, Hawai`i, August 8, 2008.

/s/ Kenneth S. Robbins
KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

Attorneys for Defendant
DEPARTMENT OF EDUCATION, STATE
OF HAWAI`I

Civil No. CV04-00442 ACK BMK; CV05-00247 ACK BMK; <u>Wiles, et al. v. Department of Education</u>; MEMORANDUM IN SUPPORT OF MOTION