404103.3
**MARK J. BENNETT**        #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**          #4391-0
**GEORGE S. S. HOM**       #2487-0
**HOLLY T. M. SHIKADA**    #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**       #1624-0
**GREGG M. USHIRODA**      #5868-0
**LEIGHTON M. HARA**       #7826-0
**ROSS T. SHINYAMA**       #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**         #1000-0
**JOHN-ANDERSON L. MEYER**     #8541-0
**SERGIO RUFO**                #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>  Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>  Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS FILED AND DATED AUGUST 4, 2008; CERTIFICATE OF SERVICE**<br><br>**TRIAL: September 9, 2008**<br>**TRIAL JUDGE: Alan C. Kay** |

**DEFENDANT DEPARTMENT OF EDUCATION'S**
**OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**
**FILED ON AND DATED AUGUST 4, 2008**

COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby submits its objections to Plaintiffs' Proposed Jury Instructions filed on and dated August 4, 2008.

The DOE reserves the right to add, amend and/or supplement their objections to the Plaintiffs' proposed jury instructions as warranted by the resolution of motions currently pending before the court, the evidence presented at trial, and/or other developments in this case. Accordingly, the fact that the DOE has not objected to a particular proposed jury instruction herein should not be construed as a waiver of any objections as

-2-

to that instruction that may arise at a later date. By this submission, the DOE reserves all rights as to the Plaintiffs' proposed jury instructions through the settling of final jury instructions in this case, and the DOE does not waive any objections herein.

DATED:  Honolulu, Hawaii, August 11, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant

**Plaintiffs' Proposed Jury Instruction No. 1**

Section 504 of the Rehabilitation Act is a federal law that prohibits discrimination against people with disabilities in all programs or activities that receive federal funding, including local educational agencies. Under Section 504, a person is considered to have a disability if that person:

1. Has a physical impairment, which substantially limits one or more of that person's major life activities, OR

2. Has a record of such an impairment; OR

3. Is regarded as having such impairment.

**DOE's Objection(s):**

The DOE has no objections at this time. The DOE notes, however, that the present instruction was not included in Plaintiffs' Proposed Jury Instructions, dated July 26, 2008, which was provided to the DOE pursuant to this Court's Order Setting Pretrial Conference and Deadlines filed May 21, 2008.

**Plaintiffs' Proposed Jury Instruction No. 2**

Under Section 504, "physical or mental impairment" means "any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities."

Under Section 504, "major life activities" means "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

Under Section 504, the term "local educational agency" means "a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State."

**DOE's Objection(s):**

The DOE has no objections at this time with regards to the first two paragraphs of the instant instruction. The DOE notes, however, that the first two paragraphs are identical to Joint Jury Instruction No. 5, which was included in the Parties' Joint Jury Instructions, filed August 4, 2008. Further, the DOE notes that the present instruction was not included in Plaintiffs' Proposed Jury Instructions, dated July 26, 2008, which was provided to the DOE pursuant to this Court's Order Setting Pretrial Conference and Deadlines filed May 21, 2008.

The DOE objects to the third paragraph of the present instruction insofar as it is derived from 34 C.F.R. § 104.3(j)(2) of Section 504's implementing regulation. Section 504's implementing regulations are irrelevant to the instant action as a result of Plaintiffs' choice to disregard Section 504's implementing regulations by failing to plead them in their First Amended Complaint.

**Plaintiffs' Proposed Jury Instruction No. 3**

Section 504 of the Rehabilitation Act prohibits the DOE from discriminating in public education against disabled students like Bryan Wiles Bond. Under Section 504, the DOE must make reasonable modifications needed for Bryan to enjoy meaningful access to public education. Section 504 also prohibits the DOE from taking actions to exclude Bryan from or deny him the benefits of meaningful public education. Under Section 504, the DOE is liable if it acted with deliberate indifference toward Bryan Wiles Bond by failing to provide him meaningful access to public education, or if it took actions that excluded him from or denied him the benefits of meaningful public education in Hawaii.

