Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON       4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY              4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                Plaintiffs,<br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #3 TO PRECLUDE DANIEL B. LEGOFF, PH.D. FROM OFFERING ANY OPINIONS WITH RESPECT TO EDUCATIONAL NEGLECT AND ANY OTHER OPINIONS NOT DISCLOSED IN HIS REPORT AND CERTIFICATE OF SERVICE<br>DATE:     September 9, 2008<br>TIME:     9:00 a.m.<br>JUDGE:   Honorable Alan C. Kay<br>TRIAL DATE:  September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #3
TO PRECLUDE DANIEL B. LEGOFF, PH.D. FROM OFFERING ANY
OPINIONS WITH RESPECT TO EDUCATIONAL NEGLECT
AND ANY OTHER OPINIONS NOT DISCLOSED IN HIS REPORT

Plaintiffs hereby submit their Opposition to Defendant DEPARTMENT OF EDUCATION's ("DOE") Motion in Limine #3 to Preclude Daniel B. LeGoff Ph.D. from Offering Any Opinions with Respect To Educational Neglect and Any Other Opinion Not Disclosed in His Report.

I.   **ARGUMENT**

Defendant argues that Dr. LeGoff should be precluded from using the term "educational neglect" in his testimony at trial. Defendant's argument asserts that because the term was not expressly used by Dr. LeGoff in his written reports he cannot use these words at trial. Defendant makes this assertion: (1) without ever defining the meaning of the term "educational neglect;" and (2) despite the clear representation from Dr. LeGoff that he is not going to refer to "educational neglect."

Plaintiffs understand that the standard for liability in this case is "deliberate indifference." *E.g., Mark H. v. Lemahieu,* 513 F.3d 922, 938 (9th Cir. 2008); *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002)*; Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). Plaintiffs do not assert that "educational neglect" is the standard to establish liability for damages under the

2

§504 of the Rehabilitation Act of 1973. Plaintiffs' opposition to the Motion is based on their concern that Defendant is asserting that experts, including Dr. LeGoff, cannot express opinions on the ultimate facts of Defendant's liability. If so, such an assertion would be directly contrary to the language of Federal Rules of Evidence ("FRE") 704(a), which expressly states:

> *(a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible <u>is not objectionable</u> because it embraces an ultimate issue to be decided by the trier of fact.*

Certainly, Dr. LeGoff and other experts are not barred from expressing opinions on ultimate facts by FRE Rule 704 and Defendant's Motion cannot be used as a pretext to circumvent the Rule. Additionally, the trial court has broad discretion in admitting and excluding expert testimony. *Taylor v. Burlington Northern Railroad Co.*, 787 F.2d 1309, 1315 (9th Cir. 1986).

Plaintiffs do not oppose the Motion insofar as it merely seeks to prevent Dr. LeGoff from using the term or referring to "educational neglect" in his testimony. Dr. LeGoff testified at his deposition to all of the facts that he found in this case. He also testified about his opinions that Defendant caused Bryan's deficits because the DOE did not properly implement Bryan's Individualized Education Program ("IEP"). Dr. LeGoff testified about the inevitable legal conclusion that the DOE was legally the cause of Bryan's lack of developing expressive language ability and his testimony is the same, based on § 504 and the lexicon of the IDEA, if the

legal standard was "meaningful access" and "reasonable accommodation." There are no new facts, reports, research, or observations which are necessary for him to consider in order to reach what is essentially the same conclusion. Indeed, this Court agreed that further discovery in this case was unwarranted following the Court of Appeals for the Ninth Circuit decision in *Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008), the Second Amended Complaint filed February 13, 2008 and the subsequent Order Denying in Part and Granting in Part Defendant's Motion to Dismiss or in the Alternative for Summary Judgment on Second Amended Complaint Filed on February 13, 2008 dated April 29, 2008. On January 24, 2008, this Court issued a Minute Order calling for a further status conference before Magistrate Judge Kurren regarding, *inter alia*, the discovery deadline pursuant to Rule 16. Docket at 440. On February 29, 2008, the prior discovery cutoff of October 5, 2007 was allowed to stand. Docket at 458.

II. **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that Defendant DOE's Motion in Limine #3 to Preclude Daniel B. LeGoff Ph.D. from Offering Any Opinions with Respect To Educational Neglect and Any Other Opinion Not Disclosed in His Report, be DENIED or alternatively, that if granted the Court's ruling be expressly limited in a manner that does not preclude Dr. LeGoff from

testifying regarding ultimate facts that would otherwise be allowed under FRE 704(a).

DATED:   Honolulu, Hawaii, August 11, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs

5