Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON           4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                  4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>            Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>            Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #5 TO EXCLUDE ALL EVIDENCE OF: (1) "DECISION AND ORDER" DATED 5/21/01; AND (2) ALLEGED IDEA AND SECTION 504 VIOLATIONS BY DEFENDANTS ON OR BEFORE JULY 1, 2002 AND CERTIFICATE OF SERVICE<br><br>DATE:   September 9, 2008<br>TIME:   9:00 a.m.<br>JUDGE:  Honorable Alan C. Kay<br><br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #5
TO EXCLUDE ALL EVIDENCE OF: (1) "DECISION AND ORDER"
DATED 5/21/01; AND (2) ALLEGED IDEA AND SECTION 504
VIOLATIONS BY DEFENDANTS ON OR BEFORE JULY 1, 2002

Plaintiffs hereby submit their Opposition to Defendant DEPARTMENT OF EDUCATION's (DOE) Motion in Limine #5 to exclude all evidence of: (1) that certain "Decision and Order" dated 5/21/01; and (2) alleged violations by Defendant of the Individuals with Disabilities Education Act (IDEA) and the Rehabilitation Act of 1973 that purportedly occurred on or before July 1, 2002. Additionally, Defendant claims that any evidence related to these claims were fully and finally resolved by that certain "Release and Settlement Agreement" entered into on July 1, 2002.

This is a crucial document to this case and the DOE's effort to strike those documents must be denied.

I. **ARGUMENT**

Generally, the trial court has broad discretion in making evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Decisions regarding the relevancy of evidence and whether the probative value of evidence outweighs unfair prejudice to the defendant are within the District Court's discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir. 1983).

The Defendant's Motion ignores the breach of that certain "Release and Settlement Agreement" entered on July 1, 2002.  The Decision and Order of May 21, 2001 was the start of a pattern that continued with the agreement entered on July 1, 2002 and further continued with the May 11, 2007 and July 24, 2007 administrative decisions and the instant Complaint filed in federal court. Taken all together this is an unbroken series of decisions and agreements whereby the DOE, *inter alia*, made promises to provide an adequate number of qualified skills trainers – and then failed to do so.  These events and documents are not only relevant, they are the basis of clear liability and are the specific basis for Judge Gillmor's *res judicata* ruling in her December 16, 2006 order.  The need for this document goes to show the fact that the Plaintiffs had battled with the DOE for years in order to obtain for BRYAN WILES-BOND appropriate services that were required for him to receive a meaningful access to public education.  The certain "Decision and Order" dated May 21, 2001 was in the fashion of a decision, but it was truly a stipulated agreement that the DOE ultimately failed to live up to.  This is the start of a pattern of conduct by the DOE that has led to this trial.

This pattern is shown further by the Complaint that the family was forced to file in federal court to enforce the May 2001 decision which led to the Settlement Agreement of July 1, 2002.  DOE breached that certain Release and Settlement Agreement entered on July 1, 2002 by failing to fully and finally resolve claims

related to that certain "Decision and Order" dated May 21, 2001. So both documents are part of this DOE pattern of conduct and must remain in the face of the DOE's efforts.

## II.   CONCLUSION

One of the serious flaws in this Motion in Limine is that the DOE breached both the Decision and Settlement Agreement, and therefore, an important element of the legal consideration for the making of either deal evaporated. All of the DOE's promises were now valueless. There was certainly no exchange of enforceable promises.

The Settlement Agreement was not enforceable unless the Plaintiffs chose to file in federal court, which they subsequently did. The DOE's breach of this Settlement Agreement changed the entire analysis of the case and when that key event is factored into the situation, then the importance and meaning of the Settlement Agreement is obvious. These are crucial documents to this case and the DOE's effort to strike those documents must be denied.

DATED:   Honolulu, Hawaii, August 11, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiff