Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN             1152-0
MICHAEL K. LIVINGSTON        4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY               4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #6 TO EXCLUDE TESTIMONY CONCERNING AN ALLEGED EDUCATIONAL STANDARD OF CARE AND CERTIFICATE OF SERVICE<br><br>DATE: September 9, 2008<br>TIME: 9:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br><br>TRIAL DATE: September 9, 2008 |
|---|---|

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION
IN LIMINE #6 TO EXCLUDE TESTIMONY CONCERNING
AN ALLEGED EDUCATIONAL STANDARD OF CARE

Plaintiffs hereby submit their Opposition to Defendant DEPARTMENT OF EDUCATION's (DOE) Motion in Limine #6 to Exclude Testimony Concerning an Alleged Educational Standard of Care.

I.   **ARGUMENT.**

Defendant argues that Plaintiffs should be precluded from using the term "educational standard of care" in testimony at trial. Defendant's argument speculates that, because the term "educational neglect" was expressly used by Dr. LeGoff in deposition testimony, he might later testify to an "educational standard of care." Defendant makes this assertion: (1) without any evidence that Dr. LeGoff would so testify on the term "educational standard of care;" and (2) with the clear knowledge that Dr. LeGoff testified in deposition that he is not going to refer to "educational neglect."

Plaintiffs understand that the standard for liability in this case is "deliberate indifference." *E.g., Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008); *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002)*; Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). Plaintiffs do not assert that Defendant's "educational neglect" violates "educational standard of care," nor do Plaintiffs seek to establish some new "educational standard of care." Plaintiffs'

2

opposition to the Motion is based on their concern that Defendant is asserting that experts, including Dr. LeGoff, cannot express opinions on the ultimate fact of Defendant's liability. If so, such an assertion would be directly contrary to the language of Federal Rules of Evidence ("FRE") 704(a), which expressly states:

> *(a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.*

Certainly, Dr. LeGoff and other experts are not barred from expressing opinions on ultimate facts by FRE 704 and Defendant's motion cannot be used as a pretext to circumvent the Rule.

Plaintiffs do not oppose the motion insofar is it merely seeks to prevent Dr. LeGoff from using the term or referring to an "educational standard of care."

However, the Court is asked to confine its ruling to prohibit the use of that term "educational standard of care" and to rule that nothing prohibits other testimony, including without limitation, that:

1. The State knew that harm to Bryan's and his parents' federally protected rights was substantially likely because DOE had notice that specific accommodations were required to address Bryan's disability;

2. The State's failure to act to meet Bryan's needs by fulfilling his IEPs, obeying hearing officer decisions, fulfilling its stipulations and agreements was done with knowledge of the probably consequences for Bryan; and

3. The State cannot discharge its duty to 'act' by offering just any accommodation to the Bryan: it must consider Bryan's particular needs when conducting its investigation into what accommodations are reasonable and provide the reasonable accommodations that Bryan's needs.

Nothing in FRE 704 would prohibit such testimony for the jury's consideration.

## II. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request that Defendant Department of Education's Motion in Limine #6 to Exclude Testimony Concerning an Alleged Educational Standard of Care be DENIED or alternatively, that if granted the Court's ruling be expressly limited in a manner that does not preclude testimony regarding ultimate facts that would otherwise be allowed under FRE 704(a) as outlined herein.

DATED: Honolulu, Hawaii, August 11, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs