Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN                 1152-0
MICHAEL K. LIVINGSTON            4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                   4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #7 TO EXCLUDE ANY TESTIMONY BY BETTY JO FREEMAN ON (1) OPINIONS NOT DISCLOSED IN HER REPORT AND (2) OPINIONS REGARDING PROGRAMS FOR AUTISTIC CHILDREN IN HAWAII; DECLARATION OF STANLEY E. LEVIN; EXHIBITS 1-3 AND CERTIFICATE OF SERVICE<br>DATE:       September 9, 2008<br>TIME:       9:00 a.m.<br>JUDGE:     Honorable Alan C. Kay<br>TRIAL DATE:  September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #7 TO EXCLUDE ANY TESTIMONY BY BETTY JO FREEMAN ON (1) OPINIONS NOT DISCLOSED IN HER REPORT AND (2) OPINIONS REGARDING PROGRAMS FOR AUTISTIC CHILDREN IN HAWAII

Defendant DEPARTMENT OF EDUCATION ("DOE"), State of Hawai'i ("Defendant"), by and through it counsel, has filed a Motion in Limine seeking to exclude any testimony by Betty Jo Freeman on (1) opinions not disclosed in her report and (2) opinions regarding programs for autistic children in Hawaii. Defendant claims that "Plaintiffs are unduly prejudicing the DOE because they are precluding the DOE from effectively cross-examining Dr. Freeman on the same."

The trial court has broad discretion in admitting and excluding expert testimony. *Taylor v. Burlington Northern Railroad Co.*, 787 F.2d 1309, 1315 (9th Cir. 1986).

I.   ARGUMENT

  A.   Dr. Freeman's Opinions Regarding Staff-Training and Retention Are Explications of Opinions Contained in her Report

Defendant first contends that Dr. Freeman's deposition testimony contained opinions not included in her report in violation of Fed. R. Civ. P. 26(a)(2)(B). Specifically, Defendant complains that she failed to disclose her opinion regarding the DOE's lack of a staff-training and retention plan. Defendant's contentions are without merit.

First, Dr. Freeman's report does contain numerous references to Bryan's lack of access to appropriate and consistent services.  For example, she refers to the fact that "the severity of [Bryan's] disability has obviously been impacted by his lack of access to and consistency of appropriate services at the critical ages of development."  *See* Exhibit 1, Dr. Freeman's *Psychological Assessment* dated July 23, 24, 25, & 26, 2006 at p. 19.  She later opines that in addition, "despite Bryan's disability, the quality of his life and that of his family has been greatly impacted by his lack of services and resulting presentation" and that his "options in life have been reduced as a direct result of his lack of intervention." *Id.*  She repeatedly opines about the need to "remediate the lack of consistent services when he was younger." *Id.*  The lack of access of appropriate and consistent services plays a significant role in Dr. Freeman's expert report.  Her deposition testimony regarding the lack of training and retention of staff is obviously a subset explanation of her opinion that Bryan lacked access to appropriate and consistent services while within the DOE.

In any event, there is no prejudice by allowing these opinions.  There is no surprise factor, as the opinions were not made for the first time in open court.  In fact, Dr. Freeman's deposition testimony regarding the DOE's lack of staff training and lack of a retention plan is nothing new.  These problems have dogged Bryan from the beginning and have been a part of the record in this case since the

3

complaint was filed and were the subject of prior Hearings Officers' decisions and settlement agreements. Dr. Freeman disclosed her opinions during her deposition taken on September 24, 2007, well-within the discovery period in this case and approximately one year prior to the start of trial, allowing ample opportunity to prepare for trial cross-examination of Dr. Freeman on these issues. Defendant's counsel had ample opportunity to conduct further discovery and name additional rebuttal witnesses if necessary, following her deposition. Defendant did not request any follow-up deposition of Dr. Freeman. Defendant never asked for further deposition on this matter.

