Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN               1152-0
MICHAEL K. LIVINGSTON          4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                 4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S FIRST AMENDED MOTION IN LIMINE #12 TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT AND CERTIFICATE OF SERVICE<br><br>DATE:      September 9, 2008<br>TIME:      9:00 a.m.<br>JUDGE:    Honorable Alan C. Kay<br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
DEPARTMENT OF EDUCATION'S FIRST AMENDED MOTION
IN LIMINE #12 TO EXCLUDE ANY TESTIMONY BY KIMBERLY
SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT

I.   INTRODUCTION

DEPARTMENT OF EDUCATION, State of Hawai'i, (Defendant) by and through its counsel, has filed a motion in limine seeking to exclude testimony of Kimberly Smalley, Ph.D. (Dr. Smalley) on opinions not disclosed in her report.

Defendant's very weak argument is underscored by the fact that Dr. Smalley, as Defendant knows, is testifying primarily as a percipient witness to provide the jury the benefit of her observations and impressions of what she saw and experienced while preparing her report. All of the expert limitations Defendant cites to in its Motion are irrelevant to this situation and Defendant's efforts to exclude relevant testimony are misguided and should be rejected.

II.  DR SMALLEY IS TESTIFYING AS A PERCIPIENT WITNESS, NOT AN AS AN EXPERT WITNESS

Defendant took the oral deposition of Dr. Smalley, which defense counsel soon learned was probably the most unfortunate deposition taken on behalf of Defendant. Rather than provide a fully adversarial testimony to that of Plaintiffs, Dr. Smalley told of an almost unbelievable story of child abuse and neglect by DOE employees.

After listening to her substantial credentials, Dr. Smalley told defense counsel a compelling story of the highly unsatisfactory situation Bryan was confronted with on a daily basis. She told of how she saw skills trainers, who were assigned to Bryan in-school regularly, permit and enable unusual activity. These trainers would provide Bryan with a large plastic sheet or sheets which the trainers would use to cover the floor. They would then lubricate the cover with some water and Bryan would spend hours slipping and sliding on the cover. To insure proper sliding the skills trainers would allow Bryan to urinate on the surface and he would perseverate on this surface for hours, adding more urine to satisfy his immediate needs for a slippery surface.

When Dr. Smalley first witnessed this event, she immediately confronted the skills trainers who were not doing anything but standing on the sidelines and watching Bryan repetitiously slide. Her criticisms to the trainers were met with claims that they were not trained and had no idea what kind of program they were required to provide him. Also, she was told by the skills trainers that "he looked so happy" and "he was easy to manipulate" when he was provided with the slip and slide surface. The skills trainers included a male by the name of Sven Lindemann.

Dr. Smalley tried to explain to them the notion that this type of activity was totally wrong for an autistic child to be engaged in, and she tried to urge them to

use the multiple toys and equipment available in the classroom. However, the skills trainers just ignored her.

Dr. Smalley took the case to the supervisors of the summer program who were located in a room just a few doors away. These supervisory personnel listened to Dr. Smalley's complaint and also just ignored her.

Dr. Smalley saw this happen many times during the summer of 2004. These are the incidents which constituted "child abuse" or "child neglect" as far as Dr Smalley was concerned.

The clearly inappropriate treatment of Bryan by DOE staff and skills trainers was discussed at length in her deposition taken on July 27, 2006. Dr. Smalley is being called as an observing witness not as an expert witness for use of her behavioralist experience. What is most important is what she saw, witnessed, and observed, and for this Dr Smalley did not have to provide any report.

It appears that the Defendant merely hopes to prevent Dr. Smalley from informing the jury about the educational nightmare Bryan experienced during the summer and fall of 2004 [1] at the hands of the DOE.

---

[1] In September 2004, Bryan's mother stopped by the school to observe the changes in curriculum and personnel the DOE had promised to the federal judge at a hearing in August 2004. Understandably, Kim Wiles-Bond was horrified when she saw Bryan slip sliding in his own urine and she immediately removed Bryan from school. It is interesting that the DOE has never sought to justify or even explain that incident.

4

Generally, the trial court has broad discretion in making evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Decisions regarding the relevancy of evidence and whether the probative value of evidence outweighs unfair prejudice to the defendant are within the District Court's discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir. 1983).

III. <u>ARGUMENT</u>

The Court issued an amended Rule 16 Scheduling Order on January 9, 2007. (See Docket No. 218). In that Order at 11, Plaintiffs were to disclose their experts and their reports on June 5, 2008. On June 5, 2008 Plaintiffs filed their *Amended Disclosure Of Expert Witnesses Pursuant To Rule* 26(a)(2), FRCP (See Docket No. 233). On June 8, 2007, Plaintiffs filed their *Second Amended Disclosure Of Expert Witnesses Pursuant To Rule 26(A)(2), FRCP* (See Docket No. 236). In neither filing do Plaintiffs disclose that they intended to call Dr. Smalley as an expert witness, nor do they enclose a report identified as an expert report. Defendant is attempting to mischaracterize Dr. Smalley's role in this case. Plaintiffs have never retained Dr. Smalley as an expert and have never retained her to prepare, sign, and submit a written report, and therefore, is not bound by the requirements of FRCP Rule 26. Dr. Smalley was actually retained by Defendant in the spring/summer of 2004 to develop a Functional Behavior Assessment ("FBA"), Behavior Intervention Plan, and a toileting plan for Bryan. In preparing for this FBA, Dr.

5

Smalley spent a number of days at Kealakehe Middle School observing Bryan, Defendant's employees, and skills trainers contracted by Defendant to provide services to Bryan. These observations are the crux of Dr. Smalley's testimony.

Defendant is disingenuous in their allegations that the Defendant is unduly prejudiced because Defendant is precluded from effectively cross-examining Dr. Smalley on the same. Defendant's attorneys took her deposition in July 27, 2006, and had ample opportunity to quiz her on all subjects covered in her testimony that day. Defendant also had the opportunity to request a second deposition once the discovery deadline was extended to October 5, 2007.

Defendant has decided that it was beneficial to its case to now describe Dr. Smalley as "one of the Plaintiffs' experts," even though Plaintiffs have not identified her as an expert on June 5, 2007 or June 8, 2007. Plaintiffs further disclosed that Dr. Smalley would be a witness, but not an expert witness, on in its *Final Pretrial Statement* filed on October 16, 2007.

There are several schools of thought as to why the Defendant makes this mistake repeatedly. The most prevalent subscribes to the notion that the Defendant cannot believe how devastating her testimony would be and it is better not to admit that the DOE's attorneys were not advised about Dr. Smalley and the events she witnessed firsthand before they took her deposition. The record shows that the Plaintiffs may have contemplated hiring Dr. Smalley as an expert, but it is

subsequently clear that they did not. When Plaintiffs heard the details of what Dr. Smalley observed and experienced in the process of gathering the data for her FBA, it became obvious that she would testify as a percipient witness and that Plaintiffs had no intention of using her to testify about her FBA.

According to the amended Rule 16 Scheduling Orders, Plaintiffs never identified her as an expert. The DOE has no statement from Plaintiffs to the contrary. Moreover, Dr. Smalley's report has no effect on her testimony since she will be testifying as a percipient witness. She will be telling the Court what was actually going on in the classroom with the inexperienced and untrained skills trainers. This would be what she observed when she attended Extended School Year (ESY) during the summer of 2004. She was present in the classroom on almost a daily basis. It is what she observed and experienced the skills trainers and the other DOE personnel doing and failing to do while they were in the room with Bryan.

Obviously, since she was not hired by the family to perform any services for this case as an expert, she has no report that was prepared for the parents for their son, Bryan.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that Defendant DOE's Motion in Limine #12 to Exclude Any Testimony by Kimberly Smalley on Opinions Not Disclosed in Her Report, be DENIED.

DATED: Honolulu, Hawaiʻi, August 11, 2008

/S/ STANLEY E. LEVIN
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiff