Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON       4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY              4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>               Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>               Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #13 TO EXCLUDE ANY HEARSAY TESTIMONY BY KIMBERLY SMALLEY; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "1" AND CERTIFICATE OF SERVICE<br>DATE:   September 9, 2008<br>TIME:   9:00 a.m.<br>JUDGE:  Alan C. Kay<br>TRIAL DATE:  September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #13 TO EXCLUDE ANY HEARSAY TESTIMONY BY KIMBERLY SMALLEY

Plaintiffs hereby submit their Opposition to Defendant Department of Education's Motion in Limine #13 to Exclude Any Hearsay Testimony by Kimberly Smalley.

## I. ARGUMENT.

Defendant speculates the Kimberly Smalley, Ph.D., who was retained by Defendant to observe and write a functional behavior assessment for Bryan, may attempt "to testify as to certain subjects that she has no personal knowledge of." Speculating regarding the content and scope of her testimony, Defendants assert it would be subject to exclusion as hearsay, under FRE 802. Any hearsay objection can be effectively addressed to the Court at the time the hearsay is offered, rather than in an *in limine* motion, that requires the Plaintiffs and the Court to speculate as to what the nature of the testimony, objection and any response would be.

Should the Court instead choose to consider the substantive basis of Defendant's motion at this time, the most important facts the Court must consider is Dr. Smalley's status and the scope of her work with Bryan. Dr. Smalley, after having worked as an employee in the Hawai'i Department of Health, was retained by Defendant to perform a functional behavioral assessment for Bryan in 2004.

2

Deposition of Dr. Kim Smalley at 68-80, Exhibit 1 to Declaration of Stanley E. Levin. The functional behavioral assessment was completed over a period of time, during which Dr. Smalley frequently observed Bryan in school and working with skills trainers hired by Defendant to implement Bryan's IEP. *Id.* and 90-97 & 138-49.

Defendant seeks to exclude statements made to Dr. Smalley during the course of her observations by Defendant's agents and employees working with Bryan. Even if the Court were to consider the timing of this request proper, it is unfounded. Statements by Defendant's agents and employees made to Dr. Smalley regarding their work with Bryan are admissible. FRE 801(d)(2) provides that party admissions are not hearsay, when:

> (2) Admission by party-opponent. The statement is offered against a party and is
>
> (A) the party's own statement, in either an individual or a representative capacity or
>
> (B) a statement of which the party has manifested an adoption or belief in its truth, or
>
> (C) a statement by a person authorized by the party to make a statement concerning the subject, or

>> (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

The statements made by Defendant through its teachers and the individuals hired to provide Bryan's skills trainer services fall within the Rule as statements by Defendant and its agents working within the scope of the services for which they were retained. Statements within the scope of employment or agency are admissible whether or not the person has been authorized to speak. *United States v. Laurensen,* 348 F.3d 329, 340 (2nd Cir. 2003)(nurse comments to patient re contents of patient's file and purge of files pending investigation within scope of nurses services); *Nekolny v. Painter,* 653 F.2d 1164, 1171 (7th Cir. 1981), *cert. denied,* 455 U.S. 1021 (1982); GRAHAM, HANDBOOK OF FEDERAL EVID., SIXTH ED. § 801:23 at 820 (1998). All that is required is that the statements concern matters within the scope of the employee's or agent's employment. *E.g., Woodman v. Haemonetics Corp.,* 51 F3d. 1087, 1090, 1093-94 (1st Cir. 1995)(statement by first-line supervisor regarding firing older employees admitted over objections that it was not authorized).

Therefore, whatever Dr. Smalley was told by Bryan's teachers, therapists, skills trainers or other persons employed by Defendant to provide services to

4

Bryan is not hearsay, pursuant to FRE 803(d)(2), and are admissible insofar as those statements pertain to Bryan or his program.

## II. <u>CONCLUSION</u>.

For the reasons stated above, Plaintiffs respectfully request that Defendant Department of Education's Motion in Limine #13 to Exclude Any Hearsay Testimony by Kimberly Smalley, be DENIED.

DATED:   Honolulu, Hawaii, August 11, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs