Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON       4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY              4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　　Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DOE'S MOTION IN LIMINE #14 TO EXCLUDE EVIDENCE OF BRYAN WILES-BOND'S ECONOMIC DAMAGES; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "1" AND CERTIFICATE OF SERVICE<br>DATE:　　September 9, 2008<br>TIME:　　9:00 a.m.<br>JUDGE:　Alan C. Kay<br>TRIAL DATE:  September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
DOE'S MOTION IN LIMINE #14 TO EXCLUDE EVIDENCE
OF BRYAN WILES-BOND'S ECONOMIC DAMAGES

DEPARTMENT OF EDUCATION, State of Hawai'i, ("Defendant") by and through it counsel, has filed a motion in limine seeking to exclude evidence of Bryan Wiles-Bond's economic damages. Defendant claims that Bryan Wiles-Bond is already receiving government assistance from the State of California and is therefore precluded from making any claim that he is entitled to compensatory damages for costs of his educational care. Defendant contends that in particular, the cost of residential treatment must be excluded as unduly prejudicial. Defendant also contends that "Plaintiffs' claims for damages stemming from any future medical service or life care costs must be precluded as a matter of law since it is undisputed that Bryan Wiles-Bond would have required most of these services even if he was not allegedly harmed by the DOE." Defendants' contentions are wholly meritless and unsupported by the law or the record in this case and should be rejected.

Generally, the trial court has broad discretion in making evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Decisions regarding the relevancy of evidence and whether the probative value of evidence outweighs unfair prejudice to the defendant are within the District Court's discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir. 1983).

I.  **ARGUMENT**

   A.  **Any Benefit Received by Bryan Wiles-Bond Pursuant to the Collateral Source Doctrine Does Not Diminish Recovery from the DOE**

In their Motion, Defendant only contends that since "Bryan Wiles-Bond is already receiving government assistance, any claim that he is entitled to compensatory damages for costs of his educational care or in particular the cost for residential treatment must be excluded as unduly prejudicial to the DOE." Defendant complains that "any possible award of economic damages for services for Bryan Wiles-Bond is already receiving as a government subsidy will be a windfall for Plaintiffs." Defendant's contentions are without merit and are precluded by the collateral source doctrine.

In *Bynum v. Magno*, 106 Hawai`i 81, 86, 101 P.3d 1149, 1154 (2004), the Supreme Court of Hawai`i considered whether the collateral source rule prohibits reducing a patient's damages award due to discounted social legislation payments. The court adopted the Restatement (Second) of Torts: Damages ("Restatement") view that payments or benefits conferred on an injured party are not credited to the tortfeasor's liability pursuant to the collateral source rule. "The 'collateral source rule,' in general, provides that benefits or payments received on behalf of a plaintiff, from an independent source, will not diminish recovery from the wrongdoer." *Bynum v. Magno*, 106 Hawai`i 81, 86, 101 P.3d 1149, 1154 (2004)

3

(citation omitted). The doctrine further provides that "[u]nder the collateral source rule, a tortfeasor is not entitled to have its liability reduced by benefits received by the plaintiff from a source wholly independent of and collateral to the tortfeasor." *Id.* (citation and internal quotation marks omitted). Under the Restatement § 920A, entitled, "Effect of Payments Made to Injured Party," it is further established that under the collateral source rule, "[p]ayments made to *or benefits conferred* on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or part of the harm for which the tortfeasor is liable." Restatement § 902A(2) (emphasis added).

The Restatement further provides that that the collateral source rule applies to "[b]enefits from collateral sources" and "social legislation benefits." §902A, comments b and c (4). The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* is a social legislation provision enacted by Congress designed to encourage states to provide meaningful education to individuals with disabilities. Any benefits that California, for example, pays to provide Plaintiffs' IDEA benefits are precluded by the collateral source rule.

Therefore, Defendant's contention that Bryan is already receiving government assistance, and any claim that he is entitled to compensatory damages for costs of his educational care or in particular the cost for residential treatment does not diminish the DOE's liability.

4

### B. Plaintiff's Experts Have Considered the Cost Difference Between Current Needs Versus the DOE Causing No Damage to Bryan

Defendant also contends that Plaintiffs are precluded from recovering damages for injuries or disabilities that resulted from the natural progression of Bryan's autism. Defendant then mischaracterizes the evidence in the record in this case. Significantly, Defendant states that Plaintiffs' expert, Dr. Daniel LeGoff testified that Bryan would still require residential care and need to be placed in an institutional setting. This is a mischaracterization of Dr. LeGoff's testimony and report. Dr. LeGoff repeatedly differentiated between the costs of residential, remedial and educational services for Bryan with and without the impact of the harm he suffered from the DOE in Hawai`i. *See* Exhibit 1, Report of Dr. LeGoff dated 12/13/05. Defendant claims that costs for residential care must be excluded as unduly prejudicial because Dr. LeGoff testified that Bryan would still require residential care and need to be placed in an institutional setting. Dr. LeGoff explicitly reported that Bryan had the potential for functioning in the moderate range of disability, both cognitively and adaptively, but that there were interfering factors such as inappropriate behaviors and communication deficits which had not been addressed by the DOE, resulting in ongoing deficits which resulted in his functioning in the severe to profound range. Without the damage caused by the DOE, Dr. LeGoff opined that Bryan would be functioning in the moderate range of mental retardation and would not require more intensive staffing and supervision

and could reside in a group home setting. The levels of educational, related services and residential care costs needed for Bryan are obviously greater compared with the level of care and services he might have needed had he received consistent and appropriate education in Hawai`i. *See* Exhibit A, Report of Dr. LeGoff dated 12/13/05.

Plaintiffs' experts are clear that if Bryan had received appropriate educational services in Hawai`i and had not regressed in terms of behavior, communication and self-care skills, he likely would be able to receive much less intensive services, including being able to live in a less-restrictive residential setting and being a candidate for a group home placement. In fact, Dr. LeGoff gives costs for the two scenarios.

For the foregoing reasons, Plaintiffs' respectfully request that Defendants' motion in limine #14 seeking to exclude evidence of Bryan Wiles-Bond's economic damages be denied.

DATED:   Honolulu, Hawaii, August 11, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
CARL M. VARADY

Attorneys for Plaintiffs