Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                1152-0
MICHAEL K. LIVINGSTON           4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                  4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #15 TO EXCLUDE REFERENCE TO THE IDEA AND ITS REQUIREMENTS; AND CERTIFICATE OF SERVICE<br><br>DATE:　September 9, 2008<br>TIME:　9:00 a.m.<br>JUDGE: Alan C. Kay<br><br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #15 TO EXCLUDE
REFERENCE TO THE IDEA AND ITS REQUIREMENTS

Plaintiffs hereby submit their Opposition to Defendant Department of Education's Motion in Limine #15 to Exclude Reference to the IDEA and its Requirements.

**I. ARGUMENT.**

Defendant DEPARTMENT OF EDUCATION ("DOE"), through its Motion seeks to eradicate all references to the Individuals with Disabilities Education Act ("IDEA") and its requirements, including specifically, any settlement agreements, findings by hearings officers, and services required under Bryan's Individual Educational Plans ("IEP") in this action.  As the motion rests on a mischaracterization of the IDEA and Section 504 of the Rehabilitation Act of 1973 ("§ 504"), it is without merit and must be rejected.  Furthermore, the evidence Defendant seeks to exclude is relevant and necessary to the determination of whether Bryan has been excluded from participation in or denied the benefits of a free appropriate public education solely by reason of his disability in such a way that his § 504 rights have been violated.

Generally, the trial court has broad discretion in making evidentiary rulings. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).  Decisions regarding the relevancy of evidence and whether the probative value of evidence

outweighs unfair prejudice to the defendant are within the District Court's discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir. 1983). This evidence is admissible pursuant to the Federal Rules of Evidence. Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This standard is clearly met; the evidence tends to establish whether Bryan was subjected to discrimination, was excluded from and denied the benefits of state programs solely based on disability and whether he was "denied 'meaningful access' to state-provided services." *See Mark H. v. Lemahieu*, 513 F.3d 922, 937 (9th Cir. 2008). While the failure to provide an IDEA FAPE is not a per se violation of § 504, that evidence can be considered by the jury in evaluating whether the DOE has taken "reasonable steps" to provide Bryan "meaningful access" to an appropriate public education. Indeed, the benefit offered to Bryan was set forth in the very evidence Defendant seeks to exclude by this motion: the settlement agreements, findings by hearings officers, and services required under Bryan's IEPs. *Wiles v. Dept. of Educ.*, 555 F.Supp.2d 1143, 1156 (D. Haw. 2008).

During the five years Bryan Wiles Bond's parents sought special education and related services for him under the Individuals with Disabilities Education Act (IDEA), several due process hearings were initiated pursuant to 20 U.S.C. § 1415

and related cases were litigated before this Court. These due process hearings and cases were resolved through a series of stipulations, decisions, and settlement agreements.

In this present action, on April 29, 2008, this Court entered an Order Denying in Part and Granting in Part Defendant's Motion to Dismiss or in the Alternative for Summary Judgment on Second Amended Complaint Filed on February 13, 2008. *Wiles*, 555 F.Supp.2d at 1156 (Attached hereto as Exhibit 1). In its Order, this Court examined the relationship between the IDEA and § 504 and interpreted the Court of Appeals for the Ninth Circuit's decision in *Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008). In so doing, this Court explicated that the parties, through their Settlement Agreement and at the hearing held on April 10, 2008, have agreed that the comparative needs of the design phase had been met. 555 F.Supp. at 1156. The Court properly focused on whether Bryan "has been excluded from participation in or denied the benefits of a free appropriate public education solely by reason of his disability during the implementation phase, such that his § 504 statutory rights have been violated." *Id*. Indeed, the five years of settlement agreements, administrative hearings and lawsuits have all sought to properly implement Bryan's special education program and related services as contained in his IEPs. Therefore, the evidence regarding the DOE's failure to implement Bryan's IEPs that demonstrates that the DOE acted with deliberate

indifference to Bryan's need for accommodation and denied him "meaningful access" to public education solely based on his disability is absolutely relevant and necessary in this case.

There are several errors in the DOE's Motion about the nature of the § 504 rights and responsibilities, and it is apparent that this Motion is being used as a vehicle for the presentation of the DOE's novel version of § 504. For example, the DOE states that "Section 504 itself does not require the provision of a free and appropriate education." Defs. Motion at 2. This statement entirely mischaracterizes § 504 to adopt the DOE's own concept, because it is in the DOE's litigation interests to make it appear that § 504 obligations are minimal and easily satisfied. This is inaccurate and a disservice to § 504 to take its requirements too lightly. The facts of this case adequately illustrate the importance of the § 504 requirements and obligations and the grave consequences resulting from the failure to uphold them. The DOE's deliberate indifference to Bryan's needs for accommodation and the lack of meaningful access to public education have had tremendous life-changing effects on Bryan.

The differences between § 504 and the IDEA require specific attention but certainly do not require the exclusion or disregard of previous administrative proceedings or findings of hearing officers. This is far too draconian a reaction argued for by the DOE.

Plaintiffs agree that the trial court must carefully consider all IDEA evidence and keep in mind if it is offered for another use, such as establishing notice of Bryan's condition or notice of the need for an accommodation. So where another purpose is served, the IDEA evidence must be scrutinized before it is subjected to the wholesale exclusion argued for by the DOE. That is, the IEPs are important not for any purpose associated with IDEA, but, for example, to show the DOE's repeated reminders of the nature of Bryan's disability and the DOE's plan to address it in order to provide him with reasonable accommodation and meaningful access to education. The DOE's discrimination of Bryan and its failure to properly implement Bryan's program as required by the various Settlement Agreements, Hearings Officers' Decisions and Orders over five years is relevant in evaluating whether he was excluded from and denied the benefits of public education as a result of the DOE's failure or refusal to provide meaningful access through reasonable accommodation to his needs.

For all of the foregoing reasons, the DOE's request that ". . .any evidence, testimony, and or reference to the IDEA is irrelevant and should be excluded" (Defendant's Motion at page 12) must be rejected.  Finally, the DOE's request that all references to the IDEA must be stricken because of the jury's necessary confusion about the requirements of IDEA as compared to § 504 is likewise

meritless and this concern will be adequately addressed pursuant to the jury instructions.

## II. **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that Defendant DOE's Motion in Limine #15 to Exclude Reference to the IDEA and its Requirements, be DENIED.

DATED:  Honolulu, Hawai'i, August 11, 2008.

/S/ STANLEY E. LEVIN

_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs