404154.3
**MARK J. BENNETT**          #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**           #4391-0
**GEORGE S. S. HOM**        #2487-0
**HOLLY T. M. SHIKADA**     #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**        #1624-0
**GREGG M. USHIRODA**       #5868-0
**LEIGHTON M. HARA**        #7826-0
**ROSS T. SHINYAMA**        #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**           #1000-0
**JOHN-ANDERSON L. MEYER**       #8541-0
**SERGIO RUFO**                  #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>　　　　Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 FOR AN IN LIMINE ORDER TO TAKE JUDICIAL NOTICE TO PROHIBIT THE DEFENDANT FROM INTRODUCING EVIDENCE OR ARGUMENT CONTRARY TO THE FINDING IN ADMINISTRATIVE DECISION OF MAY 11, 2004; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br>DATE:　September 3, 2008<br>TIME:　10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br><br>**TRIAL: September 9, 2008** |

**DEFENDANT DEPARTMENT OF EDUCATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
IN LIMINE NO. 5 FOR AN IN LIMINE ORDER TO PROHIBIT THE
DEFENDANT FROM INTRODUCING EVIDENCE OR ARGUMENT CONTRARY
TO THE FINDING IN ADMINISTRATIVE DECISION OF MAY 11, 2004**

　　　　Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby submits the following memorandum in opposition to Plaintiffs' Motion in Limine No. 5 which seeks to improperly prohibit Defendant from introducing evidence or

argument contrary to the findings in a May 11, 2004 administrative decision that Bryan Wiles-Bond's regression was caused by DOE's failure to provide appropriate services.

As Plaintiffs improperly seek to reconsider the express ruling made by Judge Helen Gillmor in her December 19, 2006 order in which she refused to take judicial notice of the factual findings of the administrative decisions, Plaintiffs' motion must be denied. The DOE, pursuant to Judge Gillmor's December 19, 2006 Order, must be allowed to introduce evidence and argue against Plaintiffs' allegations that Bryan Wiles-Bond's regression was caused by the DOE's alleged failure to provide appropriate services.

## II. ARGUMENT

Plaintiffs' motion is a thinly veiled motion to reconsider and circumvent Judge Gillmor's express order which denied Plaintiffs' request to have the court take judicial notice of the factual findings of the administrative decisions. Judge Gillmor's December 19, 2006 Order stated in pertinent part:

> In this case, Plaintiffs ask the Court to judicially notice not just the fact that the prior administrative decisions exist, but to judicially notice the factual findings contained in those decisions. **The Court will not take judicial notice of the factual findings contained in the administrative decisions.**

See Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in

Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion to Amend or Supplement the Record filed December 19, 2007 at 22 (denying Plaintiffs' request to have the court take judicial notice of the factual findings of the May 21, 2001, May 11, 2004 and July 23, 2004 administrative findings) (emphasis added), attached hereto as Exhibit "A". Plaintiffs have already requested that this Honorable Court take Judicial Notice of the factual findings in the May 11, 2004 Order and this court has expressly **DENIED** that request. Id.

In addition to their request for judicial notice of the May 11, 2004 Administrative Decision, Plaintiffs' also requested that the court give preclusive effect to the factual findings of the administrative decisions. Judge Gillmor found that issue preclusion with respect to the May 11, 2004 Administrative Decision, only applied in these specific instances:

1) Bryan was denied a FAPE;

2) From October 2003 through February 2004 1) The DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003, and January 9, 2004 IEPs; 2) the DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and

3) The DOE failed to provide skills trainers who could communicate with Bryan using [American Sign Language].

Order dated December 19, 2006 at 25 and 26. These findings were the only findings which preclusive effect were given and the court refused to extend preclusive effect to any other findings. Id. at 26 and 27. No where in Judge Gillmor's Order does it say that "Bryan's regression in the areas of: 1) toileting, 2) observing personal boundaries, and 3) respecting personal property, was caused by DOE's failure to implement his program." Motion at 4.

In refusing to give preclusive effect to any of the other findings in the May 11, 2004 Decision not set forth above, Judge Gillmor in her well-reasoned opinion, stated that she could not determine whether those other findings were necessary to the Hearing Officers' ultimate conclusion that the DOE denied Bryan FAPE. Aptly, Judge Gillmor opined that "[t]o do so would unfairly preclude Defendants from litigating issues that may be central to the present case, but were not necessary to the Hearings Officers' decisions." See Order at 27.

Plaintiffs readily admit that Judge Gillmor's decision of December 19, 2006 is law of the case. See Motion at 4-5. Therefore, consistent with Judge Gillmor's order Plaintiffs' Motion must be denied.

A.  **Judicial Notice is Improper As Set Forth in the December 19, 2006 Order**

Plaintiffs' request for Judicial Notice of the May 11, 2004 Administrative decision was denied by the December 19, 2006 Order and their request should be denied again on that same basis.  Judge Gillmor determined that judicial notice pursuant to Fed. R. Evid. 201(b) does not apply as the "fact must be indisputable."  Order at 22.  Further, the December 19, 2006 Order noted that "'[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201.'"  Id. (quoting Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003)(citations omitted).

Plaintiffs have brought forth no new evidence or case law which would warrant reversal of Judge Gillmor's well-reasoned opinion.  Therefore, Plaintiffs' request for judicial notice must be denied, consistent with the December 19, 2006 Order.

B.  **Preclusive Effect Should Not Be Given To Any Findings in the May 11, 2004 Administrative Decision Which the December 19, 2006 Order does not specifically address**

Plaintiffs have not filed a motion to reconsider the December 19, 2006 Order and, therefore, cannot at this eleventh hour seek to reconsider Judge Gillmor's express finding that Judicial Notice will not be taken of the factual findings and preclusive effect as requested by Plaintiffs in this motion will not be given.  Judge Gillmor was very specific in her ruling which is contrary to everything Plaintiffs have asserted in the

instant motion. As Plaintiffs improperly seek to reconsider this Court's December 19, 2006 Order, Plaintiffs' Motion should be denied.

The December 19, 2006 Order clearly sets forth that the requisite factors were not present to allow for preclusive effect to be given to all of the Administrative findings of fact in the May 11, 2004 Order as sought by Plaintiffs. The Court recognize that:

> [I]ssue preclusion does not apply to preclude relitigation of an issue that was not 'necessary' to the judgment reached in the prior litigation. See United States v. Weems, 49 F.3d 528, 532 (9th Cir. 1995); Segal v. American Telephone and Telegraph Co., Inc., 606 F.2d 842, 845 n.2 (9th Cir. 1979); Alberto-Culver Co. V. Trevive, Inc., 199 F. Supp. 2d 1004, 1008 (C.D. Cal. 2002) (determination of the issue in the prior litigation must be a critical and necessary part fo the judgment in the earlier action.)

Order at 24.

Recognizing that a finding needs to be "critical and necessary" before preclusive effect can be given, Judge Gillmor gave preclusive effect to a narrow set of issues as set forth above and on pages 25 and 26 of the Order. However, it is important to note that preclusive effect <u>was not</u> given to any issue concerning Bryan Wiles-Bond's regression in toileting, personal boundaries or personal property due to any actions or inaction by the DOE.

Contrary to Plaintiffs' assertions, the Court could not determine whether such issues were necessary to the administrative Hearing Officers "ultimate conclusion that the DOE

denied Bryan a FAPE." Judge Gillmor recognized that to apply issue preclusion to the factual findings of the May 11, 2004 Administrative Decision, inter alia, "would unfairly preclude Defendants from litigating issues that may be central to the present case, but were not necessary to the Hearings Officers' decisions." Order at 27.

As Judge Gillmor's December 19, 2006 Order presciently set forth that only certain findings – not the findings Plaintiffs' seek in this motion– would be given preclusive effect, Plaintiffs' motion must be denied as a matter of law and consistent with the law of the case doctrine.

## III. CONCLUSION

Under these circumstances and based upon the foregoing authorities, it is respectfully requested that this Honorable Court deny Plaintiffs' Motion in Limine No. 5, and allow the DOE to introduce evidence or argument contrary to the finding in the

May 11, 2004 administrative decision that Bryan Wiles-Bond's regression was caused by any actions or inactions of the DOE.

DATED: Honolulu, Hawaii, August 11, 2008.

          /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION