395240.3

**MARK J. BENNETT      #2672-0**
Attorney General, State of Hawaii

**GARY K.H. KAM      #4391-0**
**GEORGE S. S. HOM      #2487-0**
**HOLLY T. M. SHIKADA #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI      #1624-0**
**GREGG M. USHIRODA      #5868-0**
**LEIGHTON M. HARA      #7826-0**
**ROSS T. SHINYAMA      #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS      #1000-0**
**JOHN-ANDERSON L. MEYER      #8541-0**
**SERGIO RUFO      #8211-0**
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>       Defendant. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 6 TO TAKE JUDICIAL NOTICE OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 OF ITS IMPLEMENTING REGULATIONS; DECLARATION OF GREGG M. USHIRODA; EXHIBITS "1"-"3"; CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br>DATE:  September 3, 2008<br>TIME:  10:00 a.m.<br>JUDGE: Honorable Alan KaY<br>**TRIAL:** September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 6 TO TAKE JUDICIAL NOTICE OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 OF ITS IMPLEMENTING REGULATIONS**

I.   **INTRODUCTION**

      Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby opposes "Plaintiffs' Motion in Limine No.

6 to Take Judicial Notice of the Hawaii Department of Education's Implementing Regulations H.A.R. Chapter 8-56 Section 504 of the Rehabilitation Act, 29 U.S.C. § 729 and 28 C.F.R. § 42.503 of its Implementing Regulations" (the "Subject Motion").

The Subject Motion must be denied because Plaintiffs have failed to provide sufficient information to support their request.  As discussed below in detail, there are numerous questions about exactly what statutes and regulations Plaintiffs are seeking to have judicially noticed.  This uncertainty prevents the Court from taking judicial notice.

In addition, there is no legitimate purpose for Plaintiffs' request for judicial notice.  This Court has the ability to determine what law was in effect at the time periods relevant to this case.  Judicial notice is not required for this purpose.  The DOE is therefore concerned that Plaintiffs might seek to use the requested judicial notice in an improper manner.

## II.  PLAINTIFFS ARE IMPROPERLY RELYING ON RULE 201, WHICH DOES NOT ALLOW FOR JUDICIAL NOTICE OF LAWS AND REGULATIONS

As a preliminary matter, the DOE notes that Plaintiffs' rely upon inapposite authority in their Subject Motion. Plaintiffs expressly cite to Rule 201 of the Federal Rules of Evidence as the basis for the Subject Motion.  See Subject Motion at 2, 3.  However, Rule 201 only allows judicial notice of adjudicative facts.  See Fed. R. Evid. 201(a) (2008).  As noted in a decision that Plaintiffs cite in their Subject Motion, "[j]udicial notice of law is outside the scope of Rule 201".

- 3 -

Getty Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d
312, 322 (1st Cir. 2004) (Lipez, C.J., concurring).  Although
judicial notice of law is permitted, albeit pursuant to
"practical considerations and case law" rather than Rule 201,
Plaintiffs' reliance on the wrong authority calls into question
Plaintiffs' understanding of the doctrine of judicial notice.

### III.  THE SUBJECT MOTION IS DEFECTIVE BECAUSE PLAINTIFFS HAVE FAILED TO FURNISH SUFFICIENT INFORMATION TO ALLOW THIS COURT TO TAKE JUDICIAL NOTICE

The Subject Motion is highly problematic because it is
unclear exactly what Plaintiffs are seeking to have judicially
noticed.  Plaintiffs have failed to provide this Court with
sufficient information to grant the request for judicial notice.
These defects are discussed below with regard to the specific
statutes and rules referenced in the Subject Motion.

### A.    29 U.S.C. § 729/29 U.S.C. § 794

In the Subject Motion, Plaintiffs ask the Court to take
judicial notice of "Section 504 of the Rehabilitation Act, 29
U.S.C. § 729".  See Subject Motion at 2.  The "Declaration of
Stanley E. Levin" attached to the Subject Motion states as
follows: "Attached hereto as Exhibit '1' is a true and correct
copy of Section 504 of the Rehabilitation Act, 29 U.S.C. § 729."
See Declaration of Stanley E. Levin at 1, ¶ 2.  However, Exhibit
"1" to the Subject Motion is a copy of 29 U.S.C. § 794, not 29
U.S.C. § 729.  Given that Section 504 of the Rehabilitation Act
is actually 29 U.S.C. § 794, the DOE can only assume that

Plaintiffs' repeated references to 29 U.S.C. § 729 are erroneous and that Plaintiffs intended to refer to 29 U.S.C. § 794.

Even after this assumption is made, there is still uncertainty regarding Plaintiffs' request for judicial notice. Plaintiffs state that the Subject Motion "requests that the Court take notice of the regulations and statute in effect from 1999 through January 2005, the time period during which Bryan attended public school in Hawai'i." Subject Motion at 4. However, the version of 29 U.S.C. § 794 that Plaintiffs attached as Exhibit "1" to the Subject Motion was not in effect during this time period. As indicated by the notation following the text of the statute, the version of the statute in Exhibit "1" includes amendments through November 6, 1978. However, 29 U.S.C. § 794 was amended six times after November 6, 1978, specifically on October 21, 1986, March 22, 2988, November 7, 1988, October 20, 1994, August 7, 1998, and January 8, 2002. See 29 U.S.C. § 794 (2008), a copy of which is attached as Exhibit "1" to the Declaration of Gregg M. Ushiroda (the "Ushiroda Declaration"). Five of these amendments occurred prior to 1999, with the sixth occurring during the 1999-January 2005 time frame. As a result, the version of 29 U.S.C. § 794 in Exhibit "1" does not accurately depict that statute as it existed while Bryan attended public school in Hawaii. Plaintiffs' request for judicial notice of 29 U.S.C. § 794 is therefore fatally defective and must be denied.

B.    <u>28 C.F.R. § 42.503</u>

In the Subject Motion, Plaintiffs ask the Court to take judicial notice of 28 C.F.R. § 42.503. Exhibit "3" to the Subject Motion purports to be a copy of the text of 28 C.F.R. § 42.503. Based on the URL at the bottom of Exhibit "C", Plaintiffs obtained this copy of 28 C.F.R. § 42.503 from the Electronic Code of Federal Regulations website ("e-CFR"). There are two problems with Plaintiffs using e-CFR as their source. The first problem is that the e-CFR homepage includes the disclaimer that the "Electronic Code of Federal Regulations . . . is not an official legal edition of the CFR." <u>See</u> homepage of the Electronic Code of Federal Regulations website, located at http://ecfr.gpoaccess.gov/cgi/t/text/text-idx?c=ecfr&tpl=%2Findex .tpl, as visited on January 11, 2008, a copy of which is attached as Exhibit "2" to the Ushiroda Declaration. There is no explanation of exactly what this disclaimer means, but the disclaimer calls the reliability and accuracy of Exhibit "3" into question.

The second problem is that the version of 28 C.F.R. § 42.503 taken from e-CFR appears to be the current version of the regulation. <u>See</u> Exhibit "2" to the Ushiroda Declaration (stating that "[t]he Electronic Code of Federal Regulations (e-CFR) is a currently updated version of the Code of Federal Regulations"). However, 28 C.F.R. § 42.503 was amended in August 26, 2003. <u>See</u> 28 C.F.R. § 42.503, a copy of which is attached as

Exhibit "3" to the Ushiroda Declaration.  As a result, the current version of 28 C.F.R. § 42.503 does not accurately reflect the version of this regulation that was in effect during the entire 1999-January 2005 time frame.  Plaintiffs' request that this Court take judicial notice of Exhibit "2" on the basis that Exhibit "2" sets forth 28 C.F.R. § 42.503 as it existed during the 1999-January 2005 time frame is misleading and inaccurate, and Plaintiffs' request should be denied.

     C.    **29 U.S.C. § 705(20)**

In the Subject Motion, Plaintiffs ask the Court to take judicial notice of 29 U.S.C. § 705(20).  <u>See</u> Subject Motion at 2.  Exhibit "3" of the Subject Motion purports to be a copy of the text of 29 U.S.C. § 705(20).  However, Exhibit "3" of the Subject Motion states in very clear terms that this is an "unofficial compilation of the U.S. Code."  <u>See</u> Exhibit "3" of the Subject Motion.  There is no explanation of exactly what "unofficial compilation" means, but it calls the reliability and accuracy of Exhibit "3" into question, and Plaintiffs' request should be denied.

D.    34 C.F.R. § 104.3 (j)(1) & (2)

In the Subject Motion, Plaintiffs ask the Court to take judicial notice 34 C.F.R. § 104.3(j)(1) &(2).  See Subject Motion at 2.  Exhibit "4" of the Subject Motion purports to be a copy of the text of 34 C.F.R. § 104.3(j)(1) &(2).  However, Exhibit "5" of the Subject Motion states in its "Notice to Readers" that "[t]he version of 34 C.F.R. Part 104 found here incorporates the amendments made in the notice of Final Regulations published in the *Federal Register* on November 13, 2000, . . . and effective on December 13, 2000."  See Exhibit "4" of the Subject Motion.  As a result, the version of 34 C.F.R. § 104.3(j)(1) & (2) in Exhibit "4" does not accurately depict that regulation as it existed while Bryan attended public school in Hawaii.[1]

E.    20 U.S.C. § 7801(26)

In the Subject Motion, Plaintiffs ask the Court to take judicial notice of 20 U.S.C. § 7801(26).  See Subject Motion at 2.  Exhibit "5" to the Subject Motion purports to be a copy of the text 20 U.S.C. § 7801(26).  However, Exhibit "5" of the Subject Motion states in very clear terms that this is an

_____

[1]    34 C.F.R. § 104.3(j)(1) &(2), while included in a subpart titled "Definitions," are part of Section 504's implementing regulations.  Plaintiffs, however, chose to disregard Section 504's implementing regulations, and, instead, brought the instant action based on Section 504 itself.  See Second Amended Complaint.  As a result, it is not certain why Plaintiffs still insist on citing Section 504's implementing regulations, when, by their own actions, Section 504's implementing regulations are irrelevant to the instant action.

"unofficial compilation of the U.S. Code."  <u>See</u> Exhibit "5" of the Subject Motion.   There is no explanation of exactly what "unofficial compilation" means, but it calls the reliability and accuracy of Exhibit "5" into question, and Plaintiffs' request should be denied.

## IV.   THERE IS NO LEGITIMATE PURPOSE FOR PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

In addition to the many defects in the Subject Motion already discussed above, Plaintiffs have not identified any legitimate purpose for taking judicial notice of particular statutes and regulations.  This Court has the innate ability to determine what law was in effect at the time periods relevant to this case.  Plaintiffs' request for judicial notice is not required for this purpose.  The DOE is therefore concerned that Plaintiffs might seek to use the requested judicial notice in an improper manner.  Even if Plaintiffs are able to address the numerous defects in the Subject Motion, Plaintiffs should be required to identify the purpose of their request for judicial notice.

V.    <u>CONCLUSION</u>

For the foregoing reasons, the DOE respectfully requests that the Subject Motion be denied in full.

DATED: Honolulu, Hawaii, August 11, 2008.


<u>   /s/ Gregg M. Ushiroda   </u>
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant