404160.3

**MARK J. BENNETT**     #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**       #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**    #1624-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**          #1000-0
**JOHN-ANDERSON L. MEYER**      #8541-0
**SERGIO RUFO**                 #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>    Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE PRIOR FLORIDA LITIGATION; DECLARATION OF GREGG M. USHIRODA; EXHIBITS "A"; CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br>DATE:  September 3, 2008<br>TIME:  10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br>**TRIAL:** September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE, TESTIMONY,
<u>ARGUMENT AND COMMENT CONCERNING PRIOR FLORIDA LITIGATION</u>**

Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby submits the following Memorandum in Opposition to Plaintiffs' Motion in Limine No. 7 To Exclude Evidence, Testimony, Argument and Comment Concerning The Prior Florida Litigation ("Motion").

I.   **BACKGROUND INFORMATION:**

Previously, Bryan Wiles-Bond and Plaintiff Stanley Bond were plaintiffs in the lawsuit entitled <u>B.M.W.-B by and through next best friend and parent Stanley Crews Bond, et al. v. Flagler County Board of Education, et al.</u>, Case No. 96-823-CIV-J-20, filed in the United States District Court for the Middle District of Florida, Jacksonville District (hereinafter referred to as the "Florida Lawsuit"). <u>See</u> Exhibit "A" attached hereto. The Florida Lawsuit was filed on October 4, 1996, and sought damages from the Flagler County Board of Education ("Flagler BOE") and certain individually named Flagler BOE employees for alleged violations of, among other things, Section 504 of the Rehabilitation Act. <u>See</u> Exhibit "A" at pp. 1, 7-8.

Bryan Wiles-Bond and Stanley Bond alleged in the Florida Lawsuit that Bryan Wiles-Bond was denied a free and appropriate public education ("FAPE") which resulted Bryan Wiles-Bond's inability to learn, a reduction in his learning, or the learning of negative behaviors. The complaint in the Florida Lawsuit alleged in pertinent part:

> 40. **Defendant Board denied minor Plaintiffs a free and appropriate education under the IDEA** when Defendant Board placed preschool disabled children with an abusive teacher (<u>See</u> Exhibit "A" at "Count I", p. 7 (emphasis added).
>
> 41. Defendant knew or should have known that minor Plaintiffs who could not ask for help **would not learn, or would either learn less or learn negative behaviors in such an**

<u>environment, and that remediation would be costly, *if possible*</u> (See Exhibit "A" at "Count I", p. 8 (emphasis added)).

42. As a direct and proximate result of Defendant Board's discrimination and denial of an appropriate education, <u>minor Plaintiffs have been deprived of educational and related benefits due to them under the IDEA, making remediation necessary and costly</u> (See Exhibit "A" at "Count I", p. 8 (emphasis added)).

43. <u>Minor Plaintiffs sue Defendant Board for violation of Section 504 and allege damages</u> (See Exhibit "A" at "Count II", p. 8 (emphasis added)).

. . .

45. <u>Defendant Board placed a barrier to all minor Plaintiffs access to a free and appropriate education</u> when they continued to allow the Defendants Jones and Cross to teach and have access to the minor Plaintiffs after Defendants first discovered actions of Defendants Jones and Cross (See Exhibit "A" at "Count II", p. 8 (emphasis added)).

46. Defendant Board knew or should have known that:
a. minor Plaintiffs (unlike non disabled verbal children who could notify adults about the abuse) could not ask for help because of their disability(s) <u>and would not be able to overcome the barriers of Defendants Jones and Cross in order to learn, or would either learn less or learn negative behaviors in such an environment, and that remediation would be costly if possible</u> (See Exhibit "A" at "Count II", p. 8 (emphasis added)).

. . .

47. <u>As a direct and proximate result of Defendant Board's discrimination and denial of an appropriate and barrier-free education, minor Plaintiffs have been deprived of</u> economic and non-economic benefits including;

>but not limited to, **lost educational opportunities** ... (See Exhibit "A" at "Count II", p. 9 (emphasis added)).

In the instant Motion, Plaintiffs seek an order in limine excluding evidence concerning the prior Florida Lawsuit. However, as will be explained more fully below, evidence of the Florida Lawsuit is relevant to the issues of liability and damages in this case. Accordingly, the instant Motion should be denied.

## II. DISCUSSION:

In the instant lawsuit, Plaintiffs claim that Bryan Wiles-Bond, who has autism, has been permanently damaged as a result of the DOE's alleged violations of Section 504 of the Rehabilitation Act. As a result, Plaintiffs are seeking damages for, among other things, the cost of Bryan Wiles-Bond's future home and educational needs. The DOE contests liability in this case, and dispute Plaintiffs' claims of injuries.

It is the DOE's position that Plaintiffs are not entitled to recover damages for the cost of Bryan Wiles-Bond's future autism-related services since as an autistic individual Bryan Wiles-Bond would have required these services even if he had never come to Hawaii. See Defendant Department of Education's Motion in Limine to Exclude Evidence of Bryan Wiles-Bond's Economic Damages, filed on August 4, 2008; see also Defendant Department of Education's Memorandum in Opposition to Plaintiffs' Motion in Limine No. 3 to Exclude Evidence,

Testimony, Argument and Comment Concerning the Amount of Money Expended By The DOE, filed on August 11, 2008.

It is undisputed that the DOE did not cause Bryan Wiles-Bond to have autism. Prior to coming to Hawaii, Bryan Wiles-Bond required assistance as an autistic individual in terms of education, general health and wellness. Before moving to Hawaii he received these services at little or no cost from the State of Florida and the State of Maryland while residing in those states. Bryan Wiles-Bond is currently living in the State of California and is now receiving services from that state. Thus, Bryan Wiles-Bond has required a significant level of home and educational services for his severe autism both before and after his time in Hawaii. It is clear that Bryan Wiles-Bond's ongoing need for these services results from his pre-existing autism; not from any wrongdoing by the DOE.

Notwithstanding this, Plaintiffs herein are seeking recovery for the cost of Bryan Wiles-Bond's future services claiming that the DOE is somehow responsible for Bryan Wiles-Bond's ongoing need for the same. Since, as noted above, the DOE did not cause Bryan Wiles-Bond's autism, Plaintiffs at best have a claim that Bryan Wiles-Bond suffered a set-back in his condition which now requires additional or different services, i.e., it is undisputed that Bryan Wiles-Bond would have required some minimum level of services regardless of the claims brought against the DOE.

Plaintiffs herein are only entitled to recover damages for injuries they can prove were caused by the DOE. Plaintiffs are not entitled to recover for pre-existing injuries for which the DOE had no responsibility. It is well-settled under Hawaii law that plaintiff may not recover for injuries or disabilities that would have resulted from the natural progression of a pre-existing condition. See The Sweet Milk Co. v. Stanfield, 353 F.2d 811, 813 (9th Cir. 1965) (recognizing that individual is not liable for pre-existing disability and is only liable to the extent of the aggravation of such); Montalvo v. Lapez, 77 Haw. 282, 300, 884 P.2d 345, 363 (Haw. 1994) (noting that jury must apportion damages if plaintiff's pre-existing condition was not fully resolved or not dormant or latent at the time of the subject incident); see also Hawaii Standard Jury Instruction No. 7.3 ("if you find that plaintiff(s) was/were not fully recovered and that the pre-existing injury or condition was not latent at the time of the subject incident, you should make an apportionment of damages by determining what portion of the damages is attributable to the preexisting injury or condition and limit your award to the damages attributable to the injury caused by defendant(s)"); and California Standard Jury Instruction BAJI 14.65 (2005) ("[a] person who has a condition or disability at the time of an injury is not entitled to recover damages therefor.").

Here, Plaintiffs claim that Bryan Wiles-Bond suffered permanent injuries at the hands of the DOE. In order for the DOE to adequately defend itself, the DOE must be allowed to put on evidence that the injuries claimed herein actually pre-existed Bryan Wiles-Bond being in Hawaii. If Bryan Wiles-Bond suffered permanent injuries while under the Florida school system, Plaintiffs are not entitled to recovery for those injuries in this lawsuit.

Plaintiffs' prior Florida Lawsuit brought claims that are very similar to those brought in this case. Accordingly, the Florida Lawsuit is highly relevant insofar as it has a tendency to show that some of the injuries claimed in this case may have actually been suffered as a result of the events alleged in the Florida Lawsuit. The fact that Plaintiffs filed the Florida Lawsuit is evidence of the severity of the harm that Bryan Wiles-Bond suffered while in that state, and should thus be admissible. If not, the jury could improperly conclude that the Plaintiffs did not believe the events taking place in Florida were not serious enough to warrant any legal action. Such an inference by the jury would be wholly prejudicial to the DOE's defense in this case.

III. **CONCLUSION**:

Based on the foregoing, the DOE submits that Plaintiffs' Motion in Limine No. 7 to Exclude Evidence, Testimony, Argument and Comment Concerning Prior Florida Litigation be denied and that the DOE be allowed to present such evidence.

DATED: Honolulu, Hawaii, August 11, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGHI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION