

FILED

96 OCT -4 AM 9:49

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

B.M.W.-B. by and through next best friend and parent, Stanley Crews Bond, Jr.; K.R.N., by and through next best friend and parent, Windy Marie Neu; M.T.H.(McQ.), by and through next best friend and parents, Dianna Leigh Heindl and Al Heindl; T.J.W., by and through next best friend and parent, Genesis Willis; H.T.M., by and through next best friend and parent Lynn Marie Kulka; and, A.L.A., by and through next best friend and parent Frances L. Johnson,
    Plaintiffs,

v.                                    CASE NO.: 96-823-CIV-J-20

FLAGLER COUNTY BOARD OF EDUCATION;
DONALD V. KUPKE, SUPERINTENDENT OF SCHOOLS;
JANET2 VALENTINE, DIRECTOR OF SPECIAL EDUCATION;
LARRY KONDAS, PRINCIPAL; CAROLYN D. JONES, TEACHER; AND,
MARY CROSS, TEACHER,
    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFFS B.M.W.-B., et al, sue DEFENDANTS, FLAGLER COUNTY BOARD OF EDUCATION et al, and allege an action for damages against Defendants for violation of the IDEA, Section 504 of the Rehab Act of 1973, Section 1983 and the Constitution of the United States, Negligence, Intentional Infliction of Emotional Distress, Assault, and Battery.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to the IDEA, Section 504, 1983, and the United States Constitution.

2.   Venue is invoked in that the allegations in this case took place in Flagler County, Florida, within the jurisdiction of

EXHIBIT A

the United States District Court, Middle District, Jacksonville Division.

## PARTIES

3.   Plaintiff, B.M.W.-B. (W.-B), is a minor child born October 28, 1991, who has a severe language impairment, was identified as disabled under the Individual with Disabilities Education Act (IDEA), and placed in a preschool special class at Bunnell Elementary School under teachers Carolyn Jones and Mary Cross in March, 1995.

4.   Plaintiff K.R.N. is a minor child born May 19, 1990, who has a developmental delay and ADHD, was identified as disabled under the Individual with Disabilities Education Act (IDEA), and placed in a preschool special class at Bunnell Elementary School under teachers Carolyn Jones and Mary Cross for the school year 1994-95.

5.   Plaintiff M.T.H. (McQ.) is a minor child born May 13, 1991, who has a developmental delay in speech, was identified as disabled under the Individual with Disabilities Education Act (IDEA), and placed in a preschool special class at Bunnell Elementary School under teachers Carolyn Jones and Mary Cross for the school year 1994-95.

6.   Plaintiff T.J.W. is a minor child born January 1, 1991, who has a speech impairment, was identified as disabled under the Individual with Disabilities Education Act (IDEA), and placed in a preschool special class at Bunnell Elementary School under teachers Carolyn Jones and Mary Cross for the school year 1994-

2

95.

7. Plaintiff H.T.M. is a minor child born December 9, 1990, who is legally blind, was identified as disabled under the Individual with Disabilities Education Act (IDEA), and placed in a preschool special class at Bunnell Elementary School under teachers Carolyn Jones and Mary Cross for the school year 1994-95.

8. Plaintiff A.L.A. is a minor child born April 13, 1990, who is developmentally delayed, was identified as disabled under the Individual with Disabilities Education Act (IDEA), and placed in a preschool special class at Bunnell Elementary School under teachers Carolyn Jones and Mary Cross for the school year 1994-95.

9. Defendant Flagler County Board of Education (Board), was the school system which all Plaintiffs attended during the times involved in this Complaint.

10. Defendant Donald V. Kupke (Kupke) was the Superintendent of the Flagler school system during the times involved in this Complaint, and an agent for the School Board.

11. Defendant Janet Valentine (Valentine) was the Director of Special Education programs for Flagler County schools during the times involved in this Complaint, and an agent for the School Board.

12. Defendant Larry Kondas (Kondas) was the Principal of Bunnell Elementary, a school within the Flagler County School system during times involved in this Complaint, and an agent for

the School Board.

13. Defendant Carolyn Jones (Jones) was a teacher of the preschool special education class at Bunnell Elementary School during the times involved in this Complaint, and an agent for the School Board.

14. Defendant Mary Cross (Cross) was a teacher of the preschool special education class at Bunnell Elementary School during the times involved in this Complaint, and an agent for the School Board.

### FACTS APPLICABLE TO AND INCORPORATED IN ALL COUNTS

15. All minor Plaintiffs are almost totally nonverbal, disabled children who at the times involved in this complaint were students placed under the supervision of Defendants teachers Jones and Cross.

16. No minor Plaintiff has ever been diagnosed as having a behavioral disorder or as being seriously emotionally disturbed or disabled.

17. In February or March, 1995, Defendant Kondas was notified by a teachers' aide within the preschool special education classroom that Defendant Jones was abusing the children.

18. No appropriate action was taken.

19. In March, 1995, Plaintiff W.-B. was placed in the classroom.

20. On March 23, 1995, a parent notified Defendant Kondas that she had observed Defendant Jones striking a child, Plaintiff

4

W.-B., in the face.

21. Defendants Kondas and Valentine conducted an investigation where additional events of physical abuse were disclosed by aides in the classroom, involving additional children.

22. Defendants Kupke and Board failed to timely notify either the parents of the children in the room or the state Department of Professional Regulations of the abuse.

23. All Defendants allowed Defendant Jones to return to the classroom after the investigation, without supervision, to spend an additional day with the students.

24. The parents were not notified until after Defendant Jones returned to the classroom, in order to "protect the rights of the teacher".

25. Several years before the incidents in 1995, another school employee had noticed the school system administration and Defendant Cross about similar problems concerning abusive behaviors of Defendant Jones.

26. Neither Defendant Board nor Defendant Cross had taken the proper action in reporting the abuse as required by Florida Law.

27. After Defendant Jones was finally removed from the classroom, Defendants Kondas and Valentine met with the parents to promise corrective action, and that the parents would be informed on a regular basis of the activities concerning their children.

28. The parents, who acted as the representatives for the minor Plaintiffs, were not kept informed; promised corrective action was not begun or continued; persons were sent into the classroom to observe the children without the parents knowledge or consent; and, when the parents continued to question the action or lack by Defendants, retaliation against some the parents and or children occurred, or additional negligence toward the children occurred; thus, parents were denied the information or avenues necessary to protect their children from further abuse.

29. Defendant Kupke wrote a glowing letter of recommendation concerning Defendant Jones which would allow her to teach in another location, while the State of Florida was still investigating the allegations against Defendant Jones.

30. Defendants Board, Kupke, Valentine, and Kondas have taken no action regarding Defendant Cross and her violation of the law in not informing administration or other authorities concerning the ongoing verbal and physical abuse of children by Defendant Jones. Defendant Cross is still teaching.

31. Defendants Board and Kupke at an "open" Board meeting allowed Defendant Jones to resign with full pay for the remainder of the school year.

32. The agenda did not show that such an action would or did take place, effectively denying parents any real opportunity to discuss the board action or have any input in that action. The Board would have had to discuss the action prior to the meeting

in order to vote on the action concerning Defendant Jones.

33. Such a discussion outside the meeting would be a violation of the Florida Sunshine Laws.

34. All Defendants knew or should have known that the minor Plaintiffs were unable to speak for themselves.

35. All Defendants knew or should have known that all minor Plaintiffs were disabled preschoolers.

36. Defendant Board receives Federal funds either directly or through State block funding.

37. Plaintiffs notified the appropriate agencies under Florida Statute 768 by certified mail on April 12, 1995 (Z259 995 554), on June 16, 1995 (Z000 235 506), and on December 12, 1995 (Z000 235 558), thereby completing all prelitigation requirements.

## COUNT I

### VIOLATION OF THE IDEA

38. Minor Plaintiffs sue Defendant Board and allege a violation under the Individuals with Disabilities Education Act causing damages.

39. Paragraphs 1 through 37 are incorporated fully herein.

40. Defendant Board denied minor Plaintiffs a free and appropriate education under the IDEA when Defendant Board placed preschool disabled children with an abusive teacher.

41. Defendant knew or should have known that minor Plaintiffs who could not ask for help would not learn, or would either learn less or learn negative behaviors in such an

environment, and that remediation would be costly, if possible.

42. As a direct and proximate result of Defendant Board's discrimination and denial of an appropriate education, minor Plaintiffs have been deprived of educational and related benefits due them under the IDEA, making remediation necessary and costly.

WHEREFORE, minor Plaintiffs demand judgement against Defendant Board for all damages due, plus interest, costs, and attorney fees under Section 1988, and demand a trial by jury.

## COUNT II
### VIOLATION OF SECTION 504 OF THE REHAB ACT OF 1973

43. Minor Plaintiffs sue Defendant Board for violation of Section 504 and allege damages.

44. Paragraphs 1 through 37 are incorporated fully herein.

45. Defendant Board placed a barrier to all minor Plaintiffs access to a free and appropriate education when they continued to allow the Defendants Jones or Cross to teach and have access to the minor Plaintiffs after Defendants first discovered actions of Defendants Jones or Cross.

46. Defendant Board knew or should have known that:

a. minor Plaintiffs (unlike non disabled verbal children who could notify adults about the abuse) could not ask for help because of their disability(s) and would not be able to overcome the barriers of Defendants Jones or Cross in order to learn, or would either learn less or learn negative behaviors in such an environment, and that remediation would be costly if possible.

b. the children had Defendants Cross or Jones as their teacher only because of the childrens' disabilities, as Defendants Cross or Jones were the designated preschool disability teachers and their shared classroom space was the designated space for the preschool children who had received a disability diagnosis.

47. As a direct and proximate result of Defendant Board's discrimination and denial of an appropriate and barrier-free education, minor Plaintiffs have been deprived of economic and non-economic benefits including; but not limited to, lost educational opportunities, medical damages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits related to the school setting.

WHEREFORE, minor Plaintiffs demand judgement against Defendant Board for all damages due, plus interest, costs, and attorney fees under Section 1988, and demand a trial by jury.

### COUNT III

VIOLATION OF 42 U.S.C. 1983 AND THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

48. Minor Plaintiffs sue Defendants Kupke, Valentine, Kondas, Jones, and Cross for violating the minor Plaintiffs' Constitutional rights under the 14th Amendment, Equal Protection Clause through a 1983 action.

49. Paragraphs 1 through 37 are incorporated fully herein.

50. Minor Plaintiff are all members of a protected class in

that they are disabled as defined by the IDEA.

51. Defendants denied minor Plaintiffs equal protection when Defendants acted to protect the rights of Defendant Jones to the detriment of minor Plaintiffs in that Defendants named:

    a. did not report as required by law the abuse by Defendant Jones, or

    b. allowed Defendant Jones to return to have additional unsupervised contact with the minor Plaintiffs after sufficient information had been gathered by Defendants demonstrating that abuse had occurred, or

    c. continued to protect Defendant Jones or Cross to the detriment of the minor Plaintiffs, or

    d. retaliated against parents (in attempts to quiet parents from demanding the rights of their disabled children) or minor Plaintiffs by:

        1.) bringing false charges of abuse against at least one parent, or

        2.) allowing one of minor Plaintiffs to wander from campus and only inform the parent after the fact and incompletely of the event, or

        3.) hassling parents about alternative placements within and outside the system and transportation to those placements, or

    e. in other ways denying these minor Plaintiffs their equal rights to a safe, appropriate school environment as disabled students and citizens under the law, either directly or

through actions against their representatives.

52. Defendants knew or should have known that the IDEA or its precedent PL94-142, passed in 1973, placed special duties on education personnel in dealing with the rights of the disabled student; in addition Defendants knew or should have known of the Constitution of the United States and the 14th Amendment.

53. Defendants named knew or should have known that their actions toward minor Plaintiffs and the parents who had to speak for the minor Plaintiffs were in violation of various laws such as the IDEA.

54. As a direct and proximate result of Defendants' discrimination against minor Plaintiffs and their representatives, minor Plaintiffs have been deprived of economic and non-economic benefits including; but not limited to, lost educational opportunities, medical damages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits related to the school setting.

WHEREFORE, minor Plaintiffs demand judgement against Defendants Kupke, Valentine, Kondas, Jones, and Cross for all damages due, plus interest, costs, and attorney fees under Section 1988, and demand a trial by jury.

### COUNT IV

### NEGLIGENCE UNDER FLORIDA STATUTE 768

55. Plaintiffs sue Defendants Board, Kupke, valentine, Kondas, and Cross for Negligence; all statutory prerequisites have been met.

56. Paragraphs 1 through 37 and 51 are incorporated fully herein.

57. Defendants named each had a duty to Plaintiffs, in that each had control over the minor, disabled Plaintiffs within the school setting; and, by both Federal and state education laws each Defendant had a duty to offer the Plaintiffs a safe, free, appropriate education, and to report any suspected abuse. Additionally, Defendants had the duty to act to protect the minor Plaintiffs when danger presented itself to the children within the school setting.

58. Defendants breached that duty when either:

    a. Defendant Jones verbally or physically abused any of the Plaintiffs, and Defendants ignored at least one notice, or

    b. Defendants Board, Kupke, Valentine, Kondas, or Cross failed to timely report the suspected abuse to the proper agencies, or

    c. Defendants Board, Kupke, Valentine, or Kondas allowed Defendant Jones to return to the classroom after sufficient evidence had been collected to remove her from class, or

    d. Defendants Board and Kupke denied Plaintiff representatives a hearing, or

    e. Defendant Kupke, representing Defendant Board, wrote a glowing recommendation for Defendant Jones after she had been removed from her teaching assignment, or

    f. Defendants Kondas and Valentine made promises on

behalf on the Defendant Board to parents which were not kept,

g.  Defendants Kondas, Valentine, Kupke, or Board failed to act after first reports of abuse in 1995.

59.  As a direct and proximate result of Defendants' breach(s) against minor Plaintiffs and their representatives, minor Plaintiffs suffered injuries and have been deprived of economic and non-economic benefits including, but not limited to, lost educational opportunities, medical damages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits related to the school setting.

60.  Defendants actions were willful and wanton in that Defendants failed to act as required by law after they had sufficient notice of the abuse by Defendant Jones.

WHEREFORE, minor Plaintiffs demand judgement against Defendants Board, Kupke, Valentine, Kondas, Jones, and Cross for all damages due, plus interest, costs, and attorney fees and demand a trial by jury.

### COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL STRESS

61.  Plaintiffs sue all Defendants for intentional infliction of emotional distress for which Plaintiffs suffered damages.

62.  Paragraphs 1 through 37 are incorporated fully herein.

63.  Defendants refusal to investigate the actions of Defendant Jones until after at least the second notice of abuse (thus leaving Jones without supervision to continue the attacks

on the children for at least an additional month); Defendants placement of Defendant Jones back in the classroom after the abuse had been confirmed, (along with Defendant Jones herself electing to return to the classroom); and, the subsequent treatment of Plaintiffs or their representatives (parents) in order to stop any action by those parents, caused the Plaintiffs great emotional distress.

64. Defendants' conduct was a deliberate or reckless infliction of mental suffering on the children, in that Defendants knew or should have known that the children would have a great fear of Defendant Jones (after having been hit by her or seen her hit other students) yet Defendants allowed Jones to continue to have unsupervised contact with the chlidren who Defendants knew or should have known could not ask for help because of their disability(s); this conduct is outrageous and exceeds the bounds that could be reasonably tolerated by society who expects adults, especially those who have the care and special duty of educating children to protect the children in their care as a main priority; and, even more especially when those children in their care are preschoolers and disabled, thus not being able to rescue themselves or even call for help..

65. As a direct and proximate result of such injuries Plaintiffs suffered and continue to suffer educational, economic, medical, or emotional damage.

WHEREFORE, Plaintiffs demand judgement against Defendants for all allowable damages under the law, and all related costs of

this action including a reasonable attorney fee, and any other such relief as this Court deems just and proper.

### COUNT VI

### ASSAULT

66. Plaintiffs sue Defendants for assault for which Plaintiffs suffered educational, medical, and emotional damage.

67. Actions by Defendant Jones during school year 1994-95, included (but not limited to):

    a. yelling at Plaintiffs in a threatening manner; or,

    b. using the bathroom as a punishment, causing Plaintiffs to have serious adverse reactions to anything related to the bathroom; or

    c. making minor, preschool disabled children observe physical abuse of classmates,

caused Plaintiffs to have an immediate and ongoing fear that Defendant Jones was going to physically attack each of them.

68. Plaintiffs had seen Defendant Jones in the past throw objects and other students in the classroom, and therefore knew that Defendant Jones was capable of violence.

69. Defendant Jones had the ability to do immediate harm to Plaintiff.

70. Other Defendants are vicariously liable to Plaintiffs for assault in that other Defendants knew or should have known of the assaults, had a duty to stop or prevent further assaults and did not do so; this failure to act was in bad faith or demonstrated a willfull disregard of the human rights or safety

of the minor disabled students within their care, and in fact led to the additional abuse of at least one of those children.

71. As the direct and proximate result of Defendants actions Plaintiffs suffered medical, emotional damage, or economic damage.

WHEREFORE, Plaintiffs demand judgement against Defendants for all allowable damages under the law, and all related costs of this action including a reasonable attorney fee if allowed, and any such relief as this Court deems just and proper.

### COUNT VII

#### BATTERY

72. Plaintiff W.-B. sues Defendants for battery for which Plaintiff suffered educational, medical, and emotional damage.

73. Actions by Defendant Jones on at least March 23, 1995, included (but not limited to):

   a. hitting Plaintiff W.-B. in the face with her hand causing Plaintiff physical pain.

74. Any action of Plaintiff did not give Defendant Jones permission to hit Plaintiff W.-B..

75. Other Defendants are vicariously liable to Plaintiffs for battery in that other Defendants knew or should have known of the assaults or batteries, had a duty to stop or prevent further assaults or batteries and did not do so; this failure to act was in bad faith or demonstrated a willfull disregard of the human rights or safety of the minor disabled students within their care, and in fact led to the additional physical abuse of at

least one of those children.

76. As the direct and proximate result of Defendants actions, Plaintiff W.-B. suffered medical, emotional damage, or economic damage.

WHEREFORE, Plaintiff W.-B. demands judgement against Defendants for all allowable damages under the law, and all related costs of this action including a reasonable attorney fee if allowed, and any such relief as this Court deems just and proper.

### COUNT VIII

VIOLATION OF 42 U.S.C. 1983 AND THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

77. Minor Plaintiffs sue Defendants Kupke, Valentine, Kondas, Jones, and Cross for violating the minor Plaintiffs' Constitutional rights under the 14th Amendment, DUE PROCESS Clause through a 1983 action.

78. Paragraphs 1 through 37 are incorporated fully herein.

79. Minor Plaintiff are all members of a protected class in that they are disabled as defined by the IDEA.

80. Defendants denied minor Plaintiffs due process, either substantive or procedural, when Defendants acted to protect the rights of Defendant Jones to the detriment of minor Plaintiffs in that Defendants named:

   a. did not allow parents as representatives of the children to meaningfully participate in any discussion of the

allegation against Defendant Jones, as required by law.

   b. allowed Defendant Jones to return to have additional unsupervised contact with the minor Plaintiffs after sufficient information had been gathered by Defendants demonstrating that abuse had occurred, without prior notification to the representatives of the children, or

   c. continued to protect Defendant Jones or Cross to the detriment of the minor Plaintiffs, by denying the representatives of the children any meaningful avenue to address their concerns or to obtain relief for the minor children, or

   d. retaliated against parents (in attempts to quiet parents from demanding the rights of their disabled children) or minor Plaintiffs by:

    1.) bringing false charges of abuse against at least one parent, or

    2.) allowing one of minor Plaintiffs to wander from campus and only inform the parent after the fact and incompletely of the event, or

    3.) hassling parents about alternative placements within and outside the system and transportation to those placements, or

   e. in other ways denying these minor Plaintiffs their right to due process which prevented their ability to obtain a safe, appropriate school environment as disabled students and citizens under the law, either directly or through actions against their representatives, by denying them full participation

18

in the grievance procedure, or full disclosure at a "public" board meeting, or in other ways blocking or denying information to the children through their representatives.

81. Defendants knew or should have known that the IDEA or its precedent PL94-142, passed in 1973, placed special duties on education personnel in dealing with the rights of the disabled student; in addition Defendants knew or should have known of the Constitution of the United States and the 14th Amendment.

82. Defendants named knew or should have known that their actions toward minor Plaintiffs and the parents who had to speak for the minor Plaintiffs were in violation of various laws such as the IDEA.

83. As a direct and proximate result of Defendants' discrimination against minor Plaintiffs and their representatives, minor Plaintiffs have been deprived of economic and non-economic benefits including, but not limited to, lost educational opportunities, medical damages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits related to the school setting.

WHEREFORE, minor Plaintiffs demand judgement against Defendants Kupke, Valentine, Kondas, Jones, and Cross for all damages due, plus interest, costs, and attorney fees under Section 1988, and demand a trial by jury.

### DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury.

DATED this 4th day of October, 1996.

_____
Kara E. Mort
Bar No. 0831530
4469 Ortega Forest Drive
Jacksonville, FL 32210-5818
904 388-7993
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to: Darryl L. Gavin, Esq., P.O. Box 1873, Orlando, FL 32802-1873 via U.S. Mail this 4th day of October, 1996.

_____