404118.3

**MARK J. BENNETT**      **#2672-0**
Attorney General, State of Hawaii

**GARY K.H. KAM**        **#4391-0**
**GEORGE S. S. HOM**     **#2487-0**
**HOLLY T. M. SHIKADA** **#4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**     **#1624-0**
**GREGG M. USHIRODA**    **#5868-0**
**LEIGHTON M. HARA**     **#7826-0**
**ROSS T. SHINYAMA**     **#8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**        **#1000-0**
**JOHN-ANDERSON L. MEYER**    **#8541-0**
**SERGIO RUFO**               **#8211-0**
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>         Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>         Defendant.<br>_____ | ) CIVIL NO. CV 04-00442 ACK/BMK<br>) CIVIL NO. CV 05-00247 ACK/BMK<br>) CONSOLIDATED<br>) (Other Civil Action)<br>)<br>) **DEFENDANT DEPARTMENT OF**<br>) **EDUCATION'S MEMORANDUM IN**<br>) **OPPOSITION TO PLAINTIFFS'**<br>) **MOTION IN LIMINE NO. 4 TO**<br>) **EXCLUDE EVIDENCE, TESTIMONY,**<br>) **ARGUMENT AND COMMENT**<br>) **CONCERNING DEPARTMENT OF HUMAN**<br>) **SERVICES RECORDS; DECLARATION**<br>) **OF LEIGHTON M. HARA; EXHIBITS**<br>) **"A" -"E"; CERTIFICATE OF**<br>) **SERVICE**<br>)<br>) **HEARING:**<br>) DATE:  September 3, 2008<br>) TIME:  10:00 a.m.<br>) JUDGE: Honorable Alan C. Kay<br>)<br>) **TRIAL:** September 9, 2008<br>) |

**DEFENDANT DEPARTMENT OF EDUCATION'S**
**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN**
**LIMINE NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND**
**COMMENT CONCERNING DEPARTMENT OF HUMAN SERVICES RECORDS**

Defendant DEPARTMENT OF EDUCATION ("DOE"), by and

through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES,

and hereby submits the following Memorandum in Opposition to

Plaintiffs' Motion in Limine No. 4 to Exclude Evidence,

Testimony, Argument and Comment Concerning Department of Human

Services Records, filed on January 7, 2008 ("Motion").

- 2 -

I.    **FACTUAL INFORMATION:**

      The DOE previously had a records subpoena issued to the Department of Human Services ("DHS") for records pertaining to Bryan Wiles-Bond ("Bryan").  After DHS refused to voluntarily produce any records, the DOE filed a motion to compel production of the records.

      The DOE's motion to compel was denied without prejudice at a hearing on October 16, 2007.  See Exhibit "A".  The Court denied the motion without prejudice on the grounds that the information believed to be contained in the DHS records were already available to the parties through other sources and means.  See attached Declaration of Leighton Hara, at ¶ 3.  The Court did not make any determination as to the relevancy of any of the DHS documents at issue.  Id.

      Plaintiffs have filed the instant Motion seeking an order in limine: (1) precluding the introduction of any DHS documents into evidence; and (2) precluding testimonial or other evidence, argument or comment concerning any DHS records.

II.   **DISCUSSION:**

      The DOE has not identified any DHS records as trial exhibits.  However, testimonial or other evidence regarding complaints and/or reports made to DHS and/or Child Protective Services ("CPS") are highly relevant to the DOE's defenses.  Thus, Plaintiffs' Motion to exclude such evidence should be denied.

In this case, the DOE denies that it intentionally discriminated and/or retaliated against Plaintiffs.  The DOE will establish at trial that, among other things, the conditions at Plaintiffs' home as well as unreasonable demands placed on the skills trainers by Bryan Wiles-Bond's parents were serious impediments to the DOE's ability and effort to provide Bryan Wiles-Bond with educational and related services.

Witnesses for the DOE will testify that skills trainers asked to be removed from Bryan's case for reasons including, but not limited to, the following: (1) the unsanitary conditions of Plaintiffs' home and (2) unreasonable demands placed upon them by Bryan's parents (e.g., Bryan's parents asked the skills trainers to do the family laundry).  See, Deposition Transcript of Linda Price at 86:23-90:12, attached as Exhibit "A" (testifying that skills trainers Oxsana Savenko, Roberto Valentino, and Lea Scruton refused to work in Plaintiffs' home because of its unsanitary conditions); Declaration of Richi Stallard dated March 23, 2006, attached as Exhibit "B".  The skills trainers' perception and belief that Plaintiffs' home was too unsanitary to work in is clearly relevant because it demonstrates that the alleged lack of skills trainers was caused by substantial factors other than the DOE's alleged "deliberate indifference" towards Bryan.  See Exhibits "A" and "B".  See also Declaration of

Barbara Coffman dated March 23, 2006, attached as Exhibit "C"[1];
Deposition Transcript of William Beljean at 37:16-20, 38:9-39:3,
40:16-21 and 41:9-19, attached as Exhibit "D" (describing how he
found stains on the mattress and what appeared to be urine on
various portions of the tile floor); and Transcript of the
Deposition of Barbara Coffman at 23:6-15, attached as Exhibit
"E".[2]

At least two DOE employees, Tristine Graetz and Kate
Tolentino, were concerned enough about the conditions of Bryan
Wiles-Bond's living area in the Plaintiffs' home that they felt
compelled to contact CPS.  Ms. Graetz, an educational assistant
at Waikoloa Elementary, who was hired by Plaintiffs to provide
respite care at their home on weekends during the 1999-2000
school year, contacted CPS about what she felt were abusive
living conditions.  Kate Tolentino, the District Educational
Specialist from September 2004 to January 2005, contacted CPS
after visiting Plaintiffs' home during an October 2004 school and

---

[1]    Barbara Coffman declared that while working with Bryan at
Plaintiffs' home, she observed that the home was "**unsanitary and unclean**" with
**live and dead roaches** all over Bryan's living area and "**old urine**" covering
the toilet next to Bryan's living area.  <u>See</u> Declaration of Barbara Coffman
dated March 23, 2006, a true and correct copy of which is attached as Exhibit
"C" (emphases added).  Ms. Coffman observed that the toilet and the floor area
around Bryan's mattress, which usually was covered with urine, were never
cleaned.  <u>See id.</u>  She also observed that Bryan's pantry was full of "**old food
and other discarded items**" and "**smelled very badly**."  Considering the
unsanitary condition of Plaintiffs' home, it is understandable why skills
trainers would refuse to work there.  Ms. Coffman even recalled one specific
incidence when she was locked in Bryan's room in the basement alone with Bryan
for over three hours.  <u>Id</u>.

[2]    **When asked why she thought Bryan's living area was so unsanitary
and unclean, Ms. Coffman replied, "[l]ack of motivation or intent to make it
different" on the part of Bryan's parents**.  <u>See</u> Exhibit "E" at 23:6-15,
(emphasis added).

home site evaluation with representatives from Pacific Child & Family Associates.  Both Ms. Graetz and Ms. Tolentino will offer testimony about their direct observations and reasons for contacting CPS.

Federal Rules of Evidence (FRE) Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. Rule 401 (2006).  Evidence of reports made to CPS is highly relevant to the living conditions at Bryan Wiles-Bond's home since such reports would have a tendency to make it more probable that the conditions of his living area at home did in fact exist.

Allowing evidence of reports to CPS is highly relevant to show how serious the DOE's skills trainers as well the DOE believed the home conditions were at the time.  Such evidence is necessary to enable the DOE's witnesses to accurately describe how serious a concern they believed Bryan Wiles-Bond's living conditions to be.  Disallowing such evidence would be prejudicial to the DOE since it could have an adverse impact on the jury's evaluation of the credibility of these DOE witnesses.  For example, if the witnesses are not allowed to mention the complaints made to CPS, this would give the jury the impression that no action was taken and the jury might thus conclude that

the home conditions could not have been as bad as the witnesses say.

Testimony regarding reports to CPS is also highly relevant the DOE's defense against the allegations raised by Plaintiffs concerning Bryan Wiles-Bond's mental and behavioral regression due solely to alleged deficiencies in his educational program. Thus, Plaintiffs have directly interjected Bryan Wiles-Bond's mental and physical well-being, during the relevant periods of time into the lawsuit. Testimony regarding reports to CPS made because of concerns about Bryan Wiles-Bond's mental or physical health are now at issue and relevant to the defense of this matter. Such testimony is relevant because it can also rebut allegations that Bryan Wiles-Bond's alleged regression was in due to alleged educational neglect. Indeed, testimony about reports to CPS may determine whether such alleged regression is more appropriately attributable to non-DOE related factors.

Finally, any argument by Plaintiffs that allowing such evidence would somehow prejudice them is without merit. Plaintiffs will have an opportunity to cross-examine the DOE's witnesses regarding the reports to CPS, as well as the opportunity to put on rebuttal evidence regarding Bryan Wiles-Bond's living conditions at home.

Therefore, the DOE should be allowed to put on evidence regarding reports and/or complaints made to CPS so that the jury can hear the whole story and decide for themselves whether or not

the conditions at Plaintiffs' home interfered with the DOE's ability to provide educational and related services to Bryan Wiles-Bond.

III. **CONCLUSION**:

Based on the foregoing, Defendant should be allowed to present evidence pertaining to complaints or reports made to CPS and/or DHS regarding Bryan Wiles-Bond and his parents, including reference to specific documents such as written complaints or reports that are in the possession of DHS and/or CPS.

DATED: Honolulu, Hawaii, August 11, 2008.


/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION