404169.3
**MARK J. BENNETT**       #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**         #4391-0
**GEORGE S. S. HOM**      #2487-0
**HOLLY T. M. SHIKADA**   #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**      #1624-0
**GREGG M. USHIRODA**     #5868-0
**LEIGHTON M. HARA**      #7826-0
**ROSS T. SHINYAMA**      #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**         #1000-0
**JOHN-ANDERSON L. MEYER**     #8541-0
**SERGIO RUFO**                #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>    Defendant. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8 TO DEEM ADMITTED CERTAIN ADMISSIONS; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br>DATE: September 3, 2008<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br><br>**TRIAL: September 9, 2008** |

DEFENDANT DEPARTMENT OF EDUCATION'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
IN LIMINE NO. 8 TO DEEM ADMITTED CERTAIN ADMISSIONS

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby respectfully submits the following memorandum in opposition to "Plaintiffs' Motion in Limine No. 8 to Deem Admitted Certain Admissions" filed herein on August 4, 2008 (the "Motion").

I.   **INTRODUCTION**

The Motion is not only substantively meritless, but it is also procedurally defective because it should have been brought as a discovery motion at least thirty days prior to the discovery deadline, as required by the Court's scheduling order. Although Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor (collectively, "Plaintiffs") framed the Motion as a motion in limine based on Rules 401 through 404 of the Federal Rules of Evidence ("FRE"), it is clear that the Motion is really a motion regarding the sufficiency of an answer or objection made pursuant to Rule 36(a) of the Federal Rules of Civil Procedure ("FRCP").

Because the Motion essentially deals with a discovery dispute, the Motion should have been preceded by a good faith attempt by Plaintiffs to resolve this discovery dispute without the Court's involvement, as required by the local court rules, and, if still warranted, should have been timely filed before the discovery cutoff, not weeks before the trial as a motion in limine. Plaintiffs' noncompliance with a court order and the applicable court rules and their blatant attempt to circumvent the same are inexcusable. Accordingly, the Motion should be denied.

## II. ARGUMENT

### A. This Untimely Discovery Motion Should be Barred

FRCP 36 permits parties to serve upon any other party written requests for admissions. See Fed. R. Civ. P. 36. It is undisputed that a **requests for admissions under FRCP 36 is a form of discovery**. If the requesting party believes that the responding party's answer or objection is insufficient or inappropriate, FRCP 36(a)(6) permits the requesting party to "move to determine the sufficiency of an answer or objection."[1] See Fed. R. Civ. P. 36(a)(6). A motion for an order deeming FRCP 36 responses as admissions is the functional equivalent of a motion to determine the sufficiency of an answer or objection. See Szatanek v. McDonnell Douglass Corp., 109 F.R.D. 37, 41 (W.D.N.Y. 1985) ("[I]t is logical to equate plaintiff's efforts to have the requested facts deemed admitted with a motion pursuant to rule 36(a) to determine the sufficiency of answers submitted."); see also 8A Fed. Proc. Forms § 23:501.

---

[1] If a court finds that a responding party's objection is unjustified, the court "must order that an answer be served." See Fed. R. Civ. P. 36(a)(6). If a court finds that an answer does not comply with FRCP 36, the court "may order either that the matter is admitted or that an amended answer be served." Id.

- 4 -

Here, the Motion clearly seeks an order to have certain responses deemed as admissions. Accordingly, the Motion is essentially a FRCP 36 motion to determine the sufficiency of an answer or objection. **As such, the Motion must comply with the applicable court deadlines and rules relating to discovery.**

**The Amended Rule 16 Scheduling Order filed January 8, 2007 (the "Scheduling Order") set October 5, 2007 as the discovery deadline.** See Scheduling Order at 3, a true and correct copy of which is attached as Exhibit "A" to the Declaration of Gregg M. Ushiroda. The Scheduling Order also stated the following:

> [A]ll discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline. Unless otherwise permitted by the Court, **all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR 26.1, 26.2[, and] 37.1 shall be heard no later than thirty (30) days prior to the discovery deadline.**

Id. at 4 (emphasis added).

Local Rule 37.1 of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("LR") provides in pertinent part that the "court will **not** entertain any motion pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel have previously conferred . . concerning all disputed issues, in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion or expedited

discovery assistance." See LR 37.1(a) (emphasis added). Furthermore, LR 37.1 also requires counsel for the moving party to certify compliance with this rule when filing any motion relating to FRCP 26 through 37. See LR 37.1(b).

Based on the foregoing, it is irrefutable that the Motion must be denied. Under LR 37.1, the Court cannot entertain this FRCP 36 Motion because Plaintiffs failed to confer with the DOE regarding this discovery dispute prior to filing the Motion. It is undisputed that the Motion lacks any certification by Plaintiffs' counsel that they complied with LR 37.1.

Moreover, under the Scheduling Order, any discovery motions, including this FRCP 36 Motion, should have been filed at least thirty days before the October 5, 2007 discovery deadline. Plaintiffs failure in this regard is inexcusable. It is clear that Plaintiffs filed the Motion as a motion in limine in a blatant attempt to circumvent the Scheduling Order and the applicable court rules. Such abusive litigation tactics must not be tolerated.

### B.   The DOE's Responses Comply with FRCP 36

Even if the Court overlooks the foregoing procedural defects of the Motion and accepts the Motion as a motion in limine, the Motion should nevertheless be denied on its merits. Throughout its eleven-page Motion, Plaintiffs engage in a seemingly pedantic fault-finding excursion to object to the sufficiency of a number of responses submitted by the DOE.

For example, Plaintiffs objected to the DOE's response to Request for Admission No. 95 as "involv[ing] no effort by the Defendants to respond individually." See Motion at 9. The subject request read, "Except for Bill Beljean, Linda Price never employed any skills trainers to work in the home." Id.; see also Exhibit "A" to the Motion. In response to said request, the DOE submitted the following:

> OBJECTION. Vague and ambiguous as to the term "employed" as it connotes that Linda Price was the employer of any skills trainer. Without waiving said objections, Defendant admits only that Linda Price never supervised or utilized the services of any skills trainer to work in the home, except for Bill Beljean.

Id. As is clearly evident from the response, Plaintiffs' contention that the response "involved no effort . . . to respond individually" utterly lacks merit. On the contrary, the DOE meticulously responded in accordance with FRCP 36 by stating its objection and clearly explaining the grounds for its objection. A review of the evidence would quickly reveal that Linda Price never personally employed any skills trainers. Accordingly, the subject request was legitimately vague and ambiguous. Notwithstanding the fact that it had a valid objection, and without waiving the same, the DOE, in good faith, went beyond what was required and provided a qualified answer that responded

to the substance of the matter.  Thus, Plaintiffs' objection to this response, as with their other objections, borders on frivolity.

Even if Plaintiffs' have a valid objection to one of the DOE's responses, the admission of the same is not a fair and appropriate remedy.  Doing so would cause an undue surprise on the DOE on the eve of trial.  Justice, at the very least, would require that the DOE be given an opportunity to amend its response to the Court's satisfaction.  Had Plaintiffs attempted to confer with the DOE in good faith prior to filing the Motion, as required by LR 37.1, the DOE surely would have reciprocated the good faith attempt to resolve this dispute without court involvement.  However, Plaintiffs inexcusably failed to do so.  Accordingly, it is clear that the Motion must be denied.

/    /
/    /
/    /
/    /
/    /
/    /
/    /
/    /
/    /

## III. CONCLUSION

Based on the foregoing, the DOE respectfully requests that this Honorable Court deny the Motion.

DATED: Honolulu, Hawaii, August 11, 2008.

                                                         /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION