395243.3
**MARK J. BENNETT**         #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**           #4391-0
**GEORGE S. S. HOM**        #2487-0
**HOLLY T. M. SHIKADA**     #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**        #1624-0
**GREGG M. USHIRODA**       #5868-0
**LEIGHTON M. HARA**        #7826-0
**ROSS T. SHINYAMA**        #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**          #1000-0
**JOHN-ANDERSON L. MEYER**      #8541-0
**SERGIO RUFO**                 #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>      Defendant. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 10 TO TAKE JUDICIAL NOTICE AND PUBLISH TO THE JURY THE FACTS ESTABLISHED BY PRIOR ORDER OF DECEMBER 19, 2006; CERTIFICATE OF SERVICE**<br><br><u>HEARING:</u><br>DATE: September 3, 2008<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Alan Kay<br><u>TRIAL:</u> September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #10
TO TAKE JUDICIAL NOTICE AND PUBLISH TO THE JURY
<u>THE FACTS ESTABLISHED BY PRIOR ORDER OF DECEMBER 19, 2006</u>**

I. <u>INTRODUCTION</u>

    Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby opposes "Plaintiffs' Motion in Limine No. 10 to Take Judicial Notice and Publish to the Jury the Facts Established by Prior Order of December 19, 2006" (the "Subject Motion").

    The Subject Motion asks this Court to take judicial notice of its ruling in its Order dated December 19, 2006 that

certain facts are undisputed in this lawsuit. Plaintiffs' request can only be granted to the extent that the Subject Motion accurately states the undisputed facts set forth in the December 19, 2006 Order. As noted below, Plaintiffs have failed to accurately state certain facts identified by this Court as undisputed.

In addition, the Subject Motion does not seek judicial notice of those undisputed facts that support the DOE's position in this matter. As a matter of equity and in accordance with Rule 201 of the Federal Rules of Evidence, judicial notice should be taken of the additional undisputed facts identified below that are favorable to the DOE.

## II. THE UNDISPUTED FACTS TO BE JUDICIALLY NOTICED MUST BE STATED ACCURATELY

The Subject Motion identifies twenty-six facts that Plaintiffs seek to have judicially noticed based on the Court identifying these facts as undisputed in its December 19, 2006 Order. However, in certain cases, the Subject Motion states the undisputed facts in a manner that is not fully consistent with the December 19, 2006 Order. Specifically, the following "facts" in the Subject Motion need to be revised as follows:

1.   Fact 2. Plaintiffs state this "fact" as follows: "Bryan's Individualized Educational Plans ('IEPs') are adequate and not disputed by the parties." Subject Motion at 2. However, this Court did not find that Bryan's IEPs are adequate. This Court only found that "[t]he parties do not dispute that the IEPs

- 3 -

are adequate." December 19, 2006 Order at 45. As a result, the undisputed fact to be judicially noticed should be stated as follows: "The parties do not dispute that Bryan's Individualized Educational Plans ('IEPs') are adequate."

    2. Fact 6. Plaintiffs state this "fact" as follows: "The stipulation provided that if the adult aide did not complete her/his service, a **qualified** replacement would be found within two weeks of termination." Subject Motion at 2 (emphasis added). However, the word "qualified" was not used in the December 19, 2006 Order. Instead, the word "suitable" was used. December 19, 2006 Order at 46. To be consistent with the Order, the word "qualified" in Fact 6 should be replaced with the word "suitable".

    3. Fact 21. Plaintiffs' statement of this undisputed fact does not follow the exact language of the December 19, 2006 Order. To be consistent with the Order, Fact 21 should be stated as follows:

> In early June 2004, Plaintiffs submitted a request for a due process hearing, alleging failures by the DOE to hire and have in place a trained, certified, and qualified special education teacher to deliver Bryan's special education program during his "extended school year," e.g., the period he would receive services outside of the regular academic year. The request also alleged that Bryan's special education teacher for the 2004-2005 school year was unqualified.

See December 19, 2006 Order at 48.

      4.    Fact 24(a). Plaintiffs' statement of this undisputed fact does not follow the exact language of the December 19, 2006 Order. To be consistent with the Order, Fact 24(a) should be stated as follows: "To prepare a written structured social skills curriculum for implementation beginning no later than the end of the first week of the 2004-2005 school year". See December 19, 2006 Order at 49.

      5.    Fact 26. Plaintiffs state this "fact" as follows: "The DOE failed to provide Bryan a Free Appropriate Public Education ('FAPE')." Subject Motion at 6. However, this Court did not find that the DOE failed to provide Bryan with a FAPE. This Court only found that "it is undisputed that the DOE failed to provide Bryan a FAPE". December 19, 2006 Order at 49. As a result, the undisputed fact to be judicially noticed should be stated as follows: "The parties do not dispute that the DOE failed to provide Bryan a Free Appropriate Public Education ('FAPE')."[1]

---

[1] In Mark H. v. Lemahieu, 513 F.3d 922 (9th Cir. 2008), the Ninth Circuit Court of Appeals held that "FAPE under the IDEA and FAPE as defined in the § 504 regulations are similar but not identical." Id. at 933. Notably, the mere violation of FAPE under the IDEA is "[not] dispositive of whether a FAPE was denied under § 504." Id. As a result, Fact 26 properly reads: "The parties do not dispute that the DOE failed to provide Bryan a Free Appropriate Public Education ('FAPE') [under the IDEA]."

Moreover, as fully articulated in "Defendant Department of Education's Motion in Limine #15 to Exclude Reference to the IDEA and its Requirements", the IDEA, and any failure to provide FAPE under the IDEA, is irrelevant to the instant Section 504 action. Accordingly, Plaintiffs' request as to Fact 26 should be denied.

Judicial notice obviously is not appropriate unless the relevant facts are stated correctly. In light of the inaccuracies identified above, the Subject Motion cannot be granted unless the above revisions are made to Plaintiffs' formulation of the facts to be judicially noticed.

### III. **ADDITIONAL UNDISPUTED FACTS SHOULD BE JUDICIALLY NOTICED**

In identifying undisputed facts in the December 19, 2006 Order to be judicially noticed, Plaintiffs ignored a number of important undisputed facts that support the DOE's position in this matter. These undisputed facts favorable to the DOE should also be judicially noticed.

Rule 201 of the Federal Rules of Evidence states that a "court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d) (2008). "Judicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f).

Pursuant to Rule 201 of the Federal Rules of Evidence, the DOE hereby requests that this Court take judicial notice of, and instruct the jury to accept as conclusive, the following facts, all of which were identified by this Court in its December 19, 2006 Order as being undisputed:

1. It is undisputed that the DOE made some effort to comply with its obligation to provide skills trainers and other services to Bryan. The DOE's efforts at recruiting skills trainers included newspaper advertising, posting signs on

bulletin boards though the Kona and Waimea communities, posting job listings at conventions, leaving business cards at conventions and passing them out at workshops, placing advertisements on agency websites, and giving Plaintiffs funding to advertise for skills trainers.  December 19, 2006 Order at 50.

    2.   At Plaintiffs' insistence, the DOE hired a mainland company, Pacific Child and Family Associates, with expertise in servicing autistic children, to work with Bryan and his family.  The DOE paid for two individuals from Pacific Child and Family Associates to come to Hawaii and assess Bryan and his family.  In November 2004, Pacific Child and Family Associates submitted a proposal indicating that it was willing to service Bryan and his family.  The DOE was willing to pay one hundred ninety-one thousand six hundred seventy dollars ($191,670.00) for a one-year program.  In the midst of entering into a contract for Pacific Child and Family Associates' services, Plaintiffs relocated to the mainland.  Id. at 50-51.

    3.   Defendant maintain that skills trainers asked to be removed from Bryan's case because of such circumstances as the unsanitary living conditions in Plaintiffs' home, being left alone with Bryan all day on weekends, and being expected to do household chores.  Id. at 51.

To the extent that this Court is inclined to grant the Subject Motion, this Court should also grant the DOE's request

and take judicial notice of the above facts that this Court identified as being undisputed.

IV. **CONCLUSION**

For the foregoing reasons, the DOE respectfully requests that the Subject Motion be denied in part as set forth above and that this Court take judicial notice of, and instruct the jury to accept as conclusive, the additional undisputed facts identified above.

DATED: Honolulu, Hawaii, August 11, 2008.

   /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant