395244.5

**MARK J. BENNETT** #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM** #4391-0
**GEORGE S. S. HOM** #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI** #1624-0
**GREGG M. USHIRODA** #5868-0
**LEIGHTON M. HARA** #7826-0
**ROSS T. SHINYAMA** #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS** #1000-0
**JOHN-ANDERSON L. MEYER** #8541-0
**SERGIO RUFO** #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>    Defendant. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 11 FOR AN IN LIMINE ORDER TAKING JUDICIAL NOTICE OF FINDINGS AND CONCLUSIONS ESTABLISHED BY PRIOR DECISIONS, STIPULATIONS, AND AGREEMENTS; CERTIFICATE OF SERVICE**<br><br><u>HEARING:</u><br>DATE:  September 3, 2008<br>TIME:  10:00 a.m.<br>JUDGE: Honorable Alan Kay<br><br><u>TRIAL:</u> September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 11 FOR AN IN LIMINE ORDER TAKING JUDICIAL NOTICE OF FINDINGS AND CONCLUSIONS ESTABLISHED BY PRIOR DECISIONS, STIPULATIONS, AND AGREEMENTS**

I.    <u>INTRODUCTION</u>

        Comes now Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby opposes "Plaintiffs' Motion in Limine No. 11 for an in Limine Order Taking Judicial Notice of Findings and Conclusions Established by Prior Decisions, Stipulations, and Agreements" (the "Subject Motion").

The Subject Motion illustrates once again that Plaintiffs have a flawed notion of what facts are subject to judicial notice. Plaintiffs are asking this Court to take judicial notice of various factual findings in administrative proceedings. However, as this Court made clear in its December 19, 2006 Order, Plaintiffs' request is not allowed by the doctrine of judicial notice.

Plaintiffs are also asking this Court to take judicial notice of the fact that the decisions, orders, and settlement agreement resulting from the administrative proceedings[1] required the DOE to take certain actions. The DOE has no objection to this request provided that the relevant terms of the decisions, orders, and settlement agreement are accurately stated. As noted below, Plaintiffs have failed to accurately state certain terms.

## II. IT IS INAPPROPRIATE TO TAKE JUDICIAL NOTICE OF FACTUAL FINDINGS IN ADMINISTRATIVE PROCEEDINGS

The Subject Motion requests that this Court take judicial notice of various factual findings in administrative decisions dated May 11, 2004 and July 23, 2004 (Exhibits "3" and "4" to the Subject Motion). This request has already been

---

[1] As fully articulated in "Defendant Department of Education's Motion in Limine #15 to Exclude Reference to the IDEA and its Requirements" ("Defendant's Motion in Limine #15"), the IDEA, and any decisions, orders, and settlement agreements that were a result of the IDEA's administrative procedures and remedies, are irrelevant to the instant action, and should be excluded at trial.

denied, and there is no reason for the Court to change its prior decision.

In 2006, Plaintiffs asked this Court to take judicial notice of various factual findings in three administrative decisions dated May 21, 2001, May 11, 2004, and July 23, 2004. These decisions are attached as Exhibits "1", "3", and "4" to the Subject Motion. By Order dated December 19, 2006, this Court denied Plaintiffs' request. Specifically, this Court stated as follows:

> The doctrine of judicial notice does not apply. To be judicially noticed under Fed. R. Evid. 201(b) a fact must be indisputable. "[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201." Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003); see United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"). In this case, Plaintiffs ask the Court to judicially notice not just the fact that the prior administrative decisions exist, but to judicially notice the factual findings contained in those decisions. The court will not take judicial notice of the factual findings contained in the administrative decisions.

December 19, 2006 Order at 22.

In light of this Court's clear ruling in the December 19, 2006 Order, the DOE is puzzled by Plaintiffs' decision to raise this issue again in the Subject Motion. The DOE expected that Plaintiffs would at least attempt to explain why the

December 19, 2006 Order should not apply. However, Plaintiffs simply ignore the December 19, 2006 Order. More importantly, Plaintiffs fail to offer any authority that calls the validity of the December 19, 2006 Order into question. Plaintiffs cite Patricia N. v. LeMahieu, 141 F.Supp.2d 1243 (D. Haw. 2001), Ancheta v. Watada, 135 F.Supp.2d 1114 (D. Haw. 2001), and Bator v. State of Hawaii, 39 F.3d 1021 (9th Cir. 1994) in support of their argument for judicial notice. Plaintiffs' reliance on these decisions is misplaced. To the extent that these decisions treat findings of fact in an administrative proceeding as determinative, the basis for doing so is not judicial notice but rather issue preclusion or claim preclusion. See Patricia N. v. LeMahieu, 141 F.Supp.2d at 1256-57 (applying principles of res judicata); Ancheta v. Watada, 135 F.Supp.2d at 1119 (stating the test for issue preclusion); Bator v. State of Hawaii, 39 F.3d at 1026-27 (stating the test for issue preclusion). As a result, all three of these cases are inapplicable to Plaintiffs' request for judicial notice. The other authority cited by Plaintiffs is consistent with, and in no way undermines, the Ninth Circuit's decision in Wyatt v. Terhune that was the basis for this Court's rejection of Plaintiffs' judicial notice argument in the December 19, 2006 Order.

Based on this Court's December 19, 2006 Order, the Subject Motion must be denied to the extent that it seeks judicial notice of findings of fact in an administrative

proceeding or administrative decision. Specifically, judicial notice is not permitted for the following alleged facts:

    1.   Subject Motion, Section I(C), "Facts" 1-19; and

    2.   Subject Motion, Section I(E), "Facts" 1-7".

### III. JUDICIAL NOTICE OF CERTAIN TERMS OF THE ADMINISTRATIVE DECISIONS IS APPROPRIATE AS LONG AS THE TERMS ARE STATED ACCURATELY

The Subject Motion also asks this Court to take judicial notice of certain terms in the administrative decisions dated May 21, 2001, May 11, 2004, July 21, 2004[2], and July 23, 2004 (Exhibits "1" and "3"-"5") and a settlement agreement dated July 1, 2002 (Exhibit "2") whereby the DOE was required to take certain actions. The DOE has no objection to this request as long as the terms to be judicially noticed are stated accurately. The Subject Motion restates and paraphrases language from Exhibits "1"-"5" in a manner that is not always accurate. In order to be consistent with the requirements of Rule 201 of the Federal Rules of Evidence, the relevant language of the administrative decisions and settlement agreement should be

---

    [2] The "Declaration of Stanley E. Levin" attached to the Subject Motion states as follows: "Attached hereto as Exhibit '4' is a true and correct copy of the **July 23, 2004** *Stipulated Partial Decision and Order* of [sic] in *Bryan Wiles Bond v. DOE*, DOE 2004-70 Haw. Dept. Commerce & Consumer Affairs0 [sic], which resulted from a contested due process hearing between the parties to the instant case." See Declaration of Stanley E. Levin at 2, ¶ 5. However, Exhibit "4" attached to the Subject Motion is seemingly an administrative decision dated **July 21, 2004**. As a result, the DOE can only assume that Plaintiffs' reference to Exhibit "4" as a true and correct copy of the July 23, 2004 administrative decision is erroneous and that Plaintiffs intended to refer to the July 21, 2004 administrative decision.

quoted verbatim. Allowing the terms of the administrative decisions and settlement agreement to be restated or paraphrased only opens the door to improper use of the doctrine of judicial notice.

While the DOE believes that Rule 201 requires **all** terms of the administrative decisions and settlement agreement to be judicially noticed verbatim, rather than in a restated or paraphrased form, the DOE is especially concerned about Plaintiffs' formulation of the following terms:

1.   Subject Motion, Section I(A), "Fact" 1.  The DOE has no objection to this provision as long as the footnotes are not included within the judicial notice.  The footnotes are not a part of the administrative decision and therefore are not properly within the scope of judicial notice.  See Exhibit "1" to the Subject Motion at 3, ¶ 2.

2.   Subject Motion, Section I(A), "Fact" 3. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision.  Plaintiffs' formulation omits qualifying language (i.e., "after May 21, 2001").  See Exhibit "1" to the Subject Motion at 4, ¶ 4.  To be consistent with the decision, Section I(A), Fact 3 should be stated as follows:

> The Department of Education and/or Department of Health shall provide an adult educational aide described above for S [Bryan] using the TEACCH, DTT, and PECS methods for behavioral management and educational instruction until October 1, 2001.  For each day that an after

>school educational aide is not provided for S [Bryan] after May 21, 2001, the Department of Education and/or Department of Health shall be obligated to make up those days beginning after October 1, 2001.

      3.    Subject Motion, Section I(A), "Fact" 4. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. Plaintiffs' formulation does not specify when the two week period referenced in this term begins. <u>See</u> Exhibit "1" to the Subject Motion at 4, ¶ 5. To be consistent with the decision, Section I(A), Fact 4 should be stated as follows:

>In the event the adult educational aide does not complete his/her services for Bryan during the time periods set forth herein, for any reasons whatsoever, the DOE and/or the Department of Health shall locate, secure and have in place a suitable replacement within two weeks from the date of the termination.

      4.    Subject Motion, Section I(B), "Fact" 4. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. Plaintiffs' formulation omits qualifying language (i.e., "on an occasional basis"). <u>See</u> Exhibit "2" to the Subject Motion at 4. To be consistent with the decision, Section I(B), Fact 4 should be stated as follows:

>By August 1, 2002, the State shall create a pool of substitute TAs who are qualified and trained to provide services to Bryan. These substitute TAs shall be available to provide services to Bryan on an occasional basis when his regular TAs are unavailable.

5.  Subject Motion, Section I(C), "Fact" 21. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. Plaintiffs' formulation omits the reference to Bryan's IISC. <u>See</u> Exhibit "3" to the Subject Motion at 9. To be consistent with the decision, Section I(C), Fact 21 should be stated as follows:

> Skills trainers hired by the DOE for Bryan shall meet DOE standards and shall be trained in a) DTT and TEACCH methods and b) ASL, to sufficiently implement Bryan's IEP program as determined by Bryan's IISC.

6.  Subject Motion, Section I(C), "Fact" 23. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. <u>See</u> Exhibit "3" to the Subject Motion at 9. To be consistent with the decision, Section I(C), Fact 23 should be stated as follows:

> The DOE will provide additional hours of service from a knowledgeable consultant to design, implement, and monitor a toileting program for Bryan. The number of additional hours shall be determined by Bryan's IEP team.

7.  Subject Motion, Section I(D), "Fact" 2. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision. Plaintiffs' formulation inserts a training requirement that is absent from the decision. <u>See</u> Exhibit "4" to the Subject Motion at 2. To be consistent with the decision, Section I(D), Fact 2 should be stated as follows:

> The DOE shall hire and have in place by the beginning of the 2004-2005 school year a licensed, certified special education teacher with experience teaching autistic children and proficiency with American Sign Language.

  8.   Subject Motion, Section I(E), "Fact" 8. Plaintiffs' statement of this term of the administrative decision does not follow the exact language of the decision.  See Exhibit "5" to the Subject Motion at 6.  To be consistent with the decision, Section I(E), Fact 8 should be stated as follows:

> Respondent [the DOE] shall hire and have in place, a qualified special education teacher with experience in teaching autistic children and who is proficient in ASL to provide special education and coordination of services to Student [Bryan] during ESY periods.

  Judicial notice obviously is not appropriate unless the relevant terms of the administrative decisions and the settlement agreement are stated correctly.  In light of the inaccuracies identified above, the Subject Motion cannot be granted unless the above revisions are made to Plaintiffs' formulation of the terms to be judicially noticed.

IV. **CONCLUSION**

    For the foregoing reasons, the DOE respectfully requests that the Subject Motion be denied in part as set forth above.

    DATED: Honolulu, Hawaii, August 11, 2008.

                                    /s/ Gregg M. Ushiroda
                                MELVYN M. MIYAGI
                                GREGG M. USHIRODA
                                LEIGHTON M. HARA
                                ROSS T. SHINYAMA

                                KENNETH S. ROBBINS
                                JOHN-ANDERSON L. MEYER
                                SERGIO RUFO

                                GARY K.H. KAM
                                GEORGE S.S. HOM
                                HOLLY T. SHIKADA

                                Attorneys for Defendant