395292.4
**MARK J. BENNETT**     #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**       #4391-0
**GEORGE S. S. HOM**    #2487-0
**HOLLY T. M. SHIKADA** #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**    #1624-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**          #1000-0
**JOHN-ANDERSON L. MEYER**      #8541-0
**SERGIO RUFO**                 #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>      Defendant. | CIVIL NO. CV 04-00442 ACK-BMK<br>CIVIL NO. CV 05-00247 ACK-BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 12 TO PRECLUDE EVIDENCE OR ARUGMENT [*SIC*] BASED ON DEFENDANT'S "GOOD FAITH" ATTEMPTS TO PROVIDE SPECIAL EDUCATION OR RELATED SERVICES; CERTIFICATE OF SERVICE**<br><br><u>HEARING:</u><br>DATE:  September 3, 2008<br>TIME:  10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br><br>**TRIAL:** September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 12 TO PRECLUDE EVIDENCE OR ARUGMENT [*SIC*] BASED ON DEFENDANT'S "GOOD FAITH" ATTEMPTS TO <u>PROVIDE SPECIAL EDUCATION OR RELATED SERVICES</u>**

Comes now Defendant DEPARTMENT OF EDUCATION (the "DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby respectfully submits the following memorandum in opposition to "Plaintiffs' Motion in Limine No. 12 to Preclude Evidence or Arugment [*sic*] Based on

Defendant's 'Good Faith' Attempts to Provide Special Education or Related Services" filed herein on January 7, 2008 (the "Motion").

I. **INTRODUCTION**

It is incongruous of Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor (collectively, "Plaintiffs") to assert on the one hand that the standard for liability is "deliberate indifference," and on the other hand argue that evidence of the DOE's good faith attempts and best efforts to provide the required services to Plaintiff BRYAN WILES-BOND ("Bryan") are irrelevant, where, by definition, "indifference" presumes a lack of good faith effort.  Whether Plaintiffs have met their burden of proving "deliberate indifference" is an issue for the trier of fact.  Accordingly, a jury must be provided evidence of the educational and related services the DOE provided, as well as **how** those services were provided (i.e., in good faith), in order to make its determination.

II. **ARGUMENT**

Pursuant to Rule 402 of the Federal Rules of Evidence ("FRE"), "all relevant evidence is admissible."  See Fed. R. Evid. 402.  "Relevant evidence," in turn, is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence." See Fed. R. Evid. 401.

Plaintiffs' allege that they are entitled to money damages for intentional discrimination and retaliation under Section 504 of the Rehabilitation Act. In Section 504 cases, the Ninth Circuit Court of Appeals applies a "deliberate indifference" standard to determine if there has been intentional discrimination or retaliation. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Plaintiffs have the ultimate burden of proving "deliberate indifference." See Memmer v. Marin County Courts, 169 F.3d 630, 633 (9th Cir. 1999).

The issue of "deliberate indifference" must be determined by the trier of fact. As an evidentiary issue to be determined by the jury, evidence must be presented as to what services were provided to Bryan, as well as the intent with which those services were provided. The fact that the DOE made good faith efforts to provide the appropriate services to Bryan is completely relevant and goes directly to the heart of the issue at hand. Indeed, this Court has already recognized the validity of a "good faith" defense. See Order Denying Defendants' Motion for Partial Summary Judgment, Construed as a Motion for Judgment on the Pleadings, et al., dated December 19, 2006 at 32.

In Patricia N. v. LeMahieu, 141 F.Supp.2d 1243 (D. Haw. 2001), this Court specifically recognized that "good faith" would bar recovery under Section 504:

> This statement could indicate that
> Defendants, in good faith, believed that they
> were providing FAPE to Amber (though it
> turned out they were not), thus barring
> recovery under § 504.

Patricia N., 141 F.Supp.2d at 1258. See also Midgett v. Tri-County Metropolitan Transportation District of Oregon, 254 F.3d 846 (9th Cir. 2001) (good faith intention to comply with the ADA precluded finding of deliberate indifference). Likewise, the majority of other jurisdictions have required a showing of "bad faith" or "gross misjudgment" for there to be intentional discrimination or retaliation under Section 504 in the education context. See Walker v. District of Columbia, 157 F. Supp.2d 11 (D. C. 2001) (plaintiffs' claim for compensatory damages under the Rehabilitation Act was without merit where the testimony of the child's teachers demonstrated a good faith attempt on the part of defendant to provide the child with FAPE); Sellers v. School Bd. of the City of Manassas, Virginia, 141 F.3d 524, 529 (4th Cir. 1998); Monahan v. State of Nebraska, 687 F.2d 1164, 1171 (8th Cir. 1982); Alex G. ex rel. Dr. Steven G. v. Bd. of Trustees of Davis Joint Unified School District, 387 F. Supp. 2d 1119, 1124 (E.D. Cal. 2005); Zayas v. Commonwealth of Puerto Rico, 378 F. Supp. 2d 13, 21 (D. P.R. 2005); Brantley v. Independent School District No. 625, 936 F. Supp. 649 (D. Minn. 1996).

Therefore, "good faith" attempts on the part of the DOE could indeed bar Plaintiffs' recovery and are clearly relevant.

- 5 -

Accordingly, the Motion utterly lacks any merit and should be denied.

III. **CONCLUSION**

Based on the foregoing, it is respectfully requested that the Motion be denied, and the DOE be permitted to introduce evidence of the services it provided to Bryan, including the intent with which those services were provided.

DATED: Honolulu, Hawaii, August 11, 2008.

      /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant