403803.3

**MARK J. BENNETT      #2672-0**
Attorney General, State of Hawaii

**GARY K.H. KAM      #4391-0**
**GEORGE S. S. HOM      #2487-0**
**HOLLY T. M. SHIKADA #4017-0**
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI      #1624-0**
**GREGG M. USHIRODA      #5868-0**
**LEIGHTON M. HARA      #7826-0**
**ROSS T. SHINYAMA      #8830-0**
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: mailto:gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS      #1000-0**
**JOHN-ANDERSON L. MEYER      #8541-0**
**SERGIO RUFO      #8211-0**
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, and ALVIN RHO, in his official capacity as West Hawaii District Superintendent,<br><br>        Defendants. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S OBJECTIONS TO PLAINTIFFS' EXHIBITS AND EXHIBIT LIST FILED AUGUST 4, 2008; CERTIFICATE OF SERVICE**<br><br>**TRIAL: September 9, 2008**<br>**TRIAL JUDGE: Alan C. Kay** |

**DEFENDANT DEPARTMENT OF EDUCATION'S**
**OBJECTIONS TO PLAINTIFFS' EXHIBITS AND**
**EXHIBIT LIST FILED AUGUST 4, 2008**

Defendant DEPARTMENT OF EDUCATION ("DOE") submits the following objections to the exhibits designated by Plaintiffs.

**GENERAL STATEMENT OF OBJECTIONS**

Certain objections are applicable to multiple documents identified by Plaintiffs. The DOE has endeavored to make its document-by-document objections specific in the chart below, but to assist the Court, the DOE sets forth here a further explanation of the objections made.

1.   Plaintiffs have designated exhibits containing references to claims relating to alleged violations of the Individual with Disabilities Act ("IDEA") and Section 504 of the Rehabilitation Act that were fully resolved by the July 1, 2002 Settlement Agreement between Plaintiffs and the DOE, which is the

2

subject of a motion in limine filed by the DOE.  As discussed in that Motion, the DOE objects to the admissibility of these documents as they are irrelevant, highly prejudicial, and stand to mislead the jury.  *See* Fed. R. Evid. 401, 402, 403.  This objection is asserted below as "Relevance Objection No. 1".

2.   Plaintiffs have designated exhibits containing references to an educational standard of care and educational negelect.  For all of the reasons set forth in the DOE's Motion to exclude evidence of educational standard of care, an educational standard of care does not exist.  Thus, these documents have no relevance, are highly prejudicial, and stand to mislead the jury.  *See* Fed. R. Evid. 401, 402, 403.  This objection is asserted below as "Relevance Objection No. 2."

3.   Plaintiffs have designated exhibits containing information relating to present and future costs for Bryan Wiles-Bond's educational services as well as costs for residential placement and treatment, which are the subject of a motion in limine filed by the DOE.  As discussed in that motion, the cost of Bryan Wiles-Bond's educational services and care is currently being paid for by the State of California.  Moreover, the cost of any residential placement and care for Bryan Wiles-Bond would also be paid for by the State of the California.  Since these services are being paid for and will be paid for in the future by the State of California, the DOE objects to the admissibility of

these exhibits as irrelevant, and because the dangers that the
DOE will be unfairly prejudiced and that the jury will be misled
by the admission of these exhibits substantially outweighs any
probative value. *See* Fed. R. Evid. 401, 402, 403.  This
objection is asserted below as "Relevance Objection 3."

     4.  Plaintiffs have designated exhibits containing
multiple unrelated or clearly separate documents.  The DOE
objects to the admissibility of these exhibits because the danger
that the DOE will be unfairly prejudiced or that the jury will be
confused or misled by this grouping of unrelated or separate
documents substantially outweighs any probative value. *See* Fed.
R. Evid. 403.  This objection is asserted below as "Improper
Grouping."

     5.  Plaintiffs have designated exhibits containing
reference to a 1983 misdemeanor charge of public lewdness against
William "Bill" Beljean, a skills trainer who was assigned to
Bryan Wiles-Bond in 2003-2004, which are the subject of a motion
in limine.  As discussed in that motion, the DOE objects to the
admissibility of these exhibits as irrelevant, highly
prejudicial, and improper character evidence. *See* Fed. R. Evid.
401, 402, 403 and 404.  This objection is asserted below as
"Relevance Objection No. 4."

     6.  Plaintiffs have designated exhibits containing
incomplete portions of documents and/or are missing pages.  The

DOE objects to the admissibility of these exhibits because of the danger that the DOE will be unfairly prejudiced or that the jury will be confused or misled by the presentation of incomplete documents substantially outweighs any probative value.  *See* Fed. R. Evid. 403.  This objection is asserted below as "Incomplete Document."

      7.    Plaintiffs have designated exhibits through general descriptions that do not put Defendants on fair notice of the contents of the proposed exhibits.  Contrary to this Court's Amended Rule 16 Scheduling Order, Plaintiffs have also failed to produce copies of or make available the contents of all proposed exhibits.  Accordingly, the DOE objects to the admissibility of these exhibits.  Plaintiffs must be required to produce hard copies of the exhibits it intends to use so that DOE can make appropriate objections, if any.

      8.    Plaintiffs have designated certain reports and other exhibits reflecting, suggesting or referring to alleged injuries that Bryan Wiles-Bond may have suffered as a result of not receiving consistent educational services in Hawaii.  For all the reasons set forth in the DOE's Motions to Exclude Daniel LeGoff, Ph.D. and Betty Jo Freeman, Ph.D., Plaintiffs have no scientifically valid basis on which to claim that any of Bryan Wiles-Bond sustained regressions as a result of not receiving consistent educational services in Hawaii.  The DOE objects to

the admissibility of these exhibits as irrelevant to any fact of consequence to the issues at trial, and because the danger that DOE will be unfairly prejudiced by the admission of these exhibits substantially outweighs any probative value. *See* Fed. R. Evid. 401, 402, 403. This objection is asserted below as "Relevance Objection No. 5."

9.    Plaintiffs have designated "correspondence" and "emails" as exhibits that were not produced in response to DOE requests during discovery. The discovery cut-off in this case was October 5, 2007. These exhibits, however, were not produced or made available for inspection to the DOE until after the discovery cut-off. As such, the DOE never had an opportunity to conduct further discovery of relevant information that may have been contained in these exhibits. Under the circumstances, these exhibits are inadmissible because they will cause the DOE to be unfairly surprised and unduly prejudiced. *See* Fed. R. Evid. 401, 402, 403. This objection is asserted below as "Not produced in discovery."

10.    Plaintiffs have designated exhibits reflecting communications to and from Shelby Ann Floyd. The Court has ruled that the testimony of Ms. Floyd "shall be limited to matters of direct contact between herself and the Department of Education officials for which Plaintiffs Ann Kimball Wiles and Stanley Bond are not able to testify to because they were not direct parties

or were not present." All exhibits reflecting communications by Ms. Floyd with any persons other than DOE officials are inadmissible. *See* Fed. R. Evid. 401, 402, 403. This objection is asserted below as "Relevance Objection No. 6."

11. Plaintiffs have designated reports by Daniel LeGoff, Ph.D., which, by Dr. LeGoff's own testimony, contain opinions that are cumulative and duplicative of opinions rendered by Betty Jo Freeman, Ph.D. These exhibits are inadmissible under Fed. R. Evid. 401, 402 and 403. This objection is asserted below as "Relevance Objection No. 7."

12. Plaintiffs have designated unsolicited emails to JoAn Hill that were authored by an unknown individual purporting to be Michael Biehn. There is no evidentiary foundation to assure the trustworthiness of these emails. As such, these exhibits are highly prejudicial to the DOE. These exhibits are also inadmissible as hearsay. Since the author of the emails is unknown, the basis for the statements in the emails cannot be known. Further, the emails appear to reflect information gathered from other unknown and outside sources. Finally, these emails are not relevant to Plaintiffs' claims of "deliberate indifference." These exhibits are inadmissible under Fed. R. Evid. 401, 402, 403, 801 and 802. This objection is asserted below as "Foundation and Hearsay Objection."

13. Plaintiffs have designated licencing regulations for clinical psychologists and excerpts of California business law as exhibits to infer that the DOE's expert witness, Bryna Siegel, Ph.D., is not qualified to render opinions concerning her assessment of Bryan Wiles-Bond because she is not a licensed clinical psychologist in the State of California and the State of Hawaii. For the reasons set forth in its memorandum in opposition to Plaintiffs' motion in limine to exclude Dr. Siegel, these exhibits are irrelevant and have no bearing on the issue of whether she is qualified to render the opinions in question. Moreover, this Court has previously determined this exact same issue with respect to Dr. Siegel in the case L.M. v. Department of Education, 2006 WL 2331031, (D. Haw. 2006). This objection is asserted below as "Relevance Objection No. 8."

14. Plaintiffs have designated emails between Shelby Ann Floyd and Plaintiffs as exhibits. As Plaintiffs' former counsel, emails between Ms. Floyd and Plaintiffs are irrelevant and cumulative as Plaintiffs would and should be the ones to testify as to their allegations against the DOE. Moreover, these emails go beyond the scope of permissible discovery. These exhibits are inadmissible under Fed. R. Evid. 401, 402 and 403. This objection is asserted below as "Relevance and Scope Objection."

SPECIFIC OBJECTIONS

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---------|-------------------------|------------|
| | **DECISIONS, AGREEMENT, COMPLAINTS** | |
| 300 | 07/21/04 Verified Complaint, Civil No. 04-00442 HG/BMK;DOE2416-DOE2436 | |
| | **DECLARATIONS/RESUMES** | |
| 301 | Declaration and Certification of Shelby Anne Floyd dated 2/2/04 | Relevance Objection No. 6. |
| 302 | Declaration of Shelby Floyd dated 2/2/04 | Relevance Objection No.1.<br><br>Relevance Objection No. 6.<br><br>Incomplete document – it is clear from the face of the document that it is not complete because it references a 5/21/01 Decision and Order which is not attached. |
| 303 | Declaration of Stanley Bond dated 2/2/04 | Relevance Objection No. 1 as to paragraphs 4 through 16 of this document.<br><br>Paragraphs 6 to 10 of this document contain inadmissible hearsay. |
| 304 | Supplemental Declaration of Stanley Bond undated 2/04 | Paragraph 8 of this document contains inadmissible hearsay. |
| 305 | Resume of Danielle Doucette and Letters of Recommendation; DOE0329-0333 | Incomplete document – letters of recommendation have not been included. |
| 306 | Resume of Karen Green | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| | **EXPERT/OTHER REPORTS** | |
| 307 | Dr. LeGoff's Neurodevelopmental Evaluation dated 6/17/05 | Relevance Objection No. 5.<br><br>Cumulative of Betty Jo Freeman, Ph.D. report |
| 308 | Dr. LeGoff's report dated December 13, 2005 | Relevance Objection Nos. 2 and 3. |
| 309 | Dr. LeGoff s Neuro Re-evaluation of 6/1/07 | Relevance Objection No. 5.<br><br>Cumulative of Dr. Freeman Report |
| 310 | Loretta Lukens Initial Life Care Plan of 5/6/06 | Relevance Objection No.3.<br><br>Lacks foundation. |
| 311 | Loretta Lukens Updated Life Care Plan of 6/4/07 | Relevance Objection No. 3. |
| 312 | Dr. Freeman's Psychological Assessment dated 7/22/06 to 7/26/06 | Relevance Objection No. 5.<br><br>Cumulative of Dr. Legoff's reports. |
| 313 | Dr. Freeman's updated Psychological Assessment dated 5/25/07 | Relevance Objection No. 5.<br><br>Cumulative of Dr. Legoff's reports. |
| 314 | Keynes Von Elsner's report dated 5/6/06 | Relevance Objection No. 3. |
| 315 | Keynes Von Elsner's report dated 6/8/07 | Relevance Objection No. 3. |
| | **CURRICULUM VITAES (CV)** | |
| 316 | CV of Loretta Lukens | |
| 317 | CV of Dr. Daniel LeGoff | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| 318 | CV of Dr. B.J. Freeman | |
| 319 | CV of Keynes Von Elsner | |
| 320 | CV of Kimberly Ann Smalley, Ph.D. | |
| 321 | CV Dru Copeland, Ph.D., P.C. | |
| | **CORRESPONDENCE** | |
| 322 | 7/25/03 Letter from Stanley Bond to Judith Radwick re: Clarification of the situation re: settlement agreement | |
| 323 | 2/10/04 Letter from Shelby to Judge Mollway with case cites added | Relevance Objection No. 6. |
| 324 | 2/26/04 Letter from Shelby to Alvin Rho; DOE1247 and DOE1252-DOE1253 | |
| 325 | 10/5/04 Letter from Debra Farmer to Shelby and Kim and Stan with copies of complaint letter of 9/16/04; DOE1634-DOE1639 | Irrelevant - Plaintiffs never pursued due process request. |
| 326 | 10/28/04 Letter from Ann Wiles to Jennifer Harris - unable to attend 11/1/04 IEP meeting - please reschedule; DOE0451 | |
| 327 | 10/28/04 Letter from Shelby to Kealakehe Intermediate; DOE1555 | |
| | **FACSIMILIES** | |
| 328 | 11/16/04 Fax from Cynthia Esaki to Kate Tolentino re: Residential Placement | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| | information; DOE1668-DOE1680 | |
| 329 | 11/17/04 Fax from Kate Tolentino to Holly and Lono, Alvin Rho re: Heartsprings; DOE1722-DOE1734 | |
| | **MEMOS** | |
| 330 | 6/24/03 Memo to: Contracted Provider Agencies for FY2004 from Debra Farmer | |
| 331 | 9/2/04 Memo from Pat Hamamoto to Robert Gentzel, JoAn Hill, Alvin Rho re: implement 7/23/04 decision; DOE1340 | |
| 332 | 9/22/04 Memo from Ray Uchimura to Kate Tolentino re: Pacific Child; DOE1313-DOE1322 | |
| 333 | 10/5/04 Memo from Debra Farmer to Robert Gentzel, JoAn Hill, Alvin Rho - Complaint filed by Shelby 9/16/04 w/ copy of complaint; DOE1630-DOE1633 | Irrelevant - Plaintiffs did not pursue due process hearing. |
| 334 | 11/3/04 Memo from Debra Farmer to DOE re: suspending time line due to filing of Due Process hearing request, will also not address any issue in the complaint covered by Due Process Request; Due Process Hearing Request attached; DOE1582-DOE1587 | Irrelevant - Plaintiffs did not pursue due process hearing. |
| | **E-MAILS** | |
| 335 | 2/8/04 E-Mail from Kim Wiles to Dru Copeland re: escalating behaviors | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---------|-------------------------|------------|
| 336 | 7/9/04 E-Mail from Kim to Shelby re: legal options due to DOE talk of reducing hours to 40 per wk for STs- problems with Bryan and Rae | Not produced in discovery.<br><br>Relevance Objection No. 6.<br><br>Relevance and Scope Objection. |
| 337 | 9/22/04 E-Mail Kim to Shelby re: Bob Gentzel's reply - shocking - closet for 6-8 hrs (isolation Placement) - observation of Bryan playing in his own urine while staff watched | Not produced in discovery.<br><br>Hearsay - contains statements by non-parties.<br><br>Relevance Objection No. 6.<br><br>Relevance and Scope Objection. |
| 338 | 9/28/04 E-Mail from Dru Copeland to Shelby re: JoAn Hill gave the order regarding isolation | Not produced in discovery.<br><br>Hearsay - contains statements by non-party. |
| | **NOTES** | |
| 339 | 9/10/01 Conference Information and Notes; DOE0285 | |
| 340 | 10/12/04 Handwritten notes - 1 page from Cara Entz | |
| 341 | Handwritten notes - 9 pages 10/11/04 from Cara Entz | |
| 342 | 10/18/04 Note from Shelby to Holly Shikada; DOE0858 | |
| 343 | 10/6/04 ISPED versions of meeting notes; DOE1021-DOE1022 | |
| 344 | Undated/Unsigned Hand Written notes - Residential Facilities; DOE2629 | |
| 345 | Corrinna Serrao's Progress Notes of Bryan Wiles-Bond; DOE0378-0402 | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| | **MISCELLANEOUS** | |
| 346 | Goka Deposition Exhibit No. 12 - Department of Developmental Services Parental Financial Responsibility Monthly Parental Fee effective 1/1/03 | |
| 347 | 10/28/04 and 9/30/04 Prior Written Notice - Return to school and evaluations requested; DOE0982-DOE0985 | |
| 348 | 8/11/04 Request for Provider/Cancellation Form - Dru Copeland July, August, Sept 2004 for training of STs; DOE1187 | |
| 349 | Initial Line of Inquiry 7/04; Competing Pathways - flow chart of ILI; DOE1196-DOE1198 | |
| 350 | Agreement or Decision Verification Report; DOE1341 | Irrelevant - document is only a draft. |
| 351 | List of Residential placements; DOE1484-DOE1485 | Hearsay - the author of this document is not known so that the basis for the statements cannot be known.<br><br>Incomplete document. |
| 352 | 72-Hour Sentinel Event Report of 3/19/04 w/fax cover sheet from Kelly Stern- TIFFE to Judi Radwick dated 3/22/04; DOE2242-DOE2245 | |
| 353 | Impartial Hearing Request dated 6/11/04; Receipt dated 6/17/04; , Special Education Mediation Intake Form dated 6/14/04, Fax coversheets; | This document is inadmissible as a compromise and/or offer to compromise. *See* Fed. R. Evid. 408. |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| | DOE2782-DOE2805 | Improper Grouping. |
| 354 | Employment Suitability Check of 7/22/03 for DOE Employee – William Beljean; letter dated 7/21/03 from Beljean; DOE2907-DOE2909 | Relevance Objection No. 4. |
| 355 | 8/5/04 E-Mail from Michael Biehn to JoAn Hill; DOE3012 | Foundation and Hearsay. |
| 356 | 8/10/04 and 8/11/04 E-Mails from Michael Biehn to Joan Hill; DOE3013-DOE3017 | Foundation and Hearsay. Improper Grouping. |
| 357 | Defendants' Responses to Plaintiffs' Request for Admissions (sets 1 to 7) | Improper Grouping. |
| 358 | Defendants' Responses to Plaintiffs' Request for Production of documents (sets 1 and 2) | Improper Grouping. |
| 359 | Defendants' Responses to Plaintiffs' Request for Answers to Interrogatories | Improper Grouping. |
| 360 | Beljean Ex. 2C: Fax from Beljean to Radwick | Relevance Objection No. 4. |
| 361 | Entz Ex. 1: Letter regarding Hawaii proposal and attached sheet preliminary typed notes of Cara Entz not formal proposal | |
| 362 | Entz Ex. 7: E-Mails undated Entz response to Shelby's 9/14/04 E-Mail | |
| 363 | Entz Ex. 14: Handwritten notes - 1 page | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| 364 | Tolentino Ex. 1: 5/21/07 Letter from Ushiroda to Stan/Carl 30(b)(6) witnesses | Irrelevant – not relevant to any claims and issues in this case. |
| 365 | Goka Ex. 1: 9/20/07 Letter from Ushiroda to Varady | Irrelevant – not relevant to any claims and issues in this case. |
| 366 | Copeland Ex. 12: Letter to Shelby from Kim, 11/9/03 | Hearsay - contains multiple levels of hearsay because it reflects statements by non-parties and unidentified others.<br><br>Relevance Objection No. 6.<br><br>Relevance and Scope Objeciton. |
| 367 | Copeland Ex. 13: E-mail from Kelly Stem to Tolentino, 9/27/04 sentinel reports | |
| 368 | Copeland Ex. 15: 2002 Triennial Evaluation | Improper Grouping. |
| 369 | Copeland Ex. 20: Letter from Kelly Stern to Alvin Rho 9/14/04 | |
| 370 | Copeland Ex. 23: Alaka'i Na Keiki quarterly report April-June 04 | |
| 371 | Bryna Siegel Ex. 1: Transmittal 4/28/06 Siegel-Ushiroda | |
| 372 | Bryna Siegel Ex. 2: Transmittal 8/7/07 Siegel-Ushiroda | |
| 373 | Bryna Siegel Ex. 3: Transmittal 8/13/07 Siegel- | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---|---|---|
| | Ushiroda | |
| 374 | Bryna Siegel Ex. 4: request for extension of contract | Irrelevant – not relevant to any claims and issues in this case. |
| 375 | Bryna Siegel Ex. 5: CA business code | Relevance Objection No. 8. |
| 376 | Bryna Siegel Ex. 6: CA business code | Relevance Objection No. 8. |
| 377 | Bryna Siegel Ex. 7: HI laws | Relevance Objection No. 8. |
| 378 | Bryna Siegel Ex. 8: 6/22/06 letter + report | |
| 379 | Bryna Siegel Ex. 10: Assessment of Children, Jerome Sattler book | |
| 380 | Bryna Siegel Ex. 11: Handbook of Autism, Volkmar | |
| 381 | Bryna Siegel Ex. 12: Ethical principles | Relevance Objection No. 8. |
| 382 | Bryna Siegel Ex. 13: Focus on autism and other developmental disabilities | |
| 383 | Bryna Siegel Ex. 14: Dr. Siegel report dated 6/25/07 | |
| 384 | Letter dated 7/19/02 from Jerilynn Ono Hall to Pamela A. Toguchi re: implementing provisions of the Settlement Agreement | |
| 385 | Note from Kim Wiles to Bob Gentzel dated 11/13/03 | |
| 386 | Alaka'i Na Keiki Quarterly report prepared by Dr. Dru Copeland showing Bryan's progress during months of | |

| EXH NO. | DESCRIPTION OF EXHIBITS | OBJECTIONS |
|---------|-------------------------|------------|
|  | October, November and December 2003 |  |
| 387 | Alaka'i Na Keiki quarterly report from April, May, June, July 2003 prepared by Dr. Dru Copeland re: sight words |  |
| 388 | Letter from Kim Wiles to Dru Copeland dated 10/1/03 |  |
| 389 | Transcript of Proceedings (Administrative Hearing before Haunani Alm Taken 4/5/04) | Relevance and hearsay. |
| 390 | Transcript of Proceedings taken 7/6/04 | Relevance and hearsay. |

DATED:   Honolulu, Hawaii, August 11, 2008.


        /s/ GREGG M. USHIRODA
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION


Ann Kimball Wiles, et al., Plaintiffs vs. Department of Education, et al., Defendants; Civil No. 04-00442 ACK-BMK; DEFENDANT DEPARTMENT OF EDUCATION'S OBJECTIONS TO PLAINTIFFS' EXHIBITS AND  EXHIBIT LIST