Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON     4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY            4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND CERTIFICATE OF SERVICE**<br><br>**TRIAL DATE: September 9, 2008**<br>**JUDGE:  Alan C. Kay** |

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S <u>PROPOSED JURY INSTRUCTIONS</u>

Plaintiffs hereby submit their objections to Defendant's Proposed Jury Instructions filed on and dated August 5, 2008.

Plaintiffs reserve the right to add, amend or supplement their objections to Defendant's Proposed Jury Instructions hereafter as necessary following adjudication of pending motions, evidence presented at trial and/or any other developments that may occur. Plaintiffs do not waive their right to object to any proposed jury instructions at a later date, through the settling of final jury instructions in this case.

Additionally, Plaintiffs submit the following General Objections to Defendant's Jury instructions:

A. General Objection 1:

The Defendant repeatedly characterizes Section 504 of the Rehabilitation Act ("Section 504") as an anti-discrimination statute that does not impose affirmative obligations. *See* Defendant's Proposed Jury Instructions 10 through 25. This is an incorrect interpretation and a misstatement of the law. Section 504 emphasizes meaningful access and equal treatment of disabled children in public education as well as prohibits discrimination against them. Among its stated purposes, Section 504 was created expressly, "to share with handicapped Americans the opportunities for an education." *See* 123 Cong. Rec. 13, 515 (1977) (statement of Senator Humphrey). Section 504's "equal treatment" requirement often requires schools to make

substantial and even very costly accommodations so that those with disabilities enjoy meaningful access and obtain the benefit from public education in a manner equivalent to the access and benefits enjoyed by their non-disabled classmates. What the child needed to enjoy such access and benefits is not in dispute in this case, as the parties have stipulated that the IEPs, and the Plaintiffs do not dispute, that the settlement agreements and hearing officers' decisions set forth the accommodations and services that were necessary for Brian to meaningfully benefit from and enjoy equal access to public education as his non-disabled peers.  As this Court already has noted, Plaintiffs contend that Bryan did not receive services that were promised to him by a federally funded school and Defendant disputes this contention.   555 F.Supp.2d 1143, 1157 (D. Haw. 2008).   Defendant's jury instructions do not reflect the actual dispute in the case; instead Defendant seeks to reargue its motion to dismiss or alternatively for summary judgment that this Court already denied.  The Court should deal with the Defendant's repetitive re-argument by disposing of the Defendant's proposed jury instructions 10 through 25 in similar fashion.

B.  General Objection 2:

Plaintiffs also object to the Defendant's instructions on the grounds that Defendant ask the Court to apply Section 504 law that evolved and is applied solely in the context post-secondary education, to the context here – K-12 education – a substantially different environment.   Defendant attempts to distract the Court from

observing the critically important distinction between the two. Public education is mandatory for, as well as a right of, school-aged disabled children; thus all such children are "otherwise qualified" for public education. *See* Order, 12/19/2006 at 36, n. 5-6. In contrast, a determination of whether an individual is "otherwise qualified" in the post-secondary setting depends on whether modifications can be made, within the ambit of reasonableness, from which the student could benefit. *Southeastern Community College v. Davis*, 442 U.S. 397, 409 (1979). Thus, in K-12, the focus is on designing and implementing public educational programs (individualized programs) which address the individual educational needs of the disabled child as adequately as those of non-disabled children, as opposed to simply providing accommodations that will allow a student to participate in a pre-existing program. This vital distinction, premised on the mandatory nature and right to primary and secondary public education is ignored in Defendant's instructions. As a result, Defendant's proposed instructions do not reflect the issues that the jury must actually resolve. *See* Defendant's proposed instructions 11-18. Cases analyzing post-secondary accommodation are not an appropriate basis upon which to assess whether the program in the instant case provided the kind of meaningful access and equivalent benefit that Section 504 mandates in the context of K-12 public education.

C. General Objection 3:

Plaintiffs also state a general objection to Defendant's many instructions with regard to intentional discrimination, good faith and educational discretion. The *Mark H.* court explicitly instructed the "a public entity can be liable for damages under Section 504 if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). It also clearly stated that a showing of discriminatory animus is not required: "we have held that plaintiffs must prove a mens rea of "intentional discrimination," to prevail on a Section 504 claim, but that that standard may be met by showing "deliberate indifference," and not only by showing "discriminatory animus." *See Mark H.,* 513 F.3d at 938; *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); *id.* at 1130 (deliberate indifference is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* There is no basis in the law of this circuit for injecting "good faith" or "educational discretion" into these relatively straightforward standards. Yet, Defendant has repeatedly attempted to cloud the fact finder's lens by adding these concepts to the proposed instructions in a manner that is not supported by the language or law of Section 504.

Plaintiffs hereby expressly objects to Defendant's proposed instructions and asks that they not be given at all, where no substitute is offered, or that a substitute be given when indicated, on the following grounds:

| DEFENDANT'S PROPOSED INSTRUCTION | OBJECTIONS AND REQUESTED CHANGES TO PROPOSED INSTRUCTIONS |
|---|---|
| 1 | This jury instruction unfairly names only the Defendant, and not the Plaintiffs who are also entitled to equal treatment. It is redundant with Ninth Circuit Model Jury Instructions (MCJI) No. 1, which the Court is asked to give in place of the proposed instruction. |

| 2 | This proposed instruction is unduly confusing as it combines two unrelated topics: agency and a definition and discussion of evidence. Plaintiffs request that the Court give MCJI Nos. 1.6, 1.7, and 1.9 (with the comment). Plaintiffs also suggest that the Court give MCJI 4.2 and merely substitute the words "governmental entity" for the word "corporation" in 4.2, in place of Defendant's proposed instruction. |
| --- | --- |
| 3 | Plaintiffs object because this proposed instruction is a statement of Hawaii law, not federal law. Plaintiffs request that this Court give MCJI No. 1.3 instead. |
| 4 | No objection |
| 5 | Plaintiffs object because this instruction is redundant, cumulative and unnecessary. |
| 6 | The proposed instruction is a statement of Hawaii, not federal, law. Plaintiffs request the Court give MCJI No. 1.1B in place of Defendant's proposed instruction. |
| 7 | The proposed instruction is redundant with Defendant's proposed instruction 3, and as with Defendant's proposed |

| | |
|---|---|
| | instruction 3, Plaintiffs request that Court give MCJI No. 1.3. |
| 8 | This instruction is an incomplete statement of Plaintiffs' claims and is confusing. The last sentence in particular could lead to jury confusion because it indicates that money damages may not be awarded even where Section 504 violations are established. |
| 9 | The wording of the second sentence is confusing. It should be rephrased to state: "That means that recipients of federal money may not discriminate against disabled individuals, as that term is defined under federal law, who are otherwise qualified to participate in the program or activity solely because the individual is disabled." |
| 10 | This proposed instruction is a serious misstatement of Section 504. Section 504 is a powerful anti-discrimination law, and is not "merely" prohibitory. It bars exclusion from participation in, denial of the benefits of, or discrimination under any program or activity receiving federal financial assistance. It requires meaningful access, which may entail reasonable accommodation, which often are affirmative steps. *See Mark H. v. Lemahieu*, 513 F.3d 922, 936-937 (9th Cir. 2008) (rejecting |

| | |
|---|---|
| | lower court's view that Section 504 cannot impose affirmative obligations, and explaining the affirmative obligations it can impose to prevent discrimination, exclusions and baseless segregation). *See also Mark H.*, 513 F.3d at n. 14 (detailing what meaningful access may require). *See* Plaintiffs' General Objection 1. |
| 11 | This instruction is an incorrect statement of the law, and was expressly rejected by the *Mark H.* court which stated "evidence that appropriate services were provided to *some* disabled individuals does not demonstrate that others were not denied meaningful access "solely on the basis of their disability." 513 F.3d at 938 (citing *Lovell v. Chandler*, 303 F.3d 1039, 1054 (9th Cir. 2002)("The State's appropriate treatment of some disabled persons does not permit it to discriminate against other disabled people under any definition of 'meaningful access.'"). *See* Plaintiffs' General Objections 1 and 2. |
| 12 | This instruction is objectionable on several grounds. It is redundant, cumulative, and includes another statement of the burden of proof. In addition, it incorrectly states the elements |

|    | which Plaintiffs must prove.  Bryan Wiles-Bond is an "otherwise qualified individual with a disability", and Plaintiffs need not prove the first element of a prima facie case under Section 504.  Order, 12/19/2006 at n. 5 and 6.  Defendant's second element is also incorrect and confusing because it wrongly appears to indicate that Bryan's claim relates only to exclusion from regular education.  Plaintiffs' proposed instructions 3, 4 and 5 more accurately state the elements of the claim that Plaintiffs must prove.  *See* Plaintiffs' General Objection 2. |
|----|----|
| 13 | This element of a prima facie Section 504 case has already been established.  Order, 12/19/2006 at n. 5 and 6.  *See* Plaintiffs' General Objection 2. |
| 14 | This instruction is a misstatement of the law on meaningful access as set forth in *Mark H.*, 513 F.3d at 937-938.  There is no question that public education is provided to non-disabled students, and it is confusing and incorrect to add the words 'that is also available to non-disabled individuals" when describing the program and benefit at issue in this case.  As explained in |

| | |
|---|---|
| | *Mark H.*, adjustments needed to provide access may be substantial if "necessary to eliminate discrimination against otherwise qualified individuals."   Defendant's references to fundamental modifications to programs and "program standards" are only relevant to post-secondary education Section 504 cases. *See* Plaintiffs' General Objections 1 and 2. |
| 15 | This instruction is a misstatement of the law.   The benefit offered to Bryan was set forth in his IEPs, administrative and court order, and Settlement Agreements.   *Wiles v. Dept. of Educ.*, 555 F.Supp.2d 1143, 1156-57 (D. Haw. 2008).   The benefit is not a "regular public school education."   *See also Mark H.* at n. 14 (discussing Section 504 FAPE regulations that are intended to ensure meaningful access to public education). *See* Plaintiffs' General Objections 1 and 2. |
| 16 | This instruction is confusing, unnecessary, and a misstatement of the law.  It appears to suggest that the DOE does not have to offer any accommodations to disabled school age children, which is clearly contrary to *Mark H.*, 513 F.3d at 937-938. *See* Plaintiffs' General Objections 1 and 2. |

| 17 | This instruction is unnecessary, confusing, and a misstatement of Section 504 (as set forth in the objections to proposed instruction 10 set forth above). Plaintiffs here are asserting improper implementation of Bryan's program rather than improper design of his program. *Mark H.*, 513 F.3d at 936 ("And an obligation to "design" something in a certain way is not violated simply because the actual impact of the design turns out otherwise than intended"). The actual impact of the design in this case is necessarily unknown, since the design was not implemented.<br><br>Further, the Defendant again injects the word "merely" in describing Section 504, which is improperly argumentative. In addition, the instruction is poorly worded, with three "nots" in the last sentence. *See* Plaintiffs' General Objection 1. |
| --- | --- |
| 18 | This instruction is erroneous and misleading, because the issue here is whether Bryan had meaningful access to the program offered to him by the Defendant, not to a "regular public school education" or any accommodations he may have received unrelated to that program. *Wiles v. Dept. of Educ.*, 555 |

| | |
|---|---|
| | F.Supp.2d 1143, 1156-57.  *See* Plaintiffs' General Objections 1 and 2. |
| 19 | This instruction is redundant and cumulative.    Plaintiffs' proposed instructions nos. 3, 4 and 5 accurately describe the law on this point as the included citations demonstrate. |
| 20 | This instruction misstates the law.  *Maher* and *Alexopoulos*, relied upon by the Defendants were overruled by Congress, which "clearly expressed it intent that remedies be available under Title V of the Rehabilitation Act for acts that also violate the IDEA."  *Mark H*., 513 F.3d at 934-935. |
| 21 | The proposed instruction is incomplete and misstates the standard described in *Mark H.*, 513 F.3d at 938.  Relying on *Duvall v. County of Kitsap*, 260 F.3d 1124 at 1138-39, the *Mark H.* court reiterated that the intentional discrimination standard is met by showing deliberate indifference, and not only by showing discriminatory animus, and that deliberate indifference is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *See* Plaintiffs' General Objection 3. |

| 22 | The proposed instruction is incomplete and misstates the standard described in *Mark H.*, 513 F.3d at 938.  Relying on *Duvall v. County of Kitsap*, 260 F.3d 1124 at 1138-39, the *Mark H.* court reiterated that the intentional discrimination standard is met by showing deliberate indifference, and not only by showing discriminatory animus, and that deliberate indifference is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood".  The proposed instruction could lead the jury to believe that something beyond deliberate indifference has to be proved in order to establish intentional discrimination, when in fact proof of deliberate indifference is all that is required under the foregoing authority.  *See* Plaintiffs' General Objection 3. |
| 23 | This instruction is confusing as it refers to a second element of the "deliberate indifference" test without informing the jury as to the first element of the test.  As set forth in *Duvall*, "When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is |

on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." *Duvall*, 260 F.2d at 1139. If this instruction is given, the jury should also be informed that the first element of the deliberate indifference has been established, and then the jury instruction on the second element of "deliberate indifference" should include its complete definition (not broken down piecemeal as in Defendant's instructions 23 and 24.) The *Duvall* court instructed: "We have stated that deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course. *See Ferguson*, 157 F.3d at 675. Rather, in order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* However, Plaintiffs believe that a verbatim recitation of the *Duvall* standard is unnecessary in light of the more straightforward statement of the deliberate indifference standard set forth in the *Mark H.* decision as discussed in Plaintiffs' Objection to the Defendant's Proposed Jury

| | |
|---|---|
| | Instruction No. 21 above. *See* Plaintiffs' General Objection 3. |
| 24 | Plaintiffs incorporate their objection to Instruction 23. |
| 25 | The proposed instruction is incomplete, confusing and misstates the standard described in *Mark H*.   While the failure to provide FAPE under IDEA is not a violation of Section 504, *per se*, the facts underlying the lack of FAPE certainly must be considered when the jury evaluates whether the state has taken "reasonable steps" to provide "meaningful" access to an appropriate public education.  Failure to provide and implement special education services under Section 504 to a severely disabled child like Bryan may constitute deliberate indifference, as set forth in *Mark H*., 513 F.3d at 938 ("Thus, a public entity can be liable for damages under Section 504 if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons.").   *See* Plaintiffs' General Objection 3. |
| 26 | The proposed instruction is a complete misstatement of the law. The State's good faith, if any, is no defense to liability.  *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002), *Mark* |

| | |
|---|---|
| | *H.*, 513 F.3d at n. 15.  The State cannot discharge its duty to "act" by offering just any accommodation to the child:  it must consider the particular child's needs when conducting its investigation into what accommodations are reasonable, consider the child's preferences, and provide the reasonable accommodations that meet the child's needs.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-1139 (9th Cir. 2001).  *See* Plaintiffs' General Objection 3. |
| 27 | This instruction is simply reiteration of Defendant's proposed instruction No. 25, and Plaintiffs incorporate their objections to that instruction here. |
| 28 | This instruction is a reiteration of Instruction 26, and is a complete misstatement of the law.  "Good faith" and "bad faith" are not issues in this case.  The State's good faith, if any, is no defense to liability.  *Lovell v. Chandler*, 303 F.3d 1039, 1055-1057 (9th Cir. 2002).  Bad faith or gross misjudgment need not be proved.  *Mark H.*, 513 F.3d at n. 15 ("We note that, as this brief discussion of our case law on the *mens rea* requirement indicates, to the extent that the district court concluded that the |

| | |
|---|---|
| | H. family, in order to recover damages, is required to demonstrate a mental state greater than deliberate indifference to the requirements imposed by the FAPE regulations, it erred.") The State cannot discharge its duty to "act" by offering just any accommodation to the child: it must consider the particular child's needs when conducting its investigation into what accommodations are reasonable, consider the child's preferences, and provide the reasonable accommodations that meet the child's needs. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-1139 (9th Cir. 2001). *See* Plaintiffs' General Objection 3. |
| 29 | This proposed instruction is a complete misstatement of the law. The jury is the sole arbiter of the weight of the evidence. This is not an IDEA IEP case where there is a dispute concerning the methodology or IEP program itself. The parties have agreed that the program was properly designed. Therefore, there are no "academic" issues in this case. Rather the sole issue is whether Bryan was denied meaningful access to or the benefit of the program which the Defendant offered him because it repeatedly |

failed to implement the program over a five year period. Further, the authority cited by Defendant for this proposed instruction is inapposite. *Regents of the Univ. of Michigan v. Ewing*, 474 U.S. 214 (1985) arose from a due process claim relating to a college student's dismissal from his program. The Supreme Court stated "[w]hen courts are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment [footnote omitted]. Plainly, they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Id.* at 225. This case does not involve the review of any purely academic decision such as the one at issue in the *Regents of the Univ. of Michigan v. Ewing* case or for that matter in the *Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432 (6th Cir. 1998) (involving an academic decision about whether the student needed to pass a particular course). *See* Plaintiffs' General Objection 3.

| | |
|---|---|
| 30 | This is a complete misstatement of the law.  The sole authority for it is a District Court decision arising in the 8th Circuit, which employs a "bad faith" or "gross misjudgment" standard that has been rejected by the Ninth Circuit in *Duvall*, *Lovell*, and *Mark H*.  Even assuming that this case involves errors in professional judgment, those errors can most certainly be the basis for a Section 504 claim if the standards set forth in *Mark H.* are met. *Mark H.* and *Duvall* state the objective standard of liability and explain that this requires proof of "knowledge that harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Mark H.*, 513 F.3d at 938.  *See* Plaintiffs' General Objection 3. |
| 31 | This is redundant of the Defendant's proposed jury instruction 29, and is objectionable for the same reasons set forth above with respect to that instruction.   In addition, Defendant's reliance on the *Zukle* case is misplaced.  *Zukle* considered whether, in a university environment, reasonable accommodations could be provided which would allow a medical student to be "otherwise qualified" to remain in medical |

| | |
|---|---|
| | school. It raised a distinct set of issues from those present here, where Bryan is by law "otherwise qualified" and the parties agreed to the reasonable accommodations (through IEPs, administrative orders and settlement agreements) in elementary and middle school – not college. *See* Plaintiffs' General Objection 3. |
| 32 | The proposed instruction is unnecessarily complex and will confuse the jury. It also misstates the standard. To establish a prima facie ADA or Section 504 retaliation claim, a plaintiff must show: (1) he or she is engaged in a protected activity; (2) he or she suffered an adverse employment decision; and (3) there is a causal link between the protected activity and the adverse decision. *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); *Settlegoode v. Portland Public Schools*, 371 F.3d 503 (9th Cir. 2004); *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002). The retaliation need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor. *Pardi*, 389 F.3d at 849; *Johnston v. Pet's RX, Inc.*, 2007 U.S. Dist. LEXIS 69957 (D. |

| | |
|---|---|
| | Or. 2007).  Pursuing or advocating for federally protected rights of oneself or others constitutes protected activity.  *See Weixel, supra*, 287 F.3d at 149; *See, e.g. Settlegoode*, 371 F.3d 503; *McAlindin v. County of San Diego*, 192 F.3d 1226, 1238 (9th Cir. 1999) (vigorously asserting one's rights under the ADA and other state and federal discrimination laws constitutes protected activity); *Hashimoto v. Dalton*, 118 F.3d 671, 679-80 (9th Cir. 1997) (determining that meeting with an Equal Employment Opportunity counselor to discuss sex and race discrimination constitutes protected activity.). |
| 33 | The instruction should be modified to identify the Plaintiffs disjunctively as "Ann Kimball Wiles or Stanley Bond." |
| 34 | The proposed instruction misstates the law.  Unlike Title VII, the retaliation under Section 504 need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor in Defendant's actions.  *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); Johnston v. Pet's RX, Inc. 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007). |

| 35 | Plaintiffs incorporate their objection to Instruction 34 here. This instruction is redundant of proposed instruction 34, again wrongly suggesting that retaliatory animus must be the sole cause for the adverse action, when in fact it need only be one motivating factor in Defendant's action. *See Plaintiffs' Proposed Jury Instruction at 11*; Ninth Circuit Model Rules, Chapter 12, Introductory Comment & Instruction No. 12.10; 121C; *Head v. Glacier Northwest, Inc.* 413 F.3d 1053, 1063-66 (9th Cir. 2005). |
|----|---|
| 36 | This instruction is redundant and cumulative, essentially restating portions of the proposed jury instructions 22 and 23. Plaintiffs incorporate their objections to those instructions here. Relying on *Duvall v. County of Kitsap*, 260 F.3d 1124 at 1138-39, the *Mark H.* court reiterated that the intentional discrimination standard is met by showing deliberate indifference, and not only by showing discriminatory animus, and that deliberate indifference is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood". |

| | |
|---|---|
| | The proposed instruction could lead the jury to believe that something beyond deliberate indifference has to be proved in order to establish intentional discrimination, when in fact proof of deliberate indifference is all that is required under the foregoing authority. |
| 37 | This instruction is unnecessary and unduly confusing. Plaintiffs concede that the Court has ruled, contrary to other decisions in this district, that the parents do not have a direct cause of action for discrimination under Section 504. *Cf., Patricia N. v. Lemahieu,* 141 F. Supp. 2d 1243 (D. Haw. 2001) (holding that the "aggrieved by" language of 29 U.S.C. § 794a(a)(2) gave parents of autistic child a cause of action under section 504 of the Rehabilitation Act). However, the Court is asked to give Plaintiffs' proposed instruction 16, recognizing a direct action by the Plaintiff parents, which would avoid having to retry this issue should the earlier ruling be reversed on appeal as legal error. Section 504's remedial provision states: The remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000d et seq.] shall be available to any |

| | |
|---|---|
| | person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of [the Rehabilitation Act].29 U.S.C. § 794a(a)(2)29 U.S.C. § 794a(a)(2).  The "any person aggrieved" language brings non-disabled individuals like the parents in this case within the zone of interests of the Rehabilitation Act's remedial provision. *See Greater Los Angeles Council on Deafness v. Zolin,* 812 F.2d 1103, 1115 (9th Cir. 1987); *Vilches v. Multnomah Educ. Serv. Dist.,* 2004 U.S. Dist. LEXIS 15259 (D. Or. 2004); *Patricia N.,* 141 F. Supp. 2d at 1254.   Finally, the Plaintiff parents have independent claims for retaliation. |
| 38 | The first paragraph of the instruction again erroneously refers to "intentional discrimination" when the correct standard for liability is deliberate indifference.  Thus, Plaintiffs expressly incorporate their objections to the Defendant's proposed instructions 21 and 22 here.  In addition, Plaintiffs should not be required to prove to the jury that (2) the relationship between Plaintiff Parents and Bryan Wiles-Bond made the expenditures foreseeable and appropriate, and (2) that Bryan's parents are suitable persons to |

| | |
|---|---|
| | enforce his rights. Bryan is unquestionably a minor, and there has never been any issue that his parents were not suitable persons to enforce his rights or make expenditures on his behalf. |
| 39 | The proposed instruction misstates the law. "Deliberate indifference" is irrelevant to a retaliation claim. The retaliation under Section 504 need not be the exclusive or even "a substantial motivating factor," as long as it is one motivating factor in Defendant's actions. *Pardi v. Kaiser Permanente Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004); *Johnston v. Pet's RX, Inc.,* 2007 U.S. Dist. LEXIS 69957 (D. Or. 2007). Thus, any retaliatory motive will suffice and the proposed instruction suggests otherwise, reverting to the inapt "deliberate indifference" standard. |
| 40 | The proposed instruction is incomplete. Plaintiffs' proposed instruction number 15 more accurately describes the standard and method by which general damages are determined. The jury should be informed that no evidence of monetary value of such intangible factors as pain and suffering needs to be provided by Plaintiffs in order for the jury to conclude that an award should be |

| | |
|---|---|
| | made. |
| 41 | The proposed instruction misstates the standard.  Plaintiffs' burden of proof is "preponderance of the evidence", not "reasonable certainty".  Plaintiffs' proposed instruction number Joint Jury Instruction No. 4 more accurately describes the standard and method by which general damages are determined. |
| 42 | This instruction is unnecessary and cumulative. |

DATED:     Honolulu, Hawaii, August 11, 2008.


/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN