395466.3

**MARK J. BENNETT**      #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**        #4391-0
**GEORGE S. S. HOM**     #2487-0
**HOLLY T. M. SHIKADA**  #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**     #1624-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**          #1000-0
**JOHN-ANDERSON L. MEYER**      #8541-0
**SERGIO RUFO**                 #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #12 TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"-"C"; CERTIFICATE OF SERVICE<br><br>**HEARING:**<br>DATE: September 3, 2008<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br>**TRIAL:** September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #12 TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE") by and through its attorneys, WATANABE ING LLP and ROBBINS & ASSOCIATES, and hereby submits its Reply Memorandum in Support of its Motion in Limine #12 to Exclude any Testimony by Kimberly Smalley on Opinions not Disclosed in Her Report (hereinafter "Reply Memorandum").

In their Memorandum in Opposition to Defendant DOE's Motion in Limine to Exclude Any Testimony by Kimberly Smalley on Opinions not Disclosed in Her Report filed August 11, 2008

("Plaintiffs' Opposition"), Plaintiffs assert that they "have never retained Dr. Smalley as an expert." See Plaintiffs' Opposition at 5. However, in Plaintiffs' Rule 26(a)(2) Disclosure of Expert Witnesses, filed on May 30, 2006 ("May 2006 Expert Disclosures"), Plaintiffs identified Kimberly Smalley, Ph.D. ("Dr. Smalley") as an expert in the present case. See May 2006 Expert Disclosures at 4, attached as Exhibit "A". Subsequently, in Plaintiffs' Second Supplemental Initial Disclosures filed on May 9, 2007 ("May 2007 Supplemental Initial Disclosures"), Plaintiffs again listed Dr. Smalley as an expert witness in the present case. See May 2007 Supplemental Initial Disclosures at 10, ¶44, attached as Exhibit "B".

Relying on Plaintiffs' two prior representations that Dr. Smalley was indeed retained as an expert in this case, the DOE took Dr. Smalley's deposition on July 7, 2006.[1] See Deposition of Kimberly Smalley, Ph.D. taken on July 27, 2006 ("Smalley Deposition") at 1, attached as Exhibit "C". Notably, there is an absence of any documentation prior to the DOE taking Dr. Smalley's deposition alerting the DOE to the fact that Dr. Smalley was not being proffered as an expert witness for Plaintiffs.

---

[1] Pursuant to Rule 26(b)(4)(C)(i) of the Federal Rules of Civil Procedure, the DOE paid Dr. Smalley's bill for her time spent in taking her deposition. Clearly, at a minimum, an inference can be made that Dr. Smalley was being proffered as an expert witness in the present case.

Indeed, as the following excerpt from the Smalley Deposition indicates, Dr. Smalley herself understood that she was as an expert witness.

(By Mr. Ushiroda)

> Q. Okay. Did you understand that to be your role?
>
> A. As an expert witness, yes.

See Smalley Deposition at p. 27, lns. 17-18, attached as Exhibit "C". Further, Dr. Smalley's understanding was clearly based on the representations made to her by Plaintiffs' counsel.

(By Mr. Ushiroda)

> Q. Okay. How long did you meet with Mr. Levin and Bruce this morning?
>
> A. I don't know, five minutes tops. I walked in with the court reporter.
>
> Q. Okay. And what did you discuss?
>
> A. Just -- actually, just what you asked me here. I said I've had no prep. I don't know what I'm - what Bonds are even asking for. And what am I supposed to be doing here? **And Stan [Levin] said, you know, you're gonna talk about your report.**
>
> Q. Your August 18th report?
>
> A. The '04 report.

See Smalley Deposition at 32-33, lns. 21:7 (emphasis added), attached as Exhibit "C". This is the same report that Plaintiffs attached as Exhibit "I" to their May 2006 Exhibit Disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure

purporting to be the "expert report" of Dr. Smalley.  See May 2006 Exhibit Disclosures, "Exhibit "I", attached as Exhibit "C".[2]

As a result, it is clear that Plaintiffs' claim that they have never retained Dr. Smalley as an expert witness (and therefore she is not bound by the requirements of FRCP Rule 26) misstates their own filings and Dr. Smalley's testimony in this matter.  This is obviously a disingenuous attempt by the Plaintiffs to proffer expert testimony under the guise of lay testimony.[3]  Therefore, the DOE respectfully submits that this Honorable Court should grant the DOE's Motion in Limine #12 to

---

[2]   As Dr. Smalley testified to, she is of the belief that her areas of expertise are extremely broad.  These areas include, inter alia, education, mental health, and various disabilities.  See Smalley Deposition at p. 6, lns. 8-19, attached as Exhibit "C".  As a result, it is not speculative or improper, but rather entirely reasonable for the DOE to conclude that Plaintiffs are proffering Dr. Smalley as a witness to testify as to her expert opinions in this case.  Clearly, these opinions should have been included in her expert report.  To the extent that they were not, such opinions should be excluded from trial.

[3]   In Plaintiffs' Opposition, Plaintiffs list certain events that Dr. Smalley had knowledge of that occurred in Bryan's educational setting.  See generally Plaintiffs' Opposition.  As Plaintiffs' state, "[t]hese are the incidents which constituted 'child abuse' or 'child neglect' as far as Dr. Smalley was concerned."  See Plaintiffs' Opposition at 4.  This type of testimony, however, especially from an individual that openly claims to be an expert in education, is not that of a percipient witness.  Rather, it is expert opinion testimony that is governed by FRE Rule 702 and FRCP Rule 26.  As a result, Plaintiffs should not be allowed to evade the rules governing expert testimony by calling an expert witness in the guise of a layperson.  See Advisory Committee Notes to the 2000 Amendment of FRE Rule 701 ("By channeling testimony that is actually expert testimony to Rule 702, **the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson.**")(emphasis added).

Exclude any Testimony by Kimberly Smalley on Opinions not Disclosed in Her Report.

DATED:  Honolulu, Hawaii, August 18, 2008.

          /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION