404490.3

**MARK J. BENNETT**         #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**           #4391-0
**GEORGE S. S. HOM**        #2487-0
**HOLLY T. M. SHIKADA**     #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**        #1624-0
**GREGG M. USHIRODA**       #5868-0
**LEIGHTON M. HARA**        #7826-0
**ROSS T. SHINYAMA**        #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**         #1000-0
**JOHN-ANDERSON L. MEYER**     #8541-0
**SERGIO RUFO**                #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE #15 TO EXCLUDE REFERENCE TO THE IDEA AND ITS REQUIREMENTS; CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br>DATE: September 3, 2008<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br>**TRIAL:** September 9, 2008 |

**DEFENDANT DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION IN LIMINE #15 TO
EXCLUDE REFERENCE TO THE IDEA AND ITS REQUIREMENTS**

    COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS AND ASSOCIATES, and hereby submits its Reply Memorandum in Support of its Motion in Limine #15 to Exclude Reference to the IDEA and its Requirements (the "Reply").

    In their Memorandum in Opposition to Defendant Department of Education's Motion in Limine #15 to Exclude Reference to the IDEA and Its Requirements filed August 11, 2008 (the "Opposition"), Plaintiffs argue that Defendant Department of Education's Motion in Limine #15 to Exclude Reference to the IDEA

and Its Requirements filed August 4, 2008 (the "Motion") "is being used as a vehicle for the presentation of the DOE's novel version of § 504." See Opposition at 5. In support, Plaintiffs cite, as an example, the DOE's statement in the Motion that "'Section 504 itself does not require the provision of a free appropriate [public] education.'" See Opposition at 5. Plaintiffs' argument is meritless.

In J.W. v. Fresno Unified Sch. Dist., __ F. Supp.2d __, 2008 WL 2698647 (E.D. Cal. July 9, 2008), the California district court faced the identical task of interpreting the Ninth Circuit Court of Appeals' decision in Mark H. v. Lemahieu, 513 F.3d 922 (9th Cir. 2008). Importantly, in analyzing the relationship between Section 504 and a disabled individual's entitlement to a free and appropriate public education ("FAPE"), the district court held that "**[w]hile Section 504 does not require a FAPE or procedural safeguards in the educational setting,** its implementing regulations do. J.W., __ F. Supp.2d __, 2008 WL 2698647 at *8 (emphasis added). Thus, the DOE does not present a "novel interpretation" of Section 504 law. Rather, the DOE correctly states that Section 504 itself does not require the provision of an IDEA and/or Section 504 FAPE. As a result, since the statute upon which Plaintiffs base their claim does not require the provision of an IDEA and/or Section 504 FAPE, FAPE is irrelevant to the instant case, and must be excluded.

In their Opposition, Plaintiffs further argue that the IDEA and its requirements are relevant because the program or benefit in question is Bryan's IDEA program as set forth in the settlement agreements, hearings officer's findings, and Bryan's Individualized Education Programs ("IEP"). See Opposition at 3. In other words, Plaintiffs would have this Court believe that the federally funded program in question in the instant Section 504 action is Bryan's entitlement to an IDEA FAPE. Plaintiffs, however, fail to cite any authority that equates Section 504's requirement of "reasonable accommodations" to the educational and related services required under the provision of an IDEA FAPE. See generally Opposition. Accordingly, Plaintiffs fail to refute the reality that the educational and related services required under the IDEA are distinct from, and go well beyond the "reasonable accommodations" required under Section 504.

As was more fully detailed in the Motion, the purposes, requirements, and obligations under Section 504 and the IDEA are significantly different. Indeed, Section 504 may require a school district to make "reasonable, but not fundamental or substantial, modifications to its programs," Bird v. Lewis & Clark Coll., 303 F.3d 1015, 1020 (9th Cir. 2002). The IDEA, on the other hand, requires school districts to create entirely new educational programs through the creation and ongoing development of an IEP. See Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1115-16 (9th Cir. 2006). Further, Section 504 merely

requires school districts to provide "reasonable accommodations" within the context of a comparative, "evenhanded" analysis between the needs of disabled individuals and non-disabled individuals. See Motion at 6. The IDEA, on the other hand, requires school districts to provide a disabled student with every educational and related service needed to meet that individual child's needs that result from that child's disability. See 34 C.F.R. § 300.320(a)(2)(i).

The significant differences between the two statutes were brought to the forefront in the J.W. case. In dismissing plaintiff's Section 504 claim in that case, the J.W. Court held:

> Plaintiff continues to rely on his IDEA FAPE allegations, which have an individual, rather than comparative focus. Plaintiff asserts that District failed to provide a certain level of services to him, but does not provide any facts to support a comparison between the treatment of disabled and nondisabled children in the District. **These allegations are insufficient to state a Section 504 claim.**[1]

---

[1] The DOE is aware that the J.W. Court's statement was made within the context of Section 504's FAPE regulation, 34 C.F.R. § 104.33, which explicitly requires a comparison between disabled and non-disabled individuals. However, and notably, the court did not hold that Plaintiffs' allegations were insufficient to state a claim under **Section 504's implementing regulations**. Rather, the court held that Plaintiffs' allegations were insufficient to state a claim under **Section 504.** Further, and regardless of the context in which the court's statement was made, Section 504 itself imposes a comparative obligation. Indeed, the Mark H. court stated that the a plaintiff may base its Section 504 claim on an implementing regulation if that regulation "authoritatively construes" Section 504 itself. Essentially, the Mark H. court stated that the obligation imposed on the defendant by the implementing regulation must be similar to the type of obligation imposed by the statute itself.

J.W., __ F. Supp.2d __, 2008 WL 2698647 at *11 (emphasis added).

Accordingly, IDEA-type evidence - e.g., settlement agreement, hearings officer decisions, and IEPs, evidence that merely shows that the DOE failed to provide a certain level of services to meet Bryan's individual needs that were a result of his disability - are of no consequence to an action brought under Section 504. Indeed, such evidence is insufficient to state a Section 504 claim. See J.W., __ F. Supp.2d __, 2008 WL 2698647 at *11. As a result, evidence, testimony, and/or argument concerning the IDEA and its requirements must be excluded.[2]

---

Accordingly, Section 504 itself must impose a similar type of comparative obligation, or else the Mark H. court's discussion would be rendered meaningless. Indeed, the fact that Section 504 imposes a comparative obligation is supported by the well-settled precedent that the purpose of Section 504 is to ensure the evenhanded treatment of disabled individuals in relation to non-disabled individuals. See Motion at 6.

[2] In their Opposition, Plaintiffs argue that evidence of the settlement agreements, hearings officer decisions, and IEPs, are relevant to show that the DOE had knowledge of Bryan's need for accommodation. See Opposition at 6. Plaintiffs' argument, however, is misguided. The IDEA-type evidence that the DOE seeks to exclude in the Motion is relevant only in determining whether the DOE had knowledge of Bryan's needs for all the educational and related services he was entitled to under the IDEA - services that are above and beyond what is required under Section 504. IDEA-type evidence is not relevant to determining whether the DOE had knowledge of Bryan's need for "reasonable accommodations" under Section 504. Indeed, given the fact that the educational and related services that Bryan was entitled to under the IDEA are different from the "reasonable accommodations" Bryan was entitled to under Section 504, the mere fact that the DOE was aware of its obligations under the IDEA is of no consequence to whether the DOE was aware of the "reasonable accommodations" necessary to provide Bryan "meaningful access" to a regular public education.

- 6 -

Based on the foregoing Reply and the Motion, and upon argument to be presented at the hearing, the DOE respectfully requests that this Court grant the Motion, and exclude any reference to the IDEA and its requirements.

DATED: Honolulu, Hawaii, August 18, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant
DEPARTMENT OF EDUCATION