Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN         1152-0
MICHAEL K. LIVINGSTON    4161-0
Davis Levin Livingston Place
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

LAW OFFICES OF CARL M. VARADY
CARL M. VARADY           4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/FAX: 523-8448
E-mail: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION TO CONTINUE TRIAL DATE; DECLARATION OF SUSAN K. DORSEY; DECLARATION OF THOMAS R. GRANDE; DECLARATION OF STANLEY E. LEVIN; EXHIBITS "1" TO "4" AND CERTIFICATE OF SERVICE<br>TRIAL:    August 20, 2008<br>TIME:    10:00 a.m.<br>JUDGE:    Honorable Alan C. Kay |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT DEPARTMENT OF EDUCATION'S
MOTION TO CONTINUE TRIAL DATE

Plaintiffs by and through their undersigned counsel, hereby submit this opposition to Defendant, Department of Education's (the "State") motion to continue trial date.

I.      **INTRODUCTION**

Defendant seeks to postpone the September 9, 2008 trial date--the fourth continuance that would have occurred in the past 9 months--to some unspecified date in the future. The sole basis for the requested continuance is the current schedule of Defendant's recently retained trial attorney. The facts demonstrate, however, that before he was retained in the present case, the State knew Mr. Robbins would not be able to try the case in September. The State knew this because Mr. Robbins already was seeking a continuance in another case in which he represents the State, involving the breach of the Ka Loko dam. The facts, described in more detail below, establish that both the attorney and client knew, at the time Mr. Robbins was retained, that he could not possibly be available for trial in the present case. Nevertheless, Mr. Robbins was retained, with the apparent assumption that a fourth continuance would be granted without regard to the repeated delays that have occurred already in this now three-year old case, or the hardship and inconvenience that a continuance would inflict on the Court and

Plaintiffs.  Defendant's attempt to obtain delay by hiring a second law firm should be denied.

## II.  FACTS

### A. The Original Trial Date of September 2006 Already has been Continued Three Times.

Trial originally was set to take place before Judge Gillmor in September 2006.  Cross motions for summary judgment were heard on March 28, 2006 and taken under advisement by the Court.  After the original trial date already had passed, the Court informed the parties by entering order on September 29, 2006, of the basic results of its decisions on the cross motions.   The Court issued its written decision on December 19, 2006. The trial then was moved to December 4, 2007, by Rule 16 Order issued on January 8, 2007.  On October 29, 2007, Hon. Alan C. Kay was assigned as the new trial judge.  On November 16, 2007, trial again was moved, this time to February 26, 2008.  After most of the near-trial deadlines had been completed, the decision in *Mark H.*, 513 F.3d 922 (9th Cir. 2008) was issued by the Ninth Circuit on January 17, 2008. After initial briefing on the impact of *Mark H.* on the instant case, the Court again moved the trial, this time to June 17, 2008.  On February 29, 2008, the Court again moved the trial date, this time to September 9, 2008.

Plaintiffs were permitted by the Court to amend their complaint to address any considerations they believed arose as a consequence of *Mark H.* Plaintiffs did so and Defendant was permitted to file a motion to dismiss or alternatively for summary judgment. Defendant's motion was heard on April 10, 2008. The Court issued its order denying Defendant's motion on April 29, 2008.

All discovery now has been completed; all pre-trial filings are being made and most of them will be completed by August 18, 2008. Thus, the written record demonstrates that the issues have been resolved and, after several unavoidable changes in the trial date, the parties are ready for trial on September 9, 2008. Given the demands encountered to conduct discovery and motions practice and prepare this case for trial, further complicated by the *Mark H.* decision, it is surprising that the State now seeks further delay. That surprise is underscored by the fact that the conflict on which the request is based is one that was created by movant in its selection of Mr. Robbins as replacement trial counsel.

### B.    The State Fails to Explain Why Mr. Komeiji's Departure Constitutes Undue Hardship.

On July 4, 2008, former lead trial attorney, John Komeiji publicly announced he would be leaving the Watanabe Ing firm and taking a job as General Counsel of Hawaiian Telcom. According to Defendant's supporting declarations, Mr. Komeiji left the firm on July 28, 2008. Deputy Attorney General Shikada asserts she did not know of the departure until July 4th. She further states

in her declaration that Mr. Robbins was first approached to take over the role as lead counsel on July 16, 2008, and that the procurement process, crucial to any state employment, was not completed until August 8, 2008.

While these facts may be accurate, the State fails to address or disclose other facts that the Court must consider in ruling on the instant motion. Chief among the undisclosed considerations is why, given that the State has been ably represented by its own Attorney General's Office, and has been represented by the Watanbe Ing[1] firm, since April 6, 2006, [Docket No. 143] its choice to retain a second law firm with a known scheduling conflict would establish "good cause" for a fourth continuance in the instant case? Mr. Robbins's known conflict will be discussed in further detail below.

Defendant does not explain why the departure of Mr. Komeiji was in and of itself "good cause." Exhibit "1" shows that the local and mainland media were informed by media releases on July 3, 2008, of Mr. Komeiji's departure from Watanbe Ing. In order to release this information to the media, plans and meetings must have occurred before July 3, 2008. Watanabe Ing was aware of the departure, did not withdraw and remains counsel of record.

Instead of explaining why, with Watanabe Ing continuing to serve as counsel of record, the State cannot proceed to trial, the Court is asked to consider one fact

---

[1] The firm lists 29 attorneys who are partners, associates or of counsel to the firm. http://www.wik.com/Attorneys.aspx. (last visited August 16, 2008).

only: that Robbins & Associates was not asked until July 16th to assist the Attorney General and the Watanabe Ing firm with the defense of the case. Why the Watanabe Ing firm is not fully competent to discharge its duty to represent the State is never explained. Certainly, given Mr. Ushiroda's continuous participation in all phases of this case, Defendant is not contending that Mr. Komeiji was the only trial attorney available. The record demonstrates that Mr. Ushiroda, a partner in the firm,[2] has regularly represented Defendants at hearings, status conferences and other proceedings in the instant case. The State has offered no "cause," let alone "good cause" for the Court to exercise its discretion and delay the trial further merely to allow the State to add yet another law firm to its defense team at this late date. There is no objective other than to delay trial further.

When specifically asked by the Court at the pre-trial conference held on July 14, 2008, about Mr. Komeiji's replacement, Defendant responded vaguely to the question of who would serve in that role. Declaration of Susan K. Dorsey ¶ 2. Assuming that Mr. Komeiji did not inform the State prior to July 3, 2008 of his planned departure, the first question that the Court must answer is why Plaintiffs should bear the consequences of Defendant's decision to hire yet another firm? Dr. Freeman, one of Plaintiffs' principal autism experts has already had to pay more than $10,000.00 to change her travel from the last trial date in June and

---

[2] *Id.*

interrupt her plans to participate in professional conferences in Asia, in order to accommodate the September 9, 2008 trial date. Declaration of Stanley E. Levin ¶ 7. Travel plans have already been made and care scheduled for Bryan and his parents. Plaintiffs' other experts also have made travel plans as well, which include making arrangements for child care for Dr. Smalley among other costs Plaintiffs will bear. Declaration of Stanley E. Levin ¶ 6. These economic considerations are substantial, as is the psychological and emotional stress of preparing for trial a third time, only to have Defendant seek to postpone it again solely to accommodate Defendant's preferences.

   C.   **The State has Manufactured a Conflict by Hiring An Additional Law Firm that the State Knows Cannot Appear at Trial on September 9, 2008.**

The more important question raised by these events, is why, of all the defense attorneys available, the State selected an attorney that the State, at the time they selected him, knew had a conflict with the September 9, 2008 trial date? The State knew this by virtue of the fact that contemporaneous with retaining him for this case, Mr. Robbins was simultaneously seeking a continuance in another case in which he represented the State concerning the breach of the Ka Loko dam, in which depositions are set for virtually every day until the end of September. Declaration of Thomas R. Grande ¶ 7. Mr. Robbins has told the plaintiffs in the Ka Loko dam case, that he has been requested to personally appear or represent

7

the State in all depositions involving State employees. *Id.* ¶ 2. The Ka Loko trials are set to begin in February 2009 and continue throughout the entire year. *Id.* Thus, both Mr. Robbins and the State were fully aware before he was retained in the present case that he could not possibly be available for trial on September 9, 2008 because of his commitment to the State in the Ka Loko dam case. The State additionally knew that Mr. Robbins will be unavailable for the entirety of 2009. In short, Defendant has purposely created a scheduling conflict which the Court is expected to resolve, the consequences of which Plaintiffs' are expected to endure, exclusively.

Even though the late appearance of Mr. Robbins's firm was both unexpected and inconvenient, Plaintiffs have cooperated fully with Defendant's request that the new firm be permitted to participate in trial preparation. Although not yet counsel of record, Plaintiffs extended Mr. Robbins's associate J. Anderson Meyer, the courtesy of appearing and actively participating the July 30, 2008 conference in which the parties' exhibits and proposed jury instructions were considered for joint submission to the Court. Declaration of Susan K. Dorsey ¶ 3. Mr. Meyer was permitted to review, comment and actively participate throughout the meeting, without objection by Plaintiffs, or a demand that he seek permission to do so from the Court, and without regard for the fact that Mr. Robbins had not yet entered his

appearance. *Id.* Therefore, Defendant cannot assert that Plaintiffs have in any way contributed to its conundrum.

Finally, as the August 11, 2008 letter from Mr. Robbins sent to the Court discloses, Mr. Robbins is absent from the state on his vacation on an island in Maine, from which he will not return until September 7, 2008. Plaintiffs' understanding is that this is an annual occurrence believed to last approximately two months. Under these circumstances, as he expressly indicates, Mr. Robbins is unable to personally to attend pre-trial conferences or hearings, including hearing of the instant motion or the final pre-trial conference currently set for September 3, 2008. Again, the only conclusion possible is that the State believes that by hiring Mr. Robbins a continuance is a foregone conclusion, as he and the State know he cannot fulfill the responsibilities ordinarily assumed by lead trial counsel set on the current calendar.

There is no representation in any pleading that the State required or Mr. Robbins agreed that he be ready to try this case on September 9th—the date the Court has ordered trial to begin. Nor could there be, given the facts acknowledged by Defendant and Mr. Robbins.

> **D. Prejudice to the Plaintiffs Resulting from a Continuance is Obvious and Intended.**

It is misleading to claim there is "comparatively minor" prejudice to the parties, if the instant motion were to be granted. *See* Defendant's Memorandum in

9

Support at page 4.  As noted above, two of Plaintiffs' expert witnesses, Drs. Freeman and Smalley will have to alter existing travel arrangements at an aggregate cost to Plaintiffs of approximately $15,000.00.  The State does not mention this inconvenience and expense.  Nor does the State address the fact that due to their professional, as well as parental obligations in the case of Dr. Smalley, these two witnesses may not be able to attend trial if it again is continued. Declaration of Stanley E. Levin ¶ 7.

Second, Plaintiffs are the parents of an autistic child who must coordinate his care for them each to be able to attend part of the trial.  They also are professionals who must obtain leave from work on a scheduled basis to meet their professional obligations.  *Id.*  ¶ 6.  They already have had to alter their plans several times.  They cannot travel anywhere without altering complicated arrangements and commitments to their child as well as to their employers and co-workers.

Finally, to assume that Plaintiffs' counsel will be able again to reschedule other matters and make themselves available for trial whenever the State chooses, ignores the very reality underlying the State's own request.  Trial calendars develop months and years in advance of trial.  Defendant clearly does not appreciate this fact.

## III. LEGAL ARGUMENT

The trial judge has broad discretion to grant or deny a request for a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). The Court must balance several factors to determine if a denial of a continuance is "fair and reasonable," including: (1) the extent of the defendant's diligence in his efforts to ready his defense prior to the date set for hearing; (2) how likely it is that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses; and (4) the extent to which the [the movant] might have suffered harm as a result of the district court's denial. *Flynt*, 756 F.2d at 1359. None of the first three factors is ordinarily dispositive. The movant, however, must establish the fourth — prejudice. *Id.*

The first of the *Flynt* factors weighs against granting the continuance under the circumstances of this case. The proffered rationale for the continuance is that it is necessary in order to provide Defendant's lead trial counsel with "an adequate time to review the relevant evidence and testimony and to become sufficiently familiar with the law and the facts of this case such that Defendants will not be unduly prejudiced at trial." Defendant's Memo at 5.

Defendant has not acted with diligence. Defendant waited 5 weeks from the date it states it first learned of Mr. Komeiji's departure to request a continuance.

During that time, the parties attended a final pretrial conference with Magistrate Judge Kurren on July 14, 2008, where no warning was given to the Court or the Plaintiffs that Watanabe Ing would not continue as lead trial counsel. Instead, the State waited weeks to retain additional trial counsel and, based on his known scheduling conflicts, file a motion to continue in the midst of the parties' attempts to meet their final trial deadlines.  Subsequently, the State again waited to file their Motion to Continue Trial Date.  As evidenced by J. Anderson Meyer's participation in the July 30, 2008 conference in which the parties' exhibits and proposed jury instructions were considered for joint submission to the Court submission to the Court, Mr. Robbins firm was actively involved in the case by at least that date.

Under these circumstances, Defendant's request under the guise of exercising "due diligence" in securing alternate lead trial counsel is improper.

The second of the *Flynt* factors weighs against granting the continuance – the likelihood that the continuance would fulfill a substantial need.  All discovery, motions and trial preparation are complete.  Defendant DOE already has at its disposal the Attorney General's Office including three Deputy Attorneys General as well the Attorney General, all experienced and highly capable attorneys. Additionally, it has retained the services of an outside law firm, Watanabe Ing, widely respected for its skill in representing clients across a broad range of fields

of law. The attorneys who have conducted all of the work throughout discovery, motions and trial preparation period in this case are still representing the Defendant as attorneys of record. The discovery and significant motions practice in this case was conducted by Mr. Ushiroda and his associates, all extremely capable and experienced civil litigation counsel – and all continue to represent this client. The attorneys of record in this case already are prepared for trial.

They are not requesting a continuance to obtain time needed for trial preparation to be finished. Rather, it is because the State selected as their "new" trial counsel someone who: (1) already is involved as lead trial counsel for the State in extremely complex, multiple party litigation concerning the failure of the Ka Loko dam; (2) who had a motion to continue trial[3] in that case pending before the Circuit Court for the Fifth Circuit when he assumed the representation in this case; and (3) was absent from Hawaii for two months preceding the scheduled trial date in this case—including the date of the final pre-trial conference.

The continuance would merely meet the need of manufacturing a delay Defendant obviously wants but cannot obtain legitimately. Any trial preparation that was not already completed that was deemed necessary is and has been ongoing by Watanabe Ing, irrespective of whether Mr. Komeiji ceased representing this

---

[3] The Motion to Continue Trial in the Ka Loko Dam case involved what Mr. Robbins represented was a lack of time between July and the end of the year to complete necessary depositions. *See* Declaration of Thomas R. Grande ¶¶ 5 and 6.

client. Permitting the State's new attorney time to complete pending work on the Ka Loko dam case, and then, when convenient, to review the record is not a substantial need; it is a manufactured conflict that is hardly a useful purpose as required by *Flynt*.

The third of the *Flynt* factors also weighs heavily against granting the continuance. The delay in time will extremely inconvenience the Court and the Plaintiffs, including their witnesses. Plaintiffs will not reiterate the facts described above regarding the scheduling difficulties and significant costs that will result if Defendant's request were granted. The parents in this case must face daily challenges that most parents are not called upon to deal with. Defendant's request fails to consider or even acknowledge the extreme stress and disruption changing the trial date would cause these parents and professionals, who would have to change child care and work schedules solely for Defendant's convenience.

The fourth of the *Flynt* factors also weighs against granting the continuance. The State is ably represented by its Attorney General's Office, and has had the benefit of highly qualified representation from its current counsel of record, Watanabe Ing, since April 6, 2006 [Docket No. 143]. All discovery, procedural motions, substantive motions and pre-trial preparation has been completed by these attorneys. Defendant does not and cannot assert that Mr. Robbins or his firm have special expertise in the field of Section 504 litigation, as, though very experienced,

he has not had occasion to appear in a Section 504 case. Therefore, based on the fact that the case has been ably and fully prepared by the Attorney General's Office and the Watanabe Ing firm, with Mr. Ushiroda's direction and full participation, Defendant cannot establish that it will suffer prejudice as a result of this Court's denial of the State's request. The final and mandatory criterion identified by *Flynt*—prejudice—is completely absent.

Defendant has manufactured a conflict by retaining Mr. Robbins. Mr. Robbins's scheduling conflict has no impact whatsoever on Defendant's ability to prepare for and present its defense at trial. Defendant has failed to establish any harm that would justify granting the delay it now seeks and its motion should be denied.

If the State has chosen to replace its trial counsel with counsel whom it knows it not available, it may do so; but, the State's preference in counsel should not result in delay, or disrupt the lives of the Plaintiffs, their experts and other witnesses, the Court, and Plaintiffs' counsel. As is evident, the State cannot show the type of substantial and unavoidable prejudice that would make the *Flynt* analysis applicable here.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Defendant's motion to continue trial in this matter be DENIED.

DATED:  Honolulu, Hawai'i, August 18, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs