## Page 1

```
           OFFICE OF ADMINISTRATIVE HEARINGS
         DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
                    STATE OF HAWAII

In the Matter of              ) DOE-SY0708-070
                              )
HEKILI A. KUKONU, by and through ) Volume I
his Mother, SARA SMALLEY,     )
                              )
         Petitioners,         )
                              )
    vs.                       )
                              )
DEPARTMENT OF EDUCATION, STATE )
OF HAWAII,                    )
                              )
         Respondent.          )
_____)


              REPORTER'S TRANSCRIPT OF PROCEEDINGS

Taken at King Kalakaua Building, 335 Merchant Street,
Hearings Room 1, Honolulu, Hawaii, commencing at 9:00 a.m.
on July 30, 2008, before Rodney A. Maile, Hearings
Officer.


Reported by: SHEILA BRITT LIPTON, CSR NO. 257
             Notary Public, State of Hawaii


         H O N O L U L U   R E P O R T I N G   S E R V I C E S

              1000 Bishop Street, Suite 401
                   Honolulu, Hawaii 96813

                      (808) 524-6288



                    HONOLULU REPORTING SERVICES
```

## Page 2

APPEARANCES:

For Petitioners:   STANLEY E. LEVIN, ESQ.
                   BRUCE P. ELLIS, Paralegal
                   Davis Levin Livingston Grande
                   400 Davis Levin Livingston Grande Place
                   851 Fort Street
                   Honolulu, Hawaii 96813

For Respondent:    GEORGE S.S. HOM, ESQ.
                   Deputy Attorney General
                   Department of the Attorney General
                   State of Hawaii
                   Education Division
                   235 S. Beretania Street
                   Room 304
                   Honolulu, Hawaii 96813

Also Present:      Lanette Darby
                   Sara Smalley

HONOLULU REPORTING SERVICES

EXHIBIT 1

## Page 3

INDEX

| WITNESS | EXAMINATION BY | PAGE |
|---|---|---|
| Janet FitzGerald, Psy.D. | Direct by Mr. Ellis | 19 |
| | Cross by Mr. Hom | 69 |
| | Redirect by Mr. Ellis | 117 |
| Sara Smalley | Direct by Mr. Ellis | 119 |
| | Cross by Mr. Hom | 172 |

HONOLULU REPORTING SERVICES

## Page 4

(Whereupon the disclosure was presented to counsel.)

THE HEARINGS OFFICER: The hearing will come to order. This is in the matter of Hekili Kukonu, by and through his mother, Sara Smalley, versus the Department of Education, State of Hawaii. Document number is DOE-SY0708-070. Today's date is July 30th, 2008. And the time is now 9 o'clock a.m.

For the record my name is Rod Maile. I'm the hearings officer for this matter. At this time I would like the parties to identify themselves for the record.

MR. ELLIS: (Speaking on behalf of Stanley Levin) Stan Levin, Bruce Ellis, with Sara Smalley for Petitioners. Good morning.

MR. HOM: Good morning. George Hom, deputy attorney general, along with Dr. Lanette Darby as the Department of Education's representative.

THE HEARINGS OFFICER: Before we get under way have the parties reached a stipulation in regards to the receipt of the parties' respective exhibits?

MR. ELLIS: That is correct.

MR. HOM: That's correct.

THE HEARINGS OFFICER: Would you articulate what that stipulation is?

MR. ELLIS: Petitioners will stipulate to

HONOLULU REPORTING SERVICES

### Page 13

1  that witness' testimony, I would rather err on the side of
2  being conservative. And should not delay the issuance of
3  a decision, which ultimately is my responsibility. Mr.
4  Levin.
5      MR. ELLIS: We're in the middle of a federal
6  court motions deadline the next week and a half. And then
7  once those are finished then we're into our main trial
8  prep.
9      We had agreed to do a hearing in mid-August. But
10 although we weren't really wanting to do we agreed, but
11 our client -- We had written down some wrong dates. We're
12 going to be pressed for time to come back in two weeks.
13 We can't do it next week. And we're pressed for time.
14     And we believe in this particular case time is of
15 the essence for this child. And we believe that it would
16 be more prejudicial to the child to wait even two more
17 weeks than it would be the prejudice to the Respondents
18 for having telephone testimony. And so we would ask that
19 she be allowed to testify this afternoon via telephone.
20     THE HEARINGS OFFICER: The decision in this
21 matter is due on September 12th. So regardless of when
22 the hearing takes place, that's my deadline. I would be
23 willing to advance the due date on my decision in order to
24 accommodate the physical presence of Ms. Wiech.
25     MR. ELLIS: It would be difficult for us to,

HONOLULU REPORTING SERVICES

### Page 14

1  impossible to -- Unfortunately, because we anticipate the
2  volume of work that we've had to be doing this week and
3  the volume of work we expect to be doing next week on top
4  of whatever else is filed by the opposition in this
5  particular case has been voluminous, and we believe that
6  that possibility would not allow us to attend or prepare
7  appropriately for Ms. Wiech's testimony in addition to the
8  other work we have to do.
9      We've prepped for today. We're ready to go
10 today. And we would ask that she be allowed and move
11 forward today. Our trial starts on September 9th. And
12 there's a number of pretrial issues. So the remaining
13 portion of September is taken. And then the trial prep
14 would take most of August. That's why we cleared our
15 calendar. We ask that she be allowed to testify today by
16 telephone.
17     As stated previously, it would be more
18 prejudicial to Hekili than it would be to the Respondent.
19 She's willing to testify today at 7 p.m. her time in New
20 York. We wouldn't know her availability after that. So
21 we ask that she be allowed to testify and her testimony be
22 taken today.
23     THE HEARINGS OFFICER: Mr. Hom, would you be
24 willing to allow the Petitioners to present their case
25 except for the testimony of Ms. Wiech and then go forward

HONOLULU REPORTING SERVICES

### Page 15

1  with your presentation and then take the testimony of Ms.
2  Wiech separately?
3      MR. HOM: You mean have her testify by phone
4  today?
5      THE HEARINGS OFFICER: No. Have her testify in
6  person. But would you be willing to present your case
7  even before the Petitioners rest? In that situation we
8  would only have maybe several hours or whatever the
9  duration of the witness' testimony, and that would
10 conclude the hearing. Rather than wait until after the
11 testimony of the Petitioners' witness and then the DOE's
12 case would be presented.
13     MR. HOM: Let me first respond to Mr. Levin's
14 comments about this federal court trial. The State has
15 just --
16     THE HEARINGS OFFICER: I really don't want to be
17 dealing with the merits of that. I think for scheduling
18 purpose Mr. Levin has identified that he has preexisting
19 obligations.
20     MR. HOM: But that might go away because of a
21 motion to continue.
22     THE HEARINGS OFFICER: I really don't want to get
23 into that. Right now it is calendared. And if it is
24 scheduled for trial and for preliminary matters, I'll
25 leave that.

HONOLULU REPORTING SERVICES

### Page 16

1      MR. HOM: Okay. I would agree to put my people
2  on out of order to move the hearing as expeditiously as
3  possible and then take Ms. Wiech out of order. I have no
4  objection to that.
5      MR. ELLIS: We would ask that -- She will agree
6  to the oath and your jurisdiction in this matter. She's
7  ready to go today.
8      The Department failed to file a motion to strike
9  the testimony. It's been allowed in the past. They have
10 her on the witness list. The only way they could have
11 called her would also have been by telephone. We don't
12 see there being any prejudice to anybody but Hekili. We
13 ask that she be allowed to testify by telephone today.
14     THE HEARINGS OFFICER: The objections at this
15 point, I believe that we can work around the objections
16 based on the nature of Ms. Wiech's testimony. I'm going
17 to allow the request to reschedule her testimony until she
18 can appear in person. Petitioners will be able to present
19 the rest of their case. The DOE has agreed to go forward
20 even though the Petitioners will not be required to
21 formally rest until after they completed the examination
22 of Ms. Wiech. That way when Ms. Wiech's testimony is
23 concluded when she appears in person, that should only
24 take a matter of hours or perhaps half of the day. And in
25 return for that, I will advance my decision to the end of

HONOLULU REPORTING SERVICES