Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN          1152-0
MICHAEL K. LIVINGSTON   4161-0
Davis Levin Livingston Place
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
E-Mail: slevin@davislevin.com

LAW OFFICES OF CARL M. VARADY
CARL M. VARADY          4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/FAX: 523-8448
E-mail: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' REPLY TO DEFENDANT DEPARTMENT OF EDUCATION'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE THE TESTIMONY OF RICHARD GOKA, M.D. AND CERTIFICATE OF SERVICE<br>DATE:   September 3, 2008<br>TIME:   10:00 a.m.<br>JUDGE:  Honorable Alan C. Kay<br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1
<u>TO EXCLUDE THE TESTIMONY OF RICHARD GOKA, M.D.</u>

Defendant argues that Dr. Goka is qualified to be an expert in this case because of his vast experience as a rehabilitative and clinical medicine in California. Defendant asserts that Dr. Goka has sufficient knowledge and experience to provide a foundation for his opinions as an expert in the instant case. Defendant emphasizes that Dr. Goka is a practicing, rehabilitative doctor. The assertion that Dr. Goka continues to treat patients or provide rehabilitative services or care plans is false. Dr. Goka has closed his medical practice. Dr. Goka testified at his deposition on September 1, 2007 that he had not been in active practice for about one year. He testified:

> Q.   But do you have -- as I understand it, you're no longer receiving income from practicing physical rehabilitative medicine. Is that correct?
> A.   Essentially.
> Q.   And you are still receiving income from testifying in cases like this; is that correct?
> A.   Currently, yes and he further testified that
> Q.   I wanted to ask you if you're still actively practicing physical rehabilitative medicine.
> A.   I closed my clinical practice.

Deposition of Dr. Goka at 8.

Regarding what he was told would be his role as an expert, he stated that:

> Q.   What did Mr. Hom tell you when he called you and asked you to serve as an expert for the defendants in this case?
> A.   He said he put my name down and he had an autistic child and there's a life care plan issue that he wanted me to look at.  That's about it.
> Q.   Did you ask him if there were any other experts retained?
> A.   I told him that I wasn't an autism expert.  He said, All I want you to do is a life care plan and I'll have other experts.
> Q.   So you made it clear to him that you were not an expert in autism and he indicated to you that all he wanted you to do was take a look at the life care plan and express opinions on that; is that correct?
> A.   Correct.

Deposition of Dr. Goka at 24-25.

In his critique Ms. Lukens's work, Dr. Goka:

1) has not met with the parents;

2) has not called the parents;

3) has not met with any of plaintiffs' experts;

4) has not called any of the plaintiffs' experts;

5) did not investigate or assess Bryan's life expectancy;

6) was wholly unfamiliar with the methodologies involved in working with Bryan;

7) did not review and was unaware of the settlement agreement, stipulations and decisions setting forth what services Bryan was to receive from the DOE;

8)  did not ask for an opportunity to observe Bryan;

9)  did not ask to speak to any of Bryan's current or past service providers; and

10) did not create an independent care plan, but, instead, relied on work done by Ms. Lukens for his own report.

Dr. Goka has never produced a life care plan of his own. Instead, he used Ms. Lukens's plan as the basis for his comments and revisions. By his own testimony, his "research" was purely speculative and anecdotal—calling his own dentist to discuss dental care for Bryan, for example—and should not be admitted because of the confusion that this could cause jurors in assessing the value and costs of Bryan's future care.

Dr. Goka relied on Dr. Siegel's "assessments" as the foundation for all of his work. However, as the record demonstrates, Dr. Siegel is not a licensed clinician in Hawaii or California and is prohibited by law from making assessments of Bryan, his condition or his needs. HRS § 465-1; California Business & Professions Code § 2903. Relying as he does exclusively on Dr. Siegel's impermissible "assessments," Dr. Goka's opinions are likely to confuse and mislead the jurors in their determinations of Bryan's past and future needs.

Dr. Goka has no economic or accounting background. His opinions cannot assist the jury in understanding the value or costs of Bryan's future care, as he is in no better position than the average juror to critique Ms. Lukens's or CPA Von Elsner's calculations. Permitting Dr. Goka to recalculate those costs as an "expert" provides an air of legitimacy and weight for which there is no foundation. Dr. Goka is not "an expert by knowledge, skill, experience, training, or education" in the field of life care planning or accounting. His testimony regarding costs of

4

services is not (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) he has not applied life care or accounting principles and methods reliably to the facts of the case. *See,* FRE 702. Dr. Goka has nothing to offer the jury in the area of life care planning or costs except to confuse the jurors or to make calculations that they are equally competent to make themselves. Dr. Goka should be excluded as a witness for the State to avoid confusion and misleading the jurors regarding these evidentiary matters..

DATED: Honolulu, Hawai'i, August 18, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs