Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN                    1152-0
MICHAEL K. LIVINGSTON               4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                      4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>              Plaintiffs,<br>   vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>              Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' REPLY TO DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING DEPARTMENT OF HUMAN SERVICES RECORDS; DECLARATION OF STANLEY E. LEVIN; EXHIBIT "1" AND CERTIFICATE OF SERVICE<br>DATE:    September 3, 2008 |

TIME: 10:00 a.m.
JUDGE: Honorable Alan C. Kay
TRIAL DATE: September 9, 2008

PLAINTIFFS' REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING DEPARTMENT OF HUMAN SERVICES RECORDS

Plaintiffs hereby submit their Reply to Defendant DEPARTMENT OF EDUCATION's (DOE) Memorandum in Opposition to Plaintiffs' Motion in Limine #4 to Exclude Evidence, Testimony, Argument And Comment Concerning the Department of Human Services Records.

I.  **ARGUMENT**

On October 16. 2007, Magistrate Judge Kurren denied without prejudice Defendant's Motion to Compel Department of Human Services to Produce Child Welfare Service Records for Bryan Wiles-Bond. In their Memorandum in Opposition, Defendant argues that while "the DOE has not identified any DHS records as trial exhibits" in this case, "testimonial or other evidence regarding complaints and/or reports made to DHS and/or Child Protective Services ("CPS") are highly relevant to the DOE's defenses." Defendant's assertion is flawed as a matter of law.

While Defendants concede that they have no exhibits identified for trial, they indicate that they believe that other evidence of complaints and/or reports

made to DHS and/or CPS are highly relevant to the DOE's defenses. Evidence of unsubstantiated, unsupported and uninvestigated complaints or reports made to DHS and/or CPS are irrelevant to any facts at issue in this case. Relevance under the federal rules, Rule 401, is:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. Rule 401.

The fact that calls were made by DOE employees implies that they were self-serving attempts to shift responsibility for Bryan's deteriorating condition from the shoulders of the DOE where it appropriately rests to those of the parents. There is no documentation contained in the record to support that these calls were in fact made or that any action was taken subsequent to the calls or reports. Any reference to these calls, if in fact they were made at all should be excluded from trial and the scurrilous attempt to do so should be soundly rejected by this Court.

Any evidence that DOE witnesses claimed abuse at the hands of concerned and dedicated parents such as these who have zealously pursued their disabled child's rights despite the infinite obstacles and obvious challenges in doing so is highly inflammatory and unfairly prejudicial.

Even if this Court were to find that this unsupported and unsubstantiated evidence of calls and/or reports made to CPS and/or DHS that find no support

whatsoever in the record were somehow remotely relevant to the issues in this case, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Plaintiffs.  This Court should therefore exercise its discretion and exclude the evidence pursuant to FRE Rule 403, which provides in relevant part that the Court has the discretion to exclude evidence, even if it were relevant, if the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

    Despite numerous attempts to redirect Defendants to the real issues in this case, they have stubbornly held on to red herring excuses that blame the parents rather than constructively addressing the devastating impact of Defendants' documented failure to address Bryan's unique needs had on the family and his quality of life.

    Also, it was clear that the rumors about the house were propagated by DOE employees who never visited the house.  For example, the witness identified in Defendant's Memorandum in Opposition as the person expected to provide the testimony, Linda Price, described how this rumor was fostered.  She testified that:

> Q.    Who are the skill trainers who stated that the environment in plaintiffs' home was unsanitary and unclean?

4

>    A.   Oxsana Savenko.
>
>    Q.   Did Ms. Savenko ever go to the home?
>
>    A.   No.
>
>    Q.   Who else?
>
>    A.   Roberto Valentino.
>
>    Q.   Did Mr. Valen -- is it a mister? Did Mr. Valentino ever go to the plaintiffs' home?
>
>    A.   No.
>
>    Q.   Who else?
>
>    A.   Lea Scruton.
>
>    Q.   Ms. Scruton, did she ever go to the plaintiffs' home?
>
>    A.   No.
>
>    Q.   Who else?
>
>    A.   That's it.

*See* Exhibit "1", Deposition of Linda Price at p. 88: 4-21.

This inflammatory allegation is made on a razor's thin edge, because Ms. Price also testified that neither the DOE nor the DOH did any follow up investigation that would be necessary if this indeed were a bona fide complaint:

>    Q.   Did you know if the reference to the specific portion of the home -- do you know what that portion of the home was?

5

> A. Yes.
>
> Q. What was the portion?
>
> A. The bedroom and bathroom that Bryan used.
>
> Q. At any time after these skills trainers told you this, the three -- or four told you, did you investigate?
>
> A. No.
>
> Q. Why not?
>
> A. There was no way that me as an administrator could go investigate a private home.
>
> Q. Did you ask anybody, say the Department of Education, to investigate?
>
> A. No.
>
> Q. Did you ask the Department of Health to investigate?
>
> A. No.
>
> Q. Did you encourage anybody -- your skills trainers to ask the Department of Health to investigate?
>
> A. No.

See Exhibit "1", Deposition of Linda Price at p. 92: 3-25.

By Defendants own witnesses testimony, the allegations were either made by potential skills trainers who never visited the home, did not warrant further inquiry or investigation and did not account for all of the people who worked in the

6

home regularly who did not complain. These vile and defamatory communications were merely spurred on by the DES, i.e., Judith Radwick, Kate Tolentino and JoAnn Hill. The allegations calls and/or reports made to DHS or CPS are inadmissible because they are unsupported, misleading, inaccurate, inflammatory and irrelevant.

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that Plaintiffs' Motion in Limine #4 be granted and the Court issue an in limine order prohibiting Defendant, from attempting to introduce evidence, testimony, argument and comment concerning Department of Human Services records pertaining to Plaintiffs.

DATED:   Honolulu, Hawai`i, August 18, 2008.

/S/ STANLEY E. LEVIN
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs