Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN                    1152-0
MICHAEL K. LIVINGSTON               4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY                      4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>　　　　　　Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' REPLY TO DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #7 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE PRIOR FLORIDA LITIGATION AND CERTIFICATE OF SERVICE<br>DATE:　September 3, 2008<br>TIME:　10:00 a.m.<br>JUDGE:　Honorable Alan C. Kay<br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' REPLY TO DEFENDANT DEPARTMENT
OF EDUCATION'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE #7 TO EXCLUDE
EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT
CONCERNING THE PRIOR FLORIDA LITIGATION

Plaintiffs hereby submit their Reply to Defendant DEPARTMENT OF EDUCATION's (DOE) Memorandum in Opposition to Plaintiffs' Motion in Limine #7 to Exclude Evidence, Testimony, Argument and Comment Concerning the Prior Florida Litigation.

I.   **ARGUMENT**

Defendant asserts that the evidence of the Florida litigation is relevant to the issues of liability and damages in this case. Despite having an empty record on this issue, including no expert reports that address or evaluate the Florida case, no expert who testified concerning it and no relevant exhibits, Defendant seeks to raise the specter of the Florida litigation. However, any reference to the case where Bryan was one of many class members in a class action following physical abuse allegations at the hands of 2 teachers is wholly improper.

In a recent case where the Court of Appeals for the Ninth Circuit (Ninth Circuit) considered the propriety of using past litigation against a Plaintiff's interests, the Court disagreed that the Plaintiff's past ADA litigation was properly used to impugn her credibility, stating that, "[t[he attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most

2

careful scrutiny." In *D'Lil v. Best Western*, __ F.3d __, 2008 WL 3307152 at *6 (9th Cir. 2008).

In denying its use for that purpose, the Ninth Circuit held that "[a]ccordingly, we must be particularly cautious about conforming credibility determinations that rely on a plaintiff's past ADA litigation." *Id.*

The Florida case is irrelevant to any facts at issue in this case. Fed. R. Evid. Rule 401. Even if this Court were to find that this evidence that has no support whatsoever in the record is somehow remotely relevant to the issues in this case, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Plaintiffs. This Court should therefore exercise its discretion and exclude the evidence pursuant to FRE Rule 403, which provides in relevant part that the Court has the discretion to exclude evidence, even if it were relevant, if the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Evidence concerning the prior Florida litigation is inadmissible because it is unsupported, misleading, inaccurate, inflammatory and irrelevant.

## II.  <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs respectfully request that Plaintiffs' Motion in Limine #7 be granted and the Court issue an in limine order excluding Defendant, from attempting to introduce evidence, testimony, argument and comment concerning the Prior Florida Litigation.

  DATED:   Honolulu, Hawai`i, August 18, 2008.

<u>/S/ STANLEY E. LEVIN</u>
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

4