Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON       4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500/Fax: (808) 545-7802
Email: slevin@davislevin.com

CARL M. VARADY              4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone: (808) 523-8447/Fax: (808) 523-8448
Email: carl@varadylaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>          Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>          Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' REPLY TO DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #2 TO EXCLUDE THE TESTIMONY OF BRYNA SIEGEL AND CERTIFICATE OF SERVICE<br>DATE:  September 3, 2008<br>TIME:  10:00 a.m.<br>JUDGE: Honorable Alan C. Kay<br>TRIAL DATE: September 9, 2008 |

PLAINTIFFS' REPLY TO DEFENDANT DEPARTMENT OF EDUCATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #2 TO EXCLUDE THE TESTIMONY OF BRYNA SIEGEL

Plaintiffs hereby submit their Reply to Defendant DEPARTMENT OF EDUCATION's (DOE) Memorandum in Opposition to Plaintiffs' Motion in Limine #2 to Exclude the Testimony of Bryna Siegel.

**I.   ARGUMENT**

In their Memorandum in Opposition, Defendant argues that Plaintiffs' Motion in Limine # 2 to Exclude Bryna Siegel must be denied because she already has been qualified by this Court as an expert in *L.M. v. Department of Education*, 2006 WL 2331031 at *9.  Defendant misconstrues the Court's holding in *L.M.*, however.  In *L.M.*, this Court reviewed the findings and decision and agreed with the Hearings Officer's conclusions.  The Hearing Officer had permitted Dr. Siegel to testify as an expert pursuant to an administrative due process hearing.  Dr. Siegel was not testifying as an expert before a jury in United States District Court.  The Federal Rules of Evidence and Rules of Civil Procedure do not apply in due process hearings conducted pursuant to the Individuals with Disabilities in Education Act ("IDEA").

The Hawaii Administrative Rules ("HAR") govern the proceedings brought before Hearings Officers under the authority of the Department of Commerce and

Consumer Affairs. The Rules of Evidence are dramatically relaxed pursuant to the HAR. Specifically, with respect to evidence, §16-201-21 provides that:

> **§16-201-21 Evidence**. (a) The admissibility of evidence at the hearing shall not be governed by the laws of evidence and all relevant oral or documentary evidence shall be admitted if it is the sort of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs. Irrelevant, immaterial, or unduly repetitious material shall not be admitted into evidence. The authority or hearings officer shall give effect to the privileges recognized at law.

Generally, if a witness knows more than an average lay person and can assist the trier of fact, they are generally admitted to testify as "experts" in administrative due process hearings held pursuant to the IDEA. However, in the context of a jury trial in a Federal District Court, the more stringent rules apply. Therefore, while this Court was appropriately deferential to the Hearings Officer's admission of Dr. Siegel as an "expert" in *L.M.*, that same standard does not apply in a federal jury trial where the Federal Rules of Evidence and Procedure do apply.

Secondly, this Court is thoroughly familiar with standards for reviewing Hearing Officer's decision in IDEA cases.

> The amount of deference given to an administrative hearing officer's findings is a matter of discretion for the court. *See Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995) (*quoting Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987)). The court must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue, but the court is free to accept or reject the findings in part or in whole. *See Capistrano*, 59 F.3d at 891. When exercising its discretion to determine what weight to give the hearing officer's findings, the court may examine the thoroughness of those findings and accord greater

deference when the findings are "thorough and careful." *Id.; Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

*D.C., et al. v. Dept. of Education,* 550 F. Supp. 2d 1238, 1246 (D. Haw. 2008). Thus, as no additional evidence was offered concerning Dr. Siegel or her qualifications, the Court was obligated to defer to the Hearing Officer's application of the more relaxed evidentiary standard applicable in administrative proceedings. A more rigorous standard applies in Federal Court.

In this case, it is appropriate for the district court to exercise its "gatekeeper" function under *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999), and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), by excluding unreliable expert testimony, in particular, the unqualified and outdated testimony of Dr. Siegel.

Additionally, in *Daubert*, the United States Supreme Court held that district courts must act as "gatekeepers" to protect juries from misleading or unreliable expert testimony by assessing the reliability of the expert's principles and methodologies used to reach the expert opinion or conclusion. *Daubert*, 509 U.S. at 589, 592-93, 113 S.Ct. 2786. The factors to be considered in assessing reliability include whether the expert's theory may be tested or refuted, the degree of acceptance of the theory or technique within the relevant community, and whether the theory has been a subject of peer review or publication. *Id*. at 593-94, 113 S.Ct. 2786.

Dr. Siegel admitted that her report is based on outdated methodologies. Dr. Siegel's report states that it is based in part on outcome studies, but nowhere mentions that the outcome studies made on children who are now adults were based on interventions that are approximately 20 years old. Exhibit 1, 175:13-176:6; Attached as Exhibit 2 to Plaintiffs' Motion in Limine #2, Dr. Siegel's Report. The interventions done at that time are not current best practice standards, today, most importantly, the means of diagnosing autism have changed and the research, according to Dr. Siegel, is "dated." *Id.* Therefore, Dr. Siegel's report and opinions fail to meet the rigorous foundational requirements set forth in *Daubert* and applicable here. Her testimony presents the real possibility of confusing and misleading the jurors in areas in which she is prohibited from rendering an opinion. Dr. Siegel should not be permitted to testify as an expert.

## II.   CONCLUSION

For the foregoing reasons and for the reasons stated in Plaintiffs' Motion in Limine #2, Plaintiffs respectfully request that Dr. Siegel's expert testimony be excluded as inadmissible. Alternatively, if allowed to testify, Dr. Siegel's testimony should be limited because she formed her opinions expressly for the purpose of litigation. If allowed to testify, her testimony should be further limited to her general knowledge regarding autism and not Bryan's condition past for future needs in particular, as she lacks the requisite clinical knowledge, skill,

experience, training or education to opine or testify about a valuation of Bryan's future needs.

DATED: Honolulu, Hawai'i, August 18, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs