404455.2

**MARK J. BENNETT**        #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**         #4391-0
**GEORGE S. S. HOM**      #2487-0
**HOLLY T. M. SHIKADA**   #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**      #1624-0
**GREGG M. USHIRODA**     #5868-0
**LEIGHTON M. HARA**      #7826-0
**ROSS T. SHINYAMA**      #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**        #1000-0
**JOHN-ANDERSON L. MEYER**    #8541-0
**SERGIO RUFO**               #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) |
| Defendant. | ) ) ) |

CIVIL NO. CV 04-00442 ACK/BMK
CIVIL NO. CV 05-00247 ACK/BMK
(Other Civil Action)

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS FILED 8/11/08; CERTIFICATE OF SERVICE**

**TRIAL: September 9, 2008**
**JUDGE: Honorable Alan C. Kay**

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S PROPOSED EXHIBITS FILED 8/11/08**

Comes now Defendant DEPARTMENT OF EDUCATION ("DOE") by and through its attorneys, WATANABE ING LLP, and hereby submits its response to Plaintiffs' Objections to Defendant's Proposed Exhibits dated August 11, 2008.

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D600 | Amended Complaint and Demand for Jury Trial filed on 10/04/06 in B.M.W.D., et al. v. Flagler County Board of Education, et al., Case No. 96-823-CIV-J.20, United States District Court, [Bond Depo Exhibit 10] | Pleadings inadmissible, more prejudicial than probative, likely to confuse the jury, relevance; FRE 401-403, 802; Character and other act evidence prohibited; FRE 404. | Relevant 401,402; Admissions by party opponent FRE 801(d)(2); Prior statements made by Plaintiffs for impeachment purposes, FRE 613 |
| D606 | Order filed on 6/09/07 in B.M.W.B., et al. v. Flagler County Board of Education, Case No. 96-823-CIV-J.20, United States District Court, Jacksonville, Florida [Bond Depo Exhibit 11] | Pleadings inadmissible, more prejudicial than probative, likely to confuse the jury, relevance; FRE 401-403, 802; Character and other act evidence prohibited; FRE 404. | Relevant 401,402; Admissions by party opponent FRE 801(d)(2); state of mind, FRE 803(3); Prior statements made by Plaintiffs for impeachment purposes, FRE 613 |
| D627 | 1/28/00 Fax and memo from Tanya Malani (Waikoloa Elementary School) to Dr. Wesley Sugai and Denise Delcolle re: Bryan's medical history/conditions [Records of Wesley Sugai, M.D., pp 00125-00127] | Double hearsay; FRE 802, 805 | Statement of physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D630a | Facsimile dated 8/31/00 from Mahea Edwards to Jim Palmer & Art Souza with handwritten notes by Judi Radwick [DOE 1795-1798] | Double hearsay; FRE 802, 805 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5) |
| D632 | Memo dated 10/06/00 from Mahea Edwards to Jim Palmer, Frankie Downing AND Judi Radwick [DOE1764] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5) |
| D633 | Email dated 10/06/00 from Mahea Edwards to Alvin Rho re: Wiles-Bond (Autism) [DOE 1754 and part of Rho Depo Exhibit A] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5) |
| D635a | 10/26/00 & 10/30/00 Emails between Mahea Edwards and Frances Downing (cc Rebecca Pierson) re: BWB [DOE 1756-DOE 1757] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D638 | Alvin Rho Emails dated 5/23/01, 5/24/01 & 5/29/01 [Rho Depo Exhibit A, DOE 1743-1753] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5) |
| D641 | Data Collection and Progress Monitoring signed by Shirley Williams-Revelle, dated 3/10/02 [DOE 1280] | Hearsay; FRE 802 | Refresh recollection, FRE 612; statement of recent perception, FRE 803(1); past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D649 | Email dated 8/18/02 from Desiree Baez to Pamela Toguchi, Esq. (cc Mahea Edwards) [DOE 2895-2903] | Cumulative, as Ms. Baez will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D654 | Alaka'i Na Keiki Service Provider Monthly Treatment and Progress Summary for Child and Adolescent Mental Health Division (CAMHD) [Records of Alaka'i Na Keiki, pg 187] | Cumulative, FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D657 | DOE Special Services Social Work Report, dated 10/07/02, prepared by Judy Volquardsen [DOE 1269-1271] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D658 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 10/31/02 [Records of Alaka'i Na Keiki, pp 183-186] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|----------|-------------|---------------------|----------------------|
| D663 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 11/29/02 [Records of Alaka'i Na Keiki, pp 180-182] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D664 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 12/31/02 [Records of Alaka'i Na Keiki, pp 178-179] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D667 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 1/31/03 [Records of Alaka'i Na Keiki, pp 174-176] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D668 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 2/28/03 [Records of Alaka'i Na Keiki, pp 171-173 | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D670 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 3/31/03 [Records of Alaka'i Na Keiki, pp 167-170 | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D672 | Memo dated 4/22/03 from Colleen Matsushita to Hawaii Tribune Herald Classified Dept re: Circulation of Recruitment Ad for Skills Trainers [DOE 0377] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D673 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 4/30/03 [Records of Alaka'i Na Keiki, pp 163-166 | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D674 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 5/31/03 [Records of Alaka'i Na Keiki, pp 160-162] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D675 | Alaka'i Na Keiki DOE Contracted Services Monthly Report prepared by Dru Copeland, dated 6/30/03 [Records of Alaka'i Na Keiki, pp 155-159] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D676 | Alaka'i Na Keiki Doe Intensive Services Contact Quarterly Report for 2nd Quarter - April, May, June, July 2003 [Records of Alaka'i Na Keiki, pp 45-50 | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D685 | Alaka'i Na Keiki DOE Intensive Contact Quarterly Report for 2nd School Quarter - October, November, December 2003 [Records of Alaka'i Na Keiki, pp 33-34] | Cumulative, as Dr. Copeland, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D688 | Memo dated 11/21/03 from Judith Radwick to West Hawaii Complex Area Principals, Vice-Principals, Special Education Teachers and SASAs re: Ad & Flyer for Part-Time Positions [DOE 2140-2141] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D693 | Service Verification Forms for William Beljean, period covering June 2003 to January 2004 [Records from Child & Family Service, pp 21-50 | Cumulative, as Mr. Beljean who supervised provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6) |
| D702 | Child & Family Service Discharge Summary. Dated 1/28/04 [Records from Child & Family Service, pp 207-208] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D703 | 2/06/04 Letter from Kelly Stern re: Efforts to provide Skills Trainers for Bryan Wiles-Bond [DOE 1364-1366] | Cumulative, as Ms. Stern, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D704 | 2/06/04 Memo from Linda Price to Lono Beamer, Esq. [Records from Child & Family Service, p 52] | Cumulative, as Ms. Price, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); |
| D705 | Service Verification Form for Kim Smalley, dated 3/04/04 [Records from Child & Family Service, p 20] | Cumulative, as Dr. Smalley, who supervised and/or provided these services, will testify for Plaintiffs; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Business records, FRE 803(6) |
| D707 | Facsimile dated 4/26/04 from Kelly Stern to Desiree Baez with draft of 4/20/04 letter from Kelly Stern to Kim Wiles and Stan Bond [DOE 2589-2591] | Cumulative, as Ms. Stern, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D709 | May - September 2004 Calendar Schedule of Service Providers, Dates of Services, Type of Services and Hours of Service [DOE 0316-0321] | Cumulative, those people who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Business records, FRE 803(5) |
| D716 | Facsimile dated 6/10/04 from Kelly Stern to Desiree/Joann with Incident Report and Email dated 6/07/04 from Dave Graber to Kelly Stern re: documenting past events concerning Bryan Wiles-Bond [DOE 2574-2578] | Cumulative, as Ms. Stern, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802; Hearsay within hearsay; FRE 805 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Business records, FRE 803(6) |
| D716a | Facsimile dated 6/14/04 from Desiree Baez to Bob Gentzel re: Request for Due Process [DOE 2800-2804] | Cumulative, as Mr. Gentzel, the principal and Ms. Baez will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D716c | Facsimile dated 6/15/04 from Alvin Rho to JoAn Hill/Judi Radwick with attached "Request for Immediate Impartial Hearing" [DOE 2790-2793] | Cumulative, as Mr. Rho will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Business records, FRE 803(6) |
| D717 | Handwritten Notes, dated 6/23/04 [DOE 1595-1599] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Business records, FRE 803(6) |
| D718 | Handwritten Notes, dated 6/23/04 [DOE 1600] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D721 | Email dated 7/02/04 from Bobbie Puente to Joan Hill (cc: Kelly Stern, Marvin St. Clair, Kim Wiles) re: service gap for Bryan Wiles-Bond [DOE 2768] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5) |
| D722 | Resume and Letter dated 7/06/04 from Debra Rusnak [DOE 1372-1374] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5) |
| D723 | Various Letters from Individuals responding to Ad for Skills Trainers [DOE 1375-1388] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5) |
| D726 | Affidavit of Publication verifying circulation of Ads for Skills Trainers, signed 7/14/04 [DOE 0436] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D727 | Invoices dated 7/16/04 for Procurement of Services from Child & Family Services [DOE 2444-2447] | Relevance, as cost is not a defense and cumulative; FRE 403; Hearsay; FRE 802 | Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D734 | Email dated 7/27/04 from Lorri Bolton to JoAn Hill and Salary Schedule for DOE Supplemented Skills Trainers [DOE 2390-2391] | Relevance, as cost is not a defense and cumulative; FRE 403; Hearsay; FRE 802 | Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D738 | Facsimile dated 7/30/04 from Desiree Baez to Danielle Doucette re: sample vendor invoices [DOE 2379-2384] | Cumulative, as MS. Baez will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Business records, FRE 803(6) |
| D739 | Sign Language Support Session Training Schedule, August 200 [DOE 0335-0362] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D740 | Letter dated 8/03/04 from Kelly Stern to JoAnn Hill re: Recruiting efforts to provide Skills Trainers for Bryan Wiles-Bond [DOE 2273-2274] | Cumulative, as Ms. Stern and Ms. Hill, who supervised and/or provided these services, will testify for Defendant and relevance, as "good faith" is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001 (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred. In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D743 | Summary and Listing of Expenditures for Bryan Wiles-Bond | Relevance, as cost is not a defense and cumulative; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Summary of voluminous records, FRE 1006; In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D744 | Facsimile dated 8/10/04 from Desiree Baez to Linda Price, Lemomi and Kelly Stern and Signing Sessions Schedule for August 2004 [DOE 2624-2627] | Cumulative, as Ms. Baez, and Ms. Stern and Ms. Hill, who supervised and/or provided these services, will testify for Defendant and relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |
| D746 | Service Verification Forms for Corrinna Serrao for period 8/13/04 to 9/17/04 [Hawaii Behavioral Health Records, pp 111-117] | Cumulative, as Ms. Serrao who provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D754 | Various Sign-In Sheets for Sign Language Support Sessions, dated 8/25/04, 9/01/04 and 9/08/04, Kealakehe Intermediate School [DE 0406-0408] | Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6) |
| D755 | Curriculum Materials for Sign, Math, Reading and Social; Schedules for Home School and Community; Sensory Activities; and Toileting Data from September through October [DOE 0455-0501] | Hearsay; FRE 802; Hearsay within hearsay; FRE 805 | Refresh recollection, FRE 612; Business records, FRE 803(6) |
| D757 | Letter dated 9/14/04 from Jennifer Harris re: educational background [DOE 0405] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D759 | Letter dated 9/14/04 from Leimomi Respicio to Lono Beamer, Esq. Re: Assignment of Skills Trainer Corrinna Serrao per Ann Wiles consent and level 65 services for Bryan Wiles-Bond [DOE 1901] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D761 | Verification Letter dated 9/15/04 from Mahea Edwards re: develop curriculum and activities to address the goals and objectives of IEP for Bryan Wiles-Bond [DOE 0403] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D763 | Letter dated 9/15/04 from Leimomi Respicio and JoAn Hill to Desiree Baez re: Recruitment of Skills Trainers [DOE 0376] | Cumulative, as Ms. Hill, who supervised and/or provided these services, and Ms. Baez will testify for Defendant and relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001 (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D769 | Defendant's Response to the Honorable Judge Helen Gillmor's Request for Report on Current Educational Providers and Services, filed 9/20/04 in Wiles v. DOE, CV04-00442, United States District Court, District of Hawaii | Pleadings inadmissible, more prejudicial than probative, likely to confuse the jury, relevance, FRE 401-403, 802 | Impeachment, FRE 607; Refresh recollection, FRE 612 |
| D773 | Pre-meeting memo prepared by Kate Tolentino on 9/21/04 [DOE 1342] | Cumulative, as MS. Hill, who supervised and/or provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D774 | Letter dated 9/22/04 from Robert Gentzel to Stanley Bond re: isolating Bryan [DL 02439-02440] | Cumulative, as Mr. Gentzel, the principal who supervised the school and Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D776 | Fax dated 9/24/04 from Desiree Baez to Alvin Rho with handwritten attachment of service providers [DOE 0844-845] | Cumulative, as Mr. Rho, the deputy superintendent who supervised the school and Bryan's program, and Ms. Baez will testify for Defendant; FRE 403; Hearsay; FRE 802 | FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D777a | Email dated 9/25/04 from Kate Tolentino to Richelle Paiva and Sherry Agdeppa re: Rhonda Black [DOE 0593] | Cumulative, as Ms. Tolentino, who supervised Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D777b | Email from Kate Tolentino to Stephen Adams [DOE 0591] | Cumulative, as Ms. Tolentino, who supervised Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D779 | Letter dated 9/28/04 from Wesley Sugai, M.D. re: limited medical services for autistic individuals in Kona and State of Hawaii [0178] | Relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |
| D795 | Email dated 10/11/04 from Dayle Yokoyama to Kate Tolentino re: Kealakehe Intermediate Autism Room Situation [DOE 0541] | Cumulative, as Ms. Tolentino, who supervised Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D805 | Email dated 10/20/04 from Kate Tolentino to Kelly Stern re: Dru Copeland [DOE 0854] | Cumulative, as Ms. Tolentino, who supervised Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D809 | Alaka'i Na Keiki DOE Intensive Services Contact Quarterly Report - Oct, Nov, Dec 2004 [Records from Alaka'i Na Keiki, pp 25-30] | Cumulative, as Ms. Tolentino, who supervised Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5); Business records, FRE 803(6) |
| D820 | Alaka'i Na Keiki Student Services Plan based on current IEP, dated 12/15/04 [Records from Alaka'i Na Keiki, pp 20-24] | Cumulative, as Ms. Tolentino, who supervised Bryan's program, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5); Business records, FRE 803(6) |
| D823 | Verified Amended Supplemental Complaint filed 7/01/05 in Wiles, et al. v. DOE, et al., CV04-00442, United States District Court, District of Hawaii [Bond Depo Exhibit 8, p 124-174] | Pleadings inadmissible, more prejudicial than probative, likely to confuse the jury, relevance; FRE 401-403, 802 | Relevant 401, 402; Admissions by party opponent FRE 801(d)(2); Impeachment, FRE 607; Prior statements made by Plaintiffs for impeachment purposes, FRE 613 |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D847 | Figure 5-3 of prenatal brain development and Figure 5-4 of brain cells from one month to fifteen months | Not produced prior to discovery cut-off; Hearsay 802 | Learned treatise, FRE 803(18); Impeachment, FRE 607; Refresh recollection, FRE 612 |
| D848 | "Fertile Minds" by J. Madeline Nash, Time Magazine, February 3, 1997 | Not produced prior to discovery cut-off; Hearsay 802 | Learned treatise, FRE 803(18); Impeachment, FRE 607; Refresh recollection, FRE 612; Self-authentication for newspapers and periodicals; FRE 902(6) |
| D849 | Various classified ads/job postings for Skills trainers [DOE 2749; DOE 1830; 6/28/04 Hon Adv ad; DOE 1343-1346; DOE 1348-1351] | Cumulative; FRE 403; Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Self-authentication for newspapers and periodicals; FRE 902(6) |
| D853 | Resume of Danielle Doucette and Letters of Recommendation [DOE 0329-0333] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Past recollection recorded, FRE 803(5) |
| D860 | Salary Schedule for DOE Supplemented Skills Trainers [DOE 0326] | Hearsay; FRE 802 | Impeachment, FRE 607; Refresh recollection, FRE 612; Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D861 | Schedule of Service Providers, Location of Service, Dates of Services, Cost of Services and Hours of Services for period covering 10/01/03 to 2/29/04 [DOE 2255-2262] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D862 | Schedule of Service Providers, Location of Services, Dates of Services, Cost of Services and Hours of Services for period covering 10/02/03 to 2/26/04 [DOE 0859-0868] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D863 | Schedule of Service Providers, Location of Services, Dates of Services and Hours of Services for period covering 8/22/02 to 9/30/04 [DOE 3304-3332] | Cumulative, relevance, as "good faith" effort is not defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D864 | DOE Schedule of Expenses incurred for Bryan Wiles Bond, including invoices [DOE 3263-3265, DOE 3379-3380, DOE 3465, DOE 3414-3416, DOE 3417-3425, DOE 3426-3443, DOE 3287, DOE 3288-3289, DOE 3290-3293, DOE 3294-3303, DOE 3476-3486, DOE 3274-3286, DOE 3444-3464, DOE 3368-3350, DOE 3266,DOE 3348, DOE 3377, DOE 3375, DOE 3370, DOE 3361, DOE 3362-3363, DOE 3333, DOE 3353-3354, Doe 3334-3347, DOE 3356-3359, DOE 3267, DOE 3466-3372, DOE 3378, DOE 3376, DOE 3473-3474, DOE 3374, DOE 3371-3374, DOE 3364-3365, DOE 3355, DOE 3268-3273] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred. In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D865 | DOE West Hawaii District Spec Ed Services Allotment Registers of Expenditures for Bryan Wiles-Bond as follows: 1) Cumulative Report through June 2003, run date 7/22/03 [DOE 3407-3413] 2) Cumulative Report through March 2004, run date 4/06/04 [DOE 3396-3406]; 3) Cumulative Report through January 2005, run date 2/14/06 [DOE 3381-3385] 4) Cumulative Report through February 2005, run date 3/10/06 DOE 3386-3395] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001 (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred. In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D866 | DOE Expenditures for service providers (Sandra Harrington, Richi Stallard, Sasha Pickles, Rebecca Gavin, Rae Graber, Christy Edwards, Barbara Coffman and William Beljean), period covering 8/22/02 to 1/27/04 [DOE 0846-0853] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). In fact, the cost of the accommodations in question is highly relevant in determining whether those accommodations are "reasonable" and made in good faith. |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D867 | Alaka'i Na Keiki Intensive Instructional Service Consultant Activity Form for period October 2002 thru February 2005 [Records of Alaka'i Na Keiki, pp 270-328] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D869 | Written Records of Haydee Middleton (Benecia Unified School District), taken 8/21/06 | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D870 | Written Records of UHS Keystone School, taken 8/21/06 | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D871 | Written Records of Child and Family Service, taken 5/31/06 | Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D872 | Written Records of The Institute for Family Enrichment, taken 3/14/06, volume 1 of 2 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D873 | Written Records of The Institute for Family Enrichment, taken 3/14/06, volume 2 of 2 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D874 | Written Records of Hawaii Behavioral Health, taken 3/14/06 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D875 | Written Records of Ala Kai Na Keiki, Inc., taken 3/07/06, volume 1 of 4 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D876 | Written Records of Ala Kai Na Keiki, Inc. taken on 3/07/06, volume 2 of 4 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D877 | Written Records of Ala Kai Na Keiki, Inc., taken 3/07/06, volume 3 of 4 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D878 | Written Records of Ala Kai Na Keiki, Inc. taken 3/07/06, volume 4 of 4 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D879 | DOE Educational Records [DOE 0126-306, DOE 0378-0402, DOE 0620-0687, DOE 0701-0842, DOE 0884-0985, DOE 0981-0985, DOE 0988-1073, DOE 1075-1179, DOE 1187, DOE 1196-1214, DOE 1222-12236, DOE 1269-1283, DOE 1285-1289] | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D880 | Written Records of Pacific Child & Family Associates, taken 6/22/06 | Cumulative, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D881 | Corrinna Serrao's Progress Notes of Bryan Wiles Bond for period 8/09/04 to 9/17/04 [Hawaii Behavioral Health Records, pp 69-105] | Cumulative, as Ms. Serrao who provided these services, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D882 | Demonstrative Exhibit (Report of 8/03/04 from Kelly Stern - TIFFE to JoAn Hill [DOE 2273-2274] | Cumulative, as Ms. Stern and Ms. Hill who supervised and/or provided these services for Bryan, will testify for Defendant; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |
| D883 | Demonstrative Exhibit (Fax of 6/10/04 from Kelly Stern - TIFFE to Desiree Baez with 5/27/04 72 Hour Sentinel Event Report and 6/07/04 email from Dave Graber to Kelly Stern [DOE 2574 - DOE 2578] | Cumulative, as Ms. Stern and Ms. Baez who supervised and/or provided these services to Bryan, will testify for Defendant. Also, more prejudicial than probative; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803(5); Physical condition, FRE 803(3); Business records, FRE 803(6) |

| Exh. No. | Description | Basis for Objection | Defendant's Response |
|---|---|---|---|
| D884 | Demonstrative Exhibit (Report by Kelly Stern - TIFFE re: qualification of Sts, efforts to recruit and train Skills Trainers [DOE 2762 - DOE 2764] | Cumulative, as Ms. Stern who supervised and/or provided these services to Bryan, will testify for Defendant. Also, relevance, as "good faith" effort is not a defense; FRE 403; Hearsay; FRE 802 | Refresh recollection, FRE 612; Statement of recent perception, FRE 803(1); Past recollection recorded FRE 803 (5); Physical condition, FRE 803(3); Business records, FRE 803(6); In the December 2006 Order, this Court held that "good faith" is a defense to a finding of "deliberate indifference." See December 2006 Order at 51; see also, Patricia N. v. Lemahieu, 141 F. Supp.2d 1243 (D. Haw. 2001) (where defendants, in good faith, believed that they were providing FAPE (though it turned out they were not), recovery under § 504 would be barred). |

DATED:  Honolulu, Hawaii, August 18, 2008.


                          /s/Gregg M. Ushiroda
                         MELVYN M. MIYAGI
                         GREGG M. USHIRODA
                         LEIGHTON M. HARA
                         ROSS T. SHINYAMA

                         KENNETH S. ROBBINS
                         JOHN-ANDERSON L. MEYER
                         SERGIO RUFO

                         GARY K.H. KAM
                         GEORGE S.S. HOM
                         HOLLY T. SHIKADA

                         Attorneys for Defendant
                         DEPARTMENT OF EDUCATION