CARL M. VARADY                    4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN                  1152-0
MICHAEL K. LIVINGSTON             4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                    Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                    Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**SUPPLEMENTAL DECLARATION OF CARL M. VARADY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL; CERTIFICATE OF SERVICE**<br>TRIAL DATE:  September 9, 2008<br>JUDGE: Hon. Alan C. Kay |

**SUPPLEMENTAL DECLARATION OF CARL M. VARADY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL**

Carl M. Varady declares:

1.   I am one of the attorneys of record in this matter and make this declaration on my own personal knowledge in support of Plaintiffs' opposition to Defendant's pending motion to continue trial and in response to the Court's minute order of today, requesting that Plaintiffs further explain why a continuance of the trial date from September 9, 2008, until September 23, 2008.  While a two-week continuance might seem minimal in the instant case, Plaintiffs amplify and further explain the reasons for their opposition based on the following facts.  A two-week continuance poses an extreme hardship on Plaintiffs for the following reasons.

2.   Dr. B.J. Freeman, a world-renowned autism expert, is scheduled to testify for Plaintiffs.  Dr. Freeman is a Professor Emeritus of Medical Psychology at the UCLA School of Medicine and served as Co-Director of the Early Childhood Partial Hospitalization Program. She is considered an international authority in the diagnosis, psychological assessment, and treatment of children and adults with developmental disabilities and autism. She has published over 100 articles, book chapters, and books in these areas. Much of her professional time is spent working with families, parent groups, and service agencies.  Dr. Freeman frequently travels to conduct and participate in programs discussing autism, its diagnosis and treatment, throughout the United States and internationally.  She was scheduled to be in Asia from September 9 through October 2, 2008.  At the time

trial was reset from June 17, 2008, to September 9, 2008, I contacted Dr. Freeman and asked if she could reschedule her Asia travel, to permit her to testify on September 9th or 10th and to proceed to Asia from Hawaii. She agreed to do so and rescheduled her flight. However, this rescheduling cost approximately $10,000.00, a cost that Plaintiffs will have to bear. I confirmed today that Dr. Freeman's schedule requires that she leave Hawaii for Asia on September 11th and that her travel will continue there until the date originally planned—October 2, 2008. She cannot modify her September schedule further and cannot be available the week of September 23rd. Therefore, a continuance would deprive Plaintiffs and the jury of her live testimony, which would be undue hardship to Plaintiffs, as a result of this key witness and international expert on autism not being available to explain Bryan's condition, the harm Plaintiffs' assert was caused by DOE and measures DOE could have taken to implement Bryan's program. It would also deprive the jury of the benefit of Dr. Freeman's extensive knowledge regarding autism and her assessments of Bryan's condition as a consequence of the DOE's conduct, as well as his future needs.

    3.    I spoke with Plaintiffs Stanley Bond and Ann Kimball Wiles yesterday and today, regarding the requested continuance. Dr. Bond works for the U.S. Department of the Interior and Ms. Wiles, his wife, works as a public school principal in Crescent Elementary School, which is school of 700 students.

4.      Ms. Wiles does not have a permanent replacement for her vice-principal whose job was recently eliminated due to budget cuts.  She now has only a part-time vice-principal who serves her and another school.  Ms. Wiles is the sole full-time administrator.  Ms. Wiles will begin a new school year at the time trial is scheduled to start and has had difficulty in obtaining time off from work, due to her increased duties at the beginning of a new school year and her lack of a full-time vice-principal or other administrative replacement.  Nevertheless, she has made arrangements to be able to attend and testify for the second week of trial, though because of limits imposed by work, she cannot appear the first week.

5.      Although his job requires monthly travel throughout the United States, Dr. Bond has arranged to take off the first week of trial.  He then plans to return to California to care for Bryan and permit Ms. Wiles to attend trial and testify.  To attend trial, Dr. Bond will have to be excused from a U.S. National Park Superintendents' Leadership Roundtable, which is held only once per year and which Dr. Bond, a superintendent, was expected to attend as part of his professional development.  Dr. Bond obtained special permission to be absent from this meeting to attend trial.  Upon Ms. Wiles's return to California, Dr. Bond plans to return for the conclusion of trial.  Plaintiffs, therefore, have had to request time off from work well in advance of trial, to make this schedule effective. More importantly, they have had to coordinate additional care for Bryan to cover

absences that occur when only one parent is available. I had asked that they try to arrange child care that would permit Dr. Bond to attend all of trial, so at least one parent would be there. However, based on the pending motion, they have withheld confirming such child care until after the Court's ruling. Even if the Court denies the continuance, therefore, it now may not be possible to arrange the child care for Bryan that would permit Dr. Bond to attend the entire trial.

6. Because their professional schedules require monthly travel, in Dr. Bond's case, and, in Ms. Wiles's case, continuous, attendance at her school, their calendars cannot be changed on such short notice to accommodated Defendant's request. This conclusion is amplified by the fact that the already have begun making arrangements, now on hold because of the motion, to provide necessary child care for Bryan to meet his needs and, possibly, avoid gaps in attendance at trial. Because they have had to hold off making such arrangements, due to the pending motion and uncertainty about the schedule, there may be a gap where neither parent can be present at trial.

7. Dr. Kimberly Smalley, who resides in California, also is a critical witness in the present case. Dr. Smalley is clinical psychologist who was retained by the DOE to observe Bryan and prepare behavioral assessments and plans for him. By her testimony, Plaintiffs will establish facts critical to the jury's determination of whether the DOE knew of Bryan's needs or fulfilled them. Dr.

Smalley is a single parent and a practicing clinical psychologist serving individual clients in her community.  In order for her to testify at trial, she has had to give advance notice to her clients of her unavailability and reschedule appointments and therapy.  More importantly, she has had to make child care arrangements for her two children during her stay in Hawaii, and arrange for their short absence from school.  She was reluctant to do so, but she agreed to appear in person.  Because she personally observed, assessed and wrote behavioral support plans for Bryan to address his behaviors and their causes during the period Bryan was in crisis in Hawaii.  Dr. Smalley will testify not only of how DOE was failing to implement Bryan's IEP, but of the direct impact of that failure on his behaviors and how those behaviors escalated in school year 2003-04, becoming a complete impediment to any learning.  Dr. Smalley's testimony is key to Plaintiffs' case, both because of her experience an background in autism and because of her role as a percipient witness who directly observed Bryan and the manner in which his program was being implemented.  She not only knows what DOE actions were taken regarding Bryan's program and his response to those actions, but was directly responsible for creating developing a remedial implementation process at DOE's request.  Dr. Smalley cannot rearrange her calendar on such short notice.  Plaintiffs would be deprived of her live testimony and the jury not be able to assess her credibility and demeanor if the Defendant's request for the two-week continuance is granted.

I declare under penalty of perjury the foregoing is true.

DATED: Honolulu, Hawaii, August 19, 2008.

                                             /s/ Carl M. Varady
                                             CARL M. VARADY

# **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that on the date indicated below, a true and correct copy of the foregoing document was duly served upon the following parties via CM/ECF:

>Holly T. Shikada, Esq.  holly.t.shikada@hawaii.gov,
>Cheryl.H.Oeda@hawaii.gov
>Michael.t.burke@hawaii.gov
>Deputy Attorneys General
>235 S. Beretania Street, Room 304
>Honolulu, Hawai'i 96813
>
>Gregg M. Ushiroda, Esq. gushiroda@wik.com
>Daniel K. Obuhanych dobuhanych@wik.com
>Leighton M. Hara, Esq. lhra@wik.com
>rgeorge@wik.com
>First Hawaiian Center, 23rd Fl.
>999 Bishop Street
>Honolulu, Hawai'i 96813
>
>KENNETH ROBBINS, ESQ.
>Kenneth Robbins & Associates
>Davies Pacific Center
>841 Bishop Street, Suite 2200
>Honolulu, Hawaii 96813
>krobbins@robbinsandassociates.net
>
>Attorneys for Defendants

DATED:     Honolulu, Hawaii, August 19, 2008.

>/s/  Carl M. Varady
>CARL M. VARADY