404922.2

**MARK J. BENNETT**       #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**         #4391-0
**GEORGE S. S. HOM**      #2487-0
**HOLLY T. M. SHIKADA**   #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**    #1624-0
**GREGG M. USHIRODA**   #5868-0
**LEIGHTON M. HARA**    #7826-0
**ROSS T. SHINYAMA**    #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**         #1000-0
**JOHN-ANDERSON L. MEYER**     #8541-0
**SERGIO RUFO**                #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO MINUTE ORDER #597 DATED AUGUST 25, 2008; DECLARATION OF GREGG M. USHIRODA; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>TRIAL: September 9, 2008<br>JUDGE: Honorable Alan C. Kay |

**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE
TO MINUTE ORDER #597 DATED AUGUST 25, 2008**

COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys, WATANABE ING LLP and ROBBINS AND ASSOCIATES, and hereby submits its Response to Minute Order #597 dated August 25, 2008 (the "Response").

The DOE has received the Court's Minute Order filed August 25, 2008 (the "Order"), which instructs the parties to submit a list of the Motions in Limine, Objections to Exhibits, Jury Instructions, and Objections to Jury Instructions that will be withdrawn in light of the Joint Exhibits and Joint Jury Instructions. The Court has ordered the presentation of this list because of the seemingly contradictory positions taken in the parties' Joint Exhibits/Joint Jury Instructions and certain Motions in Limine, Objections to Exhibits, Jury Instructions, and Objections to Jury Instructions.

- 2 -

The DOE respectfully submits this Response to clear up any confusion that the parties may have caused the Court as a result of their joint filings.  Further, as a result of this Response, the DOE respectfully submits that there are no Motions in Limine, Objections to Exhibits, Jury Instructions, and/or Objections to Jury Instructions that need to be withdrawn in light of the Joint Exhibits and Joint Jury Instructions.

In its Order, the Court referenced two seemingly contradictory positions taken by the parties in their Joint Exhibit List.  Specifically, the Court states that "the parties object to the testimony of various experts, such as Dr. LeGoff and Dr. Goka, yet have filed their reports as Joint Exhibits."  Further, the Court states that "Defendant has moved to exclude all reference to the IDEA, yet the parties include several Settlement Agreements, Administrative Decisions, and Individualized Education Plan Reports in the Joint Exhibits."  In their meet and confer on July 30, 2008, and in stipulating to the exhibits listed in their Joint Exhibit List, both parties stipulated **only** to the authenticity of the exhibits.  See Declaration of Gregg M. Ushiroda at ¶ 2.  The parties did **not** stipulate to the admissibility of the exhibits.  See id.  Both parties agreed that the filing of the Joint Exhibits would not act as a waiver of any objections the parties may have regarding the admissibility of the exhibits listed.  See id.

Accordingly, to the extent that the parties' Joint Exhibit List includes the expert reports of Dr. LeGoff and Dr. Goka, and IDEA Settlement Agreements, Administrative Decisions, and Individualized Education Plan Reports, the parties stipulated only to their authenticity, reserving their right to object to the admissibility of any exhibits listed.  Both parties entered into such a stipulation to reduce the volume of paper with which the Court would be burdened.

In highlighting another seemingly contradictory position taken in the DOE's submissions to the Court, the Court states that "the parties Joint Jury Instruction No. 7 adopts the motivating factor language, whereas Defendants Requested Jury Instruction No. 34 states that retaliatory animus must be the sole cause for the adverse action."  The DOE submitted several jury instructions concerning both the "sole reason" test and the "motivating factor" test pursuant to the direction of the Ninth Circuit in its Ninth Circuit Manual of Model Civil Jury Instructions (the "Ninth Circuit Manual").  See Comments to the Ninth Circuit Manual, Jury Instruction No. 10.1 A, a true and correct copy of which is attached as Exhibit "A" to the Declaration of Gregg M. Ushiroda.  The Ninth Circuit Manual states, citing Costa v. Desert Palace, Inc., 299 F.3d 838 (9th Cir. 2002)(en banc), aff'd, 539 U.S. 90 (2003), "[t]he choice of instruction [i.e., "sole reason" or "motivating factor"] will

depend on the evidence offered at trial."  See id.  "Thus, '[a]fter hearing both parties' evidence, the district court must decide what legal conclusions the evidence could reasonably support and instruct the jury accordingly.'"  See id. (citation omitted).

Accordingly, the DOE submitted to the Court jury instructions on both the "sole reason" and "motivating factor" tests.  To the extent that the Court determines that the "motivating factor" test is proper based on the evidence adduced at trial, the parties agree that Joint Jury Instruction No. 7 is a proper jury instruction on the "motivating factor" test.

It is the DOE's hope that this Response clears up any confusion that the parties may have caused the Court, and clarifies the seemingly contradictory positions taken by the parties in their filings to the Court.  Thus, the DOE respectfully submits that there are no Motions in Limine, Objections to Exhibits, Jury Instructions, and/or Objections to Jury Instructions that need to be withdrawn in light of the Joint Exhibits and Joint Jury Instructions.

In the event the Court would like further explanation, or if this Response does not address the Court's concerns to Your Honor's satisfaction, the DOE respectfully requests the

- 5 -

opportunity to submit a supplemental response further explaining the issues and/or addressing the Court's concerns.

DATED: Honolulu, Hawaii, August 26, 2008.

    /s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant