# Ninth Circuit Manual of

# Model Jury Instructions

# Civil

2007


EXHIBIT A

### 10.1A  CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—WHERE EVIDENCE SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR"

The plaintiff has brought a claim of employment discrimination against the defendant.  The plaintiff claims that [his] [her] [[race] [color] [religion] [sex] [national origin]] was either the sole reason or a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff.  The defendant denies that the plaintiff's [[race] [color] [religion] [sex] [national origin]] was either the sole reason or a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff [and further claims the decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff was based upon [a] lawful reason[s]].

### Comment

Use this instruction and Instructions 10.1B (Disparate Treatment—"Sole Reason"—Elements and Burden of Proof) and 10.1C (Disparate Treatment—"Motivating Factor"—Elements and Burden of Proof) whenever the Title VII claim is based on disparate treatment.

For a definition of "adverse employment action" in disparate treatment cases, *see* Instruction 10.4A.2.

In *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856–57 (9th Cir.2002) (en banc), *aff'd,* 539 U.S. 90 (2003), the Ninth Circuit clarified the role of jury instructions on causation in Title VII cases.  The court may provide either a "single motive" or "mixed motive" instruction.  *Costa* explained that "mixed" and "single" motives are not two "fundamentally different" theories of liability.  *Id.* at 857.  Instead, they are merely two avenues of instruction by which the plaintiff may meet the ultimate burden of proof: "to show by a preponderance of the evidence that the challenged employment decision was 'because of' discrimination." *Id.*; *see also* 42 U.S.C. § 2000e-3(a) (prohibiting discrimination "because of" protected activity).  The choice of instruction will depend on the evidence offered at trial.

Thus, "[a]fter hearing both parties' evidence, the district court must decide what legal conclusions the evidence could reasonably support and instruct the jury accordingly." *Costa*, 299 F.3d at 856.

> If, based on the evidence, the trial court determines that the only reasonable conclusion a jury could reach is that discriminatory animus is the sole cause for the challenged employment action or that discrimination played no role at all in the employer's decisionmaking, then the jury should be instructed to determine whether the challenged action was taken "because of" the prohibited reason. . . .
>
> In contrast, in cases in which the evidence could support a finding that discrimination is one of two or more reasons for the challenged decision, at least one of which may be legitimate, the jury should be instructed to determine first whether the discriminatory

reason was "a motivating factor" in the challenged action. If the jury's answer to this question is in the affirmative, then the employer has violated Title VII. . . .

*Id.* at 856–57. A motivating factor is a factor that "played a part in the employment decision." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) (plurality opinion).

However, if the plaintiff prevails when the jury is given a mixed motive instruction, the defendant may be afforded an opportunity to prove "by a preponderance of the evidence that it would have made the same decision even if it had not taken the plaintiff's gender into account." *Costa,* 299 F.3d at 848; *cf. Galdamez v. Potter*, 415 F.3d 1015, 1021 (9th Cir.2005) ("same decision" instruction need only be given if requested by the employer and supported by the evidence at trial). If the defendant proves that it would have made the same decision in the absence of a discriminatory motive, the Civil Rights Act of 1991 limits the plaintiff's remedies to declaratory or injunctive relief, as well as attorneys' fees and costs. 42 U.S.C. § 2000e-5(g)(2)(B) (modifying *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)). *See also Washington v. Garrett*, 10 F.3d 1421, 1432 n.15 (9th Cir.1993) (discussing development of the "same decision" defense from *Price Waterhouse* through the 1991 Act).

The judge should consider providing the jury with the following special verdict form to determine the jury's findings on the question of sole or mixed motive.

**Special Verdict**

      1.    Has the plaintiff proved by a preponderance of the evidence, that the plaintiff's [[race] [color] [religion] [sex] [national origin]] was the sole reason for the defendant's decision to [*state adverse action*]?

      _____    _____
      Yes          No

If the answer to Question No. 1 is "yes," proceed to Question No. 5. If the answer to Question No. 1 is "no," proceed to Question No. 2.

      2.    Has the plaintiff proved by a preponderance of the evidence that the plaintiff's [[race] [color] [religion] [sex] [national origin]] was a motivating factor for the defendant's decision to [*state adverse action*]?

      _____    _____
      Yes          No

If the answer to Question No. 2 is "no," do not answer any further questions on [*the plaintiff's claim of disparate treatment*]. If the answer to Question No. 2 is "yes," proceed to Question No. [*if same decision affirmative defense applies:* 3] [*if same decision affirmative defense does not apply:* 5]

185

[*If "same decision" affirmative defense applies, add Question 3, and if appropriate, Question 4:*]

  3.  Has the defendant proved by a preponderance of the evidence that the defendant's decision to [*state adverse action*] was also motivated by a lawful reason?

  _____    _____
  Yes         No

If your answer to Question No. 3 is "no," proceed to Question No. 5.  If your answer to Question No. 3 is "yes," proceed to Question No. 4.

  4.  Has the defendant proved, by a preponderance of the evidence, that the defendant would have made the same decision to [*state adverse employment action*] even if the plaintiff's [[race] [color] [religion] [sex] [national origin]] had played no role in the defendant's decision to [*state adverse employment action*] ?

  _____    _____
  Yes         No

If your answer to Question No. 4 is "yes," do not answer any further questions on damages related to the plaintiff's claim of disparate treatment.

If your answer to Question No. 4 is "no", proceed to Question 5.

  5.  [*The judge should draft further special verdict questions to cover damages, including punitive damages if appropriate.*]


DATED: _____                    _____
                                              PRESIDING JUROR