CARL M. VARADY                                   4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
e-mail: carl@varadylaw.com

Of Counsel:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                                 1152-0
MICHAEL K. LIVINGSTON                            4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                    Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                    Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>**PLAINTIFFS' RESPONSE TO COURT'S ENTERING ORDER OF AUGUST 25, 2008, RE EXHIBITS, MOTIONS IN LIMINE AND JURY INSTRUCTIONS; CERTIFICATE OF SERVICE**<br><br>**TRIAL DATE: September 9, 2008**<br>**JUDGE: Hon. Alan C. Kay** |

## PLAINTIFFS' RESPONSE TO COURT'S ENTERING ORDER OF AUGUST 25, 2008, RE EXHIBITS, MOTIONS IN LIMINE AND JURY INSTRUCTION

Plaintiffs, after consultation with Defendant, submit the following response to the Court's Entering Order of August 25, 2088, regarding inconsistencies in submission of exhibits, motions in limine and jury instructions.

### A.     EXHIBITS

Prior to the February 29, 2008, trial, although they had agreed to stipulate to authenticity of exhibits for purposes of trial, the parties submitted no joint exhibits. The Court expressed dissatisfaction with this approach during subsequent proceedings, noting the unnecessary duplication caused by this approach. Subsequently, Magistrate Judge Kurren, at the pre-trial conference on July 14, 2008, reiterated the Court's concerns and ordered the parties to meet and confer and submit to the Court wherever possible, joint exhibits. The parties understood this directive as an order to submit as joint exhibits those exhibits that both parties would seek to use at trial.

To address the Court's concerns in good faith, the parties met and conferred at length, identifying what they believed to be exhibits that were being submitted by both parties and combining them into a joint exhibit submission. Because of the five years of educational records and three years of additional litigation records, including written discovery, experts' reports, rulings and depositions, this review involved comparison of more than 850 documents. Both Plaintiffs and Defendant made their best efforts to identify exhibits that both would seek to use at trial and presented them as joint exhibits for the Court's and jury's convenience and to enhance trial efficiencies.

On August 3, 2008, the parties submitted to the Court a joint exhibit list containing 122 exhibits that both parties had identified for use at trial. On August 4,

2008, the Plaintiffs subsequently submitted their own exhibit lists containing exhibits that, to the best of their knowledge, contained neither duplicates of exhibits on the joint list nor of exhibits submitted by Defendant. One week later, on August 11th, the parties submitted their objections to each other's exhibits.

The Court has raised three concerns in its Entering Order regarding exhibits and objections: (1) continuing burdensomeness due to the number of the individual exhibits and objections; (2) inconsistencies between exhibits submitted and objections made; and (3) inconsistencies between exhibits submitted as joint exhibits and motions in limine regarding experts and other issues.

Plaintiffs understand the Court's consternation at the submission of an objection by a party to an exhibit submitted individually or jointly by that party. Plaintiffs have examined their objections and have identified one exhibit submitted by Plaintiffs to which Plaintiffs objected in error, when reviewing Defendant's individual exhibit list. Objections to this exhibit are hereby withdrawn. Also included in this list are objections that are being withdrawn to relieve the Court from having to make unnecessary rulings and, reducing the Court's pre-trial work load by some modest amount:

| Exh. No. | DESCRIPTION | PURPOSE FOR WITHDRAWING OBJECTION |
|---|---|---|
| D630a | Facsimile dated 8/31/00 from Mahea Edwards to Jim Palmer & Art Souza with handwritten notes by Judi Radwick [DOE 1795-1798] | Unnecessary |
| D632 | Memo dated 10/06/00 from Mahea Edwards to Jim Palmer, Frankie Downing and Judi Radwick [DOE1764] | Unnecessary |

| | | |
|---|---|---|
| D633 | Email dated 10/06/00 from Mahea Edwards to Alvin Rho re: Wiles-Bond (Autism) [DOE 1754 and part of Rho Depo Exhibit A] | Unnecessary |
| D635a | 10/26/00 & 10/30/00 Emails between Mahea Edwards and Frances Downing (cc Rebecca Pierson) re: BWB [DOE 1756 – DOE 1757] | Unnecessary |
| D638 | Alvin Rho Emails dated 5/23/01, 5/24/01 & 5/29/01 [Rho Depo Exhibit A, DOE 1743-1753] | Unnecessary |
| D672 | Memo dated 4/22/03 from Colleen Matsushita to Hawaii Tribune Herald Classified Dept re: Circulation of Recruitment Ad for Skills Trainers [DOE 0377] | Unnecessary |
| D688 | Memo dated 11/21/03 from Judith Radwick to West Hawaii Complex Area Principals, Vice-Principals, Special Education Teachers and SASAs re: Ad & Flyer for Part-Time Positions [DOE 2140-2141] | Unnecessary |
| D705 | Service Verification Form for Kim Smalley, dated 3/04/04 [Records from Child & Family Service, p 20] | Unnecessary |
| D716a | Facsimile dated 6/14/04 from Desiree Baez to Bob Gentzel re: Request for Due Process [DOE 2800-2804] | Unnecessary |
| D716c | Facsimile dated 6/15/04 from Alvin Rho to JoAn Hill/Judi Radwick with attached "Request for Immediate Impartial Hearing" [DOE 2790-2793] | Unnecessary |
| D726 | Affidavit of Publication verifying circulation of Ads for Skills Trainers, signed 7/14/04 [DOE 0436] | Unnecessary |
| D727 | Invoices dated 7/16/04 for Procurement of Services from Child & Family Services [DOE 2444-2447] | Unnecessary |

| D738 | Facsimile dated 7/30/04 from Desiree Baez to Danielle Doucette re: sample vendor invoices [DOE 2379-2384] | Unnecessary |
| D774 | Letter dated 9/22/04 from Robert Gentzel to Stanley Bond re: isolating Bryan [DL 02439-02440] | Unnecessary |
| D777b | E-mail dated 9/27/04 from Jennifer Harris to June Callan (cc Kate Tolentino) [DOE 0580] | Unnecessary |
| D853 | Resume of Danielle Doucette and letter of Recommendation [DOE 0329-0333] | Exhibit 305, Plaintiffs Exhibits |
| D880 | Written Records of Pacific Child & Family Associates, taken 6/22/06 | Unnecessary |

As to the effect of exhibits submitted on pending motions in limine, neither Plaintiffs nor Defendants considered the submission of a joint exhibit a waiver of objections to testimony otherwise set forth in motions in limine. In particular, by submitting the reports and curricula vitae of Dr. Richard Goka and Bryna Siegel, Ph.D., Plaintiffs did not waive their objections to testimony by these witnesses. Plaintiffs and Defendants submitted their reports and CVs as joint exhibits with the common understanding that they were addressing the Court's instruction to, wherever they were intending to use the exhibits, that those be submitted jointly. Neither Plaintiff nor Defendant assumed they would be admitted without the foundational testimony required by FRE 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 2799 (1993). *Daubert* requires that the Court's gate-keeping function be fulfilled and rulings made that FRE 702 and 703 are satisfied before this evidence can go to the jury. *Id.*

Plaintiffs continue to assert that the testimony of Dr. Goka and Dr. Siegel is improper for reasons set forth in their motions in limine. These motions, like Defendant's, have not been considered or ruled upon. Given the scheduling of these

5

events, the parties could only fulfill the Magistrate Judge's directive to submit all common exhibits jointly on August 3rd, when they were due, irrespective of when motions in limine would be heard. Had Plaintiffs not submitted these joint exhibits, in violation of that directive, and, instead gambled, Plaintiffs would not have had the use of their reports in their case in chief if their motions to exclude the testimony of Dr. Goka and Dr. Siegel been denied. The CVs and reports would not have been on Plaintiffs' list and, assuming the *Daubert* requirements for testimony were satisfied, Plaintiffs would only be able to cross-examine by testimony without the reports or CVs.

Instead, Plaintiffs and Defendant did as they understood they had been ordered to do, and submitted the reports and CVs, so as not to be precluded from using these exhibits, rather than withholding them and gambling that the motions would be granted. While Plaintiffs understand the Court's concerns regarding the seeming inconsistency, Plaintiffs' only choice here was to follow the Court's directive. They did so without conceding the propriety of the expert testimony or waiving foundational requirements; while, at the same time, making sure that if their motions were denied, they would have the reports and CVs available for their case in chief, and not face the other scenario of being forced to go forward without the use of these important exhibits because they had not been submitted. All common exhibits were submitted jointly without waiving objections to witness testimony to avoid this obvious pitfall.[1]

Should the Court be unpersuaded that, by filing joint exhibits, the parties did not intend to waive objections to foundational requirements for expert witness testimony or abandon arguments in their motions in limine that Defendant's experts should be struck, Plaintiffs respectfully request that they and Defendant be permitted

---

[1] An amended Plaintiffs' Exhibit List will be prepared and submitted forthwith reflecting the deletions set forth above.

6

to withdraw from the joint exhibits, expert reports, CVs and any other documents that would support the contention that their arguments to exclude the other party's experts' testimony was not fully preserved.  The issues of expert testimony should be considered in light of the motions in limine, not the exhibits submitted by the parties.

As to the conclusion that, by introducing vast numbers of documents referring to IDEA, the Defendant has waived objection to mentioning IDEA, Plaintiffs agree with the Court.  In doing so, Plaintiffs do not contend that the IDEA provides a decisional basis for the jury, only that mentioning the statute in the instant case, is reasonable, given Defendant's extensive use of documents noting and referring to the statute, as long as the jury instructions do not refer to IDEA as a basis for liability or damages.

Finally, Plaintiffs do not agree that the joint exhibits were submitted only as a means of addressing authenticity.  The joint exhibits are admitted unless, in the case of the experts' reports and CVs, the *Daubert* and the Rules of Evidence require further findings before the evidence can be presented to the jury.

B.     **JURY INSTRUCTIONS.**

Plaintiffs have reviewed their jury instructions and believe that they are not inconsistent with Plaintiffs' joint or individual exhibits, Plaintiffs' objections to Defendant's exhibits or the motions in limine submitted by Plaintiffs.  Plaintiffs agree, for reasons currently set forth in their objections to Defendant's proposed jury instructions, that Defendant's proposed instructions are both internally inconsistent and inaccurate statements of the law and this Court's Orders.  Defendant's proposed instructions reiterate points of law this Court already has rejected in ruling on Defendant's motion to dismiss or for summary judgment.  It appears that Defendant does not accept the substance of the Court's April 29, 2008, Order denying Defendant's motion.  As Defendant has continued its arguments and legal positions through its proposed jury instructions, Plaintiffs cannot withdraw their objections to

any of Defendant's proposed jury instructions without being accused of waiving arguments on which the Court already has ruled in Plaintiffs' favor. Plaintiffs' believe their objections are fully justified by the law and this Court's prior rulings.

### C.  MOTIONS IN LIMINE.

For reasons set forth in detail above, Plaintiffs do not believe that the submission of any joint exhibit waived or otherwise should affect the objections to evidence set forth in their motions in limine.

DATED: Honolulu, Hawai'i, August 26, 2008.

/S/ Carl M. Varady
STANLEY E. LEVIN
CARL M. VARADY
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that a true and correct copy of the foregoing document was duly served upon the following parties on the date indicated below by electronic filing via CM/ECF:

Holly T. Shikada, Esq.  holly.t.shikada@hawaii.gov,
Cheryl.H.Oeda@hawaii.gov
Michael.t.burke@hawaii.gov
Deputy Attorneys General
235 S. Beretania Street, Room 304
Honolulu, Hawaii 96813

Gregg M. Ushiroda, Esq. gushiroda@wik.com
Daniel K. Obuhanych dobuhanych@wik.com
Leighton M. Hara, Esq. lhra@wik.com
rgeorge@wik.com
First Hawaiian Center, 23rd Fl.
999 Bishop Street
Honolulu, Hawaii 96813

KENNETH ROBBINS, ESQ.
Kenneth Robbins & Associates
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
krobbins@robbinsandassociates.net

Attorneys for Defendants

DATED:    Honolulu, Hawaii, August 26, 2008

                                        /s/ Carl M. Varady
                                        CARL M. VARADY
                                        STANLEY E. LEVIN
                                        MICHAEL K. LIVINGSTON
                                        Attorneys for Plaintiffs