404779.1

**MARK J. BENNETT**        #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**          #4391-0
**GEORGE S. S. HOM**       #2487-0
**HOLLY T. M. SHIKADA**    #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**     #1624-0
**GREGG M. USHIRODA**    #5868-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: mailto:gushiroda@wik.com

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**        #1000-0
**JOHN-ANDERSON L. MEYER**    #8541-0
**SERGIO RUFO**               #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net

Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>Defendants. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE TO MINUTE ORDER #593 DATED AUGUST 19, 2008; CERTIFICATE OF SERVICE**<br><br>**TRIAL: September 9, 2008**<br>**JUDGE: Honorable Alan C. Kay** |

**DEFENDANT DEPARTMENT OF EDUCATION'S RESPONSE**
**TO MINUTE ORDER #593 DATED AUGUST 19, 2008**

COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through its attorneys WATANABE ING LLP and ROBBINS AND ASSOCIATES, and hereby submits its Response to Minute Order #593 dated August 19, 2008 (the "Response").

The DOE has received the Court's Minute Order filed August 19, 2008 (the "Order"), which instructs the parties to submit an additional jury instruction that would adequately address any jury confusion regarding the Individuals with Disabilities Education Act ("IDEA") as compared to Section 504 of the Rehabilitation Act of 1973 ("Section 504"). The DOE respectfully submits that no jury instruction will adequately address the certain jury confusion to arise if Plaintiffs are

allowed to present any evidence and/or testimony regarding the IDEA and its requirements.  Indeed, any jury instruction contemplated by the Court's Order will be given to the jury <u>after</u> Plaintiffs have presented their evidence and/or testimony regarding the IDEA and its requirements.  As a result, the jury will undoubtedly be confused by the countless evidence and/or testimony regarding the IDEA and its requirements before any contemplated jury instruction is introduced.  There is no jury instruction that will be able to redress the jury confusion that is certain to arise.

Without conceding the above position, however, if the Court finds that a jury instruction will adequately address any jury confusion regarding the IDEA as compared to Section 504, the DOE respectfully submits that any such jury instruction should read as follows:

> The IDEA and its requirements, including, but not limited to, any settlement agreements, hearings officer decisions, and/or Individualized Education Programs ("IEPs"), including any and all educational and related services required under Bryan's IEPs, are irrelevant to Plaintiffs' instant Section 504 claim.  Section 504 requires the DOE to provide a qualified disabled student with meaningful access to a regular public education through reasonable accommodations that meet the disabled student's needs as adequately as the needs of non-disabled students are met.  Reasonable accommodations do not require the DOE to fundamentally or substantially modify the regular public education provided to non-disabled students.

3

The IDEA, on the other hand, requires the DOE to provide the disabled student with all educational and related services that meet the needs of the disabled student regardless of whether those needs are also that of a non-disabled student.

In the event the Court would like further explanation, or if this Response does not address the Court's concerns to Your Honor's satisfaction, the DOE respectfully requests the opportunity to submit a supplemental response further explaining the DOE's position and/or addressing the Court's concerns.

DATED: Honolulu, Hawaii, August 27, 2008.

/s/Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant