Of Counsel:
CARL M. VARADY                    4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
Fax:  (808) 523-8448
Email: carl@varadylaw.com

DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN                  1152-0
MICHAEL K. LIVINGSTON             4161-0
851 Fort Street, Suite 400
Honolulu, Hawai'i  96813
Telephone:  (808) 524-7500
Fax:  (808) 545-7802
Email: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>               Plaintiffs,<br>     vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>               Defendant. | Civil No. CV 04-00442 ACK/BMK<br>Civil No. CV 05-00247 ACK/BMK<br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM ON LAW IN SUPPORT OF REQUEST FOR SUPPLEMENTAL VOIR DIRE FOR CAUSE; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: September 9, 2008<br>JUDGE: Hon. Alan C. Kay |

**PLAINTIFFS' MEMORANDUM ON LAW IN SUPPORT OF REQUEST
FOR SUPPLEMENTAL VOIR DIRE FOR CAUSE**

Plaintiffs ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son BRYAN WILES-BOND (Plaintiffs), by and through their undersigned counsel, hereby submit this memorandum of law in support of additional voir dire for challenges for cause. Plaintiffs submit this memorandum in support of their request for such voir dire and in advance of the Court's final pre-trial conference on September 3, 2008, to apprise the Court of the law supporting Plaintiffs' request.

## MEMORANDUM.

This case is the first case seeking damages under Section 504 of the Rehabilitation Action to be heard by a jury in Hawai'i. As the jurors may include state employees, their spouses, children or close relatives and as the damages sought will be paid by the state, there is a significant concern on the part of Plaintiffs that employees and tax payers of the state may be reluctant to make an award of damages consistent with the harm alleged by Plaintiffs. To avoid the possibility that jurors are predisposed against finding liability, any award of damages or an award of significant damages consistent with Plaintiffs' request, Plaintiffs are seeking additional limited voir dire for cause.

Specifically, Plaintiffs request that the parties be permitted limited voir dire where it becomes apparent that:

1. A juror indicates during panel voir dire that his or her spouse, children or close relatives are employees of the state or retirees from state employment;

2. A juror indicates during panel voir dire that s/he has strong philosophical, political, moral beliefs, against lawsuits for damages or believes that it is wrong to sue for money damages;

3. A juror indicates during panel voir dire that s/he might be unwilling or unable to award damages, perhaps in the millions of dollars, against the State of Hawaiʻi in the same manner as you would against a private party;

4. A juror indicates during panel voir dire that the State of Hawaiʻi and its Department of Education (DOE) should not be sued;

5. A juror indicates during panel voir dire that s/he has philosophical, political or moral beliefs that it is wrong to compensate people who are injured by the actions or inactions of the State; or

6. A juror indicates during panel voir dire the s/he has philosophical, political or moral beliefs that would make the juror reluctant to follow the instructions of the Court.

The Ninth Circuit has explained that once a juror has disclosed such bias in fact, the juror must make an unequivocal commitment to set that bias aside and act with "entire impartiality," or be excluded from participating on the jury panel.  The appellate court has explained:

> We have defined actual bias as, in essence, "'bias in fact' -- the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000) (*quoting United States v. Torres*, 128 F.3d 38, 43 (2d Cir. 1997) (internal quotation marks omitted). Actual bias is typically found when a prospective juror states that he can not be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view.  The determination of whether a juror is actually biased is a question of fact, Dyer, 151 F.3d at 973, that we review for "manifest error" or abuse of discretion, Gonzalez, 214 F.3d at 1112.

*Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007).

> A juror is considered to be impartial "only if he can lay aside his opinion and render a verdict based on the evidence presented in court . . . ." *Patton v. Yount*, 467 U.S. 1025, 1037 n. 12, 81 L. Ed. 2d 847, 104 S. Ct. 2885 (1984). "Doubts regarding bias must be resolved against the juror." *Burton*, 948 F.2d at 1158. When a juror is unable to state that she will serve fairly and impartially despite being asked repeatedly for such assurances, we can have no confidence that the juror will "lay aside" her biases or her prejudicial personal experiences and render a fair and impartial verdict.

*United States v. Gonzalez*, 214 F.3d 1109, 1114 (9th Cir. 2000).   In *Gonzales,* the Ninth Circuit reversed the jury's verdict because of such bias in fact had been identified, but the juror did not unequivocally renounce her bias before being

permitted to sit on the jury. The Court focused on the juror's inability or refusal to answer unequivocally that she could set aside incidents from her personal history when in deliberations.

During jury selection in *Gonzalez,* a drug case, the district court asked the prospective jurors whether they or anyone to whom they were close had any experience with illegal drugs. Among those who responded affirmatively was juror Camacho, who subsequently told the court that her ex-husband, the father of her five year old daughter, had both used and dealt cocaine during their marriage. His involvement in drug trafficking was, she testified, one of the reasons for their divorce approximately four years earlier. Upon questioning by the court, Camacho admitted that the experience was a painful one. At that point, appropriately concerned by her answers, the district judge asked her three times whether she could put her personal experience aside and serve impartially. Each time, she responded equivocally:

> The Court: *Do you think you can put that aside and view*
> *Mr. Gonzalez fairly, and view the government's case*
> *fairly?*
>
> Camacho: *I will try to.*

>  The Court:  *Okay. Well, any - any doubt in your mind about that? I mean, that's - that's pretty - a case of drugs being pretty close and touching your life. But again you're not being asked to rehash those problems, you're not being asked to decide whether drugs are good or bad. You're just going to hear evidence as to whether Mr. Gonzalez did or did not deal with drugs.*
>
>  Camacho:  *Right. I'll try.*
>
>  The Court:  *Do you think you can do that fairly?*
>
>  Camacho:  *I'll try.*

Camacho never stated affirmatively that she could put aside her personal experiences, nor did she ever state that she could be fair or impartial.  *Id.* at 1111.

As the appellate court explained, challenges for cause are the means by which partial or biased jurors should be eliminated.  *Id.*  Disqualification for cause "requires a showing of either actual or implied bias - 'that is . . . bias in fact or bias conclusively presumed as a matter of law.'"  *Id.* (*citing* 47 AM. JUR. 2D JURY § 266 (1995)).  Actual bias, the more common ground for finding cause, is essentially "'bias in fact' - the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *Gonzalez*, 214 F.3d

at 1112 (*quoting United States v. Torres*, 128 F.3d 38, 43 (2d Cir. 1997)). A juror is considered to be impartial "only if he can lay aside his opinion and render a verdict based on the evidence presented in court . . ." *Gonzalez*, 214 F.3d at 1114 (*citing Patton v. Yount*, 467 U.S. 1025, 1037 n.12, 104 S. Ct. 2885, 81 L. Ed. 2d 847 (1984)). Thus, "actual bias is typically found when a prospective juror states that he cannot be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view." *Fields v. Brown*, 503 F.3d 755, 7667(9th Cir. 2007). Moreover, doubts regarding a juror's bias must be resolved against the juror. 214 F.3d at 1114.

      A trial court is obligated to excuse a prospective juror if actual bias is discovered during voir dire. *See Howell*, 231 F.3d at 628 (*quoting United States v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977)). If it appears to the trial court that a prospective juror will not be impartial, the juror must be removed for cause, regardless of whether his impartiality benefits the government or the defendant. *United States v. Rosenthal*, 2007 U.S. Dist. LEXIS 49427, at *5 (N.D. Cal. 2007) (*citing Gonzalez*, 214 F.3d at 1112; *Howell*, 231 F.3d at 627). Further, because there are instances where juror bias may not be proved with "unmistakable clarity," deference must be paid to the trial judge who sees and hears the juror and is "left with the definite impression that a prospective juror would be unable to faithfully

and impartially apply the law." *Witt*, 469 U.S. at 425-26; *Gonzalez*, 214 F.3d at 1112 (Because determinations of impartiality may be based in large part upon demeanor, Ninth Circuit typically accords deference to district court's determinations, and reviews a court's findings regarding actual juror bias 'for manifest error' or abuse of discretion); *Fields,* 503 F.3d at 767 (determination of actual bias is a question of fact, reviewed for manifest error or abuse of discretion).

The most effective means of avoiding bias in fact, and objections to such bias should the case be appealed is to permit the attorneys should individual voir dire to address any objections based on such bias. By permitting the attorneys to do so, the Court fulfills its obligation to exclude jurors who have not unequivocally renounced their bias in fact, while at the same time, avoiding any objection on appeal that the method of identifying and eliminating such bias was inadequate or unfair. Plaintiffs would request only a short voir dire of no more than 6 follow-up questions, after a specific request to and leave of the Court, in the case where during the panel voir dire that an individual juror exhibits bias in fact.

Dated: Honolulu, Hawai'i, August 29, 2008.

/s/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

IT IS CERTIFIED that a true and correct copy of the foregoing document was duly served upon the following parties on the date indicated below by electronic filing via CM/ECF:

>Holly T. Shikada, Esq.  holly.t.shikada@hawaii.gov,
>Cheryl.H.Oeda@hawaii.gov
> Michael.t.burke@hawaii.gov
>Deputy Attorneys General
>235 S. Beretania Street, Room 304
>Honolulu, Hawai'i 96813
>
>Gregg M. Ushiroda, Esq. gushiroda@wik.com
>Daniel K. Obuhanych dobuhanych@wik.com
>Leighton M. Hara, Esq. lhra@wik.com
>rgeorge@wik.com
>First Hawaiian Center, 23rd Fl.
>999 Bishop Street
>Honolulu, Hawai'i 96813
>
>KENNETH ROBBINS, ESQ.
>Kenneth Robbins & Associates
>Davies Pacific Center
>841 Bishop Street, Suite 2200
>Honolulu, Hawaii 96813
>krobbins@robbinsandassociates.net


Attorneys for Defendants

DATED:    Honolulu, Hawai'i, August 29, 2008.

>/s/ Carl M. Varady
>CARL M. VARADY