405271.1

**MARK J. BENNETT**       #2672-0
Attorney General, State of Hawaii

**GARY K.H. KAM**         #4391-0
**GEORGE S. S. HOM**      #2487-0
**HOLLY T. M. SHIKADA**   #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail: Gary.K.Kam@hawaii.gov


WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**      #1624-0
**GREGG M. USHIRODA**     #5868-0
**LEIGHTON M. HARA**      #7826-0
**ROSS T. SHINYAMA**      #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com


Of Counsel:
ROBBINS & ASSOCIATES
Attorneys At Law
A Law Corporation

**KENNETH S. ROBBINS**          #1000-0
**JOHN-ANDERSON L. MEYER**      #8541-0
**SERGIO RUFO**                 #8211-0
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Telephone No. (808) 524-2355
Facsimile No. (808) 526-0290
E-Mail: defend@robbinsandassociates.net


Attorneys for Defendant
DEPARTMENT OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>        Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>(Other Civil Action)<br><br>**DEFENDANT DEPARTMENT OF EDUCATION'S PROPOSED LIMITING INSTRUCTION REGARDING THE FELIX CONSENT DECREE; CERTIFICATE OF SERVICE**<br><br>**TRIAL: September 9, 2008**<br>**JUDGE: Honorable Alan C. Kay** |

**DEFENDANT DEPARTMENT OF EDUCATION'S PROPOSED LIMITING INSTRUCTION REGARDING THE FELIX CONSENT DECREE**

COMES NOW Defendant DEPARTMENT OF EDUCATION ("DOE"), by and through their attorneys, WATANABE ING LLP and ROBBINS AND ASSOCIATES, and hereby submit their Proposed Limiting Instruction Regarding the Felix Consent Decree.

On September 3, 2008, this Court DENIED in Part, and GRANTED in Part, Defendant Department of Education's Motion in Limine #1 to Exclude Reference to the Felix Consent Decree and Contempt Order dated June 1, 2000 (the "Motion"). In its ruling, the Court held that evidence of the Felix Consent Decree and Contempt Order is relevant <u>only</u> to the issue of whether the DOE knew that harm to Bryan's rights under Section 504 was substantially likely. The Court provided the DOE with the opportunity to submit a limiting instruction reflecting this

limitation.  The DOE now submits the following proposed limiting instruction:

> Throughout this trial, you will hear references to and evidence of the Felix Consent Decree and Contempt Order ("Felix Consent Decree").  The Felix Consent Decree was created to remedy systematic problems in state education and mental health programs; it was not meant to apply to individual problems of specific class members.
>
> With respect to this lawsuit, you may only consider evidence of the Felix Consent Decree and Contempt Order as it relates to the issue of whether the DOE knew that harm to Bryan's rights under Section 504 was substantially likely.  You must not consider evidence of the Felix Consent Decree for any other purpose.

DATED:  Honolulu, Hawaii, September 5, 2008.

        /s/GREGG M. USHIRODA
MELVYN M. MIYAGI
GREGG M. USHIRODA
LEIGHTON M. HARA
ROSS T. SHINYAMA

KENNETH S. ROBBINS
JOHN-ANDERSON L. MEYER
SERGIO RUFO

GARY K.H. KAM
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendant