CARL M. VARADY					4873-0
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii  96813
Telephone:  (808) 523-8447/Fax:  (808) 523-8448
Email: carl@varadylaw.com

Of Counsel:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN			1152-0
MICHAEL K. LIVINGSTON		4161-0
851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Telephone:  (808) 524-7500/Fax:  (808) 545-7802
Email: slevin@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor<br><br>         Plaintiffs,<br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaiʻi<br><br>         Defendants. | CV04-00442 ACK/BMK CONSOLIDATED<br>(Other Civil Action)<br><br>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #5 TO EXCLUDE ALL EVIDENCE OF: (1) "DECISION AND ORDER" DATED 5/21/01; AND (2) ALLEGED IDEA AND SECTION 504 VIOLATIONS BY DEFENDANTS ON OR BEFORE JULY 1, 2002; DECLARATION OF CARL M. VARADY EXHIBITS 1-3; CERTIFICATE OF SERVICE |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION IN LIMINE #5 TO EXCLUDE ALL EVIDENCE OF: (1) "DECISION AND ORDER" DATED 5/21/01; AND (2) ALLEGED IDEA AND SECTION 504 VIOLATIONS BY DEFENDANTS ON OR BEFORE JULY 1, 2002**

Plaintiffs hereby submit their Supplemental Opposition to Defendant Department of Education's (DOE) Motion in Limine #5 to exclude all evidence of: (1) that certain "Decision and Order" dated 5/21/01; and (2) alleged violations by Defendant of the Individuals with Disabilities Education Act (IDEA) and the Rehabilitation Act of 1973 that purportedly occurred on or before July 1, 2002.

## I.  FACTS.

At the initial motions hearing in this matter on September 3, 2008, the Court rendered its ruling denying Defendant's Motion in Limine #5, which asked the Court to exclude all evidence of: (1) that certain "Decision and Order" dated 5/21/01; and (2) alleged violations by Defendant of the Individuals with Disabilities Education Act (IDEA) and the Rehabilitation Act of 1973 that purportedly occurred on or before July 1, 2002 ("Defendants' Motion"). Defendant's Motion was denied.  The Court noted that the *Felix* consent decree and contempt order in *Felix* were highly relevant to issues of the Defendant's knowledge for purposes of determining deliberated indifference and also retaliation against the parents for seeking services for Bryan, a *Felix* class member. The

Court, however, offered Defendant the opportunity to submit a limiting instruction for the Court's consideration to explain these points to the jury, prior to trial.

Defendant, on September 5, 2008, submitted such a limiting instruction. Docket no. 609. The proposed instruction reads:

> Throughout this trial, you will hear references to and evidence of the Felix Consent Decree and Contempt Order ("Felix Consent Decree"). The Felix Consent Decree was created to remedy systematic problems in state education and mental health programs; it was not meant to apply to individual problems of specific class members.
>
> With respect to this lawsuit, you may only consider evidence of the Felix Consent Decree and Contempt Order as it relates to the issue of whether the DOE knew that harm to Bryan's rights under Section 504 was substantially likely. You must not consider evidence of the Felix Consent Decree for any other purpose.

The proffered instruction confirms that Defendant clearly understood the Court's denial of Defendant's Motion and invitation for a limiting instruction as described above. Given the record and prior ruling by Judge Gillmor discussed below, Defendant's adoption of this interpretation only confirms what already had been decided. Defendant did not request in its motion or limiting instruction anything other than to exclude  However, the Court at the further pre-trial conference on September 5, 2008, requested additional briefing from the parties regarding the

effect of the July 1, 2002, settlement agreement, Joint Exhibit 3 (the "Settlement Agreement"). Attached as Exhibit 1 to Declaration of Carl M. Varady. The Court did so after a lengthy discussion on the record concerning the possible effects of the settlement agreement on Plaintiffs' claims arising prior to July 1, 2002. Plaintiffs asserted that, as the consideration was never fulfilled, the settlement was invalid as a defense and did not bar damages occurring prior to July 1, 2002. This memorandum addresses the raised at hearing.[1]

## II. ARGUMENT.

A. <u>Defendant Cannot Assert the Settlement Agreement as a Defense; Defendant has Admitted and Judge Gillmor Has Ruled the Terms of the Settlement Agreement were Not Fulfilled</u>.

The Defendant's failure to fulfill the terms of the Settlement Agreement cannot be disputed. Judge Gillmor, is her analysis of the parties' cross-motions made express findings that the Defendant's failure to fulfill the terms of the Settlement Agreement is an undisputed fact in this case. *See,* Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings and Denying Plaintiffs' Motion for Partial Summary Judgment and Denying in Part and Granting in Part Plaintiffs' Motion to Enforce the Doctrine

---

[1] The Court had granted Plaintiffs until 9:00 a.m. September 8, 2008, to submit this memorandum. Plaintiffs are submitting it in advance to permit the Court as much time as possible to consider the arguments.

of Issue Preclusion Regarding all Administrative Hearing Decisions and the Settlement Agreement and Denying Plaintiffs' Motion to Strike Declarations for Non-Compliance with Rule 56(e) and Denying Plaintiffs' Motion to Amend or Supplement the Record (the "Findings and Order"). Docket No. 215 at 45-51. In her specific discussion of Settlement Agreement, Judge Gillmor states: "Defendants did not provide consistent services pursuant to the Settlement Agreement." *Id.* at 47. Judge Gillmor looked to and adopted the Defendant's admission, in ¶ 15 of its Separate and Concise Statement of Facts in concluding that the Defendant's failure to fulfill the Settlement Agreement was an "Undisputed Fact." Findings and Order at 47*; see,* Exhibit 2 to Declaration of Carl M. Varady.

      In addition to Defendant's admission that it did not fulfill the Settlement Agreement, Judge Gillmor also looked to the Hearing Officer's May 11, 2004, Findings, Decision and Order (the "Hearing Officer's Decision"). Joint Exhibit 4. The Court reviewed the Hearing Officer's Findings and Decision and the Hearing Officer's findings regarding implementation of Bryan's services during the period covered by the Settlement Agreement–2002 to 2004. Quoting the Hearing Officer's Findings and Decision, Judge Gillmor noted that it was a final order, was not appealed and quoted the Hearing Officers findings regarding

the implementation of the terms of the Settlement Agreement, incorporated into Bryan's IEPs:

> *The Order held "that from October 2003 through February 2004, 1) The DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003, and January 9, 2004 IEPs;[2] 2) The DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and 3) The DOE failed to provide skills trainers who could communicate with Bryan using ASL. As a result Bryan was denied FAPE."*

Order at 47. Finally, in summarizing the undisputed facts, the Court ruled that:

> *In sum, it is undisputed that the DOE failed to provide Bryan a FAPE, primarily by failing to provide Bryan adequate skills trainers as it was required to do under the IEPs, as agreed to in the Settlement Agreement, and as ordered to do in three administrative decisions.*

*Id.* at 49-50.

Because Judge Gillmor found that Defendant admitted that the terms of the Settlement Agreement were not fulfilled in its concise statement opposing Plaintiffs' motion and, further, that Defendant had not appealed the Hearing Officer's Finds and Decision, which now is a final order, Defendant is bound by Judge Gillmor's previous ruling. Defendant did not fulfill the terms of the

---

[2] The service grids for these setting for Bryan's services are attached to Declaration of Carl M. Varady as Exhibit 3. The IEP's incorporate the services required in the Settlement Agreement.

Settlement Agreement and cannot now assert is as a defense.

"It is beyond cavil that failure to perform the terms of a settlement agreement is a breach" of contract. *Sharpe v. FDIC*, 126 F.3d 1147, 1153 (9th Cir. 1997). Where a party to an agreement fails to fulfill an essential purpose of the agreement, any limitation on remedies that are set forth in the agreement no longer are enforceable. *Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 708 (9th Cir.1990)(permitting remedies inconsistent with remedies described in agreement where one party failed to fulfill its essential terms).

      B.     <u>Defendant Cannot Assert a Settlement Agreement It Breached</u>.

A settlement agreement is "simply a species of contract." *Wong v. Cayetano*, 111 Haw. 462, 481, 143 P.3d 1, 20 (Haw. 2006). Settlement agreements are governed by general principles of contract law. *State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc.*, 90 Haw. 315, 323-34, 978 P.2d 753, 761-62 (Haw. 1999). When there has been a breach of a settlement agreement, the non-breaching party may elect its remedy, choosing from among "damages, reformation, and rescission." *Lemle v. Breeden*, 51 Haw. 426, 436, 462 P.2d 470, 475 (Haw. 1969); *see also Hi Kai Inv., Ltd. v. Aloha Futons Beds & Waterbeds, Inc.*, 84 Haw. 75, 80, 929 P.2d 88, 93 (Haw. 1996) (noting that a breach of a lease allows the non-breaching party a choice of remedies, which includes (1) suing for damages, (2)

enforcement of the lease, or (3) cancellation of the lease). The Settlement Agreement may be rescinded and repudiated if Defendants materially breached it *Guddee v. Abudanza, Inc.*, 2007 U.S. Dist. LEXIS 91272, *19 (D. Haw. Dec. 12, 2007). "The result of rescission is to return both parties to the *status quo ante, i.e.*, each side is to be restored to the property and legal attributes that it enjoyed before the contract was entered and performed." *Exotics Hawaii-Kona, Inc.*, 116 Haw. 277, 289, 172 P.3d 1021, 1033 (2007), *(citing Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1031 (9th Cir. 1999)).

Judge Gillmor has ruled adopting both the Defendants admission and the Hearing Officer's Findings and Decision, that Defendant did not fulfill the terms of the Settlement Agreement. Defendant, therefore, breached the Settlement Agreement. Because Defendant did not fulfill the Settlement Agreement terms, Defendant is in the same position it was prior to the Settlement Agreement. No defense is afforded Defendant based on its unfulfilled promise.

    C.    <u>If the Court Overturns Judge Gillmor's Ruling and Disregards Defendant's Admission and Hearing Officer's Findings and Decision, Plaintiffs Must be Permitted to Contest the Facts Supporting a and the Jury Should Be Permitted to Decide those Facts.</u>

From the date of the March 28, 2006, hearings on the cross-motions, Plaintiffs have consistently stated that they rely on Section 504 of the

Rehabilitation Act for the relief requested here.  *See,* Order at 14 (fact recitation by Court; Court notes Plaintiffs confirmed they sought remedies under Section 504). Primary among the reasons for Plaintiffs' pursuit of the Section 504 claims, to the exclusion of the previously pursued possible contract claims, is that Plaintiffs would have not meaningful remedy under a contract analysis.  Specific performance or other equitable measures related to implementing Bryan's program in Hawai'i obviously are irrelevant options.  Bryan does not live in Hawai'i and there is nothing the Department can provide him in way of program implementation.

Second, Plaintiffs would have faced the limitation on economic remedies: a contract claim would only provide direct and consequential damages, not general damages, unless Plaintiffs could prove "special circumstances."[3]  *See, Francis v. Lee Enters., Inc.,* 89 Haw. 234, 240, 971 P.2d 707, 713 (1999), *cited with approval in, Guth v. Freeland*, 96 Haw. 147, 154 n.8, 28 P.3d 982, 989 (Haw.,

---

    3    On April 11, 2008, Plaintiffs submitted a letter to the Court, written in response to Mr. Komeiji's assertion that the IEP could be enforced through breach of contract analysis.  *See,* Exhibit 2 to Declaration of Carl M. Varady.  The case presented to the Court, *Van Duyn,* merely affirms that an IEP is not enforceable as a contract or subject to contract analysis because an "IEP is entirely a federal statutory creation, and courts have rejected efforts to frame challenges to IEPs as breach-of-contract claims." *Van Duyn v. Baker School Dist.*, 502 F3d 811, 820 (9th Cir. 2007).  *Van Duyn* does not concern or refer to enforcement of settlement agreements of any type.

2001); *accord, Allen v. Jones*, 104 Cal. App. 3d 207, 215, 163 Cal. Rptr. 445, 450 (Cal. Ct. App., 1980). Nor, would his parents have a claim for retaliation, which exists under Section 504. Plaintiffs do not seek to assert contract claims against Defendant.

Should the Court reverse Judge Gillmor's finding that Defendant failed to fulfill the Settlement Agreement–which has been the operative ruling in this case since December 19, 2006–and, instead, permit Defendant to reassert a contract-based defense, the fair and prudent ruling would be to permit both parties to present their evidence to the jury regarding contract formation and performance. Plaintiff should be permitted to present to the jury evidence, including the undisputed evidence adopted by Judge Gillmor, that the Defendant did intend to could not and did not fulfill the contract and that the breach prevents Defendant from asserting a defense.

The mere fact that the parties signed a document in July 2002, titled a "settlement agreement" is not conclusive that the prerequisites to contract formation were met. The document certainly does not provide any proof that the consideration was performed. As the Court is aware, Plaintiffs believe that the Defendant did not intend to and knew it was not capable of performing the Settlement Agreement at the time it was signed. Settlement agreements induced by

either a fraudulent or material misrepresentation are voidable by the defrauded party because he or she has not freely bargained, but has been induced to settle by the other party. *Exotics*, 116 Haw. 288, 172 P.3d 1032.  Defendant should not permitted to offer a defense based on the Settlement Agreement,[4] unless Plaintiffs are permitted to offer proof that it was procured by fraud or material misrepresentation.

      Similarly, whether Defendant has performed fully or has breached a contract and whether that breach is material are questions of fact. *Federal Deposit Ins. Corp. v. Air Florida System, Inc.*, 822 F.2d 833, 840 (9th Cir. 1987).   Those questions should be considered by the jury if the Court determines that Judge Gillmor's prior ruling reversed.

      The prudent course that will resolve any possibility of an appealable issue, should the Court determine that Judge Gillmor's ruling is going to be reversed, would be to permit the parties to present evidence and argument to the jury regarding formation, performance and other matters related to the Settlement Agreement for the jury's consideration.  Should the jury determine that the

---

[4]    Plaintiff notes for the record that no such defense was asserted by Defendant in the brief or in the hearing its Motion in Limine #5, until the Court raised the issue.  This response is written to address the Court's concerns, not any argument advanced by Defendant.

Settlement Agreement was not fulfilled, the Defendant would not be able assert the defense of performance under the Settlement Agreement; should the jury find that Defendant performed the material terms of the Settlement Agreement, the jury then could be permitted to consider the effect of that performance on Plaintiffs' damages claims, if any.

A jury should be permitted to examine and evaluate the same facts considered by Judge Gillmor, should the Court reverse her ruling, in determining whether the Defendant's can rely on the Settlement Agreement as a defense and whether the Agreement, if properly formed, was breached by the conduct pointed to by Judge Gillmor. By permitting the jury to review and determine these same fact-dependent issues, the Court would avoid any argument of appealable error.

DATED: Honolulu, Hawai'i, September 6, 2008.

/s/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs