IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>            Plaintiffs,<br><br>                vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>            Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING AS MODIFIED PLAINTIFFS' MOTION IN LIMINE #10 TO TAKE JUDICIAL NOTICE AND PUBLISH TO THE JURY THE FACTS ESTABLISHED BY PRIOR ORDER OF DECEMBER 19, 2006**

Plaintiffs ask the Court to take judicial notice of certain facts established by the Court's December 19, 2006 Order. Defendant does not object to the Court taking judicial notice of the undisputed facts found by Judge Gillmor in the December 19, 2006 Order; however, Defendant requests that (1) those facts be accurately stated and (2) additional undisputed facts in the Order be judicially noticed.

Rule 201 of the Federal Rules of Evidence provides that a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known

1

within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f). In a civil action, the court "shall instruct the jury to accept as conclusive any fact judicially noticed." See Fed. R. Evid. 201(g).

The Court will take judicial notice of the twenty-six (26) undisputed facts requested by Plaintiffs. However, the Court agrees with Defendant that whenever possible, the exact language of the December 19, 2006 Order must be used. Moreover, in light of the Ninth Circuit's clarification in Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008), that a free appropriate public education ("FAPE") under the IDEA and as defined in the § 504 regulations are "similar but not identical," the Court finds it appropriate to add the bracketed phrase "[under the IDEA]" to certain of Judge Gillmor's references to FAPE. Therefore, the Court will take judicial notice of the following undisputed facts, as modified:

> 1. Bryan suffers from autism. December 19, 2006 Order at 45.
>
> 2. The parties do not dispute that Bryan's Individualized Education Plans ("IEPs") are adequate. Id.
>
> 3. A stipulated Decision and Order dated May 21, 2001 entered into by Plaintiffs and the DOE provided, among other things, that the DOE would

hire and train an adult educational aide for Bryan no later than May 21, 2001.  Id.

4.   The Order specified the type of training for the adult educational aide and the services to be provided by the aide.  Id. at 45-46.

5.   The Order required the DOE to provide an aide until October 1, 2001, with a provision for making up each day that an after school aide was not provided.  Id. at 46.

6.   If the aide did not complete his or her service, the Order required the DOE to have in place a suitable replacement within two weeks from the date of the termination.  Id.

7.   On February 15, 2002, Plaintiffs filed a complaint in this Court alleging that the DOE had failed to comply with the May 21, 2001 Order and Bryan's IEP.  Id.

8.   In July 2002, the parties resolved the lawsuit by entering into a Settlement Agreement.  Id.

9.   In the Settlement Agreement, the DOE agreed to hire, train, and have in place teacher's assistants ("TAs") needed to consistently provide Bryan with not less than ninety-five percent (95%) per calendar month of the TA hours to which he is entitled.  Id.

10.  In the Settlement Agreement, the DOE agreed to continue to provide TA services through its contract with the current service provider or its successor.  Id.

11.  In the Settlement Agreement, the DOE agreed to procure TA services to be provided by qualified individuals through an expedited contract process through which it would pay qualified individuals a minimum of $20.00 per hour, and may offer effective bonus/incentive payments to encourage retention of the TAs for three months or longer.  Id.

12.  In the Settlement Agreement, the DOE agreed to pay for the Plaintiffs to advertise for TAs in the amount of $1,000.00 per calendar year.  Id.

13. In the Settlement Agreement, the DOE agreed to create a pool of substitute Tas who are qualified and trained to provide services to Bryan. Id. at 46-47.

14. In the Settlement Agreement, the DOE agreed to ensure that Bryan would be provided services by qualified TAs trained in specific methods of dealing with autistic children. Id. at 47.

15. In the Settlement Agreement, the DOE agreed to provide Bryan additional occupational and speech/language therapy. Id.

16. On February 26, 2004, Plaintiffs requested a due process hearing [pursuant to the IDEA]. Id.

17. The Hearing Officer entered an Order on May 11, 2004. Id.

18. The Order held "that from October 2003 through February 2004, 1) the DOE repeatedly failed to provide the skills trainer services required by Bryan's November 18, 2002, November 25, 2003, and January 9, 2004 IEPs; 2) The DOE failed to ensure that trained skills trainers were hired and available to provide services to Bryan; and 3) The DOE failed to provide skills trainers who could communicate with Bryan using American Sign Language. Id.

19. The May 11, 2004 Decision also required the DOE to hire and have in place skills trainers needed to consistently provide Bryan with not less than 95% per calendar month of the skills trainer hours to which he is entitled in his IEP, hire trainers who are trained in Treatment and Education of Autistic and related Communication-Handicapped Children method, Discrete Trials Training, and American Sign Language, provide additional authorization to Bryan's autism consultant to train new skills trainers, and provide additional hours of service from a knowledgeable consultant to design, implement, and monitor a toileting program for him. Id. at 47-48.

20. The May 11, 2004 Decision was not appealed and

is a final order.  Id. at 48.

21.  In June 2004, Plaintiffs submitted a request for a due process hearing [under the IDEA], alleging failures by the DOE to hire and have in place a trained, certified, and qualified special education teacher to deliver Bryan's special education program during his "extended school year," e.g. the period he would receive services outside of the regular academic year.  The request also alleged that Bryan's special education teacher for the 2004-2005 school year was unqualified.  Id.

22.  On June 24 or 25, 2004, the DOE stipulated to the facts alleged in the hearing request and to liability [under the IDEA].  Id.

23.  On July 6, 2004, an administrative hearing was held on the remaining issues in the June due process hearing request: the need for a qualified teacher with experience in teaching autistic children during all portions of Bryan's extended school year.  Id.

24.  On July 23, 2004, the Hearing Officer issued a Stipulated Partial Decision and Order that required the DOE to prepare a written structured social skills curriculum for implementation beginning no later than the end of the first week of the 2004-2005 school year.  The July 23, 2004 Stipulated Partial Decision and Order also required the DOE to hire and have in place by the beginning of the 2004-2005 school year a licensed, certified special education teacher with experience teaching autistic children and proficiency with American Sign Language.  Id. at 48-49.

25.  On July 23, 2004, the Hearing Officer also entered a "Findings of Fact, Conclusions of Law, and Decision" regarding the issue at the July 6, 2004 hearing that required the DOE to hire and have in place a qualified specific education teacher with experience in teaching autistic children and who is proficient in American Sign Language to provide services and coordination of services during the extended school year period.  Id.

26.  It is undisputed that the DOE failed to

provide Bryan a free appropriate public education ("FAPE") [under the IDEA]. Id.

In its Opposition, Defendant requests that the Court take judicial notice of three additional undisputed facts from the December 19, 2006 Order. The Court finds Defendant's request to be both reasonable and fair. The Court will therefore take judicial notice of the following additional facts:

> 1. It is undisputed that the DOE made some effort to comply with its obligation to provide skills trainers and other services to Bryan. The DOE's efforts at recruiting skills trainers included newspaper advertising, posting signs on bulletin boards through the Kona and Waimea communities, posting job listings at conventions, leaving business cards at conventions and passing them out at workshops, placing advertisements on agency websites, and giving Plaintiffs funding to advertise for skills trainers. Id. at 50.
>
> 2. At Plaintiffs' insistence, the DOE hired a mainland company, Pacific Child and Family Associates, with expertise in servicing autistic children, to work with Bryan and his family. The DOE paid for two individuals from Pacific Child and Family Associates to come to Hawaii and assess Bryan and his family. In November 2004, Pacific Child and Family Associates submitted a proposal indicating that it was willing to service Bryan and his family. The DOE was willing to pay one hundred ninety-one thousand six hundred seventy dollars ($191,670.00) for a one-year program. In the midst of entering into a contract for Pacific Child and Family Associates' services, Plaintiffs relocated to the mainland. Id. at 50-51.
>
> 3. Defendants maintain that skills trainers asked to be removed from Bryan's case because of such circumstances as the unsanitary living conditions in Plaintiffs' home, being left alone with Bryan all day on weekends, and being expected to do household chores. Id. at 51.

6

**CONCLUSION**

For the foregoing reasons, the Court GRANTS AS MODIFIED Plaintiffs' Motion in Limine #10 to Take Judicial Notice and Publish to the Jury the Facts Established by Prior Order of December 19, 2006.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 10, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting as Modified Plaintiffs' Motion in Limine #10 to Take Judicial Notice and Publish to the Jury the Facts Established by Prior Order of December 19, 2006.