IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>      Plaintiffs,<br><br>      vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>      Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING IN PART AND GRANTING AS MODIFIED IN PART PLAINTIFFS' MOTION IN LIMINE #11 TO TAKE JUDICIAL NOTICE OF FINDINGS AND CONCLUSIONS ESTABLISHED BY PRIOR DECISIONS, STIPULATIONS, AND AGREEMENTS**

Plaintiffs ask the Court to take judicial notice of specific findings and conclusions in prior administrative decisions, stipulations, and settlement agreements resulting from due process hearings under the Individuals with Disabilities Education Act ("IDEA") or litigation before this Court. As discussed in the Court's December 19, 2006 Order, Rule 201 does not permit the Court to take judicial notice of factual findings in administrative decisions. See Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003). Therefore, the Court denies Plaintiffs' Motion to the extent it seeks judicial notice of various factual findings in administrative decisions dated May

11, 2004 and July 23, 2004.[1]

In addition, Plaintiffs ask the Court to take judicial notice of particular terms in the administrative decisions dated May 21, 2001, May 11, 2004, and July 23, 2004,[2] whereby Defendant was ordered to take certain actions. Defendant does not object to this aspect of Plaintiffs' request, provided that the relevant terms are accurately stated. See Def. Opposition to Pls. Motion in Limine #11 at 3, 6. As discussed in the Court's ruling on Plaintiffs' Motion in Limine #10 to Take Judicial Notice and Publish to the Jury the Facts Established by Prior Order of December 19, 2006, the Court agrees with Defendant that the relevant language of the administrative decisions and settlement agreement should be quoted verbatim whenever possible. The Court therefore will take judicial notice of the following facts requested by Plaintiffs, as modified:

> May 21, 2001 Stipulated Decision and Order
>
> (1) The DOE shall hire and train an adult educational aide for [Bryan] no later than May 21,

---

[1] In particular, the Court will not take judicial notice of the facts established by the May 11, 2004 administrative decision listed by Plaintiffs as (1) through (19). See Pls. Motion in Limine #11 at 5-8. Moreover, the Court will not take judicial notice of the facts established by the July 23, 2004 administrative decision listed by Plaintiffs as (1) through (7). See id. at 10-11.

[2] As discussed infra, there are two administrative decisions dated July 23, 2004. The Court will refer to one as the July 23, 2004 Stipulated Partial Decision and Order and the other as the July 23, 2004 Administrative Decision.

>2001. The training for the adult educational aide shall include instruction in the TEACCH, DTT, and PECS methods for behavioral management and education instruction. Dr. Jana Ortiz, Ms. Kim Smalley, or someone with similar qualifications and/or experience, shall provide the training for the adult education aide.[3]  See May 21, 2001 Stipulated Decision and Order at 3.
>
>(2) Beginning May 31, 2001, the adult educational aide shall provide after school services to [Bryan] from 4:00 p.m. to 7:00 p.m. on all regular school days. The adult educational aide shall provide the services on a consistent basis with the goal of completing all tasks and documentation required by the TEACCH, DTT, and PECS methods of behavioral management and educational instruction. Id.
>
>(3) The DOE shall provide an adult educational aide described above for [Bryan] using the TEACCH, DTT, and PECS methods for behavioral management and educational instruction until October 1, 2001. For each day that an after school educational aide is not provided [for Bryan] after May 21, 2001, the DOE shall be obligated to make up those days beginning after October 1, 2001. Id. at 4.
>
>(4) In the event the adult educational aide does not complete his/her services for [Bryan] during the time periods set forth herein, for any reasons whatsoever, the DOE shall locate, secure, and have in place a suitable replacement within two weeks from the date of the termination. Id.
>
>July 1, 2002 Settlement Agreement
>
>(1) By August 1, 2002, the State shall hire, train, and have in place the TAs needed to consistently provide Bryan with not less than ninety-five percent (95%) per calendar month of the TA hours to which he is entitled. See June 1, 2002 Settlement

---

[3] The Court has omitted the footnotes defining the TEACCH, DTT and PECS methods, as such definitions are not part of the ruling and therefore are not properly within the scope of judicial notice.

Agreement at 3.

(2) The DOE shall continue to provide TA services through its contract with the current service provider and/or its successor. Id.

(3) By August 1, 2002, the State shall procure TA services for Bryan to be provided by qualified individuals through an "expedited contract process." Id.

(4) By August 1, 2002, the State shall create a pool of substitute TAs who are qualified and trained to provide services to Bryan. Before providing services to Bryan, each substitute TA shall have reviewed Bryan's IEP and shall be trained to implement Bryan's IEP. These substitute TAs shall be available to provide services to Bryan on an occasional basis when his regular TAs are unavailable. Id. at 4.

(5) The above-described TA services shall be provided by qualified Tas who meet the standards for Level III TA, and are trained in DTT, TEACCH, and PECS methods for autistic children. Id.

(6) The TAs shall complete Bryan's daily behavioral logs and daily log sheets showing the number and completion percentage of DTT and TEACCH trials utilized, and shall complete the DTT log for each trial. Id. at 5.

(7) When school is not in session, either during the regular or extended school year, the DOE shall provide TA services to Bryan at his home or at another setting deemed appropriate by the IEP team, including a school classroom. Id.

May 11, 2004 Administrative Decision

(1) The DOE shall hire, train, and have in place the skills trainers needed to consistently provide Bryan with not less than 95% per calendar months of skills trainer hours to which he is entitled to in his IEP. If the DOE fails to provide Bryan with qualified skills trainers, Plaintiffs shall be authorized to hire directly at the DOE's expense. See May 11, 2004 Administrative Decision at 9.

(2) Skills trainers hired by the DOE for Bryan shall meet DOE standards and shall be trained in a) DTT and TEACCH methods and b) ASL, to sufficiently implement Bryan's IEP program as determined by Bryan's Intensive Instructional Services Coordinator ("IISC"). Id.

(3) Bryan's IISC shall be given an extra allotment of hours to train new skills trainers who do not meet the requirements set forth in numbers (1) and (2) above. The number of additional hours shall be determined by Bryan's IEP team. Id.

(4) The DOE will provide additional hours of service from a knowledgeable consultant to design, implement, and monitor a toileting program for Bryan. The number of additional hours shall be determined by Bryan's IEP team. Id.

July 23, 2004[4] Stipulated Partial Decision and Order

(1) The DOE shall cause to be prepared for Bryan a written structured social skills curriculum for implementation beginning no later than the end of the first week of the 2004-2005 school year. See July 21, 2004 Stipulated Partial Decision and Order at 2.

(2) The DOE shall hire and have in place by the beginning of the 2004-2005 school year a licensed, certified special education teacher with experience teaching autistic children and proficiency with American Sign Language. Id.

(3) The DOE shall cause a functional behavioral assessment to be completed for Bryan and delivered to his parents no later than August 7, 2004. Id.

July 23, 2004 Administrative Decision

(1) The DOE shall hire and have in place a qualified special education teacher with experience in teaching autistic children and who is proficient

---

[4] The Court disagrees with Defendant's assertion that the proper date of the Stipulated Decision and Order is July 21, 2004 - the Decision appears to have been issued on July 23, 2004.

in American Sign Language, and can deliver the special education services specific in [Bryan's] IEP during extended school year periods. <u>See</u> July 23, 2004 Administrative Decision at 6.

### **CONCLUSION**

For the foregoing reasons, the Court DENIES IN PART and GRANTS AS MODIFIED IN PART Plaintiffs' Motion in Limine #11 to Take Judicial Notice of Findings and Conclusions Established by Prior Decisions, Stipulations, and Agreements.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 10, 2008.



_____
Alan C. Kay
Sr. United States District Judge

<u>Wiles v. Dep't of Educ.</u>, Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Denying in Part and Granting as Modified in Part Plaintiffs' Motion in Limine #11 to Take Judicial Notice of Findings and Conclusions Established by Prior Decisions, Stipulations, and Agreements.