IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>　　　　Defendant. | Civ. No. 04-00442 ACK-BMK<br>Civ. No. 05-00247 ACK-BMK<br>(Consolidated) |

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE #11 TO LIMIT THE TESTIMONY OF SHELBY FLOYD

On December 14, 2007, Magistrate Judge Barry M. Kurren issued an order denying Defendant's motion to strike Shelby Floyd (Plaintiffs' attorney in prior actions) as a witness at trial. Judge Kurren denied the motion with the following caveats:

> (1) That the testimony of Shelby Floyd shall be limited to matters of direct contact between herself and the Department of Education officials for which Plaintiffs Ann Kimball Wiles and Stanley Bond are not able to testify to because they were not direct parties or were not present; and
> (2) That this order shall not preclude any objections to Shelby Floyd's testimony that may be raised or made before the trial judge in this action.

Order Denying Defendants Department of Education and Alvin Rho's Motion to Strike Shelby Floyd as a Witness (Dec. 14, 2007). This Court adopts Judge Kurren's ruling and emphasizes that Plaintiffs

1

will be limited to the language of the order. Ms. Floyd may testify as to matters of direct contact between herself and Department of Education ("DOE") officials that occurred outside of the presence of the Wiles-Bond parents or in their presence but on matters beyond their comprehension. Ms. Floyd will **not** be permitted to testify on any other matters, including court proceedings and alleged failures of the DOE to perform services as agreed or directed. The Court has thoroughly reviewed this issue under Rule 403 of the Federal Rules of Evidence and finds that the probative value of any testimony by Ms. Floyd beyond that authorized by Judge Kurren's order is substantially outweighed by unfair prejudice to the Defendant.

At the hearing in December, Judge Kurren indicated that Defendant could raise objections to Ms. Floyd's testimony with the trial judge based on Ms. Floyd's lack of designation as an expert, cumulative testimony, testimony about legal matters or other inappropriate testimony. See Transcript of Defendant's Motion to Strike Shelby Floyd as a Witness before the Hon. Barry M. Kurren at 13 (Oct. 18, 2007). Defendant raises these objections in its Motion.

First, Defendant argues that Ms. Floyd should be precluded from testifying about any former cases that she participated in that involved disabled children because such testimony would not be relevant and/or would be prejudicial. The

Court concludes that testimony by Ms. Floyd about other cases that do not involve Bryan would fall outside of the scope of the testimony that Judge Kurren deemed permissible.  Additionally, such testimony would be of limited relevance and would be unduly prejudicial to Defendant.  Accordingly, such testimony by Ms. Floyd may not be introduced by Plaintiffs.

Second, Defendant argues that Ms. Floyd's testimony will be cumulative and hearsay.  At this time, the Court will not speculate as to whether any of Ms. Floyd's testimony will be cumulative or hearsay.  However, by limiting Ms. Floyd's testimony to "matters of direct contact between herself and the Department of Education officials for which Plaintiffs Ann Kimball Wiles and Stanley Bond are not able to testify to because they were not direct parties or were not present," Judge Kurren's order lessens the possibility that Ms. Floyd's testimony will be cumulative or constitute hearsay.  Defendant may raise an objection based on cumulative testimony and/or hearsay at trial, if appropriate.

Third, Defendant argues that Ms. Floyd will offer expert opinion testimony.  Ms. Floyd has not been named as an expert witness and Plaintiffs have represented that they do not intend to call her as an expert.  If Plaintiffs seek to elicit expert opinion from Ms. Floyd at trial, Defendant may raise an objection at that time.

Fourth, Defendant argues that, pursuant to Rule 408, Ms. Floyd should be precluded from testifying about communications relating to compromise, offers to compromise, and mediation proceedings between Plaintiffs and Defendant.[1] It is unclear to the Court at this time whether Plaintiffs will seek to introduce such testimony by Ms. Floyd. Accordingly, the Court declines to speculate on the topic at this time. If Plaintiffs seek to elicit testimony at trial that Defendant believes is barred by Rule 408, Defendant may raise an objection at that time.

Fifth, Defendant argues that, pursuant to the parole evidence rule, Plaintiffs may not use Ms. Floyd's testimony to contradict or modify the terms of the prior settlement agreement between the parties. At this time, it is unclear to the Court whether Plaintiffs will seek to introduce such testimony. In

---

[1] Rule 408 states, in part:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish - or accepting or offering or promising to accept - a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim . . .

See Fed. R. Evid. 408.

fact, Plaintiffs indicate that they will not seek to contradict the terms of the previous settlement agreement through Ms. Floyd's testimony. If Plaintiffs seek to elicit testimony at trial that Defendant believes is barred by the parole evidence rule, Defendant may raise an objection at that time.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion in Limine #11 to Limit the Testimony of Shelby Floyd and adopts Judge Kurren's previous ruling on Defendant's motion to strike. Defendant may raise additional objections at trial, if warranted.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 11, 2008.

_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting Defendant's Motion in Limine #11 to Limit the Testimony of Shelby Floyd.

5