IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>           Plaintiffs,<br><br>                vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>           Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE #1 TO EXCLUDE REFERENCE TO THE FELIX CONSENT DECREE AND CONTEMPT ORDER**

Defendant asks the Court to bar Plaintiffs from "referring to, discussing, mentioning or in any way suggesting or otherwise introducing any testimony, expert or otherwise, relating to the Felix Consent Decree and Contempt Order dated June 1, 2000." See Def. Motion in Limine #1 at 1. Defendant's Motion refers to Felix v. Waihee, Civ. No. 93-00367 DAE, a class action lawsuit brought against the State of Hawaii in 1993, in which the plaintiffs alleged that the State had failed to comply with the requirements of the IDEA and § 504 of the Rehabilitation Act when providing services to children with mental health

1

needs.[1]  See Order Granting in Part and Denying in Part Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not be Found in Civil Contempt of Consent Decree and for Injunctive and Other Relief at 1-2 (June 1, 2008) ("Felix Contempt Order"), attached to Pls. Opposition to Def. Motion in Limine #1 as Exhibit A.

First, Defendant argues that evidence regarding the Felix Decree and Order is irrelevant because the Decree was "created to remedy statewide problems in state education and mental health programs," whereas Plaintiffs' allegations involve an "an individual problem pertaining to an individual class member."  See Def. Motion in Limine #1 at 2-3.  Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible . . . . Evidence which is not relevant is not admissible."  See Fed. R. Evid. 402.  Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence

---

[1] By way of background, the Court notes that in Felix, after the district court awarded partial summary judgment to the plaintiffs in 1994, the parties entered into and the court approved a Consent Decree.  The Consent Decree required the State of Hawaii to establish a system of care and develop an implementation plan that satisfied the requirements of the IDEA and § 504.  See Order Granting Joint Motion for Approval of Settlement and Consent Decree, and Appointing Special Master at 1-2, 8-9 (Oct. 25, 1994) ("Felix Consent Decree").  In 1999, the district court ordered the State to meet one-hundred and forty-one (141) benchmarks to comply with the Felix Consent Decree.  The State failed to do so, and in 2000, the court found the State to be in civil contempt of the Consent Decree.  See Felix Contempt Order at 2-3, 29.

of any fact that is of consequence to the determination of the action any more probable or less probable than it would be without the evidence."  See Fed. R. Evid. 401.

The Court finds that evidence of the Felix Consent Decree and Contempt Order is relevant to the central issue in this case: whether Defendant acted with deliberate indifference in denying Bryan meaningful access to public education solely by reason of his disability.  As Plaintiffs point out, the Felix proceeding is highly probative of Defendant's knowledge in June of 2000, and Defendant's efforts with regard to deficiencies in the State's education programs.  Moreover, Plaintiffs represent that Bryan was a member of the Felix class.[2]  Therefore, the Court concludes that evidence of Felix is relevant.

Second, Defendant argues that even if the Court finds that evidence regarding the Felix Consent Decree and Contempt Order is relevant, it should nevertheless be excluded pursuant to Rule 403.  See Fed. R. Evid. 403 (providing that otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").  Defendant contends that

---

[2] At the pretrial conference, Plaintiffs clarified that Bryan was not a named plaintiff in Felix but was a member of the class.

any probative value of Felix-related evidence is significantly outweighed by the danger of misleading the jury to believe that the Felix Decree and Order were created to remedy individual problems of specific class members like Bryan.

The Court disagrees. As discussed above, such evidence is highly probative of what Defendant knew and of the efforts that Defendant made to comply with the requirements of § 504 during certain years at issue in the instant case. The value of Felix-related evidence is not substantially outweighed by the danger of misleading the jury; the Court believes that the jury will understand that the State's failure to comply with the Felix Consent Decree on a statewide level does not necessarily mean that the State acted with deliberate indifference in its dealings with Bryan. Although the Court will not completely exclude the evidence under Rule 403 at this stage, the Court will permit Defendant propose a limiting instruction prior to trial to minimize any risk of misleading the jury. The Court further notes that Defendant is free to raise additional objections at trial if Plaintiffs attempt to introduce evidence about Felix beyond what is necessary to their case.

Third, Defendant argues that if the Court does not exclude reference to the Felix Decree and Order, the Court should not take judicial notice of any findings of fact from the Decree and Order under Rule 201. Under Rule 201, a "judicially noticed

fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Ninth Circuit has stated unequivocally that "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201." See Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003). Plaintiffs do not address this argument in their Opposition. The Court agrees with Defendant that it would be improper to to take judicial notice of any findings of fact in the Felix Consent Decree and Order.

## CONCLUSION

For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART Defendant's Motion in Limine #1 to Exclude Reference to the Felix Consent Decree and Contempt Order Dated June 1, 2000.

     IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, September 11, 2008.



_____
Alan C. Kay
Sr. United States District Judge

<u>Wiles v. Dep't of Educ.</u>, Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Denying in Part and Granting in Part Defendant's Motion in Limine #1 to Exclude Reference to the Felix Consent Decree and Contempt Order Dated June 1, 2000.