IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>      Plaintiffs,<br><br>      vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>      Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE #2 TO EXCLUDE EXPERT OPINIONS AS TO ALLEGED DELIBERATE INDIFFERENCE**

The parties agree that to prevail in this case, Plaintiffs must prove that Defendant acted with "deliberate indifference." See Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008) (citing Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001)). Deliberate indifference has been defined by the Ninth Circuit as requiring "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that [] likelihood." Duvall, 260 F.3d at 1139. As discussed in the Court's ruling on Plaintiffs' Motion in Limine #12 to Preclude Evidence or Argument Based on Defendant's "Good Faith" Attempts to Provide Special Education or Related Services, the Court finds that Defendant's good faith

1

attempts to provide special education services to Bryan are relevant to the deliberate indifference standard for liability under § 504 of the Rehabilitation Act.  See Patricia N. v. LeMahieu, 141 F.Supp.2d 1243, 1258 (D. Haw. 2001).

Defendant moves to exclude from introduction at trial any expert testimony that concludes that deliberate indifference did exist, because Defendant argues that such testimony would constitute a legal conclusion.  The Ninth Circuit has held that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002).  Thus, while an expert witness generally may give opinion testimony that embraces an ultimate issue to be decided by the trier of fact, that expert may not express a legal opinion as to the ultimate legal issue.  Id.; see also Fed. R. Evid. 704(a).  Courts have held that expert witnesses' use of "judicially defined terms," "terms that derived their definitions from judicial interpretations," and "legally specialized terms" would constitute expression of opinion as to the ultimate legal conclusion.  See United States v. Duncan, 42 F.3d 97, 101-02 (2d Cir. 1994) (cited approvingly in Mukhtar, 299 F.3d at 1066).

In this case, the Court finds that the term "deliberate indifference" is such a judicially defined and/or legally specialized term.  Therefore, Plaintiffs' experts may not couch

their opinions in terms of whether or not Defendant engaged in "deliberate indifference" specifically.  Pursuant to Rule 704(a), the experts may express other opinions (that do not use such legally specialized terms and that are not legal conclusions) even if those opinions otherwise embrace an ultimate issue to be decided by the jury.  The Court notes that this ruling applies not only to the term "deliberate indifference," but also to other judicially defined and/or legally specialized terms that may be used during trial, such as "meaningful access" or "retaliation."

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion in Limine #2 to Exclude Expert Opinions as to Alleged Deliberate Indifference.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 11, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting Defendant's Motion in Limine #2 to Exclude Expert Opinions as to Alleged Deliberate Indifference.