IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>　　　　Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE #3 TO PRECLUDE DANIEL B. LEGOFF, PH.D. FROM OFFERING ANY OPINIONS WITH RESPECT TO EDUCATIONAL NEGLECT AND ANY OTHER OPINIONS NOT DISCLOSED IN HIS REPORT**

　　　　Defendant seeks an order precluding Dr. LeGoff (one of Plaintiffs' expert witnesses), from offering any opinions at trial concerning Defendant's alleged "educational neglect" with respect to Bryan.  Defendant argues that such testimony (whether in Plaintiffs' case in chief or in rebuttal testimony) should be precluded under Rule 26(a)(2)(b) and Rule 37(c) of the Federal Rules of Civil Procedure because Dr. LeGoff has not previously disclosed any opinion with respect to "educational neglect" in his expert reports or deposition.

　　　　Rule 26(a)(2)(B) requires an expert report to contain "a complete statement of all opinions the witness will express

1

and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c) states that where a party fails to provide information required under Rule 26(a), the party "is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Plaintiffs do not oppose the motion insofar as it merely seeks to prevent Dr. LeGoff from using the term "educational neglect" in his testimony. See Pls. Opposition to Def. Motion in Limine #3 at 3. Thus, the Court grants the Motion to the extent that it will not permit Dr. LeGoff to use the term "educational neglect" in his testimony.

Nevertheless, the Motion is denied to the extent it asks the Court to prohibit any testimony from Dr. LeGoff that embraces an ultimate issue to be decided by the jury. Nothing in this ruling is intended to preclude testimony that is otherwise permitted by Rule 704(a). See Fed. R. Evid. 704(a) (stating in relevant part that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact"). The Court further notes, however, as discussed in the Court's ruling on Defendant's Motion in Limine #2, that expert witnesses will not be permitted to use judicially defined terms such as "deliberate indifference," "meaningful access," or "retaliation,"

as that would constitute an impermissible expression of a legal opinion as to the ultimate issue.  See Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002); United States v. Duncan, 42 F.3d 97, 101-02 (2d Cir. 1994).  The Court acknowledges that this is a fine line.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion in Limine #3 to Preclude Daniel B. LeGoff, Ph.D. from Offering Any Opinions with Respect to Educational Neglect.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 11, 2008.

Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting in Part and Denying in Part Defendant's Motion in Limine #3 to Preclude Daniel B. LeGoff, Ph.D. from Offering Any Opinions with Respect to Educational Neglect.