IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friends of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>　　　　Defendant.<br>_____ | CIVIL NO. CV 04-00442 ACK/BMK<br>CIVIL NO. CV 05-00247 ACK/BMK<br>CONSOLIDATED<br>(Other Civil Action)<br><br>**DECLARATION OF KENNETH S. ROBBINS** |

**DECLARATION OF KENNETH S. ROBBINS**

　　I, KENNETH S. ROBBINS, do hereby declare:

　　1.　I am one of the attorneys representing Defendant DEPARTMENT OF EDUCATION ("DOE") in the above-entitled matter and have personal knowledge of the matters set forth herein.

　　2.　I am licensed to practice law before all state and federal courts in the State of Hawaiʻi.

　　3.　Based upon the representations of Plaintiffs' counsel, I agreed to submit Daniel LeGoff, Ph.D.'s reports into evidence, as Plaintiffs' counsel represented to the court that Dr. LeGoff would be called as a witness at trial.

4. Had I known at that time that Plaintiffs' counsel did not intend to call Dr. LeGoff, I would not have agreed to the admission of his reports into evidence because, as pointed out in the accompanying memorandum, there are statistics and statements made in the report which are not explained and which are beyond the knowledge of lay jurors.

5. Dr. LeGoff testified in his deposition to various facts and opinions which are not included in any of his reports, as pointed in the accompanying memorandum.

6. The clarifications, as set forth in the accompanying memorandum, the explanations which are required for the jury to understand Dr. LeGoff's report, and the deposition testimony of Dr. LeGoff with respect to opinions and facts not included in any of his reports are necessary to question some of the opinions reached in Dr. LeGoff's reports, and are areas beyond the expertise of Plaintiffs' expert witnesses Loretta Lukens and Keynes Von Elsner to explain to the jury.

7. Further, some of Dr. LeGoff's statements in his report, as set forth in the accompanying memorandum, do not appear to take into account setbacks in California to the extent for example, as Dr. LeGoff testified in his deposition that what existed during a portion of 2005 is a snapshot of what occurred in Hawaii.

8.  Dr. LeGoff's reports contain such words as "might" and "could" when explaining the difference between what his future would have been with allegedly appropriate interventions in Hawaii, and in the absence of cross-examination at trial the DOE is denied the opportunity to explore that which may well impact calculations by Ms. Lukens and Mr. Von Elsner, and the jury's assessment of damages, if any.

9.  Dr. LeGoff attributes a significant portion of Bryan's future needs based on his behavior issues, but Plaintiff Stanley Bond testified that Bryan's behaviors are under control. Without Dr. LeGoff at trial to clarify this, the DOE and jury are denied the opportunity to consider whether Dr. LeGoff's cost estimates for Bryan with respect to behavior control are appropriate or, indeed even necessary.

I, KENNETH S. ROBBINS, do declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Honolulu, Hawaii, September 17, 2008.

_____
KENNETH S. ROBBINS

Ann Kimball Wiles, et al., Plaintiffs vs. Department of Education, et al., Defendant; Civil No. 04-00442 & 05-00247; Declaration of Kenneth S. Robbins

- 3 -