Carl M. Varady
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447

OF COUNSEL:
DAVIS LEVIN LIVINGSTON
STANLEY E. LEVIN            1152-0
MICHAEL K. LIVINGSTON   4161-0
851 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>                    Plaintiffs,<br>    vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i,<br><br>                    Defendant. | CIVIL NO. CV 04-00442 ACK/BMK<br><br>Consolidated (Other Civil Action)<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION TO PRECLUDE TESTIMONY OF LORETTA M. LUKENS; DECLARATION OF LORETTA M. LUKENS; EXHIBITS 1-4; CERTIFICATE OF SERVICE |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DEPARTMENT OF EDUCATION'S MOTION TO PRECLUDE TESTIMONY OF LORETTA M. LUKENS; DECLARATION OF LORETTA M. LUKENS**

Plaintiffs hereby submit their Memorandum in Opposition to Defendant Department of Education's Motion to Preclude Testimony of Loretta M. Lukens.

## I. <u>ARGUMENT.</u>

Defendant asserts that Plaintiffs' rehabilitative nursing and life care planning expert, Loretta M. Lukens should be completely precluded from testifying based on the incorrect assertion that her testimony would be based exclusively on opinions rendered by Daniel Legoff, Ph. D., who Plaintiffs do not intend to call to testify at trial. Dr. Legoff's reports have been submitted by stipulation as joint exhibits, as have all experts reports. Defendant, upon learning that Plaintiffs do not intend to call Dr. Legoff assert that Ms. Lukens, whose report is in evidence and who has qualified as an expert in rehabilitation nursing and life care planning cannot testify unless Dr. Legoff testifies.

Defendant position is factually and legally incorrect. First, Ms. Lukens formed her opinions regarding the costs for Bryan's future care on a variety of sources, including Dr. B.J. Freeman's reports and recommendations, interviews with Bryan's family, seeing Bryan in school talking to his teachers an reviewing Dr. Legoff's reports. Ms. Lukens's 7 hour deposition confirms that she repeatedly testified that, among other sources relied upon, she relied on Dr. Freeman's assessment of Bryan's needs and her recommendations. Declaration of

-2-

Loretta M. Lukens ¶¶ 6-8.  Ms. Lukens confirms that she relied on Dr. Freeman's assessment in 2006, that confirmed Dr. Legoff's recommendations regarding residential educational programming and care for Bryan. *Id.* ¶ 8.   Dr. Freeman's assessment was the most current comprehensive assessment available to Ms. Lukens the time of her deposition, as Dr. Freeman had seen Bryan and conducted her assessment and recommendations in July 2006, after Dr. Legoff's December 2005 recommendations, and updated her assessment in May 2007.  As her overall recommendations were not substantially different that Dr. Legoff's, and Dr. Freeman testified that, based on her 2006 assessment, she agreed with Dr. Legoff's recommendations.  Ms. Lukens did not change her calculations regarding placement, based on concurrence of Dr. Freeman with Dr. Legoff's determination that residential placement would be proper.  Dr. Freeman has testified and qualified as an expert in autism, its diagnosis and treatment, by agreement of defendants.  She testified that she did not disagree with the level of care recommended by Dr. Legoff, but did not agree that Bryan would need no more than one year of residential educational treatment.

   After having deposed Dr. Freeman, Dr. Legoff and Ms. Lukens, heard Dr. Freeman's extensive testimony, moved the Court to strike Dr. Legoff's testimony as cumulative of Dr. Freeman's, Defendant now asserts surprise that Dr. Legoff is not being called to testify by Plaintiffs and, further, that Ms. Lukens

should not be permitted to testify because Defendant asserts incorrectly that her opinions are based wholly and exclusively on Dr. Legoff's recommendations. The record shows that they are not and that since the time she submitted her report in June 2007 and was deposed on August 21, 2007, Ms. Lukens has repeatedly confirmed that she relied on a variety of sources for in putting together figures for Bryan's life care plan. The record confirms that assertions by Defendant that Ms. Lukens based her opinions solely and exclusively on Dr. Legoff are false.

Defendant has had ample opportunity to confirm the sources of Ms. Lukens's testimony, test them, by deposition, written discovery and, now, cross-examination of Dr. Freeman. Any claim that Defendant is surprised is feigned and calculated to disrupt trial for no good reason.

Just as Plaintiffs cannot force Defendant to call any of its listed witnesses, including Dr. Goka whom during the course of discussion regarding Defendant's attempt to force Plaintiffs to call Dr. Legoff, Defendant stated would not be called. No rule of evidence or procedure could possibly force another party to call a witness the party did not seek to present. If that were the case, witness lists would never, as Defendant's did, list copious witnesses that the parties listed out of caution, not out of intent.

The claim that Dr. Legoff must testify to permit Ms. Lukens to refer to his opinions is false. Federal Rule of Evidence 703 "allows an expert to formulate

an opinion on facts or data which are 'reasonably relied upon by experts in the particular field . . . .'". *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1061 (9th Cir. 2003). Ms. Lukens relied on a variety of sources for data regarding Bryan's future needs, including seeing Bryan in his home, school and community, as well as reviewing two experts' reports. She states that the experts' reports were the type of facts and data typically relied upon by experts in the field of rehabilitation nursing and life care planning. Declaration of Loretta M. Lukens ¶ 9. Defendant's argument that Ms. Lukens could not testify if her opinions were based solely on Dr. Legoff's opinions, is also false, however.

Expert's may rely on other experts' opinions in forming their own opinions and testimony.

> In this respect the rule is designed to broaden the basis for expert opinions beyond that current in many jurisdictions and to bring the judicial practice into line with the practice of the experts themselves when not in court. Thus a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions from nurses, technicians and other doctors, hospital records, and X rays. Most of them are admissible in evidence, but only with the expenditure of substantial time in producing and examining various authenticating witnesses.

Advisory Committee Note to Rule 7803.

Facts, data or opinions relied upon by an expert need to not be admitted or even admissible if they are the type relied upon by experts in the field.

*United States v. Harper,* 802 F.2d 115 (5th Cir. 1986)(government's witness may rely on publications and catalogues to establish gun was in interstate commerce). Expert testimony is subject to exclusion only if the Court specifically finds that the alleged foundational inadequacies are so pervasive as to render their entire testimony unreliable. *350 W.A. LLC v. Chubb Group of Ins*., 2007 U.S. Dist. LEXIS 89881 (S.D. Cal. Dec. 5, 2007). In *350 W.A.*, the court rejected the contention that one expert could not relied on the opinion of another in forming his opinions, even though the two areas of expertise were different. The court concluded that a building code expert with 30 years of experience in the construction industry possessed sufficient independent experience from which he could review and assess the cause of damage and that whether the expert opinions he, in turn, relied on were flawed or not was a question for cross-examination.

In pre-trial conference, this Court already ruled and the parties have agreed that the opinions of Dr. Legoff, and all other experts, meet the foundational requirements of Rule 703, after various motions to the contrary were denied. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 596 (U.S. 1993).

In a case on point, a vocational rehabilitative expert was permitted to

testify over similar objections, because she relied on information supplied to her by other experts in the fields of recruiting and placement. Those experts did not testify. The court permitted the vocational expert to testify over objection stating:

> Given the Court's present understanding of Ms. Hyland's qualifications and experience, it would seem reasonable for Ms. Hyland to have relied upon information collected from recruiters and interpret such information based on her expertise in developing an opinion as to future employability and earning potential. For example, in *United States v. Golden*, the Ninth Circuit held that a special agent's expert testimony was not made inadmissible "because it was based in part on information obtained from other undercover narcotics agents familiar with the markets involved." 532 F.2d 1244, 1247-48 (9th Cir. 1976). The Ninth Circuit, in *Golden*, found such information to be of the type reasonably relied upon by experts in the field. *See id.* at 1248. However, the use of hearsay information, and in particular, double hearsay, will be viewed cautiously by the Court. Nevertheless, at this point, such aspects of Ms. Hyland's report and potential testimony will go to the weight and credibility, not to the admissibility of Ms. Hyland's opinion.

*Gray v. United States*, 2007 U.S. Dist. LEXIS 17937, 21-22 (S.D. Cal. Mar. 12, 2007). The Court is asked to make a similar conclusion, here.

Finally, as a practical matter, if Defendant wishes to have Dr. Legoff's testimony in the record, it can do so by reading whatever portions of his 7 hour deposition it selects during Defendant's case. Should the Court determine that this must occur for whatever reason, Defendant can read the deposition in in part or in its entirety. Having had the opportunity to depose Dr. Legoff for 7 hours on

August 23, 2007, there ought to be no claim that Defendant did not have full and fair opportunity to discover and develop its points concerning Dr. Legoff's opinion.

## II. CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request that Defendant Department of Education's Motion to Preclude Testimony of Loretta M. Lukens, be DENIED.

DATED:  Honolulu, Hawai'i, September 17, 2008.

    /S/ Carl M. Varady
CARL M. VARADY
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON

Attorneys for Plaintiffs