IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>　　　　Plaintiffs,<br><br>　　　　　vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>　　　　Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE #9 TO EXCLUDE ANECDOTAL EVIDENCE OF OTHER AUTISTIC INDIVIDUALS' PROGRESS**

　　　　Defendant moves to exclude all anecdotal evidence (including lay and expert testimony) of "how consistent services contributed to the progress of autistic individuals other than Bryan." See Def. Motion in Limine #9 at 3. Defendant first argues that such evidence is irrelevant. The Court disagrees. Evidence of how consistent services contributed to the progress of other autistic individuals has some tendency to show that had Bryan received consistent services in Hawaii, he would have made more progress than he made while receiving inconsistent services. See Fed. R. Evid. 401.

　　　　Second, Defendant argues that such evidence is unreliable because there are too many variables that can affect

an individual's progress.  Specifically, Defendant refers to Dr. Freeman's deposition in which she repeatedly states that various research studies have documented that children show improvement when they get consistent services.  Dr. Freeman also notes in the deposition that there are variables in children with autism.  As discussed with respect to Defendant's Motion in Limine #7, Rule 703 of the Federal Rules of Evidence ("Rules") permits an expert to base an opinion on evidence that is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."  <u>See</u> Fed. R. Evid. 703. The Court finds that the evidence relied upon by Dr. Freeman here is the type reasonably relied upon by experts in her field.

      Third, Defendant asks the Court to exclude anecdotal evidence of other autistic individuals' progress pursuant to Rule 403.  <u>See</u> Fed. R. Evid. 403 (providing that otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").  The Court finds that the probative value of such evidence is high; evidence of other autistic individuals' progress would assist the jury in determining the progress that Bryan could have made with consistent services.  At the same time, the Court finds that the danger of unfair prejudice,

confusion of the issues, or misleading the jury would be minimal.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion in Limine #9 to Exclude Anecdotal Evidence of Other Autistic Individuals' Progress.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 18, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Denying Defendant's Motion in Limine #9 to Exclude Anecdotal Evidence of Other Autistic Individuals' Progress.