IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>    Plaintiffs,<br><br>        vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>    Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE #10 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE CHARGE OF PUBLIC LEWDNESS AGAINST WILLIAM BELJEAN**

Defendant moves to exclude evidence or testimony regarding the charge of public lewdness against William Beljean, a skills trainer who worked with Bryan from June of 2003 until January of 2004. According to Mr. Beljean, his conviction for public lewdness stemmed from an incident in 1983, when he was arrested after urinating in the bushes at a public rest area while under the impression that he was alone. See Facsimile from William Beljean to Judy Radwick on July 21, 2003 (attached to Def. Motion in Limine #10 as Exhibit B). Defendant argues that evidence of Mr. Beljean's misdemeanor charge should be excluded because it is irrelevant pursuant to Rules 401 and 402 of the

1

Federal Rules of Evidence ("Rules"), inadmissible to prove character pursuant to Rule 404, and highly prejudicial pursuant to Rule 403.  Plaintiffs contend in response that the public lewdness charge is admissible evidence under the aforementioned rules.

First, Defendant argues that Mr. Beljean's charge of public lewdness is irrelevant to the issues in this case under Rules 401 and 402.  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence.  Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  The Court agrees with Plaintiffs that Mr. Beljean's public lewdness charge is marginally relevant to certain material issues in the case; namely, whether the Defendant hired sufficient qualified skills trainers to ensure that Bryan had meaningful access to public education (although Plaintiffs do not offer evidence to substantiate their argument that Defendant knew of the conviction), and whether Plaintiffs acted reasonably in firing or refusing to hire candidates endorsed by Defendant.  See Pls. Opposition to Def. Motion in Limine #10 at 3-4.

Second, Defendant asserts that Mr. Beljean's public lewdness charge is inadmissible to "show that he somehow had a propensity to provide poor service to Bryan as a skills trainer

2

or that he was unqualified" under Rule 404(b).  See Def. Motion in Limine #10 at 5.  Although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," such evidence may be admissible if offered "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ."  Fed. R. Evid. 404(b).  To the extent that Plaintiffs seek to admit the public lewdness charge as evidence of Defendant's knowledge of Mr. Beljean's alleged unsuitability as a candidate, or Defendant's deliberate indifference in its interactions with the parents and treatment of Bryan – not as evidence that Mr. Beljean himself acted inappropriately with Bryan - the Court concludes that evidence of the conviction does not constitute inadmissible character evidence.  See Pls. Opposition to Def. Motion in Limine #10 at 6-7; see also In re Aircrash in Bali, 684 F.2d 1301, 1315 (9th Cir. 1982) (finding that a pilot's training records were relevant and admissible for the purpose of proving that the airline had notice of the pilot's alleged incompetence).

      The Court nevertheless agrees with Defendant's third argument, that evidence of the public lewdness conviction must be excluded under Rule 403.  Rule 403 provides that otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  A 25-year old misdemeanor charge for urinating on a bush at a public rest area has minimal probative value in the case at hand.  Such evidence is inflammatory and may also be unnecessary, given Plaintiffs' own assertion that "Mr. Beljean was unqualified as a skills trainer for reasons independent of the conviction."  See Pls. Opposition to Def. Motion in Limine #10 at 3.  The Court finds that the negligible probative value of the public lewdness charge is substantially outweighed by the danger of unfair prejudice to Defendant, and confusion of the issues for the jury.  In any event, evidence of the conviction would only go to a finding of negligence, not deliberate indifference.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion in Limine #10 to Exclude Evidence or Testimony Regarding the Charge of Public Lewdness Against William Beljean.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 18, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting Defendant's Motion in Limine #10 to Exclude Evidence or Testimony Regarding the Charge of Public Lewdness Against William Beljean.