IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor, | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE #12 TO EXCLUDE ANY TESTIMONY BY KIMBERLY SMALLEY ON OPINIONS NOT DISCLOSED IN HER REPORT**

Defendant seeks an order excluding any expert opinion testimony by Dr. Kimberly Smalley that was not disclosed in an expert report pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  Specifically, Defendant seeks to exclude expert testimony by Dr. Smalley as to: (1) the limited number of skills trainers who worked with Bryan; (2) Bryan's "window of opportunity" passing; (3) the alleged negligence of Defendant and/or the skills trainers; and (4) whether Bryan was denied meaningful access to special education services solely because of his disability.

In its opposition, Plaintiffs state that they will not

1

call Dr. Smalley as an expert witness.[1]  Accordingly, the Court

will not allow Dr. Smalley to testify as an expert witness.

        However, Plaintiffs indicate that Dr. Smalley will be

called as a percipient witness, as indicated on Plaintiffs'

witness list.  According to Plaintiffs, Dr. Smalley was retained

by Defendant in the Spring/Summer of 2004 to develop a Functional

Behavior Assessment ("FBA"), Behavior Intervention Plan, and a

toileting plan for Bryan; in preparation, Dr. Smalley spent a

number of days at Kealakehe Middle School observing Bryan and the

skills trainers.  Plaintiffs plan to call Dr. Smalley to testify

about what she personally observed in the classroom while she was

present on almost a daily basis, including what she observed the

skills trainers and other Department of Education personnel doing

(and not doing) while they were in the classroom with Bryan.

Defendant has not objected to Dr. Smalley providing non-expert

testimony, and at this time the Court sees no basis for excluding

such testimony.  Should Plaintiffs attempt to elicit expert

opinion testimony from Dr. Smalley at trial, Defendants may raise

an objection at that time.  The Court emphasizes that Dr. Smalley

may not provide expert opinion testimony, and counsel are

---

    [1] Neither side has identified Dr. Smalley as an expert
witness in this case.  Defendant's Reply takes issue with
Plaintiffs' claim that they have never retained Dr. Smalley as an
expert witness.  Whether or not Dr. Smalley was ever listed as an
expert witness is irrelevant given that neither party plans to
call Dr. Smalley as an expert witness at trial.

instructed to narrowly tailor their questions so as not to elicit any such testimony.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion in Limine #12 to Exclude Any Testimony by Kimberly Smalley on Opinions Not Disclosed in Her Report, such that Dr. Smalley will be prohibited from testifying as an expert witness; however, Dr. Smalley will be permitted to testify as a lay witness regarding her personal observations.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 18, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting Defendant's Motion in Limine #12 to Exclude Any Testimony by Kimberly Smalley on Opinions Not Disclosed in Her Report.