IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated) |

### ORDER DENYING DEFENDANT'S MOTION IN LIMINE #13 TO EXCLUDE ANY HEARSAY TESTIMONY BY KIMBERLY SMALLEY

Defendant seeks an order excluding testimony by Dr. Kimberly Smalley that is based on out-of-court statements made by third parties, because Defendant argues such testimony is impermissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence. As discussed with respect to Defendant's Motion in Limine #12, Dr. Smalley will be testifying as a lay witness only (not as an expert witness). The Court finds that a ruling on Defendant's hearsay objection at this time would require speculation as to the nature of Dr. Smalley's testimony. The Court concludes that Plaintiffs should be permitted to attempt to lay an adequate foundation for Dr. Smalley's testimony at trial. If an adequate foundation is not laid, Defendant may

raise a hearsay objection at that time.

The Court notes that some or all of the out-of-court statements made by employees of the Department of Education to Dr. Smalley, which Plaintiff may seek to introduce through Dr. Smalley's testimony, may constitute admissions by a party-opponent. Pursuant to Rule 801(d)(2), such admissions are not hearsay. Rule 801(d)(2) states:

> A statement is not hearsay if . . .
> The statement is offered against a party and is
> (A) the party's own statement, in either an individual or representative capacity or
> (B) a statement of which the party has manifested an adoption or belief in its truth, or
> (C) a statement by a person authorized by the party to make a statement concerning the subject, or
> (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

See Fed. R. Evid. 801(d)(2). Moreover, the Court notes that some of Dr. Smalley's statements may fall into the hearsay exceptions enumerated in Rule 803. See Fed. R. Evid. 803.

## CONCLUSION

For the foregoing reasons, at this time, the Court DENIES Defendant's Motion in Limine #13 to Exclude Any Hearsay Testimony by Kimberly Smalley.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 18, 2008.



_____
Alan C. Kay
Sr. United States District Judge

<u>Wiles v. Dep't of Educ.</u>, Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Denying Defendant's Motion in Limine #13 to Exclude Any Hearsay Testimony by Kimberly Smalley.