IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>        Plaintiffs,<br><br>            vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>        Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE #7 TO EXCLUDE EVIDENCE, TESTIMONY, ARGUMENT AND COMMENT CONCERNING THE PRIOR FLORIDA LITIGATION**

Plaintiffs ask the Court to exclude evidence, testimony, argument and comment concerning the Wiles-Bonds' involvement in prior litigation in Florida.  Plaintiffs explain that in 1994-1995, Stanley Bond and Bryan were plaintiffs in a lawsuit against the Flagler County Board of Education, in which they alleged damages for violations of the Individuals with Disabilities Act and § 504 of the Rehabilitation Act, among other claims.  Plaintiffs state that they filed the lawsuit "on behalf of several children in Bryan's classroom who were assaulted by a teacher on multiple occasions."  The parties in the Florida litigation eventually reached a Compromise and Settlement

1

Agreement and "Bryan received a monetary settlement of approximately $40,000.00." See Pls. Motion in Limine #7 at 2; see also Amended Complaint and Demand for Jury Trial at 1, B.M.W. v. Flagler County Bd. of Educ., No. 96-823-CIV-J-20 (M.D. Fla. Oct. 4, 1996), attached to Def. Opposition to Pls. Motion in Limine #7 as Exhibit A.

Plaintiffs contend that evidence of the Florida litigation is irrelevant and should be excluded pursuant to Rules 401 and 402 of the Federal Rules of Evidence ("Rules") because the circumstances of that case and the instant case are different. Defendant counters that evidence of the prior Florida litigation is relevant and necessary to support its contention that the injuries claimed in the instant case pre-existed Bryan's time in Hawaii. Defendant further alleges that if Bryan suffered permanent injuries while part of the Florida school system, Plaintiffs cannot recover for those injuries in the instant lawsuit. The Court agrees with Plaintiffs.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The Court is not entirely convinced that evidence of the Florida litigation would support Defendant's argument that the injuries claimed in the instant

lawsuit pre-existed Bryan's time in Hawaii.  The Florida case involved an abusive teacher; there is no indication that it would shed light on Bryan's autism condition at that time.  Although the jury needs to know about Bryan's autism condition when he arrived in Hawaii, Defendant can provide that evidence through other means.

Moreover, the Court finds that even if evidence of the prior Florida litigation was relevant, it must be excluded as unfairly prejudicial.  See Fed. R. Evid. 403.  As Plaintiffs point out, a very real danger exists that the jury will interpret the Florida lawsuit as evidence that the Wiles-Bonds have a propensity to sue school districts.  The fact that the Wiles-Bonds have recovered in the past could prompt the jury to have an emotional reaction and improperly consider the previous litigation in Florida to deny recovery in the instant case.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion in Limine #7 to Exclude Evidence, Testimony, Argument and Comment Concerning the Prior Florida Litigation.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 19, 2008.



_____
Alan C. Kay
Sr. United States District Judge


<u>Wiles v. Dep't of Educ.</u>, Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Granting Plaintiffs' Motion in Limine #7 to Exclude Evidence, Testimony, Argument and Comment Concerning the Prior Florida Litigation.