IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES and STANLEY BOND, individually and as next friend of their son, BRYAN WILES-BOND, a minor,<br><br>             Plaintiffs,<br><br>         vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>             Defendant. | ) Civ. No. 04-00442 ACK-BMK<br>) Civ. No. 05-00247 ACK-BMK<br>) (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER DENYING PLAINTIFFS' MOTION IN LIMINE #8 TO DEEM ADMITTED CERTAIN ADMISSIONS

Plaintiffs ask this Court to deem as admitted certain of Defendant's responses to Plaintiffs' Requests for Admissions that Plaintiffs claim were inadequate. Plaintiffs review all seven sets of their Requests for Admissions and highlight various responses they believe were evasive, meritless, improper, or otherwise failed to comply with Federal Rule of Civil Procedure 36 ("Rule 36").

Defendant counters that this Motion in Limine is essentially a motion to determine the sufficiency of an answer or objection under Rule 36 and should be denied as untimely. The Court agrees. Rule 36 allows a requesting party to "move to determine the sufficiency of an answer or objection." See Fed.

1

R. Civ. P. 36(a)(6). Plaintiffs' Motion seeks an order deeming as admitted certain of Defendant's responses, which is the functional equivalent of a motion under Rule 36(a). See Szatenek v. McDonnell Douglass Corp., 109 F.R.D. 37, 41 (N.D.N.Y. 1985). In the Court's Amended Rule 16 Scheduling Order, filed January 8, 2007, the Court set a discovery deadline of October 5, 2007. See Scheduling Order at 3. The Scheduling Order further stated that all discovery motions requested pursuant to certain Federal Rules of Civil Procedure - including Rule 36 - "shall be heard no later than thirty (30) days prior to the discovery deadline." Id. at 4. The discovery deadline has long passed. If Plaintiffs thought that Defendant's responses were inadequate, they should have raised this issue prior to the close of discovery and made a motion under Rule 36(a).[1] Plaintiffs chose not to bring such a motion and the Court declines to reexamine the issue at this late date.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion in Limine #8 to Deem Admitted Certain Admissions.

---

[1] Moreover, Defendant points out that Plaintiffs failed to comply with Local Rule 37.1, which provides that the "court will not entertain any motion pursuant to [Rule 36] unless counsel have previously conferred . . . concerning all disputed issues," and requires counsel for the moving party to certify compliance when filing any motion pursuant to Rule 36, among other Federal Rules of Civil Procedure. See Local Rule 37.1.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 19, 2008.



```
                              _____
                              Alan C. Kay
                              Sr. United States District Judge
```

Wiles v. Dep't of Educ., Civ. Nos. 04-00442; 05-00247 ACK-BMK, Order Denying Plaintiffs' Motion in Limine #8 to Deem Admitted Certain Admissions.