IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANN KIMBALL WILES, et al., ) | Civ. No. 04-00442 ACK-BMK |
| ) | Civ. No. 05-00247 ACK-BMK |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER DENYING DEFENDANT'S |
| ) | REQUEST FOR COSTS |
| DEPARTMENT OF EDUCATION, ) | |
| State of Hawaii, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER DENYING DEFENDANT'S REQUEST FOR COSTS

Before the Court is Defendant State of Hawaii Department of Education's ("DOE") Bill of Costs, Plaintiffs Ann Wiles, Stanley Bond, and Bryan Wiles-Bond's ("Plaintiffs") Opposition, and the DOE's Reply.  After careful consideration of the parties' memoranda, the Court concludes that Plaintiffs' action was not frivolous, unreasonable, or groundless and DENIES the DOE's request for taxation of costs.

BACKGROUND

Ann Wiles and Stanley Bond, individually and as next friends of their minor son, Bryan Wiles-Bond, brought this action against the DOE for violations of the Rehabilitation Act of 1974.  Trial commenced on September 9, 2008 on two claims: (1) a disability claim under Section 504 of the Rehabilitation Act, 29

U.S.C. § 794; and (2) a claim for retaliation under the anti-retaliation regulation of Section 504, 28 C.F.R. § 42.503(b)(1)(vii).  After a seventeen-day trial, the jury returned a verdict for the DOE on both claims.

Pursuant to the jury's verdict, judgment was entered in favor of the DOE on October 10, 2008.  Plaintiffs thereafter filed a Motion for a New Trial or, Alternatively, for Judgment as a Matter of Law, which was denied.

The DOE filed its Notice of Taxation of Costs, seeking costs in the amount of $110,229.52.  Plaintiffs oppose the request for costs, arguing that the DOE is not entitled to costs as a matter of law and, alternatively, that the costs sought are unreasonable.

## DISCUSSION

Plaintiffs contend that costs are not available to the DOE as a matter of law.  (Opp. at 3.)  They argue that, under Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) ("Christiansburg"), and Brown v. Lucky Stores, Inc., 246 F.3d 1182 (9th Cir. 2001), "costs are not allowed under . . . Section 504 of the Rehabilitation Act, unless Plaintiffs' action is found to be frivolous, unreasonable, or without foundation."  (Id. at 4.)  The DOE maintains that it is entitled to costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

In Christiansburg, a Title VII case, the Supreme Court held that attorneys' fees may not be awarded to a prevailing defendant absent a "finding that the plaintiff's action was frivolous, unreasonable, or without foundation" or that "the plaintiff continued to litigate after it clearly became so." 434 U.S. at 421-22. This "Christiansburg rule" has also been applied to attorneys' fees sought by a prevailing defendant under 42 U.S.C. § 1988, the American with Disabilities Act ("ADA"), and the Rehabilitation Act. See Hughes v. Rowe, 449 U.S. 5, 14 (1980) (section 1988); Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (ADA); Bercovitch v. Baldwin Sch., 191 F.3d 8, 11 (1st Cir. 1999) (Rehabilitation Act).

Plaintiffs also point to Brown, 246 F.3d at 1190, in which the Ninth Circuit applied the Christiansburg rule to costs sought under the ADA. The plaintiff had sued her employers for violating the ADA, the Rehabilitation Act, and California law. Id. at 1185. After the district court granted summary judgment in the defendants' favor on some claims and ruled without elaboration that "each party would bear its own costs," the defendants appealed, among other things, the district court's failure to award them costs. Id. at 1185-87.

On appeal, the Ninth Circuit "address[ed] the standard to be used in denying costs to a prevailing defendant under the ADA." Id. at 1186. The court

3

referred to Rule 54(d)(1), but noted that, where "the federal statute forming the basis for the action has an express provision governing costs, . . . that provision controls over the federal rules." Id. at 1190. The court therefore turned to the attorney's fee provision of the ADA, 42 U.S.C. § 12205, which authorizes the court to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." Noting that the Christiansburg rule applies to attorney's fees under § 12205, the Ninth Circuit concluded that "the Christiansburg test also applies to an award of costs to a prevailing defendant under the ADA" because "§ 12205 makes fees and costs parallel." Id. at 1190.

The Brown court remanded the case, stating: "for those costs directly attributable to Brown's ADA claim, the district court must explain its decision whether or not to award costs under the Christiansburg standard." Id. With respect to costs related to the other claims, including the Rehabilitation Act claim, the court stated that "the district court must explain the rationale for its denial under the standard enunciated in" Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591-93 (9th Cir. 2000), wherein the Ninth Circuit held that a district court must give reasons for denying costs under Rule 54(d)(1). Brown, 246 F.3d at 1190. As the DOE contends, this language suggests that costs related to Rehabilitation Act claims may be governed by Rule 54(d)(1) instead of by

Christiansburg.  (Reply at 7.)  However, the Brown court did not specifically address or analyze the costs attributable to the Rehabilitation Act.  The ADA claims were central to that case, and the Ninth Circuit focused on those claims in its opinion.  The court appears to have overlooked that its analysis regarding ADA costs should have applied to Rehabilitation Act costs as well.  In any event, the Ninth Circuit did not expressly decide the issue that is squarely presented here: whether Christiansburg applies to costs attributable to Rehabilitation Act claims.

In deciding that issue, this Court follows the Ninth Circuit's analysis in Brown.  The Court first notes that Rule 54(d)(1) is trumped by 29 U.S.C. § 794a, which allows a prevailing party under the Rehabilitation Act "a reasonable attorney's fee as part of the costs."  See Brown, 246 F.3d at 1190.  Further, this Court acknowledges that Christiansburg applies to fees under the Rehabilitation Act.  See, e.g., Bercovitch, 191 F.3d at 11; cf. Summers, 127 F.3d at 1154.  Next, as in Brown, this Court notes that the Rehabilitation Act fees statute "makes fees and costs parallel."  29 U.S.C. § 794a(b); see Jane Mother v. State of Hawaii, Civ. No. 00-00446 LEK, Order Granting Plaintiff's Objections to Defendant's Bill of Costs at 7 (D. Hawaii Sept. 5, 2006) ("§ 794a(b) makes the award of attorney's

fees and the award of costs parallel").[1]  This Court therefore concludes, consistent with the reasoning in Brown, that the Christiansburg rule also applies to a prevailing defendant's request for costs attributable to Rehabilitation Act claims. See 246 F.3d at 1190.

In sum, the DOE may recover its costs as a prevailing defendant only if the Court finds Plaintiffs' action was frivolous, unreasonable, or groundless or that Plaintiffs continued to litigate after it clearly became so.  See Christiansburg, 434 U.S. at 422.  The Supreme Court cautions that "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  Id. at 421-22.

In this case, the DOE does not dispute Plaintiffs' contention that their action was not frivolous, unreasonable, or groundless.  Indeed, Plaintiffs survived various defense motions, including a motion for judgment on the pleadings, a motion for summary judgment, and a motion to dismiss, and they proceeded to trial on their claims.  (Document 215 at 36-37; Document 279 at 1; Document 476 at 31).  The Ninth Circuit recognizes that surviving dispositive motions is

---

[1] This Court recognizes it is not bound by this unpublished Order, but it agrees with the analysis therein.

"evidence that the claim is not without merit." Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999) (citing Jensen v. Stangel, 762 F.2d 815, 818 (9th Cir. 1985)). Given Plaintiffs' success against several dispositive motions and notwithstanding that the DOE ultimately prevailed, the Court concludes that Plaintiffs' action was not frivolous, unreasonable, or groundless and therefore denies the DOE's request for costs.

## CONCLUSION

For the foregoing reasons, the DOE's request for costs is DENIED.

DATED: Honolulu, Hawaii, January 23, 2009.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Wiles, et al. v. State of Hawaii Department of Education, Civ. Nos. 04-00442 ACK-BMK; 05-00247 ACK-BMK; ORDER DENYING DEFENDANT'S REQUEST FOR COSTS.