**DOE's Objection(s):**

The DOE objects to the present instruction on the basis that it is overly suggestive of Plaintiffs' side of the case and misstates the law applicable to the instant case. Plaintiffs improperly use the term "reasonable modifications." The appropriate term is "reasonable accommodations." The present instruction also incorrectly attempts to separate the standard of "meaningful access" from the exclusion from, and denial of benefits of, prongs of Section 504. In reality, the exclusion from, and denial of benefits of, prongs of Section 504 are part of Section 504's standard of meaningful access. Accordingly, any attempt to separate the two, and seemingly infer separate standards of liability, is inappropriate, and unduly prejudicial to the DOE.

**Plaintiffs' Proposed Jury Instruction No. 4**

Under Section 504, the DOE has acted with "deliberate indifference" if the DOE knew of Bryan Wiles Bond's special education needs and did not supply the services that would permit him to enjoy meaningful public education. Under Section 504, the DOE has acted with "deliberate indifference" if the DOE knew of Bryan Wiles Bond's special education needs, but did not provide him the services that addressed those needs and, as a result, Bryan was excluded from or denied the benefits of meaningful public education.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is a misstatement of applicable law, overly suggestive of Plaintiffs side of the case, and prejudicially insufficient without additional instructions as to "deliberate indifference." In the alternative the DOE submits that the following instruction, stating the exact language as set forth by the Ninth Circuit in Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001), is appropriate:

> Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.

Further, Plaintiffs misstate the law applicable to the instant case. It is not sufficient for Plaintiffs to prove that "the DOE knew of Bryan Wiles Bond's needs." Rather, the first prong of the deliberate indifference standard requires that the DOE knew that a harm to Bryan Wiles Bond's right to meaningful access to a public education was substantially likely. Moreover, it is not sufficient for Plaintiffs to merely prove that the DOE did not provide Bryan Wiles Bond the services that addressed those needs. Rather, Plaintiffs must prove that the DOE "failed to act" upon the likelihood that Bryan Wiles Bond was allegedly not receiving meaningful access to public education.

Finally, in the first sentence of the present instruction, Plaintiffs conveniently omit that Section 504 requires meaningful **access** to public education, not a meaningful public education.

### Plaintiffs' Proposed Jury Instruction No. 5

"Deliberate indifference" means the DOE knew that harm to Bryan's federally protected rights was substantially likely, and failed to avoid that harm.  In this case, the federally protected rights were Bryan Wiles Bond's right to meaningful public education and his right not to be excluded from or denied the benefits of meaningful public education.  "Deliberate indifference" does not require Plaintiffs to prove the DOE acted with intent to harm Bryan Wiles Bond or with bad faith.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is a misstatement of applicable law, overly suggestive of Plaintiffs side of the case, and prejudicially insufficient without additional instructions as to "deliberate indifference."  In the alternative the DOE submits that the following instruction, stating the exact language as set forth by the Ninth Circuit in Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001), is appropriate:

> Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.

This instruction is also unduly prejudicial without further instructions on "deliberate indifference."  Clearly, the standard of deliberate indifference entails more than a one line explanation.  As a result, the DOE contends that instructions on deliberate indifference should not be done piecemeal; rather, any instructions on deliberate indifference should be combined into one comprehensive instruction, e.g., should include, inter alia, that the second element of deliberate indifference requires more than just negligent behavior, and involves an element of deliberateness.

Further, the present instruction, to the extent it states that "'deliberate indifference' does not require Plaintiffs to prove the DOE acted with intent to harm Bryan Wiles Bond or with bad faith," is contrary to applicable law and this Court's December 2006 Order.

Finally, in the first sentence of the present instruction, Plaintiffs conveniently omit that Section 504 requires meaningful **access** to public education, not a meaningful public education.

### Plaintiffs' Proposed Jury Instruction No. 6

Difficulty in procuring or providing the services that Bryan needed to receive meaningful public education is not a defense for the DOE.  Difficulty in procuring or providing the services that Bryan needed so that he would not be excluded from or denied the benefits of meaningful public education is not a defense for the DOE.  The DOE cannot discharge its legal duty to provide services by merely offering just any accommodation.

**DOE's Objections(s):**

The DOE objects to this instruction on the basis that it is vague, overly broad, is unsupported by any applicable law, and is prejudicially insufficient without additional instructions as to deliberate indifference.  Any instruction on "deliberate indifference" should replicate the exact language used by the Ninth Circuit, and should be combined into one comprehensive and complete instruction.

The clause "[d]ifficulty in procuring or providing those services is not a defense" is clearly unsupported by any legal authority.  Indeed, in a case where Plaintiffs must prove that the DOE intentionally discriminated against Bryan solely by reason of his disability, any evidence proving that other reasons, exclusive of any alleged intentional discrimination, is highly relevant and essential to the DOE's defense.

Moreover, Plaintiffs' instruction, to the extent that it proffers that "[t]he DOE cannot discharge its legal duty to provide services, by merely offering just any accommodation" is inapposite.  The issue in this case is not whether the DOE did or did not try to discharge its legal duty; the issue in this case is whether, in allegedly failing to provide Bryan meaningful access, did the DOE act with "deliberate indifference" and "bad faith."  See December 2006 Order at 51.  As a result, the last sentence of this instruction is utterly irrelevant.

Finally, in the first sentence of the present instruction, Plaintiffs conveniently omit that Section 504 requires meaningful **access** to public education, not a meaningful public education.

### Plaintiffs' Proposed Jury Instruction No. 7

The DOE knew that harm to a federally protected right was substantially likely if it had the notice that an accommodation was needed to address Bryan Wiles Bond's disability.

The DOE cannot discharge its duty to act by offering just any accommodation to Bryan: it must consider his particular needs when it determines what reasonable accommodations were needed to provide him access to meaningful public education and to assure he would not be excluded from or denied the benefits of meaningful public education.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is an incomplete statement of applicable law, prejudicially insufficient without additional instructions as to Plaintiffs' burden of proof in this case, an in part, irrelevant. In the first sentence of the second paragraph, Plaintiffs conveniently fail to include the Ninth Circuit's complete articulation of what is required under the second element of "deliberate indifference." The complete language is as follows:

> The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness."

See Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001).

Further, the second sentence of the second paragraph of this instruction is inapposite. There has been no claim that the DOE failed to conduct a reasonable investigation as to what Bryan's needs were and the accommodations that were reasonable.

The DOE further contends that any instructions on "deliberate indifference" should not be given in a piecemeal fashion. Rather, any instructions on "deliberate indifference" should be given as one comprehensive and complete instruction. Failure to do so severely under-emphasizes the Plaintiffs' burden of proof in this case, and is unduly prejudicial to the DOE.

## Plaintiffs' Proposed Jury Instruction No. 8

If the DOE knew of Bryan Wiles Bond's needs and did not provide the appropriate services he needed to receive meaningful public education or to assure he would not be excluded from or denied the benefits of meaningful public education, the DOE's conduct constitutes "deliberate indifference" for which the DOE is liable under Section 504 whether or not the DOE acted in "good faith."

**DOE's Objection(s):**

The DOE objects to the present instruction on the basis that it is contrary to applicable law and this Court's December 2006 Order, misstates Section 504's standard of deliberate indifference as applicable to the instant case, and is overly suggestive of Plaintiffs' side of the case. In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001 (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred. Further, the first prong of Section 504's standard of deliberate indifference is not satisfied where "the DOE knew of Bryan Wiles Bond's needs." Rather, the first prong requires that the DOE knew that a harm to Bryan Wiles Bond's right to meaningful access to a public education was substantially likely.

The DOE further contends that any instructions on "deliberate indifference" should not be given in a piecemeal fashion. Rather, any instructions on "deliberate indifference" should be given as one comprehensive and complete instruction. Failure to do so severely under-emphasizes the Plaintiffs' burden of proof in the instant case, an is unduly prejudicial to the DOE.

Finally, in the first sentence of the present instruction, Plaintiffs conveniently omit that Section 504 requires meaningful **access** to public education, not a meaningful public education.

**Plaintiffs' Proposed Jury Instruction No. 9**

The DOE cannot excuse its knowing failure to provide appropriate special education and related services to Bryan Wiles Bond based on cost. Cost of services is not a defense in this case.

**DOE's Objection(s):**

The DOE objects to the present instruction on the basis that it is not supported by applicable law. None of the cases relied upon by Plaintiffs in the present instruction support Plaintiffs' contention that "costs of services is not a defense" under Section 504. For example, in <u>Kruelle v. New Castle County School Dist.</u>, 642 F.2d 687, 695 (3d Cir. 1981), the Third Circuit held that "financial and administrative burdens" do not relieve school districts of their obligations under the Education for All Handicapped Children Act, the predecessor to the IDEA. <u>Kruelle</u> did not hold that "cost of services is not a defense" **under Section 504.** In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable."

Further, and as evidenced by <u>Kruelle</u>, the present instruction is an IDEA-based instruction. The instant action, however, is brought under Section 504 - a separate and distinct statute from the IDEA. Accordingly, the DOE objects to the present instruction on the basis that it is irrelevant.

**Plaintiffs' Proposed Jury Instruction No. 10**

Section 504 **prohibits DOE from retaliating against any person who** has opposed any act or practice that he or she reasonably believes to be unlawful under Section 504, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Section 504. Ann Kimball Wiles and Stanley Bond are protected against retaliation even though they are not disabled.

**DOE's Objection(s):**

The DOE objects to the present instruction on the basis that it is prejudicially insufficient without further instructions on retaliation under Section 504. In the alternative, the DOE contends that a proper, and exhaustive, instruction on Plaintiffs' Section 504 retaliation claim can be found in Defendant's Requested Jury Instruction No. 32 included in Defendant Department of Education's Requested Supplemental Jury Instructions, filed August 5, 2008.

The DOE also contends that the present instruction is wholly inappropriate insofar as it attempts to highlight a particular portion of the present instruction through the use of **bold** lettering.

### Plaintiffs' Proposed Jury Instruction No. 11

For Plaintiff Ann Kimball Wiles or Plaintiff Stanley Bond to establish she or he was subjected to retaliation in violation of the Section 504, she or he must prove the following elements by a preponderance of evidence:

1. She or he engaged in conduct protected under Section 504;

2. She or he was subjected to an adverse action at the time, or after the protected conduct occurred;

3. There was a causal link between the protected activity and the adverse action - that is the retaliation was in response to the protected activity; and

4. The protected activity was a motivating factor in the adverse action.

If you find that each of the elements on which a plaintiff has the burden of proof has been proved, your verdict should be for that plaintiff.  If, on the other hand, a plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**DOE's Objection(s):**

The DOE objects to the present instruction insofar as it substantially modifies Instruction No. 10.3 of the Ninth Circuit Manual of Model Civil Jury Instructions.  The DOE contends that a proper recount of Instruction No. 10.3, without substantial modifications, can be found in Defendant's Requested Jury Instruction No. 32 included in Defendant Department of Education's Requested Supplemental Jury Instructions, filed August 5, 2008.

**Plaintiffs' Proposed Jury Instruction No. 12**

If you find for any of the Plaintiffs, then you must provide a sum that justly and fairly measures the amount of the losses to that Plaintiffs as the result of the DOE's actions.

**DOE's Objection(s):**

The DOE objects to the present instruction on the basis that it is vague, unclear, and is overly suggestive of the Plaintiffs' side of the case. In the alternative, the DOE submits that the following is an appropriate instruction:

> If you find that any of the Plaintiffs are entitled to damages under Section 504, the damages awarded must be of such an amount as in your judgment will fairly and adequately compensate him/her/them for the injuries which he/she/they suffered.

See Hawaii Standard Civil Jury Instructions, Instruction No. 8.9 (1999)(modified).

### Plaintiffs' Proposed Jury Instruction No. 13

Special damages for Bryan Wiles Bond are all losses arising from his need for additional services that occurred as a result DOE's deliberate indifference. Special damages for Bryan may include, but are not limited to, the cost of additional special education, medical care, mental health care, vocational training, speech therapy, occupational therapy, other treatment and or housing.

Special damages for Bryan's parents may include lost income and other economic losses that resulted from the DOE's deliberate indifference.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is overly suggestive of Plaintiffs' side of the case. In the alternative, the DOE submits the following appropriate jury instruction defining special damages:

> Special damages are those damages which can be calculated precisely or can be determined by you with reasonable certainty from the evidence.

See Hawaii Standard Civil Jury Instructions, Instruction No. 8.2 (1999).

Notwithstanding the above objection, the DOE also objects to the last paragraph of the present instruction on the basis that it misstates this Court's December 2006 Order. In the alternative, the DOE submits that any such instruction should replicate the exact language set forth in the December 2006 Order.

> [Bryan's parents] may recover economic damages reasonably and foreseeably incurred as a result of [the DOE's] intentional discrimination against Bryan.

See December 2006 Order at 40-41.

**Plaintiffs' Proposed Jury Instruction No. 14**

In awarding special damages for future losses or expenses you must exclude expenses that the Plaintiffs would have incurred without the DOE's deliberate indifference.

**DOE's Objection(s):**

The DOE has no objections at this time. The DOE does note, however, that an almost identical jury instruction was submitted to this Court as "Joint Jury Instruction No. 10" in Parties' Joint Jury Instructions, filed August 4, 2008 (the instant instruction replaces "State's" with "DOE's".

### Plaintiffs' Proposed Jury Instruction No. 15

General damages are those damages that fairly and adequately compensate Plaintiff(s) for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the DOE's deliberate indifference.

General damages include fair and just compensation for any physical pain and suffering, humiliation, inconvenience, emotional anguish that the Plaintiffs experienced as a result of the DOE actions. No evidence of monetary value of such intangible factors as pain and suffering needs to be provided by Plaintiffs;

In deciding on the measure of the losses and harm inflicted, you should be guided by your dispassionate common sense, personal experience and your sound discretion by measuring the amount against your drawing all reasonable inferences from the facts as found by you.

**DOE's Objection(s):**

The DOE does not object to the first paragraph of the present instruction insofar as it is identical to Instruction No. 8.3 of the Hawaii Standard Civil Jury Instructions.

The DOE, however, objects to the remaining paragraphs of the present instruction on the basis that it is overly suggestive of Plaintiffs' side of the case, unclear, vague, and cumulative. Instead, to the extent that this Court finds that an instruction on the measurement of general damages is necessary, the DOE submits the following as an appropriate instruction:

> Plaintiffs are not required to present evidence of the monetary value of their pain or emotional distress. It is only necessary that Plaintiffs prove the nature, extent and effect of their injury, pain, and emotional distress. It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

See Hawaii Standard Civil Jury Instructions, Instruction No. 8.10 (1999).

**Plaintiffs' Proposed Jury Instruction No. 16**

Under Section 504, Bryan's parents have the legal authority to bring this suit on Bryan's behalf and on their own behalf. If you conclude that the DOE acted with deliberate indifference toward their son Bryan, you must find that Bryan's parents' rights have also been violated and determine an appropriate amount of special and general damages that justly and fairly compensates them for the harm and losses caused by the DOE's deliberate indifference.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is contrary to this Court's December 2006 Order and applicable law, is substantially likely to confuse the issues and mislead the jury, and is unfairly prejudicial to the DOE. In the December 2006 Order, this Court held that Bryan's parents "do not have standing to bring an action for their own personal injuries allegedly arising from the discrimination against [Bryan]." See December 2006 Order at 39. As this Court correctly reasoned, Bryan's parents lacked standing under Section 504 to bring such an action because they were not "a participant in, or a beneficiary of, a program receiving federal funds." See December 2006 Order at 39-40.

**Plaintiffs' Proposed Jury Instruction No. 17**

When you review the evidence in this case, you must treat evidence presented by the DOE and its witnesses the same as the evidence presented by Plaintiffs. The evidence presented by the DOE is not entitled to any special consideration and must not be given any special weight or viewed more favorably than the evidence presented by Plaintiffs and their witnesses.

**DOE's Objection(s):**

The DOE objects to this instruction on the basis that it is overly suggestive of Plaintiffs' side of the case. In the alternative, the DOE submits the following as an appropriate instruction:

> When you review the evidence in this case, you must treat evidence presented by both parties and its witnesses equally. The evidence presented by either party is not entitled to any special consideration and must not be given any special weight or be viewed more favorably just because it is presented by that particular party.

---

Ann Kimball Wiles, et al., Plaintiffs vs. Department of Education, Defendant; Civil No. 04-00442 ACK-BMK; Defendant Department of Education's Objections to Plaintiffs' Proposed Jury Instructions