Moreover, the fact that Dr Freeman was astute enough to talk about the DOE's failing as, in part causing Bryan to be confronted with a lack of access, only further solidifies her position as a world-renown expert. Prior to the Court of Appeals for the Ninth Circuit decision in *Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008), Dr. Freeman correctly analyzed the legal effects of the DOE's actions and inactions as causing Bryan to have a lack of access to the programs, an opinion that squarely and accurately falls within *Mark H*. Indeed, there are no new facts, reports, research, or observations which are necessary for her to consider in order to reach what is essentially the same conclusion. Indeed, this Court agreed that further discovery in this case was unwarranted following *Mark H*.

4

Furthermore, Defendant's own employees, Drs. Smalley and Siegel, both testified about the DOE's lack of training and the need for it. Dr. Smalley testified that they offered to do training. *See* Exhibit 2, Deposition of Dr. Kimberly Smalley at p. 95: 16-22. Dr. Siegel testified that she would have provided training if asked. *See* Exhibit 3, Deposition of Dr. Bryna Siegel at p. 48:21-25 p. 49:1-12.

    B.    Dr. Freeman's Opinions Regarding Programs Available in Hawai`i for Autistic Children is Relevant

Defendant also contends that Dr. Freeman's opinions regarding the adequacy of programs in Hawai`i for autistic children are irrelevant. Specifically, Defendant claims that Dr. Freeman stated that she was asked to be an expert for the State "at least twice," but that she declined because she felt that the programs available for autistic children were inadequate. Dr. Freeman is a well-respected authority with over 30 years experience working with autistic youngsters. She can testify regarding her personal knowledge in that context. See Rule 602 of the Federal Rules of Evidence, where it clearly supports testimony.

    C.    Dr. Freeman's Opinions Regarding the Programs for Autistic Children in Hawai`i are not Hearsay

Defendant claims that Dr. Freeman's opinions are hearsay because she relied on information obtained by talking to patients who came to UCLA and reviewing the Individualized Education Program's ("IEP") of said patients. Again, this claim is meritless.

5

Rule 703 of the Federal Rules of Evidence permits an expert to base an opinion on any facts or data, admissible or not, which are "of a type reasonably relied on by experts in the particular field in forming opinions or inferences upon the subject." As long as Plaintiffs can establish that the IEPs and patient interviews fall into this category, they are entitled to have their expert give an opinion based on them. *See In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1314-15 (9th Cir. 1982) (citing *Bauman v. Centex Corp.*, 611 F.2d 1115, 1120 (5th Cir. 1980)).

Rule 703 allows opinions based on data not admissible in evidence so long as "of a type reasonably relied upon by experts in the particular field." The Advisory Committee's Note to Fed. R. Evid. 703 indicates:

> [T]he rule is designed to broaden the basis for expert opinions beyond that current in many jurisdictions and to bring the judicial practice into line with the practice of experts themselves when not in court. Thus a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions from nurses, technicians and other doctors, hospital records, and X-rays. Most of them are admissible in evidence, but only with the expenditure of substantial time in producing and examining various authenticating witnesses. The physician makes life-and-death decisions in reliance upon them. His validation, expertly performed and subject to cross-examination, ought to suffice for judicial purposes.

Dr. Freeman has extensive knowledge, skill, experience, training, and education in the complexities of autism in children. She has prior experience

6

evaluating and treating youngsters from Hawai`i suffering from autism. In the course of her practice, she relies on many and various sources of data and information in forming her opinions. The opinions she gleans from those sources are her own and she is more than qualified to assist the jury.

Testimony of a witness qualified by knowledge, skill, experience, training, or education is admissible whenever that scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to decide a fact in issue. Fed. R. Evid. 702.

The trial court should allow Dr. Freeman to testify as to her opinion of the DOE's lack of a staff-training and retention plan and programs available for autistic children in Hawaii, based on her records and experience.

For the foregoing reasons, Plaintiffs' respectfully request that Defendants' Motion in Limine seeking to exclude testimony and/or evidence by Dr. Freeman on opinions not disclosed in her report and opinions regarding programs for autistic children in Hawai`i be denied.

DATED:   Honolulu, Hawaii, August 11, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs